# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 27, 2006

The Honorable Kent A. Jordan　　　　　　　　　　VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, Delaware 19801

   Re: *Amgen, Inc. v. ARIAD Pharmaceuticals, Inc.*,
     C. A. No. 06-259-KAJ

Dear Judge Jordan:

  This law firm represents ARIAD Pharmaceuticals, Inc. ("ARIAD") in connection with the above-named case ("the litigation"). We write regarding case scheduling pursuant to the Court's June 16, 2006 letter to the parties. The Court has scheduled a Rule 16 Conference on July 12, 2006 at 2:00 p.m. to discuss the various items in the Court's proposed Scheduling Order. For the reasons discussed below, ARIAD believes that this conference is premature and that judicial efficiency would be served by deferring scheduling matters in the litigation until ARIAD's Motion To Dismiss For Lack Of Subject Matter Jurisdiction, Failure To State A Claim For Which Relief May Be Granted, And Failure To Join Indispensable Parties ("the Motion to Dismiss") has been resolved.

  As Your Honor may know, the litigation is a declaratory relief action relating to U.S. Patent No. 6,410,516 ("the '516 patent"). ARIAD licenses the '516 patent from its owners, Harvard University, the Massachusetts Institute of Technology, and The Whitehead Institute. Plaintiffs seek a declaration that each claim of the '516 patent is invalid, and that Plaintiffs do not infringe any valid claim of the '516 patent through any activities related to the pharmaceutical products Enbrel® and Kineret®.

  On June 14, 2006, ARIAD moved to dismiss the litigation on the grounds that (1) the Court lacks subject matter jurisdiction to hear the litigation under Rule 12(b)(1) because there is no "actual controversy" between the parties to support a declaratory judgment action; (2) the Complaint should be dismissed under Rule 12(b)(6) because Plaintiffs do not plead facts sufficient to state a declaratory judgment claim; and (3) the Complaint should be dismissed under Rule 12(b)(7) because Amgen has failed to join the owners of the '516 patent, who are indispensable parties to the litigation but who are not subject to personal jurisdiction in Delaware. Plaintiffs' opposition to the Motion is due on June 28, 2006, and ARIAD's reply is due on July 6, 2006.

The Honorable Kent A. Jordan
June 27, 2006
Page 2

      Because ARIAD's Motion to Dismiss challenges the Court's jurisdiction over the litigation as a whole, ARIAD believes that it would be most appropriate for the Court to delay the Rule 16 Scheduling Conference (and thus the opening of discovery in a case over which the Court may not have jurisdiction) until the threshold jurisdictional matters raised in ARIAD's Motion to Dismiss are resolved. In addition, because the Motion to Dismiss may significantly change the complexion of the litigation, or may resolve it entirely, ARIAD believes that deferring scheduling matters would better conserve the resources of the parties, and of the Court. If ARIAD's Motion to Dismiss is unsuccessful, the litigation will be scheduled at that later stage, with no prejudice to either party. If ARIAD's Motion to Dismiss is successful, on the other hand, holding a Rule 16 scheduling conference at this stage will prejudice ARIAD. Any scheduling efforts that do occur will be wasted and, more importantly, ARIAD likely will be subjected to unnecessary and improper discovery in the interim. Even if ARIAD's Motion to Dismiss does not dispose of the litigation altogether, it may require Plaintiffs to join additional parties or otherwise amend their Complaint, in which case any Scheduling Order entered at this stage would need to be amended, resulting in a duplication of efforts by the parties and the Court.

      On June 22, 2006, ARIAD's counsel contacted Marc Sernel, counsel for Plaintiffs, and suggested the possibility of deferring the scheduling conference until after the Motion to Dismiss is resolved. Mr. Sernel rejected this suggestion and indicated that Plaintiffs would not agree to any such rescheduling. Nevertheless, ARIAD continues to believe that it would be inappropriate and would waste the time of the parties and the Court to hold a scheduling conference at this stage, when the identity of the parties—and the threshold question of the Court's jurisdiction over the case at all—are still unsettled. Thus, ARIAD respectfully requests that the conference currently scheduled for July 12, 2006 be postponed until the Motion to Dismiss is resolved.

                                                              Respectfully,

                                                            /s/ *John G. Day*

                                                            John G. Day (I.D. #2403)

JGD: nml
170833.1

cc:    Clerk of the Court (via electronic filing)
         Melanie K. Sharp, Esquire (by hand and electronic mail)
         Marcus E. Sernel, Esquire (via electronic mail)
         J. Drew Diamond, Esquire (via electronic mail)