UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ARIAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 1:06-cv-259 (KAJ) |

**DECLARATION OF PAUL CANTRELL, ESQ**

I, Paul Cantrell, hereby declare as follows:

1.  I am the Associate General Patent Counsel for Eli Lilly and Company ("Lilly"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2.  Lilly is a pharmaceutical company engaged, among other things, in the research, development, and commercialization of novel human therapeutics. Two such therapeutics, Evista® (raloxifene hydrochloride) and Xigris® (drotrecogin alfa) are the subject of a patent infringement suit initiated in June of 2002 by Ariad Pharmaceuticals, Inc. ("Ariad"), MIT, the Whitehead Institute, and Harvard (the "*Ariad v. Lilly* litigation"). In that action, Ariad et al. have alleged that Lilly infringes U.S. Patent No. 6,410,516 ("the '516 patent") based upon activities related to the Evista® and Xigris® products.

3.  As the Lilly in-house lawyer primarily responsible for the *Ariad v. Lilly* litigation, I attended several depositions related to the matter.

4. At one deposition that I attended around the middle of 2004, I recall that, during a break, I had a conversation with Patricia Carson, one of Ariad's outside lawyers at Kaye Scholer LLP. During this conversation, I expressed surprise that Ariad had alleged that Evista® and Xigris® infringed the '516 Patent and that Ariad had chosen to first sue Lilly in connection with the '516 Patent. I also asked Ms. Carson why Ariad had not chosen to pursue other products instead. Ms. Carson responded by stating something to the effect of "Enbrel is on the list."

5. I was aware of the Enbrel® product and knew it to be a human therapeutic manufactured by Amgen, Inc. ("Amgen"). With that knowledge, I understood the statement "Enbrel is on the list" to mean that sometime either during or after the *Ariad v. Lilly* litigation, Ariad intended to sue Amgen for infringement of its '516 Patent based on Amgen's activities related to the Enbrel® product.

6. On September 14, 2004, a while after the deposition at which I heard the statement made by Ariad's counsel that "Enbrel is on the list," I had occasion to telephone Amgen regarding the possible deposition of a former Lilly employee who was then employed by Amgen. I left a message with David Scott, Amgen's General Counsel

7. My call was returned that day by Monique Cordray, one of Amgen's in-house patent attorneys. Over the course of my conversation with Ms. Cordray, I discussed general aspects of the *Ariad v. Lilly* litigation, including the fact that Ariad had sent letters regarding the '516 patent to approximately 50 companies in the pharmaceutical and biotechnology fields. I also relayed to her the statement that I had heard earlier from Ariad's counsel, Ms. Carson, that "Enbrel is on the list."

8. I was still involved in the *Ariad v. Lilly* litigation when the jury trial commenced in April 2006 in the District of Massachusetts. I attended every day of the trial. In the gallery, I

noticed that another in-house lawyer for Amgen, Siegmund Gutman, was also present to observe. With him was an attorney I believed to be one of Amgen's outside lawyers.

9. During the beginning phase of the *Ariad v. Lilly* jury trial, at some point between April 11, 2006 and April 14, 2006, I noticed during a break that Ariad's counsel Ms. Carson was speaking in the courthouse hallway with Mr. Gutman and the outside lawyer I had seen with him earlier. As I approached, Ms. Carson ended her conversation with them, turning around and saying "and you guys at Amgen are next." By "next," I took Ms. Carson to mean at some point soon after the jury trial in the *Ariad v. Lilly* case concluded.

10. At a later recess at the *Ariad v. Lilly* trial, I communicated to Mr. Gutman that I would be willing to sign a declaration attesting, among other things, to what I had heard Ariad's counsel Ms. Carson say to him in the hallway.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 18th day of May, 2006.

                                                Paul Cantrell, Esq.

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on June 28, 2006, I caused to be electronically filed a true and correct copy of the foregoing, Declaration of Paul Cantrell, Esq., with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> Wilmington, DE 19801

I further certify that on June 28, 2006, I caused a copy of the foregoing, Declaration of Paul Cantrell, Esq., to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

> BY E-MAIL (by agreement of counsel)
> Morgan Chu, Esquire
> David I. Gindler, Esquire
> Amir A. Naini, Esquire
> Christopher M. Newman, Esquire
> Irell & Manella LLP
> 1800 Avenue of the Stars
> Suite 900
> Los Angeles, CA 90067-4276

> _____
> Melanie K. Sharp (No. 2501)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6681
> msharp@ycst.com
>
> *Attorneys for Plaintiffs*