IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-259-KAJ<br>)<br>)<br>)<br>)<br>)<br>) |

### [PROPOSED] SCHEDULING ORDER

This ___ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on July 12, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The Defendant intends to move to stay discovery pending the resolution of its pending Motion to Dismiss for Lack of Subject Matter Jurisdiction. Amgen does not agree that discovery should be stayed pending that resolution. [**Amgen proposal**: The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. / **ARIAD proposal**: In the event that Defendant's Motion to Stay Discovery is denied, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days after the Court rules on Defendant's Motion to Stay Discovery.] The parties have conferred regarding the Court's Default Standard for Discovery of Electronic

Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and shall jointly submit an agreed-upon electronic discovery standard.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties shall be filed on or before October 4, 2006. All motions to amend or supplement the pleadings shall be filed on or before December 22, 2006.

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 150 hours of taking testimony by deposition upon oral examination of fact witnesses. Each side may take up to 14 hours of testimony by deposition upon oral examination [**Amgen proposal**: for each expert witness who submits an expert report. / **ARIAD proposal**: for each expert witness, per report submitted by that expert witness.]

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on before [**Amgen proposal**: March 2, 2007 / **ARIAD proposal**: April 23, 2007.] The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.  <u>Disclosure of Expert Testimony</u>.  Unless otherwise agreed to by the parties, each party shall file its initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony regarding issues upon which that party has the burden of proof by [**Amgen proposal**: November 29, 2006 / **ARIAD proposal**: January 23, 2007], and rebuttal reports shall be filed by [**Amgen proposal**: December 29, 2006 / **ARIAD proposal**: March 23, 2007]. [**Amgen proposal**: There is no need to include a specific provision addressing expert supplementation after a claim construction ruling / **ARIAD proposal**: The parties shall also be permitted to have their experts supplement their respective reports within 30 days of a ruling on claim construction solely to address any claim construction rulings that may impact such experts' reports.]  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.  <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held [**Amgen proposal:** within ninety days from the date of this Order. / **ARIAD proposal:** within six months from the date of this Order.]

7. <u>Interim Status Report</u>. On [**Amgen proposal**: November 20, 2006 / **ARIAD proposal**: February 26, 2007], counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On [**Amgen proposal**: December 29, 2006 / **ARIAD proposal**: March 12, 2007], the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 2:00 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court on [**Amgen proposal**: November 15, 2006 / **ARIAD proposal**: May 21, 2007], at 9:30 a.m., an in-person tutorial on the technology at issue. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. The parties should arrange for the tutorial to be recorded by a videographer.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [**Amgen proposal**: March 23, 2007 / **ARIAD proposal**: July 16, 2007]. [**Amgen proposal**: Briefing will be presented pursuant to the Court's Local Rules. / **Arial proposal**: Answering briefs and supporting papers opposing case dispositive motions shall be served and filed on or before August 13, 2007. Reply briefs, if any, shall be served and filed on or before August 27, 2007.]

11. <u>Claim Construction Issue Identification</u>. Unless the Court finds that an earlier claim construction may be helpful in resolving the case, the parties shall, on or before [**Amgen**

**proposal**: October 23, 2006 / **ARIAD proposal**: May 21, 2007], exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.  <u>Claim Construction</u>. The Joint Claim Construction Chart shall be submitted to the Court on [**Amgen proposal**: March 23, 2007 / **ARIAD proposal**: June 18, 2007]. Issues of claim construction shall be submitted to the Court by each party filing an opening brief on [**Amgen proposal**: March 23, 2007 / **ARIAD proposal**: July 16, 2007], and a responsive brief on [**Amgen proposal**: April 6, 2007 / **ARIAD proposal**: August 13, 2007], to be considered by the Court in conjunction with the parties' summary judgment briefs.

13.  <u>Hearing on Claim Construction and Summary Judgment</u>. Beginning at 2:00 p.m. on [**Amgen proposal**: April 20, 2007 / **ARIAD proposal**: September 24, 2007], the Court will hear evidence and argument on claim construction and, if applicable, summary judgment.

