IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>ARIAD PHARMACEUTICALS, INC.<br><br>Defendant. | CIVIL ACTION No. 06-259-KAJ |

## DECLARATION OF PATRICIA CARSON

I, Patricia A. Carson, hereby declare as follows:

1.  I am a partner with the law firm of Kaye Scholer LLP. I am admitted to the Bars of the States of New York and New Jersey.

2.  I submit this Declaration to respond to the blatant mischaracterizations in the Declaration submitted by Paul Cantrell, Esq. in support of Amgen's opposition to the Motion to Dismiss filed by ARIAD Pharmaceuticals, Inc. ("ARIAD") in this Court. I have personal knowledge of the facts set forth in this Declaration, if called as a witness, could and would competently testify to those facts under oath.

3.  Since approximately April 2002, I have represented ARIAD, Harvard University, the Massachusetts Institute of Technology and The Whitehead Institute (collectively, "plaintiffs") in a patent infringement lawsuit that they filed against Eli Lilly and Company ("Lilly") on June 25, 2002, in United States District Court for the District of Massachusetts. In that action, plaintiffs assert that Lilly's Evista® and Xigris® products infringe U.S. Patent No. 6,410,516 (the "'516 patent").

4. After four years of highly contentious litigation, a jury trial was held in Boston in April 2006. The jury unanimously ruled that both Lilly products infringe the asserted claims of the '516 patent and that Lilly had not proven the asserted claims invalid. The jury awarded plaintiffs nearly $66 million in damages, plus royalties on a going forward basis.

5. In his Declaration, Mr. Cantrell asserts that during some unspecified deposition in the Lilly case "around the middle of 2004," in the course of an informal conversation "during a break," I stated "something to the effect of 'Enbrel is on the list'." The only deposition that I attended in the Lilly litigation in this time frame took place on April 14, 2004.

6. I can unequivocally state that I have never suggested to Mr. Cantrell or anyone else, at any time, that ARIAD would sue Amgen, particularly on Enbrel®. Indeed, any such statement would have raised serious ethical issues. Since 2003, I have represented Wyeth, which produces and co-promotes Enbrel® with Amgen. Therefore, absent a conflict waiver (which I have never obtained), I could not and would not threaten to assert the '516 patent against Enbrel®. Indeed, it is for this very reason that Kaye Scholer LLP and I do not represent ARIAD in the action pending in this Court.

7. Mr. Cantrell further claims that, five months later, on September 15, 2004, he reported my alleged statement to Monique Cordray, an in-house attorney at Amgen. I am familiar with Ms. Cordray and, based on my interactions with her, I know that she is aware that Wyeth produces and co-promotes Enbrel® with Amgen and that Kaye Scholer LLP represents Wyeth. Accordingly, if Mr. Cantrell had reported to Ms. Cordray the statement that I allegedly made five months earlier, I would have expected Ms. Cordray

or someone else from Amgen to contact me. I received no telephone calls from Ms. Cordray or anyone else at Amgen regarding the statement that Mr. Cantrell attributes to me (and which I never made).

8.  Mr. Cantrell also discusses a conversation that I had during a break in the Lilly trial, "sometime between April 11 and April 14, 2006," with Siegmund Gutman and an attorney that Mr. Cantrell "believed to be one of Amgen's outside lawyers." The outside lawyer to whom Mr. Cantrell refers is Mark Pals (who is lead counsel for Amgen in the current ARIAD-Amgen litigation). Mr. Cantrell does not claim to have participated in this conversation. Rather, he says that, as he approached, I ended the conversation with "and you guys at Amgen are next." I may have made this statement—but not as a threat to sue Amgen on the '516 patent. I represent Hoffmann-La Roche in a patent infringement case filed by Amgen on November 8, 2005, in the District Court for the District of Massachusetts and assigned to Judge Young. Judge Young's courtroom is just down the hall from Judge Zobel's courtroom where the Lilly trial occurred. During the Lilly trial which occurred in April 2006, we received word that Judge Young scheduled a hearing on certain pending motions for May 10, 2006. Any conversation or statements that Mr. Cantrell may have overheard related to the case between Hoffmann-La Roche and Amgen and that upcoming hearing.

Executed on July 11, 2006, at New York, New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Patricia A. Carson, Esq.

1533035

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2006, the attached **DECLARATION OF PATRICIA CARSON** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | **HAND DELIVERY** |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601-6636 | **VIA FEDERAL EXPRESS** |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA  90017-5800 | **VIA FEDERAL EXPRESS** |

*/s/ John G. Day*

John G. Day