IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)   C.A. No. 06-259-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S OPENING BRIEF IN
SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING
<u>ADJUDICATION OF ITS MOTION TO DISMISS</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant
ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: August 7, 2006

1545007

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | | NATURE AND STAGE OF THE PROCEEDING | 1 |
| II. | | SUMMARY OF ARGUMENT | 1 |
| III. | | ARGUMENT | 3 |
| | A. | The Court Has Significant Discretion To Stay Discovery To Encourage Efficiency And Judicial Economy | 3 |
| | B. | ARIAD's Motion to Dismiss Is Likely To Eliminate The Need For Discovery Entirely | 4 |
| | C. | The Discovery Sought By Plaintiffs Is Extremely Broad, Highly Burdensome, And Irrelevant To ARIAD's Motion To Dismiss | 5 |
| | D. | A Stay Of Discovery Would Not Prejudice Plaintiffs | 7 |
| IV. | | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allied Poultry Processors Co. v. Polin,*
    134 F. Supp. 278 (D. Del. 1955)................................................................................ 5

*Aponte-Torres v. University Of Puerto Rico,*
    445 F.3d 50 (1st Cir. 2006)...................................................................................... 6

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,*
    846 F.2d 731 (Fed. Cir. 1988) ................................................................................ 7

*Coastal States Gas Corp. v. Dep't of Energy,*
    84 F.R.D. 278 (D. Del. 1979).................................................................................. 3

*Cognex Corp. v. Nat'l. Instruments Corp.,*
    2001 WL 34368283 (D. Del. Jun. 29, 2001).......................................................... 7

*Feldman v. Flood,*
    176 F.R.D. 651 (M.D. Fla. 1997)............................................................................ 5

*Florsheim Shoe Co. v. United States,*
    744 F.2d 787 (Fed. Cir. 1984) ................................................................................ 4

*Hachette Distribution, Inc. v. Hudson County News Co.,*
    136 F.R.D. 356 (E.D.N.Y. 1991)............................................................................ 5

*Herbert v. Lando,*
    441 U.S. 153 (1979)................................................................................................ 3

*Hill v. Equitable Bank, N.A.,*
    599 F. Supp. 1062 (D. Del. 1984)............................................................................ 3

*In re Currency Conversion Fee Antitrust Litigation,*
    2002 WL 88278 (S.D.N.Y. Jan. 22, 2002)............................................................ 3

*Johnson v. New York Univ. School of Educ.,*
    205 F.R.D. 433 (S.D.N.Y. 2002)............................................................................ 3

*Klein v. Lionel Corp.,*
    18 F.R.D. 186 (D. Del. 1955).............................................................................. 4, 6

*Landis v. North American Co.,*
    299 U.S. 248 (1936)................................................................................................ 3

Page(s)

*Maloney v. Gordon,*
    328 F. Supp. 2d 508 (D. Del. 2004) ................................................................................ 7

*Nichols v. Baptist Mem. Hospital, Inc.,*
    2004 WL 2905406 (W.D. Tenn. April 2, 2004) ............................................................... 3

*Osan Ltd. v. Accenture LLP,*
    2006 WL 1662612 (E.D.N.Y. June 13, 2006) .................................................................. 5

*Petrus v. Bowen,*
    833 F.2d 581 (5th Cir. 1987) ............................................................................................ 6

*Rae v. Union Bank,*
    725 F.2d 478 (9th Cir. 1984) ........................................................................................ 4, 6

*Spencer Trask Software And Information Svcs., LLC v. RPost Int'l Ltd.,*
    206 F.R.D. 367 (S.D.N.Y. 2002) ..................................................................................... 6

*Sprague v. Brook,*
    149 F.R.D. 575 (N.D. Ill. 1993) ....................................................................................... 6

*Telesca v. Long Island Housing Partnership, Inc.,*
    2006 WL 1120636 (E.D.N.Y. Apr. 27, 2006) ............................................................. 4, 6

