## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION | ) ) ) ) | C.A. No. 06-259-KAJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) ) | |

### DECLARATION OF ELIZABETH L. ROSENBLATT

I, Elizabeth L. Rosenblatt, declare as follows:

1.      I am an attorney at Irell & Manella LLP, outside counsel for ARIAD Pharmaceuticals, Inc. ("ARIAD") in connection with this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I make this declaration in support of ARIAD's Opening Brief in Support of its Motion to Stay Discovery Pending Adjudication of Its Motion to Dismiss.

2.      Attached hereto as Exhibit A is a true and correct copy of a July 28, 2006 letter from me to Plaintiffs' outside counsel Marc Sernel, expressing ARIAD's desire to meet and confer regarding the possibility of staying discovery pending the adjudication of ARIAD's Motion to Dismiss.

3.      On August 3, 2006, I participated in a telephone conference with Plaintiffs' outside counsel Marc Sernel and Erick Ottoson to discuss the possibility of staying discovery pending the adjudication of ARIAD's Motion to Dismiss. During that call, counsel for Plaintiffs stated that they had reviewed the authority identified in my July 28, 2006 letter and that Plaintiffs were unwilling to stipulate to a temporary stay of discovery in the case pending the adjudication of ARIAD's Motion to Dismiss. Also during that call,

counsel for Plaintiffs verbally identified the numerical and short name citations for cases that they characterized as supporting Plaintiffs' position, including the following: *Osan Ltd. v. Accenture LLP*, 2006 WL 1662612 (E.D.N.Y. June 13, 2006); *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997); and *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356 (E.D.N.Y. 1991). I believe that additional meetings among counsel for the parties will not result in a resolution of this matter.

    4.    Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' First Set of Requests of Documents and Things to Defendant.

    5.    Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' First Set of Interrogatories to Defendant.

Executed on August 7, 2006, at Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Elizabeth L. Rosenblatt

# EXHIBIT A

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7090
FACSIMILE (310) 203-7199
brosenblatt@irell.com

July 28, 2006

**VIA FACSIMILE AND E-MAIL**

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

      Re:    *Amgen et al. v. ARIAD Pharmaceuticals, Inc.*, D. Del. Civ. No. 06-259-KAJ

Dear Marc:

      I am writing to follow up regarding the possibility of staying discovery pending the resolution of ARIAD's Motion to Dismiss currently before the court.

      As we discussed briefly in our Rule 26(f) call and at the scheduling conference with Judge Jordan, ARIAD believes that it would be an undue and unjust waste of significant party resources to proceed with discovery at this stage, when the pending motion to dismiss may dispose of the case entirely on jurisdictional grounds. Plaintiffs would not be prejudiced by a stay, which, if ARIAD's motion is not granted, would only postpone the same discovery. Judicial authority clearly supports a stay under such circumstances. We would like to meet and confer, in the hope that a stay can be entered by stipulation rather than a motion for stay. We propose a call in the afternoon on August 1, 2006. Please let me know whether that will work for you.

      In advance of that call, we thought it would be helpful to share some authority demonstrating that courts often exercise their discretion to stay discovery in the interest of efficiency and justice when there is a motion to dismiss pending. This is particularly true when, as here, when the defect identified in the motion to dismiss cannot be cured by re-pleading, and the discovery sought is broad, not time-sensitive, and not specifically related to the motion to dismiss. We believe that the following cases are instructive:

- *U.S. v. County of Nassau*, 188 F.R.D. 187 (E.D.N.Y. 1999)

- *Allied Poultry Processors Co v. Polin*, 134 F. Supp. 278 (D. Del. 1955)

- *Telesca v. Long Island Housing Partnership, Inc.*, 2006 WL 1120636 (E.D.N.Y. Apr. 27, 2006)

1542410

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Marcus E. Sernel, Esq.
July 28, 2006
Page 2

- *Klein v. Lionel Corp.*, 18 F.R.D. 186 (D. Del. 1955)

- *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987)

- *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984)

- *Weisman v. Mediq, Inc.*, 1995 WL 273678 (E.D. Pa. 1995)

If there are authorities that you believe we should review, please identify them for me. I look forward to speaking with you.

