IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 06-259 |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that on August 11, 2006, plaintiffs Amgen, Inc, et al. served the attached subpoena upon Eli Lilly and Company.

DATED: August 11, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Of counsel:
Mark A. Pals
Marcus E. Sernel
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312)861-2000

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Drew Diamond
KIRKLAND & ELLIS LLP
South Figueroa Street
Los Angeles, CA 900017-5800
(213)680-8400

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

Amgen, Inc. et al.

V.

ARIAD Pharmaceuticals, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-259-KAJ

TO: Eli Lilly and Company
c/o National Registered Agents, Inc., its Registered Agent for Service of Process
160 Greentree Drive
Suite 101
Dover, DE 19904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Attn: Marcus Sernel, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL  60601 | August 17, 2006 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* (Attorney for Plaintiffs) | August 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Melanie K. Sharp, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE  19801, (302) 571-6681

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 11, 2006 | National Registered Agents Inc<br>160 Greentree Drive Ste 101<br>Dover DE 19904 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Jodi Harrington at 2:25 pm | | Subpoena |
| SERVED BY (PRINT NAME) | | TITLE |
| Marian Hogan | | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8-11-06
DATE

Marian Hogan
SIGNATURE OF SERVER

37 Loockerman Square Ste 104
ADDRESS OF SERVER

Dover, DE 19904

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

**Definitions**

1. "And," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

2. "ARIAD Pharmaceuticals, Inc." means ARIAD Pharmaceuticals, Inc, and all of its corporate parents, predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "Correspondence or written communications" refers to electronic mail, faxes, letters, handwritten notes, memoranda, telegrams, teletypes, telecopies, and any other form of transmitted information or message, whether in hard copy, electronic, or other form.

4. "Document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure, and shall include any means for retaining information.

5. "Expert report" means a report served pursuant to Fed. R. Civ. P. 26(a)(2)(B), including any supplemental report or addendum to an expert report.

6. "The Institutions" means the Massachusetts Institute of Technology, The Whitehead Institute for Biomedical Research, and the President and Fellows of Harvard College, and all of their past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

7. "The litigation" means *ARIAD Pharmaceuticals, Inc. et al. v. Eli Lilly and Company*, Civil Action No. 02 CV 11280 RWZ, in the District of Massachusetts.

8. "Party" means any named party to the litigation identified above, or any attorney, employee or agent for such a party.

**Requests**

1. All documents and things produced by ARIAD Pharmaceuticals, Inc., or by any of the Institutions, in the course of the litigation.

2. All pleadings, motions and supporting memoranda, briefs, discovery requests and responses, and privilege logs, filed and/or served by any party in the course of the litigation. This request includes any declarations and exhibits associated with any of the foregoing.

3. All correspondence or written communications between the parties relating to the litigation or the subject matter of the litigation.

1

2

4. All correspondence or written communications to the Court from any party, or from the Court to any party, in the course of the litigation.

5. All orders and written opinions issued by the Court in the course of the litigation.

6. All presentations or tutorials presented or submitted to the Court by any party.

7. All transcripts of any proceedings during the course of the litigation, including but not limited to depositions, hearings, tutorial presentations, oral argument, conferences, and all phases of trial.

8. All expert reports, including all exhibits attached thereto, served by or on behalf of a party in the litigation.

9. All deposition and trial exhibits, including but not limited to demonstrative exhibits, from the litigation.

10. All documents and things related to any administrative proceedings concerning U.S. Patent No. 6,410,516, including but not limited to reexamination proceedings.

**Note:** All documents produced in response to the subpoena to which this exhibit is attached will be subject to the protective order governing the action pursuant to which the subpoena has been issued, including the default protective order provisions of the U.S. District Court for the District of Delaware (e.g., L.R. 26.2).

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on August 11, 2006, I caused to be electronically filed a true and correct copy of the foregoing, Notice of Subpoena, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>Wilmington, DE 19801

I further certify that on August 11, 2006, I caused a copy of the foregoing, Notice of Subpoena, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

>**BY E-MAIL (by agreement of counsel)**
>Morgan Chu, Esquire
>David I. Gindler, Esquire
>Amir A. Naini, Esquire
>Christopher M. Newman, Esquire
>Elizabeth L. Rosenblatt, Esquire
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067-4276

_____
Melanie K. Sharp (No. 2501)