# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 06-259-KAJ |

## DEFENDANT ARIAD PHARMACEUTICALS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS MOTION TO DISMISS

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: August 15, 2006

1549839

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. DISCUSSION .....................................................................................................2

    A. Applicable Legal Authority Overwhelmingly Supports A Temporary Stay Under These Circumstances..........................................2

        1. ARIAD's Motion To Dismiss Is Likely To Eliminate The Need For Discovery Entirely ................................................3

        2. The Discovery Sought By Plaintiffs Is Extremely Broad, Highly Burdensome, And Irrelevant To ARIAD's Motion To Dismiss......................................................................4

        3. Plaintiffs Have Made No Showing That They Would Be Prejudiced By A Temporary Stay Of Discovery .........................5

    B. Plaintiffs Mischaracterize The Facts .......................................................6

III. CONCLUSION....................................................................................................8

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aponte-Torres v. University Of Puerto Rico*,
    445 F.3d 50 (1st Cir. 2006) ............................................................................... 5

*Coastal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) .............................................................................. 4

*Evans v. Yum Brands, Inc.*,
    326 F. Supp. 2d 214 (D.N.H. 2004) ................................................................... 2

*Feldman v. Flood*,
    176 F.R.D. 651 (M.D. Fla. 1997) ....................................................................... 3

*In re WRT Energy Securities Litig.*,
    1996 WL 580930 (S.D.N.Y. Oct. 9, 1996) ........................................................ 2

*Osan Ltd. v. Accenture LLP*,
    2006 WL 1662612 (E.D.N.Y. June 13, 2006) ................................................... 2

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) .............................................................................. 5

*Rae v. Union Bank*,
    725 F.2d 478 (9th Cir. 1984) .............................................................................. 5

*Skellerup Industries Ltd. v. City of Los Angeles*,
    163 F.R.D. 598 (C.D. Cal. 1995) ....................................................................... 3

*Sprague v. Brook*,
    149 F.R.D. 575 (N.D. Ill. 1993) ......................................................................... 5

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*,
    821 F. Supp. 232 (D. Del. 1992) ........................................................................ 7

*Telesca v. Long Island Housing Partnership, Inc.*,
    2006 WL 1120636 (E.D.N.Y. Apr. 27, 2006) ................................................... 2

*Twin City Fire Insurance Company v. Employers Insurance of Wausau*,
    124 F.R.D. 652 (D. Nev. 1989) ...................................................................... 3, 4

*U.S. v. County of Nassau*,
    188 F.R.D. 187 (E.D.N.Y. 1999) .................................................................... 2, 3

Page(s)

*Weisman v. Mediq, Inc.*,
    1995 WL 273678 (E.D. Pa. May 3, 1995) .............................................................. 3

*Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*,
    2002 WL 1971256 (E.D. Pa. Aug. 22, 2002) ....................................................... 3

**Rules**

Rule 26 ................................................................................................................ 4, 5

I.  **INTRODUCTION**

Plaintiffs devote much of their Opposition Brief ("Opp.") to accusations of foot-dragging and recalcitrance by ARIAD. This diversionary tactic is as meritless as it is transparent, and fails to aid in the proper analysis of ARIAD's Motion to Stay Discovery. The law and facts support a temporary stay of discovery pending adjudication of ARIAD's potentially case-ending Motion to Dismiss. Such a stay would promote the interests of justice and judicial economy, and would not prejudice Plaintiffs.

