# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 15, 2006

The Honorable Kent A. Jordan     VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, Delaware  19801

      Re:    *Amgen, Inc., et al. v. ARIAD Pharmaceuticals, Inc.*,
             C. A. No. 06-259-KAJ

Dear Judge Jordan:

      We represent defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") in the above-referenced declaratory judgment action. The Court has on its hearing schedule two matters from this case: (1) a telephone conference on Friday, August 18, 2006, which was initially scheduled to resolve a dispute over the protective order; and (2) an in-person hearing on September 11, 2006, with regard to ARIAD's motion to dismiss for lack of subject matter jurisdiction. ARIAD has also filed a motion seeking a temporary stay of discovery pending adjudication of its motion to dismiss, pursuant to Your Honor's statement at the Scheduling Conference that ARIAD could move for such a stay following completion of a meet and confer process on the subject. No hearing has yet been scheduled on the motion to stay discovery.

      We want to advise Your Honor that, subsequent to the filing of ARIAD's motion to stay discovery, plaintiffs added a motion to compel responses to their 62 document requests and 15 interrogatories (with many subparts) to the agenda for this Friday's teleconference. Plaintiffs' motion to compel is being made under the expedited procedure set forth in the Scheduling Order, whereas ARIAD's motion to stay discovery was made under the standard rules governing motion practice. Plaintiffs' motion to compel is essentially the flip-side of its opposition to ARIAD's motion for a temporary stay of discovery. Thus, the same issue—whether to stay discovery pending adjudication of ARIAD's motion to dismiss—has been presented in two different motions, using two different procedures.

      ARIAD has no objection to plaintiffs' addition of its motion to compel to the August 18 teleconference agenda. We respectfully request, however, that if Court intends to resolve the motion to compel at the August 18 teleconference, the Court also hear ARIAD's motion to stay discovery at the same time. This afternoon, ARIAD filed its reply brief (ahead of schedule) in support of its motion to stay discovery so that briefing will be complete in advance of the August 18 teleconference. We respectfully request that Your Honor resolve the dispute

regarding discovery based on the parties' briefing on ARIAD's motion to stay discovery, as well as the letters that will be submitted in connection with plaintiffs' motion to compel discovery.

If for any reason the Court decides not to consider the discovery issue until it has had more time to review the parties' briefs, we respectfully request that any hearing on the discovery issue not be scheduled from August 21-31, when Elizabeth Rosenblatt will be on vacation in New Zealand, or on September 1, which will be her first day back at work. Ms. Rosenblatt is the Irell & Manella attorney who met and conferred with ARIAD on the discovery issues, who drafted all of ARIAD's discovery responses, and who researched the issues, read the cases, and drafted ARIAD's briefs on the subject of the stay of discovery. It would be enormously inefficient and expensive for someone else to duplicate her efforts in order to get up to speed and argue the issues in her place.

If at all possible, we would be grateful if a member of Your Honor's staff would inform counsel whether the discovery issues will be heard during this Friday's teleconference or on some other date, so that the parties can prepare accordingly.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick

SJB/dmf

cc:   Elizabeth L. Rosenblatt, Esquire (via electronic mail)
      Melanie K. Sharp, Esquire (by hand and electronic mail)
      Mark A. Pals, Esquire (via electronic mail)
      Drew Diamond, Esquire (via electronic mail)

172164.1