# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

August 16, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

> Re:    Amgen, Inc. et al.  v. Ariad Pharmaceuticals, Inc.
>        C. A. No.: 06-259 (KAJ)

Dear Judge Jordan:

Plaintiffs (collectively referred to as "Amgen") file this letter pursuant to Paragraph 3(e) of the Court's Scheduling Order to address the parties' dispute over ARIAD's refusal to provide substantive responses to Amgen's initial discovery requests. A teleconference with the Court concerning this matter is scheduled for August 18, 2006 at 3:30 PM. This teleconference was originally scheduled to also include a discussion of the parties' dispute concerning the applicable protective order for the case, but the parties were able to resolve the major differences this afternoon and thus there will be no need to address this issue during the teleconference.

Amgen moves to compel substantive responses to its July 7, 2006 discovery requests. Responses to Amgen's initial sets of interrogatories and document requests were due on August 7th. In lieu of serving substantive responses or even indicating that it would produce any documents, ARIAD objected to each and every discovery request as "premature" in light of ARIAD's contemporaneously-filed motion to stay discovery and made a multitude of other objections that are facially improper (*see* Exhibit. 1, Defendant ARIAD Pharmaceuticals, Inc.'s Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents and

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
August 16, 2006
Page 2

Things to Defendant; Exhibit. 2, Defendant ARIAD Pharmaceuticals, Inc.'s Responses and Objections to Plaintiff Amgen, Inc.'s First Set of Interrogatories to Defendant (collectively "ARIAD's Responses and Objections")). Although entitled ARIAD's Responses and Objections, there are no substantive responses to any of the requests. In essence, ARIAD granted itself an impermissible *de facto* stay in violation of Delaware case law. *See Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (motion to stay discovery does not allow a party to "no longer obey basic discovery rules" and "unless and until it is granted a stay, [a party] should be required to conduct discovery as if no motion had been filed at all") (quoting *Willemijn Houdstermaatschaapij BV v. Appollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989).

ARIAD has no basis for refusing to provide *any* substantive responses to Amgen's discovery requests. For example, Amgen's interrogatories seek basic information relating to licenses to the patent-in-suit (No. 4); legal proceedings involving the patent-in-suit (No. 5); dates of conception, reduction to practice, first disclosure, first sale, and first public use (No. 6); the priority date for the claims of the patent-in-suit (No. 7); and prior art of which ARIAD is aware (No. 9). Amgen's document requests also seek fundamental information, for example documents sufficient to show ARIAD's organizational structure (No. 2); documents relating to the preparation, filing and prosecution of the patent-in-suit (No. 7); documents relating to conception and reduction to practice, including inventor notebooks (No. 9); and all documents relating to Amgen products ENBREL and KINERET (No. 36). Amgen has further requested the documents and pleadings from ARIAD's litigation with Lilly, which presumably could be produced with a minimum of effort. There is nothing extraordinary about these requests, and Amgen respectfully requests that the Court compel substantive responses to the outstanding discovery.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:bele

cc:    Clerk of the Court (Hand Delivery)
       John G. Day, Esquire (via e-mail and Hand Delivery)
       David I. Gindler, Esquire (via e-mail)

# Exhibit 1
# Part 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION | ) ) ) ) ) | C.A. No. 06-259-KAJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT ARIAD PHARMACUETICALS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local

Rules for the District of Delaware, Defendant/Counterclaim-plaintiff ARIAD

Pharmaceuticals, Inc. ("ARIAD") hereby makes the following objections and responses to

Plaintiffs' First Set of Requests for Production of Documents and Things To Defendant as

follows:

**INTRODUCTION**

This response is made solely for the purpose of this action. The response is subject to

all objections as to competence, relevance, materiality, propriety and admissibility, and to

any and all other objections on any grounds that would require the exclusion of any

statements contained herein if such requests for production were asked of, or statements

contained herein were made by, a witness present and testifying in court, all of which

objections and grounds are expressly reserved and may be interposed at the time of trial.

Objections to each request for production are made on an individual basis below.

From time to time, for special emphasis, ARIAD will repeat in the specific objections certain

objections also set forth in the General Objections. The specific objections are submitted

without prejudice to, and without in any way waiving, the General Objections listed below, but not expressly set forth in the response. The assertion of any objection to any requests for production below is neither intended as, nor shall in any way be deemed, a waiver of ARIAD's right to assert that or any other objection at a later date. At this time, ARIAD shall not provide any information protected by any applicable privilege or doctrine.

No incidental or implied admissions are intended by the response below. The fact that ARIAD has responded or objected to any requests for production should not be taken as an admission that ARIAD accepts or admits the existence of any "facts" set forth or assumed by such requests for production. The fact that ARIAD has responded to part or all of any requests for production is not intended to be, and shall not be construed to be, a waiver by ARIAD of any part of any objection to the requests for production.

ARIAD's responses and objections herein, and its disclosure of information, do not in any way constitute an acceptance of Plaintiffs' purported Instructions or its purported Definitions of words or phrases contained in its requests for production. Consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret the objectionable Definitions in Plaintiffs' requests for production.

