# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 16, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

**VIA ELECTRONIC FILING**

Re: *Amgen et al v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-KAJ

Dear Judge Jordan:

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") hereby moves to quash the August 11, 2006 subpoena issued by Plaintiffs to Eli Lilly and Company ("Lilly") in the above-named litigation (Exhibit A hereto) (the "Subpoena") and for a protective order shielding the requested information from production.[1]

## A. The Subpoena Is Invalid

As a threshold matter, the Subpoena is invalid on its face, in that it purports to require production of documents outside this district. Fed. R. Civ. P. 45(a)(2)(C). This Court does not have jurisdiction to compel the production of documents in Illinois, as the Subpoena commands. The Subpoena should be quashed, and a protective order barring production should be issued, for this reason alone. *See Falicia v. Advanced Tenant Svcs.*, 235 F.R.D. 5, 11 (D.D.C. 2006) (quashing subpoena and ordering return of all produced documents because subpoena issued out of improper district pursuant to Rule 45(a)(2)(C)); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) (quashing subpoena on basis that it issued out of improper district, citing *Echostar Comm's Corp. v. News Corp.*, 180 F.R.D. 391, 397 (D. Colo. 1998)).

## B. Plaintiffs Have Issued An Overbroad Subpoena With An Unusually Short Production Deadline, For The Purpose Of Short-Circuiting ARIAD's Motion To Stay Discovery And Acquiring Significant Discovery Prior To Adjudication Of ARIAD's Motion To Dismiss

---

[1] Because the primary issue underlying this dispute also is at the core of Plaintiffs' Motion to compel discovery from ARIAD, as well as ARIAD's motion for a temporary stay of discovery pending adjudication of its Motion to Dismiss, we have asked that this issue be heard during the teleconference at 3:30 p.m. this Friday, August 18. Plaintiffs do not oppose.

The Honorable Kent A. Jordan
August 16, 2006
Page 2

The Subpoena demands an extremely broad set of documents relating mostly to the litigation between Lilly on one hand, and ARIAD and third parties Harvard University, the Massachusetts Institute of Technology, and The Whitehead Institute (collectively, the "Institutions") on the other, relating to Lilly's Xigris® and Evista® products and the '516 patent (the "Lilly litigation"). The demand includes, but is not limited to, every document produced by ARIAD or the Institutions; all pleadings, motions, supporting memoranda, briefs, discovery requests and responses, and privilege logs filed and/or served by any party during the Lilly litigation; all deposition, hearing, tutorial, oral argument, conference, and trial transcripts from the Lilly litigation; all expert reports and exhibits by any party in the Lilly litigation; and all correspondence or written communications that passed between the parties in the Lilly litigation relating to the Lilly litigation or its subject matter over the case's more-than-four-year pendency.

The Subpoena was served in the afternoon on Friday, August 11 and originally demanded that documents be produced four business days later, on August 17. To allow the Court to hear the present motion to quash, that time frame has been extended by a day (or until the motion to quash is adjudicated). Even as extended, the time for production is far shorter than normal considering the heavy demands made of Lilly: Over the four-year life of the Lilly litigation, ARIAD and the Institutions have produced about 40,000 pages of documents, including highly confidential documents containing some of ARIAD's most protected information; the parties have taken 56 depositions and marked over 600 deposition exhibits; the parties have produced 18 expert reports, attaching over 1,500 pages of material; there have been 11 hearings, 15 days of jury trial, and 4 days of bench trial, involving several thousand exhibits and over 100 demonstrative exhibits; and the parties have engaged in voluminous correspondence that undoubtedly has no bearing on the present litigation.

One would expect such a short time frame and such vast requests to be met with strong objection by the subpoenaed party. In light of the previous cooperation between Plaintiffs and Lilly in conjunction with Plaintiffs' opposition to ARIAD's motion to dismiss, however, ARIAD believes that Lilly may be prepared to turn over all of the requested documents, even in the tremendously short time frame provided. Yet even if Lilly is willing to comply, a protective order should be issued for the reasons set forth in ARIAD's Motion to Stay Discovery.

As set forth in more detail in that motion, if the Court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction, Plaintiffs will not be able to revive their action by filing an amended Complaint: Subject matter jurisdiction must exist at the time that the action was filed, and the inquiry into whether Plaintiffs had the reasonable apprehension of imminent suit required to create subject matter jurisdiction under the Declaratory Judgment Act is a factual issue, not a pleading issue. Thus, if the Court grants ARIAD's Motion to Dismiss, then Plaintiffs' right to take any discovery—let alone such overly broad discovery—will be wholly eliminated. At this stage, permitting Plaintiffs discovery into ARIAD's and the Institutions' most confidential documents with regard to a claim over which the Court may find that it does not have subject matter jurisdiction (and in

The Honorable Kent A. Jordan
August 16, 2006
Page 3

which the Institutions are not even named parties) would be prejudicial and unjust to ARIAD and the Institutions.[2]  *See County of Nassau*, 188 F.R.D. at 188-89 (staying discovery pending adjudication of motion to dismiss for lack of subject matter jurisdiction, when motion would be "dispositive of the entire action" and complaint's deficiency "cannot be cured by an amended pleading").  Therefore, discovery should not be permitted at this stage of the litigation, whether from ARIAD or from a third party.

