# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

August 17, 2006

**BY E-FILE**

The Honorable Kent A. Jordan
United States District Court of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

      Re:    Amgen, Inc. et al. v. Ariad Pharmaceuticals, Inc.
              C. A. No.: 06-259 (KAJ)

Dear Judge Jordan:

      Plaintiffs (collectively referred to as "Amgen") file this letter in response to the August 16, 2006 letter from ARIAD's counsel seeking to move to quash Plaintiffs' subpoena to Eli Lilly and Company ("Lilly").

      As an initial matter, Amgen agrees with Ariad that ARIAD's motion to quash should be heard during the previously-scheduled teleconference. Amgen agrees that this issue is intertwined with Amgen's motion to compel that is on the agenda for the teleconference, and that the positions that ARIAD has taken with respect to the Lilly subpoena help shed some light on the merits of the motion to compel.

      *(a)*    *ARIAD Has No Standing To Challenge The Validity Of The Subpoena.*

      The subpoena in question was not served on ARIAD, but on Lilly, a third party. ARIAD thus has no standing to challenge its validity. "As a general matter, a party has no standing to seek to quash a subpoena directed to one who is not a party." *Oliver Cannon and Son, Inc. v. Fidelity Casualty Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981). While an exception may exist "in situations where a party claims some personal right or privilege relating

YOUNG CONAWAY STARGATT & TAYLOR, LLP
United States District Court of Delaware
August 17, 2006
Page 2

to the documents sought," only ARIAD's argument regarding its confidential information even comes close to qualifying for this exception, and that argument falls flat because the protective order protections of this Court will govern the production of documents from Lilly just like they will protect the production of documents by the parties in this case. ARIAD's principal objections -- that the subpoena is somehow facially defective, overly broad, requires the documents to be produced on a tight timetable, or seeks irrelevant information -- are Lilly's and not ARIAD's objections to raise. (Lilly has raised no objections.) ARIAD thus does not have standing to raise the vast majority of its concerns because they are entirely unrelated to any right or privilege ARIAD can claim in the documents. *See Oliver Cannon*, 519 F. Supp. at 680 ("Most of Cannon's objections are unrelated to any right of privilege held by Cannon and the Court holds that Cannon lacks standing to raise them.").

  *(b)  ARIAD's Objections Are Baseless In Any Event.*

    ARIAD's objection regarding the alleged technical defect in the subpoena is meritless. Lilly voluntarily accepted the subpoena without objecting to this alleged defect. Indeed, the subpoenaed party has the ability to waive objections to defects in a subpoena. *See, e.g., Hedison Mfg. Co. v. N.L.R.B.*, 643 F.2d 32, 34 (1st Cir. 1981) (alleged defect in subpoena waived by counsel's representation that his client would comply); *Ins. Corp. of Hannover v. Vantage Property Mgmt., L.L.C.*, No. 04-1012-CV-W-SOW, 2006 WL 1131759, at *1 (W.D. Mo. Apr. 26, 2006) (argument that subpoena was defective based on violation of 100-mile radius rule waived when not raised by non-party subpoena recipient; moreover, Plaintiff lacked standing to raise this objection); *American Honda Motor Co. v. Motorcycle Information Network*, No. 5:04-cv-12-Oc-10GRG, 2006 WL 1063299, at *2 (M.D. Fla. Mar. 28, 2006) (non-party witness whose counsel chose not to move to quash or raise deficiencies with opposing counsel waived argument that subpoena was defective because it issued from wrong district); *Atlantic Inv. Management, LLC v. Millenium Fund I, Ltd.*, 212 F.R.D. 395, 397 (N.D. Ill. 2002) (defect in subpoena waived when receiving party accepted subpoena without objection); *Hodgson v. Local 191, Intern. Broth. of Teamsters, Chauffers, Warehousemen and Helpers of America*, 352 F. Supp. 513, 515 (D.C. Conn. 1973) (technical defect in service of subpoena waived when union "voluntarily surrendered most of the records sought").

