# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 17, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

**VIA ELECTRONIC FILING**

Re:   *Amgen et al v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-KAJ

Dear Judge Jordan:

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") submits this letter in response to Plaintiffs' August 16, 2006 letter seeking an order compelling ARIAD to "provide substantive responses" to Plaintiffs' voluminous and highly burdensome discovery requests. Plaintiffs concede that ARIAD's responses to Plaintiffs' discovery requests were timely.[1] Plaintiffs suggest, however, that ARIAD failed to comply with its obligations by serving objections to Plaintiffs' objectionable discovery requests. This is not the law.

One of the multiple objections interposed by ARIAD to Plaintiffs' discovery requests was that the discovery requests are premature in light of ARIAD's Motion to Dismiss for lack of subject matter jurisdiction. In the course of meeting and conferring, the only issue the parties addressed in full was this objection, which Plaintiffs erroneously characterize as an objection "in light of ARIAD's contemporaneously-filed motion to stay discovery," amounting to an "impermissible *de facto* stay." The parties agreed that that Plaintiffs would ask the Court to consider the propriety of ARIAD's objection on this basis, and resulting lack of substantive responses to certain discovery requests, during the August 18, 2006 teleconference. ARIAD also interposed many other objections to each of Plaintiffs' discovery requests. To the extent that Plaintiffs' motion to compel touches on those other objections, the parties have only just begun to meet and confer on such issues, and they are not ripe for adjudication.

Plaintiffs' accusations—that ARIAD objected to Plaintiffs' discovery requests "in light of ARIAD's contemporaneously-filed motion to stay discovery" and granted itself an "impermissible *de facto* stay"—miss the mark. First, ARIAD's objection is not that Plaintiffs' discovery requests are premature "in light of ARIAD's contemporaneously-filed motion to stay discovery," but rather that those requests are premature, and that it would be unjust and unduly burdensome to compel ARIAD to respond substantively to Plaintiffs' requests at this time, in light of ARIAD's Motion to Dismiss for lack of subject matter

---

[1] Thus, Plaintiffs' reliance on *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992), is misplaced. In that case, the party seeking the stay had failed altogether to serve responses to discovery requests, thereby waiving all objections.

The Honorable Kent A. Jordan
August 16, 2006
Page 2

jurisdiction, *as explained in detail in* ARIAD's papers in support of its motion to stay discovery. Put differently, ARIAD has objected to Plaintiffs' voluminous discovery requests not *based on* ARIAD's motion to stay discovery, but *on the same basis as* ARIAD's motion to stay discovery.

ARIAD has no quarrel with the basic rule, articulated in *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989), that discovery continues while a motion to stay discovery is pending. That is why ARIAD timely served its Rule 26(a) disclosure and timely served its objections and responses to Plaintiffs' discovery responses. But this rule does not, and cannot, prevent a party from objecting to discovery requests based on arguments presented in a contemporaneously filed motion to stay. Otherwise, parties would be forced to choose between filing motions to stay and objecting to the timing and burden of clearly objectionable discovery requests, effectively denying an aggrieved party access to the Court to seek meaningful relief by requiring the aggrieved party to suffer the very harm it seeks to avoid while waiting for the Court to react to its plea for protection.[2] Here, ARIAD should not be barred from objecting to Plaintiffs' discovery requests as premature, irrelevant, and unduly burdensome based on its pending Motion to Dismiss merely because the Court has not yet had the opportunity to adjudicate ARIAD's motion for a temporary stay of discovery.

Because the issues underlying ARIAD's objections are discussed in detail in ARIAD's opening and reply briefs in support of its Motion to Stay Discovery (D.I.s 47, 53), ARIAD does not repeat those arguments in full here. ARIAD notes only that it would be an enormous burden for ARIAD to respond substantively to Plaintiffs' 62 broad document

---

[2] If not as a courtesy to ARIAD, then as a courtesy to the Court, we would have hoped Plaintiffs would have been willing to wait briefly in order to afford the Court the opportunity to consider the matter rather than attempt to exploit the absence of a protective mechanism in the local rules—such as the one that exists to prevent this same situation from occurring in the context of depositions:

> Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), neither the objecting party, witness, nor any attorney is required to appear at the deposition to which the motion is directed until the motion is ruled upon. The timely filing of a motion under either of these rules shall stay the discovery to which the motion is directed pending further order of the Court.

Local Rule 30.2.

requests and 15 complex interrogatories (many with multiple subparts).[3] In contrast, Plaintiffs would not be harmed at all by waiting until after ARIAD's Motion to Dismiss is adjudicated, when it is scheduled to be heard on September 11, 2006. The discovery sought does not relate at all to the pending Motion to Dismiss, which, if granted, would completely eliminate the need for any discovery at all. Each of these factors weighs heavily in favor of granting a temporary stay of discovery, including the presently disputed discovery requests, pending adjudication of ARIAD's Motion to Dismiss. Moreover, because this Court lacks subject matter jurisdiction to adjudicate this matter and Plaintiffs did not have the reasonable apprehension of suit that would have entitled them to file this action in the first place, it would be contrary to principles of fundamental fairness for Plaintiffs to be permitted to use their ill-gotten access to the Court's discovery rules obtain the requested documents and information before the Court has an opportunity to decide ARIAD's Motion to Dismiss.

In sum, ARIAD has properly objected to Plaintiffs discovery requests based on the pendency of ARIAD's Motion to Dismiss, and should not be compelled to provide any additional substantive responses to any of Plaintiffs' discovery requests, if at all, until after the adjudication of ARIAD's Motion to Dismiss. Moreover, even if the Court does not permit ARIAD to object to Plaintiffs' discovery requests based on the pendency of ARIAD's Motion to Dismiss, ARIAD should not be compelled to provide any additional substantive responses to Plaintiffs' discovery responses at this juncture, because, as Plaintiffs acknowledge, the parties must meet and confer with respect to ARIAD's other objections to Plaintiffs' discovery requests. Thus, Plaintiffs' motion to compel should be denied.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf
cc:   Elizabeth L. Rosenblatt, Esquire (via electronic mail)
      Melanie K. Sharp, Esquire (by hand and electronic mail)
      Mark A. Pals, Esquire (via electronic mail)
      Drew Diamond, Esquire (via electronic mail)

---

[3] Moreover, Plaintiffs' document requests and interrogatories each include requests for information that does not exist, such as ARIAD's "infringement contentions" and damage calculations. (*See, e.g.,* Interrogatory Nos. 2, 3, 15; Document Request Nos. 33, 39.) In addition to objecting to these requests, ARIAD responded that the requested information does not exist. Plaintiffs insist that these responses are not "substantive," yet there is no more substance with which ARIAD could reply. As set forth in the briefs supporting its Motion to Dismiss and in its initial disclosure, ARIAD has not performed an infringement analysis with respect to the Enbrel® or Kineret® products and the patent-in-suit. The expense and burden on ARIAD of being required to develop "infringement contentions" and damage calculations simply to answer Plaintiffs' discovery requests would be extreme, yet that is precisely what Plaintiffs' motion to compel would demand.