# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 30, 2006

The Honorable Kent A. Jordan　　　　　　　　　　VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, Delaware 19801

　　　Re:　*Amgen et al v. ARIAD Pharmaceuticals, Inc.*,
　　　　　　C.A. No. 06-259-KAJ

Dear Judge Jordan:

　　　We write to request the Court's assistance in resolving a dispute between the parties relating to the September 11, 2006 hearing on ARIAD's motion to dismiss Amgen's declaratory judgment complaint in the above action.

　　　In a July 21 letter to the Court, Amgen represented that "facts exist that directly refute and/or explain" statements in ARIAD's reply brief in support of its motion to dismiss (D.I. 39). Amgen asked that oral argument be scheduled, or alternatively that it be permitted a surreply, so that it could present these additional facts.

　　　We have asked Amgen to disclose in advance of the hearing any such new facts upon which it intends to rely that are not included in the briefing, so that we will be prepared to respond appropriately and present the Court with a complete record on which to base its decision. We emphasized that ARIAD is not asking Amgen to disclose the arguments it intends to make at the September 11 hearing, but rather, to disclose the additional facts upon which it intends to base its arguments. In other words, if Amgen intends to present evidence at the hearing that was not included in the briefing, then ARIAD simply would like to see that new evidence in advance of the hearing so that we can be prepared to address it. Amgen, however, refuses to disclose its additional evidence, stating that it is not aware of any authority requiring it to comply with ARIAD's request. The letters between counsel on this subject, dated August 23, 25, 26, and 29, 2006, are attached hereto as Exhibit A.

　　　The purpose of oral argument is not to play "hide the ball" and attempt to obtain a tactical advantage via ambush. If Amgen wishes to present evidence outside the current briefing, it should be required to share that evidence in advance so that we can be prepared to address it. Aside from the fact that advance notice of the evidence upon which a party will rely is always appropriate, the need is even more compelling where, as here, the Court indicated that it may rule from the bench.

The Honorable Kent A. Jordan
August 30, 2006
Page 2


      ARIAD respectfully requests that Amgen be required, by no later than one week prior to the hearing, to disclose all facts upon which it intends to rely that are not already part of the briefing on the motion to dismiss, and that it be precluded from presenting any evidence not so disclosed. For the Court's convenience, a proposed form of order is attached hereto as Exhibit B.

      We appreciate Your Honor's consideration of this request.

                                  Respectfully,

                                  */s/ Steven J. Balick*

                                  Steven J. Balick

SJB/dmf
Attachments
172612.1

cc:     Jason G. Sheasby, Esquire (via electronic mail; w/attachments)
         Melanie K. Sharp, Esquire (by hand and via electronic mail; w/attachments)
         Mark A. Pals, Esquire (via electronic mail; w/attachments)
         Drew Diamond, Esquire (via electronic mail; w/attachments)

# EXHIBIT A

Case 1:06-cv-00259-MPT	Document 63-2	Filed 08/30/2006	Page 1 of 7

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7096
FACSIMILE (310) 203-7199
jsheasby@irell.com

August 23, 2006

Marcus E. Sernel
Kirklan & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re:   Amgen et al. v. ARIAD Pharmaceuticals, Inc., C.A. No. 06-259-KAJ

Dear Marc:

Amgen's July 21, 2006 letter to the Court indicates that "facts exist that directly refute and/or explain" positions taken in ARIAD's motion to dismiss. So that the issues before the Court can be fully developed, we ask that Amgen provide ARIAD with these new "facts" as soon as possible, and no later than 12 days before the hearing date for the motion.

We ask that you confirm by Friday, August 25, whether Amgen will agree to provide ARIAD with the "facts" it intends to present at the hearing within the time frame specified above, so that there will be sufficient time for us to seek relief from the Court in the event that Amgen elects not to do so.

Very truly yours,

/s/ Jason G. Sheasby

Jason G. Sheasby

JGS

1555785.

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Marcus E. Sernel
To Call Writer Directly:
312 861-2389
msernel@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

August 25, 2006

VIA E-MAIL

Jason Sheasby
Irell & Manella.
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re: *Amgen et al. v. ARIAD Pharmaceuticals, Inc.*, D. Del. Civil Action No. 06-259-KAJ

Dear Jason:

I write to respond to your letter of August 23.

With respect to ARIAD's demand for the argument we intend to present at the September 11 hearing, I must first say I find it ironic that ARIAD is seeking discovery from Amgen when ARIAD has fought so hard to stay discovery. In any event, I am not aware of any authority that would require us to disclose any aspect of our argument with respect to the motion to dismiss prior to the hearing itself. If you are aware of authority that supports your position, please provide it to us so that we can consider it fully and please provide a detailed explanation of why ARIAD believes it is entitled to such information (which explanation is entirely absent from your letter of August 23).

Please feel free to contact me if you have any questions.

