# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 7, 2006

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:    *Amgen et al v. ARIAD Pharmaceuticals, Inc.*,
C.A. No. 06-259-KAJ

Dear Judge Jordan:

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") submits this letter in response to the Court's statement during the August 18, 2006 teleconference permitting a supplemental submission with respect to the subpoena issued by Plaintiffs to Eli Lilly & Company ("Lilly") in this matter ("the Subpoena") (Exhibit A).

The Subpoena demands an extremely broad set of documents concerning litigation between Lilly on the one hand, and ARIAD and non-parties Harvard University, the Massachusetts Institute of Technology, and the Whitehead Institution ("the Institutions") on the other, relating to Lilly's Xigris® and Evista® products and the '516 patent (the "Lilly litigation").[1]    Among other things, this demand for production includes every single document, deposition, and other item of information that ARIAD and the Institutions designated as Confidential Information under the protective order entered in the Lilly litigation ("the Boston Protective Order") (Exhibit B).    Under Section II.20 of the Boston Protective Order, disclosure of Confidential Information is appropriate only upon a finding by this Court that the specific information sought by Plaintiffs is both relevant and subject to disclosure in the present case.[2]    Plaintiffs bear the burden of proof in seeking such a finding. *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 258 (D. Del. 1992).

---

[1] Plaintiffs have agreed not to seek the parties' settlement communications in connection with the Lilly litigation.  Plaintiffs have also agreed that, if discovery proceeds in this matter and the present Subpoena is not quashed, Plaintiffs will instruct Lilly not to produce such settlement communications, and will copy counsel for ARIAD and the Institutions on such instructions.

[2] As set forth in ARIAD's Letter Brief of August 16, 2006, the information sought by Plaintiffs is not subject to disclosure in the present case for the additional reason that the Subpoena is defective on its face.

The Honorable Kent A. Jordan
September 7, 2006
Page 2


Plaintiffs cannot meet their burden of proving that all of the requested Confidential Information is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). While the categories of information demanded by Plaintiffs undoubtedly include relevant information, they are so broad that they undoubtedly include irrelevant information as well. Because neither Plaintiffs nor Lilly has identified specific documents to be produced, ARIAD cannot be sure what irrelevant information is at stake. A few areas stand out, however:

- The Lilly litigation involved counterclaims of laches and unenforceability, which have not been asserted in the present litigation. Since discovery is limited to matters relevant to the claims and defenses of parties, discovery into this area would be a fishing expedition at best. Fed. R. Civ. P. 26(b)(1); *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 41 (D. Del. 1993) ("While a plaintiff is entitled to a full opportunity to adduce evidence in support of the cognizable claims set out in his complaint, he is not entitled to discovery for the purpose of determining whether or not there may be a factual basis for a claim he has not made," *quoting McLaughlin v. Copeland*, 455 F. Supp. 749, 753 (D.Del. 1978)).

- Infringement, willfulness, and damages issues in the Lilly litigation relate to Xigris® and Evista®, products not at issue in the present litigation. To the extent that documents, expert reports, depositions, or other materials demanded in the Subpoena relate to those issues with respect to those products or to Lilly, they are not relevant. Such information would include, for example, information relating to ARIAD's analysis of Xigris® and Evista®, information relating to whether ARIAD and Lilly are competitors, and information relating to ARIAD's analysis of the profitability, advantages, or disadvantages of Xigris® or Evista®. *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Assuming this Court allows discovery to proceed, ARIAD has no interest in depriving Plaintiffs of discovery to which they are entitled. Plaintiffs, however, are not entitled to irrelevant documents, and ARIAD is understandably concerned about allowing its adversary, Lilly, to make all decisions regarding relevance, in its sole and unchecked discretion, when ARIAD's and the Institutions' confidential documents are at stake. By the time ARIAD is able to see what has been produced, it will be too late to prevent the harm of disclosure of confidential irrelevant documents, and ARIAD will have been denied the benefit of the safeguards in the Boston Protective Order.

