# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MELANIE K. SHARP
DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 8, 2006

**BY E-FILE**
The Honorable Kent A. Jordan
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.
             C.A. No.: 06-259 (KAJ)

Dear Judge Jordan:

      Plaintiffs (collectively referred to as "Amgen") file this letter in response to ARIAD's September 7, 2006 supplemental submission regarding the subpoena issued by Plaintiffs to Eli Lilly & Co. ("Lilly") in this matter. The Court previously considered ARIAD's letter brief and oral argument on this issue during the August 18 telephone hearing. ARIAD's latest letter raises no additional grounds upon which to quash the subpoena to Lilly. For the reasons reiterated below, ARIAD's motion to quash should be denied.[1]

      *(a)*    ***ARIAD Does Not Have Standing To Make "Relevance" Objections.***

      ARIAD's primary concern is with the alleged irrelevance of certain documents in Lilly's possession. Its letter states, for example, that the subpoena "demands an extremely broad set of documents," and demands that Amgen "prov[e] that all of the requested Confidential Information is relevant." In relying primarily on relevance grounds, ARIAD ignores settled law that requires standing to object to a subpoena served on a non-party. "As a general matter, a party has no standing to seek to quash a subpoena directed to one who is not a party." *Oliver Cannon and Son, Inc. v. Fidelity Casualty Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981). While an exception may exist "in situations where a party claims some personal right or privilege relating to the documents sought," objections unrelated to such a "personal right or privilege" in the documents are not proper. *Id.* at 680. Indeed, the objections raised in the *Cannon* case were "on the grounds of attorney-client privilege and *relevancy*," and the Court made clear that it only considered the former -- not the relevancy objection -- to relate to any personal right or privilege. *Id.* at 679-80. Thus, despite another opportunity to explain its position, ARIAD simply fails to establish any standing to make relevancy objections to a third party subpoena.

---

[1] This is ARIAD's second attempt to block Lilly's production of documents pursuant to the subpoena served by Amgen. As Amgen indicated during the August 18 teleconference, the Boston Protective Order merely required notice to ARIAD and an opportunity to be heard with respect to Amgen's subpoena of Lilly (Exhibit B to ARIAD's September 7, 2006 Letter to the Court at Sec. II.20) and Lilly has so indicated to ARIAD (Exhibit 1 to this letter). ARIAD had that notice and opportunity at the August 18 hearing. The Court permitted ARIAD this opportunity to further justify its objections, but ARIAD still cannot do so.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
September 8, 2006
Page 2

**(b)  *Production From Lilly Would Not Be Harmful To ARIAD.***

ARIAD does not even mount a serious attempt to explain why production of these documents would be harmful, despite pleading with the Court during the August 18 teleconference that the subpoena sought "dangerous" documents and raised serious "privacy" issues. While ARIAD objected during the August 18 teleconference that it had not "addressed the issues with this subpoena specifically enough and the confidentiality concerns with specific documents," its letter underscores that ARIAD's objections are actually relevance objections unrelated to any "personal right or privilege," making only one passing reference to the alleged "harm of disclosure of confidential irrelevant documents." But ARIAD still cannot articulate what this harm is and has not even tried to explain why the confidentiality of the documents would not be adequately protected by the Protective Order that will be entered in this case (and in the interim, by the default provision of L. Civ. Rule. 26.2) There is nothing special about the documents in Lilly's possession -- their production can be governed by the protective order provisions just like any other documents to be produced in this case.

**(c)  *Even if Considered, ARIAD's Relevance Objections Are Meritless.***

Even if it had standing to make them, ARIAD's claims of irrelevance also fall flat on the merits. As an initial matter, the notion that ARIAD "cannot be sure what irrelevant information is at stake" is not believable -- the only documents that ARIAD could possibly complain about are ARIAD's own documents that it produced to Lilly. (It cannot purport to object to Lilly's production of Lilly's own documents.) ARIAD knows exactly what documents are at issue, and has now identified the apparently "harmful" ones.[2] With respect to ARIAD's specific categories of allegedly irrelevant documents:

- The unenforceability of the '516 patent is relevant. That unenforceability has not presently been asserted does not preclude Amgen from amending its Complaint should facts arise in discovery that give rise to such a defense. *See, e.g., Glaxo Wellcome, Inc. v. Genentech, Inc.*, 136 F. Supp. 2d 316, 319 (D. Del. 2001) (allowing party to amend complaint to add unenforceability defense). To the extent documents produced in the Lilly litigation support such a defense, Amgen is no less entitled to discovery of them than was Lilly.

- With respect to the infringement issue in the Lilly case, how ARIAD applies the claims of its '516 patent to others' products is relevant to this case. Among other reasons, ARIAD's infringement claims against Lilly would be relevant to define the scope of the prior art that would invalidate the claims of the '516 patent. Moreover, to the extent the infringement-related documents might implicate Lilly's confidential information regarding the accused products, ARIAD does not have standing to object on that basis -- this is Lilly's objection to make.

