IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION,<br><br>        Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 06-259-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ARIAD PHARMACEUTICALS, INC.'S ANSWER TO COMPLAINT

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") responds as follows to the Complaint of Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing Limited, and Immunex Rhode Island Corporation (collectively, "Plaintiffs").

### NATURE OF THIS ACTION

1. In response to paragraph 1, ARIAD admits that Plaintiffs purport to bring claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, but denies that these claims are properly brought. Except as expressly admitted, ARIAD denies each and every allegation of paragraph 1.

2. In response to paragraph 2, ARIAD admits that a copy of U.S. Patent No. 6,410,516 (the "'516 Patent") is attached to the Complaint and admits that Plaintiffs purport to seek a declaration that each claim of the '516 Patent is invalid and that the Plaintiffs do not infringe any valid claim of the '516 Patent based on any activities related to the Enbrel® and Kineret® products, but denies that Plaintiffs' action is meritorious and denies that Plaintiffs are entitled to the relief sought. Except as expressly admitted, ARIAD denies each and every allegation of paragraph 2.

## JURISDICTION AND VENUE

3.   In response to paragraph 3, ARIAD admits that rules regarding jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1338(a) and rules regarding declaratory judgment are set forth in 28 U.S.C. §§ 2201 and 2202, which speak for themselves, but denies that this Court has jurisdiction under those statutes. Except as expressly admitted, ARIAD denies each and every allegation of paragraph 3.

4.   Paragraph 4 states a legal conclusion for which no response is necessary, but ARIAD denies that venue if proper in this District.

## THE PARTIES

5.   In response to paragraph 5, ARIAD admits, on information and belief, that Amgen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California. ARIAD further admits, on information and belief, that Amgen is a global biotechnology company. Except as expressly admitted, ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 5 and for that reason they are denied.

6.   ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 6 and for that reason they are denied.

7.   ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 7 and for that reason they are denied.

8.   ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 8 and for that reason they are denied.

9.   ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 9 and for that reason they are denied.

10.   ARIAD admits the allegations of paragraph 10.

11.   ARIAD admits that on June 25, 2002, the '516 Patent issued from U.S. Patent Application Ser. No. 08/464,364, filed June 5, 1995, and that the content of the

'516 Patent speaks for itself. As the second sentence of paragraph 11 provides quotations out of context and does not provide sources for such quotations, except as expressly admitted above, ARIAD is without personal knowledge sufficient to admit or deny the allegations in the second sentence of paragraph 11 and for that reason they are denied. Except as expressly admitted, ARIAD denies each and every allegation of paragraph 11.

12. In response to paragraph 12, ARIAD admits that it has entered into a license agreement with the Massachusetts Institute of Technology ("MIT"), the Whitehead Institute ("Whitehead"), and Harvard University ("Harvard"), pursuant to which ARIAD has acquired a license to Patent Rights, among other things, as defined in that license agreement. Except as expressly admitted, ARIAD denies each and every allegation of paragraph 12.

13. In response to paragraph 13, ARIAD admits that the Enbrel® product (generic name: etanercept) is a human therapeutic product. Except as expressly admitted, ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 13 and for that reason they are denied.

14. ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 14 and for that reason they are denied.

15. ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 15 and for that reason they are denied.

16. In response to paragraph 16, ARIAD admits that the Kineret® product (generic name: anakinra) is a human therapeutic product. Expect as expressly admitted, ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 16 and for that reason they are denied.

17. ARIAD is without personal knowledge sufficient to admit or deny the allegations of paragraph 17 and for that reason they are denied.

18. ARIAD denies each and every allegation contained in the first sentence of paragraph 18. In response to the second sentence of paragraph 18, ARIAD admits that

Plaintiffs purport to seek a declaration that each claim of the '516 Patent is invalid and that the Plaintiffs do not infringe any claim of the '516 Patent based on any activities related to the Enbrel® and Kineret® products, but denies that Plaintiffs' claims are meritorious and denies that Plaintiffs are entitled to the relief sought.

### FIRST CLAIM FOR RELIEF

19. In response to paragraph 19, ARIAD incorporates herein by this reference paragraphs 1 through 18 as if set forth in full.

20. In response to paragraph 20, ARIAD denies each and every allegation contained therein.

21. In response to paragraph 21, ARIAD denies each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF

22. In response to paragraph 22, ARIAD incorporates herein by this reference paragraphs 1 through 21 as if set forth in full.

23. In response to paragraph 23, ARIAD admits that the Plaintiffs seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 Patent through any activities related to the Enbrel® and/or Kineret® products, but denies that a judicial declaration is appropriate or necessary. Prior to the filing of this action, ARIAD had not conducted any investigation into whether any activities related to the Enbrel® and/or Kineret® products infringe the '516 Patent. Solely in response to this action, and the Court's denial of ARIAD's motion to dismiss, ARIAD is now seeking to determine, for the first time, whether any activities related to the Enbrel® and/or Kineret® products infringe the '516 Patent. ARIAD is therefore without personal knowledge at this time sufficient to admit or deny whether any activities related to the Enbrel® and/or Kineret® products infringe the '516 Patent. ARIAD reserves the right to amend its answer once it has determined whether any activities related to the Enbrel®

and/or Kineret® products infringe the '516 Patent. Except as expressly admitted, ARIAD denies each and every allegation of paragraph 23.

## AFFIRMATIVE DEFENSES

24. The Court lacks subject matter jurisdiction over this action or, in the alternative, should exercise its discretion to decline the exercise of subject matter jurisdiction over this action.

25. Plaintiffs have failed to joint MIT, Whitehead, and Harvard, all of which are necessary and indispensable parties to this action.

## PRAYER FOR RELIEF

WHEREFORE, ARIAD prays for relief as follows:

A. For the dismissal of this action on the grounds that the Court lacks subject matter jurisdiction over this action or, in the alternative, that the Court should exercise its discretion to decline to exercise subject mater jurisdiction over this action;

B. For the dismissal of this action on the grounds that Plaintiffs have failed to join necessary and indispensable parties;

C. For leave to amend its answer to add any mandatory counterclaims for infringement if the Court declines to dismiss this action and ARIAD concludes, after investigation, that any of Plaintiffs' activities related to either Enbrel® or Kineret® infringe any claim of the '516 Patent (not because ARIAD desires to assert such counterclaims, which it does not, but only because any such counterclaims would appear to be mandatory under the Federal Rules of Civil Procedure);

D. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

E. For an award of attorneys' fees and costs; and

F. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

ARIAD hereby demands a trial by jury on any issue triable of right by a jury.

                              ASHBY & GEDDES

                              */s/ John G. Day*
                              _____
                              Steven J. Balick (I.D. #2114)
                              John G. Day (I.D. #2403)
                              Tiffany Geyer Lydon (I.D. #3950)
                              222 Delaware Avenue, 17th Floor
                              P.O. Box 1150
                              Wilmington, DE 19899
                              Telephone: (302) 654-1888
                              sbalick@ashby-geddes.com
                              jday@ashby-geddes.com
                              tlydon@ashby-geddes.com

                              *Counsel for Defendant*
                              *ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: September 25, 2006
173513.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, the attached **ARIAD PHARMACEUTICALS, INC.'S ANSWER TO COMPLAINT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | HAND DELIVERY |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601-6636 | VIA FEDERAL EXPRESS |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA  90017-5800 | VIA FEDERAL EXPRESS |

*/s/ John G. Day*
_____
John G. Day