IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>ARIAD PHARMACEUTICALS, INC.<br><br>Defendant. | )<br>)<br>) C.A. No. 06-259-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S MOTION FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD"), through its undersigned counsel of record, moves for certification of this Court's Order of September 13, 2006, denying ARIAD's motion to dismiss this suit for lack of subject matter jurisdiction, for immediate appeal pursuant to 28 U.S.C. § 1292(b).

As set forth more fully in the accompanying Opening Memorandum of Law in support of this Motion, ARIAD asserts that certification is warranted for the following reasons:

1. Section 1292(b) allows for immediate appeal of an interlocutory order when such order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." In this case, there is clearly a substantial ground for difference of opinion as to whether Amgen has met its burden to demonstrate that it had a reasonable apprehension of imminent suit. This question of law is controlling and may materially advance the ultimate termination of this suit.

2.	The facts relating to subject matter jurisdiction in this case are severable from and unrelated to the merits of the dispute, so that an immediate appeal will not result in duplication of effort for the Court of Appeals or for this Court.

3.	There are special circumstances in this case that warrant certification for immediate appeal. ARIAD, a small but innovative biotechnology company with no marketed products and limited licensing revenues, is entering the final stages of FDA review of a potentially life-saving therapy for late-stage cancer. The burden and costs of this lawsuit, however, threaten ARIAD's ability to devote the necessary resources and funds to the final stages of FDA review.

This Motion is based on the accompanying Opening Memorandum of Law and Declaration of Elizabeth Rosenblatt filed concurrently herewith and any argument or evidence that may be submitted to the Court.

ASHBY & GEDDES

/s/ *Steven J. Balick*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
Facsimile:   (302) 654-2067

*Counsel For Defendant
ARIAD Pharmaceuticals, Inc.*

Of Counsel:

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Dated:  September 25, 2006

Case 1:06-cv-00259-MPT    Document 73    Filed 09/25/2006    Page 3 of 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION )<br><br>Plaintiffs, )<br><br>vs. )<br><br>ARIAD PHARMACEUTICALS, INC. )<br><br>Defendant. ) | C.A. No. 06-259-KAJ |

## ORDER

This _____ day of _____, 2006, the Court having considered Defendant ARIAD Pharmaceuticals, Inc.'s Motion for Certification Pursuant to 28 U.S.C. § 1292(b), and the Court, after considering the positions of the parties, having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED and that the Court will issue an amended order denying ARIAD's motion to dismiss, which amended order shall include a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

_____
United States District Judge

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

      I hereby certify that counsel for the parties have discussed the subject matter of the attached motion, but that no agreement could be reached.

      */s/* Steven J. Balick

      Steven J. Balick

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, the attached document entitled **DEFENDANT ARIAD PHARMACEUTICALS, INC.'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** and accompanying proposed **ORDER** were served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391 | BY HAND, VIA CM/ECF,<br>AND VIA ELECTRONIC MAIL |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601-6636 | VIA ELECTRONIC MAIL |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5800 | VIA ELECTRONIC MAIL |

*/s/ Steven J. Balick*

Steven J. Balick