# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 25, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:  *Amgen et al v. ARIAD Pharmaceuticals, Inc.*,  
C.A. No. 06-259-KAJ

Dear Judge Jordan:

I am writing on behalf of defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") in connection with the above-referenced declaratory judgment action. This evening, ARIAD filed a motion for certification pursuant to 28 U.S.C. §1292(b) for the purpose of pursuing an immediate appeal of the Court's order dated September 13, 2006, (D.I. 69), denying ARIAD's motion to dismiss for lack of subject matter jurisdiction. ARIAD respectfully requests that the Court order expedited scheduling in connection with the motion for certification.

Section 1292(b) permits the immediate appeal of an interlocutory order, such as an order denying a motion to dismiss, when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Here, the '516 patent resulted from cancer research funded by a federal agency, and the non-party university patentees who licensed ARIAD were obligated by the Bayh-Dole Act to widely commercialize the results of their federally-funded research. In licensing ARIAD, the university patentees therefore contractually required ARIAD to use "vigorous" efforts to sublicense companies under the '516 patent, so as to comply with the commercialization requirements of federal law.

There is, however, no Federal Circuit authority that addresses the interaction between the Bayh-Dole Act's commercialization requirement and the test for determining whether a justiciable controversy exists under the Declaratory Judgment Act, and it is an unsettled question of law whether compliance with the former statute can subject a patent holder (or its exclusive licensee) to suit under the latter statute. Moreover, even outside the Bayh-Dole context, Federal Circuit jurisprudence provides differing guidance for evaluating whether conduct is sufficient to confer declaratory judgment jurisdiction: very similar conduct has been found not to create a case or controversy in the context of licensing discussions, but has been found to create a case or controversy outside the context of licensing overtures.

The facts relating to subject matter jurisdiction in this case are severable from and unrelated to the merits of the dispute, so that an immediate appeal will not result in duplication of effort for the Court of Appeals or for this Court. If the Court's jurisdictional ruling is ultimately reversed several years and many millions of dollars down the line, the result will have been an enormous waste of the Court's and the parties' resources.

This case presents special circumstances that warrant expedited scheduling. ARIAD is a small, but promising, biotechnology company with no drug products yet on the market, only one product in clinical trials, limited licensing revenues, operating losses every year since its inception, and an accumulated deficit of $247.1 million through the end of 2005. Notwithstanding these financial challenges, ARIAD is close to receiving FDA approval for a revolutionary, life-saving drug for certain aggressive, late-stage cancers that currently have no meaningful treatment options. This product, known as AP23573, is about to enter the last phase of clinical trials for the treatment of soft-tissue and bone sarcomas—diseases that have lacked any new treatment options for the last twenty-five years. Although ARIAD's drug therapy is so promising that it has received "fast track" designation from the FDA in order to bring the drug to market as quickly as possible, the last phase of clinical trials could take as long as three to five years. The burden and cost of litigating an unplanned and unanticipated declaratory judgment action at this critical juncture poses a significant threat to ARIAD's ability to bring its product through the approval process and to market, and to maintain its ongoing research and development programs and other operations.

ARIAD therefore views its need for an immediate appellate determination of whether it should be forced into this declaratory relief action, particularly given the unsettled state of the law, to be of extreme urgency. It is for this reason that ARIAD has filed its motion for certification under section 1292(b)—and now requests that the Court order expedited scheduling for this motion. Plaintiffs have informed us that they will oppose both our request for certification and our request for expedited scheduling.

We respectfully propose that the Court require plaintiffs to submit their answering papers in opposition to the motion for certification by Thursday, October 5, and ARIAD to submit its reply papers by Tuesday, October 10. If the Court desires oral argument on the motion for certification, we respectfully request it schedule the hearing to occur as soon after the completion of briefing as the Court's calendar permits. For the Court's convenience, a proposed form of order is attached hereto.

We greatly appreciate the Court's consideration of this request, and we will be available at Your Honor's convenience to answer any questions or discuss this matter further.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

The Honorable Kent A. Jordan
September 25, 2006
Page 3

SJB/dmf
173554.1
Attachment
cc:    David I. Gindler, Esquire (via electronic mail; w/attachment)
       Melanie K. Sharp, Esquire (by hand and via electronic mail; w/attachment)
       Mark A. Pals, Esquire (via electronic mail; w/attachment)
       Drew Diamond, Esquire (via electronic mail; w/attachment)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-259-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This _____ day of _____, 2006, defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") having moved for certification pursuant to 28 U.S.C. §1292(b) (the "Motion") so as to permit an immediate appeal of the Court's interlocutory order dated September 13, 2006, (D.I. 69), denying ARIAD's motion to dismiss, ARIAD having requested expedited scheduling in connection with the Motion, and the Court having concluded that good grounds exist for the request for expedited scheduling; now therefore,

IT IS HEREBY ORDERED that ARIAD's request for expedited scheduling is granted, and that proceedings on the Motion shall be as follows:

| | |
|---|---|
| Plaintiffs' Answering Papers | October 5, 2006 |
| ARIAD'S Reply Papers | October 10, 2006 |
| Oral Argument | To be determined by the Court |

_____
United States District Judge

173552.1