IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>ARIAD PHARMACEUTICALS, INC.<br><br>Defendant. | C.A. No. 06-259-KAJ |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE AND FILE ANSWERING BRIEF; RENEWED CROSS-MOTION FOR EXPEDITED SCHEDULING ON MOTION FOR CERTIFICATION**

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") hereby responds to Plaintiffs' Motion to Extend Time To Serve And File Answering Brief (D.I. 80):

1. On September 25, 2006, ARIAD filed a Motion for Certification Pursuant to 28 U.S.C. § 1292(b) ("Motion for Certification"). (D.I. 73.)

2. ARIAD has requested expedited scheduling in connection with that Motion for the reasons set forth in its letter to the Court dated September 25, 2006, including the undue burden on ARIAD of continuing to litigate an unplanned an unanticipated declaratory judgment action, given the unsettled state of the law as set forth in ARIAD's Motion for Certification. (D.I. 77.) Before filing the Motion for Certification, ARIAD requested that Plaintiffs agree to expedited briefing. Plaintiffs declined. (Ex. A.) After the filing of the Motion for Certification and ARIAD's letter to the Court requesting expedited scheduling, Plaintiffs filed a letter with Court opposing ARIAD's request. (D.I. 79.)

3. The Court has not yet ruled on ARIAD's request for expedited scheduling.

4. On September 27, 2006, Plaintiffs' counsel sent an e-mail to ARIAD's counsel, requesting an extension to serve and file Plaintiffs' opposition to ARIAD's Motion for Certification. ARIAD's Counsel responded that it "would like to wait until the Court's ruling on [ARIAD's] request for expedited briefing before responding to [Plaintiffs'] inquiry." (Ex. B.) Without further communication on the matter, Plaintiffs' filed its Motion to Extend Time. (D.I. 80.)

5. ARIAD maintains that expedited briefing is especially warranted for the Motion for Certification in light of the reasons indicated in its September 25, 2006 letter to the Court. (D.I. 77, attached as Ex. C for the convenience of the Court.) Accordingly, ARIAD respectfully urges the Court to order expedited scheduling on the Motion for Certification, instead of granting Plaintiffs an extension to respond to that Motion.

ASHBY & GEDDES

/s/ *John G. Day*

———————————————
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Counsel For Defendant*
*ARIAD Pharmaceuticals, Inc.*

Of Counsel:

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Dated: October 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2006, the attached **DEFENDANT ARIAD PHARMACEUTICALS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE AND FILE ANSWERING BRIEF; RENEWED CROSS-MOTION FOR EXPEDITED SCHEDULING ON MOTION FOR CERTIFICATION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | BY HAND, VIA CM/ECF,<br>AND VIA ELECTRONIC MAIL |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601-6636 | VIA ELECTRONIC MAIL |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA  90017-5800 | VIA ELECTRONIC MAIL |

*/s/ John G. Day*
_____
John G. Day

# EXHIBIT A

**Gindler, David**

| | |
|---|---|
| **From:** | Marc Sernel [msernel@kirkland.com] |
| **Sent:** | Monday, September 25, 2006 12:03 PM |
| **To:** | Gindler, David |
| **Cc:** | Rosenblatt, Betsy; Mark Pals; Brill, Laura |
| **Subject:** | Re: Motion for Certification |

David,

I have now had the chance to confer with my client concerning Laura Brill's request of Friday regarding our position on your forthcoming motion for certification, as well as your request of this morning regarding an expedited briefing schedule. We will be opposing your motion to certify, and do not agree to your request for an expedited briefing schedule. I would also like to reiterate that we expect that discovery in the case will be moving forward during the pendency of your motion.

Thanks -- Marc


"Gindler, David" <DGindler@irell.com>

09/25/2006 12:28 PM

To  msernel@kirkland.com
cc  "Rosenblatt, Betsy" <BRosenblatt@irell.com>, mpals@kirkland.com
Subject  Motion for Certification


Marc,

Betsy asked you last week whether Amgen will oppose ARIAD's forthcoming motion requesting that the Court certify for immediate appeal its denial of Amgen's motion to dismiss for lack of subject matter jurisdiction. I understand that you indicated that you needed to speak with your client and would get back to us. To my knowledge, we have not heard back from you and therefore assume that Amgen will oppose ARIAD's motion.

We would like to request that Amgen agree to an expedited briefing schedule on the motion for certification. We are hoping to file the motion today. Based on that assumption, we propose that Amgen file its opposition on October 4 and that ARIAD file its reply on October 9. Please let me know if this is acceptable to you.

