IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>ARIAD PHARMACEUTICALS, INC.,<br><br>        Defendant. | C.A. No. 06-259-KAJ |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO NAME NECESSARY AND INDISPENSABLE PARTIES OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD"), through its counsel of record, moves to dismiss this action for failure to name necessary indispensable parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 or, in the alternative, to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

As set forth more fully in the accompanying Opening Memorandum of Law, dismissal of this action or, in the alternative, transfer to the District of Massachusetts, is warranted for the following reasons:

    1.    The patent in suit is owned by the Massachusetts Institute of Technology ("MIT"), the Whitehead Institute for Biomedical Research ("Whitehead"), and The President and Fellows of Harvard College ("Harvard") (collectively, the "Institutions"). Because the Institutions have retained substantial rights in the patent, they are necessary and indispensable parties under Federal Rule of Civil Procedure 19. Plaintiffs' failure to join them as defendants requires dismissal of this action.

    2.    In the alternative, transfer of this action to the District of Massachusetts is warranted under 28 U.S.C. § 1404(a) because it would serve the convenience of parties

and witnesses and the interest of justice. Relevant third party witnesses and documents are located in Massachusetts and, aside from some (but not all) of the parties having incorporated in Delaware, none of the parties has any relevant connection to Delaware. A transfer would also avoid any dispute regarding personal jurisdiction over MIT and Harvard, and conserve the resources of the parties and the Court in light of related litigation in the District of Massachusetts

This Motion is based on the accompanying Opening Memorandum of Law, the Declarations of Elizabeth L. Rosenblatt, Laurie A. Allen, and Lita Nelsen filed concurrently herewith, and any argument or evidence that may be submitted to the Court.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant
ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: October 5, 2006
173899.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>ARIAD PHARMACEUTICALS, INC.<br><br>Defendant. | C.A. No. 06-259-KAJ |

## ORDER

This _____ day of _____, 2006, the Court having considered **Defendant ARIAD Pharmaceuticals, Inc.'s Renewed Motion To Dismiss For Failure To Name Necessary And Indispensable Parties Or, In The Alternative, To Transfer Pursuant To 28 U.S.C. § 1404(a)**, and the Court, after considering the positions of the parties, having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that Defendant's Renewed Motion To Dismiss is GRANTED and that the Complaint is DISMISSED for failure to join necessary and indispensable parties;

or, in the alternative,

IT IS HEREBY ORDERED that Defendant's Motion To Transfer is GRANTED and that the present action is transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2006, the attached **DEFENDANT ARIAD PHARMACEUTICALS, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO NAME NECESSARY AND INDISPENSABLE PARTIES OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | BY HAND, VIA CM/ECF,<br>and VIA ELECTRONIC MAIL |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601-6636 | VIA ELECTRONIC MAIL<br>and FEDERAL EXPRESS |
| J. Drew Diamond, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA  90017-5800 | VIA ELECTRONIC MAIL<br>and FEDERAL EXPRESS |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon