IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)  C.A. No. 06-259-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF LAURIE A. ALLEN IN SUPPORT OF ARIAD PHARMACEUTICALS, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO NAME NECESSARY AND INDISPENSABLE PARTIES OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

I, Laurie A. Allen, declare as follows:

1. I am the Senior Vice President and Chief Legal Officer of ARIAD Pharmaceuticals, Inc. ("ARIAD"). I was employed by ARIAD from January 1, 1999 to December 31, 1999, and was re-employed by ARIAD from March 4, 2002 to the present. I currently have primary responsibility for management of the legal and business development functions at ARIAD. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. ARIAD has no operations in Delaware. ARIAD's only operations are located in Cambridge, Massachusetts.

3. To the best of my knowledge, based on my extensive experience as an attorney in the biotechnology industry, no plaintiff in this action has any physical locations or employees in Delaware.

4. No witness that ARIAD identified in its Rule 26(a)(1) Initial Disclosure is located in Delaware. To the best of my knowledge, after making a reasonable investigation, no documents relevant to this action are located in Delaware.

5. I attended many of the days of the jury trial and bench trial in the matter of *ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, the Whitehead Institute for*

*Biomedical Research, and the President and Fellows of Harvard College v. Eli Lilly and Company*, Case No. 1:02-cv-11280-RWZ (D. Mass.) (hereinafter, "the Lilly trials"). I am personally acquainted with Siegmund Gutman, whom I know to be in-house counsel for Amgen Inc. Mr. Gutman was present in the courtroom during every day of the Lilly trials that I attended. I am informed and believe that Mr. Gutman also attended the Lilly trials on the days that I did not attend. Also present in the courtroom on many days of the Lilly trials was an individual who was identified to me as Plaintiffs' outside counsel in the present case.

6.  David Berstein is an ARIAD employee who currently works in Massachusetts.

7.  Fritz Casselman is a former employee of ARIAD. Based upon my continued interactions with Mr. Casselman, I know that he currently resides in Massachusetts.

Executed on October 4, 2006, at CAMBRIDGE, Massachusetts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Laurie A. Allen, Esq.

1573470

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2006, the attached **DECLARATION OF LAURIE A. ALLEN IN SUPPORT OF ARIAD PHARMACEUTICALS, INC.'S RENEWED MOTION TO DISMISS FOR FAILURE TO NAME NECESSARY AND INDISPENSABLE PARTIES OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** was served upon the below-named counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire  
Young Conaway Stargatt & Taylor LLP  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, DE 19899-0391  

BY HAND, VIA CM/ECF,  
AND VIA ELECTRONIC MAIL

Marcus E. Sernel, Esquire  
Kirkland & Ellis LLP  
200 East Randolph Drive  
Chicago, IL 60601-6636  

VIA FEDERAL EXPRESS  
& ELECTRONIC MAIL

J. Drew Diamond, Esquire  
Kirkland & Ellis LLP  
777 South Figueroa Street  
Los Angeles, CA 90017-5800  

VIA FEDERAL EXPRESS  
& ELECTRONIC MAIL

*/s/ Tiffany Geyer Lydon*  
_____  
Tiffany Geyer Lydon