## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware Corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-259-KAJ |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

### STIPULATED PROTECTIVE ORDER PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 26(c)

WHEREAS, Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen

Manufacturing, Limited, and Immunex Rhode Island Corporation, and Defendant ARIAD

Pharmaceuticals, Inc., expect discovery requests made in this Litigation to encompass certain

information which may constitute trade secrets and/or other confidential research, development

or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), the

Parties, by and through their respective counsel, HEREBY STIPULATE to the entry of this

Order regarding discovery in this Litigation.

**I.     DEFINITIONS**

1.     "Order" means this Stipulated Protective Order.

2.     "Outside Counsel" means outside attorneys engaged by a Party, including outside

attorneys of record and outside attorneys admitted pro hac vice.

3. "Designated Inside Counsel" means, in the case of Plaintiffs, Monique Cordray, Kathleen Fowler, Siegmund Gutman, Gail Katz, Karen Nicastro, and Stuart Watt, and in the case of ARIAD, Laurie Allen, David Berstein, Joan Meissner, and Stefanie Pearl, and two other in-house attorneys that may be designated at any time during this Litigation. If one or more of the foregoing individuals leaves the employ of his or her respective employer, the affected party may designate replacement Designated Inside Counsel by written notice to the other Party. Following designation in writing by ARIAD of either of its two other in-house attorneys, or designation of a replacement Designated Inside Counsel by either party, the other Party will have seven business days to raise any objections with the Court, during which seven-day period the designated person shall not have access to Confidential Information. If objections are raised with the Court, the designated person shall not have access to Confidential Information until the Court rules on said objections.

4. "Party" means a party to this Litigation.

5. "Third Party" means a person or entity not a Party to this Litigation.

6. "Producing Party" means a Party or Third Party that produces or otherwise discloses information in this Litigation, whether through formal or informal means.

7. "Receiving Party" means a party that receives information produced or otherwise disclosed by any Producing Party in this Litigation.

8. "Confidential Information" means information of any sort which a Party or a Third Party in good faith believes constitutes, contains, reveals or reflects trade secrets or other confidential research, development, business or commercial information, including but not limited to: scientific and technical information; financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business

2

strategies, decisions, or negotiations; personnel compensation, evaluations and other employment information; and confidential and proprietary information about affiliates, parents, subsidiaries and Third Parties with whom the Party or Third Party has had business relationships. Provisions of this Order relating to Confidential Information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, Confidential Information, and all copies, excerpts and summaries thereof.

9.    "Litigation" means District of Delaware Civil Action No. 06-259-KAJ and any appeal therefrom.

## II.    TERMS OF THE ORDER.

### A.    Form of Information Governed by the Order

This Order shall apply to all information produced or otherwise disclosed by any Producing Party in whatever form, including, but not limited to documents, things, other discovery materials, depositions, testimony, as well as any other document or other material produced, filed, generated or served by a Party in this Litigation, or by a Third Party pursuant to a subpoena or otherwise.

### B.    Use Of Confidential Information

All Confidential Information including documents, things or contents thereof produced, or to be produced, by either Party or a Third Party (or their representatives) in connection with this Litigation shall be used solely for the purpose of this Litigation and for no other purpose whatsoever, shall be kept in confidence, and shall be disclosed or made available only to those persons specified in section F herein.

DB02:5576168.1

065028.1001

### C.    Manner of Identifying Produced Documents

Copies of documents produced in this Litigation, whether pursuant to a formal discovery request or otherwise, shall bear a unique identifying number, except such unique identifying number is not required when documents are produced only for inspection.

### D.    Manner of Designating Confidential Information

1.    Confidential Information provided pursuant to initial disclosure obligations, in response to discovery requests, on an informal basis without a discovery request, or pursuant to a court order, or prepared for a filing with the Court, shall be designated by stamping, marking or affixing on each page thereto, or for an object, at a visible location, a legend generally in the following form:

CONFIDENTIAL

2.    In the case of information produced on electronic media, such as disks, CDs, tapes, etc., the Producing Party shall use reasonable efforts to ensure that the legend appears on each page of each file included on such electronic media.  In certain circumstances the file format may render this impossible or impractical.

