# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | |
|---|---|---|
| BEN T. CASTLE | NEILLI MULLEN WALSH | LISA A. ARMSTRONG | TIMOTHY E. LENGKEEK |
| SHELDON N. SANDLER | JANET Z. CHARLTON | GREGORY J. BABCOCK | ANDREW A. LUNDGREN |
| RICHARD A. LEVINE | ROBERT S. BRADY | JOSEPH M. BARRY | MATTHEW B. LUNN |
| RICHARD A. ZAPPA | JOEL A. WAITE | SEAN M. BEACH | JOSEPH A. MALFITANO |
| FREDERICK W. IOBST | BRENT C. SHAFFER | DONALD J. BOWMAN, JR. | ADRIA B. MARTINELLI |
| RICHARD H. MORSE | DANIEL P. JOHNSON | TIMOTHY P. CAIRNS | MICHAEL W. MCDERMOTT |
| DAVID C. MCBRIDE | CRAIG D. GREAR | KARA HAMMOND COYLE | MARIBETH L. MINELLA |
| JOSEPH M. NICHOLSON | TIMOTHY JAY HOUSEAL | MARGARET M. DIBIANCA | EDMON L. MORTON |
| CRAIG A. KARSNITZ | MARTIN S. LESSNER | MARY F. DUGAN | D. FON MUTTAMARA-WALKER |
| BARRY M. WILLOUGHBY | PAULINE K. MORGAN | ERIN EDWARDS | JENNIFER R. NOEL |
| JOSY W. INGERSOLL | C. BARR FLINN | KENNETH J. ENOS | ADAM W. POFF |
| ANTHONY G. FLYNN | NATALIE WOLF | IAN S. FREDERICKS | SETH J. REIDENBERG |
| JEROME K. GROSSMAN | LISA B. GOODMAN | JAMES J. GALLAGHER | SARA BETH A. REYBURN |
| EUGENE A. DIPRINZIO | JOHN W. SHAW | SEAN T. GREECHER | KRISTEN R. SALVATORE (PA ONLY) |
| JAMES L. PATTON, JR. | JAMES P. HUGHES, JR. | STEPHANIE L. HANSEN | MICHELE SHERRETTA |
| ROBERT L. THOMAS | EDWIN J. HARRON | DAWN M. JONES | MONTÉ T. SQUIRE |
| WILLIAM D. JOHNSTON | MICHAEL R. NESTOR | RICHARD S. JULIE | MICHAEL P. STAFFORD |
| TIMOTHY J. SNYDER | MAUREEN D. LUKE | KAREN E. KELLER | CHAD S.C. STOVER (SC ONLY) |
| BRUCE L. SILVERSTEIN | ROLIN P. BISSELL | JENNIFER M. KINKUS | JOHN E. TRACEY |
| WILLIAM W. BOWSER | SCOTT A. HOLT | EDWARD J. KOSMOWSKI | MARGARET B. WHITEMAN |
| LARRY J. TARABICOS | JOHN T. DORSEY | JOHN C. KUFFEL | SHARON M. ZIEG |
| RICHARD A. DILIBERTO, JR. | M. BLAKE CLEARY | KAREN LANTZ | |
| MELANIE K. SHARP | CHRISTIAN DOUGLAS WRIGHT | | |
| CASSANDRA F. ROBERTS | DANIELLE GIBBS | SPECIAL COUNSEL | SENIOR COUNSEL |
| RICHARD J.A. POPPER | JOHN J. PASCHETTO | JOHN D. MCLAUGHLIN, JR. | CURTIS J. CROWTHER |
| TERESA A. CHEEK | NORMAN M. POWELL | ELENA C. NORMAN | |
| | | KAREN L. PASCALE | OF COUNSEL |
| | | PATRICIA A. WIDDOSS | BRUCE M. STARGATT |
| | | | STUART B. YOUNG |
| | | | EDWARD B. MAXWELL, 2ND |

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6681
DIRECT FAX: 302-576-3333
msharp@ycst.com

November 1, 2006

**BY CM/ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

> Re: Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.
> C. A. No.: 06-259 (KAJ)

Dear Judge Jordan:

Plaintiffs (collectively referred to as "Amgen") file this letter in advance of the November 3 hearing to raise additional issues that continue to plague the progress of this case.

