# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 1, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:   *Amgen, Inc., et al. v. ARIAD Pharmaceuticals, Inc.*,  
C. A. No. 06-259-KAJ

Dear Judge Jordan:

     This firm represents Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") in the above-referenced matter. I write with respect to the deadline for supplementing and amending pleadings in this matter as set forth in the Court's Scheduling Order of July 19, 2006 (D.I. 37). That deadline is scheduled to occur in three weeks, on December 22, 2006. ARIAD respectfully requests that Court grant a continuance of this deadline until 60 days after a ruling on ARIAD's Petition for Permission to Appeal Under 28 U.S.C. § 1292(b) ("Petition"), filed with the Federal Circuit on November 16, 2006, and the completion of any appeal permitted by the Federal Circuit if the Petition is granted. The Petition requests the Federal Circuit to review this Court's Order dated September 13, 2006 ("September 13 Order"), denying ARIAD's motion to dismiss for lack of subject matter jurisdiction. The Court will recall that, at a hearing conducted on November 3, 2006, it granted ARIAD's motion to certify the September 13 Order for immediate interlocutory appeal under Section 1292(b).

     At the November 3 hearing, ARIAD orally requested that the Court enter a stay of all proceedings in this litigation pending the resolution of its forthcoming Petition. The Court stated that it was "inclined to stay" the present case, but would grant Plaintiffs' request for briefing on the issue, while staying discovery in the interim. (D.I. 105 at 35.) ARIAD filed its Motion to Stay Proceedings Pending Interlocutory Appeal ("Stay Motion") on November 13, 2006, in which it moved "for a stay of all proceedings pending the resolution of Defendant's request for permission to appeal to, and the resolution of any appeal permitted by, the United States Court of Appeals for the Federal Circuit of the" September 13 Order. (D.I. 106 at 1.) ARIAD understands that Plaintiffs will be filing an Opposition to the Stay Motion sometime today, (although their Opposition was actually due two days ago, on November 29, 2006).

     In an effort to conserve resources, and in reliance on the interim stay granted by the Court at the November 3 hearing, ARIAD has suspended all of its discovery activities, including

preparation of the infringement analysis that will be required to respond to Plaintiffs' interrogatories. The preparation of an infringement analysis is both time consuming and expensive and, as the Court is aware, ARIAD does not have spare resources to expend on discovery activities that may turn out to be entirely unnecessary.

Although briefing will be complete on the Petition and the Stay Motion before December 22, 2006, ARIAD does not know when the Federal Circuit will rule on the Petition or when this Court will rule on the Stay Motion. This uncertainty is problematic for ARIAD, because it would need to resume work on its infringement analysis well before December 22 in order to be in a position to amend its pleadings, if necessary, by that date. On the other hand, the requested continuance will do no harm to Plaintiffs, who maintain that the Federal Circuit will reject ARIAD's Petition and that any delay therefore will be brief. (*See* D.I. 105 at 21.)

On Monday, November 27, ARIAD's counsel requested that Plaintiffs' counsel agree to continue the December 22 deadline. After repeated follow up inquiries from ARIAD's counsel, Plaintiffs' counsel finally informed ARIAD's counsel today that Plaintiffs will not agree to the requested continuance.

For the reasons described herein, and in the interest of fairness and to conserve party resources, ARIAD respectfully requests that the Court extend the deadline for amending and supplementing pleadings until 60 days after a ruling on ARIAD's Petition and the completion of any appeal permitted by the Federal Circuit if the Petition is granted. We note that we are mindful of paragraph 14 of the scheduling order (D.I. 37), which calls for most applications to the Court to be by written motion, but because of the time sensitivity already described above, we hope Your Honor will agree that raising this issue by letter, rather than pursuant to the briefing deadlines applicable to standard motion practice, is acceptable.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/dmf
175653.1

cc:   David I. Gindler, Esquire (via electronic mail)
      Melanie K. Sharp, Esquire (by hand)
      Marcus E. Sernel, Esquire (via electronic mail)
      Drew Diamond, Esquire (via electronic mail)