# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 19, 2006

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

  Re: *Amgen et al v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-\*\*\*

Dear Judge Thynge:

  This firm represents Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") in the above-referenced case, in which Plaintiffs seek a declaration that the '516 patent is invalid and not infringed. ARIAD is a small, but promising, biotechnology company with limited financial resources. I write with respect to a time-sensitive matter that was pending before Judge Jordan until his elevation to the Court of Appeals. Specifically, ARIAD has requested that the Court continue the deadline for supplementing and amending pleadings, **which is scheduled to occur in three days, on December 22, 2006.** (See D.I. 37). ARIAD respectfully requests that the Court grant a temporary continuance of this deadline.

  To provide some background: ARIAD initially moved to dismiss Plaintiffs' complaint for, among other things, lack of subject matter jurisdiction. (D.I. 13.) At a telephonic hearing conducted on August 18, 2006, Judge Jordan stayed discovery pending resolution of ARIAD's motion to dismiss. On September 13, 2006, Judge Jordan entered an order denying ARIAD's motion to dismiss for lack of subject matter jurisdiction and lifted the temporary discovery stay ("September 13 Order"). (D.I. 69.) ARIAD then filed a motion requesting that the Court certify the September 13 Order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). (D.I. 73). At a hearing on November 3, 2006, Judge Jordan certified the September 13 Order for interlocutory appeal. (D.I. 104.)

  At the November 3 hearing, ARIAD also orally requested that the Court enter a stay of all proceedings pending the resolution of its forthcoming petition for permission to appeal to the Federal Circuit. Judge Jordan stated that he was "inclined to stay" the present case, but would grant Plaintiffs' request for briefing on the issue, while staying discovery in the interim. (D.I. 105 at 35.) ARIAD filed its petition for interlocutory review in the Federal Circuit on November 17, 2006 ("Petition"), and shortly thereafter filed its motion to stay proceedings pending

The Honorable Mary Pat Thynge
December 19, 2006
Page 2

resolution of the Petition on November 13, 2006 ("Stay Motion"). (D.I. 106.) The parties have fully briefed the Petition in the Federal Circuit and the Stay Motion before this Court.

When it appeared that Judge Jordan likely would not be able to rule on the Stay Motion until after the December 22 deadline for ARIAD to amend its pleadings, ARIAD sent a letter to Judge Jordan on December 1, 2006, requesting that the Court continue this deadline. (D.I. 111.) Amgen responded to this letter on December 4, 2006. (D.I. 114.) This deadline is very important. When ARIAD filed its answer to the complaint, ARIAD did not include any counterclaims for patent infringement, as ARIAD had done no infringement analysis of Plaintiffs' products at any time before Plaintiffs filed this action. (D.I. 72.) As a result, ARIAD's deadline for asserting infringement counterclaims without leave of court is December 22. The reasons supporting ARIAD's request for a continuance of the December 22 deadline are set forth in ARIAD's letter to Judge Jordan and will not be repeated here. Copies of the parties' letters are attached hereto for Your Honor's convenience.

We are mindful that Your Honor has recently been tasked with a great number of dockets and we would not burden Your Honor with this matter if the deadline were not so imminent. For the reasons described herein and in the attached letters, and in the interests of fairness, ARIAD respectfully requests that, as an interim measure, the Court grant a temporary continuance of the deadline for amending and supplementing pleadings until a reasonable period of time after the Court has ruled on the Stay Motion. This request will conserve party resources and will not prejudice Plaintiffs.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf
Attachments
176194.1

cc:   David I. Gindler, Esquire (via electronic mail; w/attachments)
      Melanie K. Sharp, Esquire (by hand; w/attachments)
      Marcus E. Sernel, Esquire (via electronic mail; w/attachments)
      Drew Diamond, Esquire (via electronic mail; w/attachments)

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 4, 2006

**BY CM/ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

      Re:     Amgen, Inc. et al. v. Ariad Pharmaceuticals, Inc.
             C. A. No.: 06-259 (KAJ)

Dear Judge Jordan:

       Plaintiffs (collectively referred to as "Amgen") file this letter in response to ARIAD's letter of December 1, 2006 in which it seeks to extend the deadline for amendment of pleadings until 60 days after resolution of ARIAD's petition to appeal to, and any appeal permitted by, the Federal Circuit. As an initial matter, ARIAD's letter seems to presuppose that the Court will grant ARIAD's Motion to Stay Proceedings Pending Interlocutory Appeal (D.I. 106), despite the fact that Amgen has opposed this motion (D.I. 112) and believes that this case should move forward whether or not the Federal Circuit grants ARIAD's pending petition for leave to appeal. Amgen objects to ARIAD's request because it seeks to further delay ARIAD's need to inform Amgen once and for all whether ARIAD believes that Amgen's products infringe the '516 patent.

       The Federal Rules allow for 20 days to respond to a complaint, and Amgen granted ARIAD an additional 30 days to respond to the complaint in this case, filed April 21, 2006. Following the briefing and denial of its motion to dismiss, ARIAD then finally answered the complaint on September 25, 2006, more than five months after it was filed, but refused to

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
United States District Court of Delaware
December 4, 2006
Page 2

take any position with respect to whether Amgen infringes the '516 patent. As a result, ARIAD has now been in possession of Amgen's complaint *for over seven months*, and continues to refuse to say whether it believes Amgen's products infringe or not. Whether or not ARIAD is allowed to assert compulsory infringement counterclaims in an amended answer, it must be forced to at least complete its infringement analysis to know whether there is a need to proceed with this case or not.

