# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302)571-6681
DIRECT FAX: (302)576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
MARGARET M. DiBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
KRISTEN R. SALVATORE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

January 4, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    Amgen, Inc. et al. v. Ariad Pharmaceuticals, Inc.
               C. A. No.: 06-259 (***)

Dear Judge Thynge:

      Plaintiffs write to briefly respond to ARIAD's January 3, 2007 letter. We have now received the Federal Circuit's December 29, 2006 order denying ARIAD's Petition for Interlocutory Appeal, and attach it as Exhibit A to this letter.

      ARIAD again resists a deadline to allege any infringement counterclaims, contending that its latest procedural motion should be decided first, and that it should not have to divert resources from its business to deal with this case. ARIAD's argument misses the point -- ARIAD's decision as to whether it contends that Amgen's products infringe will dictate whether this case needs to proceed forward at all. ARIAD should first comply with its obligation to amend or supplement its pleadings in this case, which Amgen proposes be no later than January 12. To reverse the order as ARIAD proposes simply shifts the burden from ARIAD to conclude its infringement analysis (which has been ongoing for eight months) to the Court to consider ARIAD's renewed motion, which is moot if ARIAD concludes that Amgen's products do not infringe. In any event, ARIAD has not offered any reason why it cannot supplement or amend its pleadings by January 12 and at the same time refile any motions it wants to put before the Court, particularly when the original schedule in this case called for supplemented or amended pleadings to be filed by December 22 and the stay was put into place on December 21.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
January 4, 2007
Page 2

If this Court considers ARIAD's renewed motion to dismiss, it will see that Judge Jordan correctly denied ARIAD's motion.[1] While ARIAD seeks in its latest letter to add even more argument on top of the four briefs it has already filed on this issue, Amgen will rest on its prior briefing and Judge Jordan's prior decision denying ARIAD's arguments. (D.I. 69) There is simply no reason to follow ARIAD's Federal Circuit diversion with yet another diversion to reconsider ARIAD's already-denied motion to dismiss and its motion to transfer.[2]

Thus, Amgen respectfully requests that the Court (1) order ARIAD to amend or supplement its pleadings by January 12, 2007, and (2) set a teleconference for soon thereafter to discuss the appropriate next steps in the case.

Respectfully,

/s/ Melanie K. Sharp

Melanie K. Sharp (No. 2501)

MKS:ams

cc:  Clerk of the Court (Hand Delivery)
     John G. Day, Esquire (via e-mail and Hand Delivery)
     David I. Gindler, Esquire (via e-mail)

---

[1] Judge Jordan denied ARIAD's motion to dismiss, but qualified this denial as without prejudice "because it's possible, it's just possible that I missed something or there is something out there that hasn't been put in front of me, and I recognize that I don't have the other parties to this agreement in front of me." (Ex. A to ARIAD's 1/3/07 letter, at 83). These "other parties" are the Institutions of Harvard University, MIT, and the Whitehead Institute, all of whom transferred all substantial rights in the '516 patent to ARIAD pursuant to their Exclusive License Agreement. ARIAD's Renewed Motion to Dismiss did not seek to identify what Judge Jordan "missed" or was not put in front of him, but instead merely regurgitated the same arguments about the same contractual provisions that had been rejected the first time around.

[2] ARIAD's request to transfer the case to the District of Massachusetts has as little merit as its arguments for dismissal, as this case involves a Delaware company (Amgen) suing a Delaware company (ARIAD) relating to a patent that impacts the citizens of Delaware. *See, e.g., Automotive Tech. Int'l, Inc. v. American Honda Motor Co.*, Civil Action No. 06-187-GMS at *3 (D. Del. Dec. 21, 2006)("having received the benefits of Delaware incorporation, a Defendant cannot now complain that another corporation has chosen to sue it here")(attached as Exhibit B); *Pernod Ricard USA, LLC v. Bacardi USA, Inc.*, Civil Action No. 06-505-SLR at *7 (D. Del. Dec. 19, 2006) ("Defendant's complaints about litigating here are outweighed by the fact that Bacardi has enjoyed the benefits and protections of incorporation in Delaware and that the State has an interest in litigation regarding companies incorporated within its jurisdiction.")(attached as Exhibit C).

