# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

January 10, 2007

**BY E-FILE**
The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

   Re: <u>Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc., C.A. No. 06-259 (\*\*\*)</u>

Dear Judge Thynge:

   We represent Plaintiffs (collectively referred to as "Amgen") in the above-referenced case, and write to respond to ARIAD's letter to the Court dated January 9, 2007. ARIAD continues to recycle one procedural motion after another, based upon arguments already considered and rejected by Judge Jordan, apparently in an attempt to avoid having to finally litigate this case on the merits. While ARIAD would like to have Your Honor believe that it has new law or facts that justify the re-filing of its motion to dismiss, the fact of the matter is that it simply wants a second bite at the apple with a new judge. None of ARIAD's various procedural arguments to stay, dismiss, or transfer this case have any merit and they should be rejected.

   ARIAD promises a "forthcoming motion to stay" based on the pending reexamination of the '516 patent, but fails to apprise the Court that it already raised the reexamination and its impact on this case with Judge Jordan. ARIAD sought to have Judge Jordan exercise his discretion to decline jurisdiction over the case due to the pending reexamination proceedings, but Judge Jordan refused, stating "I believe I do have the discretion to exercise jurisdiction, and I will not decline to exercise that jurisdiction because of the reexamination that is still in process because of the efforts of ARIAD to overturn the initial decision." (D.I. 70 at 82) In response to Judge Jordan's question "what does the result of this reexam mean for this lawsuit if anything?", ARIAD's counsel did not mention a stay and acknowledged that over 40 claims of the '516 patent are not implicated by the reexamination proceeding, and that all of the claims of the patent could be asserted by ARIAD today (and in fact some are being asserted against Lilly). (<u>Id.</u> at 10-12) There is therefore no basis to stay this

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
January 10, 2007
Page 2

case based on the pending reexamination. Indeed, ARIAD itself argued and the court ruled in the *Lilly* case that a stay pending reexamination was similarly inappropriate.

ARIAD finally cites a recent decision from the Federal Circuit, once again supplementing the four briefs and one letter that ARIAD has already filed in support of its motions to dismiss for failure to join the Institutions as necessary and indispensable parties. But the Federal Circuit's decision in *Propat Int'l Corp. v. Rpost, Inc.*, __ F.3d ___, No. 2006-1222, -1223, -1270 (Fed. Cir. Jan. 4, 2007) does not add anything new, as it merely follows the well-settled legal principles that have already been extensively briefed by the parties and applied by Judge Jordan in denying ARIAD's first motion to dismiss. Indeed, the *Propat* opinion starts out by stating that the Federal Circuit has "addressed the issue of standing in patent cases on a number of occasions. The governing principles are now reasonably clear." *Id.* at *3. The opinion then goes on to apply this governing case law -- all of the same cases that ARIAD and Amgen addressed in the prior extensive briefing -- and then found based on the unique facts of that case that all substantial rights had not been transferred to Propat. ARIAD cannot dispute, and in fact acknowledges in its letter, that the license at issue in *Propat **was not even an exclusive license***, a fact that makes that case fundamentally different from this one and the many others where a transfer of all substantial rights have been found. Moreover, the licensee in *Propat* had ***none*** of the rights that Judge Jordan has already found to justify his ruling that ARIAD received all substantial rights in the patent -- "What I'm seeing right now is the grant of substantially all rights associated with the patent. That is, ARIAD has the right to sublicense, ARIAD has the right to enforce, ARIAD has the contractual right to be the sole representative in a DJ action." (D.I. 70 at 83)

Amgen cannot stop ARIAD from filing motion after motion based on arguments already rejected by Judge Jordan to try to continue to derail this case. No matter how this Court deals with ARIAD's barrage of motions, however, this case should proceed forward in the meantime. Amgen filed this case nearly nine months ago, and respectfully requests that ARIAD should be immediately required to file its counterclaims of infringement in this case (if any), and discovery should resume in earnest. We are available at the Court's convenience to discuss ARIAD's proposed motions or other issues relating to the status of this case.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:ams
cc:   Clerk of the Court (by hand delivery)
      John G. Day, Esquire (via e-mail and hand delivery)
      David I. Gindler, Esquire (via e-mail)