# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware Corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-259-(MPT) ) ) ) ) ) ) ) |

## AMGEN'S FIRST NOTICE OF DEPOSITION
## PURSUANT TO FED. R. CIV. P. 30(b)(6)

In accordance with the provisions of Rules 26 and 30 of the Federal Rules of Civil Procedure, Amgen, Inc., Immunex, Inc., Amgen USA Inc., Amgen Manufacturing, Ltd., and Immunex Rhode Island Corporation (collectively, "Amgen") hereby provide notice that commencing at 9:00 a.m. on February 21, 2007, at the offices of Young Conaway Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, Wilmington, Delaware 19801, or at such other time and place mutually agreed upon by counsel for the parties, it will take the deposition of ARIAD Pharmaceuticals, Inc. ("ARIAD") by oral examination of witness(es) designated by ARIAD to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by ARIAD should be prepared to testify as to such matters known or reasonably available to ARIAD. You are required to produce the witness(es) at the stated time and place, and are invited to attend to cross-examine.

ARIAD is requested to provide Amgen's counsel, on or before February 14, 2007, a written designation of the names and positions of the officers, directors, managing agents or other persons who are most competent to testify concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony will be recorded by both stenographic means and sound-and-visual means.

Dated: February 2, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com
msquire@ycst.com

KIRKLAND & ELLIS LLP
Mark A. Pals, P.C.
Marcus E. Sernel
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
Drew Diamond
777 Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

## ATTACHMENT A

### DEFINITIONS

Amgen hereby incorporates by reference the Definitions as set forth in Amgen's Requests for Production.

### AREAS OF TESTIMONY

1. For each of the alleged inventions of the '516 Patent, the conception of the alleged invention including when the alleged invention was conceived, the circumstances surrounding the conception, the identity of all persons who were involved with the conception, and the contribution of each of those persons to the conception.

2. For each of the alleged inventions of the '516 Patent, the actual reduction to practice, if any, of the alleged invention including when the alleged invention was reduced to practice, the circumstances surrounding the reduction to practice, the identity of all persons who were involved with the reduction to practice, and the contribution of each of those persons to the reduction to practice.

3. For each of the alleged inventions of the '516 Patent, all research, development or other work relating to efforts, if any, actually to reduce to practice the alleged invention including the dates of, locations of, and circumstances surrounding any such work, the identity of all persons who were involved with any such work, and the contribution of each of those persons to any such work.

4. For each of the alleged inventions of the '516 Patent, all facts and circumstances relating to the first time the alleged invention was known or used by others in the United States, patented or described in a printed publication anywhere in the world, put into public use in the United States, offered for sale in the United States, or disclosed to any person not named on the face of the '516 patent as an inventor.

5. For each of the alleged inventions of the '516 Patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process, that practices, embodies or incorporates such alleged invention.

6. For each of the alleged inventions of the '516 Patent, the design, operation and structure of each method or process (past and present), and each composition of matter or compound used in such a method or process, that practices, embodies or incorporates such alleged invention.

7. For each of the alleged inventions of the '516 Patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process for which ARIAD has offered a license under the '516 patent or its related patents and patent applications, investigated for consideration as requiring a license under the '516 patent or its related patents and patent applications, or raised in the context of communications related to the possible licensing of the '516 patent or its related patents and patent applications.

8. For each of the alleged inventions of the '516 Patent, the design, operation and structure of each method or process (past and present) and each composition of matter or compound used in such a method or process for which ARIAD has offered a license under the '516 patent or its related patents and patent applications, investigated for consideration as requiring a license under the '516 patent or its related patents and patent applications, or raised in the context of communications related to the possible licensing of the '516 patent or its related patents and patent applications.

9. For each of the alleged inventions of the '516 Patent, all facts and circumstances related to the commercial success of any method or process (past and present) and each composition of matter or compound used in such a method or process that purportedly practices,

embodies or incorporates such alleged invention, including any evidence that such success is attributable to any such alleged invention.

10. All experiments, research, development and/or testing activities (past and present) by or on behalf of ARIAD related to the subject matter purportedly claimed and disclosed in the '516 patent, including identification and description of the success or failure of any specific programs and the facts and circumstances surrounding any decisions to not pursue or to cease such experiments, research, development and/or testing activities.

11. The identity of all persons at or associated with ARIAD (past and present) that have conducted experiments, research, development and/or testing activities related the subject matter purportedly claimed and disclosed in the '516 patent.

12. All facts and circumstances related to ARIAD's relationships with Harvard, MIT, the Whitehead Institute and the named inventors on the '516 patent, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its related patents and patent applications.

13. All facts and circumstances related to any attempts to license the '516 patent or its related patents and patent applications, including any offers made to or negotiations with third parties.

14. All facts and circumstances related to the assessment of licensing or litigation targets related to the subject matter claimed or disclosed in the '516 patent or its related patents and patent applications.

15. All facts and circumstances related to and support for ARIAD's responses to Plaintiffs' discovery requests, including Plaintiffs' First Set of Interrogatories to Defendant, and Plaintiffs' First Set of Requests for Documents and Things to Defendant, including the efforts that were made and the avenues explored in determining the responses.

16. The identity and location of other witnesses knowledgeable about the categories set forth in topics 1 through 15 above.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on February 2, 2007 I caused to be electronically filed a true and correct copy of Amgen's First Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>John G. Day
>Steven J. Balick
>Tiffany Geyer Lydon
>Ashby & Geddes
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on February 2, 2007 I caused a copy of the foregoing, Amgen's First Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

>**BY E-MAIL (by agreement of counsel)**
>Morgan Chu (mchu@irell.com)
>David I. Gindler (dgindler@irell.com)
>Amir A. Naini (anaini@irell.com)
>Christopher M. Newman (cnewman@irell.com)
>Elizabeth L. Rosenblatt (brosenblatt@irell.com)
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067-4276

>Monté T. Squire (No. 4764)
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19801

>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6600
>msquire@ycst.com