# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 2, 2007

The Honorable Mary Pat Thynge  **VIA ELECTRONIC FILING**
United States District Court
844 North King Street
Wilmington, Delaware 19801

Re:   *Amgen et al v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-***(MPT)

Dear Judge Thynge:

We write on behalf of defendant ARIAD Pharmaceuticals, Inc. ("ARIAD"), in response to the letter submitted today by plaintiffs (collectively, "Amgen"), requesting that the Court schedule a technology tutorial for May 1, 2007. Amgen's request is premature.

As Your Honor noted during the teleconference conducted on January 24, 2007, this case does not have a workable scheduling order. (Exhibit A at 3:22-4:2.) The Court subsequently set a Rule 16 conference for February 20, 2007, to follow the hearing on ARIAD's motion to dismiss for failure to join necessary and indispensable parties or, in the alternative, to transfer the case to the District of Massachusetts. (D.I. 137.) Amgen's request to schedule a technology tutorial for May 1, 2007, should be deferred until the Rule 16 conference set for February 20, 2007. If the case is not dismissed or transferred at that time, all pertinent dates can be addressed in the context of a complete case schedule. Addressing dates in piecemeal fashion, as Amgen suggests, is inefficient and impractical.

We thank Your Honor for her attention to this matter.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf
Attachment
177420.1

cc:   Melanie K. Sharp, Esquire (via electronic mail)
      Marcus E. Sernel, Esquire (via electronic mail)
      J. Drew Diamond, Esquire (via electronic mail)
      David I. Gindler, Esquire (via electronic mail)

# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                  IN AND FOR THE DISTRICT OF DELAWARE
 2
                                - - -
 3
     AMGEN, INC., a Delaware corporation;  :   CIVIL ACTION
 4   IMMUNEX CORPORATION, a Washington     :
     Corporation; AMGEN USA, INC., a       :
 5   Delaware corporation; AMGEN           :
     MANUFACTURING, LIMITED, a Bermuda     :
 6   Corporation; and IMMUNEX RHODE ISLAND :
     CORPORATION a Delaware corporation,   :
 7                                         :
                   Plaintiffs,             :
 8        v                                :
                                           :
 9   ARIAD PHARMACEUTICALS, INC.,          :
     a Delaware corporation                :
10                                         :   NO. 06-259 (***)
                   Defendant.
11                              - - -

12                        Wilmington, Delaware
                   Monday, January 22, 2007 at 10:02 a.m.
13                         TELEPHONE CONFERENCE

14                              - - -

15   BEFORE:  HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE

16                              - - -
     APPEARANCES:
17

18           YOUNG CONAWAY STARGATT & TAYLOR, LLP
             BY:  JOSY W. INGERSOLL, ESQ.
19
                 and
20
             KIRKLAND & ELLIS, LLP
21           BY:  MARK A. PALS, ESQ., and
                  MARCUS E. SERNEL, ESQ.
22                (Chicago, Illinois)

23                   Counsel for Plaintiffs

24
                                       Brian P. Gaffigan
25                                     Registered Merit Reporter
```

```
 1    APPEARANCES:   (Continued)

 2


 3              ASHBY & GEDDES
                BY:  TIFFANY GEYER LYDON, ESQ.
 4
                     and
 5
                IRELL & MANDELLA, LLP
 6              BY:  DAVID I. GINDLER, ESQ., and
                     ELIZABETH L. ROSENBLATT, ESQ.
 7                   (Los Angeles, California)

 8                   and

 9              ARIAD PHARMACEUTICALS, INC.
                BY:  LAURIE A. ALLEN, ESQ.
10                   (Cambridge, Massachusetts)

11                   Counsel for Defendant

12


13


14                        - oOo -

15                  P R O C E E D I N G S

16         (REPORTER'S NOTE:  The following telephone

17   conference was held in chambers, beginning at 10:02 a.m.)

18         THE COURT:  Good morning, counsel.  I just want

19   to confirm who is on the phone and also want to remind you

20   that we do have a court reporter today so before you talk,

21   make sure that you introduce yourself.

