# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6681
DIRECT FAX: 302-576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

February 20, 2007

**BY CM-ECF**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.
            C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

    Attached please find a copy of the Power Point slides presented by counsel for Amgen, Inc. at argument this morning.

                                Respectfully,

                                Melanie K. Sharp (No. 2501)

MKS:ams

cc:    Clerk of the Court (Hand Delivery)
        Steven J. Balick, Esquire (via e-mail and Hand Delivery)
        David I. Gindler, Esquire (via e-mail)

Case 1:06-cv-00259-MPT   Document 145   Filed 02/20/2007   Page 2 of 8

# Amgen's Opposition to ARIAD's Renewed Motion to Dismiss

Amgen, Inc. et al. v.
ARIAD Pharmaceuticals, Inc.
C.A. No. 06-259 (MPT)

February 20, 2007



2

# The Institutions are Not Necessary Parties

## ARIAD possesses all substantial rights in the '516 patent:

- ARIAD has the right to sublicense.
- ARIAD has the right to enforce the patent.
- ARIAD has the right to be the sole representative in a declaratory judgment action.

The Honorable Kent A. Jordan denying ARIAD's Motion to Dismiss, D.I. 70 at 83: 2-7 (9/11/2006 Hearing)

# ARIAD Can Defend DJ Actions Alone

## LICENSE AGREEMENT

7.5 In the event that a declaratory judgment action alleging invalidity or noninfringement of any of the Patent Rights shall be brought against LICENSEE, M.I.T. (or Whitehead), at its option, shall have the right, within thirty (30) days after commencement of such action, to intervene and take over the sole defense of the action at its own expense.

## SECOND AMENDMENT TO LICENSE AGREEMENT

2.3.1 **Amendment of Paragraph 7.5.** Paragraph 7.5 of the Agreement is hereby deleted and replaced with the following text:

"7.5 In the event that a declaratory action alleging invalidity or noninfringement of any of the Patent Rights shall be brought against LICENSEE, and LICENSEE fails to take reasonable steps to defend such action in a timely manner, M.I.T. (or Whitehead), at its option, shall have the right to intervene and take over sole defense of such action at its own expense."

3

# Only ARIAD Can Sublicense

SECOND AMENDMENT TO LICENSE AGREEMENT

This Second Amendment to License Agreement ("Second Amendment to License Agreement") is made and entered into as of this 2nd day of January, 2002, (the "Effective Date") by and between MASSACHUSETTS INSTITUTE OF TECHNOLOGY, a corporation

2.1.4 **Amendment of Paragraph 2.8.** Paragraph 2.8 of the Agreement is hereby deleted and replaced with the following text:

"2.8 LICENSEE shall have the right to enter into sublicenses for the rights, privileges and licenses granted hereunder. Such sublicenses shall contain provisions enabling LICENSEE to fulfill its obligations to M.I.T. hereunder."

2.1.5 Amendment of Paragraphs 2.9 and 2.10. Paragraphs 2.9 and 2.10 of the Agreement are hereby deleted and replaced with the following text:

"2.9 [RESERVED]"

"2.10 [RESERVED]"

2.2 **Amendment of Article III - DUE DILIGENCE.** Article III of the Agreement is hereby amended as set forth herein.

2.2.1 **Amendment of Paragraph 3.1.** Paragraph 3.1 of the Agreement is hereby deleted and replaced with the following text:

"3.1 LICENSEE shall use reasonable commercial efforts to bring one or more Licensed Products to market through a thorough, vigorous and diligent program for exploitation of the Patent Rights. Commercially reasonable efforts by LICENSEE to grant sublicenses to companies that LICENSEE reasonably believes are engaged or will engage in such activities shall be sufficient to satisfy LICENSEE's obligations hereunder."

2.2.2 **Amendment of Paragraph 3.2.** Paragraph 3.2 of the Agreement is hereby deleted and replaced with the following text:

"3.2 [RESERVED]"

2

Confidential Information Under Protective Order    ADL 0029188

4

# ARIAD Has Right To Sue For Infringement

WHI Vers -1/28/91

LLN/#4: 4167ariad.agt
Date: August 8, 1991

**LICENSE AGREEMENT**

**7.2 PLAINTIFFS**

7.2 During the term of this Agreement, LICENSEE shall have the right, but shall not be obligated, to prosecute at its own expense any such infringements of the Patent Rights and in furtherance of such right, M.I.T. and Whitehead hereby agree that LICENSEE may include M.I.T. or Whitehead as party plaintiffs in any such suit, without expense to M.I.T. or Whitehead. The total cost of any such infringement action commenced or defended solely by LICENSEE shall be borne by LICENSEE. LICENSEE may, for such purposes, use the name of M.I.T. or Whitehead as party plaintiffs provided, however, that such right to bring an infringement action shall remain in effect only for so long as the license granted herein remains exclusive. No settlement, consent judgment or other voluntary final disposition of the suit may be entered into without the consent of M.I.T. and Whitehead, which consent shall not unreasonably be withheld. LICENSEE shall indemnify M.I.T. and Whitehead against any order for costs associated with the litigation that may be made against M.I.T. or Whitehead in such proceedings.

5

Confidential Information Under Protective Order

ADL 0032619

# The Institutions Only Have Residual Right To Sue

7.4 If within six (6) months after having been notified of any alleged infringement, LICENSEE shall have been unsuccessful in persuading the alleged infringer to desist and shall not have brought and shall not be diligently prosecuting an infringement action, or if LICENSEE shall notify M.I.T. at any time prior thereto of its intention not to bring suit against any alleged infringer, then, and in those events only, M.I.T. or Whitehead, as appropriate) shall have the right, but shall not be obligated, to prosecute at its own expense any infringement of the Patent Rights, and, in furtherance of such right, LICENSEE hereby agrees that M.I.T. (or Whitehead) may include LICENSEE as a party plaintiff in any such suit, without expense to LICENSEE. The total cost of any such infringement action commenced or defended solely by M.I.T. (or Whitehead) shall be borne by M.I.T. (or Whitehead), and M.I.T. (or Whitehead) shall keep any recovery or damages for past infringement derived therefrom. No settlement, consent judgement or other voluntary final disposition of the suit maybe entered into without the consent of LICENSEE, which consent shall not unreasonable be withheld.

6

Confidential Information Under Protective Order    ADL 0032619

Confidential Information Under Protective Order    ADL 0032629

# Even If Institutions Exercise Residual Right, Only ARIAD Can Sublicense Future Use



7.7 LICENSEE, during the exclusive period of this Agreement, shall have the sole right in accordance with the terms and conditions herein to sublicense any alleged infringer for future use of the Patent Rights. Any upfront fees paid to LICENSEE as part of such sublicense shall be handled in accordance with subparagraph 4.1(f).

7