IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) | C.A. No. 06-259-MPT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S
FIRST NOTICE OF DEPOSITION OF PLAINTIFFS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation (collectively, "Amgen") on April 16, 2007 beginning at 9:30 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Amgen shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably

available to Amgen with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Amgen.

Amgen is requested to provide to ARIAD's counsel, on or before March 29, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: March 5, 2007

178524.1

## ATTACHMENT A

## DEFINITIONS

A.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.    "AMGEN," "YOU," and "YOUR" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34.  Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D.    "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E.    "KINERET" shall mean YOUR commercially available product sold under the brand name Kineret® and/or the generic name anakinra, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.    "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

G.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002.

H.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.    The mechanisms of action of ENBREL, including but not limited to ENBREL's intracellular and extracellular interaction with NF-KB signaling.

2.    The mechanisms of action of KINERET, including but not limited to KINERET's intracellular and extracellular interaction with NF-KB signaling.

3.    Research and testing relating to ENBREL's mechanism of action, including but not limited to ENBREL's intracellular and extracellular interaction with NF-KB signaling.

4.    Research and testing relating to KINERET's mechanism of action, including but not limited to KINERET's intracellular and extracellular interaction with NF-KB signaling.

5.    AMGEN's communications with ARIAD or with third parties regarding ENBREL's mechanism of action or its interaction with NF-KB signaling.

6.    AMGEN's communications with ARIAD or with third parties regarding KINERET's mechanism of action or its interaction with NF-KB signaling.

7.    AMGEN's communications with ARIAD or with third parties regarding NF-KB signaling.

8.    AMGEN's contention that it does not directly or indirectly infringe any claim of the '516 PATENT through any activities relating to ENBREL.

9.    AMGEN's contention that it does not directly or indirectly infringe any claim of the '516 PATENT through any activities relating to KINERET.

10.    The patents (and claims thereof) that cover ENBREL, its formulation, or its mechanism of action.

11.    The patents (and claims thereof) that cover KINERET, its formulation, or its mechanism of action.

12.    The facts and circumstances relating to YOUR pre-suit knowledge of the '516 PATENT, including but not limited to the date on which YOU became aware of the '516 PATENT and the specific circumstances of how YOU became aware of it.

13.    Any steps taken by AMGEN to ensure that AMGEN avoided infringement of the '516 PATENT with respect to its activities in connection with ENBREL.

14.    Any steps taken by AMGEN to ensure that AMGEN avoided infringement of the '516 PATENT with respect to its activities in connection with KINERET.

15.    Any test, study, analysis, opinion, or investigation of the '516 PATENT, including the specific circumstances and results of each such activity, undertaken by or on behalf of AMGEN.

16.    The nature, existence and location of all DOCUMENTS relating to the subject matter of each of the foregoing categories.