IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware Corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 06-259-MPT ) ) ) ) ) ) ) ) ) ) ) |

**THE AMGEN ENTITIES' OBJECTIONS TO DEFENDANT'S
THIRD NOTICE OF DEPOSITION OF PLAINTIFFS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA, Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.") (collectively the "Amgen Entities") hereby object and respond to defendant ARIAD Pharmaceuticals, Inc.'s ("ARIAD's") Third Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("ARIAD's Third 30(b)(6) Notice").

Subject to the Amgen Entities General and Specific Objections, the Amgen Entities identify Helen Streck to testify as to the matters as set forth below. Subsequent to notice of the deposition, ARIAD unilaterally cancelled the deposition originally noticed for April 5, 2007. The Amgen Entities object to ARIAD's cancellation of this deposition on such short notice. The

next availability for Ms. Streck's deposition is April 25, 2007 at a mutually agreeable location in Thousand Oaks, California.

The Amgen Entities responses are at all times subject to additional or different information that discovery may disclose, and, while based on the present state of recollection, is subject to such refreshing of recollection, and such knowledge or facts, as may result from further investigation by the Amgen Entities or their attorneys. If additional or new information becomes available, the Amgen Entities may supplement any responses they provide at the deposition.

The following objections provide the bases upon which the Amgen Entities find ARIAD's Third 30(b)(6) Notice objectionable on its face. The Amgen Entities do not waive or forego any rights they have to make further objections at the deposition itself.

## GENERAL OBJECTIONS

1. The Amgen Entities object to ARIAD's Third 30(b)(6) Notice to the extent it attempts to impose obligations on the Amgen Entities beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules of the District of Delaware, or any other applicable law. The Amgen Entities will provide discovery in accordance with their obligations under the Federal Rules of Civil Procedure, the Local Rules, and the applicable case law.

2. The Amgen Entities object to the location of the deposition as identified in ARIAD's Third 30(b)(6) Notice of deposition. Any witness identified and provided in response to this notice shall be at a mutually agreeable location in Thousand Oaks, California. The Amgen Entities also object to the stated start time for the deposition. Any witness identified and provided in response to this notice shall appear for deposition no earlier than 10:30 am PDST.

3. The Amgen Entities object to ARIAD's Third 30(b)(6) Notice to the extent it is not sufficiently limited or reasonably calculated to lead to the discovery of admissible evidence and the topics are overly broad and unduly burdensome.

4. The Amgen Entities object to ARIAD's Third 30(b)(6) Notice to the extent it requests information already in ARIAD's possession or information which is equally available to ARIAD from other sources.

5. The Amgen Entities object to ARIAD's Third 30(b)(6) Notice to the extent it seeks information protected by the attorney-client privilege or attorney work product immunity.

The foregoing General Objections shall be deemed continuous throughout the objections to the specific areas of testimony that were listed in Attachment A of ARIAD's Third 30(b)(6) Notice, even though not specifically referred to in such.

**AREA OF TESTIMONY NO. 1:**

YOUR DOCUMENT retention and destruction policies, practices, and procedures, including but not limited to policies with respect to retention of paper DOCUMENTS and policies with respect to retention of electronic and e-mail files.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness to testify as to the Amgen Entities' document retention policies.

**AREA OF TESTIMONY NO. 2:**

YOUR policies, practices, and procedures with respect to the creation and maintenance of laboratory notebooks, research group meeting minutes, and research group project summaries.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness to testify as to the Amgen Entities' document retention policies.

**AREA OF TESTIMONY NO. 3:**

YOUR policies, practices, and procedures with respect to the creation and maintenance of scientific reference files.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "scientific reference files." To the extent understood, the Amgen Entities further object to this deposition topic as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness to testify as to the Amgen Entities' document retention policies.

**AREA OF TESTIMONY NO. 4:**

YOUR policies, practices, and procedures with respect to the creation and maintenance of invention disclosures.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this request as seeking information protected by the attorney-client privilege and/or work product immunity.

**AREA OF TESTIMONY NO. 5:**

YOUR search for and collection of DOCUMENTS requested in ARIAD's First Set of Requests for Production of Documents.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work product immunity.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness to testify as to the Amgen Entities' efforts to collect and produce documents in response to ARIAD's First Set of Requests for the Production of Documents.

**AREA OF TESTIMONY NO. 6:**

The IDENTITY of PERSONS who created, or possess, DOCUMENTS relevant to claims or defenses of the parties, and the location of such DOCUMENTS.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as cumulative, overbroad, and unduly burdensome, and not likely to lead to the discovery of admissible evidence as such information is contained in the Amgen Entities' Federal Rule of Civil Procedure 26(a) disclosures.

**AREA OF TESTIMONY NO. 7:**

The nature, existence and location of all DOCUMENTS relating to the subject matter of each of the foregoing categories.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as premature and cumulative because the Amgen Entities are in the process of producing documents properly subject to discovery in this suit, subject to their objection to ARIAD's First Set of Requests for Production of Documents.

Subject to these General and Specific objections, the Amgen Entities will produce a 30(b)(6) witness to testify as to the Amgen Entities' document retention policies.

Dated: April 2, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*[signature]*

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

KIRKLAND & ELLIS LLP
Mark A. Pals, P.C.
Marcus E. Sernel
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
Drew Diamond
777 Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on April 2, 2007 I caused to be electronically filed a true and correct copy of The Amgen Entities' Objections to Defendant's Third Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John G. Day
> Steven J. Balick
> Tiffany Geyer Lydon
> Ashby & Geddes
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on April 2, 2007 I caused a copy of the foregoing, The Amgen Entities' Objections to Defendant's Third Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6), to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

> **BY E-MAIL (by agreement of counsel)**
> Morgan Chu (mchu@irell.com)
> David I. Gindler (dgindler@irell.com)
> Amir A. Naini (anaini@irell.com)
> Christopher M. Newman (cnewman@irell.com)
> Elizabeth L. Rosenblatt (brosenblatt@irell.com)
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067-4276

> Melanie K. Sharp (No. 2501)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
>
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6681
> msharp@ycst.com