IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware Corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 06-259-MPT ) ) ) ) ) ) ) ) ) ) ) |

**THE AMGEN ENTITIES' OBJECTIONS TO DEFENDANT'S
FIRST NOTICE OF DEPOSITION OF PLAINTIFFS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA, Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.") (collectively the "Amgen Entities") hereby object and respond to defendant ARIAD Pharmaceuticals, Inc.'s ("ARIAD's") First Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("ARIAD's First 30(b)(6) Notice").

The Amgen Entities responses are at all times subject to additional or different information that discovery may disclose, and, while based on the present state of recollection, is subject to such refreshing of recollection, and such knowledge or facts, as may result from further investigation by the Amgen Entities or their attorneys. If additional or new information

becomes available, the Amgen Entities may supplement any responses they provide at the deposition.

The following objections provide the bases upon which the Amgen Entities find ARIAD's First 30(b)(6) Notice objectionable on its face. The Amgen Entities do not waive or forego any rights they have to make further objections at the deposition itself.

## GENERAL OBJECTIONS

1. The Amgen Entities object to ARIAD's First 30(b)(6) Notice to the extent it attempts to impose obligations on the Amgen Entities beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules of the District of Delaware, the Scheduling Order in this case, or any other applicable law. The Amgen Entities will provide discovery in accordance with their obligations under the Federal Rules of Civil Procedure, the Local Rules, and the applicable case law.

2. The Amgen Entities object to location of the deposition as identified in ARIAD's First 30(b)(6) Notice of deposition. Any witness identified and provided in response to this notice will be at Amgen's Headquarters, One Amgen Center Drive, Thousand Oaks, California 91320.

3. The Amgen Entities object to ARIAD's First 30(b)(6) Notice to the extent it is not sufficiently limited or reasonably calculated to lead to the discovery of admissible evidence and the topics are overly broad and unduly burdensome.

4. The Amgen Entities object to ARIAD's First 30(b)(6) Notice to the extent it requests information already in ARIAD's possession or information which is equally available to ARIAD from other sources.

5. The Amgen Entities object to ARIAD's First 30(b)(6) Notice to the extent it seeks information protected by the attorney-client privilege and/or attorney work product immunity.

2

The foregoing General Objections shall be deemed continuous throughout the objections to the specific areas of testimony that were listed in Attachment A of ARIAD's First 30(b)(6) Notice, even though not specifically referred to in such.

**AREA OF TESTIMONY NO. 1:**

The mechanisms of action of ENBREL, including but not limited to ENBREL's intracellular and extracellular interaction with NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." To the extent understood, the Amgen Entities object to this topic as overly broad and unduly burdensome to the extent the topic seeks expert testimony about hypothetical situations that is outside of the mechanism of action of Enbrel®.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on the mechanism of action of Enbrel®.

**AREA OF TESTIMONY NO. 2:**

The mechanisms of action of KINERET, including but not limited to KINERET'S intracellular and extracellular interaction with NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." To the extent understood, the Amgen Entities object to this topic as overly broad and unduly burdensome to the extent the topic seeks expert testimony about hypothetical situations that is outside of the mechanism of action of Kineret®.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on the mechanism of action of Kineret®.

**AREA OF TESTIMONY NO. 3:**

Research and testing relating to ENBREL's mechanism of action, including but not limited to ENBREL's intracellular and extracellular interaction with NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." To the extent understood, the Amgen Entities object to this topic as overly broad and unduly burdensome to the extent the topic seeks expert testimony about hypothetical situations that is outside of research and testing relating to Enbrel's® mechanism of action.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on research and testing relating to Enbrel's® mechanism of action.

**AREA OF TESTIMONY NO. 4:**

Research and testing relating to KINERET's mechanism of action, including but not limited to KINERET's intracellular and extracellular interaction with NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." To the extent understood, the Amgen Entities object to this topic as overly broad and unduly burdensome to the extent the topic seeks expert testimony about hypothetical situations that is outside of research and testing relating to Kineret's® mechanism of action.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on research and testing relating to Kineret's® mechanism of action.

**AREA OF TESTIMONY NO. 5:**

AMGEN's communications with ARIAD or with third parties regarding ENBREL's mechanism of action or its interaction with NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." To the extent understood, the Amgen Entities object to this topic as overly broad and unduly burdensome to the extent the topic seeks expert testimony about hypothetical situations that is outside of the Amgen Entities' communications with ARIAD or with third parties regarding Enbrel's® mechanism of action.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on the Amgen Entities' communications, if any, with ARIAD or with third parties regarding Enbrel's® mechanism of action.

**AREA OF TESTIMONY NO. 6:**

AMGEN's communications with ARIAD or with third parties regarding KINERET's mechanism of action or its interaction with NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." To the extent understood, the Amgen Entities object to this topic as overly broad and unduly burdensome to the extent the topic seeks expert testimony about hypothetical situations that is outside of the Amgen Entities' communications with ARIAD or with third parties regarding Kineret's® mechanism of action.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on the Amgen Entities' communications, if any, with ARIAD or with third parties regarding Kineret's® mechanism of action.

