IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware Corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., a Delaware corporation, <br><br> Defendant. | Civil Action No. 06-259-MPT |

**THE AMGEN ENTITIES' OBJECTIONS TO DEFENDANT'S
SECOND NOTICE OF DEPOSITION OF PLAINTIFFS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA, Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.") (collectively the "Amgen Entities") hereby object and respond to defendant ARIAD Pharmaceuticals, Inc.'s ("ARIAD's") Second Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("ARIAD's Second 30(b)(6) Notice").

Should ARIAD depose Amgen on any deposition topics contained in ARIAD's Second 30(b)(6) Notice, the Amgen Entities responses will at all times be subject to additional or different information that discovery may disclose, and, while based on the present state of recollection, will be subject to such refreshing of recollection, and such knowledge or facts, as may result from further investigation by the Amgen Entities or their attorneys. If additional or

new information becomes available, the Amgen Entities may supplement any responses they provide at a deposition.

The following objections provide the bases upon which the Amgen Entities find ARIAD's Second 30(b)(6) Notice objectionable on its face.

## GENERAL OBJECTIONS

1. The Amgen Entities object to ARIAD's Second 30(b)(6) Notice to the extent it attempts to impose obligations on the Amgen Entities beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules of the District of Delaware, the Scheduling Order in this case, or any other applicable law. The Amgen Entities will provide discovery in accordance with their obligations under the Federal Rules of Civil Procedure, the Local Rules, and the applicable case law.

2. The Amgen Entities object to ARIAD's Second 30(b)(6) Notice to the extent it is not sufficiently limited or reasonably calculated to lead to the discovery of admissible evidence and the topics are overly broad and unduly burdensome.

3. The Amgen Entities object to ARIAD's Second 30(b)(6) Notice to the extent it requests information already in ARIAD's possession or information which is equally available to ARIAD from other sources.

4. The Amgen Entities object to ARIAD's Second 30(b)(6) Notice to the extent it seeks information protected by the attorney-client or attorney work product privileges.

The foregoing General Objections shall be deemed continuous throughout the objections to the specific areas of testimony that were listed in Attachment A of ARIAD's Second 30(b)(6) Notice, even though not specifically referred to in such.

**AREA OF TESTIMONY NO. 1:**

AMGEN's contention that the '516 PATENT is invalid, including the basis for AMGEN's assertions that each claim of the '516 PATENT is invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, or 112.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege and/or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature to the extent it seeks expert discovery, and is not consistent with the Court's Scheduling Order.

**AREA OF TESTIMONY NO. 2:**

PRIOR ART that AMGEN asserts would, by itself or in combination with other PRIOR ART, render invalid any one or more claims of the '516 PATENT, including but not limited to PRIOR ART that AMGEN asserts would render invalid any one or more claims of the '516 PATENT under 35 U.S.C. § 102(a), 35 U.S.C. § (b) [sic], 35 U.S.C. § 102(e), 35 U.S.C. § 102(f), or 35 U.S.C. § 102(g).

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege and/or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature to the extent it seeks expert discovery, and is not consistent with the Court's Scheduling Order.

**AREA OF TESTIMONY NO. 3:**

With respect to any PRIOR ART that AMGEN asserts would render invalid any one or more claims of the '516 PATENT under 35 U.S.C. § 102(f), the circumstances under which the invention or any part of it was derived.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege and/or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature to the extent it seeks expert discovery, and is not consistent with the Court's Scheduling Order.

**AREA OF TESTIMONY NO. 4:**

With respect to any PRIOR ART that AMGEN asserts would render invalid any one or more claims of the '516 PATENT under 35 U.S.C. § 102(g), the conception and reduction to practice of such PRIOR ART and the circumstances surrounding the making of the invention before the patent applicants.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege and/or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature to the extent it seeks expert discovery, and is not consistent with the Court's Scheduling Order.

**AREA OF TESTIMONY NO. 5:**

AMGEN's contention that any claim of the '516 PATENT is invalid for indefiniteness, lack of enablement, or written description.

**RESPONSE:**

The Amgen Entities specifically object to this deposition topic as calling for information that is covered by the attorney-client privilege and/or attorney work product immunity. The Amgen Entities further object to this deposition topic as premature to the extent it seeks expert discovery, and is not consistent with the Court's Scheduling Order.

**AREA OF TESTIMONY NO. 6:**

The invention, development, patentability, conception, reduction to practice, first production, first public use, first offer for sale, or first sale of any invention(s) described and claimed in U.S. Patents No. 5,395,760; 5,605,690; 5,712,155; 5,945,397; 6,201,105; 6,572,852; and/or Re 36,755.

**RESPONSE:**

The Amgen Entities object to this deposition topic as cumulative, vague, seeking a legal conclusion, and prematurely seeking expert discovery. Amgen is willing to meet and confer as to an appropriate scope of discovery with respect to the historical development and commercialization of Enbrel® and Kineret®.

**AREA OF TESTIMONY NO. 7:**

The invention, development, patentability, conception, reduction to practice, first production, first public use, first offer for sale, or first sale of any invention(s) described and claimed in U.S. Patents No. 5,075,222 and/or 6,599,873.

**RESPONSE:**

The Amgen Entities object to this deposition topic as cumulative, vague, seeking a legal conclusion, and prematurely seeking expert discovery. Amgen is willing to meet and confer as to an appropriate scope of discovery with respect to the historical development and commercialization of Enbrel® and Kineret®.

**AREA OF TESTIMONY NO. 8:**

The nature, existence and location of all DOCUMENTS relating to the subject matter of each of the foregoing categories.

**RESPONSE:**

Subject to their General Objections, the Amgen Entities specifically object to this deposition topic as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as the foregoing categories of areas of testimony do not include any topics that are appropriate for a Federal Rule of Civil Procedure 30(b)(6) deposition.

Date: April 5, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

KIRKLAND & ELLIS LLP
Mark A. Pals, P.C.
Marcus E. Sernel
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
Drew Diamond
777 Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

DB02:5888519.1    065028.1001

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on April 4, 2007 I caused to be electronically filed a true and correct copy of The Amgen Entities' Objections to Defendant's Second Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John G. Day
> Steven J. Balick
> Tiffany Geyer Lydon
> Ashby & Geddes
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on April 4, 2007 I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

> **BY E-MAIL (by agreement of counsel)**
> Morgan Chu (mchu@irell.com)
> David I. Gindler (dgindler@irell.com)
> Amir A. Naini (anaini@irell.com)
> Christopher M. Newman (cnewman@irell.com)
> Elizabeth L. Rosenblatt (brosenblatt@irell.com)
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067-4276

*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com