# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. Box 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

———

110 WEST PINE STREET
P.O. Box 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX:  (302) 576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 9, 2007

**BY CM-ECF**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

     Re:  Amgen, Inc. et al.  v. ARIAD Pharmaceuticals, Inc.
        C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

    We represent Plaintiffs (collectively referred to as "Amgen") in the above-referenced case, and write to raise several issues that threaten the timely completion of discovery in this case.

    ARIAD refuses to move forward with discovery at any reasonable rate in this case, despite the fact that this case has been pending for nearly a year, and the close of fact discovery is a little more than two months away.  Amgen served its document requests nearly nine months ago, yet ARIAD has produced only publicly-available documents to Amgen, consisting entirely of SEC statements, court pleadings, website print-outs, and the patent-in-suit and patent prosecution history.  Amgen has also served requests for admission to try to streamline the issues in this case, yet ARIAD has stonewalled on the vast majority of its responses to these requests.  And ARIAD's delay tactics have now carried over to the deposition discovery -- no depositions have yet been taken in the case, and ARIAD has just recently cancelled and rescheduled depositions for weeks later than they were noticed (even depositions that ARIAD had noticed).  As further discussed below, the discovery sought by Amgen is

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
April 9, 2007
Page 2

straightforward and reasonable, and ARIAD should be ordered to substantively respond to it in a timely fashion or risk preclusion of providing such evidence at trial.[1]

ARIAD's deficient document production -- ARIAD has not produced a single internal, confidential document in this case. And while ARIAD seeks to argue that its production in its prior case with Lilly -- a production that Amgen was only able to get through a third-party subpoena to Lilly -- satisfies the widespread deficiencies of its production in this case, that is demonstrably not the case. As an initial matter, the *Lilly* case production was completed in 2004 and 2005, and numerous relevant documents have undoubtedly been generated since that time period. But even more striking is the fact that ***ARIAD has not produced any internal documents -- no e-mails, no correspondence, no internal presentations, nothing -- that are specific to the issues in this case.*** Moreover, specific categories of documents would not and/or could not have been produced in the *Lilly* litigation, including but not limited to:

- Documents relating to the products-in-suit (Kineret and Enbrel), including documents relating to how these types of products work (*i.e.*, as antagonists to TNF or IL-1 receptor);

- Documents relating to the compounds on which the products-in-suit act (TNF and IL-1 receptor);

- Documents relating to the Amgen Entities;

- Documents relating to ARIAD's infringement investigation into compounds, including the products-in-suit;

- Licensing-related documents generated in the last several years;

- Documents relating to ARIAD's research and development of products or compounds that relate to the inventions in the patent-in-suit or related patents;

- Documents relating to the specific embodiments disclosed in the '516 patent that are covered by the purported inventions claimed in the '516 patent;

- Any other responsive documents that were generated in the last several years since the completion of fact discovery in the *Lilly* case, or that were not produced in the *Lilly* case.

ARIAD's document production is woefully incomplete, and this threatens Amgen's ability to take comprehensive depositions and complete discovery in the timeframe

---

[1]    ARIAD's responses to Amgen's interrogatories are also less than sufficient, but Amgen is discussing an appropriate timetable for supplementation with ARIAD, and hopes to resolve this dispute without court intervention.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
April 9, 2007
Page 3

established by the Court. Amgen requests that ARIAD be compelled to produce all documents that are responsive to Amgen's First Request for Production of Documents (*see* Ex. A), including but not limited to those documents falling in the categories set forth above.

ARIAD's deficient responses to requests for admission: ARIAD has also refused to provide proper responses to Amgen's First Set of Request for Admission (RFAs). To the vast majority of these requests, ARIAD has responded with objections and the conclusion that "although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request." (*See* Ex. B for a copy of ARIAD's responses). Included among the RFAs that ARIAD has refused to answer are those that ask basic questions about the '516 patent (e.g. RFA No. 61 asking whether Table 2 of the '516 patent discloses NF-κB binding sites) or how NF-κB works (e.g. RFA No. 120 asking whether NF-κB can participate in gene transcription without being bound to DNA). Moreover, ARIAD has flatly refused to provide any response to RFAs seeking information as to what ARIAD's position is with respect to whether the products-in-suit (Enbrel and Kineret) act on the NF-κB pathway (e.g. RFA Nos. 124-29). For these RFAs, ARIAD has indicated that it now has the ability to answer them, but is refusing to do so until some time in the future. (*See* Ex. C, 4/5/07 Sernel letter to Gindler) Amgen requests an order compelling ARIAD to comply with its obligations to admit or deny the RFAs served by Amgen.

Besides the written discovery deficiencies noted above, ARIAD has delayed providing witnesses for depositions for weeks on end and to date, no depositions have yet been taken in the case. Every deposition, even one for which the parties had agreed upon a date, has been postponed and/or canceled by ARIAD, often pushed off by weeks at a time; it remains to be seen whether even these new dates will hold later this month. And there are still outstanding deposition subpoenas for which ARIAD has not provided any confirmation that the depositions will proceed. There is just a little over two months left in discovery. ARIAD needs to get serious about completing discovery in this case. The Court has denied ARIAD's motion to dismiss and/or transfer, ordering that this case should move forward in this jurisdiction. Amgen is trying to move this case forward, but is met at every turn by ARIAD's foot-dragging. Amgen respectfully requests an order granting the relief requested above and ordering ARIAD to comply with its outstanding discovery obligations under threat of sanctions.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:ams

cc:     Clerk of the Court (by hand delivery)
        John G. Day, Esquire (by hand delivery and e-mail)
        David I. Gindler, Esquire (by e-mail)

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; )<br>IMMUNEX CORPORATION, a Washington )<br>corporation; AMGEN USA INC., a Delaware )<br>corporation; AMGEN MANUFACTURING, )<br>LIMITED, a Bermuda corporation, and )<br>IMMUNEX RHODE ISLAND )<br>CORPORATION, a Delaware corporation, )<br><br>       Plaintiffs, )<br><br>    vs. )<br><br>ARIAD PHARMACEUTICALS, INC., a )<br>Delaware corporation, )<br><br>       Defendant. ) | Civil Action No. 06-259 - KAJ |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR
## PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.," together with Amgen, Immunex, Amgen USA, and Amgen Mfg. the "Amgen Entities") hereby request that Defendant Ariad Pharmaceuticals, Inc. ("Ariad") produce for inspection and copying the following documents and tangible things in accordance with its obligations under the Federal Rules of Civil Procedure and the Definitions and Instructions set forth below, within 30 days of service, at the offices of Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601, or at a time and place mutually agreed to by the parties.

