## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMGEN, INC., a Delaware corporation;
IMMUNEX CORPORATION, a Washington
corporation; AMGEN USA INC., a Delaware
corporation; AMGEN MANUFACTURING,
LIMITED, a Bermuda Corporation, and
IMMUNEX RHODE ISLAND
CORPORATION, a Delaware corporation,

        Plaintiffs,

        v.

ARIAD PHARMACEUTICALS, INC., a
Delaware corporation, and THE WHITEHEAD
INSTITUTE FOR BIOMEDICAL RESEARCH,
a Delaware corporation,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06-259-MPT

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF
## PATENT INVALIDITY AND NON-INFRINGEMENT

Plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA

Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode

Island Corporation ("Immunex R.I.," together with Amgen, Immunex, Amgen USA, and Amgen

Mfg. the "Amgen Entities"), by and through their undersigned counsel, for their claims for relief

against Defendants Ariad Pharmaceuticals, Inc. ("Ariad") and the Whitehead Institute for

Biomedical Research ("Whitehead"), allege as follows:

### NATURE OF THIS ACTION

1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

and the United States Patent Law, 35 U.S.C. § 100 *et seq.*

2.    The Amgen Entities bring this action for at least the following declarations: (i) each

of the claims of U.S. Patent No. 6,410,516 (the "'516 patent") in invalid and (ii) the Amgen

Entities have not before and do not now directly or indirectly infringe any claim of the '516 patent based on activities related to the Enbrel® or Kineret® products. A copy of the '516 patent is attached as Exhibit 1.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5. Amgen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California. Amgen is a global biotechnology company that discovers, develops, manufactures, and markets human therapeutics based on advances in, among other things, cellular and molecular biology. Amgen is a leader in developing human therapeutics in, among others, the areas of nephrology, oncology, inflammation, neurology, and metabolic disorders.

6. Immunex, a wholly-owned subsidiary of Amgen, is organized and existing under the laws of the State of Washington with its principal place of business in Thousand Oaks, California.

7. Amgen USA, an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in Thousand Oaks, California.

8. Amgen Mfg., an Amgen affiliate, is a company organized and existing under the laws of Bermuda with its principal place of business in Juncos, Puerto Rico.

2

9.   Immunex R.I., an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in West Greenwich, Rhode Island.

10. Upon information and belief, Ariad is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 26 Landsdowne Street, Cambridge, Massachusetts.

11. Upon information and belief, Whitehead is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 9 Cambridge Center, Cambridge, Massachusetts.

## THE PATENT-IN-SUIT

12. On June 25, 2002, the '516 patent issued from U.S. Patent Application Ser. No. 08/464,364 (the "'364 application"), filed June 5, 1995.  Ariad has in various instances asserted that the claims of the '516 patent cover "methods of treating human disease by regulating NF-κB activity," "methods of treating disease by inhibiting NF-κB," and "methods useful for treating various disease conditions through modulation of NF-κB activity."

13. Upon information and belief, Whitehead is an assignee of the '516 patent, along with Harvard University and the Massachusetts Institute of Technology.

14. Upon information and belief, Ariad is the exclusive licensee of the '516 patent and holder of all substantial rights thereto.

## BACKGROUND

15. The Enbrel® product (generic name: etanercept) is a human therapeutic product developed by Immunex through its research on lymphokines and the immune system.

16. Amgen publicly announced its intention to acquire Immunex in December 2001. Amgen completed its acquisition of Immunex in July 2002.

3

17. Immunex R.I. and Amgen Mfg. are involved in the manufacture of the Enbrel® product on behalf of Immunex. Amgen USA co-promotes the Enbrel® product in the United States along with Wyeth Pharmaceuticals.

18. The Kineret® product (generic name: anakinra) is a human therapeutic product developed by Amgen through its research on lymphokines and the immune system.

19. Amgen and Amgen Mfg. are involved in the manufacture of the Kineret® product.

20. Ariad's actions cause the Amgen Entities reasonable apprehension that Ariad will assert, among other things, that the Amgen Entities infringe one or more claims of the '516 patent through activities related to the Enbrel® and/or Kineret® products. Therefore, the Amgen Entities ask this Court to declare that the '516 patent claims are invalid and/or not infringed based upon any activities related to the Enbrel® or Kineret® products.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of Each Claim of the '516 Patent)

21. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 18 above.

22. Upon information and belief, each claim of the '516 patent is invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Judicial declaration of the invalidity of the claims of the '516 patent is appropriate and necessary.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of the Amgen Entities' Non-Infringement of the '516 Patent)

DB02:5907268.1

065028.1001

24. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 above.

25. The Amgen Entities seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel® and/or Kineret® products, which declaration is appropriate and necessary.

DB02:5907268.1

065028.1001

## PRAYER FOR RELIEF

WHEREFORE, the Amgen Entities respectfully request that the Court enter judgment, as follows:

A.   That each of the claims of the '516 patent is invalid;

B.   That the Amgen Entities do not infringe any valid claim of the '516 patent based on any activities related to the Enbrel® and/or Kineret® products;

C.   That this case is exceptional such that, pursuant to 35 U.S.C. § 285, the Amgen Entities be awarded their attorneys' fees and costs; and

D.   That the Amgen Entities be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
/s/ Melanie K. Sharp
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex
Corporation, Amgen USA Inc., Amgen Manufacturing,
Limited, and Immunex Rhode Island Corporation.*

DATED:  April 13, 2007

065028.1001

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on April 13, 2007, I caused to be electronically filed a true and correct copy of Amended Complaint for Declaratory Judgment of Patent Invalidity and Non-Infringement with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John G. Day
> Steven J. Balick
> Tiffany Geyer Lydon
> Ashby & Geddes
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

I further certify that on April 13, 2007, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

> **BY E-MAIL (by agreement of counsel)**
> Morgan Chu (mchu@irell.com)
> David I. Gindler (dgindler@irell.com)
> Amir A. Naini (anaini@irell.com)
> Christopher M. Newman (cnewman@irell.com)
> Elizabeth L. Rosenblatt (brosenblatt@irell.com)
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067-4276

> Mary F. Dugan (No. 4704)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801

> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6681
> mdugan@ycst.com