## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 06-259-MPT |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

### AMGEN'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a) and the Court's recent Memorandum Opinion and Order dated March 27, 2007, plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.") (collectively the "Amgen Entities") hereby seek leave to add a claim alleging that U.S. Patent No. 6,410,516 is unenforceable due to inequitable conduct before the United States Patent and Trademark Office.[1] In pertinent part, Federal Rule of Civil Procedure 15(a) provides:

---

[1] The Amgen Entities have already filed earlier today a first Amended Complaint which, as ordered by this Court on March 27, 2007, adds the Whitehead Institute for Biomedical Research ("Whitehead") as a defendant.

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The decision whether to grant leave to amend a complaint is "addressed to the sound discretion of the district court." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2000). There is no reason to prohibit Amgen from amending its complaint at this time.[2]

This Court indicated, in its First Amended Scheduling Order of February 23, 2007, that April 13, 2007 would be the deadline for parties to amend or supplement their pleadings in this case. The addition of the Amgen Entities' unenforceability claim is submitted in accordance with the deadline set by this Court, and does not prejudice ARIAD in any way. ARIAD is in possession of any facts it may need to defend against the inequitable conduct allegation, and it may still conduct any necessary fact discovery it requires in the two months remaining in fact discovery. *See Trueposition, Inc. & KSI Inc. v. Allen Telecom, Inc.*, 2002 WL 1558531 (D. Del. 2002) (motion for leave to file amended complaint granted where motion was filed in accordance with the Court's scheduling order and time for fact discovery remained). (Ex. A) There is no basis to deny amendment at this time.

As required by Delaware Local Rule 15.1, two copies of the complaint as amended are attached (Ex. B), along with one copy in which the new material added to the complaint has been underlined (Ex. C). For the foregoing reasons, and in the interest of justice, the Amgen Entities respectfully request that leave to amend their complaint be granted.

---

[2] Because ARIAD has prevented discovery from moving forward in any appreciable respect to date, Amgen reserves the right to seek leave to file another amendment if and when discovery reveals any new claims or defenses that should be properly included in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____*/s/ Melanie K. Sharp*_____
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Mark A. Pals
Marcus E. Sernel
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601-6636
(312)861-2000

Drew Diamond
KIRKLAND & ELLIS LLP
South Figueroa Street
Los Angeles, CA  900017-5800
(213)680-8400

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation,*
*Amgen USA Inc., Amgen Manufacturing, Limited, and*
*Immunex Rhode Island Corporation*

Dated: April 13, 2007

DB02:5907827.1

065028.1001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 06-259 (MPT) |

## <u>ORDER</u>

This _____ day of _____, 2007, Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing Limited, and Immunex Rhode Island Corporation (collectively "Amgen") Motion for Leave to File Second Amended Complaint is HEREBY GRANTED.

_____
U.S. Magistrate Judge

# EXHIBIT A



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

H
Trueposition, Inc. v. Allen Telecom, Inc.
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
TRUEPOSITION, INC. & KSI, INC., Plaintiffs/
Counterclaim Defendants,
v.
ALLEN TELECOM, INC. Defendant/ Counterclaim
Plaintiff.
No. CIV.A.01-823 GMS.

July 16, 2002.

Motion was filed to amend patent infringement complaint to add claims of infringement regarding four additional patents relating to the same subject matter. The District Court, Sleet, J., held that amendment was not precluded on grounds of bad faith or prejudice to defendant.

Motion granted.
West Headnotes
[1] Patents 291 ⬡310.11

291 Patents
    291XII Infringement
        291XII(C) Suits in Equity
            291k309 Pleading
                291k310.11 k. Amended and Supplemental Pleadings. Most Cited Cases
Motion to amend patent infringement complaint to add claims of infringement regarding four additional patents relating to the same subject matter was not in bad faith, where it was in compliance with the deadline imposed by the scheduling order, despite contentions that plaintiff filed its initial complaint with the knowledge that the asserted patents were invalid and that it sought discovery of accused products in connection with patents that were not mentioned in the complaint. Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

[2] Federal Civil Procedure 170A ⬡834

170A Federal Civil Procedure
    170AVII Pleadings and Motions

170AVII(E) Amendments
    170Ak834 k. Injustice or Prejudice. Most Cited Cases
The scope of the court's inquiry as to bad faith on motion to amend is limited to whether the motion to amend itself is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith, and inquiry focuses on the plaintiff's motives for not amending the complaint earlier. Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

