# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 16, 2007

The Honorable Mary Pat Thynge  **VIA ELECTRONIC FILING**
United States District Court
844 North King Street
Wilmington, Delaware 19810

Re:   *Amgen Inc. et al. v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-MPT

Dear Judge Thynge:

I write to inform Your Honor that, on Friday, April 13, 2007, at approximately 4:30 p.m., ARIAD Pharmaceuticals, Inc. ("ARIAD") filed a Complaint and Demand for Jury Trial in the District of Delaware against Amgen Inc. and certain affiliated entities (collectively, "Amgen") and Wyeth. This action has been designated C.A. No. 07-202.

ARIAD filed this new action solely as a protective measure. Under the Amended Scheduling Order entered on February 23, 2007, in C.A. No. 06-259-MPT (D.I. 150), ARIAD's deadline to seek leave to amend its Answer to assert a counterclaim for infringement of the patent-in-suit was April 13, 2007. On the evening of April 10, 2007, ARIAD requested that Amgen stipulate to the filing of an Amended Answer and Counterclaim alleging infringement of this patent. It was not until April 13—the deadline for ARIAD to move to amend its Answer—that Amgen (after repeated inquiries from ARIAD) finally disclosed that it would oppose the filing of an infringement counterclaim, even though that counterclaim would simply mirror the declaratory judgment claim already at issue in this action. Solely to avoid any risk of waiving its right to seek affirmative relief for infringement of the patent-in-suit, ARIAD filed a separate action alleging infringement of this patent.

We believe that the need for this second action has been entirely mooted by subsequent events. Shortly after the filing of ARIAD's separate action for patent infringement, Amgen filed an Amended Complaint for Declaratory Relief, adding The Whitehead Institute for Biomedical Research (one of the assignees of the patent-in-suit) as a defendant. As explained in my letter to Your Honor dated April 13, 2007 (D.I. 186), Amgen's filing of an Amended Complaint triggered a new ten-day period for ARIAD to file a responsive pleading to that Amended Complaint. Accordingly, ARIAD filed an Answer to the Amended Complaint and its infringement counterclaim that same night (D.I. 185).

In light of these developments, ARIAD believes that the appropriate course of action is for ARIAD's separate action for patent infringement to be (1) consolidated with Amgen's declaratory relief action or, alternatively, (2) dismissed without prejudice on account of

The Honorable Mary Pat Thynge
April 16, 2007
Page 2

ARIAD's filing of an Answer to the Amended Complaint and Counterclaim asserting the very same patent infringement claim. Moreover, because ARIAD has now asserted an affirmative claim for infringement of the patent-in-suit, ARIAD respectfully suggests that the parties should be realigned to the positions that they would typically hold in a patent infringement case—ARIAD should be the plaintiff; and Amgen and Wyeth should be the defendants.

      We will be prepared to discuss these issues at the telephone conference currently scheduled for April 25, 2007, or at such other time as the Court may direct.

      Respectfully,

      */s/ Steven J. Balick*

      Steven J. Balick

SJB:rbg

cc:    David I. Gindler, Esquire (via electronic mail)
       Melanie K. Sharp, Esquire (by hand and via electronic mail)
       Marcus E. Sernel, Esquire (via electronic mail)

179710.1