# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 23, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19810

**VIA ELECTRONIC FILING**

Re:     *Amgen Inc. et al. v. ARIAD Pharms., Inc. et al.*, C.A. No. 06-259-MPT

Dear Judge Thynge:

I am writing to inform Your Honor of two developments that are relevant to the telephonic hearing scheduled for April 25, 2007. This hearing will address, among other things, Amgen's letter dated April 9, 2007, concerning ARIAD's responses to Amgen's discovery requests. (D.I. 176.) In a letter to the Court dated April 11, 2007, ARIAD indicated that it was in the process of supplementing its responses to Amgen's First Set of Interrogatories and First Set of Requests for Admission. (D.I. 178.) ARIAD has now done so.

First, on April 12, 2007, ARIAD served supplemental responses to interrogatory nos. 2 and 3. (Ex. A.) These interrogatories request ARIAD to set forth its infringement contentions with respect to Enbrel and Kineret, the two products at issue in this case. ARIAD served these supplemental responses promptly upon completing an infringement analysis with respect to the claims addressed in the responses. The responses were completed in advance of, and to enable ARIAD to comply with, the deadline of April 13, 2007, for amending ARIAD's Answer to assert infringement counterclaims. (D.I. 150.)

Second, on April 20, 2007, ARIAD served supplemental responses to Amgen's requests for admission. (Ex. B.) Each of these requests addresses complex scientific issues. The process of supplementing these 141 requests was an enormously time-consuming process. Most of the requests ask ARIAD to admit or deny a very specific scientific proposition (e.g., request no. 49, which asks ARIAD to admit or deny that an electrophoretic mobility shift assay can be used to determine if a molecule competes with NF-κB for an NF-κB binding site on DNA). Amgen could easily have expedited the process by providing clarifying information that ARIAD sought during the parties' meet-and-confer sessions (such as, for example, identifying the particular article or document from which each scientific proposition was drawn). Regrettably, Amgen declined to do so, thereby requiring ARIAD to scour the published literature, Lilly litigation pleadings and expert reports, and other documents for purposes of determining whether it could admit or deny the various requests for admission.

The Honorable Mary Pat Thynge
April 23, 2007
Page 2


  We appreciate Your Honor's attention to these matters and look forward to addressing the issues at the April 25 telephone conference.

        Respectfully,

        */s/ Steven J. Balick*

        Steven J. Balick


cc:  David I. Gindler, Esquire (via electronic mail)
   Melanie K. Sharp, Esquire (by hand and via electronic mail)
   Marcus E. Sernel, Esquire (via electronic mail)

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMGEN, INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-259-MPT |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S SECOND**
**SUPPLEMENTAL RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Delaware, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") hereby supplements its responses to Plaintiffs' First Set of Interrogatories to Defendant as follows:

**INTRODUCTION**

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Objections to each interrogatory are made on an individual basis below. From time to time, for special emphasis, ARIAD will repeat in the specific objections certain objections also set forth in the general objections. The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed

below, but not expressly set forth in the response. The assertion of any objection to any interrogatory below is neither intended as, nor shall in any way be deemed, a waiver of ARIAD's right to assert that or any other objection at a later date. At this time, ARIAD shall not provide any information protected by any applicable privilege or doctrine.

No incidental or implied admissions are intended by the responses below. The fact that ARIAD has answered or objected to any interrogatory should not be taken as an admission that ARIAD accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that ARIAD has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by ARIAD of any part of any objection to the interrogatory.

ARIAD's responses herein, and its disclosure of information, do not in any way constitute an acceptance of Plaintiffs' purported Instructions or its purported Definitions of words or phrases contained in its interrogatories. Consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret the objectionable Definitions in Plaintiffs' interrogatories.

To the extent that ARIAD responds to any interrogatory, its responses reflect only the current state of knowledge, understanding, and belief of ARIAD with regard to matters about which inquiry has been made. As discovery in this matter is not yet complete, ARIAD may not yet have uncovered all information or facts pertinent to any such interrogatory and may not yet have identified or located all persons with knowledge of pertinent information or facts. ARIAD expects and consequently reserves the right to modify or supplement its response at a later time with any subsequently discovered fact or information that it may later recall or discover. ARIAD further reserves the right to change, amend or supplement any or all of the matters contained in this response as additional facts are ascertained, analyses are performed, research is completed and contentions are made. Furthermore, this response is provided without prejudice to using or relying on at trial any subsequently discovered information or facts, or information

omitted from these responses as a result of mistake, oversight, or inadvertence. ARIAD further reserves the right to produce additional facts and evidence at trial and to object on appropriate grounds to the introduction into evidence of any portion of these responses. This response is also given without prejudice to ARIAD's right to advance contentions or make claims not yet advanced or made in the present action and to supplement this response as appropriate.

## GENERAL OBJECTIONS

ARIAD asserts the following General Objections with respect to each interrogatory:

1.    ARIAD objects to the First Set of Interrogatories and to each definition, instruction, and interrogatory therein to the extent that they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action.    ARIAD shall not comply with any purported obligation not imposed by law.

2.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery.    ARIAD will not produce information protected by such privileges or restrictions.  Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

3.    ARIAD objects to the First Set of Interrogatories on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

4.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they are overbroad, unduly burdensome, oppressive, or seek

information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

5.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent they are vague, ambiguous, or without sufficient specificity to identify what information is requested.

6.    ARIAD objects to Plaintiffs' Interrogatories as premature.  In particular, ARIAD objects to Plaintiffs' Interrogatories as premature to the extent that they seek information that ARIAD is not required to disclose at this stage of litigation.  In addition, ARIAD's investigation is continuing and may result in additional contentions.  For the foregoing reasons, ARIAD's responses are not complete and cannot be completed at this time, and are subject to revision.

7.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they are compound and are actually multiple interrogatories, on the ground that they are an impermissible effort to circumvent the fifty interrogatory limit set forth in Local Rule 26.1(b).

8.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they seek information that is publicly available, in the possession, custody or control of Plaintiffs or any person or entity other than ARIAD, and is equally accessible to Plaintiffs through means less burdensome to ARIAD.

9.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they call for a legal conclusion.

10.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent that they seek personal information that is protected by statutory, constitutional, common law or privacy rights.  ARIAD reserves the right not to provide any of this information until it receives appropriate approvals.  To the extent that ARIAD responds to these Interrogatories by referring Plaintiffs to documents pursuant to Federal

Rule of Civil Procedure 33(d), nothing herein shall affect in any way the confidentiality designations, if any, of those documents.

11.    ARIAD objects to Plaintiffs' purported definitions of words and phrases contained in its interrogatories. ARIAD objects to Plaintiffs' definitions to the extent that they:    (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rule of Civil Procedure and the Local Rules; (iv) include assertions of purported fact that are inaccurate or at the very least are disputed by the parties to this action; or (v) incorporate other purported definitions that suffer from such defects.

12.    ARIAD, in particular, objects to the definition of "Ariad" set forth in paragraph 2 of the Definitions and Instructions to the extent it purports to impose discovery obligations on persons or entities other than the parties to this action, and to the extent it seeks discovery from individuals or entities over which ARIAD has no control.

13.    ARIAD, in particular, objects to the definitions of "identify," "identity," and "identification" set forth in paragraphs 6 and 7 of the Definitions and Instructions to the extent they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

14.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent they request information concerning patent claims and claim terms that have not yet been construed by the Court.  ARIAD reserves its right to modify or supplement its responses as a result of any rulings by the Court bearing on claim construction, and/or discovery bearing on claim construction.

15.    ARIAD objects to the First Set of Interrogatories and to each interrogatory therein to the extent they request information dependent upon documents or other

information in the possession, custody and control of Plaintiffs, Plaintiffs' counsel, or third parties. ARIAD reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from Plaintiffs or third parties.

16.     ARIAD objects to the First Set of Interrogatories and each interrogatory therein to the extent that they purport to require ARIAD to search for information that is not within its possession, custody, or control. ARIAD will use reasonable diligence to locate information within its control.

17.     ARIAD objects to the First Set of Interrogatories and each interrogatory therein to the extent they call for information ARIAD does not have the authority to release. ARIAD will not disclose any of this information without approval.

18.     ARIAD expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein. An answer to an interrogatory shall not work as a waiver of any applicable specific or general objection to an interrogatory.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 2:

Identify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to ENBREL, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to ENBREL that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to Plaintiffs' Interrogatories as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery. ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never "contended" that ENBREL infringed any claim of the '516 patent and has not conducted an infringement analysis with respect to whether ENBREL infringes any claim of the '516 patent. This response is provided without prejudice to ARIAD's right to perform such an analysis at a later time. ARIAD expressly reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

ARIAD supplements its initial response to Interrogatory No. 2 as follows:

ARIAD objects to this interrogatory as premature in light of ARIAD's renewed Motion to Dismiss for Failure to Join Necessary and Indispensable Parties. ARIAD further objects to this interrogatory as premature on the ground that the Scheduling Order issued by the Court sets forth May 21, 2007, as the date by which ARIAD is to identify the "claim term(s)/phrase(s) that [it] believe[s] needs construction and their proposed construction of those term(s)/phrase(s)."

Subject to and without waiving any of the aforesaid objections and General Objections, ARIAD responds as follows:

Prior to the filing of this action, ARIAD has never "contended" that, or conducted any investigation to determine whether, any claims of the '516 patent are infringed, whether directly, indirectly or under the doctrine of equivalents, by Plaintiffs based on any activities related to ENBREL. In light of the Court's rulings at the hearing conducted on September 11, 2006, an investigation is being undertaken in an effort to determine whether any claims of the '516 patent are infringed, whether directly, indirectly or under the doctrine of equivalents, by Plaintiffs based on any activities related to ENBREL. This investigation, which is both complex and time consuming, is ongoing and is incomplete. ARIAD will provide further supplemental responses when and if it makes such a contention and its infringement analysis is completed.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

ARIAD supplements its response to Interrogatory No. 2 as follows:

ARIAD objects to this interrogatory insofar as the Court has not yet construed the claims of the '516 patent, ARIAD's investigation is still continuing, discovery is ongoing, and Plaintiffs did not produce any documents in this action until April 11, 2007. ARIAD reserves the right to modify or supplement its responses as ARIAD continues its investigation and as ARIAD reviews documents produced and other information provided by Plaintiffs or third parties (including but not limited to documents and information regarding ENBREL and Plaintiffs' activities related to ENBREL). ARIAD further reserves the right to modify or supplement its responses based on subsequent rulings by the Court, including but not limited to claim construction.

