## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | C.A. No. 06-259-MPT |
| Plaintiffs, | |
| v. | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, | |
| Defendants. | |
| ARIAD PHARMACEUTICALS, INC., THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | |
| Counterclaim-Defendants. | |

## DEFENDANT ARIAD PHARMACEUTICALS, INC.'S
## FOURTH NOTICE OF DEPOSITION OF PLAINTIFFS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation (collectively, "Amgen") on May 18, 2007 beginning at 9:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed.  The deposition shall take place at the Hyatt Westlake Plaza, 880 S. Westlake Blvd., Thousand Oaks, CA 91361, or according to alternative arrangements upon which counsel jointly agree.  The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Amgen shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Amgen with respect to each of the subjects set forth in Attachment A.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Amgen.

Amgen is requested to provide to ARIAD's counsel, on or before May 7, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*
*ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: April 23, 2007

179930.1

## ATTACHMENT A

## DEFINITIONS

A.      "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.      "AMGEN," "YOU," and "YOUR" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.      "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D.      "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E.      "KINERET" shall mean YOUR commercially available product sold under the brand name Kineret® and/or the generic name anakinra, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.      WYETH shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

G.      Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as

necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.     AMGEN's sales and marketing efforts relating to ENBREL.

2.     The sales and marketing efforts of AMGEN affiliates or those with whom AMGEN has contracted, such as WYETH, relating to ENBREL.

3.     AMGEN's sales and marketing efforts relating to KINERET.

4.     The sales and marketing efforts of AMGEN affiliates or those with whom AMGEN has contracted, such as WYETH, relating to KINERET.

5.     AMGEN's distribution and sales methods with respect to ENBREL.

6.     AMGEN's distribution and sales methods with respect to KINERET.

7.     The identity of AMGEN's customers, distributors and resellers of ENBREL.

8.     The identity of AMGEN's customers, distributors and resellers of KINERET.

9.     Any agreements and/or contracts with respect to the manufacture, sale, promotion, and/or marketing of ENBREL, including the terms of such agreements and/or contracts and the decision to enter into such agreements and/or contracts.

10.     Any agreements and/or contracts with respect to the manufacture, sale, promotion, and/or marketing of KINERET, including the terms of such agreements and/or contracts and the decision to enter into such agreements and/or contracts.

11.     AMGEN's communications with customers, distributors, and resellers regarding ENBREL.

12.     AMGEN's communications with customers, distributors, and resellers regarding KINERET.

13.     YOUR sales, revenue, profit (or loss), and profit margins for ENBREL, including those related to sales to or by distributors or resellers.

14.    Projections with respect to YOUR future sales, revenue, profit (or loss), and/or profit margins for ENBREL, including those related to sales to or by distributors or resellers.

15.    YOUR sales, revenue, profit (or loss), and profit margins for KINERET, including those related to sales to or by distributors or resellers.

16.    Projections with respect to YOUR future sales, revenue, profit (or loss), and/or profit margins for KINERET, including those related to sales to or by distributors or resellers.

17.    Marketing and promotion of ENBREL, including marketing plans, studies, competitive analysis and strategies, advertisements, presentations, and documentation.

18.    Marketing and promotion of KINERET, including marketing plans, studies, competitive analysis and strategies, advertisements, presentations, and documentation.

19.    Market studies, consumer analyses and competitive analyses relating to ENBREL.

20.    Market studies, consumer analyses and competitive analyses relating to KINERET.

21.    Documents or other material provided to and/or directed to customers, potential customers, distributors, and/or resellers regarding ENBREL.

22.    Documents or other material provided to and/or directed to customers, potential customers, distributors, and/or resellers regarding KINERET.

23.    The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 18 above.

24.    The nature, existence and location of all DOCUMENTS relating to Topics 1 to 18 above.