# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253
—————
110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX:  (302) 576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

May 4, 2007

**BY CM-ECF**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

    Re: *Amgen, Inc. et al.  v. ARIAD Pharmaceuticals, Inc.*
       C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

  We represent the plaintiffs (collectively, "Amgen") in the above-referenced matter.  As requested by the Court, we write on the refusal of ARIAD, Harvard, MIT, and the Whitehead Institute (collectively, "Defendants") to make available for deposition the three foreign-based individuals who were named as inventors on the '516 patent.  As set forth below, Defendants have the power, pursuant to the patent assignment agreements, to persuade or even compel these individuals to testify by deposition.  The Court should reject Defendants' arguments to prevent the appropriate discovery sought from these named inventors and order Defendants to take steps to compel the inventors' deposition participation by, for example, securing the inventors' compliance with their respective contractual obligations.

  Three of the individuals named as inventors on the '516 patent are foreign-based.  These three individuals (Patrick A. Baeuerle, Roger Clerc, and Lynn M. Corcoran), like all other named inventors on the '516 patent, are contractually obligated to assist with litigation pertaining to the '516 patent.  Specifically, they entered into written assignments, which state in pertinent part:

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
May 4, 2007
Page 2

> "[w]e hereby further agree . . . to execute upon request any other lawful documents and likewise to perform any other lawful acts which may be deemed necessary to secure fully the aforesaid invention to said ASSIGNEE, its successors, assigns and legal representatives . . . including . . . the giving of testimony in any interference or other proceeding in which said invention or any application or patent directed thereto may be involved."

*See* Exs. 1-3. Indeed, other named inventors on the patent (Chen-Ming Fan and Harinder Singh), confirmed at their depositions that they were appearing pursuant to their contractual obligations -- the same obligations found in each assignment executed by the foreign-based individuals.[1] As further evidence of Defendants' ability to control the foreign-based inventors, Defendants' counsel has expressly stated that it represents two of the three foreign inventors (Ex. 4), and these two inventors were voluntarily produced for deposition in the *Lilly* case (Exs. 5-6).

However, despite the plain language of the assignments -- clearly understood by other named inventors to obligate their appearance at deposition -- Defendants still refuse to make available any of the three foreign-based individuals. Although the Amgen entities have already begun taking other efforts to procure their depositions,[2] Defendants' counsel, *who also represents at least Drs. Baeuerle and Corcoran*, has indicated that these foreign-based individuals do not intend to appear voluntarily. Thus, Amgen requests the Court's assistance by ordering Defendants to themselves compel the foreign-based individuals' compliance with their contractual obligations.

Courts have recognized similar assignment agreements as obligating patent holders to secure foreign-based inventors' compliance with their contractual obligations to provide testimony. *See Minebea Co., Ltd. v. Papst,* 370 F. Supp. 2d 302, 308 (D.D.C. 2005) ("I/We hereby further covenant and agree that I/We will . . . testify in any legal proceeding."); *In re Nifedipine Capsule Patent Litigation*, No. 774, 1989 WL 111112, at *1 (S.D.N.Y. Sept. 20, 1989) ("[W]e hereby agree, whenever requested, to . . . testify in any legal proceedings.") (Ex. 7). Thus, Defendants have the power to compel the foreign-based inventors to testify in a deposition pursuant to the Federal Rules of Civil Procedure.

The District Court for the Southern District of New York, in assessing similar assignment agreements with German inventors, ordered the patent holder to make the inventors available for

---

[1]   *See* Fan Dep. Tr. at 236:4-6 (***Q: Do you understand that it's based upon your having signed this that you're here today? A: Yes.***); Singh Dep. Tr. at 12:13-17 (***Q: And did you understand by reading that paragraph that you may be called upon to testify in relation to any patent that may arise out of the work you submitted? A: Yes, I did.***).

[2]   For example, Dr. Baeuerle was recently subpoenaed while in NY, but he has not agreed to appear.