14.  <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On [**Amgen proposal**: June 25, 2007 / **ARIAD proposal**: January 21, 2008], the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 2:00 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [**Amgen proposal**: June 21, 2007 / **ARIAD proposal**: December 17, 2007].

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in Word Perfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.  <u>Trial</u>.  This matter is scheduled for a two-week jury trial beginning at 9:30 a.m. on [**Amgen proposal**: July 16, 2007 / **ARIAD proposal**: February 18, 2008]. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 30 hours to present their case.

_____
UNITED STATES DISTRICT JUDGE

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | |
|---|---|---|
| BEN T. CASTLE<br>SHELDON N. SANDLER<br>RICHARD A. LEVINE<br>RICHARD A. ZAPPA<br>FREDERICK W. IOBST<br>RICHARD H. MORSE<br>DAVID C. MCBRIDE<br>JOSEPH M. NICHOLSON<br>CRAIG A. KARSNITZ<br>BARRY M. WILLOUGHBY<br>JOSY W. INGERSOLL<br>ANTHONY G. FLYNN<br>JEROME K. GROSSMAN<br>EUGENE A. DIPRINZIO<br>JAMES L. PATTON, JR.<br>ROBERT L. THOMAS<br>WILLIAM D. JOHNSTON<br>TIMOTHY J. SNYDER<br>BRUCE L. SILVERSTEIN<br>WILLIAM W. BOWSER<br>LARRY J. TARABICOS<br>RICHARD A. DILIBERTO, JR.<br>MELANIE K. SHARP<br>CASSANDRA F. ROBERTS<br>RICHARD J.A. POPPER<br>TERESA A. CHEEK<br><br>NEILLI MULLEN WALSH<br>JANET Z. CHARLTON<br>ROBERT S. BRADY<br>JOEL A. WAITE<br>BRENT C. SHAFFER<br>DANIEL P. JOHNSON<br>CRAIG D. GREAR<br>TIMOTHY JAY HOUSEAL<br>MARTIN S. LESSNER<br>PAULINE K. MORGAN<br>C. BARR FLINN<br>NATALIE WOLF<br>LISA B. GOODMAN<br>JOHN W. SHAW<br>JAMES P. HUGHES, JR.<br>EDWIN J. HARRON<br>MICHAEL R. NESTOR<br>MAUREEN D. LUKE<br>ROLIN P. BISSELL<br>SCOTT A. HOLT<br>JOHN T. DORSEY<br>M. BLAKE CLEARY<br>CHRISTIAN DOUGLAS WRIGHT<br>DANIELLE GIBBS<br>JOHN J. PASCHETTO<br>NORMAN M. POWELL | THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br><br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391<br><br>(302) 571-6600<br>(800) 253-2234 (DE ONLY)<br>FAX: (302) 571-1253<br><br>110 WEST PINE STREET<br>P.O. BOX 594<br>GEORGETOWN, DELAWARE 19947<br>(302) 856-3571<br>(800) 255-2234 (DE ONLY)<br>FAX: (302) 856-9338<br><br>WWW.YOUNGCONAWAY.COM<br><br>DIRECT DIAL: (302) 571-6681<br>DIRECT FAX: (302) 576-3333<br>msharp@ycst.com | LISA A. ARMSTRONG<br>GREGORY J. BABCOCK<br>JOSEPH M. BARRY<br>SEAN M. BEACH<br>DONALD J. BOWMAN, JR.<br>TIMOTHY P. CAIRNS<br>KARA HAMMOND COYLE<br>MARGARET M. DIBIANCA<br>MARY F. DUGAN<br>ERIN EDWARDS<br>KENNETH J. ENOS<br>IAN S. FREDERICKS<br>JAMES J. GALLAGHER<br>SEAN T. GREECHER<br>STEPHANIE L. HANSEN<br>DAWN M. JONES<br>RICHARD S. JULIE<br>KAREN E. KELLER<br>JENNIFER M. KINKUS<br>EDWARD J. KOSMOWSKI<br>JOHN C. KUFFEL<br><br>SPECIAL COUNSEL<br>JOHN D. MCLAUGHLIN, JR.<br>ELENA C. NORMAN<br>KAREN L. PASCALE<br>PATRICIA A. WIDDOSS<br><br>KAREN LANTZ<br>TIMOTHY E. LENGKEEK<br>ANDREW A. LUNDGREN<br>MATTHEW B. LUNN<br>JOSEPH A. MALFITANO<br>ADRIA B. MARTINELLI<br>MICHAEL W. MCDERMOTT<br>MARIBETH L. MINELLA<br>EDMON L. MORTON<br>D. FON MUTTAMARA-WALKER<br>JENNIFER R. NOEL<br>ADAM W. POFF<br>SETH J. REIDENBERG<br>KRISTEN R. SALVATORE (PA ONLY)<br>MICHELE SHERRETTA<br>MONTÉ T. SQUIRE<br>MICHAEL P. STAFFORD<br>CHAD S.C. STOVER (SC ONLY)<br>JOHN E. TRACEY<br>MARGARET B. WHITEMAN<br>SHARON M. ZIEG<br><br>SENIOR COUNSEL<br>CURTIS J. CROWTHER<br><br>OF COUNSEL<br>BRUCE M. STARGATT<br>STUART B. YOUNG<br>EDWARD B. MAXWELL, 2ND |