*U.S. v. County of Nassau,*
    188 F.R.D. 187 (E.D.N.Y. 1999) ................................................................................. 4, 5

*Weisman v. Mediq, Inc.,*
    1995 WL 273678 (E.D. Pa. May 3, 1995) ....................................................................... 3

**<u>Rules</u>**

Local Rule 7.1.1 ....................................................................................................................... 2

Rule 26 ................................................................................................................................ 2, 3

I.  **NATURE AND STAGE OF THE PROCEEDING**

Plaintiffs have dragged ARIAD Pharmaceuticals, Inc. ("ARIAD"), the exclusive licensee of the '516 patent, into this lawsuit by filing a complaint for declaratory relief despite not having a reasonable apprehension of an imminent patent infringement suit—the standard they must satisfy to invoke the Declaratory Judgment Act. As explained in more detail in ARIAD's moving and reply papers in support of its Motion to Dismiss, (D.I.s 14, 31), ARIAD has never threatened to assert the '516 patent against Plaintiffs or taken any other action that would lead a reasonable person to conclude that ARIAD was imminently planning to sue Amgen on the '516 patent. ARIAD's Motion to Dismiss is scheduled to be heard on September 11, 2006.

The parties held their Rule 26(f) conference on July 6, 2006. The next day, Plaintiffs served 62 requests for production of documents and 15 interrogatories (many of which have multiple subparts). This wide-ranging discovery covers virtually every conceivable issue in the case. On July 19, 2006, the Court issued a Scheduling Order, setting the discovery cut off in this case for April 23, 2007.

II. **SUMMARY OF ARGUMENT**

1. The interests of justice and judicial economy support a limited stay of discovery pending the adjudication of ARIAD's Motion to Dismiss. It would be extremely costly and burdensome for ARIAD to respond substantively to the discovery already propounded by Plaintiffs, and any additional discovery Plaintiffs propound, before ARIAD's Motion to Dismiss is adjudicated. There is no need to impose the cost and burden of discovery on ARIAD at this stage, when ARIAD's Motion to Dismiss will, if granted, dispense with the need for discovery entirely. Moreover, Plaintiffs will suffer no prejudice by a short stay of discovery, which could be as short as a month (in light of the September 11, 2006 hearing date). In the unlikely event that ARIAD's Motion to Dismiss is denied, discovery may resume promptly.

2. The Court has broad discretion to stay discovery in the interests of efficiency and judicial economy, based on several factors—all of which favor staying discovery here. First, ARIAD's Motion to Dismiss is wholly dispositive, and thus if granted will eliminate the need for discovery entirely. This is because, if the Court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction, Plaintiffs will not be able to revive their action by filing an amended Complaint: Subject matter jurisdiction must exist at the time that the action was filed, and the inquiry into whether Plaintiffs had a reasonable apprehension of imminent suit is a factual issue, not a pleading issue.

3. Second, Plaintiffs' discovery is extremely broad, bears no relationship to the pending motion (nor could it), and is hardly so urgent that it cannot await the outcome of the Motion to Dismiss. During the parties' pre-filing conferences, Plaintiffs identified no reason that discovery cannot await a short stay until the Motion to Dismiss is decided.

4. Finally, given the case schedule entered by the Court, Plaintiffs will suffer no prejudice from a limited stay of discovery. If the Court rules on, or soon after, the hearing on ARIAD's Motion to Dismiss, the short stay requested by ARIAD would still allow the parties 32 weeks of discovery—the same amount of time that Plaintiffs proposed in their version of the Scheduling Order—and Plaintiffs' discovery requests do not seek information that would disappear during a short stay. Thus, the benefits of staying discovery until the Court decides the Motion to Dismiss far outweigh the costs—if there are any costs at all.

5. ARIAD has met and conferred with Plaintiffs on the issues set forth herein pursuant to Rule 26(c) and Local Rule 7.1.1. (Rosenblatt Decl. ¶¶ 2-3; Ex. A.) Plaintiffs rejected ARIAD's request for a temporary stay of discovery. (Rosenblatt Decl. ¶ 3.)