Sincerely,

Betsy Rosenblatt

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4733 |
| CONNECTION TEL | 2#835#13128612200 |
| CONNECTION ID | KIRKLAND & ELLIS |
| ST. TIME | 07/28 12:26 |
| USAGE T | 00'59 |
| PGS. SENT | 3 |
| RESULT | OK |

*ROSENBLATT 812A*

## IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Facsimile No.: (310) 203-7199
Telephone No.: (310) 277-1010
Facsimile Dept. Ext.: 8200

This communication may contain confidential or privileged information and may constitute inside information. It is intended only for the addressee. Any distribution, reading, copying, or use of this communication by anyone other than the addressee is strictly prohibited and may be unlawful. If you received this in error, please notify us immediately by telephone, and return the original communication to us at the above address by mail. You will be reimbursed for your reasonable expenses. Thank you.

Date: July 28, 2006                                    **VIA FACSIMILE**

Facsimile No.: (312) 861-2200                          Sent by: _____

Office Telephone No.: (312) 861-2389                   Reference No.: _____

To: Marcus E. Sernel

From: Betsy Rosenblatt                                 Received by: _____

cc:                                                    Time: _____

No. of Pages: 3
(including cover page)

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation;<br>IMMUNEX CORPORATION, a Washington<br>corporation; AMGEN USA INC., a Delaware<br>corporation; AMGEN MANUFACTURING,<br>LIMITED, a Bermuda corporation, and<br>IMMUNEX RHODE ISLAND<br>CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ARIAD PHARMACEUTICALS, INC., a<br>Delaware corporation,<br><br>Defendant. | Civil Action No. 06-259 – KAJ |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR
## PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Amgen, Inc.

("Amgen"); Immunex Corporation ("Immunex"); Amgen USA Inc. ("Amgen USA"); Amgen

Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex

R.I.," together with Amgen, Immunex, Amgen USA, and Amgen Mfg. the "Amgen Entities")

hereby request that Defendant Ariad Pharmaceuticals, Inc. ("Ariad") produce for inspection and

copying the following documents and tangible things in accordance with its obligations under the

Federal Rules of Civil Procedure and the Definitions and Instructions set forth below, within 30

days of service, at the offices of Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago,

Illinois 60601, or at a time and place mutually agreed to by the parties.

## REQUESTS

**REQUEST NO. 1.**

All pleadings, transcripts, deposition transcripts of Ariad's witnesses, exhibits, expert reports and documents produced by any party in all actions or administrative proceedings identified in the Response to Interrogatory No. 5, including but not limited to any action involving Eli Lilly and Company or the United States Patent and Trademark Office.

**REQUEST NO. 2.**

Documents sufficient to identify Ariad's current organizational structure, including documents sufficient to identify Ariad's current and former officers and directors by position and/or title.

**REQUEST NO. 3.**

All documents and things relating to any research, development and testing of any products and/or classes of compounds that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 4.**

All documents and things relating to Ariad's past or present efforts to develop products based on the subject matter of the '516 patent and/or Related Patents, including but not limited to proposed or executed collaborations with third parties, research proposals, budgeting, and business plans.

**REQUEST NO. 5.**

Documents sufficient to identify all persons who assisted in the research, development and testing of any attempts to develop products and/or processes that were intended to practice,

embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

## REQUEST NO. 6.

All documents and things relating to the manufacture, formulation, clinical trials, quality assurance/control, regulatory licensing, marketing, distribution, sale, offer for sale, or importation into the United States of any of the products and/or processes that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent.

## REQUEST NO. 7.

All documents and things relating to the preparation, filing and prosecution of the '516 patent and/or any Related Patents.

## REQUEST NO. 8.

All documents and things relating to any presentations to or by Ariad relating to the subject matter described and/or claimed in the '516 patent and/or any Related Patents, including but not limited to notebooks, notes, calendars, diaries, records, reports, presentation handouts, and presentation materials.

## REQUEST NO. 9.

All documents and things relating to (a) conception, (b) reduction to practice, and (c) diligence toward reduction to practice of the subject matter of the claims of the '516 patent and/or any Related Patents, including but not limited to inventor notebooks, diaries, calendars, work records, invention disclosures and summaries.

## REQUEST NO. 10.

All documents and things relating to the best mode of practicing the subject matter of the claims of the '516 patent and/or any Related Patents.

3

**REQUEST NO. 11.**

All documents and things relating to the priority date for any claim of the '516 patent.

**REQUEST NO. 12.**

All documents and things relating to any product or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent and/or any Related Patents, including but not limited to press releases, advertising material, marketing material, promotional material, technical material, sales information, pricing information, and profit/loss and cost information.