Plaintiffs do not dispute the relevant factors: (1) the likelihood that ARIAD's Motion to Dismiss would be dispositive of the case; (2) the breadth and burden of the discovery propounded by Plaintiffs and its relevance to the pending motion; and (3) the extent to which Plaintiffs would be disadvantaged by a temporary stay, if at all. As for the application of these factors to this case, Plaintiffs do not dispute that the first factor supports ARIAD's Motion to Stay: ARIAD's Motion to Dismiss for lack of subject matter jurisdiction, if granted, would be entirely dispositive and would dispense with the need for discovery entirely. Plaintiffs' quibbles regarding the two remaining factors are inadequate: those two factors also tip sharply in ARIAD's favor. Plaintiffs have thus far propounded 62 document requests and 15 complex interrogatories, many with subparts. This discovery is extremely broad, and responding to it would be enormously burdensome and costly to ARIAD, yet Plaintiffs do not show—and cannot show—that this discovery has any relevance to the issues presented in ARIAD's Motion to Dismiss. And finally, Plaintiffs have made no credible showing that they would be harmed by the short stay of discovery requested by ARIAD—which likely still would allow the parties roughly the same period for discovery that *Plaintiffs themselves* proposed in their version of the Scheduling Order. Thus, a temporary stay would serve the interests of judicial economy without harming Plaintiffs.

Plaintiffs' misleading recriminations cannot alter the relevant facts. ARIAD's motion should be granted.

## II. DISCUSSION

### A. Applicable Legal Authority Overwhelmingly Supports A Temporary Stay Under These Circumstances

In its Opening Brief, ARIAD identified the factors to be considered in determining whether a temporary stay of discovery is appropriate, and cited a wealth of legal authority demonstrating that a temporary stay of discovery is appropriate in this case. Briefly, it is well-settled that a stay is appropriate where, as here: (1) the pending motion would be "dispositive of the entire action" and the complaint's deficiency "cannot be cured by an amended pleading"; (2) the discovery sought by the non-moving party is burdensome and unnecessary to adjudicate the dispositive motion; and (3) the non-moving party would not be harmed by the requested stay. *See, e.g. U.S. v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); *Telesca v. Long Island Housing Partnership, Inc.*, 2006 WL 1120636 at *1 (E.D.N.Y. Apr. 27, 2006).

Plaintiffs do not dispute that these factors are central to the present analysis. Instead, Plaintiffs present a handful of cases in which courts have considered the same or similar factors, and have not stayed discovery, because the facts of those cases were different from the facts of the present case. (*See* Opp. at 4-7.) If anything, these cases further support *granting* a stay here because they reflect such striking contrasts to the facts of this case with respect to the relevant factors.[1]

---

[1] For example:

- In *In re WRT Energy Securities Litig.*, 1996 WL 580930 (S.D.N.Y. Oct. 9, 1996) (cited in Opp. at 5), the court declined to stay discovery because (1) the motion to dismiss had not yet been filed, and (2) the court expressly recognized that even if the action were dismissed, plaintiffs could easily cure the deficiency by amending and re-pleading the complaint.
- In *Osan Ltd. v. Accenture LLP*¸ 2006 WL 1662612 (E.D.N.Y. June 13, 2006) (cited in Opp. at 5), the court granted a partial stay, but denied a complete stay because (1) the motion to dismiss would not have been fully dispositive in light of the plaintiff's ability to amend and re-file, (2) no discovery (burdensome or otherwise) had yet been propounded.
- In *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214 (D.N.H. 2004) (cited in Opp. at 4), the court declined to stay discovery because (1) the movant had not yet filed its dispositive

### 1.     ARIAD's Motion To Dismiss Is Likely To Eliminate The Need For Discovery Entirely

Plaintiffs entirely ignore the important first factor, namely that ARIAD's Motion to Dismiss for lack of subject matter jurisdiction is entirely dispositive of the case. If granted, it will wholly and permanently eliminate the need for any and all discovery. Plaintiffs cannot and do not dispute this, and it is a crucial factor in determining whether a stay is appropriate. *See, e.g. County of Nassau*, 188 F.R.D. at 188 (stay is appropriate when pending motion would be "dispositive of the entire action" and the complaint's deficiency "cannot be cured by an amended pleading"); *Weisman v. Mediq, Inc.*, 1995 WL 273678 at *1-2 (E.D. Pa. May 3, 1995) (good cause exists to stay discovery "where the likelihood that [a motion to dismiss] may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by delay").