To the extent that ARIAD responds to any request for production, its responses reflect only the current state of knowledge, understanding, and belief of ARIAD with regard to matters about which inquiry has been made. As discovery in this matter is not yet complete, ARIAD may not yet have uncovered all documents, information, or facts pertinent to any such request for production and may not yet have identified or located all persons with knowledge of pertinent information or facts. ARIAD expects and consequently reserves the right to modify or supplement its responses at a later time with any subsequently discovered documents or information. ARIAD further reserves the right to change, amend or supplement any or all of the matters contained in this response as additional facts are ascertained,

analyses are performed, research is completed, and contentions are made. Furthermore, this response is provided without prejudice to using or relying on at trial any subsequently discovered information or facts, or information omitted from these responses as a result of mistake, oversight, or inadvertence. ARIAD further reserves the right to produce additional facts and evidence at trial and to object on appropriate grounds to the introduction into evidence of any portion of these responses. This response is also given without prejudice to ARIAD's right to advance contentions or make claims not yet advanced or made in the present action and to supplement this response as appropriate.

### GENERAL OBJECTIONS

ARIAD asserts the following General Objections with respect to the First Set of Requests and to each document request:

1.      ARIAD objects to the First Set of Requests for Production and to each definition and request for production therein to the extent that they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware, or any order or ruling by the Court in this action. ARIAD shall not comply with any purported obligation not imposed by law.

2.      ARIAD objects to the First Set of Requests for Production and to each request for production therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. ARIAD will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

3.      ARIAD objects to the First Set of Requests for Production on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

4.    ARIAD objects to the First Set of Requests for Production and to each request therein to the extent that they are overbroad, unduly burdensome, oppressive, or seeking information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

5.    ARIAD objects to the First Set of Requests for Production and to each request therein to the extent they are vague, ambiguous, or without sufficient specificity to identify what information is requested.

6.    ARIAD objects to the First Set of Requests for Production and to each request therein as premature. In particular, ARIAD objects to each request as premature to the extent that it seeks ARIAD's legal conclusions and other information that ARIAD is not required to disclose at this stage of litigation. In addition, ARIAD objects to Plaintiffs' requests as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion to Stay Discovery. For the foregoing reasons, ARIAD's responses are not complete and cannot be completed at this time, and are subject to revision.

7.    ARIAD objects to the First Set of Requests for Production and to each request therein to the extent that they seek information that is publicly available, in the possession, custody or control of Plaintiffs or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD.

8.    ARIAD objects to the First Set of Requests for Production and to each request therein to the extent that they seek disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right not to produce any such documents until an appropriate protective order is in place, and/or until it receives appropriate approvals.

9.    ARIAD objects to Plaintiffs' purported definitions of words and phrases contained in its requests. ARIAD objects to Plaintiffs' definitions to the extent that they: (i)

are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rule of Civil Procedure and the Local Rules; (iv) include assertions of purported fact that are inaccurate or at the very least are disputed by the parties to this action; or (v) incorporate other purported definitions that suffer from such defects.

10.    ARIAD specifically objects to the definition of "Ariad" set forth in paragraph 2 of the Definitions and Instructions to the extent it purports to impose discovery obligations on persons or entities other than the parties to this action, and to the extent it seeks discovery from individuals or entities over which ARIAD has no control.

11.    ARIAD further specifically objects to the definition of the term "document" set forth in paragraph 3 of the Definitions and Instructions on the grounds that the definition is compound, vague, and ambiguous, and to the extent that it purports to impose duties beyond those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.  ARIAD further objects to this definition as unduly burdensome, harassing, oppressive, and overbroad, to the extent that it purports to include documents that are not within the possession, control, or custody of ARIAD.

12.    ARIAD further specifically objects to the definitions of "identify," "identity," and "identification" set forth in paragraphs 6 and 7 of the Definitions and Instructions to the extent they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

13.    ARIAD further specifically objects to the definition of "Related Patent" set forth in paragraph 11 of the Definition and Instructions to the extent that it encompasses information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

14.    ARIAD objects to the First Set of Requests for Production and to each request therein to the extent they request information concerning patent claims and claim terms that have not yet been construed by the Court. ARIAD reserves its right to modify or supplement its responses as a result of any rulings by the Court bearing on claim construction, and/or discovery bearing on claim construction.

15.    ARIAD objects to the First Set of Requests for Production and to each request therein to the extent they request information dependent upon documents or other information in the possession, custody and control of Plaintiffs, Plaintiffs' counsel, or third parties. ARIAD reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from Plaintiffs or third parties.

16.    ARIAD objects to Plaintiffs' requests to the extent that they purport to require ARIAD to search for information that is not within its possession, custody, or control. ARIAD will use reasonable diligence to locate information within its control.

17.    ARIAD objects to the First Set of Requests for Production and each request therein to the extent they call for information ARIAD does not have the legal authority to release. ARIAD will not disclose any of this information without approval.

18.    ARIAD expressly incorporates each of the foregoing General Objections into each specific response to the requests set forth below as if set forth in full therein. An answer to an request shall not work as a waiver of any applicable specific or general objection to an request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:

All pleadings, transcripts, deposition transcripts of Ariad's witnesses, exhibits, expert reports and documents produced by any party in all actions or administrative proceedings identified in the Response to Interrogatory No. 5, including but not limited to any action involving Eli Lilly and Company or the United States Patent and Trademark Office.

**RESPONSE TO REQUEST NO. 1**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 2**:

Documents sufficient to identify Ariad's current organizational structure, including documents sufficient to identify Ariad's current and former officers and directors by position and/or title.