Moreover, Plaintiffs will not be prejudiced by a temporary stay of discovery pending adjudication of ARIAD's Motion to Dismiss.  In light of their weak position with respect to ARIAD's Motion to Stay Discovery, Plaintiffs have attempted an end-run around it, by subpoenaing vast quantities of documents, undoubtedly including a great deal of irrelevant and highly confidential information, from a third party.  If such third-party discovery is to occur at all, it should occur only after ARIAD's Motion to Dismiss is adjudicated.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/dmf
Attachment

cc:   Elizabeth L. Rosenblatt, Esquire (via electronic mail; w/attachment)
      Melanie K. Sharp, Esquire (by hand and electronic mail; w/attachment)
      Mark A. Pals, Esquire (via electronic mail; w/attachment)

---

[2] Discovery of *these* documents from *this* third party is particularly prejudicial, given that the requests are extremely broad and ARIAD and the Institutions will have no hand in assessing the relevance of the documents to be produced.  There is a significant risk that some of ARIAD's or the Institutions' information produced or disclosed in the Lilly litigation may not relate at all to the present litigation, since the Lilly litigation related to different products.  The wholesale production of ARIAD's or the Institutions' information along with everything under the sun relating to the Lilly litigation abrogates the gatekeeping function of Rule 26(b) entirely, and unnecessarily subjects ARIAD and the Institutions to the risk that irrelevant information will be produced.

Moreover, under the Protective Order in the Lilly litigation, Lilly has an obligation not to disclose documents and information that ARIAD or the Institutions have designated Confidential under that Order without first complying with certain procedures, including meet and confer procedures and motion practice, none of which has been initiated.  Plaintiffs should be barred from obtaining any such documents or information for the independent reason that those documents are protected by court order.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Amgen, Inc. et al.
V.
ARIAD Pharmaceuticals, Inc.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 06-259-KAJ

TO: Eli Lilly and Company
c/o National Registered Agents, Inc., its Registered Agent for Service of Process
160 Greentree Drive
Suite 101
Dover, DE 19904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Attn: Marcus Sernel, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601 | August 17, 2006 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* (Attorney for Plaintiffs) | August 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Melanie K. Sharp, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19801, (302) 571-6681

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 11, 2006 | National Registered Agents Inc. 160 Greentree Drive Ste 101 Dover DE 19904 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jodi Harrington at 2:25 pm | Subpoena |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marian Hogan | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   8-11-06
            DATE

SIGNATURE OF SERVER: Marian Hogan

ADDRESS OF SERVER: 32 Loockerman Square Ste 104
Dover, DE 19904

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## Definitions

1. "And," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

2. "ARIAD Pharmaceuticals, Inc." means ARIAD Pharmaceuticals, Inc, and all of its corporate parents, predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "Correspondence or written communications" refers to electronic mail, faxes, letters, handwritten notes, memoranda, telegrams, teletypes, telecopies, and any other form of transmitted information or message, whether in hard copy, electronic, or other form.

4. "Document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure, and shall include any means for retaining information.

5. "Expert report" means a report served pursuant to Fed. R. Civ. P. 26(a)(2)(B), including any supplemental report or addendum to an expert report.

6. "The Institutions" means the Massachusetts Institute of Technology, The Whitehead Institute for Biomedical Research, and the President and Fellows of Harvard College, and all of their past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

7. "The litigation" means *ARIAD Pharmaceuticals, Inc. et al. v. Eli Lilly and Company*, Civil Action No. 02 CV 11280 RWZ, in the District of Massachusetts.

8. "Party" means any named party to the litigation identified above, or any attorney, employee or agent for such a party.

## Requests

1. All documents and things produced by ARIAD Pharmaceuticals, Inc., or by any of the Institutions, in the course of the litigation.

2. All pleadings, motions and supporting memoranda, briefs, discovery requests and responses, and privilege logs, filed and/or served by any party in the course of the litigation. This request includes any declarations and exhibits associated with any of the foregoing.

3. All correspondence or written communications between the parties relating to the litigation or the subject matter of the litigation.

4. All correspondence or written communications to the Court from any party, or from the Court to any party, in the course of the litigation.

5. All orders and written opinions issued by the Court in the course of the litigation.

6. All presentations or tutorials presented or submitted to the Court by any party.

7. All transcripts of any proceedings during the course of the litigation, including but not limited to depositions, hearings, tutorial presentations, oral argument, conferences, and all phases of trial.

8. All expert reports, including all exhibits attached thereto, served by or on behalf of a party in the litigation.

9. All deposition and trial exhibits, including but not limited to demonstrative exhibits, from the litigation.

10. All documents and things related to any administrative proceedings concerning U.S. Patent No. 6,410,516, including but not limited to reexamination proceedings.

**Note:** All documents produced in response to the subpoena to which this exhibit is attached will be subject to the protective order governing the action pursuant to which the subpoena has been issued, including the default protective order provisions of the U.S. District Court for the District of Delaware (e.g., L.R. 26.2).