    ARIAD's objections to the alleged burdens posed by the scope of the subpoena and the deadline for producing the documents sought are similarly unfounded. As noted above, it is *Lilly* that would suffer from any of these alleged burdens, not ARIAD. That ARIAD might judge the burdens of complying with the subpoena to be undue is irrelevant, because ARIAD is not being asked to produce documents or otherwise expend any effort to ensure Lilly's compliance.

    Finally, ARIAD wrongly contends that Lilly's compliance with the subpoena would divulge "irrelevant" and "highly confidential" information. As to the question of relevance, the Lilly litigation and this case both involve assertion of the same patent, and ARIAD cannot deny that the vast majority (if not all) of the documents at issue in the Lilly case will be at least discoverable here. With respect to protection of ARIAD's confidential information, the subpoena specifically calls out that the default Delaware protective order provision of Local Rule

YOUNG CONAWAY STARGATT & TAYLOR, LLP
United States District Court of Delaware
August 17, 2006
Page 3

26.2 will govern, just as this provision will govern production of documents by the parties in this case, until a case-specific protective order is entered. The production of documents by Lilly will receive the same protections that are afforded to documents produced by ARIAD in this case, and there is no basis upon which ARIAD can legitimately object to Lilly's production of ARIAD's confidential information.

     *(c)*    *ARIAD's Motion I Indicative of Ariad's Objective: To Block Discovery.*

ARIAD's motion to quash Amgen's subpoena to Lilly is just ARIAD's latest effort to block Amgen's efforts to move this case forward. ARIAD has repeatedly taken steps to delay this litigation since it began, including filing a motion to stay discovery in the twenty-third hour of the day its discovery responses were due, and then unilaterally granting itself a stay by refusing to provide responses to Amgen's discovery requests. While ARIAD argues that it does not want to be burdened with discovery requests while its motion to dismiss remains pending, this argument rings especially hollow in the context of the subpoena to Lilly, where any burdens will be borne by Lilly as opposed to ARIAD. ARIAD has no legitimate basis upon which to stand in the way of Lilly producing documents pursuant to Amgen's subpoena, and thus ARIAD's motion to quash should be denied.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:bele

cc:    Clerk of the Court (Hand Delivery)
       John G. Day, Esquire (via e-mail and Hand Delivery)
       David I. Gindler, Esquire (via e-mail)

# Exhibit A

Slip Copy                                                                                                                                        Page 1
Slip Copy, 2006 WL 1131759 (W.D.Mo.)
**(Cite as: Slip Copy)**

[Briefs and Other Related Documents](#)
Only the Westlaw citation is currently available.
United States District Court,W.D. Missouri,Western Division.
INSURANCE CORPORATION OF HANNOVER, Plaintiff,
v.
VANTAGE PROPERTY MANAGEMENT, L.L.C. d/b/a Best Western of K.C. South, Defendant.
No. 04-1012-CV-W-SOW.

April 26, 2006.

[Justin A. Relihan](#), [Robert W. Cockerham](#), Brown & James, P.C., St. Louis, MO, for Plaintiff.
[Robert D. Gaines](#), Krigel & Krigel, PC, Kansas City, MO, for Defendant.

*ORDER*

[SCOTT O. WRIGHT](#), Senior District Judge.

**\*1** Before the Court are plaintiff's Motion to Quash Defendant Vantage Investments, Inc.'s Subpoena of Berkley Risk Administration (Doc. # 99), plaintiff's Suggestions in Support, and defendant's Suggestions in Opposition. No reply brief was filed and the time for filing a reply brief has expired. For the reasons stated below, plaintiff's motion is denied.

Plaintiff Insurance Corporation of Hannover ("Hannover") asks this Court to quash a subpoena issued to Berkley Risk Administration ("Berkley") by defendant Vantage Investments, Inc. ("Vantage"). Defendant Vantage subpoenaed Berkley, Hannover's third-party administrator, to produce and permit inspection and copying of certain documents relating to communications made by an attorney for Berkley as well as other documents. Berkley is the third party administrator of plaintiff and acts at the behest of and for plaintiff in connection with this lawsuit.