Very truly yours,

p.p. *Drew Diamond*

Marcus E. Sernel

London     Los Angeles     New York     San Francisco     Washington, D.C.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7096
FACSIMILE (310) 203-7199
jsheasby@irell.com

August 26, 2006

Marcus E. Sernel
Kirklan & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re: Amgen et al. v. ARIAD Pharmaceuticals, Inc., C.A. No. 06-259-KAJ

Dear Marc:

I was disappointed at both the content and tone of your August 25 letter. You previously represented to the Court in writing, on July 21, 2006, that "facts exist that directly refute and/or explain" statements in ARIAD's reply brief in support of its motion to dismiss. I merely asked that you identify those facts sufficiently in advance of the September 11 hearing so as to avoid surprises that otherwise could leave ARIAD unprepared to provide the Court with a meaningful response and a complete record on which to make a decision. You responded with the suggestion that our request somehow is inconsistent with our motion to stay discovery, which is a non sequitur, and with a demand that we provide you with a written explanation, supported by authority, demonstrating any obligation on your part to disclose the facts to which you referred in your July 21 letter to the Court.

First, our request has nothing whatsoever to do with the motion to stay discovery. The motion for a stay sought a very limited period of protection from the burdens of merits discovery while the Court decides whether it has subject matter jurisdiction over your claims and whether you had sufficient grounds to file a complaint seeking declaratory relief. Our current request simply asks you to disclose the additional facts which you yourselves cryptically described to the Court, and upon which you apparently intend to rely at the upcoming hearing. The distinction between the two is obvious, and our current request is not the least bit inconsistent or hypocritical.

And second, we are not asking you to lay out the arguments you intend to make; we are asking you to identify the additional facts upon which you intend to base your arguments, so that we can be prepared to respond. We believe that Judge Jordan will consider our request to be a very reasonable one. If you intend to put facts before the Court that are not reflected in the briefing, then in fairness we are entitled to advance notice of those facts so that we can prepare to respond to them.

1558036.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Marcus E. Sernel
August 26, 2006
Page 2


      Please let me know by Tuesday, August 29, whether you will comply with our request. If not, we intend to ask the Court either to order you to do so or to preclude you from presenting any facts at the September 11 hearing that are not already a part of the currently briefed record on the motion to dismiss.

                    Very truly yours,

                    /s/ Jason G. Sheasby

                    Jason G. Sheasby

JGS

1558036.

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Marcus E. Sernel
To Call Writer Directly:
(312) 861-2389
msernel@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

August 29, 2006

**VIA E-MAIL**

Jason G. Sheasby
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re: *Amgen et al. v. ARIAD Pharmaceuticals, Inc.*, D. Del. Civil Action No. 06-259-KAJ

Dear Jason:

I received your letter of Saturday afternoon imposing a deadline of today for responding to your reiterated demand.

On July 21, Amgen asked the Court for permission to address new evidence that ARIAD submitted with its reply brief in support of its motion to dismiss. Amgen indicated that it was willing to do so in a surreply or at oral argument, whichever the Court preferred. On July 25, ARIAD responded to Amgen's request, indicating that it was agreeable to either approach. ARIAD did not indicate that it demanded a preview of how Amgen would respond to ARIAD's new evidence. On July 25, the Court set oral argument as ARIAD had specifically indicated was acceptable. (Of course, there was subsequent additional correspondence on the question of oral argument on the motion to dismiss in view of the various vacations or commitments of ARIAD's counsel, none of which raised ARIAD's demand for information about Amgen's argument.)

On August 23, nearly a full month after agreeing to Amgen's alternative proposal to address ARIAD's new evidence at oral argument, you inserted a demand for information about how Amgen may respond. Setting aside the fact that you believe it appropriate to delay for four weeks in making a demand and then insist on an immediate response from Amgen, your demand is inappropriate. We asked if you have any authority for your position and you were unable to provide any. Nor are we aware of any. It was ARIAD that submitted new evidence with its reply brief. And it was ARIAD that agreed that Amgen can respond at oral argument. We see no reason to deviate from the procedure to which the parties agreed and that the Court ordered.

London       Los Angeles       New York       San Francisco       Washington, D.C.

## KIRKLAND & ELLIS LLP

August 29, 2006
Page 2

Very Truly Yours,

for *[signature]*
Marcus E. Sernel

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-259-KAJ |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) | |

## **ORDER**

This _____ day of _____, 2006, plaintiffs ("Amgen") having expressed a desire to present additional evidence in support of their position at the September 11, 2006 hearing on the pending motion to dismiss (D.I. 13) (the "Motion"), defendant ("ARIAD") having asked for disclosure of any such evidence in advance of the hearing, and Amgen having objected to ARIAD's request for advance disclosure; now therefore,

IT IS HEREBY ORDERED that:

1. Amgen shall provide to ARIAD's counsel, by no later than one week prior to the September 11, 2006 hearing, all evidence not already disclosed in the briefing on the Motion that Amgen will ask the Court to consider in support of its position.

2. In reaching a decision on the Motion, the Court will not accept or consider any such additional evidence that has not been so disclosed.

_____
United States District Judge

172628.1