To address this concern, ARIAD proposes a procedure by which it might meaningfully assess the relevance of the confidential information to be disclosed to Plaintiffs, rather than have that assessment made by (the almost-undoubtedly hostile) Lilly:

The Honorable Kent A. Jordan
September 7, 2006
Page 3


(1) Lilly will produce any documents designated as "Confidential Information" under the Boston Protective Order to ARIAD rather than Plaintiffs; (2) ARIAD will then have 30 days to produce relevant documents to Plaintiffs under the terms of the Protective Order that will be entered in the present case, and to provide a log identifying any documents withheld and the reasons for withholding them.  This procedure avoids the risk of unnecessary disclosure of confidential documents, using a process similar to the one contemplated in section II.7(b) of the Boston Protective Order, without the highly impractical burden of *in camera* review.

Finally, ARIAD objects to the production of the confidential opinions of ARIAD's experts in the Lilly litigation (as expressed, for example, in confidential expert reports and confidential testimony) before the time period for exchanging expert reports set out in the Scheduling Order.  The parties have not yet designated testifying experts under Rule 26(a)(2)(A), such that allowing discovery of such information at this early stage would be tantamount to permitting discovery of non-testifying experts (permitted under Rule 26(b)(4)(B) only under exceptional circumstances not present here).  If, at the time for expert disclosures in this case, ARIAD elects to designate the same testifying experts as were used in the Lilly litigation, then Plaintiffs can seek the confidential Lilly litigation expert materials at that time.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)


SJB: nml
Attachments
172916.1

cc:    Elizabeth L. Rosenblatt, Esquire (via electronic mail; w/attachments)
       Melanie K. Sharp, Esquire (by hand and via electronic mail; w/attachments)
       Mark A. Pals, Esquire (via electronic mail; w/attachments)
       Drew Diamond, Esquire (via electronic mail; w/attachments)

# EXHIBIT A

AO88  (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

Amgen, Inc. et al.

V.

ARIAD Pharmaceuticals, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   06-259-KAJ

TO:
Eli Lilly and Company
c/o National Registered Agents, Inc., its Registered Agent for Service of Process
160 Greentree Drive
Suite 101
Dover, DE 19904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Attn: Marcus Sernel, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL  60601 | August 17, 2006 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney for Plaintiffs) | August 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Melanie K. Sharp, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE  19801, (302) 571-6681

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Delaware Rev. 7/00) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE  National Registered Agents Inc |
| SERVED | August 11, 2006 | 160 Greentree Drive Ste 101 Dover DE 19904 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Jodi Harrington At 2:25 pm | | Subpoena |
| SERVED BY (PRINT NAME) | | TITLE |
| Marian Hogan | | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   8-11-06
_____
DATE

Marian Hogan
_____
SIGNATURE OF SERVER

32 Coolerman Square Ste 104
_____
ADDRESS OF SERVER

Dover, DE 19904

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### Definitions

1. "And," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

2. "ARIAD Pharmaceuticals, Inc." means ARIAD Pharmaceuticals, Inc, and all of its corporate parents, predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. "Correspondence or written communications" refers to electronic mail, faxes, letters, handwritten notes, memoranda, telegrams, teletypes, telecopies, and any other form of transmitted information or message, whether in hard copy, electronic, or other form.

4. "Document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure, and shall include any means for retaining information.

5. "Expert report" means a report served pursuant to Fed. R. Civ. P. 26(a)(2)(B), including any supplemental report or addendum to an expert report.

6. "The Institutions" means the Massachusetts Institute of Technology, The Whitehead Institute for Biomedical Research, and the President and Fellows of Harvard College, and all of their past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

7. "The litigation" means *ARIAD Pharmaceuticals, Inc. et al. v. Eli Lilly and Company*, Civil Action No. 02 CV 11280 RWZ, in the District of Massachusetts.

8. "Party" means any named party to the litigation identified above, or any attorney, employee or agent for such a party.

### Requests

1. All documents and things produced by ARIAD Pharmaceuticals, Inc., or by any of the Institutions, in the course of the litigation.

2. All pleadings, motions and supporting memoranda, briefs, discovery requests and responses, and privilege logs, filed and/or served by any party in the course of the litigation. This request includes any declarations and exhibits associated with any of the foregoing.

3. All correspondence or written communications between the parties relating to the litigation or the subject matter of the litigation.

1

4. All correspondence or written communications to the Court from any party, or from the Court to any party, in the course of the litigation.

5. All orders and written opinions issued by the Court in the course of the litigation.

6. All presentations or tutorials presented or submitted to the Court by any party.

7. All transcripts of any proceedings during the course of the litigation, including but not limited to depositions, hearings, tutorial presentations, oral argument, conferences, and all phases of trial.