---

[2]  Amgen has agreed that it will not seek <u>from Lilly</u> documents relating to settlement discussions between ARIAD and Lilly. Contrary to ARIAD's letter, Amgen has <u>not</u> agreed that such materials are not discoverable or that it will not seek these materials from ARIAD.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
September 8, 2006
Page 3

- Regarding damages, several of the *Georgia-Pacific* factors used to assess a reasonable royalty in patent cases are not accused-product-specific -- *e.g.*, royalties received by the patentee, the patentee's licensing policy, and the portion of the profit or selling price that is customary in the relevant business. All of this damages-related information is similarly applicable to Amgen, and is unquestionably discoverable in this case.

    (d)    *No Privilege Protects The Already-Disclosed Opinions of Experts From the Lilly Case*

ARIAD's position with respect to what it calls "the confidential opinions of ARIAD's experts in the Lilly litigation" amounts to the improper invocation of a no-longer-existent privilege. To be clear, Amgen is not seeking production from Lilly of undisclosed ARIAD expert opinions, reports or deposition transcripts, which Lilly would not have in any event. Amgen is only seeking expert-related documents that have already been turned over to Lilly. No matter what ARIAD does in this case, ARIAD cannot possibly re-cloak such documents with work-product protection. Any confidential information not already made public through testimony in open court can, once again, be protected under the protective order in this case. These expert-related documents are highly relevant to the issues in this case and nothing prevents Lilly from providing them to Amgen pursuant to the subpoena.

Finally, ARIAD's request to have all of Lilly's subpoenaed documents produced to it, so that ARIAD can review the documents for relevance, is not required by the Boston Protective Order and is simply an improper attempt to interfere with Amgen's legitimate discovery of a third party. ARIAD's scheme would simply result in more discovery disputes when ARIAD sought to withhold discoverable documents on the basis of its restricted view of relevance.

Despite its representations during the August 18 teleconference, ARIAD has been unable to articulate any risk of harm posed by Lilly's production of the documents sought. ARIAD has already produced all of these documents to Lilly, and producing them to Amgen threatens no additional risk of harm. Amgen thus respectfully requests the Court deny ARIAD's motion to quash and allow Lilly to comply with Amgen's subpoena.

Respectfully,

Melanie K. Sharp (Bar ID No. 2501)

MKS:mg

cc:    Clerk of the Court (by hand delivery)
        Steven J. Balick, Esquire (by hand delivery and electronic mail)
        David I Gindler, Esquire (by electronic mail)
        Mark S. Pals, Esquire (by electronic mail)

# EXHIBIT 1



**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive
Chicago, Illinois 60606-6709
www.mbhb.com

312 913 0001 phone
312 913 0002 fax

August 17, 2006

**VIA FACSIMILE**

Leora Ben-Ami
c/o Bromberg & Sunstein LLP
125 Summer Street – 10th Floor
Boston, MA 02110

Re:  ARIAD Pharmaceuticals, Inc., et al. v. Eli Lilly & Company
     Civil Action No. 02-11280-RWZ

Dear Leora:

As you are undoubtedly aware, Amgen has served a subpoena on Lilly in connection with the litigation between Amgen and ARIAD in the District of Delaware seeking documents from the Massachusetts litigation. ARIAD was served a copy of the subpoena in that litigation as well. Betsy Rosenblatt of Irell & Manella LLP, counsel for ARIAD in that litigation, sent a letter late Tuesday to Paul Cantrell and Paul Berghoff discussing issues that ARIAD has with that subpoena.

Under Paragraph II(20) of the Protective Order in the Massachusetts litigation, which addresses the production of documents from this litigation in other cases pursuant to court order (e.g, a subpoena), Lilly is obligated to inform ARIAD of the subpoena. ARIAD has, however, already been given notice of that subpoena. Paragraph II(20) also requires ARIAD to appear and be heard if it chooses to challenge any order/subpoena from other courts. Ms. Rosenblatt's letter addresses a different section of the Protective Order, parapraph II(7)(b) that does not apply to documents being sought pursuant to court order.

I understand that ARIAD has submitted a letter to the Delaware court asking the court to quash the subpoena. I also understand that the parties have a conference with the judge in Delaware on Friday, August 18th, the day after the return date on the subpoena.

Since the parties will have an opportunity to be heard as referenced in Paragraph II(20) of the Protective Order on August 18th, Lilly will not produce any documents containing confidential information of ARIAD or the other plaintiffs in the Massachusetts litigation prior to the August 18th conference.

Sincerely,

Grantland Drutchas
drutchas@mbhb.com

GGD/jlm

c: Paul Cantrell
Charles Lipsey
Betsy Rosenblatt
Marc Sernel