David I. Gindler, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067
dgindler@irell.com
(310) 203-7106  Direct Dial
(310) 556-5206  Direct Fax
(323) 377-7826  Mobile

ccmailg.irell.com made the following annotations--------------------------------------------------------------------PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you. --------------------------------------------------------------------------

10/2/2006

***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************

10/2/2006

# EXHIBIT B

## Gindler, David

**From:** Gindler, David
**Sent:** Wednesday, September 27, 2006 1:32 PM
**To:** 'Marc Sernel'; Rosenblatt, Betsy
**Subject:** RE: Amgen's reponse to your motion for certification

Marc,

Thanks for your message. We would like to wait for the Court's ruling on our request for expedited briefing before responding to your inquiry.

---

**From:** Marc Sernel [mailto:msernel@kirkland.com]
**Sent:** Wednesday, September 27, 2006 8:29 AM
**To:** Rosenblatt, Betsy; Gindler, David
**Subject:** Amgen's reponse to your motion for certification

Betsy/David,

We intend to seek a three-day extension on the filing of our opposition to your motion for certification. This would make our opposition brief due October 12 (instead of October 9). Please let us know if you will agree to this modest extension.

We have a variety of reasons why this extension is necessary, including but not limited to the fact that Kirkland has its annual partner and intellectual property group retreat/meetings over the next four days, and Amgen's in-house counsel are involved in a Federal Circuit appeal scheduled for argument on October 4.

I thank you in advance for your prompt response to this request.

Thanks -- Marc

```
*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************
```

10/2/2006

# EXHIBIT C

Case 1:06-cv-00259-MPT    Document 81-2    Filed 10/02/2006    Page 6 of 12

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 25, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

    Re:   *Amgen et al v. ARIAD Pharmaceuticals, Inc.*,  
           C.A. No. 06-259-KAJ

Dear Judge Jordan:

    I am writing on behalf of defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") in connection with the above-referenced declaratory judgment action. This evening, ARIAD filed a motion for certification pursuant to 28 U.S.C. §1292(b) for the purpose of pursuing an immediate appeal of the Court's order dated September 13, 2006, (D.I. 69), denying ARIAD's motion to dismiss for lack of subject matter jurisdiction. ARIAD respectfully requests that the Court order expedited scheduling in connection with the motion for certification.

    Section 1292(b) permits the immediate appeal of an interlocutory order, such as an order denying a motion to dismiss, when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Here, the '516 patent resulted from cancer research funded by a federal agency, and the non-party university patentees who licensed ARIAD were obligated by the Bayh-Dole Act to widely commercialize the results of their federally-funded research. In licensing ARIAD, the university patentees therefore contractually required ARIAD to use "vigorous" efforts to sublicense companies under the '516 patent, so as to comply with the commercialization requirements of federal law.

    There is, however, no Federal Circuit authority that addresses the interaction between the Bayh-Dole Act's commercialization requirement and the test for determining whether a justiciable controversy exists under the Declaratory Judgment Act, and it is an unsettled question of law whether compliance with the former statute can subject a patent holder (or its exclusive licensee) to suit under the latter statute. Moreover, even outside the Bayh-Dole context, Federal Circuit jurisprudence provides differing guidance for evaluating whether conduct is sufficient to confer declaratory judgment jurisdiction: very similar conduct has been found not to create a case or controversy in the context of licensing discussions, but has been found to create a case or controversy outside the context of licensing overtures.

The Honorable Kent A. Jordan
September 25, 2006
Page 2

The facts relating to subject matter jurisdiction in this case are severable from and unrelated to the merits of the dispute, so that an immediate appeal will not result in duplication of effort for the Court of Appeals or for this Court. If the Court's jurisdictional ruling is ultimately reversed several years and many millions of dollars down the line, the result will have been an enormous waste of the Court's and the parties' resources.

This case presents special circumstances that warrant expedited scheduling. ARIAD is a small, but promising, biotechnology company with no drug products yet on the market, only one product in clinical trials, limited licensing revenues, operating losses every year since its inception, and an accumulated deficit of $247.1 million through the end of 2005. Notwithstanding these financial challenges, ARIAD is close to receiving FDA approval for a revolutionary, life-saving drug for certain aggressive, late-stage cancers that currently have no meaningful treatment options. This product, known as AP23573, is about to enter the last phase of clinical trials for the treatment of soft-tissue and bone sarcomas—diseases that have lacked any new treatment options for the last twenty-five years. Although ARIAD's drug therapy is so promising that it has received "fast track" designation from the FDA in order to bring the drug to market as quickly as possible, the last phase of clinical trials could take as long as three to five years. The burden and cost of litigating an unplanned and unanticipated declaratory judgment action at this critical juncture poses a significant threat to ARIAD's ability to bring its product through the approval process and to market, and to maintain its ongoing research and development programs and other operations.