3.    In the case of interrogatory answers or responses to requests for admissions, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer containing such information with markings indicating the portions considered to be Confidential Information.  Within five business days of a request to produce a redacted version of an interrogatory answer or response to request for admission, the Producing Party shall transmit to the Receiving Party a redacted version of the entire set of interrogatory answers or responses to requests for admissions that does not contain information designated under this Order.

4

4.      Documents and things produced for initial inspection prior to copying and delivery shall be treated as Confidential Information and shall be inspected only by persons representing the Receiving Party who are entitled to review such information. Within ten (10) business days after the Receiving Party selects the documents it wishes to have copied, the Producing Party will designate the documents as appropriate under this Order and produce them with unique identifying numbers.

5.      Confidential Information revealed at a deposition may be designated as such at the deposition by stating on the record that testimony given at a specified portion of the deposition should be so designated. Alternatively, within fifteen days of receiving the transcript of the deposition, any Party or Third Party may designate the deposition or any portions thereof as Confidential Information, which shall be done in writing. Accordingly, until fifteen days have elapsed following the Parties' receipt of a deposition transcript, the contents of that deposition shall be treated as Confidential Information. The use and disclosure of such designated portions of a deposition shall be governed by the same rules that govern the use or disclosure of Confidential Information included in documents as described herein. If at the deposition a Party or Third Party designates some or all of the deposition as containing Confidential Information, then the court reporter shall separately bind such deposition or portion thereof and mark the cover to such deposition or portion thereof with a legend generally in the following form:

CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER

If the designation occurs following receipt of the transcript, each recipient of the transcript shall stamp the designated pages with the appropriate foregoing legend.

DB02:5576168.1                                                                065028.1001

E.    **No Admission Or Waiver of Confidentiality and/or Waiver of Privilege**

1.    The designation of Confidential Information by a Producing Party is intended solely to facilitate compliance with discovery in this Litigation. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by another Party or Third Party that the designated information constitutes or contains Confidential Information, trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter.

2.    The inadvertent or unintentional failure by a Producing Party to designate specific documents or material as containing Confidential Information shall not constitute a waiver in whole or in part of a Party's or Third Party's claim that such documents or materials contain Confidential Information. Upon notice to the Receiving Party of such failure to designate specific documents or material as Confidential Information, the Receiving Party shall cooperate fully to restore the confidentiality of the inadvertently disclosed information, without prejudice.

3.    If any Producing Party inadvertently produces any document or other material that the Producing Party or any Party reasonably believes is protected from discovery on grounds of attorney-client privilege or as attorney work-product, such inadvertent production shall not be deemed a waiver of such privilege, and the Producing Party or Party asserting privilege may give written notice to the Receiving Party that the document or material produced is deemed privileged and that it requests the return of the document or material. Upon receipt of such written notice, the Receiving Party shall immediately collect and return to the Producing Party the original and all hard (*i.e.*, non-electronic) copies of the produced document or material of which the Receiving Party is aware, irrespective of whether the Receiving Party agrees with the claim of privilege. If a document was produced in electronic form or the Receiving Party has

6

converted it to an electronic form, the Receiving Party need not return such electronic files to the Producing Party, but shall certify the destruction of such files and any electronic copies thereof. While such inadvertent disclosure shall not result in the waiver of any associated privilege, the return of the document(s) and/or material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned document(s) and/or material on the basis that: (1) the Producing Party or Party asserting privilege waived its attorney-client and/or work product privilege as to such document(s) and/or material through some other ground not associated with its inadvertent production in this Litigation; or (2) the underlying claim of privilege or work-product protection is not valid.

### F.    Persons Permitted Access to Confidential Information

Access to Confidential Information shall be limited to, and only to, the following qualified persons:

1.    Outside Counsel, their legal, clerical, and administrative personnel, such as attorneys, paralegals, secretaries, and other employees and staff working with or under the supervision of Outside Counsel who are responsible for assisting in the preparation, trial or appeal of this Litigation, and companies or other organizations retained by Outside Counsel to provide litigation support services (for example, outside copy services, document imaging services, and database creation and maintenance services);

2.    Designated Inside Counsel as defined herein; and their respective clerical and paralegal support personnel whose function in connection with this Litigation requires access to Confidential Information;

3.    Experts and consultants specifically engaged by Outside Counsel and/or the Parties to assist in this Litigation ("Independent Advisors"), including their administrative and