Despite the Court's order lifting its three-week stay of discovery on September 11, 2006, ARIAD continues to refuse to move discovery along. ARIAD has been in possession of Amgen's document requests for nearly four months, but ***ARIAD has not yet produced a single document in this case***. ARIAD has served responses to Amgen's document requests that contain a litany of objections, but these objections leave unclear what documents will and will not be produced. Moreover, ARIAD has stated that it will outright refuse to produce certain categories of clearly discoverable documents, such as documents in ARIAD's possession, custody or control that relate to the products-in-suit (Enbrel or Kineret) or the Amgen Entities.[1] Thus, after four months of wrangling, all that ARIAD has said is that it will produce, at some unspecified time in the future, some ill-defined subset (not the full set) of the discoverable documents.

---

[1] ARIAD has also refused outright to produce other categories of documents as set forth in Exhibit A.

Young Conaway Stargatt & Taylor, LLP
The Honorable Kent A. Jordan
November 1, 2006
Page 2

      Complicating ARIAD's refusal to produce documents is ARIAD's refusal to confirm that Amgen's designated in-house counsel can review the documents produced by Lilly pursuant to Amgen's subpoena. The Court entered the parties' agreed-upon Protective Order in this case that allows six designated in-house counsel at Amgen to review all of the confidential information produced under the Protective Order (*i.e.*, on the same terms as outside counsel), a provision agreed to by ARIAD well before our September 11 hearing. Despite this agreement, and the fact that in-house counsel for Lilly has been in possession of these documents for years, ARIAD continues to prevent the designated Amgen in-house counsel from seeing nearly 70% of these documents. While ARIAD has sought to blame problems that it has had in reviewing the electronic documents produced by Lilly—problems that, ironically, Amgen's outside counsel has either not encountered, or has dealt with very easily—this merely underscores the reason why ARIAD must produce its own documents in this case. On the one hand, ARIAD is refusing to grant in-house counsel access to the documents produced by Lilly and on the other hand, it continues to object to Amgen's document requests under the basis that it will not produce to Amgen the same documents it has previously produced to Lilly. ARIAD's strategy has effectively blocked Amgen's in-house counsel access to such documents, and it has inexplicably done so in the face of an agreement, and a provision in the entered Protective Order, to the contrary. There is no reason why ARIAD is still preventing Amgen in-house counsel from accessing these documents.

      Amgen respectfully requests the Court to order ARIAD to (1) provide Amgen with notice as to whether it objects to any in-house review of the Lilly documents by November 10, 2006; and to (2) produce all documents responsive to the outstanding document requests, including all documents relating to the Lilly litigation, by November 15, 2006.

      Respectfully,

      /s/ Melanie K. Sharp

      Melanie K. Sharp (No. 2501)

MKS:ch

cc:   Clerk of the Court (Hand Delivery)
      John G. Day, Esquire (via e-mail and Hand Delivery)
      David I. Gindler, Esquire (via e-mail)

# EXHIBIT A

**EXHIBIT A**
**Documents That ARIAD Has Refused To Produce**

Documents and things relating to ENBREL or KINERET (Document Request No. 36).

Documents relating to or mentioning any of the Amgen Entities (Document Request No. 37).

Communications relating to the '516 patent-in-suit and/or any related patents (Document Request No. 40).

Communications within ARIAD or to third parties relating to ENBREL or KINERET (Document Request No. 41).

Documents and things relating to tumor necrosis factor and/or tumor necrosis factor receptors and their relationship, if any, to NF-κB (as that term is used in the '516 patent) (Document Request No. 45).

Documents and things relating to interleukin-1 and/or interleukin-1 receptors and their relationship, if any, to NF-κB (as that term is used in the '516 patent) (Document Request No. 46).

Documents and things relating to cyclosporin A and its relationship, if any, to NF-κB (as that term is used in the '516 patent), nuclear factor of activated T cells, or any other transcription factor (Document Request No. 47).

Documents and things relating to nuclear factor of activated T cells (Document Request No. 48).

Documents relating to things that ARIAD would contend reduce NF-κB activity (as that term is used in the '516 patent) (Document Request No. 57).

Documents relating to things that ARIAD would contend induce NF-κB activity (as that term is used in the '516 patent) (Document Request No. 58).

Documents relating to decoy molecules (as that term is used in the '516 patent) (Document Request No. 59).

Documents relating to dominantly interfering molecules (as that term is used in the '516 patent) (Document Request No. 60).