ARIAD continues to argue that progress of this case might divert its resources, but if ARIAD really were serious about wanting to conserve its resources, then it should take a position as to whether it thinks Amgen's products infringe the '516 patent and thus whether there is anything to fight about in this case at all. Amgen believes there is a reasonable chance that ARIAD may conclude that Amgen's products do not infringe the '516 patent; if infringement were clear, surely ARIAD would have completed its analysis after seven months. If ARIAD determines that Amgen does not infringe, there will be no need to continue the appeal and proceedings before this court. Whether or not the Federal Circuit appeal goes forward, and whether or not discovery is stayed in the meantime, ARIAD should at least be required to complete its infringement analysis to determine if there is a need to continue with this case.

The interest of the parties, the Court, and the public will be furthered if ARIAD completes its infringement analysis, and amends any related pleadings, in advance of the present deadline of December 22, 2006. Thus, Amgen respectfully requests that ARIAD's current request for an extended deadline for amendments be denied.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:amc

cc:  Clerk of the Court (Hand Delivery)
     John G. Day, Esquire (via e-mail and Hand Delivery)
     David I. Gindler, Esquire (via e-mail)

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 1, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re: *Amgen, Inc., et al. v. ARIAD Pharmaceuticals, Inc.*,  
C. A. No. 06-259-KAJ

Dear Judge Jordan:

This firm represents Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") in the above-referenced matter. I write with respect to the deadline for supplementing and amending pleadings in this matter as set forth in the Court's Scheduling Order of July 19, 2006 (D.I. 37). That deadline is scheduled to occur in three weeks, on December 22, 2006. ARIAD respectfully requests that Court grant a continuance of this deadline until 60 days after a ruling on ARIAD's Petition for Permission to Appeal Under 28 U.S.C. § 1292(b) ("Petition"), filed with the Federal Circuit on November 16, 2006, and the completion of any appeal permitted by the Federal Circuit if the Petition is granted. The Petition requests the Federal Circuit to review this Court's Order dated September 13, 2006 ("September 13 Order"), denying ARIAD's motion to dismiss for lack of subject matter jurisdiction. The Court will recall that, at a hearing conducted on November 3, 2006, it granted ARIAD's motion to certify the September 13 Order for immediate interlocutory appeal under Section 1292(b).

At the November 3 hearing, ARIAD orally requested that the Court enter a stay of all proceedings in this litigation pending the resolution of its forthcoming Petition. The Court stated that it was "inclined to stay" the present case, but would grant Plaintiffs' request for briefing on the issue, while staying discovery in the interim. (D.I. 105 at 35.) ARIAD filed its Motion to Stay Proceedings Pending Interlocutory Appeal ("Stay Motion") on November 13, 2006, in which it moved "for a stay of all proceedings pending the resolution of Defendant's request for permission to appeal to, and the resolution of any appeal permitted by, the United States Court of Appeals for the Federal Circuit of the" September 13 Order. (D.I. 106 at 1.) ARIAD understands that Plaintiffs will be filing an Opposition to the Stay Motion sometime today, (although their Opposition was actually due two days ago, on November 29, 2006).

In an effort to conserve resources, and in reliance on the interim stay granted by the Court at the November 3 hearing, ARIAD has suspended all of its discovery activities, including

The Honorable Kent A. Jordan
December 1, 2006
Page 2

preparation of the infringement analysis that will be required to respond to Plaintiffs' interrogatories. The preparation of an infringement analysis is both time consuming and expensive and, as the Court is aware, ARIAD does not have spare resources to expend on discovery activities that may turn out to be entirely unnecessary.

Although briefing will be complete on the Petition and the Stay Motion before December 22, 2006, ARIAD does not know when the Federal Circuit will rule on the Petition or when this Court will rule on the Stay Motion. This uncertainty is problematic for ARIAD, because it would need to resume work on its infringement analysis well before December 22 in order to be in a position to amend its pleadings, if necessary, by that date. On the other hand, the requested continuance will do no harm to Plaintiffs, who maintain that the Federal Circuit will reject ARIAD's Petition and that any delay therefore will be brief. (*See* D.I. 105 at 21.)

On Monday, November 27, ARIAD's counsel requested that Plaintiffs' counsel agree to continue the December 22 deadline. After repeated follow up inquiries from ARIAD's counsel, Plaintiffs' counsel finally informed ARIAD's counsel today that Plaintiffs will not agree to the requested continuance.

For the reasons described herein, and in the interest of fairness and to conserve party resources, ARIAD respectfully requests that the Court extend the deadline for amending and supplementing pleadings until 60 days after a ruling on ARIAD's Petition and the completion of any appeal permitted by the Federal Circuit if the Petition is granted. We note that we are mindful of paragraph 14 of the scheduling order (D.I. 37), which calls for most applications to the Court to be by written motion, but because of the time sensitivity already described above, we hope Your Honor will agree that raising this issue by letter, rather than pursuant to the briefing deadlines applicable to standard motion practice, is acceptable.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/dmf
175653.1

cc:   David I. Gindler, Esquire (via electronic mail)
      Melanie K. Sharp, Esquire (by hand)
      Marcus E. Sernel, Esquire (via electronic mail)
      Drew Diamond, Esquire (via electronic mail)