# EXHIBIT A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 839

AMGEN, INC., IMMUNEX CORPORATION,
AMGEN USA, INC., AMGEN MANUFACTURING LIMITED,
and IMMUNEX RHODE ISLAND CORPORATION,

Plaintiffs-Respondents,

v.

ARIAD PHARMACEUTICALS, INC.,

Defendant-Petitioner.

ON PETITION FOR PERMISSION TO APPEAL

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

## ORDER

Ariad Pharmaceuticals, Inc. petitions for permission to appeal the order certified by the United States District Court for the District of Delaware in Amgen, Inc. v. Ariad Pharmaceuticals, Inc., No. 06-CV-259, as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §§ 1292(b) and (c). Amgen, Inc. et al. (Amgen) oppose. Ariad moves for leave to reply, with reply attached. Amgen opposes.

Amgen filed an action seeking a declaratory judgment of invalidity and noninfringement of Ariad's patent. Ariad moved to dismiss the action, arguing that Amgen lacked a reasonable apprehension that it would be subject to suit in federal

court and thus the district court lacked jurisdiction. The district court denied the motion, and Ariad seeks permission to appeal.

The decision whether to grant a petition for permission to appeal is within this court's discretion. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990). In this case, we conclude that interlocutory appeal is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1)　The petition for permission to appeal is denied.

(2)　Ariad's motion for leave to file a reply is granted.

FOR THE COURT

DEC 2 9 2006
_____
Date

_____
Alvin A. Schall
Circuit Judge

cc:　Morgan Chu, Esq.
　　　Mark A. Pals, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 2 9 2006

JAN HORBALY
CLERK

Misc. 839　　　　　　　　　　　　　　　2

# EXHIBIT B

1 of 1 DOCUMENT

AUTOMOTIVE TECHNOLOGIES INT'L, INC., Plaintiff, v. AMERICAN HONDA MOTOR CO., INC., ET AL, Defendants.

Civil Action No. 06-187 GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2006 U.S. Dist. LEXIS 92249*

**December 21, 2006, Decided**

**COUNSEL:** [*1] For Automotive Technologies International Inc., Plaintiff: Richard K. Herrmann, LEAD ATTORNEY, Morris James LLP, Wilmington, DE.

For American Honda Motor Company, a California corporation, Elesys North America Inc., a Georgia corporation, Defendants: Thomas C. Grimm, LEAD ATTORNEY, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For General Motors Corporation, a Delaware corporation, Defendant: Thomas C. Grimm, LEAD ATTORNEY, Morris, Nichols, Arsht & Tunnell, Wilmington, DE; Timothy Q. Delaney, Pro Hac Vice.

For TS Tech USA Corporation, Defendant: Benjamin J. Schladweiler, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, United States District Judge.

**OPINION BY:** Gregory M. Sleet

**OPINION:**

   **MEMORANDUM**

**I. INTRODUCTION**

   On March 17, 2006, the plaintiff, Automotive Technologies International, Inc. ("ATI") filed the above-captioned action against American Honda Motor Company ("Honda"), Elesys North America Inc. ("Elesys"), and General Motors Corporation ("GM"), (collectively the "Defendants"), alleging infringement of *United States Patent Nos. 5,901,978*; 6,242,701; 6,325,414; 6,397,136; 6,422,595; 6,869,100; 6,757,602; 6,712,387; 6,942,248; [*2] 6,950,022; and 6,958,451, which are generally related to technology in automobile seats. On May 3, 2006, ATI filed a First Amended Complaint, adding two additional patents, U.S. Patent Nos. 6,484,080 and 6,850,824, and withdrawing one of the previously asserted patents, *U.S. Patent No. 6,950,022*.

   On June 16, 2006, ATI filed a separate action, C.A. No. 06-391, against Hyundai Motor America ("Hyundai"), BMW of North America LLC ("BMWNA"), and Kia Motors America Inc. ("Kia"). Ten of the 12 asserted patents in the above-captioned action are asserted in ATI's suit against Defendants Hyundai, BMWNA and Kia. Presently before the court are motions to transfer this action, and the related action, to the Eastern District of Michigan, pursuant to *28 U.S.C. § 1404(a)*. For the following reasons, the court will deny the motion.