22         Who is on the line on behalf of Amgen, please?

23         MS. INGERSOLL:  It's Josy Ingersoll, Your Honor.

24         THE COURT:  Okay.  Who is here on the line with

25   you?
```

1              MS. INGERSOLL:  Mark Pals at Kirkland & Ellis in
2  Chicago.
3              THE COURT:  Okay.
4              MR. PALS:  Good morning, Your Honor.
5              THE COURT:  Good morning.  And who is on the
6  line on behalf of ARIAD?
7              MS. LYDON:  Your Honor, Tiffany Lydon; and I
8  have with me David Gindler, Betsy Rosenblatt and Laurie
9  Allen.
10             THE COURT:  Good morning, all.
11             (The attorneys respond, "Good morning.")
12             THE COURT:  The reason for this telephone call
13  was I guess multi-fold.  I had brought up the fact that I
14  had used Enbrel and didn't know whether that would be a
15  concern for either party since I have not only been using
16  it in the past, I'm continuing to use it, and this drug
17  is at least implicated in what I saw in some of the other
18  proceedings before Judge Jordan.  And then also, if the
19  parties didn't have a problem with that, then the question
20  was whether or not the parties were interested in consenting
21  to my jurisdiction.
22             It is my understanding at this stage, we really
23  don't have a workable scheduling order in place, per se.
24  Although I'm sure that Amgen would beg to differ, I don't
25  see a workable one necessarily in place right now and that

```
 1   would require us, in any event, to probably redo the
 2   scheduling order in part to fit my schedule.
 3             So that is the twofold portion that we're
 4   talking about right now.  So let's find out if there is any
 5   concern by the parties for me to be involved in any aspect
 6   of this case because I am presently taking Enbrel.
 7             MR. PALS:  Your Honor, Mark Pals for Amgen.  No
 8   concern on our part.  In fact, we consent to jurisdiction
 9   for all purposes.
10             THE COURT:  Okay.
11             MR. GINDLER:  And, Your Honor, this is David
12   Gindler for ARIAD.  No concern on our part, and we consent
13   to your jurisdiction.
14             THE COURT:  All right. What I need to do,
15   counsel, is just double-check.  We've got a few motions that
16   are outstanding.  I understand that.  I know that Amgen has
17   filed two things.  One, there has been a stay for -- let me
18   go back a little bit.  There is a motion to stay proceedings
19   pending the interlocutory appeal.  That's been done but the
20   interlocutory appeal is now completed.
21             But my understanding is that there have been
22   other motions that were filed out there by ARIAD, specific-
23   ally, the renewed motion to dismiss for failure to name
24   necessary indispensable parties.  I consider that to be more
25   like a motion for reargument but I understand there may be
```

```
 1   additional evidence provided.
 2              And then there was just a motion filed
 3   yesterday, I believe, for a stay pending the conclusion of
 4   the PTO's reexamination of the patent in suit; correct?
 5              MR. GINDLER:  This is David Gindler for ARIAD.
 6   Yes, Your Honor.  That's correct.
 7              THE COURT:  Okay.
 8              MR. GINDLER:  And just to make one thing clear,
 9   the renewed motion to dismiss, the failure to join a patent
10   owner as indispensable party, the motion, that was called a
11   renewed motion because when Judge Jordan initially denied
12   it, he made clear on the record he was denying it without
13   prejudice to the motion being refiled with additional
14   evidence and that is what was done.
15              THE COURT:  Yes, and I think there is also a
16   motion, in the alternative, to transfer it to Massachusetts.
17              MR. GINDLER:  That's correct.
18              THE COURT:  And I'm going to tell you my
19   leanings generally are that when a matter has been -- let me
20   back up a little built.  The reexamination process that is
21   in the PTO, is that the standard reexamination process or an
22   interparty?
23              MR. GINDLER:  That is a standard reexamination.
24              THE COURT:  That can take forever.  And my
25   inclination generally is to, if I decide to keep this case
```