**AREA OF TESTIMONY NO. 7:**

AMGEN's communications with ARIAD or with third parties regarding NF-KB signaling.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as vague and ambiguous as to the phrase "NF-KB signaling." The Amgen Entities further object to this topic as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Amgen Entities also object to this request to the extent the topic seeks expert testimony about hypothetical situations.

**AREA OF TESTIMONY NO. 8:**

AMGEN's contention that it does not directly or indirectly infringe any claim of the '516 PATENT through any activities relating to ENBREL.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege and/or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature 1) to the extent it seeks expert discovery, 2) because Ariad has not identified any claims of the '516 patent it contends are infringed by activities relating to Enbrel®, and 3) because the Court has not yet construed the claims of the '516 patent.

**AREA OF TESTIMONY NO. 9:**

AMGEN's contention that it does not directly or indirectly infringe any claim of the '516 PATENT through any activities relating to KINERET.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature 1) to the extent it seeks expert discovery, 2) because Ariad has not identified any claims of the '516 patent it contends are infringed by activities relating to Kineret®, and 3) because the Court has not yet construed the claims of the '516 patent.

**AREA OF TESTIMONY NO. 10:**

The patents (and claims thereof) that cover ENBREL, its formulation, or its mechanism of action.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overbroad and unduly burdensome, and seeking information not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this deposition topic as cumulative, vague, seeking a legal conclusion, and prematurely seeking expert discovery.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on the formulation and mechanism of action of Enbrel®.

**AREA OF TESTIMONY NO. 11:**

The patents (and claims thereof) that cover KINERET, its formulation, or its mechanism of action.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overbroad and unduly burdensome, and seeking information not likely to lead to the discovery of admissible evidence.

The Amgen Entities further object to this deposition topic as cumulative, vague, seeking a legal conclusion, and prematurely seeking expert discovery.

Subject to these General and Specific objections, the Amgen Entities will provide a 30(b)(6) witness on the formulation and mechanism of action of Kineret®.

### AREA OF TESTIMONY NO. 12:

The facts and circumstances relating to YOUR pre-suit knowledge of the '516 PATENT, including but not limited to the date on which YOU became aware of the '516 PATENT and the specific circumstances of how YOU became aware of it.

### RESPONSE:

The Amgen Entities specifically object to this deposition topic as overbroad and unduly burdensome, premature, and seeking information not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this topic as seeking information protected by the attorney-client privilege and/or attorney work product immunity.

### AREA OF TESTIMONY NO. 13:

Any steps taken by AMGEN to ensure that AMGEN avoided infringement of the '516 PATENT with respect to its activities in connection with ENBREL.

### RESPONSE:

The Amgen Entities specifically object to this deposition topic as overbroad and unduly burdensome, premature, and seeking information not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this topic as seeking information protected by the attorney-client privilege and/or attorney work product immunity.

### AREA OF TESTIMONY NO. 14:

Any steps taken by AMGEN to ensure that AMGEN avoided infringement of the '516 PATENT with respect to its activities in connection with KINERET.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overbroad and unduly burdensome, premature, and seeking information not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this topic as seeking information protected by the attorney-client privilege and/or attorney work product immunity.

**AREA OF TESTIMONY NO. 15:**

Any test, study, analysis, opinion, or investigation of the '516 PATENT, including the specific circumstances and results of each such activity, undertaken by or on behalf of AMGEN.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as overbroad and unduly burdensome, premature, and seeking information not likely to lead to the discovery of admissible evidence. The Amgen Entities further object to this topic as seeking information protected by the attorney-client privilege and/or attorney work product immunity.

**AREA OF TESTIMONY NO. 16:**

The nature, existence and location of all DOCUMENTS relating to the subject matter of each of the foregoing categories.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as premature and cumulative because the Amgen Entities are in the process of producing documents properly subject to discovery in this suit, subject to their objection to ARIAD's First Set of Requests for Production of Documents.

Subject to these General and Specific objections, the Amgen Entities will produce a 30(b)(6) witness in response to ARIAD's Third Notice of Deposition of Plaintiffs Pursuant to

Federal Rule of Civil Procedure 30(b)(6), subject to the objections set forth in the Amgen Entities' objections to such notice.

Date: April 5, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

KIRKLAND & ELLIS LLP
Mark A. Pals, P.C.
Marcus E. Sernel
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
Drew Diamond
777 Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on April 4, 2007 I caused to be electronically filed a true and correct copy of The Amgen Entities' Objections to Defendant's First Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>John G. Day
>Steven J. Balick
>Tiffany Geyer Lydon
>Ashby & Geddes
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on April 4, 2007 I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

>**BY E-MAIL (by agreement of counsel)**
>Morgan Chu (mchu@irell.com)
>David I. Gindler (dgindler@irell.com)
>Amir A. Naini (anaini@irell.com)
>Christopher M. Newman (cnewman@irell.com)
>Elizabeth L. Rosenblatt (brosenblatt@irell.com)
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067-4276
>
>_____
>Melanie K. Sharp (No. 2501)
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19801
>
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6681
>msharp@ycst.com