## REQUESTS

**REQUEST NO. 1.**

All pleadings, transcripts, deposition transcripts of Ariad's witnesses, exhibits, expert reports and documents produced by any party in all actions or administrative proceedings identified in the Response to Interrogatory No. 5, including but not limited to any action involving Eli Lilly and Company or the United States Patent and Trademark Office.

**REQUEST NO. 2.**

Documents sufficient to identify Ariad's current organizational structure, including documents sufficient to identify Ariad's current and former officers and directors by position and/or title.

**REQUEST NO. 3.**

All documents and things relating to any research, development and testing of any products and/or classes of compounds that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 4.**

All documents and things relating to Ariad's past or present efforts to develop products based on the subject matter of the '516 patent and/or Related Patents, including but not limited to proposed or executed collaborations with third parties, research proposals, budgeting, and business plans.

**REQUEST NO. 5.**

Documents sufficient to identify all persons who assisted in the research, development and testing of any attempts to develop products and/or processes that were intended to practice,

2

embody or incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 6.**

All documents and things relating to the manufacture, formulation, clinical trials, quality assurance/control, regulatory licensing, marketing, distribution, sale, offer for sale, or importation into the United States of any of the products and/or processes that Ariad contends practice, embody or incorporate the subject matter described and/or claimed in the '516 patent.

**REQUEST NO. 7.**

All documents and things relating to the preparation, filing and prosecution of the '516 patent and/or any Related Patents.

**REQUEST NO. 8.**

All documents and things relating to any presentations to or by Ariad relating to the subject matter described and/or claimed in the '516 patent and/or any Related Patents, including but not limited to notebooks, notes, calendars, diaries, records, reports, presentation handouts, and presentation materials.

**REQUEST NO. 9.**

All documents and things relating to (a) conception, (b) reduction to practice, and (c) diligence toward reduction to practice of the subject matter of the claims of the '516 patent and/or any Related Patents, including but not limited to inventor notebooks, diaries, calendars, work records, invention disclosures and summaries.

**REQUEST NO. 10.**

All documents and things relating to the best mode of practicing the subject matter of the claims of the '516 patent and/or any Related Patents.

3

065028.1001

**REQUEST NO. 11.**

All documents and things relating to the priority date for any claim of the '516 patent.

**REQUEST NO. 12.**

All documents and things relating to any product or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent and/or any Related Patents, including but not limited to press releases, advertising material, marketing material, promotional material, technical material, sales information, pricing information, and profit/loss and cost information.

**REQUEST NO. 13.**

All documents relating to any litigation or other legal or administrative proceeding, including but not limited to reexamination, opposition, reissue, or interference concerning the '516 patent and/or any Related Patents.

**REQUEST NO. 14.**

All documents relating to any patent and/or patent application (pending, abandoned, or issued) that Ariad licenses, owns or controls that refers to, describes, or claims any product relating to the NF-κB pathway, any manufacture or use of such product, or any process relating to the manufacture or use of such product.

**REQUEST NO. 15.**

Documents sufficient to identify all persons who assisted in the preparation, filing and prosecution of the '516 patent and/or any Related Patents.

**REQUEST NO. 16.**

Documents sufficient to identify all persons who assisted in the research, development and testing of any of Ariad's products and/or processes that Ariad contends practice, embody or

065028.1001

incorporate the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 17.**

Documents sufficient to identify all persons who assisted in the manufacture, formulation, clinical testing, quality assurance/control, regulatory licensure, marketing, distribution, sale, and/or offer for sale of Ariad's products and/or processes that Ariad contends practice, embody or incorporate the subject matter described or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 18.**

All documents and things relating to inventorship of the '516 patent.

**REQUEST NO. 19.**

All documents and things relating to any licensing arrangement between Ariad and the Massachusetts Institute of Technology, the Whitehead Institute, and Harvard University.

**REQUEST NO. 20.**

All documents and things relating to any licenses or other grant of rights, or offers of licenses or other grants of rights to the subject matter of the '516 patent and/or any Related Patents, including but not limited to all drafts, notes, outlines, meeting notes, meeting agendas, meeting transcripts, meeting summaries, strategy memoranda, and correspondence.

**REQUEST NO. 21.**

All documents and things relating to prior art to the '516 patent (for purposes of this request, that in existence as of June 5, 1995) including but not limited to any searches or analyses of prior art to the '516 patent and/or Related Patents.

065028.1001

**REQUEST NO. 22.**

All documents and things that were reviewed, received or maintained in connection with the preparation, filing or prosecution of the '516 patent and/or any Related Patents, including but not limited to any prior art and/or any technical and scientific publications.

**REQUEST NO. 23.**

All documents and things constituting or relating to any communications concerning prior art regarding to the '516 patent (for purposes of this request, that in existence as of June 5, 1995).

**REQUEST NO. 24.**

All documents and things relating to the first offer to sell and/or first sale of any product and/or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent.

**REQUEST NO. 25.**

All documents and things relating to the first public use, disclosure, or demonstration of any product or process that Ariad contends practices, embodies or incorporates the subject matter described and/or claimed in the '516 patent.

**REQUEST NO. 26.**

All documents and things that support Ariad's contention regarding the level of ordinary skill in the art disclosed and claimed in the '516 patent.

**REQUEST NO. 27.**

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is non-obvious, including but not limited to those documents that support secondary considerations of non-obviousness such as

commercial success, long-felt need, copying by others, prior failure by others, licensing by others, and/or unexpected results.

**REQUEST NO. 28.**

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is not invalid under 35 U.S.C. § 102, including but not limited to any documents that any entity has alleged to be anticipatory, either expressly or inherently, of any claim of the '516 patent.

**REQUEST NO. 29.**

All documents and things that Ariad contends support, contradict, or may contradict Ariad's contention that the subject matter of the '516 patent is not invalid under 35 U.S.C. § 112, including but not limited to any documents that Ariad contends provide written description for and an enabling disclosure of the full scope of the '516 patent claims.

**REQUEST NO. 30.**

Any opinions or analyses prepared by or on behalf of Ariad relating to licenses or other grant of rights, including but not limited to sublicenses, of the '516 patent and/or any Related Patents.

**REQUEST NO. 31.**

All documents and things relating to the invalidity or unenforceability of the claims of the '516 patent, including but not limited to any documents containing opinions, evaluations, advice or analyses relating to the invalidity or unenforceability of the claims of the '516 patent.

DB02:5414959.1

065028.1001

**REQUEST NO. 32.**

All documents and things relating to the construction of the claims of the '516 patent, including but not limited to any documents containing any opinions, evaluations, advice or analyses relating to construction of the claims of the '516 patent.

**REQUEST NO. 33.**

All documents and things relating to Ariad's contention and/or allegation of infringement of the '516 patent and/or any Related Patents by any of the Amgen Entities or any other entity, including but not limited to any documents containing any opinions, evaluations, advice or analyses relating to infringement of the '516 patent by any of the Amgen Entities or any other entity.