[3] Patents 291 ⬡310.11

291 Patents
    291XII Infringement
        291XII(C) Suits in Equity
            291k309 Pleading
                291k310.11 k. Amended and Supplemental Pleadings. Most Cited Cases
Amendment of patent infringement complaint to add claims of infringement regarding four additional patents was not precluded on ground of prejudice to defendant, despite contention that amendment would increase the complexity of the action and unnecessarily delay its conclusion to the prejudice of defendant's business relationships, where discovery was in its earliest stages, the patents which plaintiff sought to add were substantially similar to the patents contained in the original complaint, and it would be economically beneficial to the parties to resolve all the issues in a single proceeding, as well as being in the interest of judicial economy. Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

MEMORANDUM AND ORDER
SLEET, District J.

I. INTRODUCTION

*1 On December 11, 2001, the plaintiffs, Trueposition, Inc. and KSI, Inc. (collectively "Trueposition") filed a complaint against the defendant, Allen Telecom, Inc. ("Allen"). In the complaint, Trueposition alleges that Allen has infringed three of its patents, namely U.S. Patent No. 4,728,959 ("the '959 patent"),

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

U.S. Patent No. 6,108,555 ("the '555 patent"), and U.S. Patent No. 6,119,013 ("the '013 patent"). Each of these patents discloses a technology for locating cellular phones.

The court held a scheduling conference on March 7, 2002. During the scheduling conference, Trueposition asked the court to set a July 15, 2002 deadline for filing motions to amend. Trueposition stated that they needed until that time in order to complete "adequate discovery to determine whether we've asserted all the patents that we should." (D.I. 20, March 7, 2002 Scheduling Conference Transcript at 3:17-4:20.) In its April 3, 2002 scheduling order, the court set a May 31, 2002 deadline for motions to amend pleadings. The case is still in early stages of discovery, with fact discovery related to liability scheduled to close on November 1, 2002. The other stages of discovery have not yet commenced.

Presently before the court is Trueposition's motion to amend the complaint, which was filed on May 31, 2002 in accordance with the deadline set by the court. Trueposition seeks to add claims of infringement regarding four additional Trueposition patents. The four newly asserted patents also disclose technology for locating cellular phones. Allen contends that the motion should be denied because Trueposition has acted in bad faith and Allen will be prejudiced by the amendment. The court finds that Trueposition has not acted in bad faith and Allen will not be prejudiced by the proposed amendment. Therefore, the court will grant Trueposition's motion to amend the complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint "by leave of court ... and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although the trial court has discretion to grant or deny leave to amend, leave should be freely granted in accordance with Rule 15(a) unless there is an apparent or declared reason for denial. See *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). Sufficient reasons include undue delay, bad faith or dilatory motive on the part

of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman,* 371 U.S. at 182.

## III. DISCUSSION

Allen argues that leave to amend the complaint should be denied because Trueposition is acting in bad faith, and that granting leave to amend would be highly prejudicial to Allen.[FN1] The court will now address each of these assertions in turn.

> FN1. Allen has not made any argument suggesting that either undue delay or futility would support denial of the motion. Furthermore, the record reveals no basis for such contentions. Therefore, the court will not consider these factors.

### A. Bad Faith

[1][2] Allen argues that Trueposition has acted in bad faith for two reasons. First, Allen claims that Trueposition filed its initial complaint with the knowledge that the asserted patents were invalid. Second, Allen alleges that Trueposition sought discovery of accused products in connection with patents that were not mentioned in the complaint. Regardless of whether these allegations are true, they are not relevant to the court's determination of whether leave to amend should be granted.

*2 Allen has misconstrued the meaning of "bad faith," as it was contextualized in *Foman.* When considering a motion for leave to amend, the court should grant leave unless "the *motion* is being made in bad faith." *U.S. ex rel. B & R, Inc. v. Donald Lake Const .,* 19 F.Supp.2d 217, 220 (D.Del.1998) (emphasis added). The scope of the court's inquiry is therefore limited to whether the motion to amend *itself* is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. See *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 614 (3d Cir.1987) ("[T]he question ... of bad faith, requires that we focus on the plaintiff's motives for not amending their complaint earlier"). *See also Foman,* 371 U.S. at 182. (coupling "bad faith" together with "dilatory motive").