Subject to and without waiving any of the aforesaid objections and General Objections, ARIAD responds as follows:

Plaintiffs and Wyeth have been and are currently directly infringing, contributorily infringing, and/or inducing infringement of the '516 patent by, among other things, making, using, offering to sell, selling and/or importing ENBREL, without authority or license from ARIAD. Plaintiffs' and Wyeth's activities related to ENBREL

are currently believed to infringe at least the claims listed below. ARIAD's investigation is continuing and discovery is still ongoing. ARIAD has not had an opportunity to review Plaintiffs' April 11, 2007 document production, which appears to contain over half a million pages based on Bates ranges produced. ARIAD expressly reserves the right to modify or supplement the information provided below, including but not limited to adding or removing particular claims from the '516 patent.

| '516 Patent Claim | ENBREL |
|---|---|
| **Claim 1** | |
| 1. A method for inhibiting expression, in a eukaryotic cell, of a gene whose transcription is regulated by NF-kB, the method comprising reducing NF-kB activity in the cell such that expression of said gene is inhibited. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL binds to TNF and renders it unavailable for binding to TNF receptor. Under one way in which Plaintiffs and Wyeth infringe, TNF's binding to its receptor induces NF-kB activity. NF-kB is a transcription factor that regulates the expression of a variety of genes. Under one way in which Plaintiffs and Wyeth infringe, ENBREL's binding to TNF inhibits the expression of a variety of genes that are regulated by NF-kB by reducing NF-kB activity in human cells, which are a type of eukaryotic cell. |
| **Claim 2** | |
| 2. A method for selectively inhibiting expression, in a eukaryotic cell, of genes whose transcription is regulated by NF-kB, the method comprising reducing NF-kB activity in the cell such that expression of said genes is inhibited. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL binds selectively to TNF and renders it unavailable for binding to TNF receptor. Under one way in which Plaintiffs and Wyeth infringe, TNF's binding to its receptor induces NF-kB activity. NF-kB is a transcription factor that regulates the expression of a variety of genes. |

| '516 Patent Claim | ENBREL |
|---|---|
| | Under one way in which Plaintiffs and Wyeth infringe, ENBREL's binding to TNF selectively inhibits the expression of a variety of genes that are regulated by NF-kB by reducing NF-kB activity in human cells, which are a type of eukaryotic cell. |
| **Claim 5** | |
| 5. A method for reducing the level of expression of a cytokine gene whose transcription is regulated by NF-kB in a eukaryotic cell comprising reducing NF-kB activity in the cell such that expression of said cytokine gene is reduced. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL binds to TNF and renders it unavailable for binding to TNF receptor.<br><br>Under one way in which Plaintiffs and Wyeth infringe, TNF's binding to its receptor induces NF-kB activity.<br><br>NF-kB is a transcription factor that regulates certain cytokine genes.<br><br>Under one way in which Plaintiffs and Wyeth infringe, ENBREL's binding to TNF reduces the level of expression of certain cytokine genes that are regulated by NF-kB by reducing NF-kB activity in human cells, which are a type of eukaryotic cell. |
| **Claim 6** | |
| 6. A method for diminishing induced NF-kB-mediated intracellular signaling comprising reducing NF-kB activity in cells such that NF-kB-mediated intracellular signaling is diminished. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL binds to TNF and renders it unavailable for binding to TNF receptor.<br><br>Under one way in which Plaintiffs and Wyeth infringe, TNF's binding to its receptor induces NF-kB-mediated intracellular signaling.<br><br>Under one way in which Plaintiffs and Wyeth infringe, ENBREL's binding to TNF diminishes induced NF-kB-mediated intracellular signaling by reducing NF-kB activity in human cells. |
| **Claim 18** | |
| 18. A method for reducing Interleukin-1 or Tumor Necrosis Factor-α activity in | Under one way in which Plaintiffs and Wyeth infringe, ENBREL binds to TNF |

| '516 Patent Claim | ENBREL |
|---|---|
| mammalian cells comprising reducing NF-kB activity in the cells so as to reduce intracellular signaling caused by Interleukin-1 or Tumor Necrosis Factor-α in the cells. | (including the subtype of TNF called TNF-α) and renders it unavailable for binding to TNF receptor, thereby reducing TNF-α activity.

Under one way in which Plaintiffs and Wyeth infringe, TNF's binding to its receptor causes intracellular signaling.

Under one way in which Plaintiffs and Wyeth infringe, ENBREL's binding to TNF-α reduces intracellular signaling caused by TNF-α by reducing NF-kB activity in human cells, which are a type mammalian cell. |
| **Claim 26** | |
| 26. The method of claim 1, carried out on mammalian cells. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL is used to practice the method on human cells, which are mammalian cells. |
| **Claim 27** | |
| 27. The method of claim 1, carried out on human cells. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL is used to practice the method on human cells. |
| **Claim 29** | |
| 29. The method of claim 26 or 27, carried out on lymphoid cells. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL is used to practice the method on lymphoid cells, including white blood cells of the immune system. |
| **Claim 37** | |
| 37. The method of claim 2, carried out on mammalian cells. | See claim 26. |
| **Claim 38** | |
| 38. The method of claim 2, carried out on human cells. | See claim 27. |
| **Claim 40** | |
| 40. The method of claim 37 or 38, carried | See claim 29. |

| '516 Patent Claim | ENBREL |
|---|---|
| out on lymphoid cells. | |
| **Claim 59** | |
| 59. The method of claim 5, carried out on mammalian cells. | See claim 26. |
| **Claim 60** | |
| 60. The method of claim 5, carried out on human cells. | See claim 27. |
| **Claim 61** | |
| 61. The method of claim 59 or 60, carried out on immune cells. | Under one way in which Plaintiffs and Wyeth infringe, ENBREL is used to practice the method on immune cells, including white blood cells of the immune system. |
| **Claim 62** | |
| 62. The method of claim 59 or 60, carried out on lymphoid cells. | See claim 29. |
| **Claim 70** | |
| 70. The method of claim 6, carried out on mammalian cells. | See claim 26. |
| **Claim 71** | |
| 71. The method of claim 6, carried out on human cells. | See claim 27. |
| **Claim 72** | |
| 72. The method of claim 70 or 71, carried out on immune cells. | See claim 61. |
| **Claim 73** | |
| 73. The method of claim 70 or 71, carried out on lymphoid cells. | See claim 29. |
| **Claim 183** | |
| 183. The method of claim 18, carried out on human cells. | See claim 27. |

| '516 Patent Claim | ENBREL |
|---|---|
| Claim 184 | |
| 184. The method of claim 18 or 183, carried out on immune cells. | See claim 61. |
| Claim 185 | |
| 185. The method of claim 18 or 183, carried out on lymphoid cells. | See claim 29. |

Facts relating to the above include information in the '516 patent and its prosecution history, the references cited in the prosecution history, Plaintiffs' prescribing information for ENBREL, information provided on Plaintiffs' websites at http://www.amgen.com and http://www.enbrel.com, and U.S. Patent Nos. 5,395,760; 5,605,690; 5,712,155; 5,945,397; 6,201,105; 6,572,852; and Re 36,755.

**INTERROGATORY NO. 3:**

Identify all claims of the '516 patent that Ariad contends are infringed by the Amgen Entities based on any activities related to KINERET, and state in detail, on a claim-by-claim basis, the legal and factual bases for Ariad's infringement contentions, including but not limited to Ariad's contentions as to the proper constructions of terms and phrases in the patent claims, whether each infringement contention is literal or under the doctrine of equivalents, and providing an element-by-element analysis comparing the activities related to KINERET that Ariad contends infringe a claim of the '516 patent to the claim that Ariad contends is infringed.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD objects to Plaintiffs' Interrogatories as premature in light of ARIAD's pending Motion to Dismiss, as set forth in the papers supporting ARIAD's Motion To Stay Discovery.  ARIAD objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories.

Additionally, ARIAD objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

As ARIAD set forth in the papers supporting its Motion to Dismiss, ARIAD has never "contended" that KINERET infringed any claim of the '516 patent and has not conducted an infringement analysis with respect to whether KINERET infringes any claim of the '516 patent. This response is provided without prejudice to ARIAD's right to perform such an analysis at a later time. ARIAD expressly reserves the right to modify or supplement its contentions and responses as ARIAD receives additional information from Plaintiffs or third parties, as ARIAD locates additional information, or based on a ruling by the Court.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

ARIAD supplements its initial response to Interrogatory No. 3 as follows:

ARIAD objects to this interrogatory as premature in light of ARIAD's renewed Motion to Dismiss for Failure to Join Necessary and Indispensable Parties. ARIAD further objects to this interrogatory as premature on the ground that the Scheduling Order issued by the Court sets forth May 21, 2007, as the date by which ARIAD is to identify the "claim term(s)/phrase(s) that [it] believe[s] needs construction and their proposed construction of those term(s)/phrase(s)."

Subject to and without waiving any of the aforesaid objections and General Objections, ARIAD responds as follows:

Prior to the filing of this action, ARIAD has never "contended" that, or conducted any investigation to determine whether, any claims of the '516 patent are infringed, whether directly, indirectly or under the doctrine of equivalents, by Plaintiffs based on any activities related to KINERET. In light of the Court's rulings at the hearing conducted on September 11, 2006, an investigation is being undertaken in an effort to determine whether any claims of the '516 patent are infringed, whether directly,

indirectly or under the doctrine of equivalents, by Plaintiffs based on any activities related to KINERET. This investigation, which is both complex and time consuming, is ongoing and is incomplete. ARIAD will provide further supplemental responses when and if it makes such a contention and its infringement analysis is completed.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

ARIAD supplements its response to Interrogatory No. 3 as follows:

ARIAD objects to this interrogatory insofar as the Court has not yet construed the claims of the '516 patent, ARIAD's investigation is still continuing, discovery is ongoing, and Plaintiffs did not produce any documents in this action until April 11, 2007. ARIAD reserves the right to modify or supplement its responses as ARIAD continues its investigation and as ARIAD reviews documents produced and other information provided by Plaintiffs or third parties (including but not limited to documents and information regarding KINERET and Plaintiffs' activities related to KINERET). ARIAD further reserves the right to modify or supplement its responses based on subsequent rulings by the Court, including but not limited to claim construction.