Y OUNG C ONAWAY S TARGATT & T AYLOR, LLP

The Honorable Mary Pat Thynge
May 4, 2007
Page 3

deposition pursuant to the Federal Rules of Civil Procedure, explaining that the assignment makes no mention of an expiration of the inventors' obligation to testify, nor does it invoke German law as controlling. *In re Nifedipine Capsule Patent Litigation*, 1989 WL 111112, at *1 (S.D.N.Y. Sept. 20, 1989). In a similar situation in a declaratory judgment action, the District Court for the District of Columbia ordered the assignee to take "all appropriate steps" to compel seven German inventors to appear for deposition as required by their assignment agreements, and to report the steps taken and the progress made. *Minebea*, 370 F. Supp. 2d at 303 (D.D.C. 2005). There, the Court considered the fact that, just like here, the assignee's counsel also represented the inventors, which provided further evidence of the assignee's ability to produce the inventors.[3] *Id.* at 310. Defendants should, therefore, be ordered to secure compliance of the inventors with their contractual obligation and report the steps taken to secure such compliance.

Defendants' statements regarding efforts to secure the appearance of these inventors is wholly insufficient, especially given their control over and joint representation of at least two of the foreign-based named inventors. If Defendants fail to comply with their obligations under the Federal Rules, Amgen respectfully requests that this Court order Defendants to detail all efforts undertaken and safeguards put in place to compel the foreign-based individuals to appear.

Amgen is agreeable to making arrangements to accommodate the travel of the foreign-based individuals to the United States for deposition. Amgen is prepared to discuss these issues, and any others the Court would like to discuss, at any time convenient to the Court.

Respectfully,

Melanie K. Sharp (No. 4264)

Melanie K. Sharp (No. 2501)

MKS

cc:    Clerk of the Court (Hand Delivery)
       John G. Day, Esquire (via e-mail)
       David I. Gindler, Esquire (via e-mail)

---

[3]    In fact, the Court noted the "real possibility for a conflict of interest" raised by the assignee's provision of counsel to the inventors, which the Court noted went "a long way toward providing additional persuasive evidence that the Papst defendants have control over the witnesses in question." *Id.* at 304, 309.

# EXHIBIT 1

MIT-4167AAA

## Assignment

WHEREAS, we, David Baltimore, Ranjan Sen, Louis Staudt, Lynn M. Corcoran, Patrick A. Baeurle, Michael J. Lenardo, (hereinafter "the Assignors"), have, together with co-inventors Phillip A. Sharp, Harinder Singh, Jonathan LeBowitz, Albert S. Baldwin, Jr., Roger Clerc, Chen-Ming Fan and Tom Maniatis, invented a certain new and useful improvement in NUCLEAR FACTORS ASSOCIATED WITH TRANSCRIPTIONAL REGULATION described in an application for Letters Patent of the United States, Serial No. 07/791,898, filed November 13, 1991.

WHEREAS, Whitehead Institute for Biomedical Research (hereinafter "ASSIGNEE"), a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and having a usual place of business at Nine Cambridge Center, Cambridge, MA 02142 desires to acquire an interest therein in accordance with agreements duly entered into with us;

NOW, THEREFORE, to all whom it may concern be it known that for and in consideration of the said agreements and of other good and valuable consideration, the receipt of which is hereby acknowledged, we have sold, assigned and transferred and by these presents do hereby sell, assign and transfer unto said ASSIGNEE, its successors, assigns and legal representatives, the entire right, title and interest in and throughout the United States of America, its territories and all foreign countries, in and to the said invention as described in said application, together with the entire right, title and interest in and to the said application and such Letters Patent as may issue thereon; said invention, application and Letters Patent to be held and enjoyed by said ASSIGNEE for its own use and behalf and for its successors, assigns and legal representatives, to the full end of the term for which said Letters Patent may be granted as fully and entirely as the same would have been held by us had this assignment and sale not been made; we hereby convey all rights arising under or pursuant to any and all international agreements, treaties or laws relating to the protection of industrial property by filing any such applications for Letters Patent. We hereby acknowledge that this assignment, being of the entire right, title and interest in and to said invention, carries with it the right in ASSIGNEE to apply for and obtain from competent authorities in all countries of the world any and all Letters Patent by attorneys and agents of ASSIGNEE selection and the right to procure the grant of all such Letters Patent to ASSIGNEE for

REEL 6017 FRAME 330

ADL 0017159—

-2-

its own name as assignee of the entire right, title and interest therein.