July 7, 2006

**BY E-FILE**
The Honorable Kent A. Jordan
United States District Court of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

      Re:    Amgen, Inc. et al. v. Ariad Pharmaceuticals, Inc.
             C. A. No.: 06-259 (KAJ)

Dear Judge Jordan:

      I attach the parties' proposed scheduling order in advance of the July 12, 2006 initial Rule 16 scheduling and planning conference in this matter. While the parties have been able to reach agreement as to certain issues (*e.g.*, the number of hours of fact deposition testimony and expected length of the trial in this matter), they have not been able to reach agreement on the overall case schedule. Where the parties have been unable to reach agreement, we have included the parties' respective proposals for the Court's consideration.

      The parties generally disagree as to two primary matters: (1) the timing for fact and expert discovery, claim construction, and dispositive motion practice; and (2) the ultimate trial date in this case. In brief, Amgen would like to progress this case with an eye toward a trial in July 2007 and asks the Court to schedule trial for the first available date in that time frame. Ariad, in contrast, proposes a lengthened schedule predicated on an unnecessarily late February 2008 trial date.

      It is very important to Amgen, the declaratory judgment plaintiff in this matter, that the cloud of uncertainty cast over its products by Ariad's threats be removed as soon as is feasible. Amgen's proposed timeline will allow it to attempt to remove this cloud by presenting the issues to the Court well ahead of the schedule proposed by Ariad. The schedule Amgen proposes

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
July 7, 2006
Page 2

represents a sensible pace in light of the issues at hand and can be reasonably met by all parties, especially as Ariad has recently tried a case under its '516 patent and cannot defensibly argue that it needs an extended case schedule to prepare for trial here or that it would be prejudiced by a schedule in line with Amgen's proposal. And this rationale for adoption of Amgen's proposed schedule applies even if the Court determines that trial cannot be presently calendared for July 2007, as it still allows for earlier consideration of claim construction issues and dispositive motions and, therefore, leaves open the possibility of an earlier resolution of the case.

    We will be prepared to address these and other matters in detail during the July 12 scheduling and planning conference if the Court so desires.

    Thank you for your consideration.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:bele

cc:   Clerk of the Court (Hand Delivery)
       John G. Day, Esquire (via e-mail and Hand Delivery)
       David I. Gindler, Esquire (via e-mail)
       Mark S. Pals, Esquire (via e-mail)