III. **ARGUMENT**

    A.    **The Court Has Significant Discretion To Stay Discovery To Encourage Efficiency And Judicial Economy**

The Court has broad power under Rules 26(c) and (d) to impose a stay of discovery pending the outcome of a motion to dismiss, in the interests of efficiency and judicial economy. *See Nichols v. Baptist Mem. Hospital, Inc.*, 2004 WL 2905406 at *2 (W.D. Tenn. April 2, 2004) ("[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion . . . to secure the just, speedy, and inexpensive determination of every action") (internal citations and quotation marks omitted); *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (Pursuant to Rules 26(c) and (d), "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'") (*quoting In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).[1] Courts may consider several factors in determining whether good cause exists for a stay, including the likelihood that the pending motion may dispense entirely with the need for discovery; the relationship between the discovery sought and the pending motion to dismiss; and any

---

[1] *See also Weisman v. Mediq, Inc.*, 1995 WL 273678 at *1-2 (E.D. Pa. May 3, 1995) ("courts are empowered under the Federal Rules of Civil Procedure to impose a stay of discovery on a showing of good cause," which exists "where the likelihood that [a motion to dismiss] may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay"); *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) ("It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions. Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal citations omitted); *Hill v. Equitable Bank, N.A.*, 599 F. Supp. 1062, 1077 (D. Del. 1984) (recognizing propriety of discovery stay pending motion to dismiss); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("district courts should not neglect their power to restrict discovery where justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .") (internal quotation marks omitted).

potential prejudice to the non-movant. *Telesca v. Long Island Housing Partnership, Inc.*, 2006 WL 1120636 at *1 (E.D.N.Y. Apr. 27, 2006) ("Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."); *U.S. v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery when pending motion would be "dispositive of the entire action" and complaint's deficiency "cannot be cured by an amended pleading"); *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) (stay of discovery was properly granted pending motion to dismiss because discovery would not yield evidence relevant to deciding motion).[2]

The present case is a quintessential example of a situation in which such a stay is appropriate. Every factor weighs in favor of staying discovery for the limited period pending adjudication of ARIAD's Motion to Dismiss.

### B.  ARIAD's Motion to Dismiss Is Likely To Eliminate The Need For Discovery Entirely

A stay of discovery is particularly appropriate because ARIAD's Motion to Dismiss is likely to dispense with the need for discovery entirely. ARIAD has made a strong showing that Plaintiffs had no reasonable apprehension of an imminent suit, and that dismissal is therefore appropriate for, among other things, lack of subject matter jurisdiction. If the Motion to Dismiss is granted for lack of subject matter jurisdiction, Plaintiffs will not be able to amend their Complaint to cure the jurisdictional defect in their action. Put simply, there is nothing Plaintiffs can do to create the subject matter

---

[2] *See also Klein v. Lionel Corp.*, 18 F.R.D. 186, 187 (D. Del. 1955) (staying discovery when there was "no shown connection between the information to be derived from the answer to the interrogatory [propounded] and the questions to be determined" in the pending motions); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (stay of discovery was properly granted pending motions to dismiss because discovery sought was not relevant to deciding those motions).

jurisdiction required to invoke the Declaratory Judgment Act, when such jurisdiction did not exist at the time that they filed their Complaint. Thus, Defendants' Motion to Dismiss is different from one based solely (for example) on failure to state a claim, where Plaintiffs may be able to cure deficiencies in the original complaint by adding supplemental allegations.[3] If the Motion to Dismiss is granted for lack of subject matter jurisdiction, the need for discovery will be wholly and permanently eliminated.