**REQUEST NO. 13.**

All documents relating to any litigation or other legal or administrative proceeding, including but not limited to reexamination, opposition, reissue, or interference concerning the '516 patent and/or any Related Patents.

**REQUEST NO. 14.**

All documents relating to any patent and/or patent application (pending, abandoned, or issued) that Ariad licenses, owns or controls that refers to, describes, or claims any product relating to the NF-κB pathway, any manufacture or use of such product, or any process relating to the manufacture or use of such product.

**REQUEST NO. 15.**

Documents sufficient to identify all persons who assisted in the preparation, filing and prosecution of the '516 patent and/or any Related Patents.

**REQUEST NO. 16.**

Documents sufficient to identify all persons who assisted in the research, development and testing of any of Ariad's products and/or processes that Ariad contends practice, embody or

4

incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

## REQUEST NO. 17.

Documents sufficient to identify all persons who assisted in the manufacture, formulation, clinical testing, quality assurance/control, regulatory licensure, marketing, distribution, sale, and/or offer for sale of Ariad's products and/or processes that Ariad contends practice, embody or incorporate the subject matter described or claimed in the '516 patent and/or any Related Patents.

## REQUEST NO. 18.

All documents and things relating to inventorship of the '516 patent.

## REQUEST NO. 19.

All documents and things relating to any licensing arrangement between Ariad and the Massachusetts Institute of Technology, the Whitehead Institute, and Harvard University.

## REQUEST NO. 20.

All documents and things relating to any licenses or other grant of rights, or offers of licenses or other grants of rights to the subject matter of the '516 patent and/or any Related Patents, including but not limited to all drafts, notes, outlines, meeting notes, meeting agendas, meeting transcripts, meeting summaries, strategy memoranda, and correspondence.

## REQUEST NO. 21.

All documents and things relating to prior art to the '516 patent (for purposes of this request, that in existence as of June 5, 1995) including but not limited to any searches or analyses of prior art to the '516 patent and/or Related Patents.

065028.1001

**REQUEST NO. 22.**

All documents and things that were reviewed, received or maintained in connection with the preparation, filing or prosecution of the '516 patent and/or any Related Patents, including but not limited to any prior art and/or any technical and scientific publications.

**REQUEST NO. 23.**

All documents and things constituting or relating to any communications concerning prior art regarding to the '516 patent (for purposes of this request, that in existence as of June 5, 1995).

**REQUEST NO. 24.**

All documents and things relating to the first offer to sell and/or first sale of any product and/or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent.

**REQUEST NO. 25.**

All documents and things relating to the first public use, disclosure, or demonstration of any product or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent.

**REQUEST NO. 26.**

All documents and things that support Ariad's contention regarding the level of ordinary skill in the art disclosed and claimed in the '516 patent.

**REQUEST NO. 27.**

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is non-obvious, including but not limited to those documents that support secondary considerations of non-obviousness such as

commercial success, long-felt need, copying by others, prior failure by others, licensing by others, and/or unexpected results.

**REQUEST NO. 28.**

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is not invalid under 35 U.S.C. § 102, including but not limited to any documents that any entity has alleged to be anticipatory, either expressly or inherently, of any claim of the '516 patent.

**REQUEST NO. 29.**

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is not invalid under 35 U.S.C. § 112, including but not limited to any documents that Ariad contends provide written description for and an enabling disclosure of the full scope of the '516 patent claims.

**REQUEST NO. 30.**

Any opinions or analyses prepared by or on behalf of Ariad relating to licenses or other grant of rights, including but not limited to sublicenses, of the '516 patent and/or any Related Patents.

**REQUEST NO. 31.**

All documents and things relating to the invalidity or unenforceability of the claims of the '516 patent, including but not limited to any documents containing opinions, evaluations, advice or analyses relating to the invalidity or unenforceability of the claims of the '516 patent.

DB02:5414959.1

065028.1001

**REQUEST NO. 32.**

    All documents and things relating to the construction of the claims of the '516 patent, including but not limited to any documents containing any opinions, evaluations, advice or analyses relating to construction of the claims of the '516 patent.

**REQUEST NO. 33.**

    All documents and things relating to Ariad's contention and/or allegation of infringement of the '516 patent and/or any Related Patents by any of the Amgen Entities or any other entity, including but not limited to any documents containing any opinions, evaluations, advice or analyses relating to infringement of the '516 patent by any of the Amgen Entities or any other entity.