Plaintiffs merely state the uncontroversial proposition that a stay is not automatic upon the filing of a motion to dismiss. Opp. at 5., *citing Twin City Fire Insurance Company v. Employers Insurance of Wausau*, 124 F.R.D. 652, 654 (D. Nev. 1989). ARIAD has never disputed this basic tenet. But it is also well-established that, in situations like the present one, a stay of discovery is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal State Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282

---

motion, and (2) the movant cited no burden from continued discovery other than the potential burden that would result from its having to initiate discovery of its own.

- In *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997) (cited in Opp. at 5), the court declined to stay discovery because (1) the motion would not be fully dispositive of the case because "plaintiffs could seek leave to file an amended complaint," and (2) discovery sought by the non-movant was relevant to deciding the dispositive motion.

- *Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256 (E.D. Pa. Aug. 22, 2002) (cited in Opp. at 5), did not even involve a pending dispositive motion.

- In *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598 (C.D. Cal. 1995) (cited in Opp. at 6), the court noted that the unique facts of every case must be weighed in deciding whether a stay is appropriate, and declined to stay discovery because, among other things, (1) the motion was a challenge to the sufficiency of the allegations (and thus could be re-pled if granted), and (2) the action would not terminate even if the motion to dismiss were granted.

(D. Del. 1979). In fact, Plaintiffs' own cited case goes on to state that a motion in which "jurisdiction . . . [is a] preliminary issue" is a "[c]ommon example[]" of a situation in which a stay would be warranted. *Twin City*, 124 F.R.D. at 654. Here, there is much more than a pending motion to dismiss. There is a pending motion to dismiss that, if granted, will dispose of the entire action without the opportunity for re-pleading. This factor strongly weights in favor of a stay.

### 2. The Discovery Sought By Plaintiffs Is Extremely Broad, Highly Burdensome, And Irrelevant To ARIAD's Motion To Dismiss

The second factor, namely the burden of the discovery on ARIAD and the relationship between the discovery sought and the pending motion, also sharply favors a stay. (*See* Opening Brief at 5-6 and cases cited therein.) Plaintiffs' 62 document requests and 15 interrogatories, many with subparts, are unquestionably burdensome and oppressively broad.[2] They cover nearly every conceivable topic that could arise in the case, including topics that would be extremely costly to respond to.[3] Nor has Amgen even suggested that the discovery it has propounded is at all relevant to the adjudication of the Motion to Dismiss (nor could it be, as explained in ARIAD's Opening Brief).

Plaintiffs again attempt to deflect the Court from the proper standard by stating the unremarkable axiom that "the standard under Rule 26(c) is "***undue*** burden or

---

[2] For example, Plaintiffs demand production of "[a]ll documents relating to or mentioning any of the Amgen Entities"; "[a]ll communications relating to the '516 patent and/or any Related Patents"; and identification of "each molecule, compound, or other substance that can be used to practice the method or reducing NF-•B activity disclosed in the '516 patent and/or recited in the '516 patent claims." (Rosenblatt Decl. Ex. B, Document Request Nos. 37, 40; Ex. C, Interrogatory Nos. 2, 14.)

[3] These include topics, such as ARIAD's "infringement contentions," that ARIAD has made clear do not exist. (*See*, *e.g.*, Rosenblatt Decl. Ex. C, Interrogatory Nos. 2, 3, and 15; Ex. B, Document Request Nos. 33, 39.) As set forth in ARIAD's Motion to Dismiss and supporting declarations, ARIAD has not performed an infringement analysis with respect to the products in suit. (*See*. D.I.s 14, 31.) The burden on ARIAD of being required to develop "infringement contentions" with respect to these products simply to answer Plaintiffs' discovery requests would be extreme. Moreover, for ARIAD to have to do so in a case it did not bring, and was not planning to bring, only highlights the unfairness of being subjected to highly burdensome discovery in a declaratory judgment action that Plaintiffs had no basis for filing.