**RESPONSE TO REQUEST NO. 2**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it calls for information that is neither relevant

to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request as overbroad and unduly burdensome and/or ambiguous as to the time period for which it seeks information. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 3:**

All documents and things relating to any research, development and testing of any products and/or classes of compounds that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 3:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or

any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD.  ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 4:**

All documents and things relating to Ariad's past or present efforts to develop products based on the subject matter of the '516 patent and/or Related Patents, including but not limited to proposed or executed collaborations with third parties, research proposals, budgeting, and business plans.

**RESPONSE TO REQUEST NO. 4:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery.  ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome.  ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b).  ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights.  ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD.  ARIAD reserves the right to modify or

supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 5:**

Documents sufficient to identify all persons who assisted in the research, development and testing of any attempts to develop products and/or processes that were intended to practice, embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 5:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 6**:

All documents and things relating to the manufacture, formulation, clinical trials, quality assurance/control, regulatory licensing, marketing, distribution, sale, offer for sale, or importation into the United States of any of the products and/or processes that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent.

**RESPONSE TO REQUEST NO. 6**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 7:**

All documents and things relating to the preparation, filing and prosecution of the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 7:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 8:**

All documents and things relating to any presentations to or by Ariad relating to the subject matter described and/or claimed in the '516 patent and/or any Related Patents, including but not limited to notebooks, notes, calendars, diaries, records, reports, presentation handouts, and Presentation materials.

**RESPONSE TO REQUEST NO. 8**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 9**:

All documents and things relating to (a) conception, (b) reduction to practice, and (c) diligence toward reduction to practice of the subject matter of the claims of the '516 patent and/or any Related Patents, including but not limited to inventor notebooks, diaries, calendars, work records, invention disclosures and summaries.

**RESPONSE TO REQUEST NO. 9**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to

this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 10**:

All documents and things relating to the best mode of practicing the subject matter of the claims of the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 10**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any

person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 11**:

All documents and things relating to the priority date for any claim of the '516 patent.

**RESPONSE TO REQUEST NO. 11**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 12**:

All documents and things relating to any product or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent and/or any Related Patents, including but not limited to press releases, advertising material, marketing material, promotional material, technical material, sales information, pricing information, and profit/loss and cost information.

- 15 -

**RESPONSE TO REQUEST NO. 12**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 13**:

All documents relating to any litigation or other legal or administrative proceeding, including but not limited to reexamination, opposition, reissue, or interference concerning the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 13**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD

- 16 -

further objects to this request to the extent it is vague and ambiguous, overbroad, unduly burdensome, and nonsensical, especially as to its use of the terms "any litigation or other legal or administrative proceeding" and "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 14:**

All documents relating to any patent and/or patent application (pending, abandoned, or issued) that Ariad licenses, owns or controls that refers to, describes, or claims any product relating to the NF-κB pathway, any manufacture or use of such product, or any process relating to the manufacture or use of such product.

**RESPONSE TO REQUEST NO. 14:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly

burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 15:**

Documents sufficient to identify all persons who assisted in the preparation, filing and prosecution of the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 15:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further

objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 16:**

Documents sufficient to identify all persons who assisted in the research, development and testing of any of Ariad's products and/or processes that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 16:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves

the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 17:**

Documents sufficient to identify all persons who assisted in the manufacture, formulation, clinical testing, quality assurance/control, regulatory licensure, marketing, distribution, sale, and/or offer for sale of Ariad's products and/or processes that Ariad contends practice, embody or incorporate the subject matter described or claimed in the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 17:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the terms "Related Patents" and "all persons who assisted in the manufacture, . . . distribution, sale, and/or offer for sale of Ariad's products . . . ." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means

- 20 -

less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 18:**

All documents and things relating to inventorship of the '516 patent.

**RESPONSE TO REQUEST NO. 18:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 19:**

All documents and things relating to any licensing arrangement between Ariad and the Massachusetts Institute of Technology, the Whitehead Institute, and Harvard University.

**RESPONSE TO REQUEST NO. 19:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly

burdensome, especially as to its use of the term "any licensing arrangement." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 20**:

All documents and things relating to any licenses or other grant of rights, or offers of licenses or other grants of rights to the subject matter of the '516 patent and/or any Related Patents, including but not limited to all drafts, notes, outlines, meeting notes, meeting agendas, meeting transcripts, meeting summaries, strategy memoranda, and correspondence.

**RESPONSE TO REQUEST NO. 20**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject

matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 21**:

All documents and things relating to prior art to the '516 patent (for purposes of this request, that in existence as of June 5, 1995) including but not limited to any searches or analyses of prior art to the '516 patent and/or Related Patents.

**RESPONSE TO REQUEST NO. 21**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD further objects to this request to the extent it assumes a priority date of June 5, 1995 for the '516 patent. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 22**:

All documents and things that were reviewed, received or maintained in connection with the preparation, filing or prosecution of the '516 patent and/or any Related Patents, including but not limited to any prior art and/or any technical and scientific publications.

**RESPONSE TO REQUEST NO. 22**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives

additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 23**:

All documents and things constituting or relating to any communications concerning prior art regarding to the '516 patent (for purposes of this request, that in existence as of June 5, 1995).

**RESPONSE TO REQUEST NO. 23**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD further objects to this request to the extent it assumes a priority date of June 5, 1995 for the '516 patent. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 24**:

All documents and things relating to the first offer to sell and/or first sale of any product and/or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent.