Hannover claims that Berkley does not possess any of the requested documents at its office in Overland Park, Kansas. Hannover argues that pursuant to [Federal Rule of Civil Procedure 45(c)(3)(A)](#), Berkley cannot be required to produce the documents to Vantage at Vantage's counsel's office.

Berkley is a non-party and its place of business is in the State of Iowa, beyond the 100 mile limit set forth in [Federal Rule of Civil Procedure 45(c)(3)(A)](#). Berkley did not object to defendant Vannorver's subpoena within fourteen days as required by [Federal Rule of Civil Procedure 45(c)(B)](#). In fact, Berkley has not objected to the subpoena at all. At this point, Berkley has waived any objection to the subpoena and Hannover lacks standing to make an objection on behalf of Berkley based upon the 100-mile radius rule.

In addition, Hannover argues that the subpoena seeks disclosure of material protected by the attorney-client privilege and attorney work-product doctrine because Berkley continues to act as a third-party administrator for Hannover in connection with this lawsuit. Plaintiff Hannover states that it has already produced Berkley's file, other than documents protected by the attorney-client and work-product privileges.

Vantage states that plaintiff Hannover produced a privilege log on January 25, 2006; however, it does not enable the parties to assess the applicability of the privilege being asserted. Vantage admits that its subpoena requests the documents listed in plaintiff's privilege log. The subpoena also requests additional documents, such as Berkley's claims manuals, policies, and guidelines. These documents do not appear in the privilege log.

Plaintiff Hannover's privilege log is insufficient. In addition, the documents requested by Vantage's subpoena were prepared by plaintiff and Berkley in the ordinary course of business. Berkley was engaged to investigate the fire and claim. Documents prepared by Berkley pursuant to the investigation are not protected.

Defendant Vantage has shown substantial need for these documents in order to assess its vexatious refusal claim and the reasonableness of plaintiff's decisions in denying coverage and filing this declaratory judgment action.

**\*2** Accordingly, it is hereby

ORDERED that plaintiff's Motion to Quash Defendant Vantage Investments, Inc.'s Subpoena of Berkley Risk Administration (Doc. # 99) is denied.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy	Page 2
Slip Copy, 2006 WL 1131759 (W.D.Mo.)
**(Cite as: Slip Copy)**

W.D.Mo.,2006.
Insurance Corp. of Hanover v. Vantage Property Management, L.L.C.
Slip Copy, 2006 WL 1131759 (W.D.Mo.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1829715 (Trial Pleading) Defendant Demands Trial by Jury (May 2, 2006) Original Image of this Document (PDF)
• 2006 WL 1444568 (Trial Motion, Memorandum and Affidavit) Fourth Party Defendant Site Inspection, LLC's Reply to Klein's Opposition to Site Inspection, LLC'S Motion to Dismiss Fourth Party Complaint (Apr. 4, 2006) Original Image of this Document (PDF)
• 2006 WL 1194210 (Trial Motion, Memorandum and Affidavit) Klein's Opposition to Site Inspection's Motion to Dismiss Fourth Party Complaint (Mar. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 782518 (Trial Pleading) Fourth Party Complaint against Site Inspections, LLC (Feb. 8, 2006) Original Image of this Document (PDF)
• 2005 WL 2891533 (Trial Pleading) Third Party Defendant Klein Insurance Services, Inc.'s Answer to Third Party Complaint (Sep. 29, 2005) Original Image of this Document (PDF)
• 2005 WL 2575667 (Trial Pleading) Third Party Complaint (Aug. 25, 2005) Original Image of this Document (PDF)
• 2005 WL 2299702 (Trial Pleading) Plaintiff's Reply to Defendant's Amended Counterclaim (Jul. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 2299699 (Trial Pleading) Answer to Second Amended Complaint (Jul. 7, 2005) Original Image of this Document (PDF)
• 4:04cv01012 (Docket) (Nov. 8, 2004)
• 2004 WL 2889700 (Trial Pleading) Complaint for Declaratory Judgment (2004) Original Image of this Document (PDF)

END OF DOCUMENT

# Exhibit B

Slip Copy                                                                                                                  Page 1
Slip Copy, 2006 WL 1063299 (M.D.Fla.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Ocala Division.
AMERICAN HONDA MOTOR CO., INC., a foreign corporation, Plaintiff,
v.
MOTORCYCLE INFORMATION NETWORK, INC., a Florida corporation, Gregory S. Schweighart, Defendants.
No. 5:04-cv-12-Oc-10GRJ.