8. All expert reports, including all exhibits attached thereto, served by or on behalf of a party in the litigation.

9. All deposition and trial exhibits, including but not limited to demonstrative exhibits, from the litigation.

10. All documents and things related to any administrative proceedings concerning U.S. Patent No. 6,410,516, including but not limited to reexamination proceedings.

**Note:** All documents produced in response to the subpoena to which this exhibit is attached will be subject to the protective order governing the action pursuant to which the subpoena has been issued, including the default protective order provisions of the U.S. District Court for the District of Delaware (e.g., L.R. 26.2).

DB02:5462420.1

065028.1001

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIAD PHARMACEUTICALS, INC.,<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY, THE WHITEHEAD<br>INSTITUTE FOR BIOMEDICAL RESEARCH,<br>RWZ<br>and THE PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE<br><br>    Plaintiffs,<br><br>ELI LILLY AND CO.,<br>    Defendant | )<br>)<br>)<br>) Civil Action No.02 CV 11280<br>)<br>)<br>)<br>) U.S. District Judge<br>)<br>) Rya W. Zobel<br>)<br>) |

STIPULATED PROTECTIVE ORDER
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 26(c)

WHEREAS, in the course of this litigation, Plaintiffs ARIAD Pharmaceuticals,

Inc., Massachusetts Institute of Technology, The Whitehead Institute for Biomedical

Research and the Presidents and Fellows of Harvard College (Plaintiffs collectively

"ARIAD") and Defendant Eli Lilly & Co. ("Lilly") (Plaintiffs and Defendant

collectively, the "Parties") expect discovery requests made in this action to encompass

certain information which may constitute trade secrets and/or other confidential research,

development or commercial information within the meaning of Federal Rule of Civil

Procedure ("F. R. Civ. P.") Rule 26(c) or any other applicable local rule of the Court.

The Parties, by and through their respective counsel, therefore stipulate to the entry

1

of this Order regarding discovery from the Parties and/or Third Parties of sensitive
information defined as Confidential Information according to the terms of this Order.

## 1.   DEFINITIONS

1. "Order" means this Stipulated Protective Order.


2. "Outside Counsel" means outside attorneys engaged by a Party, including
outside attorneys of record and outside attorneys admitted pro hac vice.


3. "Designated In-House Staff" means and shall be limited to five designated
individuals for each Party, which in the case of Plaintiffs are Jonathan Hulbert, Karin
Rivard and Laurie Allen, and David Bernstein, and in the case of Lilly are, Paul Cantrell,
Alexander Wilson, Gilbert Voy, Douglas Norman and Amy Hamilton.

4. "Party" means a party to this Litigation.


5. "Third Party" means a person or entity not a party to this Litigation.


6. "Confidential Information" means information of any sort which a Party or a
Third Party in good faith believes constitutes, contains, reveals or reflects trade secrets or
other confidential research, development or commercial information, including but not
limited to commercial, financial, budgeting and/or accounting information; information
about existing and potential customers, marketing, performance and/or projections;
business strategies, decisions and/or negotiations; personnel compensation, evaluations
and other employment information; confidential and proprietary information about

2

affiliates, parents, subsidiaries and third parties with whom the Party or Third Party has had business relationships.

7. "Litigation" means the above-styled case, ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The Whitehead Institute for Biomedical Research and the presidents and Fellows of Presidents and Fellows of Harvard College v. Eli Lilly & Co., Case No. 02 CV 1 1280 RWZ, in the United States District Court for the District of Massachusetts.

## II.    TERMS OF THE ORDER.

### 1 . Form of Information Governed by the Order.

This Order shall apply to all information, including any document, or portion thereof, and any other form of evidence of discovery contemplated under F. R. Civ. P. 26 through 36, that in the good faith opinion of the Party or Third Party providing such discovery (the "Producing Party"), contains "Confidential Information" as defined herein. This Order shall apply to all information exchanged by any Producing Party, including, but not limited to documents, things, other discovery materials, depositions, testimony, as well as any other document or other material filed, generated or served by a Party in this litigation. The scope of this Order shall also be understood to encompass any information derived from, as well as testimony and oral conversation related to Confidential Information, and all copies, excerpts and summaries thereof.