ARIAD therefore views its need for an immediate appellate determination of whether it should be forced into this declaratory relief action, particularly given the unsettled state of the law, to be of extreme urgency. It is for this reason that ARIAD has filed its motion for certification under section 1292(b)—and now requests that the Court order expedited scheduling for this motion. Plaintiffs have informed us that they will oppose both our request for certification and our request for expedited scheduling.

We respectfully propose that the Court require plaintiffs to submit their answering papers in opposition to the motion for certification by Thursday, October 5, and ARIAD to submit its reply papers by Tuesday, October 10. If the Court desires oral argument on the motion for certification, we respectfully request it schedule the hearing to occur as soon after the completion of briefing as the Court's calendar permits. For the Court's convenience, a proposed form of order is attached hereto.

We greatly appreciate the Court's consideration of this request, and we will be available at Your Honor's convenience to answer any questions or discuss this matter further.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

The Honorable Kent A. Jordan
September 25, 2006
Page 3

SJB/dmf
173554.1
Attachment
cc:    David I. Gindler, Esquire (via electronic mail; w/attachment)
       Melanie K. Sharp, Esquire (by hand and via electronic mail; w/attachment)
       Mark A. Pals, Esquire (via electronic mail; w/attachment)
       Drew Diamond, Esquire (via electronic mail; w/attachment)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-259-KAJ |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

This _____ day of _____, 2006, defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") having moved for certification pursuant to 28 U.S.C. §1292(b) (the "Motion") so as to permit an immediate appeal of the Court's interlocutory order dated September 13, 2006, (D.I. 69), denying ARIAD's motion to dismiss, ARIAD having requested expedited scheduling in connection with the Motion, and the Court having concluded that good grounds exist for the request for expedited scheduling; now therefore,

IT IS HEREBY ORDERED that ARIAD's request for expedited scheduling is granted, and that proceedings on the Motion shall be as follows:

| | |
|---|---|
| Plaintiffs' Answering Papers | October 5, 2006 |
| ARIAD'S Reply Papers | October 10, 2006 |
| Oral Argument | To be determined by the Court |

_____
United States District Judge

173552.1

**Other Documents**
1:06-cv-00259-KAJ Amgen Inc. et al v. Ariad Pharmaceuticals Inc.

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Balick, Steven entered on 9/26/2006 at 0:19 AM EDT and filed on 9/26/2006
**Case Name:**     Amgen Inc. et al v. Ariad Pharmaceuticals Inc.
**Case Number:**   1:06-cv-259
**Filer:**
**Document Number:** 77

**Docket Text:**
Letter to The Honorable Kent A. Jordan from Steven J. Balick regarding ARIAD's request for expedited scheduling in connection with its motion for certification pursuant to 28 U.S.C. Section 1292(b). (Attachments: # (1) Text of Proposed Order)(Balick, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/26/2006] [FileNumber=278059-0]
[919dd4f18ca1c5b0addbb99526df774a6d85e6c2e0db243935ec07ac09da32ed4a40
eb9ff12d8c213f1743f34227fa0b366fca6be59036349ba1692f71f9fd57]]
**Document description:** Text of Proposed Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/26/2006] [FileNumber=278059-1]
[4d6a41eb41b006d6750d453207c698cdb3fa1e693b560b2d48bcf50c965532b6dbdb
1674415d3e7c97268754a70ae53544179f655631796b26ee3698a10285d3]]

**1:06-cv-259 Notice will be electronically mailed to:**

Steven J. Balick     sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

Morgan Chu     mchu@irell.com,

John G. Day     jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

David I. Gindler     dgindler@irell.com,

Amir A. Naini     anaini@irell.com,

Christopher M. Newman     cnewman@irell.com

Elizabeth L. Rosenblatt     brosenblatt@irell.com

Melanie K. Sharp     msharp@ycst.com, achacko@ycst.com; chunter@ycst.com; beichner@ycst.com

**1:06-cv-259 Notice will be delivered by other means to:**