7

clerical personnel; provided, however, that such disclosure to such Independent Advisors and their administrative and clerical personnel shall be made only under the conditions set forth in section I below;

4.    Persons who have been retained by the Receiving Party or its Outside Counsel specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in this Litigation (collectively, "Trial Consultants"), and persons employed by them, when working under the supervision of such a Trial Consultant in connection with the Litigation, provided that this provision explicitly excludes any Trial Consultant who is a current or former employee of the Party retaining the Trial Consultant, and provided such Trial Consultant, prior to such disclosure, executes the Declaration attached hereto as Exhibit A.  Such executed Declarations shall be retained by counsel for the Receiving Party, and shall be made available to counsel for the Producing Party upon a showing that the Producing Party has a good faith and objectively reasonable belief that the terms of this Protective Order have not been observed;

5.    Persons retained by the Receiving Party or its Outside Counsel to provide translation or interpretation from one language to another ("Translators") and persons retained by the Receiving Party or its Outside Counsel to prepare demonstrative or other exhibits for deposition, trial, or other court proceedings in this Litigation ("Graphic Designers"), and persons employed by such Translators or Graphic Designers when working under the supervision of such Translators or Graphic Designers in connection with the Litigation, provided that each such Translator and Graphic Designer, prior to such disclosure, executes the Declaration attached hereto as Exhibit A.  Such executed Declarations shall be retained by counsel for the Receiving Party, and shall be made available to counsel for the Producing Party upon a showing that the

8

Producing Party has a good faith and objectively reasonable belief that the terms of this Protective Order have not been observed;

6.    Persons indicated on the face of a document or thing to be an originator, author, or recipient of that document or thing, or who are an originator, author or recipient of that document or thing;

7.    During deposition of any witness: (a) whom the examining attorney has a good faith basis to believe has previously seen the Confidential Information under circumstances not amounting to a violation of this Order; (b) who is a current director, officer, employee, agent, and/or Rule 30(b)(6) designee of the Producing Party; or (c) who is an Independent Advisor of the Producing party and has complied with section I below; and the attorneys representing such witnesses;

8.    Any mediator approved by all Parties to the Litigation, provided that such mediator has signed the Declaration attached hereto as Exhibit A.

9.    The Court and court officials involved in this Litigation (including secretarial, clerical or support personnel of the Court, court reporters, persons operating video recording equipment at a deposition, and any special master appointed by this Court);

10.    Any other person to whom the Parties agree in writing or that the Court allows.

**G.    Maintaining Confidentiality**

1.    All materials containing Confidential Information shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

2.    In the event that counsel for a Receiving Party deems it necessary to disclose a Producing Party's Confidential Information to any person not specified in section F as qualified

DB02:5576168.1

065028.1001

to receive such information, counsel for the Receiving Party shall notify  counsel for the Producing Party in writing of (a) the information or documents to be disclosed, and (b) the name, address, and position of the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure.  If no objection to such disclosure is made by Outside Counsel for the Producing Party within ten (10) business days of such notification, Outside Counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that prior to such disclosure, the designated person executes the Declaration attached hereto as Exhibit A.  Such executed Declarations shall be retained by counsel for the Receiving Party, and shall be made available to counsel for the Producing Party upon a showing that the Producing Party has a good faith and objectively reasonable belief that the terms of this Protective Order have not been observed.  If, on the other hand, Outside Counsel for the Producing Party objects in writing to such disclosure within ten (10) business days, the parties may meet and confer on the matter and if agreement cannot be made, the Party wishing to make such disclosure may make an appropriate motion to the Court, provided that until an order on such motion is obtained, the original designation by the Producing Party shall stand and no disclosure shall be made to the designated person.

**H.     Unauthorized Disclosure**

If Confidential Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such unauthorized disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the Producing Party, make every effort to obtain the return of the disclosed Confidential Information and prevent any further unauthorized disclosure of such information, and make

10

every effort to prevent any person who received such information through and/or as a result of such unauthorized disclosure from making use of such information or disclosing such information to any person not authorized to receive it. Such efforts shall include, but not be limited to, requesting that such person execute the Declaration attached hereto as Exhibit A.

## I.    Conditions Relating to Independent Advisors

1.    Independent Advisors whose advice and consultation are being or will be used in preparation for or at trial of this case, and their administrative and clerical personnel, may have access to Confidential Information only according to the following procedure.