**II. DISCUSSION**

   Pursuant to *Section 1404(a)*, the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." *28 U.S.C. § 1404(a)*. It is the movant's burden to establish the need to transfer, and "the [*3] plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware corp. v. Ashland Prods., Inc.,* No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (quoting *Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995))*. In other words, "unless the

balance of convenience strongly favors a transfer in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).*

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara, 55 F3d. at 879.* This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interest of justice, but all relevant factors, including certain private and public interests. *Id. at 875.* These private interests include the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; [*4] and the location of books and records, to the extent that they could not be produced in the alternative forum. n1 *Id at 879.* Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id. at 879-80.*

> n1 The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192 (D. Del. 1998).*

As an initial matter, the court notes that it will afford less deference to ATI's choice of Delaware as a forum because it is not its "home turf," or principal place of business. *See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991).* [*5] Nonetheless, the court should not disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum. *See Joint Stock Soc'y v. Heublein, Inc., 936 F. Supp. 177, 187 (D. Del. 1996).* With these principles in mind, after consideration of the relevant factors, the court finds that the Defendants have not met their burden of demonstrating that transfer is appropriate.

In the present case, ATI submits the following rationale for suing the Defendants in Delaware: "ATI, and at least one of the Defendants are incorporated in Delaware, all parties are subject to personal jurisdiction in this forum, this forum's docket is noticeably faster to resolution of complex cases than the proposed transferee court and many others, and there was no other forum in which witnesses had a markedly more convenient location than this one." (D.I. 22 at 2.) The court finds that ATI's explanation is a rational and legitimate reason for choosing to sue the Defendants in Delaware. *See Stratos Lightwave, Inc. v. E2O Communs., Inc., No. C. A. 01-309-JJF, 2002 U.S. Dist. LEXIS 5653, 2002 WL 500920, at * 2 (D. Del. Mar. 26, 2002).* Further, having received the benefits [*6] of Delaware incorporation, a Defendant cannot now complain that another corporation has chosen to sue it here. *See id.*

The court also finds that the location of books and records weighs against granting the Defendants' motion to transfer. The Defendants contend that their books and records necessary for litigation are in Michigan. A court should consider the location of books and records in its analysis. It must only do so, however, to the extent that the files could not be produced in the alternative forum. *Jumara, 55 F.3d at 879.* Here, the Defendants do not suggest that their documents could not be produced in Delaware, especially in this day and age where large-scale "document" productions are reduced to digitized records that parties transfer via electronic media. Accordingly, this factor does not weigh in favor of granting a transfer.

The Defendants also contend that non-party witness convenience weighs in favor of a transfer. The briefs set forth in detail the parties' positions with regard to this factor. Essentially, the Defendants contend that travel to Delaware is less convenient than travel to Michigan for its third-party witnesses. (D.I. 18 at 6-7.) [*7] The court is not persuaded by the Defendants' arguments. Further, as this court has previously held, a flight to Delaware is not an onerous task warranting transfer. *Truth Hardware Corp. v. Ashland Prods., Inc.,* No. C.A. 02-1541 GMS, 2003 WL 118005, at * 2 (D. Del. Jan 13, 2003). The court concludes that the convenience of the witnesses does not favor transfer in this case.

Additionally, the court finds that the public interest factors do not weigh strongly in favor of transfer to Michigan. First, the court is not persuaded that any

disparity in court congestion will be so great as to weigh strongly in favor of a transfer. n2 Second, it is well settled that patent rights are not considered state or local matters and do not implicate local interests. *Jones Pharma, Inc. v. KV Pharm. Co.*, No. Civ. A. 03-786 JJF, 2004 U.S. Dist. LEXIS 2333, 2004 WL 323109, at * 3 (D. Del. Feb. 17, 2004). The court, therefore, finds no strong local interest in litigating in the transferee forum. Third, ATI's pending litigation in Michigan involves different patents. Thus, the court believes that this is not a relevant consideration in favor of transfer. *See Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 513 (D. Del. 1999) [*8] (refusing to give "any weight whatsoever" to a mirror image action filed by the defendant).

n2 Even accepting Defendants' position on the percentage of cases over three years old pending in the Eastern District of Michigan, this district's percentage appears to be lower. *Compare* (D.I. 22 at 24) *with* (D.I. 23 at 3, fn. 2).