**REQUEST NO. 34.**

All documents and things relating to comparisons between any claims of the '516 patent and/or any Related Patents and  ENBREL or KINERET.

**REQUEST NO. 35.**

All documents and things relating to comparisons between any claims of the  '516 patent and/or any Related Patents and a product or process of any third party.

**REQUEST NO. 36.**

All documents and things relating to ENBREL or KINERET, including but not limited to any evaluation or analysis of ENBREL or KINERET.

**REQUEST NO. 37.**

All documents relating to or mentioning any of the Amgen Entities.

**REQUEST NO. 38.**

All documents and things relating to any presentation to or by Ariad relating to any of the Amgen Entities, or ENBREL or KINERET, including but not limited to notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 39.**

All communications between Ariad and any of the Amgen Entities or any third party concerning Ariad's contention that the Amgen Entities infringe the '516 patent and/or any Related Patents.

**REQUEST NO. 40.**

All communications relating to the '516 patent and/or any Related Patents.

**REQUEST NO. 41.**

All documents and communications within Ariad or to third parties relating to any one or more of the following: the current litigation against the Amgen Entities, any other litigation relating to the '516 patent and/or any Related Patents, ENBREL, and/or KINERET.

**REQUEST NO. 42.**

All documents and things relating to efforts to enforce the '516 patent and/or any Related Patents, including but not limited to demand letters, cease and desist letters, or pleadings filed in lawsuits.

**REQUEST NO. 43.**

All documents and things relating to any assertions by any entity that any claim of the '516 patent is invalid or unenforceable.

9

**REQUEST NO. 44.**

All tutorials, presentations, videos and transcripts that explain the subject matter described and/or claimed in the '516 patent and/or any Related Patents.

**REQUEST NO. 45.**

All documents and things relating to tumor necrosis factor (TNF) and/or tumor necrosis factor receptors (TNFRs), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 46.**

All documents and things relating to interleukin-1 (IL-1) and/or interleukin-1 receptors (IL-1Rs), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 47.**

All documents and things relating to cyclosporin A (CsA or CyA), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

10

065028.1001

**REQUEST NO. 48.**

All documents and things relating to nuclear factor of activated T cells (NFAT), including but not limited to research articles, proposed or executed collaborations with third parties, research proposals, tutorials, presentations, videos, transcripts, notes, calendars, diaries, records, reports, presentation handouts and presentation materials.

**REQUEST NO. 49.**

All documents and things referenced or relied upon in preparing Ariad's responses to any interrogatories prepared in this case, including but not limited to Plaintiffs' First Set of Interrogatories to Defendant.

**REQUEST NO. 50.**

All documents and things relating to any interviews, presentations, demonstrations and other communications at which any employee of the United States Patent and Trademark Office was present concerning the subject matter of the '516 patent and/or Related Patents.

**REQUEST NO. 51.**

All Ariad annual reports, SEC filings, and press releases.

**REQUEST NO. 52.**

All documents and things relating to any valuation or appraisal concerning the '516 patent and/or any Related Patents.

**REQUEST NO. 53.**

All documents and things relating to any royalties or licensing fees paid by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments paid by Ariad.

11

**REQUEST NO. 54.**

All documents and things relating to any royalties or licensing fees received by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments received by Ariad.

**REQUEST NO. 55.**

All documents and things relating to any royalties or licensing fees projected to be paid or received by Ariad in connection with the '516 patent and/or any Related Patents, including but not limited to reports showing any such payments paid or received by Ariad.

**REQUEST NO. 56.**

All documents sent to, received from, or discussed with any experts (either specially-retained or employees of Ariad) that Ariad has retained, consulted or intends to call as a witness in the trial of this case.

**REQUEST NO. 57.**

All documents relating to things that Ariad would contend reduce NF-κB activity (as that term is used in the '516 patent).

**REQUEST NO. 58.**

All documents relating to things that Ariad would contend induce NF-κB activity (as that term is used in the '516 patent).

**REQUEST NO. 59.**

All documents relating to decoy molecules (as that term is used in the '516 patent).

**REQUEST NO. 60.**

All documents relating to dominantly-interfering molecules (as that term is used in the '516 patent).

065028.1001

## REQUEST NO. 61.

All board and scientific advisory board meeting minutes or presentations that relate to the '516 patent and/or any Related Patents, including but not limited to Ariad's discussion, identification, or consideration of whether any companies, products or processes might practice the subject matter of the claims of the '516 patent and/or Related Patents.

## REQUEST NO. 62.

All communications with investors, potential investors, analysts, or others in the business community referring or relating to the '516 patent and/or any Related Patents.

065028.1001

Dated: July 7, 2006

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: _____
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Mark A. Pals
Marcus E. Sernel
KIRKLAND & ELLIS
200 East Randolph Street
Chicago, IL 60601
(312) 861-2000

*Attorneys for Plaintiffs Amgen, Inc., Immunex
Corporation, Amgen USA Inc., Amgen Manufacturing,
Limited, and Immunex Rhode Island Corporation*

14

## APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1.    The term "'516 patent" shall mean United States Patent No. 6,410,516.

2.    "Ariad" shall mean Ariad Pharmaceuticals, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Ariad, and persons purporting to act on Ariad's behalf or on whose behalf Ariad has acted or acts.

3.    "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

065028.1001

4.    "Referring," "relating to" and "regarding" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

5.    "And," "or," and "and/or" shall mean both the conjunctive and disjunctive and shall serve as an interrogatory for information that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

6.    "Identify," "identity" or "identification," with respect to a document or thing, shall mean to state the production number or the type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.), the date of its preparation, the identity of the person(s) who prepared the document, the identity of person(s) who signed the document, the sender, the recipient(s) and addressee(s), a description of the subject matter and content, the name and address of any person having possession, custody, or control of the same or a true copy thereof, and all other means of identifying the document with sufficient particularity so as to satisfy the requirements for its inclusion in a demand or interrogatory for its production pursuant to Federal Rule of Civil Procedure 34.

7.    "Identify," "identity" or "identification," with respect to a natural person or company, shall mean to state the name, business address, and telephone number for such person or company and, in the case of natural persons, the person's title.

8.    "Person" shall mean any natural person or any business, legal or governmental entity or association, or any other person recognizable at law, and its agents and employees.

9.    "Communication" or "communications" shall mean any of the following: (i) any written letter, memorandum, e-mail or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

065028.1001

10.     "Invention" shall mean the alleged invention or discovery described in the '516 patent.  The use of the word "invention" is not an admission by the Amgen Entities that any claims of the '516 patent are valid, or that the '516 patent discloses any patentable invention.