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Allen has presented no evidence which would support the claim that Trueposition's motion to amend was made in bad faith or with dilatory motive. To the contrary, the record indicates that Trueposition filed its motion to amend in compliance with the May 31 deadline imposed by the court. Therefore, the court will not deny the motion to amend on the basis of bad faith.

### B. Prejudice

[3] Allen argues that the addition of four patents to this action will increase the complexity of this action and unnecessarily delay its conclusion to the prejudice of Allen's business relationships. These vague and mild assertions of prejudice do not amount to the level of prejudice necessary under current law. To show undue prejudice, Allen must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989).

Since discovery is in its earliest stages, amendment of the complaint will not deprive Allen of the opportunity to present facts or evidence or otherwise prepare and present its case. In fact, since the patents which Trueposition seeks to add are substantially similar to the patents contained in the original complaint, it would be economically beneficial to the parties to resolve all the issues in a single proceeding. Allen has thus failed to demonstrate that it will be unduly prejudiced by Trueposition's proposed amendments.

Moreover, granting leave to amend will benefit the court. Where the additional patents are closely related to the already asserted patents and the patents involve similar technology, it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding. *See Jenn-Air Products Co. v. Penn Ventilator, Inc.,* 283 F.Supp. 591, 594 (E.D.Pa.1968). Since the accused products are the same, the technology is the same, and the parties remain the same, the facts and the issues will substantially overlap. Granting the motion to amend will therefore enable the court to address all of these related issues simultaneously. Conversely, if the motion to amend were denied, Trueposition could insti-

tute a second action against Allen for infringement of the additional patents. The court, therefore, finds that judicial economy weighs in favor of granting the motion to amend.

### IV. CONCLUSION

**\*3** The court concludes that Trueposition has not acted in bad faith in bringing this motion. The court further finds that since discovery is still in its earliest stages and the newly asserted patents relate to the same accused products and technology as the originally asserted patents, Allen will not be unduly prejudiced if Trueposition's motion to amend is granted.

For the foregoing reasons, IT IS HEREBY ORDERED that:
1. Trueposition's motion seeking leave to file an amended complaint (D.I.37) is GRANTED.

D.Del.,2002.
Trueposition, Inc. v. Allen Telecom, Inc.
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-259-MPT |
| v. | ) ) ) | |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY, NON-INFRINGEMENT, AND UNENFORCEABILITY

Plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.," together with Amgen, Immunex, Amgen USA, and Amgen Mfg. the "Amgen Entities"), by and through their undersigned counsel, for their claims for relief against Defendants Ariad Pharmaceuticals, Inc. ("Ariad") and the Whitehead Institute for Biomedical Research ("Whitehead"), allege as follows:

### NATURE OF THIS ACTION

1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Law, 35 U.S.C. § 100 *et seq.*

2.    The Amgen Entities bring this action for at least the following declarations: (i) each of the claims of U.S. Patent No. 6,410,516 (the "'516 patent") in invalid and (ii) the Amgen

Entities have not before and do not now directly or indirectly infringe any claim of the '516 patent based on activities related to the Enbrel® or Kineret® products. A copy of the '516 patent is attached as Exhibit 1.

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

4.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5.   Amgen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California. Amgen is a global biotechnology company that discovers, develops, manufactures, and markets human therapeutics based on advances in, among other things, cellular and molecular biology. Amgen is a leader in developing human therapeutics in, among others, the areas of nephrology, oncology, inflammation, neurology, and metabolic disorders.

6.   Immunex, a wholly-owned subsidiary of Amgen, is organized and existing under the laws of the State of Washington with its principal place of business in Thousand Oaks, California.

7.   Amgen USA, an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in Thousand Oaks, California.

8.   Amgen Mfg., an Amgen affiliate, is a company organized and existing under the laws of Bermuda with its principal place of business in Juncos, Puerto Rico.

2

9. Immunex R.I., an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in West Greenwich, Rhode Island.

10. Upon information and belief, Ariad is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 26 Landsdowne Street, Cambridge, Massachusetts.

11. Upon information and belief, Whitehead is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 9 Cambridge Center, Cambridge, Massachusetts.