Subject to and without waiving any of the aforesaid objections and General Objections, ARIAD responds as follows:

Amgen Inc., Amgen USA Inc., and Amgen Manufacturing Limited ("Kineret-Related Entities") have been and are currently directly infringing, contributorily infringing, and/or inducing infringement of the '516 patent by, among other things, making, using, offering to sell, selling and/or importing KINERET, without authority or license from ARIAD. The Kineret-Related Entities' activities related to KINERET are currently believed to infringe at least the claims listed below. ARIAD's investigation is continuing and discovery is still ongoing. ARIAD has not had an opportunity to review Plaintiffs' April 11, 2007 document production, which appears to contain over half a million pages based on Bates ranges produced. ARIAD expressly reserves the right to

modify or supplement the information provided below, including but not limited to adding or removing particular claims from the '516 patent.

| '516 Patent Claim | KINERET |
|---|---|
| **Claim 1** | |
| 1. A method for inhibiting expression, in a eukaryotic cell, of a gene whose transcription is regulated by NF-kB, the method comprising reducing NF-kB activity in the cell such that expression of said gene is inhibited. | Under one way in which the Kineret-Related Entities infringe, KINERET binds competitively to IL-1 receptor without activating the receptor.<br><br>Under one way in which the Kineret-Related Entities infringe, IL-1's binding to its receptor induces NF-kB activity.<br><br>NF-kB is a transcription factor that regulates the expression of a variety of genes.<br><br>Under one way in which the Kineret-Related Entities infringe, KINERET's binding to IL-1 receptor inhibits the expression of a variety of genes that are regulated by NF-kB by reducing NF-kB activity in human cells, which are a type of eukaryotic cell. |
| **Claim 2** | |
| 2. A method for selectively inhibiting expression, in a eukaryotic cell, of genes whose transcription is regulated by NF-kB, the method comprising reducing NF-kB activity in the cell such that expression of said genes is inhibited. | Under one way in which the Kineret-Related Entities infringe, KINERET binds selectively and competitively to IL-1 receptor without activating the receptor.<br><br>Under one way in which the Kineret-Related Entities infringe, IL-1's binding to its receptor induces NF-kB activity.<br><br>NF-kB is a transcription factor that regulates the expression of a variety of genes.<br><br>Under one way in which the Kineret-Related Entities infringe, KINERET's binding to IL-1 receptor selectively inhibits the expression of a variety of genes that are regulated by NF-kB by reducing NF-kB activity in human cells, which are a type of eukaryotic cell. |

| '516 Patent Claim | KINERET |
|---|---|
| **Claim 5** | |
| 5. A method for reducing the level of expression of a cytokine gene whose transcription is regulated by NF-kB in a eukaryotic cell comprising reducing NF-kB activity in the cell such that expression of said cytokine gene is reduced. | Under one way in which the Kineret-Related Entities infringe, KINERET binds competitively to IL-1 receptor without activating the receptor. Under one way in which the Kineret-Related Entities infringe, IL-1's binding to its receptor induces NF-kB activity. NF-kB is a transcription factor that regulates certain cytokine genes. Under one way in which the Kineret-Related Entities infringe, KINERET's binding to IL-1 receptor reduces the level of expression of certain cytokine genes that are regulated by NF-kB by reducing NF-kB activity in human cells, which are a type of eukaryotic cell. |
| **Claim 6** | |
| 6. A method for diminishing induced NF-kB-mediated intracellular signaling comprising reducing NF-kB activity in cells such that NF-kB-mediated intracellular signaling is diminished. | Under one way in which the Kineret-Related Entities infringe, KINERET binds competitively to IL-1 receptor without activating the receptor. Under one way in which the Kineret-Related Entities infringe, IL-1's binding to its receptor induces NF-kB-mediated intracellular signaling. Under one way the Kineret-Related Entities infringe, KINERET's binding to Il-1 receptor diminishes induced NF-kB-mediated intracellular signaling by reducing NF-kB activity in human cells. |
| **Claim 18** | |
| 18. A method for reducing Interleukin-1 or Tumor Necrosis Factor-α activity in mammalian cells comprising reducing NF-kB activity in the cells so as to reduce intracellular signaling caused by Interleukin-1 or Tumor Necrosis Factor-α in the cells. | Under one way in which the Kineret-Related Entities infringe, KINERET binds competitively to IL-1 receptor without activating the receptor, thereby reducing IL-1 activity. Under one way in which the Kineret-Related Entities infringe, IL-1's binding to |

| '516 Patent Claim | KINERET |
|---|---|
|  | its receptor causes intracellular signaling.<br><br>Under one way in which the Kineret-Related Entities infringe, KINERET's binding to IL-1 receptor reduces intracellular signaling caused by IL-1 by reducing NF-kB activity in human cells, which are a type of mammalian cell. |
| **Claim 26** |  |
| 26. The method of claim 1, carried out on mammalian cells. | Under one way in which the Kineret-Related Entities infringe, KINERET is used to practice the method on human cells, which are mammalian cells. |
| **Claim 27** |  |
| 27. The method of claim 1, carried out on human cells. | Under one way in which the Kineret-Related Entities infringe, KINERET is used to practice the method on human cells. |
| **Claim 29** |  |
| 29. The method of claim 26 or 27, carried out on lymphoid cells. | Under one way in which the Kineret-Related Entities infringe, KINERET is used to practice the method on lymphoid cells, including white blood cells of the immune system. |
| **Claim 37** |  |
| 37. The method of claim 2, carried out on mammalian cells. | See claim 26. |
| **Claim 38** |  |
| 38. The method of claim 2, carried out on human cells. | See claim 27. |
| **Claim 40** |  |
| 40. The method of claim 37 or 38, carried out on lymphoid cells. | See claim 29. |
| **Claim 59** |  |
| 59. The method of claim 5, carried out on mammalian cells. | See claim 26. |

| '516 Patent Claim | KINERET |
|---|---|
| **Claim 60** | |
| 60. The method of claim 5, carried out on human cells. | See claim 27. |
| **Claim 61** | |
| 61. The method of claim 59 or 60, carried out on immune cells. | Under one way in which the Kineret-Related Entities infringe, KINERET is used to practice the method on immune cells, including white blood cells of the immune system. |
| **Claim 62** | |
| 62. The method of claim 59 or 60, carried out on lymphoid cells. | See claim 29. |
| **Claim 70** | |
| 70. The method of claim 6, carried out on mammalian cells. | See claim 26. |
| **Claim 71** | |
| 71. The method of claim 6, carried out on human cells. | See claim 27. |
| **Claim 72** | |
| 72. The method of claim 70 or 71, carried out on immune cells. | See claim 61. |
| **Claim 73** | |
| 73. The method of claim 70 or 71, carried out on lymphoid cells. | See claim 29. |
| **Claim 183** | |
| 183. The method of claim 18, carried out on human cells. | See claim 27. |
| **Claim 184** | |
| 184. The method of claim 18 or 183, carried out on immune cells. | See claim 61. |
| **Claim 185** | |

| '516 Patent Claim | KINERET |
|---|---|
| 185. The method of claim 18 or 183, carried out on lymphoid cells. | See claim 29. |

Facts relating to the above include information in the '516 patent and its prosecution history, the references cited in the prosecution history, Plaintiffs' prescribing information for KINERET, information provided on Plaintiffs' websites at http://www.amgen.com and http://www.kineretrx.com, and U.S. Patent Nos. 5,075,222 and 6,599,873.

ASHBY & GEDDES

_Tiffany Geyer Lydon_

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant
ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  April 12, 2007

179674.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of April, 2007, the attached **DEFENDANT ARIAD PHARMACEUTICALS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT** was served upon the below-named counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

<u>BY HAND and ELECTRONIC MAIL</u>

Marcus E. Sernel, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636

<u>VIA FEDERAL EXPRESS and ELECTRONIC MAIL</u>

J. Drew Diamond, Esquire
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800

<u>VIA FEDERAL EXPRESS and ELECTRONIC MAIL</u>



Tiffany Geyer Lydon

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMGEN INC., IMMUNEX CORPORATION,  )
AMGEN USA INC., AMGEN                     )
MANUFACTURING LIMITED, IMMUNEX  )
RHODE ISLAND CORPORATION              )
                                                              )    C.A. No. 06-259-MPT
                                   Plaintiff,               )
         v.                                                 )
                                                              )
ARIAD PHARMACEUTICALS, INC.          )
                                                              )
                                   Defendant.          )
                                                              )

### NOTICE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2007, **DEFENDANT**

**ARIAD PHARMACEUTICALS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND**

**OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO**

**DEFENDANT** was served upon the following counsel of record at the address and in the

manner indicated:


Melanie K. Sharp, Esquire                    <u>BY HAND and VIA ELECTRONIC MAIL</u>
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                    <u>VIA FEDERAL EXPRESS and ELECTRONIC MAIL</u>
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire                    <u>VIA FEDERAL EXPRESS and ELECTRONIC MAIL</u>
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  April 12, 2007
171644.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire                    BY HAND and VIA ELECTRONIC MAIL
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                    VIA FEDERAL EXPRESS and ELECTRONIC MAIL
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire                     VIA FEDERAL EXPRESS and ELECTRONIC MAIL
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

## Discovery Documents

1:06-cv-00259-MPT Amgen Inc. et al v. Ariad Pharmaceuticals Inc.

PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 4/12/2007 at 6:23 PM EDT and filed on 4/12/2007

**Case Name:**          Amgen Inc. et al v. Ariad Pharmaceuticals Inc.

**Case Number:**       1:06-cv-259

**Filer:**                   Ariad Pharmaceuticals Inc.

**Document Number:** 180

**Docket Text:**
NOTICE OF SERVICE of Second Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendant by Ariad Pharmaceuticals Inc..(Lydon, Tiffany)

**1:06-cv-259 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Morgan Chu    mchu@irell.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

David I. Gindler    dgindler@irell.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Amir A. Naini    anaini@irell.com

Elizabeth L. Rosenblatt    brosenblatt@irell.com, egreenwood@irell.com, jroberts@irell.com

Melanie K. Sharp    msharp@ycst.com, asmit@ycst.com, chunter@ycst.com

**1:06-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/12/2007] [FileNumber=371824-0]
[2bc2d3285d1703300364ea26279f387e6259bb07f55decce975bea7498cceec0dcf7
3e9f2338a0b0b026d0794600491bb7de55c0aa95cf162fc9e5e60e457a23]]

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMGEN INC., IMMUNEX CORPORATION, )
AMGEN USA INC., AMGEN MANUFACTURING )
LIMITED, and IMMUNEX RHODE ISLAND )
CORPORATION, )
 ) C.A. No. 06-259-MPT
     Plaintiffs, )
 v. )
 )
ARIAD PHARMACEUTICALS, INC., and THE )
WHITEHEAD INSTITUTE FOR BIOMEDICAL )
RESEARCH, )
 )
     Defendants. )
 )

### DEFENDANT ARIAD PHARMACEUTICALS, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Delaware, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") hereby supplements its responses and objections to the Plaintiffs' First Set of Requests for Admission to Defendant ("Requests for Admission") as follows:

### INTRODUCTION

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

The following responses, while based on diligent investigation by ARIAD and its counsel, are necessarily supported only by those facts and writings that are presently and specifically known by and readily available to ARIAD. ARIAD has not completed its investigation of the facts related to the subject matter of this action, discovery, or its preparation for trial. Furthermore, the claims of the patent-in-suit have not been construed, and expert discovery has not occurred. ARIAD therefore makes these

responses without prejudice to its right to produce at any stage of these proceedings, including at trial, evidence of any facts or information that ARIAD may later recall or discover. ARIAD further reserves the right to change, amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained and contentions are made in this litigation; and as terms used in the claims of the patent-in-suit are construed.