AND, we hereby further agree for ourselves and our executors and administrators to execute upon request any other lawful documents and likewise to perform any other lawful acts which may be deemed necessary to secure fully the aforesaid invention to said ASSIGNEE, its successors, assigns and legal representatives, but at its or their expense and charges, including the execution of applications for patents in foreign countries, and the execution of substitution, reissue, divisional or continuation applications and preliminary or other statements and the giving of testimony in any interference or other proceeding in which said invention or any application or patent directed thereto may be involved.

AND, we do hereby authorize and request the Commissioner of Patents of the United States to issue such Letters Patent as shall be granted upon said application or applications based thereon to said ASSIGNEE, its successors, assigns, and legal representatives.

Inventor_____ Date_____
       David Baltimore

Address_____

_____

Witness_____ Date_____

Address_____

_____

Witness_____ Date_____

Address_____

_____

REEL 6017 FRAME 331

ADL 0017160

-3-

Inventor *Lynn M. Corcoran* Date *Jan 3, 1992*
Lynn M. Corcoran
Address *Walter & Eliza Hall Institute, P.O. Royal Melbourne*
*Hospital, VICTORIA, AUSTRALIA 3050*
Witness *Tracey Frost* Date *Jan 3 1992*
Address *10/5 Longland Rd Mitcham 3132.*


Witness *J Vivaden* Date *Jan 3, 1992*
Address *20/283 Royal Pde*
*Parkville     Victoria     3050.*

Inventor_____ Date_____
Louis Staudt

Address_____

_____

Witness_____ Date_____

Address_____

_____

Witness_____ Date_____

Address_____

_____

REEL 6017 FRAME 332

-4-

Inventor_____     Date_____
        Ranjan Sen

Address_____

_____

Witness_____     Date_____

Address_____

_____

Witness_____     Date_____

Address_____

_____

Inventor_____     Date_____
        Patrick A. Baeurle

Address_____

_____

Witness_____     Date_____

Address_____

_____

Witness_____     Date_____

Address_____

_____

REEL 6017 FRAME 333

ADL 0017162

-5-

Inventor_____ Date_____
         Michael J. Lenardo

Address_____

_____

Witness_____ Date_____

Address_____

_____

Witness_____ Date_____

Address_____

_____

RECORDED
PATENT AND TRADEMARK
OFFICE

FEB 18 1992

ADL 0017163__

# EXHIBIT 2

MIT-4167AAA

## Assignment

WHEREAS, we, Phillip A. Sharp, Harinder Singh, Jonathan LeBowitz, Albert S. Baldwin, Jr. and Roger Clerc (hereinafter "the Assignors"), have, together with co-inventors David Baltimore, Ranjan Sen, Louis Staudt, Lynn M. Corcoran, Patrick A. Baeurle, Michael J. Lenardo, Chen-Ming Fan and Tom Maniatis, invented a certain new and useful improvement in NUCLEAR FACTORS ASSOCIATED WITH TRANSCRIPTIONAL REGULATION described in an application for Letters Patent of the United States, Serial No. 07/791,898, filed November 13, 1991.

WHEREAS, Massachusetts Institute of Technology (hereinafter "ASSIGNEE"), a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and having a usual place of business at 77 Massachusetts Avenue, Cambridge, MA  02139 desires to acquire an interest therein in accordance with agreements duly entered into with us;