Subjecting ARIAD to costly, burdensome, and prying discovery with respect to a claim over which the Court may find that it does not have subject matter jurisdiction would be prejudicial and unjust to ARIAD. It should not be permitted. *See County of Nassau*, 188 F.R.D. at 188-89 (staying discovery pending adjudication of motion to dismiss for lack of subject matter jurisdiction, when motion would be "dispositive of the entire action" and complaint's deficiency "cannot be cured by an amended pleading"); *see also Allied Poultry Processors Co. v. Polin*, 134 F. Supp. 278, 279 (D. Del. 1955) ("There can be little question but that when the jurisdiction of the Court is challenged or denied, it is the duty of the Court . . . to determine the question of jurisdiction before proceeding with other aspects of the case" including discovery matters.).

### C. The Discovery Sought By Plaintiffs Is Extremely Broad, Highly Burdensome, And Irrelevant To ARIAD's Motion To Dismiss

In determining whether a stay of discovery is proper, courts also consider the breadth and burden of the discovery sought and whether such discovery is relevant to the

---

[3] This distinction is drawn in many cases. Interestingly, it is apparent in the very cases that Plaintiffs' counsel cited for its clients' position during the parties meet-and-confer process. (Rosenblatt Decl. ¶ 3); *See, e.g., Osan Ltd. v. Accenture LLP*, 2006 WL 1662612 at *1 (E.D.N.Y. June 13, 2006) (identifying type of motion as a factor to be considered and denying stay when, even if complaint is dismissed, "the insufficiencies may very well be cured by allowing plaintiff to file an amended complaint"); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (identifying as one factor relevant to denial of stay the fact that "even a decision granting the motion to dismiss would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint."); *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358-59 (E.D.N.Y. 1991) (denying stay of discovery because, while court has discretion to stay discovery pending dispositive motions, pending motions in that case, if granted, "would not result in the termination of this action.").

pending motion. *See, e.g., Telesca*, 2006 WL 1120636 at *1 (including breadth and burden among relevant factors); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (discovery stay was proper when "nothing [plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion"); *Rae*, 725 F.2d at 481 (stay of discovery was properly granted pending 12(b) motions because discovery sought was not relevant to deciding those motions).[4]

The discovery that Plaintiffs have already propounded is extremely broad, and it would be highly burdensome for ARIAD to answer substantively at this time. Plaintiffs have propounded 62 document requests and 15 interrogatories, many with subparts, on topics ranging from infringement contentions, to claim construction, to validity arguments, to damages, and more. These include requests that ARIAD:

- produce "[a]ll documents relating to or mentioning any of the Amgen Entities";

- produce "[a]ll communications relating to the '516 patent and/or any Related Patents";

- "[i]dentify each molecule, compound, or other substance that can be used to practice the method or reducing NF-•B activity disclosed in the '516 patent and/or recited in the '516 patent claims"; and

- "[i]dentify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to ENBREL, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether

---

[4] *See also Klein*, 18 F.R.D. at 187 (there was no reason "to put the defendants to a present expenditure of time and effort which will have no effect upon motions now pending"); *Aponte-Torres v. University Of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (district court did not err in staying discovery pending motion to dismiss when "any matters disclosed by further discovery would have been irrelevant to the district court's ruling" on pending motion); *Spencer Trask Software And Information Svcs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (considering breadth and burden of discovery requests and holding that a "stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action . . . [while] proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources") (internal citation and quotations omitted); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (because discovery sought was not relevant to issues to be decided in motion to dismiss, "[t]he sole result of such discovery . . . would be cost and inconvenience, which would impose an undue burden on the time and resources of the [defendant]" and stay was appropriate).

> each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to ENBREL that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed."

(Rosenblatt Decl. Ex. B, Document Request Nos. 37, 40; Ex. C, Interrogatory Nos. 2, 14). These are just a few examples of the breadth and scope of Plaintiffs' discovery requests.[5]

Moreover, this discovery bears no relationship at all to ARIAD's Motion to Dismiss, nor could it: As explained in detail in the papers supporting ARIAD's Motion to Dismiss, whether the Court has subject matter jurisdiction under the Declaratory Judgment Act depends on whether Plaintiffs had a reasonable apprehension of an imminent suit **at the time they filed the complaint.** *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 734 n.2 (Fed. Cir. 1988) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed."). Thus, as a matter of logic, discovery could not possibly yield anything relevant to the subject matter jurisdiction inquiry, nor have Plaintiffs heretofore asserted that it would.