**REQUEST NO. 34.**

    All documents and things relating to comparisons between any claims of the '516 patent and/or any Related Patents and  ENBREL or KINERET.

**REQUEST NO. 35.**

    All documents and things relating to comparisons between any claims of the  '516 patent and/or any Related Patents and a product or process of any third party.

**REQUEST NO. 36.**

    All documents and things relating to ENBREL or KINERET, including but not limited to any evaluation or analysis of ENBREL or KINERET.

**REQUEST NO. 37.**

    All documents relating to or mentioning any of the Amgen Entities.

**REQUEST NO. 38.**

All documents and things relating to any presentation to or by Ariad relating to any of the Amgen Entities, or ENBREL or KINERET, including but not limited to notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 39.**

All communications between Ariad and any of the Amgen Entities or any third party concerning Ariad's contention that the Amgen Entities infringe the '516 patent and/or any Related Patents.

**REQUEST NO. 40.**

All communications relating to the '516 patent and/or any Related Patents.

**REQUEST NO. 41.**

All documents and communications within Ariad or to third parties relating to any one or more of the following: the current litigation against the Amgen Entities, any other litigation relating to the '516 patent and/or any Related Patents, ENBREL, and/or KINERET.

**REQUEST NO. 42.**

All documents and things relating to efforts to enforce the '516 patent and/or any Related Patents, including but not limited to demand letters, cease and desist letters, or pleadings filed in lawsuits.

**REQUEST NO. 43.**

All documents and things relating to any assertions by any entity that any claim of the '516 patent is invalid or unenforceable.

9

**REQUEST NO. 44.**

All tutorials, presentations, videos and transcripts that explain the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 45.**

All documents and things relating to tumor necrosis factor (TNF) and/or tumor necrosis factor receptors (TNFRs), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 46.**

All documents and things relating to interleukin-1 (IL-1) and/or interleukin-1 receptors (IL-1Rs), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 47.**

All documents and things relating to cyclosporin A (CsA or CyA), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

10

**REQUEST NO. 48.**

All documents and things relating to nuclear factor of activated T cells (NFAT), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 49.**

All documents and things referenced or relied upon in preparing Ariad's responses to any interrogatories prepared in this case, including but not limited to Plaintiffs' First Set of Interrogatories to Defendant.

**REQUEST NO. 50.**

All documents and things relating to any interviews, presentations, demonstrations and other communications at which any employee of the United States Patent and Trademark Office was present concerning the subject matter of the '516 patent and/or Related Patents.

**REQUEST NO. 51.**

All Ariad annual reports, SEC filings, and press releases.

**REQUEST NO. 52.**

All documents and things relating to any valuation or appraisal concerning the '516 patent and/or any Related Patents.

**REQUEST NO. 53.**

All documents and things relating to any royalties or licensing fees paid by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments paid by Ariad.

11

**REQUEST NO. 54.**

All documents and things relating to any royalties or licensing fees received by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments received by Ariad.

**REQUEST NO. 55.**

All documents and things relating to any royalties or licensing fees projected to be paid or received by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments paid or received by Ariad.

**REQUEST NO. 56.**

All documents sent to, received from, or discussed with any experts (either specially-retained or employees of Ariad) that Ariad has retained, consulted or intends to call as a witness in the trial of this case.

**REQUEST NO. 57.**

All documents relating to things that Ariad would contend reduce NF-κB activity (as that term is used in the '516 patent).

**REQUEST NO. 58.**

All documents relating to things that Ariad would contend induce NF-κB activity (as that term is used in the '516 patent).

**REQUEST NO. 59.**

All documents relating to decoy molecules (as that term is used in the '516 patent).

**REQUEST NO. 60.**

All documents relating to dominantly-interfering molecules (as that term is used in the '516 patent).

DB02:5414959.1

065028.1001

**REQUEST NO. 61.**

All board and scientific advisory board meeting minutes or presentations that relate to the '516 patent and/or any Related Patents, including but not limited to Ariad's discussion, identification, or consideration of whether any companies, products or processes might practice the subject matter of the claims of the '516 patent and/or Related Patents.

**REQUEST NO. 62.**

All communications with investors, potential investors, analysts, or others in the business community referring or relating to the '516 patent and/or any Related Patents.