expense." (Opp. at 6, emphasis in original.) Of course, undue burden must be evaluated in context. Here, Plaintiffs' discovery requests have no bearing whatsoever on the adjudication of ARIAD's pending Motion to Dismiss. The burden of responding to such irrelevant discovery during the pendency of a case-ending motion clearly favors the party seeking a stay. *See, e.g. Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay of discovery based only on whether discovery related to subject matter of pending motion); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (same); *Aponte-Torres v. University Of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (same); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (because discovery sought was not relevant to issues to be decided in motion to dismiss, "[t]he sole result of such discovery . . . would be cost and inconvenience, which would impose an undue burden on the time and resources of the [defendant]" and stay was appropriate). Put differently, even if Plaintiffs' discovery requests were not highly burdensome—which they are—and even if it would not be enormously expensive for ARIAD to respond to them—which it would be—the requested discovery would still be unduly burdensome under Rule 26(c), given that it is irrelevant to ARIAD's pending Motion to Dismiss for lack of subject matter jurisdiction.[4]

### 3. Plaintiffs Have Made No Showing That They Would Be Prejudiced By A Temporary Stay Of Discovery

Third, Plaintiffs have made no showing that they will be prejudiced by a temporary stay of discovery. Plaintiffs protest that a short stay might impede their ability "to prepare for and conduct fact and expert discovery within the allotted discovery time," (Opp. at 7). Not so. ARIAD's Motion to Dismiss is set for hearing on September 11, 2006. Assuming that ARIAD's Motion to Dismiss is decided at or soon after the hearing, even if ARIAD's motion were denied, the temporary stay requested by ARIAD would still allow the parties about 32 weeks for discovery and 19 weeks for discovery prior to

---

[4] Moreover, a temporary stay will conserve the resources of the Court as it may eliminate the need for the Court to adjudicate discovery disputes, which are almost certain to arise with respect to the discovery propounded by Plaintiffs.

the expert report deadline—precisely the same amounts of time that Plaintiffs suggested in their Proposed Scheduling Order.**5** (*See* D.I. 26.) Nor do Plaintiffs allege that the discovery they seek is time-sensitive or likely to become unavailable if the brief stay requested by ARIAD is granted. Therefore, while ARIAD would suffer extreme unnecessary expense and burden without a stay, Plaintiffs would suffer no real disadvantage by a temporary stay of discovery.**6**

### B.  Plaintiffs Mischaracterize The Facts

Plaintiffs devote much of their Opposition to painting ARIAD as sluggish or obstructive. Plaintiffs' account is misleading from the start.

Plaintiffs open with the assertion that the Court "has already rejected ARIAD's request to stay discovery." (Opp. at 1.) This is, of course, incorrect. Plaintiffs' citation to the transcript is highly misleading given the discussion of the issue *later* in the transcript, when ARIAD's counsel expressed a desire to meet and confer with opposing counsel and, if necessary, present the issue to the Court. In response, directly contrary to the impression left by Plaintiffs' Opposition, the Court said:

> Then the answer to that is yes. I'm not staying things today. You guys meet and confer if you want. I think what you need to do is to after you have had that discussion, get in touch with my chambers and maybe we're going to need to have an argument date but we'll cross that bridge after you folks have your discussion.

D.I. 35 at 15:18-23. Thus, Plaintiffs' characterization of the present motion as a request that "the Court reverse its July 12th ruling denying ARIAD's request for a stay," (Opp. at

---

**5** Plaintiffs cannot reasonably have anticipated that the 32-week discovery period they initially proposed would pass without any discovery disputes at all. Thus, Plaintiffs' accusation that ARIAD "has already previewed its intent to *further* delay the discovery process" by raising discovery disputes (Opp. at 7, emphasis in original) has no bearing on the present analysis.

**6** If, as Plaintiffs apparently fear (*See* Opp. at 7), ARIAD's Motion to Dismiss is not adjudicated soon after the hearing on September 11, 2006, Plaintiffs may always seek to amend any stay that is put in place.