**RESPONSE TO REQUEST NO. 24**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly

burdensome, especially to the extent it purports to seek all documents related to the first offer to sell or first sale of every product or process that practices, embodies, or incorporates the subject matter described and/or claimed in the '516 patent. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 25:**

All documents and things relating to the first public use, disclosure, or demonstration of any product or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent.

**RESPONSE TO REQUEST NO. 25:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially to the extent it purports to seek all documents related to the first

public use, disclosure, or demonstration of every product or process that practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 26:**

All documents and things that support Ariad's contention regarding the level of ordinary skill in the art disclosed and claimed in the '516 patent.

**RESPONSE TO REQUEST NO. 26:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it assumes a contention that ARIAD has not asserted. ARIAD further objects to this request to the extent it is more appropriate for expert discovery. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional

information, as ARIAD makes contentions regarding the level of ordinary disclosed and claimed in the '516 patent, or based on a ruling by the Court.

**REQUEST NO. 27**:

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is non-obvious, including but not limited to those documents that support secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, and/or unexpected results.

**RESPONSE TO REQUEST NO. 27**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 28**:

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is not invalid under 35 U.S.C. §

102, including but not limited to any documents that any entity has alleged to be anticipatory, either expressly or inherently, of any claim of the '516 patent.

**RESPONSE TO REQUEST NO. 28**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 29**:

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is not invalid under 35 U.S.C. § 112, including but not limited to any documents that Ariad contends provide written description for and an enabling disclosure of the full scope of the '516 patent claims.

**RESPONSE TO REQUEST NO. 29**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 30**:

Any opinions or analyses prepared by or on behalf of Ariad relating to licenses or other grant of rights, including but not limited to sublicenses, of the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 30**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves

the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 31**:

All documents and things relating to the invalidity or unenforceability of the claims of the it, including but not limited to any documents containing opinions, evaluations, advice analyses relating to the invalidity or unenforceability of the claims of the '516 patent.

**RESPONSE TO REQUEST NO. 31**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 32**:

All documents and things relating to the construction of the claims of the '516 patent, including but not limited to any documents containing any opinions, evaluations, advice or analyses relating to construction of the claims of the '516 patent.

# Exhibit 1
# Part 1 of 2

**RESPONSE TO REQUEST NO. 32**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 33**:

All documents and things relating to Ariad's contention and/or allegation of infringement of the '516 patent and/or any Related Patents by any of the Amgen Entities or any other entity, including but not limited to any documents containing any opinions, evaluations, advice or analyses relating to infringement of the '516 patent by any of the Amgen Entities or any other entity.

**RESPONSE TO REQUEST NO. 33**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as nonsensical to the extent that it is based on the incorrect assumption that ARIAD has contended that ARIAD has contended or alleged that the Amgen Entities have infringed the '516 patent and/or any Related Patents. ARIAD further objects to

- 32 -

this request to the extent that it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the terms "any other entity" and "any Related Patents." ARIAD also objects to this request as premature and nonsensical to the extent ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never "contended" that the Amgen Entities have infringed the '516 patent or any Related Patents, and has not performed an analysis regarding whether any product of the Amgen Entities infringes the '516 patent or any Related Patents. Thus, no "documents relating to Ariad's contention and/or allegation of infringement of the '516 patent and/or any Related Patents by any of the Amgen Entities" exist, and no "documents containing any opinions, evaluations, advice or analyses relating to infringement of the '516 patent by any of the Amgen Entities" exist. This response is provided without prejudice to ARIAD's right to perform such an analysis at a later time. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 34**:

All documents and things relating to comparisons between any claims of the '516 patent and/or any Related Patents and ENBREL or KINERET.

**RESPONSE TO REQUEST NO. 34**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD

further object to this request as nonsensical to the extent it is based on the incorrect assumption that ARIAD has performed "comparisons between any claims of the '516 patent and/or any Related Patents and ENBREL or KINERET." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "any Related Patents." ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never performed an analysis regarding whether ENBREL or KINERET infringes the '516 patent or any Related Patents. Thus, no "comparisons between any claims of the '516 patent and/or any Related Patents and ENBREL or KINERET" exist. This response is provided without prejudice to ARIAD's right to perform such an analysis at a later time. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 35:**

All documents and things relating to comparisons between any claims of the '516 patent and/or any Related Patents and a product or process of any third party.

**RESPONSE TO REQUEST NO. 35:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the terms "any claims," "any Related Patents," and

"any third party." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 36:**

All documents and things relating to ENBREL or KINERET, including but not limited to any evaluation or analysis of ENBREL or KINERET.

**RESPONSE TO REQUEST NO. 36:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as nonsensical to the extent that it is based on the incorrect assumption that ARIAD conducted an "evaluation or analysis of ENBREL or KINERET." ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine,

or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never performed an analysis regarding whether ENBREL or KINERET infringes the '516 patent or any Related Patents. Thus, no "evaluation or analysis of ENBREL or KINERET" exists in ARIAD's possession. This response is provided without prejudice to ARIAD's right to perform such an evaluation or analysis at a later time. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 37**:

All documents relating to or mentioning any of the Amgen Entities.