March 28, 2006.

David Graham Lerner, Hal K. Litchford, Paul E. Dehart, III, Litchford & Christopher, P.A., Orlando, FL, for Plaintiff.
S. Tracy Long, Silverman Santucci, LLP, Ft. Lauderdale, FL, for Defendants.

*ORDER*

GARY R. JONES, United States Magistrate Judge.

**\*1** Pending before the Court is American Honda's Motion For Contempt And Sanctions Against Robert Craig Knievel a/k/a Evel Knievel. (Doc. 104.) Defendants have filed a response (Doc. 112) and, thus, this matter is ripe for review.

**I. Background**

This motion arises out of Plaintiff's efforts to schedule the deposition of Robert Craig Knievel a/k/a Evel Knievel (hereinafter "Knievel.") Plaintiff's counsel, Paul DeHart, outlines the repeated efforts he made to schedule the deposition with Knievel's counsel, Michael Santucci and Philip Duvalsaint, who also represented the Defendants in this action. Counsel ultimately agreed that Knievel's video deposition would be taken on September 14, 2005 in Kansas City, Missouri. Mr. Santucci advised Mr. DeHart that "because of [Knievel's] travel schedule, my firm will have to accept the subpoena on his behalf." FN1 On September 7, 2005, Mr. DeHart provided Mr. Duvalsaint with a notice of taking video deposition and subpoena duces tecum. FN2 On September 9, 2005, Mr. Duvalsaint advised Mr. DeHart that Knievel would be in St. Louis Missouri, not Kansas City, on September 14, 2005. FN3 Based on that representation, counsel for Plaintiff cancelled their plane reservations to Kansas City, Missouri and made arrangements for the deposition to take place in St. Louis, Missouri. On September 12, 2005, counsel agreed that the deposition would take place in St. Louis, Missouri on September 14, 2005 at 9:30 a. m. FN4 Mr. DeHart forwarded another subpoena to Knievel's counsel with the Kansas City address crossed out and the address for the deposition in St. Louis written by hand. FN5 Plaintiff's counsel and Mr. Duvalsaint appeared for the deposition, however, Knievel did not appear. FN6

   FN1. Doc. 104, Exhibit C.

   FN2. See Doc. 104, Exhibit E.

   FN3. See id., Exhibits F & G.

   FN4. See id., Exhibit I.

   FN5. See Doc. 112, Exhibit A, ¶ 7.

   FN6. See Doc. 104, page 7; Doc. 103.

As a result of Knievel's failure to appear for his deposition, Plaintiff requests that the Court find Knievel in contempt of Court and award Plaintiff its reasonable attorneys' fees and costs incurred as a result of Knievel's failure to appear for the deposition. FN7

   FN7. Plaintiff also asked that the Court preclude Knievel from testifying or otherwise appearing in the case. However, because this case was already resolved on summary judgment (Doc. 115), Plaintiff's request is moot.

**II. Discussion**

Plaintiff's motion is premised on Rules 37 and 45 of the Federal Rules of Civil Procedure. Because the instant motion involves a non-party witness who failed to appear at a scheduled deposition, Rule 37 (which applies only to parties) is not applicable. The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45(e), which provides: "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                                                                    Page 2
Slip Copy, 2006 WL 1063299 (M.D.Fla.)
**(Cite as: Slip Copy)**

which the subpoena issued."