### 2.  Use Of Confidential Information.

3

All Confidential Information including documents, things or contents thereof produced, or to be produced, by either Party or a Third Party (or their representatives) in connection with this litigation shall be used solely for the purpose of this litigation and for no other purpose whatsoever, shall be kept in confidence, and shall be disclosed or made available only to those persons specified in paragraphs 6, 7 or 8 herein.

### 3. Manner of Identifying Produced Documents.

Copies of documents produced pursuant to discovery in this Litigation shall bear a unique identifying number, except such unique identifying number is not required when documents are produced only for inspection.

### 4. Manner of Designating Confidential information.

(a) Confidential Information contained in physical objects or documents provided pursuant to initial disclosure obligations under F. R. Civ. P. Rule 26 and District of Massachusetts Local Rule 26.2(A), in response to discovery requests made under F. R. Civ. P. 3 1 , 33, 34, 36 or 45 and/or pursuant to a court order or otherwise, and documents prepared for filing with the Court shall be designated by stamping, marking or affixing on each page thereto, or for an object, at a visible location, a legend generally in the following form:

CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER

(b) Confidential Information revealed at a deposition upon oral examination pursuant to F. R. Civ. P. 30, shall be designated by specifying at the deposition that a Party's or a Third Party's Confidential Information is being revealed, or within fifteen

4

(15) days of receiving the transcript of the deposition, any Party or Third Party may designate the deposition or any portions thereof taken pursuant to this litigation as containing Confidential Information by identifying such deposition or portions thereof in writing to the Parties. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of Confidential Information included in documents as described herein. If at the deposition a Party or Third Party designates some or all of the deposition as containing Confidential Information, then the court reporter shall separately bind such deposition or portion thereof and mark the cover to such deposition or portion thereof with a legend generally in the following form:

CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER

If the designation occurs following receipt of the transcript, each recipient of the transcript shall stamp the designated pages with the appropriate foregoing legend.

**5. No Admission Or Waiver of Confidentiality and/or Waiver of Privilege**

(a) The designation of Confidential Information by a Producing Party is intended solely to facilitate compliance with discovery in this Litigation. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by another Party or Third Party that the designated information constitutes or contains Confidential Information.

(b) The inadvertent or unintentional failure by a Producing Party to designate specific documents or material shall not constitute a waiver in whole or in part of a Party's claim of that such documents or materials contain Confidential Information. Upon

5

notice to the receiving Party of such failure to designate specific documents or material as either "Confidential Information", the receiving Party shall cooperate fully to restore the confidentiality of the inadvertently disclosed information, without prejudice.

(c) If any Party inadvertently produces any document or other material that it reasonably believes is protected from discovery on grounds of attorney-client privilege or as attorney work~ product, such inadvertent production shall not be deemed a waiver of such privilege, and the Producing Party may give written notice to the receiving Party that the document or material produced is deemed privileged and that it requests the return of the document or material. Upon receipt of such written notice, the receiving Party shall immediately collect and return to the Producing Party the original and all copies of the produced document or material of which the receiving Party is aware. While such inadvertent disclosure shall not result in the waiver of any associated privilege, the return of the document(s) and/or material to the Producing Party shall not preclude the receiving party from later moving the Court to compel production of the returned document(s) and/or material on the basis that the Producing Party has waived its attorney-client and/or work product privilege as to such document(s) and/or material through some other ground not associated with its inadvertent production in this Litigation.

**6. Access to Confidential Information.**

(a) Access to Confidential Information shall be limited to, and only to, the following "qualified persons":

6

1. Outside Counsel, their employees and staff who are responsible for assisting in the preparation, trial or appeal of this Litigation, and companies or other organizations retained by Outside Counsel to provide litigation support services (for example, outside copy services, graphic art and visual aid providers, or jury consultants).

2. Designated In-House Staff as defined herein; and their respective clerical and paralegal support personnel whose function in connection with this Litigation requires access to Confidential Information.

3. Independent experts and consultants engaged by Outside Counsel and/or the Parties to assist in this Litigation, including their administrative and clerical personnel; provided, however, that such disclosure to such independent experts or consultants and their administrative and clerical personnel shall be made only under the conditions set forth in section 9 below.

4. The Court and court officials involved in this Litigation (including secretarial, clerical or support personnel of the Court, court reporters, persons operating video recording equipment at a deposition, and any special master appointed by this Court).