2.    Before obtaining access to any Confidential Information, each such Independent Advisor shall execute a Declaration in the form attached hereto as Exhibit A (which shall be maintained by the Party or Outside Counsel who retained such Independent Advisor, but need not be disclosed to any other Party or Third Party unless there is a genuine question as to whether such Independent Advisor has complied with the obligations set forth in the Declaration).

3.    Each such Independent Advisor's curriculum vitae (which should include at least the following information: (a) the Independent Advisor's employer and title and employment history; (b) any previous or current relationship (personal or professional) with any of the Parties; (c) a description of the Independent Advisor's current research and an identification of the areas of research that the Independent Advisor has engaged in over the last three (3) years; (d) a list of all publications authored by the Independent Advisor for the preceding ten (10) years; and (e) a listing of any other cases in which the Independent Advisor has testified at trial or by deposition within the preceding four (4) years) shall be transmitted by facsimile, or other electronic means, to Outside Counsel for the other Party by no later than ten (10) calendar days prior to the disclosure of any Confidential Information to such Independent Advisor. Along with

such curriculum vitae, counsel who retained the Independent Advisor shall include a statement of the specific designated information proposed to be disclosed to the Independent Advisor. Alternatively, in the absence of such specific designation, the notice will be construed as referring to all of the Confidential Information produced by the Producing Party subject to this Order. In the event a specific designation is made, only so much of the Producing Party's information as is specifically designated shall be disclosed to the Independent Advisor, unless and until such time as a further notice is given to the Producing Party in the manner set forth in this paragraph, specifying any additional information to be disclosed.

4.      If a Party believes in good faith that it would be injured or prejudiced by disclosure of Confidential Information to the other Party's Independent Advisor(s), it may object in writing, specifying with particularity the grounds for the objection, within seven (7) calendar days of receipt of the curriculum vitae. If the Producing Party does not object, the Confidential Information may then be shown to the Independent Advisor.

5.      If the Producing Party objects to the disclosure of Confidential Information to an Independent Advisor, the Parties will meet and confer to attempt to resolve the dispute. If the Parties cannot resolve the dispute, then within five (5) business days from the date of receipt of the written notice of objection, the Producing Party may apply to the Court for an order that disclosure of Confidential Information to that Independent Advisor not be permitted. If the Producing Party does not submit the matter to the Court within the timeframe specified, the Confidential Information may then be shown to the Independent Advisor. Once a Party has objected to disclosure of Confidential Information to any Independent Advisor, the other Party may not disclose such information to that Independent Advisor unless the Parties agree to such

12

disclosure, the Producing Party fails to make an application to the Court within the timeframe specified, or the Court overrules the objection.

### J.    Party's Own Information

Notwithstanding any other provision of this Order, the restrictions on the use of Confidential Information established by this Order are applicable only to the use of Confidential Information received by a Party from another Party or from a Third Party. A Party is free to do whatever it desires with its own Confidential Information.

### K.    Advice To A Party-Client

Nothing in this Order shall bar or otherwise restrict any Outside Counsel or Designated Inside Counsel from rendering advice to a Party-client in this Litigation and, in the course thereof, relying upon such attorney's examination and/or analysis of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with such client, such Counsel shall not disclose any Confidential Information to persons not authorized to receive it pursuant to the terms of the Order.

### L.    Effect On Discovery

This Order shall not:

1.    Preclude or limit the right of any Party to oppose discovery on any ground which would otherwise be available;

2.    Require disclosure of information that is protected by the attorney-client privilege, work product privilege, or any other applicable privilege or immunity;

3.    Be construed as making any individual available for deposition or any other form of discovery or testimony outside of the restrictions and procedures of the Federal Rules of Civil Procedure, District of Delaware Local Rules, or orders of this Court; or

DB02:5576168.1                                                                                                    065028.1001

4.      Oblige any party to produce information that is irrelevant or otherwise not subject to discovery.

**M.      Depositions**

Whenever Confidential Information is to be discussed or disclosed in a deposition, any person who is not entitled to have access to such Confidential Information shall be excluded from the deposition while such Confidential Information is disclosed or discussed, unless the Party claiming such confidentiality agrees otherwise on the record.