Finally, the court notes that the circumstances driving the court's decision to transfer in *Alloc, Inc. v. Unilin Decor N.V.* n3 are distinguishable from those in the present case. As ATI remarked in its letter of December 12, 2006 (D.I. 52), the patents before this court in *Alloc* involved the same patents at issue in the transferee forum. Here, the court is not aware of a single patent in this lawsuit that is asserted in any action in the Eastern District of Michigan. The court agrees with ATI that nothing in the Detroit lawsuits yields any potential savings in judicial economy, given the attenuated connection between those patents and the patents here in suit. Accordingly, the [*9] court concludes that public interest factors do not favor transfer in the instant case.

n3 *Alloc, Inc. v. Unilin Decor N. V.*, C.A. Nos. 03-253-GMS, 05-587-GMS, 2006 U.S. Dist. LEXIS 78019, 2006 WL 3050815 (D. Del. Oct. 26, 2006).

Dated: December 21, 2006

/s/ Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

The defendants' Motion to Transfer the above-captioned matter to the United States District Court for the Eastern District of Michigan (D.I. 17) is DENIED.

Dated: December 21, 2006

/s/ Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

# EXHIBIT C

1 of 1 DOCUMENT

**PERNOD RICARD USA, LLC, Plaintiff, v. BACARDI U.S.A., INC., Defendant.**

Civ. No. 06-505-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2006 U.S. Dist. LEXIS 91969*

**December 19, 2006, Decided**

**COUNSEL:** [*1] For Pernod Ricard USA LLC, Plaintiff: Rodger Dallery Smith, II, LEAD ATTORNEY, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE.

For Bacardi U.S.A. Inc., Defendant: Anne Shea Gaza, LEAD ATTORNEY, Richards, Layton & Finger, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION:**

**MEMORANDUM ORDER**

At Wilmington this 19th day of December, 2006, having considered defendant's motion to transfer and the papers submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I. 6) is denied, for the reasons that follow:

1. **Introduction.** On August 15, 2006, plaintiff Pernod Ricard USA, LLC ("Pernod") filed this action alleging defendant Barcardi USA, Inc. ("Bacardi") violated *Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)*, by falsely and misleadingly describing the geographic origin of defendant's Havana Club rum product (court I) and falsely stating that it owns the Havana Club trademark in the United States (count II). On September 13, 2006, Bacardi moved to transfer this action to the Southern District of Florida. (D.I. 6, 7) On September 22, 2006, Bacardi answered count I and [*2] moved to dismiss count II of the complaint. n1 (D.I. 12, 14) Plaintiff opposes the motion (D.I. 17, 18, 19) and defendant has filed its reply. (D.I. 20, 21)

> n1 This memorandum order addresses only the motion to transfer.

2. **Background.** Pernod is an Indiana corporation with its principal place of business in Purchase, New York. (D.I. 1, 18) It is a leading producer, importer and marketer of spirits, including rum and vodka. Pernod is the third largest in the spirits industry by sales value and the fourth largest by sales volume. (Id.) Two of Pernod's leading brands are "Malibu" rum and "Stolichnaya" vodka. Pernod's net sales for fiscal 2006 in the United States were over 1.2 billion. n2 (D.I. 18)

> N2 According to the affidavit of Thomas R. Lalla, Jr., general counsel and senior vice-president of administration and legal affairs for Pernod. (D.I. 18)

[*3]

3. Bacardi is a Delaware corporation with its headquarters in Miami, Florida. (D.I. 1 at P 15) It is a leading importer and marketer of wine and spirits, including rum and vodka, throughout the United States. Bacardi is the marketing arm of Bacardi Limited, one of the leading importers of wine and spirits, including rum and vodka. (D.I. 19, ex. 2) Two of Barcardi's brands are "Bacardi" rum and "Grey Goose" vodka. Bacardi Limited's worldwide annual sales for fiscal 2006 were $ 4.55 billion. Bacardi and Pernod are competitors.