11.     "Related Patent" means any U.S. or foreign patent or patent application that (i) stems from or claims priority, either directly or indirectly, to U.S. patent application numbers 06/817,441, 07/155,207, 07/162,680, 07/280,173, 07/318,901, 07/341,436, 08/418,266, 06/946,365, 07/791,898, or 08/418,266; or (ii) refers to, describes or claims subject matter described and/or claimed in the '516 patent.

12.     For each responsive document that is withheld provide: (a) the type or nature of the document; (b) a description of its subject matter; (c) the dates it was prepared and transmitted; (d) the identity of the author(s); (e) the identity of all recipients; and (f) the grounds for withholding the document.

DB02:5414959.1

065028.1001

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on July 7, 2006, I caused to be served two copies of the foregoing, Plaintiffs' First Set of Requests for Production of Documents and Things, upon the following counsel of record:

> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> Wilmington, DE 19801

I further certify that on July 7, 2006, I caused a copy of the foregoing, Plaintiffs' First Set of Requests for Production of Documents and Things, to be served on the following non-registered participants in the manner indicated.

> **BY E-MAIL (by agreement of counsel)**
> Morgan Chu, Esquire
> David I. Gindler, Esquire
> Amir A. Naini, Esquire
> Christopher M. Newman, Esquire
> Elizabeth L. Rosenblatt, Esquire
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067-4276

> Melanie K. Sharp (No. 2501)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street

> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6681
> msharp@ycst.com

> *Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

DB02:5414959.1

065028.1001

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN, INC., IMMUNEX CORPORATION, )
AMGEN USA INC., AMGEN MANUFACTURING )
LIMITED, IMMUNEX RHODE ISLAND )
CORPORATION, )
                  )   C.A. No. 06-259-MPT
           Plaintiffs, )
    v. )
                  )
ARIAD PHARMACEUTICALS, INC., )
                  )
          Defendant. )

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR ADMISSION TO DEFENDANT**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and the
Local Rules for the District of Delaware, Defendant ARIAD Pharmaceuticals, Inc.
("ARIAD") hereby responds and objects to the Plaintiffs' First Set of Requests for
Admission to Defendant ("Requests for Admission") as follows:

**INTRODUCTION**

This response is made solely for the purpose of this action. The response is
subject to all objections as to competence, relevance, materiality, propriety and
admissibility, all of which objections and grounds are expressly reserved and may be
interposed at the time of trial.

The following responses, while based on diligent investigation by ARIAD and its
counsel, are necessarily supported only by those facts and writings that are presently and
specifically known by and readily available to ARIAD. ARIAD has not completed its
investigation of the facts related to the subject matter of this action, discovery, or its
preparation for trial. Furthermore, the claims of the patent-in-suit have not been
construed, and expert discovery has not occurred. ARIAD therefore makes these
responses without prejudice to its right to produce at any stage of these proceedings,

including at trial, evidence of any facts or information that ARIAD may later recall or discover. ARIAD further reserves the right to change, amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained and contentions are made in this litigation; and as terms used in the claims of the patent-in-suit are construed.

Objections to each request for admission are made on an individual basis below. From time to time, for special emphasis, ARIAD will repeat in the specific objections certain objections also set forth in the general objections. The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response. The assertion of any objection to any request for admission below is neither intended as, nor shall in any way be deemed, a waiver of ARIAD's right to assert that or any other objection at a later date. At this time, ARIAD shall not provide any information protected by any applicable privilege or doctrine. No incidental or implied admissions are intended by the responses below.

ARIAD's responses herein, and its disclosure of information, do not in any way constitute an acceptance of Plaintiffs' Instructions or Definitions in their Requests for Admission. Consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret the objectionable Definitions in the Requests for Admission. In addition, consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret undefined terms (e.g., "NF-kB") susceptible to multiple interpretations.

This response is also given without prejudice to ARIAD's right to advance contentions or make claims not yet advanced or made in the present action and to supplement this response as appropriate.

**GENERAL OBJECTIONS**

ARIAD asserts the following General Objections with respect to each request for admission:

1.    ARIAD objects to the Requests for Admission to the extent that they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. ARIAD will not comply with any purported obligation not imposed by law.

2.    ARIAD objects to the Requests for Admission to the extent that they purport to seek admissions regarding information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. ARIAD will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

3.    ARIAD objects to the Requests for Admission to the extent that they seek admissions regarding information that is not relevant to any claim or defense of a party.

4.    ARIAD objects to the Requests for Admission to the extent that they are overbroad, unduly burdensome, oppressive, or seek admissions regarding information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

5.    ARIAD objects to the Requests for Admission to the extent they are vague, ambiguous, or without sufficient specificity. In particular, ARIAD objects to the Requests for Admission to the extent they recite terms or phrases used in the claims of the patent-in-suit without specifying how such terms or phrases are defined for purposes of the requests. ARIAD further objects to the Requests for Admission to the extent they use scientific or technical terms that are susceptible to more than a single scientific or

technical definition without specifying how such terms are defined for purposes of the requests.

6.    ARIAD objects to the Requests for Admission to the extent they are compound, indirect, or fail to separately set forth each matter for which Plaintiffs request admission.

7.    ARIAD objects to the Requests for Admission as premature.  In particular, ARIAD objects to the Requests for Admission as premature to the extent that they seek information that ARIAD is not required to disclose at this stage of litigation.  In addition, ARIAD's investigation is continuing and may result in additional contentions.  For the foregoing reasons, ARIAD's responses are not complete and cannot be completed at this time, and are subject to revision.

8.    ARIAD objects to the Requests for Admission to the extent Plaintiffs are using any request improperly as a substitute for other forms of discovery rather than to establish admission of facts about which there are no real disputes.

9.    ARIAD objects to the Requests for Admission to the extent that they call for a legal conclusion.

10.    ARIAD objects to the Requests for Admission to the extent that they improperly call for an application of law to a hypothetical set of facts.

11.    ARIAD objects to the Requests for Admission to the extent that they prematurely call for expert discovery or expert opinion.

12.    ARIAD objects to Plaintiffs' purported definitions of words and phrases contained in its requests for admission.  ARIAD objects to Plaintiffs' definitions to the extent that they:  (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rule of Civil Procedure and the Local Rules; (iv) include assertions of purported fact that are inaccurate or at the very least are disputed by the

parties to this action; or (v) incorporate other purported definitions that suffer from such defects.

13.    ARIAD objects to the definition of "Ariad" set forth in paragraph 2 of the Definitions and Instructions of Plaintiffs' First Set of Requests for Production of Documents and Things, which Plaintiffs incorporate by reference, to the extent the definition seeks to impose discovery obligations on persons or entities other than the parties to this action, and to the extent it seeks discovery from individuals or entities over which ARIAD has no control.