## THE PATENT-IN-SUIT

12. On June 25, 2002, the '516 patent issued from U.S. Patent Application Ser. No. 08/464,364 (the "'364 application"), filed June 5, 1995. Ariad has in various instances asserted that the claims of the '516 patent cover "methods of treating human disease by regulating NF-κB activity," "methods of treating disease by inhibiting NF-κB," and "methods useful for treating various disease conditions through modulation of NF-κB activity."

13. Upon information and belief, Whitehead is an assignee of the '516 patent, along with Harvard University and the Massachusetts Institute of Technology.

14. Upon information and belief, Ariad is the exclusive licensee of the '516 patent and holder of all substantial rights thereto.

## BACKGROUND

15. The Enbrel® product (generic name: etanercept) is a human therapeutic product developed by Immunex through its research on lymphokines and the immune system.

16. Amgen publicly announced its intention to acquire Immunex in December 2001. Amgen completed its acquisition of Immunex in July 2002.

DB02:5907276.1

3

065028.1001

17. Immunex R.I. and Amgen Mfg. are involved in the manufacture of the Enbrel® product on behalf of Immunex. Amgen USA co-promotes the Enbrel® product in the United States along with Wyeth Pharmaceuticals.

18. The Kineret® product (generic name: anakinra) is a human therapeutic product developed by Amgen through its research on lymphokines and the immune system.

19. Amgen and Amgen Mfg. are involved in the manufacture of the Kineret® product.

20. Ariad's actions cause the Amgen Entities reasonable apprehension that Ariad will assert, among other things, that the Amgen Entities infringe one or more claims of the '516 patent through activities related to the Enbrel® and/or Kineret® products. Therefore, the Amgen Entities ask this Court to declare that the '516 patent claims are invalid and/or not infringed based upon any activities related to the Enbrel® or Kineret® products.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of Each Claim of the '516 Patent)

21. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 18 above.

22. Upon information and belief, each claim of the '516 patent is invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Judicial declaration of the invalidity of the claims of the '516 patent is appropriate and necessary.

DB02:5907276.1

065028.1001

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of the Amgen Entities' Non-Infringement of the '516 Patent)**

24. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 above.

25. The Amgen Entities seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel® and/or Kineret® products, which declaration is appropriate and necessary.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Unenforceability of the '516 Patent)**

26. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 25 above. Paragraphs 26 through 36 below are pleaded by the Amgen Entities upon information and belief.

27. Each claim of the '516 patent is unenforceable based on inequitable conduct in the patent prosecution leading to the issuance of the '516 patent.

28. By among other things, failing to inform the PTO examiner in prosecution of the '516 patent that the DNA and amino acid sequences set forth for IκB-α in the patent disclosure were in fact not the sequences for IκB-α, Ariad and/or its prosecution counsel practiced fraud on the PTO and violated their duty of disclosure through bad faith and intentional misconduct.

29. All three of Ariad's issued patents purportedly related to NF-κB/IκB (the '516 patent, the '374 patent, and the '090 patent).

30. Each of the '516, '374, and '090 patents were prosecuted by different patent counsel before different primary examiners at the PTO.

31. Although a purported DNA and amino acid sequence for IκB-α was included as Fig. 43 in the specification of the '516 patent, the applicants admitted during prosecution of the related '374 and '090 patents (before primary examiners Degen and Schwartzman, respectively) that the sequence in "Figure 43 is not the nucleotide sequence of IkB-α but the nucleotide sequence of pp40 rel-associated protein."

32. The absence of disclosure of a DNA or amino acid sequence for IκB establishes a prima facie case for the unpatentability of at least those claims that require an adequate description of the IκB sequence, such as, for example, every dependent claim that recites that NF-κB activity is reduced by "decreasing the level of NF-κB not bound in an NF-κB:IκB complex," "inhibiting modification of an IκB protein," "inhibiting degradation of an IκB protein," or "inhibiting dissociation of NF-κB:IκB complexes."

33. While the applicants withdrew Fig. 43 from the applications issued as the '374 and '090 patents, they never brought this error to the attention of examiner in the application leading up to the '516 patent.  As a result, the incorrect sequence of IκB-α remained as Fig. 43 in the '516 patent.

34. Ariad, its prosecution counsel, and/or one or more of the named inventors on the '516 patent knew or should have known of the materiality of the missing IκB-α sequence to the patentability of the claims that ultimately issued.