Objections to each request for admission are made on an individual basis below. From time to time, for special emphasis, ARIAD will repeat in the specific objections certain objections also set forth in the general objections. The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response. The assertion of any objection to any request for admission below is neither intended as, nor shall in any way be deemed, a waiver of ARIAD's right to assert that or any other objection at a later date. At this time, ARIAD shall not provide any information protected by any applicable privilege or doctrine. No incidental or implied admissions are intended by the responses below.

ARIAD's responses herein, and its disclosure of information, do not in any way constitute an acceptance of Plaintiffs' Instructions or Definitions in their Requests for Admission. Consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret the objectionable Definitions in the Requests for Admission. In addition, consistent with applicable law, and without waiver or limitation of any of its objections, ARIAD has made a good faith effort to interpret undefined terms (e.g., "NF-kB") susceptible to multiple interpretations.

This response is also given without prejudice to ARIAD's right to advance contentions or make claims not yet advanced or made in the present action and to supplement this response as appropriate.

## GENERAL OBJECTIONS

ARIAD asserts the following General Objections with respect to each request for admission:

1.  ARIAD objects to the Requests for Admission to the extent that they purport to impose on ARIAD obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. ARIAD will not comply with any purported obligation not imposed by law.

2.  ARIAD objects to the Requests for Admission to the extent that they purport to seek admissions regarding information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. ARIAD will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

3.  ARIAD objects to the Requests for Admission to the extent that they seek admissions regarding information that is not relevant to any claim or defense of a party.

4.  ARIAD objects to the Requests for Admission to the extent that they are overbroad, unduly burdensome, oppressive, or seek admissions regarding information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

5.  ARIAD objects to the Requests for Admission to the extent they are vague, ambiguous, or without sufficient specificity. In particular, ARIAD objects to the Requests for Admission to the extent they recite terms or phrases used in the claims of the patent-in-suit without specifying how such terms or phrases are defined for purposes of the requests. ARIAD further objects to the Requests for Admission to the extent they use scientific or technical terms that are susceptible to more than a single scientific or

technical definition without specifying how such terms are defined for purposes of the requests.

6.      ARIAD objects to the Requests for Admission to the extent they are compound, indirect, or fail to separately set forth each matter for which Plaintiffs request admission.

7.      ARIAD objects to the Requests for Admission as premature.  In particular, ARIAD objects to the Requests for Admission as premature to the extent that they seek information that ARIAD is not required to disclose at this stage of litigation.  In addition, ARIAD's investigation is continuing and may result in additional contentions.  For the foregoing reasons, ARIAD's responses are not complete and cannot be completed at this time, and are subject to revision.

8.      ARIAD objects to the Requests for Admission to the extent Plaintiffs are using any request improperly as a substitute for other forms of discovery rather than to establish admission of facts about which there are no real disputes.

9.      ARIAD objects to the Requests for Admission to the extent that they call for a legal conclusion.

10.     ARIAD objects to the Requests for Admission to the extent that they improperly call for an application of law to a hypothetical set of facts.

11.     ARIAD objects to the Requests for Admission to the extent that they prematurely call for expert discovery or expert opinion.

12.     ARIAD objects to Plaintiffs' purported definitions of words and phrases contained in its requests for admission.  ARIAD objects to Plaintiffs' definitions to the extent that they:  (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rule of Civil Procedure and the Local Rules; (iv) include assertions of purported fact that are inaccurate or at the very least are disputed by the

parties to this action; or (v) incorporate other purported definitions that suffer from such defects.

13.    ARIAD objects to the definition of "Ariad" set forth in paragraph 2 of the Definitions and Instructions of Plaintiffs' First Set of Requests for Production of Documents and Things, which Plaintiffs incorporate by reference, to the extent the definition seeks to impose discovery obligations on persons or entities other than the parties to this action, and to the extent it seeks discovery from individuals or entities over which ARIAD has no control.

14.    ARIAD expressly incorporates each of the foregoing General Objections into each specific response to the requests for admission set forth below as if set forth in full therein.  An answer to a request for admission shall not work as a waiver of any applicable specific or general objection to a request for admission.

## RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1

TPA is a standard abbreviation for "12-O-tetradecanoylphorbol 13-acetate."

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

ARIAD objects to this request in its use of the term "standard" as vague and ambiguous.  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "TPA" is an abbreviation for 12-O-tetradecanoylphorbol-13-acetate, among other compounds or molecules.  Except as expressly admitted herein, ARIAD denies this request.

## REQUEST FOR ADMISSION NO. 2:

PMA is a standard abbreviation for "phorbol 12-myristate 13-acetate."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

ARIAD objects to this request in its use of the term "standard" as vague and ambiguous. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "PMA" is an abbreviation for phorbol 12-myristate 13-acetate, among other compounds or molecules. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 3**:

"12-tetradecanoyl-phorbol 13-acetate" and "phorbol 12-myristate 13-acetate" are different chemical names for the same substance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

ARIAD objects to this request in its use of the term "substance" as vague and ambiguous. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "12-tetradecanoylphorbol-13-acetate" and "phorbol 12-myristate 13-acetate" are sometimes used to refer to the same molecule. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 4**:

TPA ("12-O-tetradecanoylphorbol 13-acetate") is chemically equivalent to PMA ("phorbol 12-myristate 13-acetate").

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

ARIAD objects to this request as vague and ambiguous because TPA may refer to chemicals other than 12-O-tetradecanoylphorbol-13-acetate and PMA may refer to chemicals other than phorbol 12-myristate 13-acetate. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "12-tetradecanoylphorbol-13-acetate" and "phorbol 12-myristate 13-acetate" are sometimes used to refer to the same molecule and are in that sense chemically equivalent. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 5**:

TPA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

ARIAD supplements its initial response to Request for Admission No. 5 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 6**:

Some publications show that TPA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

ARIAD supplements its initial response to Request for Admission No. 6 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 7**:

TPA will not induce any NF-kB activity in Jurkat cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "Jurkat," and "will not induce." ARIAD further objects to this request as vague

and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB" activity" for purposes of the request.    ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular Jurkat cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 8**:

TPA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB" activity" for purposes of the request.    ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

ARIAD supplements its initial response to Request for Admission No. 8 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 9**:

Some publications show that TPA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a HeLa cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 73, lines 7-56 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular HeLa cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

ARIAD supplements its initial response to Request for Admission No. 9 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a HeLa cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 73, lines 7-56 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular HeLa cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by

ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 10**:

TPA will not induce any NF-kB activity in HeLa cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HeLa," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a HeLa cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 73, lines 7-56 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular HeLa cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 11**:

TPA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB

activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

ARIAD supplements its initial response to Request for Admission No. 11 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 12**:

Some publications show that TPA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

ARIAD supplements its initial response to Request for Admission No. 12 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry

in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 13**:

TPA will not induce any NF-kB activity in HepG2 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "HepG2," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

ARIAD supplements its initial response to Request for Admission No. 13 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 14**:

TPA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

ARIAD supplements its initial response to Request for Admission No. 14 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date

by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 15**:

Some publications show that TPA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a 70Z/3 cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 71, lines 25-50 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular 70Z/3 cell line. Except as expressly admitted herein, for the

reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

ARIAD supplements its initial response to Request for Admission No. 15 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that at least the '516 patent reports that treatment of a 70Z/3 cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 71, lines 25-50 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular 70Z/3 cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 16**:

TPA will not induce any NF-kB activity in 70Z/3 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA," "70Z/3," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a 70Z/3 cell line with phorbol 12-myristate-13-acetate led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 71, lines 25-50 of the '516 patent, and therefore phorbol 12-myristate-13-acetate induced an activity with certain properties of NF-kB in a particular 70Z/3 cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 17:**

PHA is a standard abbreviation for phytohemagglutinin.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

ARIAD objects to this request in its use of the term "standard" as vague and ambiguous. ARIAD further objects to this request as premature and an inappropriate subject for a request for admission because it calls for expert opinion.

Subject to the foregoing general and specific objections, ARIAD admits that "PHA" is an abbreviation for phytohemagglutinin, among other compounds or molecules. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 18:**

PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

ARIAD supplements its initial response to Request for Admission No. 18 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry

in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 19**:

Some publications show that PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, admits that at least the '516 patent reports that treatment of a Jurkat cell line with phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

ARIAD supplements its initial response to Request for Admission No. 19 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on

their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 20:**

PHA will not induce any NF-kB activity in Jurkat cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "Jurkat," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

- 23 -

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a Jurkat cell line with phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line, ARIAD denies this request.

## REQUEST FOR ADMISSION NO. 21:

PHA will induce NF-kB activity in HeLa cells.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:

ARIAD supplements its initial response to Request for Admission No. 21 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on

their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 22:**

Some publications show that PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

ARIAD supplements its initial response to Request for Admission No. 22 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 23:**

PHA will not induce any NF-kB activity in HeLa cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HeLa," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:

ARIAD supplements its initial response to Request for Admission No. 23 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

## REQUEST FOR ADMISSION NO. 24:

PHA will induce NF-kB activity in HepG2 cells.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:

ARIAD supplements its initial response to Request for Admission No. 24 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

## REQUEST FOR ADMISSION NO. 25:

Some publications show that PHA will induce NF-kB activity in HepG2 cells.