NOW, THEREFORE, to all whom it may concern be it known that for and in consideration of the said agreements and of other good and valuable consideration, the receipt of which is hereby acknowledged, we have sold, assigned and transferred and by these presents do hereby sell, assign and transfer unto said ASSIGNEE, its successors, assigns and legal representatives, the entire right, title and interest in and throughout the United States of America, its territories and all foreign countries, in and to the said invention as described in said application, together with the entire right, title and interest in and to the said application and such Letters Patent as may issue thereon; said invention, application and Letters Patent to be held and enjoyed by said ASSIGNEE for its own use and behalf and for its successors, assigns and legal representatives, to the full end of the term for which said Letters Patent may be granted as fully and entirely as the same would have been held by us had this assignment and sale not been made; we hereby convey all rights arising under or pursuant to any and all international agreements, treaties or laws relating to the protection of industrial property by filing any such applications for Letters Patent. We hereby acknowledge that this assignment, being of the entire right, title and interest in and to said invention, carries with it the right in ASSIGNEE to apply for and obtain from competent authorities in all countries of the world any and all Letters Patent by attorneys and agents of ASSIGNEE selection and the right to procure the grant of all such Letters Patent to ASSIGNEE for

REEL 6 0 1 7 FRAME 3 2 5

ADL 0017153

-2-

its own name as assignee of the entire right, title and interest therein.

AND, we hereby further agree for ourselves and our executors and administrators to execute upon request any other lawful documents and likewise to perform any other lawful acts which may be deemed necessary to secure fully the aforesaid invention to said ASSIGNEE, its successors, assigns and legal representatives, but at its or their expense and charges, including the execution of applications for patents in foreign countries, and the execution of substitution, reissue, divisional or continuation applications and preliminary or other statements and the giving of testimony in any interference or other proceeding in which said invention or any application or patent directed thereto may be involved.

AND, we do hereby authorize and request the Commissioner of Patents of the United States to issue such Letters Patent as shall be granted upon said application or applications based thereon to said ASSIGNEE, its successors, assigns, and legal representatives.

Inventor_____    Date_____
        Phillip A. Sharp

    Address_____

          _____

Witness_____    Date_____

Address_____

        _____

Witness_____    Date_____

Address_____

        _____

REEL 5017 FRAME 326

ADL 0017154—

-3-

Inventor_____ Date_____
       Harinder Singh

Address_____

_____

Witness_____ Date_____

Address_____

_____

Witness_____ Date_____

Address_____

_____

Inventor_____ Date_____
       Jonathan LeBowitz

Address_____

_____

Witness_____ Date_____

Address_____

_____

Witness_____ Date_____

Address_____

_____

REEL 6017 FRAME 327

ADL 0017155

-4-

Inventor _____ Date _____
        Albert S. Baldwin, Jr.

Address _____

       _____

Witness _____ Date _____

Address _____

       _____

Witness _____ Date _____

Address _____

       _____

Inventor _Rüller_____ Date _01/02/1992_____
        Roger Clerc

Address __KUGELFANG 42_____

        __CH-4102 BINNINGEN    SWITZERLAND_____

Witness __ERIC BERTOLINO_____ Date _01/02/1992_____

Address __4 RUE AMITIE_____

        __F 68300 SAINT-LOUIS / FRANCE_____

Witness __GLENN E. DALE_____ Date _01/02/1992_____

Address __FROBENSTRASSE 46_____

        __4053 BASEL / SWITZERLAND._____

RECORDED
PATENT AND TRADEMARK
OFFICE

FEB 18 1992

REEL 6017 FRAME 328

ADL 0017156

# EXHIBIT 3

MIT-4167AAA

## Assignment

WHEREAS, we, David Baltimore, Ranjan Sen, Louis Staudt, Lynn M. Corcoran, Patrick A. Baeurle, Michael J. Lenardo, (hereinafter "the Assignors"), have, together with co-inventors Phillip A. Sharp, Harinder Singh, Jonathan LeBowitz, Albert S. Baldwin, Jr., Roger Clerc, Chen-Ming Fan and Tom Maniatis, invented a certain new and useful improvement in NUCLEAR FACTORS ASSOCIATED WITH TRANSCRIPTIONAL REGULATION described in an application for Letters Patent of the United States, Serial No. 07/791,898, filed November 13, 1991.