### D. A Stay Of Discovery Would Not Prejudice Plaintiffs

In contrast to the burden that immediate discovery would pose to ARIAD, a discovery stay would not prejudice Plaintiffs at all. If ARIAD's Motion to Dismiss is granted, staying discovery would prevent ARIAD, the Court, and Plaintiffs from wasting significant time and resources. If the Motion is denied, discovery would proceed apace. The discovery cut off is scheduled for April 23, 2007, and the hearing on ARIAD's motion to dismiss is scheduled for September 11, 2006. If ARIAD's Motion to Dismiss

---

[5] In addition, a stay of discovery will promote judicial efficiency by "obviat[ing] the need to make rulings regarding potential discovery disputes," which are almost certain to arise, particularly in light of the breadth and scope of the discovery requests already propounded by Plaintiffs. *See Maloney v. Gordon,* 328 F. Supp. 2d 508, 513 (D. Del. 2004) (Jordan, J.) (citing *Cognex Corp. v. Nat'l. Instruments Corp.,* 2001 WL 34368283 at *1 (D. Del. Jun. 29, 2001)). Thus, such a stay also serves the Court's own interest in managing its own docket to encourage efficiency and preserve judicial resources. *Id.*

is decided on or soon after the hearing, the stay requested herein would last for only about a month and would allow the parties 32 weeks for discovery—the same amount of time that Plaintiffs suggested in their Proposed Scheduling Order. *See* D.I. 26. Because none of the discovery sought by Plaintiffs is time-sensitive or likely to become unavailable, a short postponement of discovery will work no harm to Plaintiffs.

Moreover, Plaintiffs cannot reasonably have expected to receive complete substantive responses to many of their discovery requests within thirty days of service at this stage of litigation. For example, one of Plaintiffs' interrogatories seeks an identification of "any and all claim term(s) and phrase(s) that Ariad believes need to be construed by the Court, Ariad's proposed claim construction of those term(s) and phrases and any term(s) and phrase(s) whose claim construction is in dispute, and all bases or evidence on which Ariad relies in support of that proposed construction," notwithstanding that the Court has set a specific schedule, many months away, for the identification of such information. (Rosenblatt Decl. Ex. C, Interrogatory No. 1); (Scheduling Order, D.I. 37). Nor could Plaintiffs possibly be prejudiced by a short postponement of the discovery requests it has propounded regarding the "legal and factual bases for Ariad's infringement contentions" and "damages claim" regarding the '516 patent and specific Amgen products. (*See, e.g.*, Rosenblatt Decl. Ex. C, Interrogatory Nos. 2, 3, and 15; Ex. B, Document Request Nos. 33, 39). As Plaintiffs know—and as set forth in the declarations supporting ARIAD's Motion to Dismiss and in ARIAD's Rule 26(a)(1) Initial Disclosure—ARIAD has not conducted an analysis with respect to whether Amgen's products infringe the '516 patent, has never made any "contention" whatsoever that any Amgen products infringe the '516 patent, and in light of its Motion to Dismiss, has not made a claim for damages in this case.

## IV. CONCLUSION

For the foregoing reasons, the interests of efficiency and judicial economy merit a limited stay of discovery pending the adjudication of ARIAD's Motion to Dismiss. The

Court has considerable discretion in granting a stay to control its docket, and all the pertinent factors weigh heavily in favor of staying discovery at this time.

ASHBY & GEDDES

*/s/ Steven J. Balick*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant
ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: August 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2006, the attached **DEFENDANT ARIAD PHARMACEUTICALS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS MOTION TO DISMISS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391 | **HAND DELIVERY** |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601-6636 | **VIA ELECTRONIC MAIL** |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5800 | **VIA ELECTRONIC MAIL** |

/s/ *Steven J. Balick*
_____
Steven J. Balick