Dated: July 7, 2006                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: _____
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302)571-6681
msharp@ycst.com

Mark A. Pals
Marcus E. Sernel
KIRKLAND & ELLIS
200 East Randolph Street
Chicago, IL 60601
(312) 861-2000

*Attorneys for Plaintiffs Amgen, Inc., Immunex
Corporation, Amgen USA Inc., Amgen Manufacturing,
Limited, and Immunex Rhode Island Corporation*

14

## APPENDIX A

### DEFINITIONS AND INSTRUCTIONS

1.      The term "'516 patent" shall mean United States Patent No. 6,410,516.

2.      "Ariad" shall mean Ariad Pharmaceuticals, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Ariad, and persons purporting to act on Ariad's behalf or on whose behalf Ariad has acted or acts.

3.      "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

15

4.    "Referring," "relating to" and "regarding" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

5.    "And," "or," and "and/or" shall mean both the conjunctive and disjunctive and shall serve as an interrogatory for information that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

6.    "Identify," "identity" or "identification," with respect to a document or thing, shall mean to state the production number or the type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.), the date of its preparation, the identity of the person(s) who prepared the document, the identity of person(s) who signed the document, the sender, the recipient(s) and addressee(s), a description of the subject matter and content, the name and address of any person having possession, custody, or control of the same or a true copy thereof, and all other means of identifying the document with sufficient particularity so as to satisfy the requirements for its inclusion in a demand or interrogatory for its production pursuant to Federal Rule of Civil Procedure 34.

7.    "Identify," "identity" or "identification," with respect to a natural person or company, shall mean to state the name, business address, and telephone number for such person or company and, in the case of natural persons, the person's title.

8.    "Person" shall mean any natural person or any business, legal or governmental entity or association, or any other person recognizable at law, and its agents and employees.

9.    "Communication" or "communications" shall mean any of the following: (i) any written letter, memorandum, e-mail or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.     "Invention" shall mean the alleged invention or discovery described in the '516 patent. The use of the word "invention" is not an admission by the Amgen Entities that any claims of the '516 patent are valid, or that the '516 patent discloses any patentable invention.

11.     "Related Patent" means any U.S. or foreign patent or patent application that (i) stems from or claims priority, either directly or indirectly, to U.S. patent application numbers 06/817,441, 07/155,207, 07/162,680, 07/280,173, 07/318,901, 07/341,436, 08/418,266, 06/946,365, 07/791,898, or 08/418,266; or (ii) refers to, describes or claims subject matter described and/or claimed in the '516 patent.

12.     For each responsive document that is withheld provide: (a) the type or nature of the document; (b) a description of its subject matter; (c) the dates it was prepared and transmitted; (d) the identity of the author(s); (e) the identity of all recipients; and (f) the grounds for withholding the document.

DB02:5414959.1                                                      065028.1001

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on July 7, 2006, I caused to be served two copies of the foregoing, Plaintiffs' First Set of Requests for Production of Documents and Things, upon the following counsel of record:

John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

I further certify that on July 7, 2006, I caused a copy of the foregoing, Plaintiffs' First Set of Requests for Production of Documents and Things, to be served on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel)**
Morgan Chu, Esquire
David I. Gindler, Esquire
Amir A. Naini, Esquire
Christopher M. Newman, Esquire
Elizabeth L. Rosenblatt, Esquire
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street

P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; ) <br> IMMUNEX CORPORATION, a Washington ) <br> corporation; AMGEN USA INC., a Delaware ) <br> corporation; AMGEN MANUFACTURING, ) <br> LIMITED, a Bermuda corporation, and ) <br> IMMUNEX RHODE ISLAND ) <br> CORPORATION, a Delaware corporation, ) <br><br> Plaintiffs, ) <br><br> vs. ) <br><br> ARIAD PHARMACEUTICALS, INC., a ) <br> Delaware corporation, ) <br><br> Defendant. ) | Civil Action No. 06-259 – KAJ |

**PLAINTIFFS' FIRST SET OF**
**INTERROGATORIES TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Amgen, Inc. ("Amgen");
Immunex Corporation ("Immunex"); Amgen USA Inc. ("Amgen USA"); Amgen Manufacturing,
Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.," together
with Amgen, Immunex, Amgen USA, and Amgen Mfg. the "Amgen Entities") submit the
following interrogatories to Defendant Ariad Pharmaceuticals, Inc. ("Ariad"), to be answered
separately, under oath, and in accordance with its obligations under the Federal Rules of Civil
Procedure and the Definitions and Instructions set forth below.