2) is wrong. This is the first time any request to stay discovery has been briefed for the Court's benefit.[7]

Plaintiffs' assertion that ARIAD has intentionally "taken steps to disrupt and impede the progress of this case" is likewise without merit. As set forth in ARIAD's Motion to Dismiss, ARIAD was blindsided by this action. (*See* D.I.s 14, 31.) ARIAD has defended itself in the face of a declaratory judgment suit by parties whom it has never threatened to sue—or given any basis for a reasonable apprehension of suit. This defense has reasonably included seeking a thirty-day extension to respond to the Complaint (to find and retain counsel); moving to dismiss the Complaint for, among other things, lack of subject matter jurisdiction; seeking a one-week extension to contend with the over-500-page submission that Plaintiffs presented in response to Defendants' Motion to Dismiss; and seeking the present temporary stay of discovery pending adjudication of that Motion to Dismiss. All discovery milestones in this case have progressed apace: the Rule 16 Conference took place as scheduled (*See* D.I.s 18, 35); ARIAD timely served its Rule 26(a) initial disclosures (*See* D.I. 43); and ARIAD timely served objections to Plaintiffs' discovery requests (*See* D.I.s 44, 45).[8] To the extent that certain other events

---

[7] Nor has ARIAD been dilatory in seeking the present motion. Per the Court's instructions, ARIAD marshaled the wealth of legal authority supporting a temporary stay and sent selected authority to Plaintiffs on July 28, 2006 along with a suggested meet and confer date. Rosenblatt Decl. Ex. A. Plaintiffs responded by requesting a later date. Supplemental Rosenblatt Decl. Ex. D. The parties were able to find a mutually available date on which to meet and confer two days later. Rosenblatt Decl. ¶ 3. Although ARIAD invited Plaintiffs to identify any authority supporting Plaintiffs' position in advance of that call, Plaintiffs did not do so. When Plaintiffs finally did provide their authorities on Thursday, August 3, 2006, ARIAD promptly analyzed these authorities and, because Plaintiffs' own authorities actually support granting a stay under the facts here, ARIAD moved two business days later, on Monday, August 7. This is hardly the picture of unilateral foot-dragging that Plaintiffs attempt to paint.

[8] Plaintiffs accuse ARIAD of using its Motion to Stay Discovery "as an excuse not to answer" Plaintiffs' discovery requests. (Opp. at 3.) We will not belabor this point here, as it will be addressed in connection with Plaintiffs' Motion to Compel. It should be noted, however, that the present case is very different from *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992), in which the responding party attempted to unilaterally grant itself a stay by utterly failing respond to discovery requests, thereby waiving all objections. Here, ARIAD has timely served objections to Plaintiffs' discovery responses and has moved for a stay of discovery on the same basis as one of those objections, namely that the discovery sought is premature, irrelevant, and unduly burdensome in light of ARIAD's pending Motion to Dismiss.

have had to be rescheduled or delayed, such as the parties' meet and confer regarding the protective order and the hearing on ARIAD's Motion to Dismiss, Plaintiffs know well that such rescheduling is the result of long-planned overseas vacations (of ARIAD's general counsel and its lead outside litigation counsel), not any delay tactics by ARIAD, and it is disingenuous of Plaintiffs to suggest otherwise.

### III.  CONCLUSION

For the foregoing reasons, the interests of efficiency and judicial economy merit a temporary stay of discovery pending the adjudication of ARIAD's Motion to Dismiss.

ASHBY & GEDDES

*/s/ Steven J. Balick*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant
ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 277-1010

Dated:  August 15, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2006, the attached **DEFENDANT ARIAD PHARMACEUTICALS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS MOTION TO DISMISS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | HAND DELIVERY |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601-6636 | VIA FEDERAL EXPRESS |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA  90017-5800 | VIA FEDERAL EXPRESS |

*/s/ Steven J. Balick*
_____
Steven J. Balick