**RESPONSE TO REQUEST NO. 37**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, extremely overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine,

or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 38**:

All documents and things relating to any presentation to or by Ariad relating to any of the Amgen Entities, or ENBREL or KINERET, including but not limited to notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**RESPONSE TO REQUEST NO. 38**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially because it is not limited to presentations relating to the '516 patent. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or

privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 39:**

All communications between Ariad and any of the Amgen Entities or any third party concerning Ariad's contention that the Amgen Entities infringe the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 39:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as nonsensical to the extent it is based on the incorrect assumption that ARIAD has made the "contention" that the Amgen Entities infringe the '516 patent. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or

supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never made the "contention" that the Amgen Entities have infringed the '516 patent or any Related Patents. Thus, no "communications between Ariad and any of the Amgen Entities or any third party concerning Ariad's contention that the Amgen Entities infringe the '516 patent and/or any Related Patents" exist. This response is provided without prejudice to ARIAD's right to make such a contention at a later time. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 40:**

All communications relating to the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 40:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks

information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 41**:

All documents and communications within Ariad or to third parties relating to any one or more of the following: the current litigation against the Amgen Entities, any other litigation relating to the '516 patent and/or any Related Patents, ENBREL, and/or KINERET.

**RESPONSE TO REQUEST NO. 41**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially because it is not limited to the '516 patent and/or the products-in-suit. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

- 40 -

**REQUEST NO. 42**:

All documents and things relating to efforts to enforce the '516 patent and/or any Related Patents, including but not limited to demand letters, cease and desist letters, or pleadings filed in lawsuits.

**RESPONSE TO REQUEST NO. 42**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 43**:

All documents and things relating to any assertions by any entity that any claim of the '516 patent is invalid or unenforceable.

**RESPONSE TO REQUEST NO. 43**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD

further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 44:**

All tutorials, presentations, videos and transcripts that explain the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 44:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information

that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 45**:

All documents and things relating to tumor necrosis factor (TNF) and/or tumor necrosis factor receptors (TNFRs), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**RESPONSE TO REQUEST NO. 45**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or

supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 46:**

All documents and things relating to interleukin-1 (IL-1) and/or interleukin-1 receptors (IL-IRs), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**RESPONSE TO REQUEST NO. 46:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 47:**

All documents and things relating to cyclosporin A (CsA or CyA), including but not limited to research articles, proposed or executed collaborations with third parties, research

proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**RESPONSE TO REQUEST NO. 47**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 48**:

All documents and things relating to nuclear factor of activated T cells (NFAT), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**RESPONSE TO REQUEST NO. 48**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly

burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 49**:

All documents and things referenced or relied upon in preparing Ariad's responses to any requests prepared in this case, including but not limited to Plaintiffs' First Set of Requests for Production to Defendant.

**RESPONSE TO REQUEST NO. 49**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 50**:

All documents and things relating to any interviews, presentations, demonstrations and other communications at which any employee of the United States Patent and Trademark Office was present concerning the subject matter of the '516 patent and/or Related Patents.

**RESPONSE TO REQUEST NO. 50**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 51**:

All Ariad annual reports, SEC filings, and press releases.

**RESPONSE TO REQUEST NO. 51**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially because there is no time limit specified and the request is not limited to the '516 patent. ARIAD further objects to this request to the extent that it calls for

information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 52:**

All documents and things relating to any valuation or appraisal concerning the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 52:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as premature to the extent it is more appropriately addressed through expert discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or

supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 53:**

All documents and things relating to any royalties or licensing fees paid by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments paid by Ariad.

**RESPONSE TO REQUEST NO. 53:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 54**:

All documents and things relating to any royalties or licensing fees received by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments received by Ariad.

**RESPONSE TO REQUEST NO. 54**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b). ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD also objects to this request to the extent it seeks information that is publicly available, in the possession, custody or control of Plaintiffs or Plaintiffs' counsel, or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 55:**

All documents and things relating to any royalties or licensing fees projected to be paid or received by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments paid or received by Ariad.

**RESPONSE TO REQUEST NO. 55:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as premature to the extent it is more appropriately addressed through expert discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents." ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 56:**

All documents sent to, received from, or discussed with any experts (either specially-retained or employees of Ariad) that Ariad has retained, consulted or intends to call as a witness in the trial of this case.

**RESPONSE TO REQUEST NO. 56:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as premature because it seeks information more appropriately

sought through expert discovery. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 57**:

All documents relating to things that Ariad would contend reduce NF-κB activity (as that term is used in the '516 patent).

**RESPONSE TO REQUEST NO. 57**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 58**:

All documents relating to things that Ariad would contend induce NF-κB activity (as that term is used in the '516 patent).

**RESPONSE TO REQUEST NO. 58:**

       ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 59:**

       All documents relating to decoy molecules (as that term is used in the '516 patent).

**RESPONSE TO REQUEST NO. 59:**

       ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 60:**

All documents relating to dominantly-interfering molecules (as that term is used in the '516 patent).

**RESPONSE TO REQUEST NO. 60:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request as vague and ambiguous, overbroad, and unduly burdensome. ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 61:**

All board and scientific advisory board meeting minutes, or presentations that relate to the '516 patent and/or any Related Patents, including but not limited to Ariad's discussion, identification, or consideration of whether any companies, products or processes might practice the subject matter of the claims of the '516 patent and/or Related Patents.

**RESPONSE TO REQUEST NO. 61:**

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially because it is not limited to the '516 patent. ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject

matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b).  ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights.  ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**REQUEST NO. 62**:

All communications with investors, potential investors, analysts, or others in the business community referring or relating to the '516 patent and/or any Related Patents.