Neither Knievel nor his lawyers have offered any explanation as to why Knievel failed to attend his deposition. In fact, counsel for Knievel attested that Knievel failed to attend his deposition "for reasons which have not been explained to me." FN8 In its motion, Plaintiff represents that "the only explanation offered was a second-hand account that it was not convenient for Knievel to come to downtown St. Louis." FN9 As such, Knievel has failed to provide an adequate excuse for his failure to appear for his deposition.

>FN8. See Doc. 112, Exhibit A, ¶¶ 9 & 10.

>FN9. Doc. 104, page 7.

**\*2** Nevertheless, Knievel makes two arguments as to why the Court should not impose sanctions. First, Knievel argues that sanctions are not available because Plaintiff failed to obtain a court order to enforce the subpoena. However, the Eleventh Circuit has found that "[i]f a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order." Thus, Plaintiff was not required to seek an order from the Court to enforce the subpoena before filing this motion.

Second, Knievel argues that the subpoena was defective because it was issued from the Middle District of Florida for a deposition in Missouri FN10 and Plaintiff failed to tender the fees for attendance and mileage. FN11 While these deficiencies could render the subpoena unenforceable, counsel for Knievel waived any objections to the substance or service of the subpoena. Knievel's counsel has attested that he noted the above deficiencies when he received the subpoena, but chose to "move forward with the process," rather than moving to quash the subpoena or even mentioning the deficiencies to opposing counsel. FN12 Indeed, a lawyer from his own office traveled to St. Louis, Missouri for the deposition because he believed Knievel was going to appear for the deposition. FN13 As such, Knievel cannot now argue that he did not comply with the subpoena because it was defective.

>FN10. See Rule 45(a)(2)("A subpoena for a attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken.")

>FN11. See Rule 45(b)("Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.")

>FN12. Doc. 112, Exhibit A, ¶¶ 5-6

>FN13. See id., ¶ 8.

However, even though Knievel failed to appear for his deposition without "adequate excuse", the Court is disinclined to enter an order of contempt. While attorney's fees and travel expenses may be authorized as sanctions under Rule 37, the remedy available under Rule 45 for failure to appear is a finding of contempt. Because the case already has been resolved on summary judgment, a finding of contempt would be a useless act at this juncture of the case. The available options to enforce a contempt finding would include banning Knievel from testifying, or ordering incarceration or a fine to coerce appearance by Knievel at his deposition. However, because these courses of action would be useless at this juncture in view of the fact that the testimony of Knievel is no longer necessary, a finding of contempt would not be appropriate. Accordingly, for these reasons, American Honda's Motion For Contempt And Sanctions Against Robert Craig Knievel a/k/a Evel Knievel (Doc. 104) is due to be **DENIED.**

Lastly, in the Court's Order, dated December 27, 2005, which granted American Honda's Motion For Summary Judgment, the Court directed the Clerk to withhold entry of final judgment pending resolution of the instant motion for contempt and sanctions. Now that the motion for contempt has been ruled upon, and there are no other matters pending, the Clerk should be directed to enter final judgment and close the file.

**IT IS SO ORDERED.**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2006 WL 1063299 (M.D.Fla.)
**(Cite as: Slip Copy)**

M.D.Fla.,2006.
American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.
Slip Copy, 2006 WL 1063299 (M.D.Fla.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3636134 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Defendants' Objections to U.S. Magistrate Judge Jones' Report and Recommendation that American Honda's Dispositive Motion for Summary Judgment should be Granted (Nov. 28, 2005) Original Image of this Document (PDF)

• 2005 WL 3636132 (Trial Motion, Memorandum and Affidavit) Response to American Honda's Motion for Contempt and Sanctions (Nov. 10, 2005) Original Image of this Document (PDF)

• 2005 WL 3636133 (Trial Motion, Memorandum and Affidavit) Defendants' Objections to Report and Recommendation of U.S. Magistrate Judge (Motion for Summary Judgment) (Nov. 10, 2005) Original Image of this Document (PDF)

• 2005 WL 3636131 (Trial Motion, Memorandum and Affidavit) Defendant/Counterclaimant's Response to Plaintiff's Motion for Summary Judgment (Sep. 7, 2005) Original Image of this Document (PDF)