5. Any other person to whom the parties agree in writing according to paragraph 8, or that the Court allows.

(b) All materials containing Confidential Information shall be maintained by the receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

7

### 7. Additional Permissible Disclosure.

(a) Any document designated Confidential Information may also be disclosed to: (i) persons listed on the face of that document as an originator, author, or recipient of that document; or (ii) persons otherwise conclusively shown to be the originator, author or recipient of that document.

(b) In the event that counsel for a receiving Party deems it necessary to disclose any information of a Producing Party which has been designated as Confidential Information to any person not specified in paragraph 6 as qualified to receive such information, counsel for the receiving Party shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be made, the Party wishing to make such disclosure shall make an appropriate motion to the Court.

(c) Should the parties determine that certain discovery requires a more restricted level of disclosure than that set forth under the "Confidential" designation, the parties reserve the right to seek assistance from the Court to obtain a more restricted level of disclosure should the parties be unable to reach agreement on this issue.

### 8.  Unauthorized Disclosure

If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such unauthorized disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Party, make every effort to obtain the return of the disclosed Confidential Information and prevent any further disclosure of such information by the Party responsible for the unauthorized disclosure, or by any person who received such information through and/or as a result of such unauthorized disclosure.

### 9.  Independent Experts And Consultants.

(a) Independent experts or consultants whose advice and consultation are being or will be used in preparation for or at trial of this case, and their administrative and clerical personnel, may have access to documents and information designated as Confidential Information only according to the following procedure. Before obtaining access to any Confidential Information, each such expert or consultant shall acknowledge that he or she has been informed of this Order, has read and understands this Order, agrees to be bound by this Order and consents to the exercise of personal jurisdiction of this Court, and further agrees to use any Confidential Information solely for this litigation, not to disclose any such information to any other person, firm, or concern, and never to use any of the information, directly or indirectly, in competition with the Producing Party, nor to allow any other person to do so.

(b) Each such expert or consultant shall execute a Declaration acknowledging the foregoing terms, in the form attached hereto as Exhibit A. Each such Declaration executed by a Party's expert(s) or consultant(s), along with a current copy of the expert's or consultant's curriculum vitae, shall be transmitted by facsimile to Outside Counsel for the other Party by no later than ten (10) calendar days prior to the disclosure of any Confidential Information to such expert or consultant. Along with the Declaration, counsel who retained such expert or consultant shall forward a copy of a current curriculum vitae, which should include a list of all publications authored by the expert for the preceding ten (10) years, and a listing of any other cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding four (4) years.

(c) If a Party believes that it would be injured or prejudiced by disclosure of Confidential Information to the other Party's expert(s) or consultant(s), it may object in writing, specifying the grounds for the objection, within ten (10) calendar days of receipt of the executed Declaration and curriculum vitae.

(d) If the Parties cannot resolve a dispute regarding disclosure of Confidential Information to a designated independent expert or consultant, the Party designating the expert or consultant may apply to the Court for an order permitting disclosure of Confidential Information to that expert or consultant. Once a Party has objected to disclosure of Confidential Information to any expert or consultant, the other Party may

10

not disclose such information to that expert or consultant unless the Parties agree to such disclosure, or the Court overrules the objection.

### 10. Party's Own Information.

The restrictions on the use of Confidential Information established by this Order are applicable only to the use of Confidential Information received by a Party from another Party or from a Third Party. A Party is free to do whatever it desires with its own Confidential Information.

### 11. Advice To A Party-Client.

Nothing in this Order shall bar or otherwise restrict any Outside Counsel or Designated In-House Counsel from rendering advice to a Party-client in this litigation and, in the course thereof, relying upon such attorney's examination and/or analysis of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with such client, such Counsel shall not disclose any Confidential Information to persons not authorized to receive it pursuant to the terms of the Order.

### 12. Effect On Discovery.

This Order shall not preclude or limit the right of any Party to oppose discovery on any ground which would otherwise be available.

11

### 13. Depositions.

Whenever any documents, information or things designated Confidential Information are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the deposition any person who is not entitled to have access to such documents, information, or other things designated Confidential Information while such documents are disclosed or discussed.

### 14. Court Reporters.

Any court reporter who transcribes the deposition testimony in this Action, before transcribing any such testimony, shall agree that all testimony designated as containing Confidential Information is and shall remain confidential and shall not be disclosed except to persons expressly entitled to receive such Confidential Information under the terms of this Order. The court reporter also shall agree that the copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by the reporter or shall be delivered to the Outside Counsel.