**N.      Court Reporters**

Any court reporter who transcribes the deposition testimony in this action, before transcribing any such testimony, shall agree that all testimony designated as containing Confidential Information is and shall remain confidential and shall not be disclosed except to persons expressly entitled to receive such Confidential Information under the terms of this Order. The court reporter also shall agree that the copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by the reporter or shall be delivered to the Outside Counsel for the Party that designated the Confidential Information.

**O.      Third Party Discovery**

In the case of discovery taken of a Third Party, the Party seeking discovery shall inform the Third Party of this Order and provide the Third Party with a copy of this Order.

**P.      Material Confidential To Third Parties**

During the course of this Litigation, a Party may be requested to produce to another Party information subject to contractual or other obligations of confidentiality owed to a Third Party by the Party receiving the request. The Party subject to such contractual or other obligation of

14

confidentiality shall timely contact the Third Party to determine whether such Third Party is willing to permit disclosure of the information under the terms of this Order. If the Third Party is willing to permit such disclosure, the information shall be produced in accordance with this Order. If the Third Party is not willing to permit disclosure of the information under the terms of this Order, the requesting Party in the Litigation shall be notified and any information withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the Third Party to whom the obligation of confidentiality is owed. This Order shall not preclude any Party from moving the Court for an order compelling production of such information.

### Q.     Modification and Additional Protective Orders

Nothing herein shall prevent any Party from (i) applying to the Court for a modification of this Order; (ii) applying to the Court for further or additional protective orders; (iii) agreeing to alter or waive the provisions or protections provided for herein with respect to particular discovery material; or (iv) making an arrangement with the other Party to modify this Order subject to Court approval.

### R.     Disputes Regarding Designation of Information

Any Party may object to the designation of particular discovery material as Confidential Information by giving written notice at any time to the Producing Party making the designation. Such notice shall identify with specificity and particularity the discovery material to which the objection is directed and the basis for the objection. If any Party disputes the challenge to the designation of the discovery material and such dispute cannot be resolved within five (5) business days of receipt of such notice, it shall be the obligation of the Party objecting to the designation to request appropriate relief from the Court. The disputed discovery material shall

15

be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the Party or Third Party that made the original designation shall have the burden of proving that the original designation is proper.

**S.        Filing Documents With The Court**

In the event a Party or Third Party wishes to file or lodge with the Court for any purpose any document, pleading or other material containing Confidential Information, the Party or Third Party shall file such material under seal pursuant to the procedure set forth in the Court's Order dated July 19, 2006. All papers submitted to the Court which contain Confidential Information shall be filed in hard copy in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, the title of the document contained in the sealed envelope or other container, the signature blocks of the filing party, and the legend "CONFIDENTIAL – FILED UNDER SEAL." The enclosed material shall be segregated by the Court and shall not be publicly available.

Counsel for the party filing papers containing Confidential Information shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated February 8, 2005. Within four (4) business days from the date of a filing made under seal, counsel for the non-filing party shall deliver to counsel for the filing party written notice of the specific portions of the filed material that contain the non-filing party's Confidential Information to facilitate the creation of such redacted papers. Redacted versions of papers filed under seal may be made publicly available provided that (a) all Confidential Information is deleted, obscured, or removed; and (b) such redacted versions are clearly marked "Public Version

16

Confidential Material Omitted," and clearly identify each place where information or exhibits have been deleted.

No document or other material shall be filed under seal in the Litigation except pursuant to this Order.

### T.    Effect On Admissibility And Court Hearings

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding in the Litigation. The designation of information pursuant to this Order shall not, for that reason, bar its introduction or use at any court proceeding in this Litigation pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need with a complete and accurate record of the proceedings. Any court hearing which refers to or describes Confidential Information shall, in the Court's discretion, be held in open court with records unsealed unless there is a specific showing that confidentiality is required. The disclosing Party has the option to request that the proceeding shall be conducted in camera, out of the presence of all unqualified persons and any transcript relating thereto shall, subject to the Court's approval, be designated as Confidential Information.

### U.    Order And Designations Not Evidence

This Order has been entered into to facilitate discovery and presentation of evidence to the Court. Neither the Order, nor the designation of any information as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

DB02:5576168.1                                                    065028.1001

### V.    Order Binding As Of Date Of Court Order

This Order shall be binding on the Parties as of the date on which it is signed and filed by the Court.