4. According to Pernod, in August 2006, Bacardi

launched Havana Club rum, describing the rum as the rum that was formerly made in Cuba and sold in the United States prior to 1960. Bacardi further represented that it owned the Havana Club trademark. (D.I. 1 at P 7-9; ex. C) Pernod asserts both of Bacardi's representations are false. Pernod alleges these statements were made as part of Bacardi's nationwide media marketing campaign to launch Havana Club. n3

> n3 Pernod avers that WHYY, originating from Philadelphia, Pennsylvania into Delaware, broadcast a National Public Radio program wherein the alleged false statements were made. Further, the statements appeared in internet news sites, including MSN Money, and in print in the Wall Street Journal. (D.I. 1, 19)

[*4]

5. Bacardi avers that Havana Club is only sold in the State of Florida and is not sold in the State of Delaware. (D.I. 9 P 2) Havana Club is distilled in Puerto Rico based on a recipe provided to Bacardi by the Arechabala family - the Cuban manufactures of Havana Club before 1960. (Id. at P 13) All of Bacardi's executive offices and business operations relating to Havana Club are based in Miami, Florida. (Id. at P 4) Bacardi has no offices, business locations, employees and documents related to Havana Club located in Delaware. Forcing employees to travel to Delaware for trial would, according to Bacardi, disrupt its business operations. The press releases at issue originated from Florida by the corporate communications department. Interviews about Havana Club were done in Miami.

6. Significantly, Bacardi asserts that, as part of its defense, individuals with pertinent information regarding the history of Havana Club will be called to testify at trial. (D.I. 7) These elderly and frail individuals reside in Florida. n4 (D.I. 8)

> n4 According to the declaration of Ramon Maria Arechebala, he had a quadruple bypass in 1989 and an operation for an aorta aneurism in 2000. (D.I. 8) He subsequently developed another aneurism and had a blood clot. He takes Coumadin and, despite these health problems, would like to provide testimony regarding the Havana Club trademark, recipe and sale to Bacardi. Arechebala's family manufactured Havana Club before it was confiscated by the Cuban revolutionary government.

[*5]

7. **Standard of Review.** Under *28 U.S.C. § 1404(a)*, a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through *§ 1404* to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)*; *Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998)*.

8. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981)* (citing *Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)*. "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". *ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001)*; *Shutte, 431 F.2d at 25*. [*6]

9. The deference afforded plaintiff's choice of forum will apply so long as plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998)*; *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 U.S. Dist. LEXIS 20803, 2001 WL 1617186 (D. Del. Nov. 28, 2001)*; *Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999)*. Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L. - Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993)*.

10. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)*. Although emphasizing that "there is no [*7] definitive

2006 U.S. Dist. LEXIS 91969, *7

formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).

11. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (citations [*8] omitted).

12. **Discussion.** Defendant argues that transfer is warranted because Delaware has no connection to this litigation. (D.I. 7) Specifically, no material events occurred and no witnesses are located in Delaware. The only connection to this forum is that Delaware is Bacardi's state of incorporation. Considering the inconvenience to witnesses and business operations, Bacardi urges transfer to the Southern District of Florida, which has the strongest ties to the events and witnesses. Specifically, all witnesses reside in Florida and the consumers alleged to have been deceptively induced into purchasing Havana Club also are in Florida. All relevant documents are located at the Bacardi business in Miami, Florida.

13. Pernod opposes the motion on several grounds. (D.I. 17) First, Pernod is entitled to litigate in its choice of forum. Pernod would be inconvenienced by having to litigate this action in Florida because New York, its principal place of business, is closer to Delaware. Second, since Bacardi is a Delaware corporation enjoying all the benefits and protections of this State's laws, it cannot credibly contend that litigation here is inconvenient. Finally, proceeding [*9] in Delaware will not cause a financial hardship to a huge company such as Bacardi.

14. Weighing the arguments against the *Jumara* balancing test, the court finds that the asserted advantages of moving the case to the Southern District of Florida are insufficient to warrant a transfer. Defendant's complaints about litigating here are outweighed by the fact that Bacardi has enjoyed the benefits and protections of incorporation in Delaware and that the State has an interest in litigation regarding companies incorporated within its jurisdiction.

15. Bacardi has demonstrated that it would be inconvenient for some of its witnesses to provide testimony in Delaware. Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial. The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant conducting a world-wide business, is not overly burdensome. From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live. There certainly is no obstacle to Bacardi [*10] embracing this routine trial practice.

15. **Conclusion.** For the reasons stated, defendant's motion to transfer (D.I. 6) is denied.

Sue L. Robinson

United States District Judge