14.    ARIAD expressly incorporates each of the foregoing General Objections into each specific response to the requests for admission set forth below as if set forth in full therein.  An answer to a request for admission shall not work as a waiver of any applicable specific or general objection to a request for admission.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

TPA is a standard abbreviation for "12-O-tetradecanoylphorbol 13-acetate."

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

ARIAD objects to this request in its use of the term "standard" as vague and ambiguous.  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "TPA" is an abbreviation for 12-O-tetradecanoylphorbol-13-acetate, among other compounds or molecules.  Except as expressly admitted herein, ARIAD denies this request.

### REQUEST FOR ADMISSION NO. 2:

PMA is a standard abbreviation for "phorbol 12-myristate 13-acetate."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

ARIAD objects to this request in its use of the term "standard" as vague and ambiguous. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "PMA" is an abbreviation for phorbol 12-myristate 13-acetate, among other compounds or molecules. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 3**:

"12-tetradecanoyl-phorbol 13-acetate" and "phorbol 12-myristate 13-acetate" are different chemical names for the same substance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

ARIAD objects to this request in its use of the term "substance" as vague and ambiguous. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "12-tetradecanoylphorbol-13-acetate" and "phorbol 12-myristate 13-acetate" are sometimes used to refer to the same molecule. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 4**:

TPA ("12-O-tetradecanoylphorbol 13-acetate") is chemically equivalent to PMA ("phorbol 12-myristate 13-acetate").

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

ARIAD objects to this request as vague and ambiguous because TPA may refer to chemicals other than 12-O-tetradecanoylphorbol-13-acetate and PMA may refer to chemicals other than phorbol 12-myristate 13-acetate. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "12-tetradecanoylphorbol-13-acetate" and "phorbol 12-myristate 13-acetate" are sometimes used to refer to the same molecule and are in that sense chemically equivalent. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 5:**

TPA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 6:**

Some publications show that TPA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this

request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 7:**

TPA will not induce any NF-kB activity in Jurkat cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "Jurkat," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and

therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular Jurkat cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 8**:

TPA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 9**:

Some publications show that TPA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a HeLa cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 73, lines 7-56 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular HeLa cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 10**:

TPA will not induce any NF-kB activity in HeLa cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HeLa," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a HeLa cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 73, lines 7-56 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular HeLa cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 11**:

TPA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 12**:

Some publications show that TPA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 13:**

TPA will not induce any NF-kB activity in HepG2 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HepG2," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 14:**

TPA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 15**:

Some publications show that TPA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a 70Z/3 cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 71, lines 25-50 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular 70Z/3 cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 16**:

TPA will not induce any NF-kB activity in 70Z/3 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "70Z/3," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a 70Z/3 cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 71, lines 25-50 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular 70Z/3 cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 17:**

PHA is a standard abbreviation for phytohemagglutinin.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

ARIAD objects to this request in its use of the term "standard" as vague and ambiguous. ARIAD further objects to this request as premature and an inappropriate subject for a request for admission because it calls for expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "PHA" is an abbreviation for phytohemagglutinin, among other compounds or molecules. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 18:**

PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 19**:

Some publications show that PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, admits that at least the '516 patent reports that treatment of a Jurkat cell line with phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and

therefore phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line.  Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 20:**

PHA will not induce any NF-kB activity in Jurkat cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "Jurkat," and "will not induce."  ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request.  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a Jurkat cell line with phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 21**:

PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HeLa," and "will induce."  ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB

activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 22**:

Some publications shows that PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 23**:

PHA will not induce any NF-kB activity in HeLa cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HeLa," and "will not induce." ARIAD further objects to this request as vague

and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB" activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 24**:

PHA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB" activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 25**:

Some publications show that PHA will induce NF-kB activity in HepG2 cells.

- 18 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 26**:

PHA will not induce any NF-kB activity in HepG2 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HepG2," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 27**:

PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 28**:

Some publications show that PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 29**:

PHA will not induce any NF-kB activity in 70Z/3 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "70Z/3," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 30**:

TPA in combination with PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 31**:

Some publications show that TPA in combination with PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate and phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate and phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 32**:

TPA in combination with PHA will not induce any NF-kB activity in Jurkat cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "Jurkat," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate and phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate and phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 33**:

TPA in combination with PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further

objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 34**:

Some publications show that TPA in combination with PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 35**:

TPA in combination with PHA will not induce any NF-kB activity in HeLa cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HeLa," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 36**:

TPA in combination with PHA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 37**:

Some publications show that TPA in combination with PHA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 38**:

TPA in combination with PHA will not induce any NF-kB activity in HepG2 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HepG2," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 39**:

TPA in combination with PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 40**:

Some publications show that TPA in combination with PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 41**:

TPA in combination with PHA will not induce any NF-kB activity in 70Z/3 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "70Z/3," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 42**:

Administering antibiotics to a human does not affect the NF-kB pathway in any cells of that human under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42**:

ARIAD objects to this request in its use of the terms "antibiotics," "administering," "affect," "pathway" and "cells of that human" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "human" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 43**:

Administering antibiotics to a human does not affect NF-kB mediated intracellular signaling in any cells of that human under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43**:

ARIAD objects to this request in its use of the terms "antibiotics," "administering," "affect" and "cells of that human" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated intracellular signaling" and "human" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert

- 29 -

discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 44**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 is a type of DNA binding assay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44**:

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request.

**REQUEST FOR ADMISSION NO. 45**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 is a type of electrophoretic mobility shift assay ("EMSA").

**RESPONSE TO REQUEST FOR ADMISSION NO. 45**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "electrophoretic mobility shift assay" and "EMSA." ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth an assay based on the altered mobility of protein-DNA complexes during gel electrophoresis at column 18, line 52 through column 20, line 25. For the reasons set forth above, although ARIAD

has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 46**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 can be used to determine if a molecule competes with NF-kB for an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46**:

ARIAD objects to this request in its use of the terms "a molecule" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 47**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 can be used to determine if a substance reduces binding of NF-kB to an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47**:

ARIAD objects to this request in its use of the terms "a substance" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or

expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 48**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 can be used to determine if a substance reduces NF-kB activity in the cell.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48**:

ARIAD objects to this request in its use of the term "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "reduc[ing] NF-kB activity in the cell" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 49**:

An electrophoretic mobility shift assay ("EMSA") can be used to determine if a molecule competes with NF-kB for an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49**:

ARIAD objects to this request in its use of the terms "electrophoretic mobility shift assay," "EMSA," "a molecule" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 50**:

An electrophoretic mobility shift assay ("EMSA") can be used to determine if a substance reduces binding of NF-kB to an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50**:

ARIAD objects to this request in its use of the terms "electrophoretic mobility shift assay," "EMSA," "a substance" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 51**:

An electrophoretic mobility shift assay ("EMSA") can be used to determine if a substance reduces NF-kB activity in the cell.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51**:

ARIAD objects to this request in its use of the terms "electrophoretic mobility shift assay," "EMSA," and "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "reduc[ing] NF-kB activity in the cell" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 52**:

The assay discussed in the '516 patent (col. 80, lns. 48-65) used chloramphenicol acetyl transferase ("CAT") reporter plasmids that contain an NF-kB binding site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52**:

ARIAD objects to this request in its use of the terms "a substance" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth an assay at column 80, lines 48-65 involving CAT reporter plasmids that include DNA sequences called PRDII or kB sequences, and that the patent identifies PRDII and kB sequences as DNA sequences to which NF-kB can bind. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 53**:

The assay discussed in the '516 patent (col. 80, lns. 48-65) is a type of chloramphenicol acetyl transferase ("CAT") assay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53**:

ARIAD objects to this request as vague and ambiguous in its use of the term "chloramphenicol acetyl transferase ('CAT') assay." ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth assays at column 80, lines 48-65, that are sometimes referred to as CAT reporter assays. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 54**:

The assay discussed in the '516 patent at column 80, lines 48-65 is a type of reporter assay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54**:

ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth assays at

column 80, lines 48-65, that are sometimes referred to as CAT reporter assays. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 55**:

The assay discussed in the '516 patent at column 80, lines 48-65 can be used to determine if the expression of a certain gene is mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55**:

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB-mediated," which is similar to the phrase "mediated by NF-kB" in the request, or the claim term "expression," for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 56**:

The assay discussed in the '516 patent at column 80, lines 48-65 can be used to determine if a substance inhibits NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56**:

ARIAD objects to this request in its use of the term "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "inhibit" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and

ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 57:**

The assay discussed in the '516 patent at column 80, lines 48-65 can be used to determine if a substance reduces NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

ARIAD objects to this request in its use of the term "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "reduces" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 58:**

A reporter assay that contains a reporter gene linked to any NF-kB binding site can be used to determine if the expression of a certain gene is mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

ARIAD objects to this request in its use of the terms "linked" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and

ambiguous because Plaintiffs have not defined the claim term "NF-kB-mediated," which is similar to the phrase "mediated by NF-kB" in the request, or the claim term "expression," for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## REQUEST FOR ADMISSION NO. 59:

A reporter assay that contains a reporter gene linked to any NF-kB binding site can be used to determine if a substance inhibits NF-kB mediated gene expression.

## RESPONSE TO REQUEST FOR ADMISSION NO. 59:

ARIAD objects to this request in its use of the terms "linked," "NF-kB binding site," and "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "inhibit[]" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 60**:

A reporter assay that contains a reporter gene linked to any NF-kB binding site can be used to determine if a substance reduces NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60**:

ARIAD objects to this request in its use of the terms "linked," "NF-kB binding site," and "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "reduce" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 61**:

NF-kB binding sites include all the DNA sequences provided in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

ARIAD objects to this request in its use of the terms "NF-kB binding sites" and "include" as vague and ambiguous. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, ARIAD admits that '516 patent identifies the DNA sequences in Table 2 as sequences recognized by NF-kB.

Except as expressly admitted herein, for the reasons set forth above, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 62**:

NF-kB binding sites are limited to those DNA sequences provided in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 62**:

ARIAD objects to this request in its use of the terms "NF-kB binding sites" and "limited to" as vague and ambiguous. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, ARIAD admits that '516 patent identifies the DNA sequences in Table 2 as sequences recognized by NF-kB. Except as expressly admitted herein, for the reasons set forth above, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 63**:

NF-kB mediates the expression of the genes listed in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 63**:

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediate[]" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 64:**

NF-kB enhances the expression of the genes listed in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "expression" for purposes of the request.    ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.    ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 65:**

Expression of the vascular cell adhesion molecule ("VCAM") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

ARIAD objects to this request in its use of the term "vascular cell adhesion molecule ('VCAM') gene" as vague and ambiguous.  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request.  ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 66**:

Expression of the vascular cell adhesion molecule ("VCAM") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66**:

ARIAD objects to this request in its use of the term "vascular cell adhesion molecule ('VCAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 67**:

Expression of the intercellular adhesion molecule ("ICAM") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67**:

ARIAD objects to this request in its use of the term "intercellular adhesion molecule ('ICAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely

calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 68**:

Expression of the intercellular adhesion molecule ("ICAM") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68**:

ARIAD objects to this request in its use of the term "intercellular adhesion molecule ('ICAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 69**:

Expression of the macrophage inflammatory protein-1-alpha ("MIP-1-$\alpha$") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69**:

ARIAD objects to this request in its use of the term "macrophage inflammatory protein-1-alpha ('MIP-1-$\alpha$') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 70**:

Expression of the macrophage inflammatory protein-1-alpha ("MIP-1-$\alpha$") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70**:

ARIAD objects to this request in its use of the term "macrophage inflammatory protein-1-alpha ('MIP-1-$\alpha$') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 71**:

Expression of the E-selectin gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71**:

ARIAD objects to this request in its use of the term "E-selectin gene" as vague and ambiguous.  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request.  ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 72**:

Expression of the E-selectin gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72**:

ARIAD objects to this request in its use of the term "E-selectin gene" as vague and ambiguous.  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request.  ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 73**:

Expression of the fractaline gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73**:

ARIAD objects to this request in its use of the term "fractaline gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 74**:

Expression of the fractaline gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74**:

ARIAD objects to this request in its use of the term "fractaline gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 75**:

Expression of genes encoded by human immunodeficiency virus 1 ("HIV-1") can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75**:

ARIAD objects to this request in its use of the term "genes encoded by human immunodeficiency virus 1 ('HIV-1')" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 76**:

Expression of genes encoded by human immunodeficiency virus 1 ("HIV-1") can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76**:

ARIAD objects to this request in its use of the term "genes encoded by human immunodeficiency virus 1 ('HIV')" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request

as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 77:**

Expression of the kappa light chain gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

ARIAD objects to this request in its use of the term "kappa light chain gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 78:**

Expression of the kappa light chain gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

ARIAD objects to this request in its use of the term "kappa light chain gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because

Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 79**:

Expression of the beta-interferon ("$\beta$-IFN") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79**:

ARIAD objects to this request in its use of the term "beta-interferon ('$\beta$-IFN') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 80**:

Expression of the beta-interferon ("$\beta$-IFN") gene can be mediated at least in part by NF-kB.