35. By failing to inform the examiner that the '364 application failed to disclose the correct DNA or amino acid sequence for IκB-α (something that counsel told the examiners for the '090 and '374 patents), Ariad and/or its prosecution counsel practiced a fraud on the PTO and violated their duty of disclosure through bad faith and intentional misconduct.

6

36. Based on the conduct as set forth above, it is appropriate and necessary that all claims of the '516 patent be judicially declared unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Amgen Entities respectfully request that the Court enter judgment, as follows:

A.    That each of the claims of the '516 patent is invalid;

B.    That the Amgen Entities do not infringe any valid claim of the '516 patent based on any activities related to the Enbrel® and/or Kineret® products;

C.    That this case is exceptional such that, pursuant to 35 U.S.C. § 285, the Amgen Entities be awarded their attorneys' fees and costs; and

D.    That the Amgen Entities be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

DATED:  April 13, 2007

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 06-259-MPT |
| v. ) | |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, ) ) ) ) | |
| Defendants. ) | |

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY ~~AND~~, NON-INFRINGEMENT, AND UNENFORCEABILITY**

Plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode Island Corporation ("Immunex R.I.," together with Amgen, Immunex, Amgen USA, and Amgen Mfg. the "Amgen Entities"), by and through their undersigned counsel, for their claims for relief against Defendants Ariad Pharmaceuticals, Inc. ("Ariad") and the Whitehead Institute for Biomedical Research ("Whitehead"), allege as follows:

**NATURE OF THIS ACTION**

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Law, 35 U.S.C. § 100 *et seq.*

2.     The Amgen Entities bring this action for at least the following declarations: (i) each of the claims of U.S. Patent No. 6,410,516 (the "'516 patent") in invalid and (ii) the Amgen

Entities have not before and do not now directly or indirectly infringe any claim of the '516 patent based on activities related to the Enbrel® or Kineret® products. A copy of the '516 patent is attached as Exhibit 1.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5. Amgen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California. Amgen is a global biotechnology company that discovers, develops, manufactures, and markets human therapeutics based on advances in, among other things, cellular and molecular biology. Amgen is a leader in developing human therapeutics in, among others, the areas of nephrology, oncology, inflammation, neurology, and metabolic disorders.

6. Immunex, a wholly-owned subsidiary of Amgen, is organized and existing under the laws of the State of Washington with its principal place of business in Thousand Oaks, California.

7. Amgen USA, an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in Thousand Oaks, California.

8. Amgen Mfg., an Amgen affiliate, is a company organized and existing under the laws of Bermuda with its principal place of business in Juncos, Puerto Rico.

9.  Immunex R.I., an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in West Greenwich, Rhode Island.

10. Upon information and belief, Ariad is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 26 Landsdowne Street, Cambridge, Massachusetts.

11. Upon information and belief, Whitehead is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 9 Cambridge Center, Cambridge, Massachusetts.

## THE PATENT-IN-SUIT

12. On June 25, 2002, the '516 patent issued from U.S. Patent Application Ser. No. 08/464,364 (the "'364 application"), filed June 5, 1995. Ariad has in various instances asserted that the claims of the '516 patent cover "methods of treating human disease by regulating NF-κB activity," "methods of treating disease by inhibiting NF-κB," and "methods useful for treating various disease conditions through modulation of NF-κB activity."

13. Upon information and belief, Whitehead is an assignee of the '516 patent, along with Harvard University and the Massachusetts Institute of Technology.

14. Upon information and belief, Ariad is the exclusive licensee of the '516 patent and holder of all substantial rights thereto.

## BACKGROUND

15. The Enbrel® product (generic name: etanercept) is a human therapeutic product developed by Immunex through its research on lymphokines and the immune system.

16. Amgen publicly announced its intention to acquire Immunex in December 2001. Amgen completed its acquisition of Immunex in July 2002.

17. Immunex R.I. and Amgen Mfg. are involved in the manufacture of the Enbrel® product on behalf of Immunex. Amgen USA co-promotes the Enbrel® product in the United States along with Wyeth Pharmaceuticals.

18. The Kineret® product (generic name: anakinra) is a human therapeutic product developed by Amgen through its research on lymphokines and the immune system.