## RESPONSE TO REQUEST FOR ADMISSION NO. 25:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as

prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25**:

ARIAD supplements its initial response to Request for Admission No. 25 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 26**:

PHA will not induce any NF-kB activity in HepG2 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "HepG2," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

ARIAD supplements its initial response to Request for Admission No. 26 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry

in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 27**:

PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

ARIAD supplements its initial response to Request for Admission No. 27 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 28**:

Some publications show that PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

ARIAD supplements its initial response to Request for Admission No. 28 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date

by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 29**:

PHA will not induce any NF-kB activity in 70Z/3 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "PHA," "70Z/3," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29**:

ARIAD supplements its initial response to Request for Admission No. 29 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 30:**

TPA in combination with PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

ARIAD supplements its initial response to Request for Admission No. 30 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 31:**

Some publications show that TPA in combination with PHA will induce NF-kB activity in Jurkat cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "Jurkat," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate and phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate and phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

ARIAD supplements its initial response to Request for Admission No. 31 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate and phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions

specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate and phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 32:**

TPA in combination with PHA will not induce any NF-kB activity in Jurkat cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "Jurkat," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, since at least the '516 patent reports that treatment of a Jurkat cell line with phorbol 12-myristate-13-acetate and phytohemagglutinin led to the appearance of a factor with the properties of NF-kB as measured by certain assays described in the '516 patent, under the conditions specified at col. 72, line 44 through col. 73, line 6 of the '516 patent, and therefore phorbol 12-myristate-13-acetate and

phytohemagglutinin induced an activity with certain properties of NF-kB in a particular Jurkat cell line, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 33**:

TPA in combination with PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

ARIAD supplements its initial response to Request for Admission No. 33 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 34**:

Some publications show that TPA in combination with PHA will induce NF-kB activity in HeLa cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HeLa," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

ARIAD supplements its initial response to Request for Admission No. 34 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 35:**

TPA in combination with PHA will not induce any NF-kB activity in HeLa cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HeLa," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

ARIAD supplements its initial response to Request for Admission No. 35 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 36**:

TPA in combination with PHA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an

incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

ARIAD supplements its initial response to Request for Admission No. 36 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 37**:

Some publications show that TPA in combination with PHA will induce NF-kB activity in HepG2 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HepG2," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

ARIAD supplements its initial response to Request for Admission No. 37 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry

in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 38**:

TPA in combination with PHA will not induce any NF-kB activity in HepG2 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "HepG2," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

ARIAD supplements its initial response to Request for Admission No. 38 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 39**:

TPA in combination with PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

ARIAD supplements its initial response to Request for Admission No. 39 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the

request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 40:**

Some publications show that TPA in combination with PHA will induce NF-kB activity in 70Z/3 cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "70Z/3," and "will induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40**:

ARIAD supplements its initial response to Request for Admission No. 40 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 41**:

TPA in combination with PHA will not induce any NF-kB activity in 70Z/3 cells under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "TPA, "in combination with," "PHA," "70Z/3," and "will not induce." ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "induce" and "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an

incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

ARIAD supplements its initial response to Request for Admission No. 41 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 42:**

Administering antibiotics to a human does not affect the NF-kB pathway in any cells of that human under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42**:

ARIAD objects to this request in its use of the terms "antibiotics," "administering," "affect," "pathway" and "cells of that human" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "human" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42**:

ARIAD supplements its initial response to Request for Admission No. 42 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that use of antibiotics is not a method for affecting the NF-kB pathway in human cells, which are eukaryotic cells, because use of antibiotics is a method that is carried out on bacterial cells. Except as expressly admitted herein, for the reasons set forth above, although

ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 43**:

Administering antibiotics to a human does not affect NF-kB mediated intracellular signaling in any cells of that human under any conditions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43**:

ARIAD objects to this request in its use of the terms "antibiotics," "administering," "affect" and "cells of that human" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated intracellular signaling" and "human" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43**:

ARIAD supplements its initial response to Request for Admission No. 43 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date

by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that use of antibiotics is not a method for affecting NF-kB-mediated intracellular signaling in human cells, which are eukaryotic cells, because use of antibiotics is a method that is carried out on bacterial cells. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 44:**

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 is a type of DNA binding assay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request.

**REQUEST FOR ADMISSION NO. 45:**

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 is a type of electrophoretic mobility shift assay ("EMSA").

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "electrophoretic mobility shift assay" and "EMSA." ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth an assay based on the altered mobility of protein-DNA complexes during gel electrophoresis at column 18, line 52 through column 20, line 25. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45**:

ARIAD supplements its initial response to Request for Admission No. 45 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent sets forth an assay based on the altered mobility of protein-DNA complexes during gel electrophoresis at column 18, line 52 through column 20, line 25, and that assays based on the altered mobility of protein-DNA complexes during gel electrophoresis are sometimes called electrophoretic mobility shift assays. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 46**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 can be used to determine if a molecule competes with NF-kB for an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46**:

ARIAD objects to this request in its use of the terms "a molecule" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 46**:

ARIAD supplements its initial response to Request for Admission No. 46 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the assay at column 18, line 52 through column 20, line 25 of the '516 patent may be adapted to provide evidence that a molecule may compete with NF-kB for an NF-kB binding site on DNA. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 47**:

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 can be used to determine if a substance reduces binding of NF-kB to an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47**:

ARIAD objects to this request in its use of the terms "a substance" and "NF-kB binding site" as vague and ambiguous.  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request.  ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 47**:

ARIAD supplements its initial response to Request for Admission No. 47 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the assay at column 18, line 52 through column 20, line 25 of the '516 patent may be adapted to provide evidence that a substance may reduce binding of NF-kB to an NF-kB binding site on DNA.  For the reasons set forth above, although ARIAD has conducted a reasonable

inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 48:**

The assay discussed in the '516 patent at column 18, line 52 through column 20, line 25 can be used to determine if a substance reduces NF-kB activity in the cell.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

ARIAD objects to this request in its use of the term "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "reduc[ing] NF-kB activity in the cell" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

ARIAD supplements its initial response to Request for Admission No. 48 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the assay at column 18, line 52 through column 20, line 25 of the '516 patent may be adapted to

provide evidence that a substance may reduce NF-kB activity by reducing binding of NF-kB to an NF-kB binding site on DNA. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 49:**

An electrophoretic mobility shift assay ("EMSA") can be used to determine if a molecule competes with NF-kB for an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

ARIAD objects to this request in its use of the terms "electrophoretic mobility shift assay," "EMSA," "a molecule" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

ARIAD supplements its initial response to Request for Admission No. 49 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits assays of the type referred to as electrophoretic mobility shift assays may be adapted to provide evidence that a molecule may compete with NF-kB for an NF-kB binding site on DNA. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 50:**

An electrophoretic mobility shift assay ("EMSA") can be used to determine if a substance reduces binding of NF-kB to an NF-kB binding site on DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

ARIAD objects to this request in its use of the terms "electrophoretic mobility shift assay," "EMSA," "a substance" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

ARIAD supplements its initial response to Request for Admission No. 50 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that assays of the type referred to as electrophoretic mobility shift assays may be adapted to provide evidence that a substance may reduce binding of NF-kB to an NF-kB binding site on DNA.  For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 51**:

An electrophoretic mobility shift assay ("EMSA") can be used to determine if a substance reduces NF-kB activity in the cell.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51**:

ARIAD objects to this request in its use of the terms "electrophoretic mobility shift assay," "EMSA," and "a substance" as vague and ambiguous.  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "reduc[ing] NF-kB activity in the cell" for purposes of the request.  ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 51**:

ARIAD supplements its initial response to Request for Admission No. 51 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that assays of the type referred to as electrophoretic mobility shift assays may be adapted to provide evidence that a substance may reduce NF-kB activity by reducing binding of NF-kB to an NF-kB binding site on DNA. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 52**:

The assay discussed in the '516 patent (col. 80, lns. 48-65) used chloramphenicol acetyl transferase ("CAT") reporter plasmids that contain an NF-kB binding site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52**:

ARIAD objects to this request in its use of the terms "a substance" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "binding" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth an assay at

column 80, lines 48-65 involving CAT reporter plasmids that include DNA sequences called PRDII or kB sequences, and that the patent identifies PRDII and kB sequences as DNA sequences to which NF-kB can bind. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

ARIAD supplements its initial response to Request for Admission No. 52 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth an assay at column 80, lines 48-65 involving CAT reporter plasmids that include DNA sequences called PRDII or kB sequences, and that the patent identifies PRDII and kB sequences as DNA sequences to which NF-kB can bind. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 53:**

The assay discussed in the '516 patent (col. 80, lns. 48-65) is a type of chloramphenicol acetyl transferase ("CAT") assay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

ARIAD objects to this request as vague and ambiguous in its use of the term "chloramphenicol acetyl transferase ('CAT') assay." ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth assays at column 80, lines 48-65, that are sometimes referred to as CAT reporter assays. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

ARIAD supplements its initial response to Request for Admission No. 53 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth assays at column 80, lines 48-65, that are sometimes referred to as CAT reporter assays. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 54:**

The assay discussed in the '516 patent at column 80, lines 48-65 is a type of reporter assay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth assays at column 80, lines 48-65, that are sometimes referred to as CAT reporter assays. For the

reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 53**:

ARIAD supplements its initial response to Request for Admission No. 53 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that the '516 patent sets forth assays at column 80, lines 48-65, that are sometimes referred to as CAT reporter assays. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 55**:

The assay discussed in the '516 patent at column 80, lines 48-65 can be used to determine if the expression of a certain gene is mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55**:

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB-mediated," which is similar to the phrase "mediated by NF-kB" in the request, or the claim term "expression," for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 55**:

ARIAD supplements its initial response to Request for Admission No. 55 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the assay at column 80, lines 48-65 of the '516 patent may be adapted to provide evidence that expression of a gene in a reporter plasmid is mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 56**:

The assay discussed in the '516 patent at column 80, lines 48-65 can be used to determine if a substance inhibits NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56**:

ARIAD objects to this request in its use of the term "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "inhibit" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and

ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 56**:

ARIAD supplements its initial response to Request for Admission No. 56 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the assay at column 80, lines 48-65 of the '516 patent may be adapted to provide evidence that a substance inhibits NF-kB-mediated expression of a gene in a reporter plasmid. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 57**:

The assay discussed in the '516 patent at column 80, lines 48-65 can be used to determine if a substance reduces NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57**:

ARIAD objects to this request in its use of the term "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "reduces" for

purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 57**:

ARIAD supplements its initial response to Request for Admission No. 57 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the assay at column 80, lines 48-65 of the '516 patent may be adapted to provide evidence that a substance reduces NF-kB-mediated expression of a gene in a reporter plasmid. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 58**:

A reporter assay that contains a reporter gene linked to any NF-kB binding site can be used to determine if the expression of a certain gene is mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58**:

ARIAD objects to this request in its use of the terms "linked" and "NF-kB binding site" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB-mediated," which is similar to the phrase "mediated by NF-kB" in the request, or the claim term "expression," for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 58**:

ARIAD supplements its initial response to Request for Admission No. 58 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a reporter assay that includes use of a reporter plasmid containing a reporter gene and an NF-kB binding site may be adapted to provide evidence that expression of the reporter gene is mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a

reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 59**:

A reporter assay that contains a reporter gene linked to any NF-kB binding site can be used to determine if a substance inhibits NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59**:

ARIAD objects to this request in its use of the terms "linked," "NF-kB binding site," and "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "inhibit[]" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 59**:

ARIAD supplements its initial response to Request for Admission No. 59 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on

their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a reporter assay that includes use of a reporter plasmid containing a reporter gene and an NF-kB binding site may be adapted to provide evidence that a substance inhibits NF-kB-mediated expression of the reporter gene. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 60**:

A reporter assay that contains a reporter gene linked to any NF-kB binding site can be used to determine if a substance reduces NF-kB mediated gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60**:

ARIAD objects to this request in its use of the terms "linked," "NF-kB binding site," and "a substance" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB-mediated," "expression" and "reduce" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 60**:

ARIAD supplements its initial response to Request for Admission No. 60 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a reporter assay that includes use of a reporter plasmid containing a reporter gene and an NF-kB binding site may be adapted to provide evidence that a substance reduces NF-kB-mediated expression of the reporter gene. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 61**:

NF-kB binding sites include all the DNA sequences provided in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

ARIAD objects to this request in its use of the terms "NF-kB binding sites" and "include" as vague and ambiguous. ARIAD objects to this request as prematurely calling

for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, ARIAD admits that '516 patent identifies the DNA sequences in Table 2 as sequences recognized by NF-kB. Except as expressly admitted herein, for the reasons set forth above, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

ARIAD supplements its initial response to Request for Admission No. 61 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the DNA sequences in Table 2 as sequences recognized by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 62**:

NF-kB binding sites are limited to those DNA sequences provided in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 62**:

ARIAD objects to this request in its use of the terms "NF-kB binding sites" and "limited to" as vague and ambiguous. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, ARIAD admits that '516 patent identifies the DNA sequences in Table 2 as sequences recognized by NF-kB. Except as expressly admitted herein, for the reasons set forth above, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 62**:

ARIAD supplements its initial response to Request for Admission No. 62 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the DNA sequences in Table 2 as sequences recognized by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by

ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 63**:

NF-kB mediates the expression of the genes listed in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 63**:

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediate[]" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 63**:

ARIAD supplements its initial response to Request for Admission No. 63 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies genes in Table 2 whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 64**:

NF-kB enhances the expression of the genes listed in Table 2 of the '516 patent (col. 37).

**RESPONSE TO REQUEST FOR ADMISSION NO. 64**:

ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 64**:

ARIAD supplements its initial response to Request for Admission No. 64 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies genes in Table 2 whose expression may be enhanced by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 65**:

Expression of the vascular cell adhesion molecule ("VCAM") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65**:

ARIAD objects to this request in its use of the term "vascular cell adhesion molecule ('VCAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 65:

ARIAD supplements its initial response to Request for Admission No. 65 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

## REQUEST FOR ADMISSION NO. 66:

Expression of the vascular cell adhesion molecule ("VCAM") gene can be mediated at least in part by NF-kB.

## RESPONSE TO REQUEST FOR ADMISSION NO. 66:

ARIAD objects to this request in its use of the term "vascular cell adhesion molecule ('VCAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and

"expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 66**:

ARIAD supplements its initial response to Request for Admission No. 66 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 67**:

Expression of the intercellular adhesion molecule ("ICAM") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67**:

ARIAD objects to this request in its use of the term "intercellular adhesion molecule ('ICAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67**:

ARIAD supplements its initial response to Request for Admission No. 67 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry

in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 68**:

Expression of the intercellular adhesion molecule ("ICAM") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68**:

ARIAD objects to this request in its use of the term "intercellular adhesion molecule ('ICAM') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68**:

ARIAD supplements its initial response to Request for Admission No. 68 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

## REQUEST FOR ADMISSION NO. 69:

Expression of the macrophage inflammatory protein-1-alpha ("MIP-1-$\alpha$") gene can be mediated by NF-kB.

## RESPONSE TO REQUEST FOR ADMISSION NO. 69:

ARIAD objects to this request in its use of the term "macrophage inflammatory protein-1-alpha ('MIP-1-$\alpha$') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:

ARIAD supplements its initial response to Request for Admission No. 69 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the

request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

## REQUEST FOR ADMISSION NO. 70:

Expression of the macrophage inflammatory protein-1-alpha ("MIP-1-$\alpha$") gene can be mediated at least in part by NF-kB.

## RESPONSE TO REQUEST FOR ADMISSION NO. 70:

ARIAD objects to this request in its use of the term "macrophage inflammatory protein-1-alpha ('MIP-1-$\alpha$') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70**:

ARIAD supplements its initial response to Request for Admission No. 70 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 71**:

Expression of the E-selectin gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71**:

ARIAD objects to this request in its use of the term "E-selectin gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 71**:

ARIAD supplements its initial response to Request for Admission No. 71 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 72**:

Expression of the E-selectin gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72**:

ARIAD objects to this request in its use of the term "E-selectin gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or

expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 72**:

ARIAD supplements its initial response to Request for Admission No. 72 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 73**:

Expression of the fractaline gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73**:

ARIAD objects to this request in its use of the term "fractaline gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 73**:

ARIAD supplements its initial response to Request for Admission No. 73 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry

in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 74**:

Expression of the fractaline gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74**:

ARIAD objects to this request in its use of the term "fractaline gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 74**:

ARIAD supplements its initial response to Request for Admission No. 74 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 75**:

Expression of genes encoded by human immunodeficiency virus 1 ("HIV-1") can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75**:

ARIAD objects to this request in its use of the term "genes encoded by human immunodeficiency virus 1 ('HIV-1')" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 75**:

ARIAD supplements its initial response to Request for Admission No. 75 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date

by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies genes associated with NF-kB recognition sequences in the HIV long terminal repeat whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 76:**

Expression of genes encoded by human immunodeficiency virus 1 ("HIV-1") can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR REQUEST FOR ADMISSION NO. 76:**

ARIAD objects to this request in its use of the term "genes encoded by human immunodeficiency virus 1 ('HIV')" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 76**:

ARIAD supplements its initial response to Request for Admission No. 76 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies genes associated with NF-kB recognition sequences in the HIV long terminal repeat whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 77**:

Expression of the kappa light chain gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77**:

ARIAD objects to this request in its use of the term "kappa light chain gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it

is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 77**:

ARIAD supplements its initial response to Request for Admission No. 77 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the kappa light chain gene as a gene whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 78**:

Expression of the kappa light chain gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78**:

ARIAD objects to this request in its use of the term "kappa light chain gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 78**:

ARIAD supplements its initial response to Request for Admission No. 78 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the kappa light chain gene as a gene whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this

request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 79**:

Expression of the beta-interferon ("$\beta$-IFN") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79**:

ARIAD objects to this request in its use of the term "beta-interferon ('$\beta$-IFN') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 79**:

ARIAD supplements its initial response to Request for Admission No. 79 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the beta-interferon gene as a gene whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 80**:

Expression of the beta-interferon ("$\beta$-IFN") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80**:

ARIAD objects to this request in its use of the term "beta-interferon ('$\beta$-IFN') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 80**:

ARIAD supplements its initial response to Request for Admission No. 80 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the beta-interferon gene as a gene whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 81**:

Expression of the interleukin 2 ("IL-2") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81**:

ARIAD objects to this request in its use of the term "interleukin 2 ('IL-2') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 81**:

ARIAD supplements its initial response to Request for Admission No. 81 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the interleukin 2 gene as a gene whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 82**:

Expression of the interleukin 2 ("IL-2") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82**:

ARIAD objects to this request in its use of the term "interleukin 2 ('IL-2') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for

purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 82**:

ARIAD supplements its initial response to Request for Admission No. 82 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the interleukin 2 gene as a gene whose expression may be mediated by NF-kB. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 83**:

Expression of the interleukin 2 receptor alpha ("IL-2Rα") gene can be mediated by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83**:

ARIAD objects to this request in its use of the term "interleukin 2 receptor alpha ('IL-2Rα') gene" as vague and ambiguous. ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request. ARIAD objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 83**:

ARIAD supplements its initial response to Request for Admission No. 83 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the interleukin 2 receptor alpha gene as a gene whose expression may be

mediated by NF-kB.  For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.  ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 84**:

Expression of the interleukin 2 receptor alpha ("IL-2R$\alpha$") gene can be mediated at least in part by NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84**:

ARIAD objects to this request in its use of the term "interleukin 2 receptor alpha ('IL-2R$\alpha$') gene" as vague and ambiguous.  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "mediated" and "expression" for purposes of the request.  ARIAD objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 84**:

ARIAD supplements its initial response to Request for Admission No. 84 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request.  Plaintiffs have suggested to ARIAD that documents with information bearing on

their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that the '516 patent identifies the interleukin 2 receptor alpha gene as a gene whose expression may be mediated by NF-kB.  For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.  ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 85**:

Ariad retained Dr. Thomas Gilmore as a consultant in a related litigation, Ariad Pharmaceuticals v. Eli Lilly & Co., 02-cv-11280-RWZ (D. Mass.).

**RESPONSE TO REQUEST FOR ADMISSION NO. 85**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party.

Subject to the foregoing general and specific objections, ARIAD admits that it retained Dr. Thomas D. Gilmore for consulting relating to Case No. 02-CV-11280-RWZ (D. Mass.).  Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 86**:

Dr. Thomas Gilmore submitted a declaration on behalf of Ariad in a related litigation, Ariad Pharmaceuticals v. Eli Lilly & Co., 02-cv-11280-RWZ (D. Mass.).