WHEREAS, Whitehead Institute for Biomedical Research (hereinafter "ASSIGNEE"), a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and having a usual place of business at Nine Cambridge Center, Cambridge, MA  02142 desires to acquire an interest therein in accordance with agreements duly entered into with us;

NOW, THEREFORE, to all whom it may concern be it known that for and in consideration of the said agreements and of other good and valuable consideration, the receipt of which is hereby acknowledged, we have sold, assigned and transferred and by these presents do hereby sell, assign and transfer unto said ASSIGNEE, its successors, assigns and legal representatives, the entire right, title and interest in and throughout the United States of America, its territories and all foreign countries, in and to the said invention as described in said application, together with the entire right, title and interest in and to the said application and such Letters Patent as may issue thereon; said invention, application and Letters Patent to be held and enjoyed by said ASSIGNEE for its own use and behalf and for its successors, assigns and legal representatives, to the full end of the term for which said Letters Patent may be granted as fully and entirely as the same would have been held by us had this assignment and sale not been made; we hereby convey all rights arising under or pursuant to any and all international agreements, treaties or laws relating to the protection of industrial property by filing any such applications for Letters Patent.  We hereby acknowledge that this assignment, being of the entire right, title and interest in and to said invention, carries with it the right in ASSIGNEE to apply for and obtain from competent authorities in all countries of the world any and all Letters Patent by attorneys and agents of ASSIGNEE selection and the right to procure the grant of all such Letters Patent to ASSIGNEE for

REEL 017 FRAME 319



DTX
2194
02-cv-11280-RWZ

ADL 0017166_

-2-

its own name as assignee of the entire right, title and interest therein.

AND, we hereby further agree for ourselves and our executors and administrators to execute upon request any other lawful documents and likewise to perform any other lawful acts which may be deemed necessary to secure fully the aforesaid invention to said ASSIGNEE, its successors, assigns and legal representatives, but at its or their expense and charges, including the execution of applications for patents in foreign countries, and the execution of substitution, reissue, divisional or continuation applications and preliminary or other statements and the giving of testimony in any interference or other proceeding in which said invention or any application or patent directed thereto may be involved.

AND, we do hereby authorize and request the Commissioner of Patents of the United States to issue such Letters Patent as shall be granted upon said application or applications based thereon to said ASSIGNEE, its successors, assigns, and legal representatives.

Inventor_____ Date_____
              David Baltimore

Address_____

        _____

Witness_____ Date_____

Address_____

        _____

Witness_____ Date_____

Address_____

        _____

REEL 6017 FRAME 320

ADL 0017167__

-3-

Inventor_____    Date_____
        Lynn M. Corcoran
Address_____

        _____

Witness_____    Date_____
Address_____

        _____

Witness_____    Date_____
Address_____

        _____

Inventor_____    Date_____
        Louis Staudt
Address_____

        _____

Witness_____    Date_____
Address_____

        _____

Witness_____    Date_____
Address_____

        _____

REEL 6017 FRAME 321

ADL 0017168__

~4~

Inventor_____ Date_____
        Ranjan Sen

Address_____

       _____

Witness_____ Date_____

Address_____

       _____

Witness_____ Date_____

Address_____

       _____

Inventor _*Patrick Baeuerle*_____ Date 12/27/91
        Patrick A. Baeuerle
Address _Am Bogen 25 ½  D-8031 Eichenau / FRG_

Witness _Cathrein Schindewolf_  Date 12/27/91
Address _Münchener Str. 28_
        _8046 Garching , BRD._
Witness _Y. Kimm_               Date 12/27/91
Address _Unertlstr. 40_
        _8000 München 40_

ADL 0017169

-5-

Inventor_____     Date_____
       Michael J. Lenardo

Address_____

       _____

Witness_____     Date_____

Address_____

       _____

Witness_____     Date_____

Address_____

       _____

RECORDED
PATENT AND TRADEMARK
OFFICE

FEB 18 1992

REEL 6017 FRAME 323

ADL 0017170—

# EXHIBIT 4

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7106
FACSIMILE (310) 556-5206
dgindler@irell.com

January 31, 2007

**VIA E-MAIL**

Marcus E. Sernel, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636

      Re:    *Amgen Inc. et al. v. ARIAD Pharmaceuticals, Inc.*

Dear Marc:

      You have inquired whether our firm is representing the inventors named on the '516 patent.  We are representing all of the inventors except for Louis Staudt and Roger Clerc.