## INTERROGATORIES

### INTERROGATORY NO. 1.

For each claim of the '516 patent, identify any and all claim term(s) and phrase(s) that Ariad believes need to be construed by the Court, Ariad's proposed claim construction of those term(s) and phrase(s) and any term(s) and phrase(s) whose claim construction is in dispute, and all bases or evidence on which Ariad relies in support of that proposed claim construction.

### INTERROGATORY NO. 2.

Identify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to ENBREL, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to ENBREL that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed.

### INTERROGATORY NO. 3.

Identify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to KINERET, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to KINERET that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed.

DB02:5414655.1

065028.1001

### INTERROGATORY NO. 4.

Identify any licenses or other grant of rights, including but not limited to sublicenses, that Ariad or another party has granted for the '516 patent and/or any Related Patents, including but not limited to the name of the licensee/grantee, the date of the license/grant, the rights granted under each license/grant, the royalty rate and/or other compensation arrangements under the license/grant, the royalty base, the total amount of royalties or other payments received from that licensee/grantee each month from the inception of the license/grant to the present, and the person most knowledgeable regarding such licensing/grant.

### INTERROGATORY NO. 5.

Identify any litigation or other legal or administrative proceeding (including but not limited to reexamination, reissue, opposition or similar proceedings) involving, or that has involved, the '516 patent and/or any Related Patents.

### INTERROGATORY NO. 6.

For each of the claims of the '516 patent, explain in detail the dates and circumstances of the conception, actual and/or constructive reduction to practice, first written description, first disclosure to another, first public sale, and first public use, including but not limited to identifying all documents, materials and/or witnesses that Ariad contends corroborate or support the dates and circumstances identified or that contradict or may contradict Ariad's contentions as to such dates and circumstances.

### INTERROGATORY NO. 7.

For each of the claims of the '516 patent, identify what Ariad contends is its effective priority date and explain in detail the factual and legal bases supporting that date, including but not limited to specific citations to any and all portions of any patent application that Ariad

3

contends provide written description and enablement support for such claim of priority, and identify all documents, materials and/or witnesses that Ariad contends corroborate or support the dates identified or that contradict or may contradict Ariad's contentions as to the dates identified.

**INTERROGATORY NO. 8.**

Explain in detail Ariad's contention as to the qualifications for a person who is of ordinary skill in the art for the subject matter disclosed and/or claimed in the '516 patent, including but not limited to the educational and work experience qualifications that person would have, and identify the legal and factual bases on which Ariad relies in support of that contention.

**INTERROGATORY NO. 9.**

Identify all prior art to the '516 patent (for purposes of this interrogatory, that in existence as of June 5, 1995) of which Ariad is aware, including but not limited to any and all references that any third party has asserted may be invalidating prior art to the '516 patent.

**INTERROGATORY NO. 10.**

Describe in detail all facts and circumstances pertaining to any instance in which a person has contended that any claim of the '516 patent and/or Related Patents is invalid or unenforceable, including but not limited to the identity of the person who made such contention, the nature of the person's contention that the claims were invalid or unenforceable, all factual and legal bases in support of the person's contention, and all factual and legal bases that Ariad contends rebut such contention.

**INTERROGATORY NO. 11.**

If Ariad contends that any claim of the '516 patent is not invalid under 35 U.S.C. § 103, explain in detail the legal and factual bases for Ariad's contentions, including but not limited to whether and how its contentions of non-obviousness are supported by secondary considerations,

4

such as to commercial success, long-felt need, copying by others, prior failure by others, licensing, or unexpected results.

**INTERROGATORY NO. 12.**

If Ariad contends that any claim of the '516 patent is not invalid under 35 U.S.C. § 102, explain in detail the legal and factual bases for Ariad's contentions, including but not limited to a detailed explanation of why Ariad contends that a reference that has been alleged to be anticipatory, either expressly or inherently, of any claim of the '516 patent is not so.

**INTERROGATORY NO. 13.**

If Ariad contends that any claim of the '516 patent is not invalid under 35 U.S.C. § 112, explain in detail the legal and factual bases for Ariad's contentions, including but not limited to specific citations to any and all portions of U.S. Patent Application Serial No. 08/464,364 that Ariad contends provide written description for and an enabling disclosure of the full scope of such claim, and identify all references, knowledge or facts allegedly supporting such contentions.

**INTERROGATORY NO. 14.**

Identify each molecule, compound, or other substance that can be used to practice the method of reducing NF-κB activity disclosed in the '516 patent and/or recited in the '516 patent claims.