**RESPONSE TO REQUEST NO. 62**:

ARIAD objects to this request as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery.  ARIAD further objects to this request to the extent it is vague and ambiguous, overbroad, and unduly burdensome, especially as to its use of the term "Related Patents" and because the request is not limited to the '516 patent.  ARIAD further objects to this request to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rule of Civil Procedure 26(b).  ARIAD further objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.  ARIAD objects to this request to the extent it seeks disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional,

common law or privacy rights. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: August 7, 2006
171908.1

- 56 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2006, the attached **DEFENDANT ARIAD**

**PHARMACEUTICALS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO**

**DEFENDANT** was served upon the below-named counsel of record at the address and in the

manner indicated:

Melanie K. Sharp, Esquire                                          HAND DELIVERY
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                                         VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire                                          VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800


Tiffany Geyer Lydon

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

AMGEN, INC., IMMUNEX CORPORATION, )
AMGEN USA INC., AMGEN MANUFACTURING )
LIMITED, IMMUNEX RHODE ISLAND )     C.A. No. 06-259-KAJ
CORPORATION )
  )
              Plaintiffs, )
    v. )
  )
ARIAD PHARMACEUTICALS, INC., )
  )
              Defendant. )

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF AMGEN, INC.'S FIRST SET OF
INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Delaware, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") hereby responds to Plaintiffs' First Set of Interrogatories To Defendant as follows:

**INTRODUCTION**

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Objections to each interrogatory are made on an individual basis below. From time to time, for special emphasis, ARIAD will repeat in the specific objections certain objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without in any way waiving, the General Objections listed below, but not expressly set forth in the response. The assertion of any objection to any

interrogatory below is neither intended as, nor shall in any way be deemed, a waiver of ARIAD's right to assert that or any other objection at a later date. At this time, ARIAD shall not provide any information protected by any applicable privilege or doctrine.

No incidental or implied admissions are intended by the responses below. The fact that ARIAD has answered or objected to any interrogatory should not be taken as an admission that ARIAD accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that ARIAD has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by ARIAD of any part of any objection to the interrogatory.

ARIAD's responses herein, and its disclosure of information, do not in any way constitute an acceptance of Plaintiffs' purported Instructions or its purported Definitions of words or phrases contained in its interrogatories. Consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret the objectionable Definitions in Plaintiffs' interrogatories.

To the extent that ARIAD responds to any interrogatory, its responses reflect only the current state of knowledge, understanding, and belief of ARIAD with regard to matters about which inquiry has been made. As discovery in this matter is not yet complete, ARIAD may not yet have uncovered all information or facts pertinent to any such interrogatory and may not yet have identified or located all persons with knowledge of pertinent information or facts. ARIAD expects and consequently reserves the right to modify or supplement its response at a later time with any subsequently discovered fact or information that it may later recall or discover. ARIAD further reserves the right to change, amend or supplement any or all of the matters contained in this response as additional facts are ascertained, analyses are performed, research is completed and contentions are made. Furthermore, this response is provided without prejudice to using or relying on at trial any subsequently discovered information or facts, or information omitted from these responses as a result of mistake, oversight, or inadvertence. ARIAD

- 2 -

further reserves the right to produce additional facts and evidence at trial and to object on appropriate grounds to the introduction into evidence of any portion of these responses. This response is also given without prejudice to ARIAD's right to advance contentions or make claims not yet advanced or made in the present action and to supplement this response as appropriate.

## GENERAL OBJECTIONS

ARIAD asserts the following General Objections with respect to each interrogatory:

1. ARIAD objects to the First Set of Interrogatories and to each definition, instruction, and interrogatory therein to the extent that they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. ARIAD shall not comply with any purported obligation not imposed by law.

2. ARIAD objects to the First Set of Interrogatories and to each interrogatory therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. ARIAD will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege.

3. ARIAD objects to the First Set of Interrogatories on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

4. ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they are overbroad, unduly burdensome, oppressive, or seeking information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

5.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent they are vague, ambiguous, or without sufficient specificity to identify what information is requested.

6.    ARIAD objects to Plaintiffs' Interrogatories as premature. In particular, ARIAD objects to Plaintiffs' Interrogatories as premature to the extent that they seek ARIAD's legal conclusions and other information that ARIAD is not required to disclose at this stage of litigation. In addition, ARIAD objects to Plaintiffs' Interrogatories as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. For the foregoing reasons, ARIAD's responses are not complete and cannot be completed at this time, and are subject to revision.

7.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they are compound and are actually multiple interrogatories, on the ground that they are an impermissible effort to circumvent the twenty-five interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

8.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they seek information that is publicly available, in the possession, custody or control of Plaintiffs or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through sources other than the present Interrogatories.

9.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they call for a legal conclusion.

10.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they seek disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of ARIAD or personal information that is protected by statutory, constitutional, common law or privacy rights. ARIAD reserves the right not to provide any of this information until an appropriate protective order is in place, and/or until it receives appropriate approvals. To the extent that

ARIAD responds to these Interrogatories by referring Plaintiffs to documents pursuant to Federal Rule of Civil Procedure 33(d), nothing herein shall affect in any way the confidentiality designations, if any, of those documents.