• 2005 WL 3636129 (Trial Motion, Memorandum and Affidavit) American Honda Motor Co., Inc.'s Dispositive Motion for Summary Judgment (Aug. 2, 2005) Original Image of this Document (PDF)

• 2005 WL 3636130 (Trial Motion, Memorandum and Affidavit) American Honda Motor Co., Inc.'s Memorandum of Law in Support of its Dispositive Motion for Summary Judgment (Aug. 2, 2005) Original Image of this Document (PDF)

• 2005 WL 3636128 (Trial Motion, Memorandum and Affidavit) Counterclaimant's Memorandum of Law in Support of its Motion to Strike Untimely Amended Answer and Affirmative Defenses Filed by Plaintiff/Counterclaim Defendant (Jul. 7, 2005) Original Image of this Document (PDF)

• 2005 WL 3628923 (Trial Pleading) Answer and Affirmative Defenses to Counts II III, V, and VI of Defendant's Amended Counterclaim (Jun. 29, 2005) Original Image of this Document (PDF)

• 2005 WL 3636127 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to American Honda Motor Co., Inc.'s Motion to Dismiss Counts Ii Through Vii of Defendant's Amended Counterclaim (Jan. 14, 2005) Original Image of this Document (PDF)

• 2004 WL 3650890 (Trial Pleading) American Honda Motor Co., Inc.'s Answer and Affirmative Defenses to Count I of Defendant's Amended Counterclaim (Dec. 20, 2004) Original Image of this Document (PDF)

• 2004 WL 3651186 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of American Honda Motor Co., Inc's Motion to Dismiss Counts Ii Through Vii of Defendant's Amended Counterclaim (Dec. 20, 2004) Original Image of this Document (PDF)

• 2004 WL 3650889 (Trial Pleading) First Amended Counterclaim (Dec. 2004) Original Image of this Document (PDF)

• 2004 WL 3651185 (Trial Motion, Memorandum and Affidavit) American Honda Motor Co., Inc.'s Memorandum of Law in Support of its Motion for Sanctions (Aug. 31, 2004) Original Image of this Document (PDF)

• 2004 WL 3651184 (Trial Motion, Memorandum and Affidavit) American Honda Motor Co., Inc.'s Response to Counterplaintiffs' Motion for Enlargment of Time to Respond to American Honda's Motion to Dismiss (Jun. 22, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 3650888 (Trial Pleading) American Honda Motor Co., Inc.'s Answer and Affirmative Defenses to Count I of Counterclaim (Jun. 3, 2004) Original Image of this Document (PDF)

• 2004 WL 3651182 (Trial Motion, Memorandum and Affidavit) American Honda Motor Co., Inc.'s Motion to Compel and for Sanctions, and Incorporated Supporting Memorandum of Law (Jun. 3, 2004) Original Image of this Document (PDF)

• 2004 WL 3651183 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of American Honda Motor Co., Inc.'s Motion to Dismiss Counts Ii Through Vi of Counterclaim (Jun. 3, 2004) Original Image of this Document (PDF)

• 2004 WL 3646266 (Trial Pleading) Answer to Complaint for Declaratory Judgment, Counterclaim, and Third-Party Claim (May 10, 2004) Original Image of this Document

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy   Page 4
Slip Copy, 2006 WL 1063299 (M.D.Fla.)
**(Cite as: Slip Copy)**

(PDF)
• 2004 WL 3651181 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for more Definite Statement and to Determine Amount in Controversy (Mar. 15, 2004) Original Image of this Document with Appendix (PDF)
• 2004 WL 3651180 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss, or in the Alternative, Motion for more Definite Statement and to Determine Amount in Controversy (Mar. 1, 2004) Original Image of this Document (PDF)
• 2004 WL 3651179 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Reconsideration of Magistrate Judge's January 30, 2004 Order and Entry of Defaults and Incorporated Memorandum of Law (Feb. 4, 2004) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.