### 15. Modification And Additional Protective Orders.

Nothing herein shall prevent any Party from: (i) applying to the Court for a modification of this Order; (ii) applying to the Court for further or additional protective orders; or (iii) making an arrangement with the other Party to modify this Order subject to Court approval.

12

### 16. Disputes Regarding Designation of Information.

Any Party may object to the designation of particular discovery material as Confidential Information by giving written notice to the Producing Party making the designation. Such notice shall identify with specificity the discovery material to which the objection is directed and the basis for the objection. If any Party disputes the challenge to the designation of the discovery material and such dispute cannot be resolved within ten (10) business days of receipt of such notice, it shall be the obligation of the Party objecting to the designation to request appropriate relief from the Court within ten (10) business days after the expiration of the earlier 10-day period. The disputed discovery material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the Party or Third Party making the designation shall have the burden of proof that the challenged discovery material is entitled to the protection of the particular designation claimed.

### 17. Filing Documents With The Court.

In the event a Party or Third Party wishes to file or lodge with the Court for any purpose any document, pleading or other material containing information which is designated Confidential Information, the Party or Third Party shall designate such material as Confidential Information as set forth in paragraph 4 above shall make an appropriate timely motion to the Court for permission to file such material under seal. In addition, any court hearing which refers to or describes Confidential Information shall, in the Court's discretion, be held in open court with records unsealed unless there is a specific showing that confidentiality is required. The disclosing Party has the option to request that the proceeding shall be conducted <u>encamera</u>, out of the presence of all

13

unqualified persons and any transcript relating thereto shall, subject to the Court's approval be designated as confidential.

### 18. Order Binding As Of Date Of Court Order.

This Order shall be binding on the Parties as of the date on which it is signed and filed by the Court.

### 19. Exception For Public Information.

The restrictions and obligations set forth in this Order relating to Confidential Information shall not apply to any information which (i) the Parties agree, or the Court rules, is already public knowledge, (ii) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, or (iii) the Parties agree, or the Court rules, has come into the receiving Party's legitimate possession independently of the Producing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any persons of any Confidential Information if said person already has legitimate possession thereof.

### 20. Other Proceedings.

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order and who is also subject to a motion to disclose another Party's information designated Confidential Information according to this Order, shall promptly notify that

Party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**21. Conclusion of Litigation.**

Within one hundred twenty (120) days of the final disposition of this Litigation, whether by judgment and exhaustion of all appeals or by settlement, the attorneys of record:

(a) Shall destroy and return to the Producing Party, or its Outside Counsel, the Confidential Information in their possession, custody or control;

(b) Shall insure that all the Confidential Information in the possession, custody or control of their experts and consultants, is destroyed or returned to the Producing Party, or its Outside Counsel;

(c) Shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information; and

(d) Shall deliver to the Producing Party, or its Outside Counsel, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the Producing Party may make application to the Court for such further order as may be appropriate.

15

Notwithstanding the foregoing, either Party may retain copies of any materials filed with the Court.

**22. Survival Of Terms.**

The provisions of the Order shall survive the final termination of the case for any documents or contents thereof retained by any Party.

Date:    June __, 2004

Lee Carl Bromberg, BBO #05 8480
Kerry L. Timbers, BBO #552293
Anne Marie Longobucco, BBO #649299
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Tel: (617) 443-9292

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Vladimir Drozdoff
KAY SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598

Date:    June 4, 2004

Lawrence R. Robins
Leslie McDonell
Christopher Schultz
**Finnegan Henderson Farrabow
Garrett & Dunner LLP**
55 Cambridge Parkway
Cambridge, MA 02142
Telephone:  (617) 452-1660
Facsimile:   (617) 452-1666

Paul H. Berghoff
Grantland G. Drutchas
David M. Frischkorn
**McDonnell Boehnen Hulbert & Berghoff**
300 South Wacker Drive, Suite 3200
Chicago, Illinois 60606
Telephone:  (312) 913-0001
Facsimile:   (312) 913-0002

**Attorneys for Defendant Eli Lilly and
Company**

17

SO ORDERED.

Date: _____

_____
The Honorable Rya W. Zobel
United States District Court Judge

18