### W.    Exception For Public Information

The restrictions and obligations set forth in this Order relating to Confidential Information shall not apply to any information which (i) the Parties agree, or the Court rules, is already public knowledge at the time of disclosure to the Receiving Party; (ii) the Parties agree, or the Court rules, becomes public knowledge after disclosure to the Receiving Party other than as a result of disclosure by the Receiving Party or a breach of this Order or other confidentiality agreement; or (iii) the Parties agree, or the Court rules, has come into the Receiving Party's legitimate possession independently of the Producing Party and through means other than a breach of this Order or other confidentiality agreement.  Such restrictions and obligations shall not be deemed to prohibit discussions with any persons of any Confidential Information if said person already has legitimate possession thereof.  Further, nothing in this Order shall affect the right of the Receiving Party to transmit to anyone information disclosed in this Litigation that has not been designated as Confidential Information.

### X.    Other Proceedings

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person, Party, or Third Party governed by this Order who becomes subject to a motion to disclose another Party's or Third Party's Confidential Information pursuant to this Order shall promptly notify that Party of the motion so that the Party

or Third Party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Y.    Conclusion of Litigation

Within thirty (30) days of the final disposition of this Litigation, whether by judgment and exhaustion of all appeals or by settlement, the attorneys of record:

1.    Shall destroy, or return to the Producing Party, or its Outside Counsel, all Confidential Information in their possession, custody or control other than attorney work product and attorney-client communication;

2.    Shall ensure that all the Confidential Information in the possession, custody or control of their Independent Advisors, is destroyed or returned to the Producing Party, or its Outside Counsel; and

3.    Shall deliver to the Producing Party, or its Outside Counsel, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the Producing Party may make application to the Court for such further order as may be appropriate.

Notwithstanding the foregoing, any Party may retain copies of attorney-client communications and attorney work product, as well as a archival copies of papers filed with the Court, responses to interrogatories or requests for admission, correspondence, expert reports, deposition and court transcripts, and exhibits that contain Confidential Information provided that such Confidential Information is not disclosed except pursuant to the terms of this Order, a separate agreement with the Producing Party, or a court order.

DB02:5576168.1

065028.1001

**Z.    Survival Of Terms**

The provisions of the Order shall survive the final termination of the case for any documents or contents thereof retained by any Party.  This Court shall retain jurisdiction to enforce the terms of the Order after final termination of the Litigation.

SO ORDERED.


Date: _____          _____

The Honorable Kent A. Jordan
United States District Court Judge

DB02:5576168.1                                                                                              065028.1001

Date: October 24, 2006

_Melanie K. Sharp_

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex
Corporation, Amgen USA Inc., Amgen
Manufacturing, Limited, and Immunex Rhode
Island Corporation.*

Date: October 24, 2006

_/s/ Steven J. Balick_

Steven J. Balick (No. 2114)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
SBalick@ashby-geddes.com

*Attorneys For Defendant
ARIAD Pharmaceuticals, Inc.*

## EXHIBIT A TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware Corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-259-KAJ |
| v. | ) ) ) | |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

## DECLARATION REGARDING RECEIPT OF
## INFORMATION UNDER PROTECTIVE ORDER

I, _____ declare that:

1. My address is_____

_____

2. The name and address of my present employer is_____

_____

3. My present occupation or job description is_____

_____

4.    I have received and carefully read the attached Order dated _____

and understand its provisions.  As a condition precedent to receiving any information marked as

"Confidential Information" pursuant to section D of the attached Order, I agree to subject myself

to the personal jurisdiction of this Court with respect to the enforcement of the provisions of the Order. I understand that I am obligated, under the Order, to hold in confidence and not to disclose the contents of any document or other material marked pursuant to section D of the Order as "Confidential Information" to anyone other than those persons identified in section F of the Order, to the extent that such persons are qualified to review such information. I further understand that I am not to disclose to persons other than those persons identified in section F of the Order any words, substances, summaries, abstracts or indices of any "Confidential Information" disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Order.

5.     At the termination of this action or at any time requested by counsel, I will return to counsel for the Party or Third Party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting "Confidential Information" which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information. I acknowledge that by returning these materials, I will not be relieved from any of the continuing obligations imposed upon me by the Order.

6.     I understand that if I violate the provisions of this Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.

7.     I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____          _____
                                                               (Signature)