- 49 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 80**:

ARIAD objects to this request in its use of the term "beta-interferon ('$\beta$-IFN') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 81**:

Expression of the interleukin 2 ("IL-2") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81**:

ARIAD objects to this request in its use of the term "interleukin 2 ('IL-2') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 82**:

Expression of the interleukin 2 ("IL-2") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82**:

ARIAD objects to this request in its use of the term "interleukin 2 ('IL-2') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 83**:

Expression of the interleukin 2 receptor alpha ("IL-2R$\alpha$") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83**:

ARIAD objects to this request in its use of the term "interleukin 2 receptor alpha ('IL-2R$\alpha$') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 84**:

Expression of the interleukin 2 receptor alpha ("IL-2R$\alpha$") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84**:

ARIAD objects to this request in its use of the term "interleukin 2 receptor alpha ('IL-2R$\alpha$') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 85**:

Ariad retained Dr. Thomas Gilmore as a consultant in a related litigation, Ariad Pharmaceuticals v. Eli Lilly & Co., 02-cv-11280-RWZ (D. Mass.).

**RESPONSE TO REQUEST FOR ADMISSION NO. 85**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party.

Subject to the foregoing general and specific objections, ARIAD admits that it retained Dr. Thomas D. Gilmore for consulting relating to Case No. 02-CV-11280-RWZ (D. Mass.). Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 86:**

Dr. Thomas Gilmore submitted a declaration on behalf of Ariad in a related litigation, Ariad Pharmaceuticals v. Eli Lilly & Co., 02-cv-11280-RWZ (D. Mass.).

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the term "on behalf of" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that Dr.Thomas D. Gilmore submitted declarations in Case No. 02-CV-11280-RWZ (D. Mass.) in connection with ARIAD's claim construction briefing. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 87:**

Dr. Thomas Gilmore maintains a website, http://people.bu.edu/gilmore/nf-kb/.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the term "maintains" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb as of the date of this response contains the name and contact information of Dr. Thomas D. Gilmore. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 88**:

Dr. Thomas Gilmore indicates on his website that "blue honeysuckle extract" is an inhibitor of NF-kB by a mechanism that includes blocking nuclear translocation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the terms "indicates" and "his website" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "blue honeysuckle extract" as a reported inhibitor of nuclear translocation. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 89**:

Dr. Thomas Gilmore indicates on his website that "15-deoxyspergualin" is an inhibitor of NF-kB by a mechanism that includes blocking nuclear translocation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the terms "indicates" and "his website" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB

or activation of the pathway," and a table listing, among other substances, "15-deoxyspergualin" as a reported inhibitor of nuclear translocation.  Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 90**:

Dr. Thomas Gilmore indicates on his website that "rapamycin" is an inhibitor of NF-kB by a mechanism that includes blocking expression of NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party.  ARIAD objects to this request in its use of the terms "indicates" and "his website" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "rapamycin" as a reported inhibitor of NF-kB expression.  Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 91**:

Dr. Thomas Gilmore indicates that "sulfasalazine" is an inhibitor of NF-kB by a mechanism that includes blocking the ability of NF-kB to bind to DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party.  ARIAD objects to this request in its use of the term "indicates" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and tables listing, among other substances, "sulfasalazine" as a reported inhibitor of DNA binding, among other steps. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**REQUEST FOR ADMISSION NO. 92:**

Figure 43 of the '516 patent provides a partial nucleotide and amino acid sequence for the chicken protein known as pp40.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request as improperly compound because it seeks admission on more than one matter. ARIAD further objects to this request in its use of the terms "partial," "nucleotide ... sequence," "amino acid sequence," and "pp40" as vague and ambiguous. ARIAD further objects to this request as scientifically unintelligible because a nucleotide sequence is not a protein. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to the meaning of "provides." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, ARIAD admits that the term "pp40" is used to designate particular chicken sequences and that portions of the

nucleotide and amino acid sequences set forth in Figure 43 can be found in pp40 sequences. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 93**:

Ariad is aware that Figure 43 of the '516 patent does not provide the nucleotide or amino acid sequence for any known human protein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request as improperly compound because it seeks admission on more than one matter. ARIAD further objects to this request in its use of the terms "nucleotide … sequence" and "amino acid sequence" as vague and ambiguous. ARIAD further objects to this request as scientifically unintelligible because a nucleotide sequence is not a protein. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to the meaning of "provide." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 94**:

The NF-kB pathway is intracellular.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway" and "intracellular." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "intracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that signaling involving NF-kB may take place at least partly within cells. Except as expressly admitted here, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 95**:

The NF-kB pathway is exclusively intracellular.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway" and "intracellular." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "intracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 96**:

The NF-kB pathway is both intracellular and extracellular.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway," "intracellular," and "extracellular." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "intracellular" and "extracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that signaling involving NF-kB may take place at least partly within cells and partly outside cells. Except as expressly admitted here, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 97**:

The NF-kB pathway has extracellular components.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway," "extracellular," and "components." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "extracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely

calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that signaling involving NF-kB may take place partly outside cells. Except as expressly admitted here, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 98**:

At least some anti-TNF antibodies inactivate or otherwise prevent tumor necrosis factor from interacting with cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "inactivate" and "interacting," and as lacking sufficient specificity in its use of the term "cells." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 99**:

Anti-TNF antibodies do not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion

with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 100:**

Anti-TNF antibodies do not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 101:**

Anti-TNF antibodies act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an

inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 102:**

Anti-TNF antibodies interact with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 103:**

At least some anti-IL-1 antibodies inactivate or otherwise prevent IL-1 from interacting with cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 103**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "inactivate" and "interacting," and as lacking sufficient specificity in its use of the term "cells." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 104**:

Anti-IL-1 antibodies do not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 105**:

Anti-IL-1 antibodies do not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 106**:

Anti-IL-1 antibodies act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 107**:

Anti-IL-1 antibodies interact with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 108**:

Enbrel does not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 109**:

Enbrel does not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 110**:

Enbrel acts on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "acts" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 111**:

Enbrel interacts with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interacts," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 112**:

Kineret does not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 113**:

Kineret does not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 114**:

Kineret acts on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 114**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "acts" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 115**:

Kineret interacts with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interacts," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 116**:

Many genes require the binding of a number of different, very specific factors to initiate transcription.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "many," "binding," "number," "very specific," and "factors." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request to the extent it is a repetition of a statement made in Paragraph 32 of the Rule 26(A)(2) Rebuttal Report of Thomas R.