19. Amgen and Amgen Mfg. are involved in the manufacture of the Kineret® product.

20. Ariad's actions cause the Amgen Entities reasonable apprehension that Ariad will assert, among other things, that the Amgen Entities infringe one or more claims of the '516 patent through activities related to the Enbrel® and/or Kineret® products. Therefore, the Amgen Entities ask this Court to declare that the '516 patent claims are invalid and/or not infringed based upon any activities related to the Enbrel® or Kineret® products.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of Each Claim of the '516 Patent)

21. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 18 above.

22. Upon information and belief, each claim of the '516 patent is invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Judicial declaration of the invalidity of the claims of the '516 patent is appropriate and necessary.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of the Amgen Entities' Non-Infringement of the '516 Patent)

24. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 above.

25. The Amgen Entities seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel® and/or Kineret® products, which declaration is appropriate and necessary.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Unenforceability of the '516 Patent)

26. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 25 above.  Paragraphs 26 through 36 below are pleaded by the Amgen Entities upon information and belief.

27. Each claim of the '516 patent is unenforceable based on inequitable conduct in the patent prosecution leading to the issuance of the '516 patent.

28. By among other things, failing to inform the PTO examiner in prosecution of the '516 patent that the DNA and amino acid sequences set forth for IκB-α in the patent disclosure were in fact not the sequences for IκB-α, Ariad and/or its prosecution counsel practiced fraud on the PTO and violated their duty of disclosure through bad faith and intentional misconduct.

29. All three of Ariad's issued patents purportedly related to NF-κB/IκB (the '516 patent, the '374 patent, and the '090 patent).

30. Each of the '516, '374, and '090 patents were prosecuted by different patent counsel before different primary examiners at the PTO.

31. Although a purported DNA and amino acid sequence for IκB-α was included as Fig. 43 in the specification of the '516 patent, the applicants admitted during prosecution of the related '374 and '090 patents (before primary examiners Degen and Schwartzman, respectively) that the sequence in "Figure 43 is not the nucleotide sequence of IkB-α but the nucleotide sequence of pp40 rel-associated protein."

32. The absence of disclosure of a DNA or amino acid sequence for IκB establishes a prima facie case for the unpatentability of at least those claims that require an adequate description of the IκB sequence, such as, for example, every dependent claim that recites that NF-κB activity is reduced by "decreasing the level of NF-κB not bound in an NF-κB:IκB complex," "inhibiting modification of an IκB protein," "inhibiting degradation of an IκB protein," or "inhibiting dissociation of NF-κB:IκB complexes."

33. While the applicants withdrew Fig. 43 from the applications issued as the '374 and '090 patents, they never brought this error to the attention of examiner in the application leading up to the '516 patent.  As a result, the incorrect sequence of IκB-α remained as Fig. 43 in the '516 patent.

34. Ariad, its prosecution counsel, and/or one or more of the named inventors on the '516 patent knew or should have known of the materiality of the missing IκB-α sequence to the patentability of the claims that ultimately issued.

35. By failing to inform the examiner that the '364 application failed to disclose the correct DNA or amino acid sequence for IκB-α (something that counsel told the examiners for the '090 and '374 patents), Ariad and/or its prosecution counsel practiced a fraud on the PTO and violated their duty of disclosure through bad faith and intentional misconduct.

36. Based on the conduct as set forth above, it is appropriate and necessary that all claims of the '516 patent be judicially declared unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Amgen Entities respectfully request that the Court enter judgment, as follows:

A.    That each of the claims of the '516 patent is invalid;

B.    That the Amgen Entities do not infringe any valid claim of the '516 patent based on any activities related to the Enbrel® and/or Kineret® products;

C.    That this case is exceptional such that, pursuant to 35 U.S.C. § 285, the Amgen Entities be awarded their attorneys' fees and costs; and

D.    That the Amgen Entities be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

DATED:  April 13, 2007

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on April 13, 2007, I caused to be electronically filed a true and correct copy of Amgen's Motion for Leave to File Second Amended Complaint with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John G. Day
> Steven J. Balick
> Tiffany Geyer Lydon
> Ashby & Geddes
> 500 Delaware Avenue, 8[th] Floor
> Wilmington, DE 19801

I further certify that on April 13, 2007, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

> **BY E-MAIL (by agreement of counsel)**
> Morgan Chu (mchu@irell.com)
> David I. Gindler (dgindler@irell.com)
> Amir A. Naini (anaini@irell.com)
> Christopher M. Newman (cnewman@irell.com)
> Elizabeth L. Rosenblatt (brosenblatt@irell.com)
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA  90067-4276

Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801

P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-5028
mdugan@ycst.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

AMGEN, INC., a Delaware corporation;
IMMUNEX CORPORATION, a Washington
corporation; AMGEN USA INC., a Delaware
corporation; AMGEN MANUFACTURING,
LIMITED, a Bermuda Corporation, and
IMMUNEX RHODE ISLAND
CORPORATION, a Delaware corporation,

   Plaintiffs,

    v.