**RESPONSE TO REQUEST FOR ADMISSION NO. 86**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the term "on behalf of" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that Dr.Thomas D. Gilmore submitted declarations in Case No. 02-CV-11280-RWZ (D. Mass.) in connection with ARIAD's claim construction briefing. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 87**:

Dr. Thomas Gilmore maintains a website, http://people.bu.edu/gilmore/nf-kb/.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the term "maintains" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb as of the date of this response contains the name and contact information of Dr. Thomas D. Gilmore. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 87**:

ARIAD supplements its initial response to Request for Admission No. 87 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb as of the date of this response contains the name and contact information of Dr. Thomas D. Gilmore. For the reasons

set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 88**:

Dr. Thomas Gilmore indicates on his website that "blue honeysuckle extract" is an inhibitor of NF-kB by a mechanism that includes blocking nuclear translocation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the terms "indicates" and "his website" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "blue honeysuckle extract" as a reported inhibitor of nuclear translocation. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 88**:

ARIAD supplements its initial response to Request for Admission No. 88 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB

or activation of the pathway," and a table listing, among other substances, "blue honeysuckle extract" as a reported inhibitor of nuclear translocation. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 89**:

Dr. Thomas Gilmore indicates on his website that "15-deoxyspergualin" is an inhibitor of NF-kB by a mechanism that includes blocking nuclear translocation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the terms "indicates" and "his website" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "15-deoxyspergualin" as a reported inhibitor of nuclear translocation. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 89**:

ARIAD supplements its initial response to Request for Admission No. 89 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date

of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB:  The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "15-deoxyspergualin" as a reported inhibitor of nuclear translocation.  For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 90:**

Dr. Thomas Gilmore indicates on his website that "rapamycin" is an inhibitor of NF-kB by a mechanism that includes blocking expression of NF-kB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party.  ARIAD objects to this request in its use of the terms "indicates" and "his website" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB:  The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "rapamycin" as a reported inhibitor of NF-kB expression.  Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

ARIAD supplements its initial response to Request for Admission No. 90 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a web

page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and a table listing, among other substances, "rapamycin" as a reported inhibitor of NF-kB expression. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 91:**

Dr. Thomas Gilmore indicates that "sulfasalazine" is an inhibitor of NF-kB by a mechanism that includes blocking the ability of NF-kB to bind to DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request in its use of the term "indicates" as vague and ambiguous.

Subject to the foregoing general and specific objections, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and tables listing, among other substances, "sulfasalazine" as a reported inhibitor of DNA binding, among other steps. Except as expressly admitted herein, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot further admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

ARIAD supplements its initial response to Request for Admission No. 91 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that a web page accessible at http://people.bu.edu/gilmore/nf-kb/inhibitors/index.html as of the date of this response contains a title and subtitle reading "Inhibitors of Rel/NF-kB: The following tables list compounds that have been reported in the literature to inhibit NF-kB or activation of the pathway," and tables listing, among other substances, "sulfasalazine" as a reported inhibitor of DNA binding, among other steps. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 92:**

Figure 43 of the '516 patent provides a partial nucleotide and amino acid sequence for the chicken protein known as pp40.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request as improperly compound because it seeks admission on more than one matter. ARIAD further objects to this request in its use of the terms "partial," "nucleotide ... sequence," "amino acid sequence," and "pp40" as vague and ambiguous. ARIAD further objects to this request as scientifically unintelligible because a nucleotide sequence is not a protein. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to the meaning of "provides." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, ARIAD admits that the term "pp40" is used to designate particular chicken sequences and that portions of the nucleotide and amino acid sequences set forth in Figure 43 can be found in pp40 sequences. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 93**:

Ariad is aware that Figure 43 of the '516 patent does not provide the nucleotide or amino acid sequence for any known human protein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93**:

ARIAD objects to this request because it seeks an admission regarding information that is not relevant to any claim or defense of a party. ARIAD objects to this request as improperly compound because it seeks admission on more than one matter. ARIAD further objects to this request in its use of the terms "nucleotide ... sequence" and "amino acid sequence" as vague and ambiguous. ARIAD further objects to this request as scientifically unintelligible because a nucleotide sequence is not a protein. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to the meaning of "provide." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 93**:

ARIAD supplements its initial response to Request for Admission No. 93 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 94**:

The NF-kB pathway is intracellular.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway" and "intracellular." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "intracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that signaling involving NF-kB may take place at least partly within cells. Except as expressly admitted here, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 95**:

The NF-kB pathway is exclusively intracellular.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 95</u>**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway" and "intracellular." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "intracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD denies this request.

**<u>REQUEST FOR ADMISSION NO. 96</u>**:

The NF-kB pathway is both intracellular and extracellular.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 96</u>**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway," "intracellular," and "extracellular." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "intracellular" and "extracellular" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that signaling involving NF-kB may take

place at least partly within cells and partly outside cells.  Except as expressly admitted here, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 97**:

The NF-kB pathway has extracellular components.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "pathway," "extracellular," and "components."  ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "extracellular" for purposes of the request.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that signaling involving NF-kB may take place partly outside cells.  Except as expressly admitted here, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 98**:

At least some anti-TNF antibodies inactivate or otherwise prevent tumor necrosis factor from interacting with cells.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "inactivate" and "interacting," and as lacking sufficient specificity in its use of the term "cells."  ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.  ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 98**:

ARIAD supplements its initial response to Request for Admission No. 98 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that at least some anti-TNF antibodies inactivate or otherwise prevent tumor necrosis factor from interacting with cells under certain conditions. ARIAD denies that anti-TNF antibodies inactivate or otherwise prevent tumor necrosis factor from interacting with cells under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 99**:

Anti-TNF antibodies do not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 99**:

ARIAD supplements its initial response to Request for Admission No. 99 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that anti-TNF antibodies do not act on the NF-kB pathway under certain conditions. ARIAD denies that anti-TNF antibodies do not act on the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 100**:

Anti-TNF antibodies do not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 100:

ARIAD supplements its initial response to Request for Admission No. 100 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that, under certain conditions, anti-TNF antibodies do not interact with any component of the NF-kB pathway. ARIAD denies that anti-TNF antibodies do not interact with any component of the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 101:

Anti-TNF antibodies act on the NF-kB pathway.

## RESPONSE TO REQUEST FOR ADMISSION NO. 101:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 101:

ARIAD supplements its initial response to Request for Admission No. 101 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that anti-TNF antibodies act on the NF-kB pathway under certain conditions. ARIAD denies that anti-TNF antibodies act on the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 102:

Anti-TNF antibodies interact with some component of the NF-kB pathway.

## RESPONSE TO REQUEST FOR ADMISSION NO. 102:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 102:

ARIAD supplements its initial response to Request for Admission No. 102 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that anti-TNF antibodies interact with some component of the NF-kB pathway under certain conditions. ARIAD denies that anti-TNF antibodies interact with some component of the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 103:

At least some anti-IL-1 antibodies inactivate or otherwise prevent IL-1 from interacting with cells.

## RESPONSE TO REQUEST FOR ADMISSION NO. 103:

ARIAD objects to this request as vague and ambiguous in its use of the terms "inactivate" and "interacting," and as lacking sufficient specificity in its use of the term "cells." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 103:

ARIAD supplements its initial response to Request for Admission No. 103 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that at least some anti-IL-1 antibodies inactivate or otherwise prevent tumor necrosis factor from interacting with cells under certain conditions. ARIAD denies that anti-IL-1 antibodies inactivate or otherwise prevent tumor necrosis factor from interacting with cells under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 104:

Anti-IL-1 antibodies do not act on the NF-kB pathway.

## RESPONSE TO REQUEST FOR ADMISSION NO. 104:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 104**:

ARIAD supplements its initial response to Request for Admission No. 104 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that anti-IL-1 antibodies do not act on the NF-kB pathway under certain conditions. ARIAD denies that anti-IL-1 antibodies do not act on the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 105**:

Anti-IL-1 antibodies do not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 105:

ARIAD supplements its initial response to Request for Admission No. 105 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that, under certain conditions, anti-IL-1 antibodies do not interact with any component of the NF-kB pathway. ARIAD denies that anti-IL-1 antibodies do not interact with any component of the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 106:

Anti-IL-1 antibodies act on the NF-kB pathway.

## RESPONSE TO REQUEST FOR ADMISSION NO. 106:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

ARIAD supplements its initial response to Request for Admission No. 106 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that anti-IL-1 antibodies act on the NF-kB pathway under certain conditions. ARIAD denies that anti-IL-1 antibodies act on the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 107:**

Anti-IL-1 antibodies interact with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 107**:

ARIAD supplements its initial response to Request for Admission No. 107 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, ARIAD admits that anti-IL-1 antibodies interact with some component of the NF-kB pathway under certain conditions. ARIAD denies that anti-IL-1 antibodies interact with some component of the NF-kB pathway under all conditions. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 108**:

Enbrel does not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 109**:

Enbrel does not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 110**:

Enbrel acts on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "acts" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 111**:

Enbrel interacts with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interacts," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 112**:

Kineret does not act on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "act" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 113**:

Kineret does not interact with any component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interact," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 114**:

Kineret acts on the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 114**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "acts" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 115**:

Kineret interacts with some component of the NF-kB pathway.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "interacts," "component" and "pathway." ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to claim construction.

**REQUEST FOR ADMISSION NO. 116**:

Many genes require the binding of a number of different, very specific factors to initiate transcription.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "many," "binding," "number," "very specific," and "factors." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request to the extent it is a repetition of a statement made in Paragraph 32 of the Rule 26(A)(2) Rebuttal Report of Thomas R. Kadesch, Ph.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No.

02-CV-11280-RWZ (D. Mass.), and only in the context of that report.   Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 117**:

UNA synthesis depends on RNA polymerase enzymes acting in concert with numerous proteins, including transcription factors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117**:

ARIAD objects to this request as vague and ambiguous in its use of the term "UNA" and "in concert."   ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request.   ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.   ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that RNA synthesis depends on RNA polymerase enzymes acting in concert with numerous proteins, including transcription factors, to the extent it is a repetition of a statement (with the substitution of "UNA" for "RNA," which ARIAD has interpreted as a typographical error) made in Paragraph 17 of the Rule 26(A)(2) Report of Brendan F. Boyce, M.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-RWZ (D. Mass.), and only in the context of that report.   Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 118**:

In transcription of any given eukaryotic gene, RNA polymerase enzymes and transcription factors bind to specific DNA sequences within the regulatory element region of that gene.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "any," "specific," and "regulatory element region." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request to the extent it is a rephrasing of statements made in Paragraphs 30-32 of the Rule 26(A)(2) Rebuttal Report of Thomas R. Kadesch, Ph.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-RWZ (D. Mass.), and only in the context of that report. Except as expressly admitted herein, ARIAD denies this request.