      Very truly yours,

David I. Gindler

# EXHIBIT 5

SEP 27 2004 12:13 FR KAYE SCHOLER LLP 9    212 836 7155 TO 5131291300020260  P.02

# KAYE SCHOLER LLP

Michael Siem
212 836-7397
Fax 212 836-6367
msiem@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

September 27, 2004

**FILE COPY**

Alison Baldwin
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Chicago, IL 60606

Re:  Ariad et al. v. Eli Lilly, Civil Action No. 02 CV 11280
     RWZ

Dear Alison:

Dr. Baeuerle is available for deposition on November 29th or December 1st in Germany. Please let us know as soon as possible whether either of these dates are acceptable to Lilly.

Sincerely,

*Michael*

Michael A. Siem

30953589.DOC

** TOTAL PAGE.02 **

L-A0178303

# EXHIBIT 6

OCT 05 2004 10:23 FR KAYE SCHOLER LLP 9   212 836 7155 TO 5131291300020260 P.02

# KAYE SCHOLER LLP

Michael Siem
212 836-7397
Fax 212 836-6367
msiem@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

October 5, 2004

Alison Baldwin
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Chicago, IL  60606

**FILE COPY**

Re:     Ariad et al. v. Eli Lilly, Civil Action No. 02 CV 11280
RWZ

Dear Alison:

Dr. Corcoran is available for deposition in Melbourne, Australia on November 23rd.
Please let us know as soon as possible whether this date is acceptable to Lilly.

Sincerely,

Michael A. Siem

30957408.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   HONG KONG   LONDON   SHANGHAI

** TOTAL PAGE.02 **

L-A0178431

# EXHIBIT 7

Westlaw.

1989 WL 111112                                                                                      Page 1
Not Reported in F.Supp., 1989 WL 111112 (S.D.N.Y.), 13 U.S.P.Q.2d 1574
(Cite as: 1989 WL 111112 (S.D.N.Y.))

▷

United States District Court, S.D. New York.
In re NIFEDIPINE CAPSULE PATENT LITIGA-
TION.
BAYER AG & PFIZER, INC., Plaintiffs,
v.
SIEGFRIED AG & Siegried Pharmaceuticals, Inc.,
Defendants.
MDL No. 774.
No. M21-51 (JFK).
No. 88 Civ. 1374 (JFK).

Sept. 20, 1989.

MEMORANDUM OPINION AND ORDER
KEENAN, District Judge:

*Background*
*1 The parties to this multidistrict patent litigation
seek the Court's intervention in the resolution of two
discovery disputes. First, defendants Siegfried AG
and Siegfried Pharmaceuticals, Inc. ("Siegfried") re-
quest that plaintiff Bayer AG ("Bayer"), a German
corporation, make available for deposition pursuant
to the Federal Rules of Civil Procedure four inventors
named on the patent that is the subject of these in-
fringement actions. [FN*] Second, Bayer seeks pro-
duction from Siegfried of certain requested docu-
ments.

While the Court intervenes in these disputes in order
to expedite discovery, it wishes to impress upon the
parties its unwillingness to do so in the future. It is,
after all, the purpose of discovery to *advance* the lit-
igation so that it may proceed in an orderly manner
within reasonable time constraints. It is not the pur-
pose of discovery to harass the adversary with subter-
fuge and delay. Counsel are advised to consider
long and hard before entering into any further discov-
ery disputes.

*Discussion*
A. *Inventors*

The four inventors whose depositions Siegfried
wishes to obtain, Drs. Frederich Bessert, Wulf Vater,
Kurt Bauer and Karl Heinz Adams, are former em-