**INTERROGATORY NO. 15.**

Explain in detail the damages claimed by Ariad for what Ariad contends is the Amgen Entities' infringement of the '516 patent, including but not limited to the legal basis for the damages claim, including whether the damages are the result of alleged lost profits, price erosion or reasonable royalty, identification of any documents that support Ariad's claim for damages,

and the person or persons most knowledgeable of Ariad's claimed damages, including any experts that Ariad has retained in furtherance of its damages claims.

Dated: July 7, 2006

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: _____

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Deleware 19899-0391
(302)571-6681
msharp@ycst.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS
200 East Randolph Street
Chicago, IL 60601
(312) 861-2000

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

6

065028.1001

## APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1.    The term "'516 patent" shall mean United States Patent No. 6,410,516.

2.    "Ariad" shall mean Ariad Pharmaceuticals, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Ariad, and persons purporting to act on Ariad's behalf or on whose behalf Ariad has acted or acts.

3.    "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material

7

similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

4.     "Referring," "relating to" and "regarding" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

5.     "And," "or," and "and/or" shall mean both the conjunctive and disjunctive and shall serve as an interrogatory for information that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

6.     "Identify," "identity" or "identification," with respect to a document or thing, shall mean to state the production number or the type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.), the date of its preparation, the identity of the person(s) who prepared the document, the identity of person(s) who signed the document, the sender, the recipient(s) and addressee(s), a description of the subject matter and content, the name and address of any person having possession, custody, or control of the same or a true copy thereof, and all other means of identifying the document with sufficient particularity so as to satisfy the requirements for its inclusion in a demand or interrogatory for its production pursuant to Federal Rule of Civil Procedure 34.

7.     "Identify," "identity" or "identification," with respect to a natural person or company, shall mean to state the name, business address, and telephone number for such person or company and, in the case of natural persons, the person's title.

8.     "Person" shall mean any natural person or any business, legal or governmental entity or association, or any other person recognizable at law, and its agents and employees.

8

9.    "Communication" or "communications" shall mean any of the following: (i) any written letter, memorandum, e-mail or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.    "Invention" shall mean the alleged invention or discovery described in the '516 patent. The use of the word "invention" is not an admission by the Amgen Entities that any claims of the '516 patent are valid, or that the '516 patent discloses any patentable invention.

11.    "Related Patent" means any U.S. or foreign patent or patent application that (i) stems from or claims priority, either directly or indirectly, to U.S. patent application numbers 06/817,441, 07/155,207, 07/162,680, 07/280,173, 07/318,901, 07/341,436, 08/418,266, 06/946,365, 07/791,898, or 08/418,266; or (ii) refers to, describes or claims subject matter described and/or claimed in the '516 patent.

12.    If Ariad, in responding to any interrogatory, elect to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it shall identify by production number the document or documents on which it is relying and the specific citation within the document or documents from which the answer may be derived or ascertained.

13.    If Ariad provides a response to any interrogatory upon information and belief, it shall so state and specifically identify and describe all sources of information and belief. If Ariad is unable to answer any interrogatory or portion thereof either by actual knowledge or upon information and belief, it shall so state, and describe in detail the efforts made to obtain such knowledge or information.

9

14.     If any responsive information to any of the interrogatories is being withheld based on a claim of privilege, Ariad shall provide an adequate description of the content of such information so that a determination of its privileged status may be possible and include, for each such item of information, the persons who have or had access to said matter and the claim of privilege that is asserted.

10

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on July 7, 2006, I caused to be served two copies of the foregoing, Plaintiffs' First Set of Interrogatories to Defendant, upon the following counsel of record:

> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> Wilmington, DE 19801

I further certify that on July 7, 2006, I caused a copy of the foregoing, Plaintiffs' First Set of Interrogatories to Defendant, to be served on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel)**
Morgan Chu, Esquire
David I. Gindler, Esquire
Amir A. Naini, Esquire
Christopher M. Newman, Esquire
Elizabeth L. Rosenblatt, Esquire
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2006, the attached **DECLARATION OF ELIZABETH L. ROSENBLATT** was served upon the below-named counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire                         HAND DELIVERY
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Marcus E. Sernel, Esquire                         VIA ELECTRONIC MAIL
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636

J. Drew Diamond, Esquire                          VIA ELECTRONIC MAIL
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800

*/s/ Steven J. Balick*
_____
Steven J. Balick