11.    ARIAD objects to Plaintiffs' purported definitions of words and phrases contained in its interrogatories. ARIAD objects to Plaintiffs' definitions to the extent that they:    (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iii) purport to impose obligations different from, or in excess of, those created by the Federal Rule of Civil Procedure and the Local Rules; (iv) include assertions of purported fact that are inaccurate or at the very least are disputed by the parties to this action; or (v) incorporate other purported definitions that suffer from such defects.

12.    ARIAD specifically objects to the definition of "Ariad" set forth in paragraph 2 of the Definitions and Instructions to the extent it purports to impose discovery obligations on persons or entities other than the parties to this action, and to the extent it seeks discovery from individuals or entities over which ARIAD has no control.

13.    ARIAD further specifically objects to the definition of the term "document" on the grounds that the definition is compound, vague, and ambiguous, and to the extent that it purports to impose duties beyond those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action. ARIAD further objects to this definition as unduly burdensome, harassing, oppressive, and overbroad, to the extent that it purports to include documents that are not within the possession, control, or custody of ARIAD.

14.    ARIAD further specifically objects to the definitions of "identify," "identity," and "identification" set forth in paragraphs 6 and 7 of the Definitions and Instructions to the extent they purport to impose on ARIAD obligations that differ from

or exceed those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

15.    ARIAD further specifically objects to the definition of "Related Patent" set forth in paragraph 11 of the Definition and Instructions to the extent that it encompasses information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

16.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent they request information concerning patent claims and claim terms that have not yet been construed by the Court. ARIAD reserves its right to modify or supplement its responses as a result of any rulings by the Court bearing on claim construction, and/or discovery bearing on claim construction.

17.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent they request information dependent upon documents or other information in the possession, custody and control of Plaintiffs, Plaintiffs' counsel, or third parties. ARIAD reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from Plaintiffs or third parties.

18.    ARIAD objects to Plaintiffs' interrogatories to the extent that they purport to require ARIAD to search for information that is not within its possession, custody, or control. ARIAD will use reasonable diligence to locate information within its control.

19.    ARIAD objects to the First Set of Interrogatories and each interrogatory therein to the extent they call for information ARIAD does not have the legal authority to release. ARIAD will not disclose any of this information without approval.

20.    ARIAD expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein. An answer to an interrogatory shall not work as a waiver of any applicable specific or general objection to an interrogatory.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

For each claim of the '516 patent, identify any and all claim term(s) and phrase(s) that Ariad believes need to be construed by the Court, Ariad's proposed claim construction of those term(s) and phrase(s) and any term(s) and phrase(s) whose claim construction is in dispute, and all bases or evidence on which Ariad relies in support of that proposed claim construction.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature. The Scheduling Order issued by the Court sets forth May 21, 2007 as the date by which ARIAD is to identify the "claim term(s)/phrase(s) that [it] believe[s] needs construction and their proposed construction of those term(s)/phrase(s)." ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

### INTERROGATORY NO. 2:

Identify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to ENBREL, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to ENBREL that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to Plaintiffs' Interrogatories as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never "contended" that ENBREL infringed any claim of the '516 patent and has not conducted an infringement analysis with respect to whether ENBREL infringes any claim of the '516 patent. This response is provided without prejudice to ARIAD's right to perform such an analysis at a later time. ARIAD expressly reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 3:**

Identify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to KINERET, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to KINERET that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed.

## RESPONSE TO INTERROGATORY NO. 3:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to Plaintiffs' Interrogatories as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never "contended" that KINERET infringed any claim of the '516 patent and has not conducted an infringement analysis with respect to whether KINERET infringes any claim of the '516 patent. This response is provided without prejudice to ARIAD's right to perform such an analysis at a later time. ARIAD expressly reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

## INTERROGATORY NO. 4:

Identify any licenses or other grant of rights, including but not limited to sublicenses, that Ariad or another party has granted for the '516 patent and/or any Related Patents, including but not limited to the name of the licensee/grantee, the date of the license/grant, the rights granted under each license/grant, the royalty rate and/or other compensation arrangements under the license/grant, the royalty base, the total amount of royalties or other payments received from that licensee/grantee each month from the inception of the license/grant to the present, and the person most knowledgeable regarding such licensing/grant.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD also objects to this interrogatory as overbroad and unduly burdensome, and objects to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. ARIAD objects to this interrogatory as overbroad and unduly burdensome, especially with regard to its use of the term "Related Patents." In addition, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 5:**

Identify any litigation or other legal or administrative proceeding (including but not limited to reexamination, reissue, opposition or similar proceedings) involving, or that has involved, the '516 patent and/or any Related Patents.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory as overbroad and unduly burdensome, and objects to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. ARIAD also objects to this interrogatory as overbroad and unduly burdensome, especially with regard to its use of the term "Related Patents." In addition,

ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. ARIAD reserves the right to modify or supplement its responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 6:**

For each of the claims of the '516 patent, explain in detail the dates and circumstances of the conception, actual and/or constructive reduction to practice, first written description, first disclosure to another, first public sale, and first public use, including but not limited to identifying all documents, materials and/or witnesses that Ariad contends corroborate or support the dates and circumstances identified or that contradict or may contradict Ariad's contentions as to such dates and circumstances.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. ARIAD also objects to this interrogatory to the extent that it seeks information more properly acquired through other methods of discovery. In addition, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 7:**