Kadesch, Ph.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-RWZ (D. Mass.), and only in the context of that report.    Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 117:**

UNA synthesis depends on RNA polymerase enzymes acting in concert with numerous proteins, including transcription factors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

ARIAD objects to this request as vague and ambiguous in its use of the term "UNA" and "in concert."    ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request.    ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.    ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that RNA synthesis depends on RNA polymerase enzymes acting in concert with numerous proteins, including transcription factors, to the extent it is a repetition of a statement (with the substitution of "UNA" for "RNA," which ARIAD has interpreted as a typographical error) made in Paragraph 17 of the Rule 26(A)(2) Report of Brendan F. Boyce, M.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-RWZ (D. Mass.), and only in the context of that report.    Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 118:**

In transcription of any given eukaryotic gene, RNA polymerase enzymes and transcription factors bind to specific DNA sequences within the regulatory element region of that gene.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "any," "specific," and "regulatory element region." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request to the extent it is a rephrasing of statements made in Paragraphs 30-32 of the Rule 26(A)(2) Rebuttal Report of Thomas R. Kadesch, Ph.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-RWZ (D. Mass.), and only in the context of that report. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 119:**

NF-kB does not participate in gene transcription unless it is bound to DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "participate" and "bound." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 120**:

NF-kB does not enhance gene transcription unless it is bound to DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "enhance" and "bound." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 121**:

NF-kB does not participate in gene transcription unless it is bound to an NF-kB binding site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "participate," "bound" and "NF-kB binding site." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 122**:

NF-kB does not enhance gene transcription unless it is bound to an NF-kB binding site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 122**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "enhance," "bound" and "NF-kB binding site." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 123**:

Transcription factor complexes can act as repressors of gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "complexes," "repressors" and " gene expression." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "transcription" and "expression" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this

request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request to the extent it is a repetition of a statement made in Paragraph 17 of the Rule 26(A)(2) Report of Brendan F. Boyce, M.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-RWZ (D. Mass.), and only in the context of that report.  Except as expressly admitted herein, ARIAD denies this request..

**REQUEST FOR ADMISSION NO. 124:**

A use of Enbrel is covered by at least one claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction.  ARIAD further objects to this request as vague and ambiguous in its use of the term "[a] use."  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel.

**REQUEST FOR ADMISSION NO. 125:**

The use of Enbrel according to Enbrel's prescribing information (attached at Exhibit A) is covered by one or more claims of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction.  ARIAD further objects to this request as vague and ambiguous in its use of the term "[a] use."  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any

of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel.

**REQUEST FOR ADMISSION NO. 126**:

The use of Enbrel according to Enbrel's prescribing information (attached at Exhibit A) is not covered by any claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel.

**REQUEST FOR ADMISSION NO. 127**:

A use of Kineret is covered by at least one claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 127**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as vague and ambiguous in its use of the term "[a] use." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret.

**REQUEST FOR ADMISSION NO. 128**:

The use of Kineret according to Kineret's prescribing information (attached at Exhibit B) is covered by one or more claims of the '516 patent.

- 75 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 128**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret.

**REQUEST FOR ADMISSION NO. 129**:

The use of Kineret according to Kineret's prescribing information (attached as Exhibit B) is not covered by any claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret.

**REQUEST FOR ADMISSION NO. 130**:

Amgen has not induced infringement of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel or Kineret.

**REQUEST FOR ADMISSION NO. 131**:

Amgen has not contributorily infringed the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel or Kineret.

**REQUEST FOR ADMISSION NO. 132**:

Enbrel is suitable for substantial noninfringing use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

**REQUEST FOR ADMISSION NO. 133**:

Kineret is suitable for substantial noninfringing use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the

claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

**REQUEST FOR ADMISSION NO. 134:**

The '516 patent does not discuss any *in vivo* assay that can be used to determine the level of NF-kB activity in any cell within a human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

ARIAD objects to this request as vague and ambiguous in its use of the term "*in vivo* assay." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity" and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 135:**

The '516 patent does not discuss any *in vivo* assays that can be used to determine if NF-kB activity has been reduced in any cell within a human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

ARIAD objects to this request as vague and ambiguous in its use of the term "*in vivo* assays." ARIAD objects to this request as vague and ambiguous because Plaintiffs

have not defined the claim terms "NF-kB activity," "reduced," and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 136:**

The '516 patent does not discuss any experiment performed on a human being to determine the level of NF-kB activity in any cell within that human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "performed on a human being" and "in any cell within that human being." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity" and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 137**:

The '516 patent does not discuss any experiment performed on a human being to determine if the level of NF-kB activity was reduced in any cell within that human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "performed on a human being" and "in any cell within that human being." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity," "reduced," and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 138**:

Amgen does not instruct doctors to measure NF-kB activity in a patient before prescribing Kineret.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138**:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request.

- 80 -

ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 139**:

Amgen does not instruct doctors to measure NF-kB activity in a patient after prescribing Kineret.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139**:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 140**:

Amgen does not instruct doctors to measure NF-kB activity in a patient before prescribing Enbrel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140**:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 141**:

Amgen does not instruct doctors to measure NF-kB activity in a patient after prescribing Enbrel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141**:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD.

ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  March 7, 2007

178675.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March, 2007, the attached **DEFENDANT ARIAD**

**PHARMACEUTICALS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**

**FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT** was served upon the

below-named counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire                          <u>BY HAND and ELECTRONIC MAIL</u>
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire            <u>VIA FEDERAL EXPRESS and ELECTRONIC MAIL</u>
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire            <u>VIA FEDERAL EXPRESS and ELECTRONIC MAIL</u>
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800


                                            _____
                                            Tiffany Geyer Lydon

# EXHIBIT C

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Marcus E. Sernel
To Call Writer Directly:
312 861-2389
msernel@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

April 5, 2007

<u>VIA E-MAIL</u>

David I. Gindler
Irell & Manella.
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

**Re:** *Amgen et al. v. ARIAD Pharmaceuticals, Inc.*, D. Del. Civil Action No. 06-259-KAJ

Dear David:

    I write in response to your letter of yesterday regarding Amgen's document production.

    I first must note that I was surprised that you are already clamoring for the production of our documents despite the fact that just a little over a month has passed since you first served your document requests. As you know, you have been in possession of Amgen's document requests for nearly nine months, yet based on our review it appears you have not produced any internal confidential documents (e.g. emails, internal presentations, notes, etc.) to date. Moreover, ARIAD has still not yet asserted any counterclaims in this case, despite the fact Ms. Rosenblatt admitted to me two weeks ago that ARIAD's long-running infringement analysis had been completed (but that you were not telling us the conclusion until April 13). It is thus troubling that you would insist on a quick production of Amgen's documents while dragging your feet with respect to the complete production of ARIAD documents.

    In any event, we have endeavored to gather and review the relevant documents that are responsive to your requests, and expect to produce these documents next week. I would hope and expect that ARIAD will supplement its woefully-incomplete production in a similar (or sooner) timeframe. Unfortunately, ARIAD's continuing delays to comply with discovery will likely force us to seek the Court's assistance to move discovery along.

Very truly yours,

Marcus E. Sernel

London        Los Angeles        New York        San Francisco        Washington, D.C.