ARIAD PHARMACEUTICALS, INC., a
Delaware corporation, and THE WHITEHEAD
INSTITUTE FOR BIOMEDICAL RESEARCH,
a Delaware corporation,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06-259-MPT

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF
## PATENT INVALIDITY, NON-INFRINGEMENT, AND UNENFORCEABILITY

Plaintiffs Amgen, Inc. ("Amgen"); Immunex Corporation ("Immunex"); Amgen USA

Inc. ("Amgen USA"); Amgen Manufacturing, Limited ("Amgen Mfg."); and Immunex Rhode

Island Corporation ("Immunex R.I.," together with Amgen, Immunex, Amgen USA, and Amgen

Mfg. the "Amgen Entities"), by and through their undersigned counsel, for their claims for relief

against Defendants Ariad Pharmaceuticals, Inc. ("Ariad") and the Whitehead Institute for

Biomedical Research ("Whitehead"), allege as follows:

## NATURE OF THIS ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

and the United States Patent Law, 35 U.S.C. § 100 *et seq.*

2. The Amgen Entities bring this action for at least the following declarations: (i) each

of the claims of U.S. Patent No. 6,410,516 (the "'516 patent") in invalid and (ii) the Amgen

Entities have not before and do not now directly or indirectly infringe any claim of the '516 patent based on activities related to the Enbrel® or Kineret® products. A copy of the '516 patent is attached as Exhibit 1.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

4.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

5.  Amgen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California. Amgen is a global biotechnology company that discovers, develops, manufactures, and markets human therapeutics based on advances in, among other things, cellular and molecular biology. Amgen is a leader in developing human therapeutics in, among others, the areas of nephrology, oncology, inflammation, neurology, and metabolic disorders.

6.  Immunex, a wholly-owned subsidiary of Amgen, is organized and existing under the laws of the State of Washington with its principal place of business in Thousand Oaks, California.

7.  Amgen USA, an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in Thousand Oaks, California.

8.  Amgen Mfg., an Amgen affiliate, is a company organized and existing under the laws of Bermuda with its principal place of business in Juncos, Puerto Rico.

DB02:5907276.1

065028.1001

9. Immunex R.I., an Amgen affiliate, is organized and existing under the laws of the State of Delaware with its principal place of business in West Greenwich, Rhode Island.

10. Upon information and belief, Ariad is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 26 Landsdowne Street, Cambridge, Massachusetts.

11. Upon information and belief, Whitehead is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 9 Cambridge Center, Cambridge, Massachusetts.

## THE PATENT-IN-SUIT

12. On June 25, 2002, the '516 patent issued from U.S. Patent Application Ser. No. 08/464,364 (the "'364 application"), filed June 5, 1995. Ariad has in various instances asserted that the claims of the '516 patent cover "methods of treating human disease by regulating NF-κB activity," "methods of treating disease by inhibiting NF-κB," and "methods useful for treating various disease conditions through modulation of NF-κB activity."

13. Upon information and belief, Whitehead is an assignee of the '516 patent, along with Harvard University and the Massachusetts Institute of Technology.

14. Upon information and belief, Ariad is the exclusive licensee of the '516 patent and holder of all substantial rights thereto.

## BACKGROUND

15. The Enbrel® product (generic name: etanercept) is a human therapeutic product developed by Immunex through its research on lymphokines and the immune system.

16. Amgen publicly announced its intention to acquire Immunex in December 2001. Amgen completed its acquisition of Immunex in July 2002.

17. Immunex R.I. and Amgen Mfg. are involved in the manufacture of the Enbrel® product on behalf of Immunex. Amgen USA co-promotes the Enbrel® product in the United States along with Wyeth Pharmaceuticals.