**REQUEST FOR ADMISSION NO. 119:**

NF-kB does not participate in gene transcription unless it is bound to DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "participate" and "bound." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

ARIAD supplements its initial response to Request for Admission No. 119 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that NF-kB may participate in gene transcription when bound to DNA. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 120:**

NF-kB does not enhance gene transcription unless it is bound to DNA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "enhance" and "bound." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or

expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 120:

ARIAD supplements its initial response to Request for Admission No. 120 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that NF-kB may enhance gene transcription when bound to DNA. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 121**:

NF-kB does not participate in gene transcription unless it is bound to an NF-kB binding site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "participate," "bound" and "NF-kB binding site." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 121**:

ARIAD supplements its initial response to Request for Admission No. 121 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that NF-kB may participate in gene

transcription when bound to an NF-kB recognition sequence. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 122:**

NF-kB does not enhance gene transcription unless it is bound to an NF-kB binding site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "enhance," "bound" and "NF-kB binding site." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "transcription" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

ARIAD supplements its initial response to Request for Admission No. 122 as follows:

ARIAD further objects to this request as lacking sufficient specificity regarding experimental materials and procedures to enable ARIAD to properly admit or deny the

request. Plaintiffs have suggested to ARIAD that documents with information bearing on their requests may be obtainable from the approximately 264,000 pages produced to date by ARIAD and third party Eli Lilly & Co. in this action, but have refused to provide further information that might enable ARIAD to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits that NF-kB may enhance gene transcription when bound to an NF-kB recognition sequence. For the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to further admit or deny this request in the form presented. ARIAD remains willing to conduct a further inquiry in an attempt to provide a supplemental response to this request upon receipt of additional information from Plaintiffs.

**REQUEST FOR ADMISSION NO. 123:**

Transcription factor complexes can act as repressors of gene expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

ARIAD objects to this request as vague and ambiguous in its use of the terms "complexes," "repressors" and " gene expression." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "transcription" and "expression" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD admits this request to the extent it is a repetition of a statement made in Paragraph 17 of the Rule 26(A)(2) Report of Brendan F. Boyce, M.D. from *ARIAD Pharmaceuticals, Inc. et al., v. Eli Lilly and Co.*, Case No. 02-CV-11280-

RWZ (D. Mass.), and only in the context of that report. Except as expressly admitted herein, ARIAD denies this request..

**REQUEST FOR ADMISSION NO. 124**:

A use of Enbrel is covered by at least one claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as vague and ambiguous in its use of the term "[a] use." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel.

**REQUEST FOR ADMISSION NO. 125**:

The use of Enbrel according to Enbrel's prescribing information (attached at Exhibit A) is covered by one or more claims of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as vague and ambiguous in its use of the term "[a] use." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel.

**REQUEST FOR ADMISSION NO. 126**:

The use of Enbrel according to Enbrel's prescribing information (attached at Exhibit A) is not covered by any claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel.

**REQUEST FOR ADMISSION NO. 127**:

A use of Kineret is covered by at least one claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 127**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as vague and ambiguous in its use of the term "[a] use." ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret.

**REQUEST FOR ADMISSION NO. 128**:

The use of Kineret according to Kineret's prescribing information (attached at Exhibit B) is covered by one or more claims of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 128**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret.

**REQUEST FOR ADMISSION NO. 129**:

The use of Kineret according to Kineret's prescribing information (attached as Exhibit B) is not covered by any claim of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret.

**REQUEST FOR ADMISSION NO. 130**:

Amgen has not induced infringement of the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel or Kineret.

**REQUEST FOR ADMISSION NO. 131**:

Amgen has not contributorily infringed the '516 patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the

claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel or Kineret.

**REQUEST FOR ADMISSION NO. 132**:

Enbrel is suitable for substantial noninfringing use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Enbrel. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

**REQUEST FOR ADMISSION NO. 133**:

Kineret is suitable for substantial noninfringing use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133**:

ARIAD objects to this request because it improperly calls for a legal conclusion regarding claim construction. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as premature because ARIAD has not completed its investigation of whether any of the claims of the '516 patent are infringed, whether directly, indirectly, or under the doctrine of equivalents, by Plaintiffs based on any activities related to Kineret. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request.

**REQUEST FOR ADMISSION NO. 134**:

The '516 patent does not discuss any *in vivo* assay that can be used to determine the level of NF-kB activity in any cell within a human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134**:

ARIAD objects to this request as vague and ambiguous in its use of the term "*in vivo* assay." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity" and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 135**:

The '516 patent does not discuss any *in vivo* assays that can be used to determine if NF-kB activity has been reduced in any cell within a human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135**:

ARIAD objects to this request as vague and ambiguous in its use of the term "*in vivo* assays." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity," "reduced," and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba*

- 134 -

support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 136**:

The '516 patent does not discuss any experiment performed on a human being to determine the level of NF-kB activity in any cell within that human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "performed on a human being" and "in any cell within that human being." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity" and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 137**:

The '516 patent does not discuss any experiment performed on a human being to determine if the level of NF-kB activity was reduced in any cell within that human being.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137**:

ARIAD objects to this request as vague and ambiguous in its use of the terms "performed on a human being" and "in any cell within that human being." ARIAD objects to this request as vague and ambiguous because Plaintiffs have not defined the claim terms "NF-kB activity," "reduced," and "human" for purposes of the request. ARIAD further objects to this request as vague and ambiguous because it is an incomplete hypothetical that sets forth insufficient facts upon which to properly admit or deny the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects to this request as an inappropriate subject for a request for admission because it calls for a legal conclusion with respect to "discuss." Disclosure of subject matter does not require *in haec verba* support, and the extent to which a patent discloses particular subject matter is only properly determined from the perspective of one of ordinary skill in the art.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, ARIAD therefore denies this request.

**REQUEST FOR ADMISSION NO. 138**:

Amgen does not instruct doctors to measure NF-kB activity in a patient before prescribing Kineret.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138**:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 138:

ARIAD supplements its initial response to Request for Admission No. 138 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 139:

Amgen does not instruct doctors to measure NF-kB activity in a patient after prescribing Kineret.

## RESPONSE TO REQUEST FOR ADMISSION NO. 139:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has

conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 139:

ARIAD supplements its initial response to Request for Admission No. 139 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented.

## REQUEST FOR ADMISSION NO. 140:

Amgen does not instruct doctors to measure NF-kB activity in a patient before prescribing Enbrel.

## RESPONSE TO REQUEST FOR ADMISSION NO. 140:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO.**
**140**:

ARIAD supplements its initial response to Request for Admission No. 140 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented.

**REQUEST FOR ADMISSION NO. 141**:

Amgen does not instruct doctors to measure NF-kB activity in a patient after prescribing Enbrel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141**:

ARIAD objects to this request in its use of the term "instruct" as vague and ambiguous. ARIAD further objects to this request as vague and ambiguous because Plaintiffs have not defined the claim term "NF-kB activity" for purposes of the request. ARIAD further objects to this request as prematurely calling for expert discovery or expert opinion. ARIAD further objects that the request seeks admission relating to information that is in Plaintiffs' possession but which has not been provided to ARIAD. ARIAD therefore reserves the right to change, amend or supplement its response as discovery proceeds in this action.

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, ARIAD cannot admit or deny this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 141**:

ARIAD supplements its initial response to Request for Admission No. 141 as follows:

Subject to the foregoing general and specific objections, and to the extent ARIAD has understood this request, for the reasons set forth above, although ARIAD has conducted a reasonable inquiry in an attempt to respond to this request, the information known or readily obtainable by ARIAD is insufficient to enable ARIAD to admit or deny this request in the form presented.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for ARIAD*
*Pharmaceuticals, Inc.,*
*Massachusetts Institute of*
*Technology, The President and*
*Fellows of Harvard College and The*
*Whitehead Institute for Biomedical*
*Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: April 20, 2007

179868.1

- 140 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2007, the attached **DEFENDANT ARIAD**

**PHARMACEUTICALS, INC. 'S FIRST SUPPLEMENTAL RESPONSES AND**

**OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO**

**DEFENDANT** was served upon the below-named counsel of record at the address and in the

manner indicated:

Melanie K. Sharp, Esquire                                    HAND DELIVERY
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                                   VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire                                    VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800

_____
Tiffany Geyer Lydon

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-259-MPT |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) | |
| Defendants. | ) ) ) | |

### NOTICE OF SERVICE

The undersigned hereby certifies that on the 20th day of April, 2007, **DEFENDANT ARIAD PHARMACEUTICALS, INC. 'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT** was served upon the following counsel of record at the address and in the manner indicated:

Melanie K. Sharp, Esquire                         HAND DELIVERY
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                         VIA FEDERAL EXPRESS
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800

<u>VIA FEDERAL EXPRESS</u>

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc.,*
*Massachusetts Institute of Technology, The*
*President and Fellows of Harvard College and*
*The Whitehead Institute for Biomedical*
*Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  April 20, 2007
171644.1

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of April, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the address and in the manner indicated:

.

Melanie K. Sharp, Esquire                                    <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Marcus E. Sernel, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

J. Drew Diamond, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017-5800

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

## Discovery Documents

1:06-cv-00259-MPT Amgen Inc. et al v. Ariad Pharmaceuticals Inc.

PATENT, PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Lydon, Tiffany on 4/20/2007 at 11:30 AM EDT and filed on 4/20/2007

| | |
|---|---|
| **Case Name:** | Amgen Inc. et al v. Ariad Pharmaceuticals Inc. |
| **Case Number:** | 1:06-cv-259 |
| **Filer:** | Massachusetts Institute of Technology |
| | Ariad Pharmaceuticals Inc. |
| | The Whitehead Institute for Biomedical Research |
| | The President and Fellows of Harvard College |

**Document Number:** 198

**Docket Text:**
NOTICE OF SERVICE of First Supplemental Responses and Objections to Plaintiffs' First Set of Requests for Admission by Ariad Pharmaceuticals Inc., The Whitehead Institute for Biomedical Research, Massachusetts Institute of Technology, The President and Fellows of Harvard College. (Lydon, Tiffany)

**1:06-cv-259 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Morgan Chu    mchu@irell.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

David I. Gindler    dgindler@irell.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Amir A. Naini    anaini@irell.com

Elizabeth L. Rosenblatt    brosenblatt@irell.com, egreenwood@irell.com, jroberts@irell.com

Melanie K. Sharp    msharp@ycst.com, asmit@ycst.com, chunter@ycst.com

**1:06-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/20/2007] [FileNumber=375494-0]
[a2f2279302af3234d50b124ae6aa0ee00edaead88077716860de74744d3bf3b3bc38
35c08d8e89fa797dc05923639e8b0b71c703d9126898355dd3813808c279]]