ployees of Bayer who reside in Germany. Siegfried
asserts that the four were major participants in the in-
vention of the drug whose patent is at issue in this
case. (Siegfried August 21, 1989 letter to the Court,
at 2). On March 27, 1989, Siegfried served on the
parties a notice of deposition of these four inventors.
In a letter from Bayer to Siegfried dated April 21,
1989, Bayer notified Siegfried that the four were no
longer employed with Bayer, thus Bayer presumably
could not exert control over them to be de-
posed. (Siegfried August 21, 1989 letter to the
Court, Exhs. A & B). Siegfried has demonstrated its need
for deposing the inventors; their testimony is logic-
ally relevant to the determination of this action. In
addition to the relevance of their testimony, the four
inventors entered into a written assignment with Bay-
er which states in pertinent part, "we hereby agree,
whenever requested, to ... testify in any legal pro-
ceedings." (Siegfried August 21, 1989 letter to the
Court, Exh. J). The Court interprets this clause to
mean that the four inventors have agreed to testify in
*any* legal proceedings, not just those proceedings in
which Bayer would like them to testify.

Bayer argues that it is powerless to compel the in-
ventors to testify in an American-style deposition and
suggests that Siegfried request Letters Rogatory pur-
suant to German law and the Hague Convention.
The Court disagrees with Bayer's position. The con-
tract clause is clear. It makes no mention of an ex-
piration of the inventors' obligation to testify nor does
it invoke German law as controlling. Siegfried
points out correctly that "Bayer ... has come to a U.S.
court, as a U.S. plaintiff, asserting a U.S. patent"
(Siegfried August 6, 1989 letter to the Court, at 2),
and therefore, in the interests of justice, must proceed
according to the Federal Rules of Civil Procedure.
The Court directs the parties to its decision in *Cam-
pagnie Francaise D'Assurance v. Phillips Petroleum
Co.*, 105 F.R.D. 16 (S.D.N.Y.1984). In that case,
two French companies brought suit in the Southern
District of New York for breach of contract, then
sought protection under the Hague Convention from
discovery requests pursuant to the Federal Rules of
Civil Procedure. This Court held, among other

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1989 WL 111112                                                                                                    Page 2
Not Reported in F.Supp., 1989 WL 111112 (S.D.N.Y.), 13 U.S.P.Q.2d 1574
**(Cite as: 1989 WL 111112 (S.D.N.Y.))**

things, that plaintiffs were subject to discovery pursuant to the Federal Rules.   The Court stated:

*2 Plaintiffs come into this court seeking the protection of United States laws that enable injured persons to recover for breach of contract. Plaintiffs cannot avail themselves of these benefits, yet neglect their accompanying responsibility to disclose all relevant facts to their adversary.

*Compagnie Francaise,* 105 F.R.D. at 32.   The Court finds this logic to be wholly applicable to plaintiff Bayer.

In addition, Bayer is under a statutory injunction pursuant to the Food and Drug Laws, specifically 21 U.S.C. § 355, which permits it to delay for 30 months Federal Drug Administration approval of Siegfried's pending application for permission to sell its product.   Siegfried correctly indicates that 21 U.S.C. § 355(j)(4)(B)(iii) requires that "the parties shall reasonably cooperate in expediting the action," and empowers the court to shorten the 30 month injunctive period for failure of either party to cooperate in expediting the action.   The Court finds that Bayer's actions concerning the inventors does not constitute "reasonable cooperation."   Bayer's further refusal to make the four inventors available for deposition pursuant to the Federal Rules of Civil Procedure will result in this Court exercising its aforementioned powers, thus shortening the period of injunctive relief which Bayer is presently enjoying.

For the reasons set forth above, Bayer is ordered to make the four inventors available for deposition by Siegfried pursuant to the Federal Rules of Civil Procedure.

B. *Document Request*

In a letter to the Court dated August 29, 1989, Bayer alleges difficulty in obtaining requested documents from Siegfried.   To the extent that Bayer is already in possession of some of the documents at issue, the Court's intervention is unnecessary.   However, as to those documents which Siegfried has failed to produce and to which Siegfried has admitted their "marginal relevance" (Siegfried September 12, 1989 letter to the Court), the Court orders that they be produced

to Bayer no later than October 2, 1989.

SO ORDERED.

> FN* Defendant Chase Chemical Company, by letter to the Court dated September 1, 1989, indicates its desire to participate in any depositions taken of the four inventors in this action.

Not Reported in F.Supp., 1989 WL 111112 (S.D.N.Y.), 13 U.S.P.Q.2d 1574

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.