For each of the claims of the '516 patent, identify what Ariad contends is its effective priority date and explain in detail the factual and legal bases supporting that date, including but not limited to specific citations to any and all portions of any patent application that Ariad contends provide written description and enablement support for such claim of priority, and identify all documents, materials and/or witnesses that Ariad contends corroborate or support the dates identified or that contradict or may contradict Ariad's contentions as to the dates identified.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  In addition, ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 8:**

Explain in detail Ariad's contention as to the qualifications for a person who is of ordinary skill in the art for the subject matter disclosed and/or claimed in the '516 patent, including but not limited to the educational and work experience qualifications that person would have, and identify the legal and factual bases on which Ariad relies in support of that contention.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending

Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery.  ARIAD objects to this interrogatory to the extent it seeks information regarding contentions that ARIAD has not made.  Furthermore, ARIAD objects to this interrogatory to the extent it seeks information more appropriately sought through expert discovery.  ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 9:**

Identify all prior art to the '516 patent (for purposes of this interrogatory, that in existence as of June 5, 1995) of which Ariad is aware, including but not limited to any and all references that any third party has asserted my be invalidating prior art to the '516 patent.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery.  ARIAD further objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 10:**

Describe in detail all facts and circumstances pertaining to any instance in which a person has contended that any claim of the '516 patent and/or Related Patents is invalid or unenforceable, including but not limited to the identity of the person who made such contention, the nature of the person's contention that the claims where invalid or

- 13 -

unenforceable, all factual and legal bases in support of the person's contention, and all factual and legal bases that Ariad contends rebut such contention.

### RESPONSE TO INTERROGATORY NO. 10:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. ARIAD also objects to this interrogatory as overbroad and unduly burdensome and objects to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. ARIAD further objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Furthermore, ARIAD objects to this interrogatory to the extent that it seeks information more properly acquired through other methods of discovery. ARIAD also objects to this interrogatory as overbroad and unduly burdensome with regard to its use of the term "Related Patents." ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

### INTERROGATORY NO. 11:

If Ariad contends that any claim of the '516 patent is not invalid under 35 U.S.C. § 103, explain in detail the legal and factual bases for Ariad's contentions, including but not limited to whether and how its contentions of non-obviousness are supported by secondary considerations, such as to commercial success, long-felt need, copying by others, prior failure by others, licensing, or unexpected results.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Furthermore, ARIAD objects to this interrogatory to the extent that it seeks information more properly acquired through other methods of discovery. ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**INTERROGATORY NO. 12:**

If Ariad contends that any claim of the '516 patent is not invalid under 35 U.S.C. § 102, explain in detail the legal and factual bases for Ariad's contentions, including but not limited to a detailed explanation of why Ariad contends that a reference that has been alleged to be anticipatory, either expressly or inherently, of any claim of the '516 patent is not so.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this interrogatory as vague and ambiguous with respect to the phrase "reference that has been alleged to be anticipatory," as ARIAD is not aware of any allegations made in this action under 35 U.S.C. § 102. In addition, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. ARIAD reserves the right to modify or supplement its

contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

## INTERROGATORY NO. 13:

If Ariad contends that any claim of the '516 patent is not invalid under 35 U.S.C. § 112, explain in detail the legal and factual bases for Ariad's contentions, including but not limited to specific citations to any and all portions of U.S. Patent Application Serial No. 08/464,364 that Ariad contends provide written description for and an enabling disclosure of the full scope of such claim, and identify all references, knowledge or facts allegedly supporting such contentions.

## RESPONSE TO INTERROGATORY NO. 13:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD further objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

## INTERROGATORY NO. 14:

Identify each molecule, compound, or other substance that can be used to practice the method of reducing NF-κB activity disclosed in the '516 patent and/or recited in the '516 patent claims.

## RESPONSE TO INTERROGATORY NO. 14:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay

Discovery.   ARIAD also objects to this interrogatory as overbroad and unduly burdensome and objects to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.   In addition, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.   ARIAD objects to this interrogatory to the extent it seeks information regarding contentions that ARIAD has not made.   ARIAD further objects to this interrogatory to the extent it seeks information beyond the scope of ARIAD's knowledge.   ARIAD reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

## INTERROGATORY NO. 15:

Explain in detail the damages claimed by Ariad for what Ariad contends is the Amgen Entities' infringement of the '516 patent, including but not limited to the legal basis for the damages claim, including whether the damages are the result of the alleged lost profits, price erosion or reasonable royalty, identification of any documents that support Ariad's claim for damages, and the person or persons most knowledgeable of Ariad's claimed damages, including any experts that Ariad has retained in furtherance of its damages claims.

## RESPONSE TO INTERROGATORY NO. 15:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to this interrogatory as premature and non-sensical in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery.   In addition, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

- 17 -

As ARIAD set forth in its Rule 26(a)(1) Initial Disclosure, in light of its pending Motion to Dismiss, ARIAD does not seek damages at this time, as ARIAD believes that the case should be dismissed for lack of subject matter jurisdiction. ARIAD expressly reserves the right to seek damages at a later date if this suit is not dismissed, and to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: August 7, 2006

171909.1

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2006, the attached **DEFENDANT ARIAD**

**PHARMACEUTICALS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF**

**AMGEN, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT** was served

upon the below-named counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire                                          HAND DELIVERY
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                                   VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire                                    VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800

_____
Tiffany Geyer Lydon