18. The Kineret® product (generic name: anakinra) is a human therapeutic product developed by Amgen through its research on lymphokines and the immune system.

19. Amgen and Amgen Mfg. are involved in the manufacture of the Kineret® product.

20. Ariad's actions cause the Amgen Entities reasonable apprehension that Ariad will assert, among other things, that the Amgen Entities infringe one or more claims of the '516 patent through activities related to the Enbrel® and/or Kineret® products. Therefore, the Amgen Entities ask this Court to declare that the '516 patent claims are invalid and/or not infringed based upon any activities related to the Enbrel® or Kineret® products.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of Each Claim of the '516 Patent)

21. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 18 above.

22. Upon information and belief, each claim of the '516 patent is invalid for, among other things, failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Judicial declaration of the invalidity of the claims of the '516 patent is appropriate and necessary.

DB02:5907276.1

065028.1001

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of the Amgen Entities' Non-Infringement of the '516 Patent)

24. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 above.

25. The Amgen Entities seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel® and/or Kineret® products, which declaration is appropriate and necessary.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Unenforceability of the '516 Patent)

26. The Amgen Entities re-allege and incorporate by reference the allegations contained in paragraphs 1 through 25 above.  Paragraphs 26 through 36 below are pleaded by the Amgen Entities upon information and belief.

27. Each claim of the '516 patent is unenforceable based on inequitable conduct in the patent prosecution leading to the issuance of the '516 patent.

28. By among other things, failing to inform the PTO examiner in prosecution of the '516 patent that the DNA and amino acid sequences set forth for IκB-α in the patent disclosure were in fact not the sequences for IκB-α, Ariad and/or its prosecution counsel practiced fraud on the PTO and violated their duty of disclosure through bad faith and intentional misconduct.

29. All three of Ariad's issued patents purportedly related to NF-κB/IκB (the '516 patent, the '374 patent, and the '090 patent).

30. Each of the '516, '374, and '090 patents were prosecuted by different patent counsel before different primary examiners at the PTO.

31. Although a purported DNA and amino acid sequence for IκB-α was included as Fig. 43 in the specification of the '516 patent, the applicants admitted during prosecution of the related '374 and '090 patents (before primary examiners Degen and Schwartzman, respectively) that the sequence in "Figure 43 is not the nucleotide sequence of IkB-α but the nucleotide sequence of pp40 rel-associated protein."

32. The absence of disclosure of a DNA or amino acid sequence for IκB establishes a prima facie case for the unpatentability of at least those claims that require an adequate description of the IκB sequence, such as, for example, every dependent claim that recites that NF-κB activity is reduced by "decreasing the level of NF-κB not bound in an NF-κB:IκB complex," "inhibiting modification of an IκB protein," "inhibiting degradation of an IκB protein," or "inhibiting dissociation of NF-κB:IκB complexes."

33. While the applicants withdrew Fig. 43 from the applications issued as the '374 and '090 patents, they never brought this error to the attention of examiner in the application leading up to the '516 patent.  As a result, the incorrect sequence of IκB-α remained as Fig. 43 in the '516 patent.

34. Ariad, its prosecution counsel, and/or one or more of the named inventors on the '516 patent knew or should have known of the materiality of the missing IκB-α sequence to the patentability of the claims that ultimately issued.

35. By failing to inform the examiner that the '364 application failed to disclose the correct DNA or amino acid sequence for IκB-α (something that counsel told the examiners for the '090 and '374 patents), Ariad and/or its prosecution counsel practiced a fraud on the PTO and violated their duty of disclosure through bad faith and intentional misconduct.

36. Based on the conduct as set forth above, it is appropriate and necessary that all claims of the '516 patent be judicially declared unenforceable due to inequitable conduct.

### PRAYER FOR RELIEF

WHEREFORE, the Amgen Entities respectfully request that the Court enter judgment, as follows:

A.    That each of the claims of the '516 patent is invalid;

B.    That the Amgen Entities do not infringe any valid claim of the '516 patent based on any activities related to the Enbrel® and/or Kineret® products;

C.    That this case is exceptional such that, pursuant to 35 U.S.C. § 285, the Amgen Entities be awarded their attorneys' fees and costs; and

D.    That the Amgen Entities be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.*

DATED:  April 13, 2007

065028.1001