# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 8, 2007

The Honorable Mary Pat Thynge  
United States District Court  
844 North King Street  
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re: *Amgen Inc. et al. v. ARIAD Pharmaceuticals, Inc.*,  
C.A. No. 06-259-MPT

Dear Judge Thynge:

We are writing on behalf of ARIAD Pharmaceuticals, Inc. ("ARIAD") with respect to Amgen's request that the Court order three non-party, foreign inventors to appear for deposition in the United States. Per the Court's direction at the May 1 hearing, ARIAD respectfully submits this response to Amgen's May 4, 2007 letter to Your Honor on this topic.

As part of Amgen's effort to depose all (or almost all) thirteen inventors named on the '516 patent, Amgen seeks the depositions of three foreign individuals, Drs. Patrick Baeuerle, Lynn Corcoran, and Roger Clerc. Dr. Baeuerle resides in Germany, Dr. Corcoran resides in Australia, and Dr. Clerc is believed to reside in Switzerland.[1] Drs. Baeuerle and Corcoran have declined to appear. ARIAD has not been able to contact Dr. Clerc.

It is undisputed that none of these individuals is a party to the case. Similarly, it is also undisputed that none of them is, or has ever been, an officer, director, or managing agent of ARIAD, Harvard, MIT, or the Whitehead Institute. Instead, they were all post-doctoral researchers in university labs approximately twenty years ago. Drs. Baeuerle and Corcoran did post-doctoral work in David Baltimore's lab at the Whitehead Institute in the late 1980s, and Dr. Clerc did post-doctoral work in Phillip Sharp's lab at MIT from 1987-90. None of them is, or has ever been, an employee of ARIAD or affiliated with ARIAD.

Amgen's informal request that the Court order the depositions of these individuals bypasses well-established mechanisms of the Federal Rules of Civil Procedure. If the person to be deposed is a party, or a current officer, director or managing agent of a corporate party, the person may be required to appear pursuant to a notice under Rule 30. Courts and commentators have frequently summarized, however, that "only a party may be compelled to give testimony pursuant to a simple notice of deposition." *E.g., GTE Products Corp. v. Gee*, 115 F.R.D. 67, 69-

---

[1] Dr. Baeuerle works for a company in Munich; Dr. Corcoran is at the Walter and Eliza Hall Institute of Medical Research, University of Melbourne; and Dr. Clerc is believed to work for Roche Ltd. in Basel.

70 (D. Mass. 1987); 4A Moore's Federal Practice & Procedure, 3d Ed. § 30.03[2]; Charles Wright & Allen Miller, Fed. Prac. & Proc., Fed. Prac. Deskbook § 90 ("Notice is sufficient to compel a party's attendance," but "a subpoena must be served on a person not a party."). There is no debate here that the three foreign inventors are not subject to deposition by notice.

Procedures for third-party depositions also are quite familiar. A "corporate employee or agent who does not qualify as an officer, director, or managing agent of a party is not subject to deposition by notice. ... Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) (port agents not officers, directors or managing agents and hence were not subject to deposition by notice); *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 69-70 (D. Mass. 1987) (notices of deposition on persons who did not qualify as officers, directors, or managing agents were invalid). Amgen, however, has not requested the issuance of "Letters of Request" or "Letters Rogatory" nor made any efforts to obtain evidence pursuant to the Hague Convention.

Rather than argue how the Federal Rules might apply to allow the Court to order a deposition that may not be noticed or subpoenaed, or take steps to seek appropriate discovery overseas, Amgen argues that the inventors must be brought for deposition because they are "contractually obligated to assist with litigation." Amgen argues that the Court should order ARIAD to persuade the foreign inventors to come to the United States to testify or to "secure compliance" with their respective assignment agreements executed when the patent application was filed in 1992. In other words, Amgen is asking the Court to craft a new rule of procedure for overseas inventors – a rule under which ARIAD is required to persuade the foreign witnesses to appear or to *sue* them in the foreign courts of Germany, Australia, and Switzerland.

First, there is no special discovery rule for foreign inventors. *See Novartis Consumer Health, Inc. v. Elan Transdermal Technologies, Inc.*, Case No. 01-1120-CIV-Moore/O'Sullivan (S.D. Fla. Jul. 3, 2002) (court denied motion to compel depositions of foreign inventors with general cooperation obligations but who were not officers, directors, or managing agents of a party) (Ex. 1). Amgen points to two cases that appear to reach results at odds with the Federal rules, but which involved very different circumstances. In *In re Nifedipine Capsule Patent Litigation*, 13 U.S.P.Q.2d 1574 (S.D.N.Y. 1989), Plaintiff Bayer brought an infringement action under 35 U.S.C. § 271(e)(2), a provision not at issue in this case which relates to generic drugs. Under applicable law, just by filing suit, Bayer obtained a 30-month stay against FDA approval for the accused drug. Noting how Bayer had a statutory obligation under applicable FDA-related statutes to expedite the lawsuit, the court ordered Bayer to produce for deposition certain inventors who were former employees and who had expressly agreed to testify in all proceedings. Amgen also cites *Minebea Co., Ltd. v. Papst*, 370 F. Supp. 2d 302 (D.D.C. 2005), where the inventor witnesses made a similar express and unconditional agreement to testify, the court also had previously issued letters rogatory to allow international discovery pursuant to the Hague Convention, and the witnesses had already testified. This case is not comparable.

Second, the language in the form assignment agreement of the inventors here is not the same as that at issue in the cases on which Amgen relies. The agreements here provide that the inventors agree to perform acts "which may be deemed necessary to secure fully the aforesaid invention to" the assignee, including the giving of testimony. See Exs. 1, 2 & 3 to Amgen's May

4 Letter. This language might be viewed as being closer to another agreement at issue in *Minebea*, where certain foreign witnesses had agreed to "render such assistance . . . as may be necessary to perfect the title" to the inventions. The court found this "too tenuous" to provide a basis to order the appearance of these non-citizen, non-employee witnesses. 370 F. Supp. 2d at 308. The foreign inventor witnesses in question, or a foreign court, also may have a different interpretation of the agreement than Amgen.

Moreover, as a stranger to the assignment agreement with the inventors, Amgen may not enforce it. Under Massachusetts law, "the language and circumstances of the contract" must be "clear and definite" that the parties intended the third party to benefit from the promised performance. *Anderson v. Fox Hill Village Homeowners Corp.*, 424 Mass. 365, 366-367, 676 N.E.2d 821 (1997); *Miller v. Mooney*, 725 N.E.2d 545, 549-50 (Mass. 2000). There is nothing in the agreement here that suggests the agreement applies to anyone other than the parties or their successors or that any third party is a third party beneficiary, let alone the clear and definite language required under Massachusetts law.

In addition to lacking support in the Federal Rules, Amgen's argument that ARIAD must persuade witnesses to appear for deposition, or sue them, proves too much. An employer can always direct its employees to testify, just as the employer could direct the employee to perform other lawful acts as part of his or her employment. Yet it is well established that all employees are not automatically subject to deposition. Rather, to be the subject of a deposition notice, the employee must be an officer, director or managing agent. And if they are not, the employee's attendance may only be compelled by applicable process. Amgen's logic eviscerates the distinction between officers, directors or managing agents, who may be deposed by notice on a corporate party, and other witnesses, who may not.

In any event, the cases do not stand for the proposition that a post-doctoral researcher who assigned rights in inventions twenty years ago must remain on call to appear for deposition no matter where he or she resides or face a lawsuit from the assignee of the patent rights. If Amgen has a need for the requested discovery, which it has never articulated, Amgen remains free to pursue that discovery under established mechanisms for taking evidence abroad.

The Court at the May 1 hearing expressed skepticism about its jurisdiction over foreign inventors. The Court's reaction was well-founded, as Amgen's request in this instance seeks not to apply the Federal Rules, but short-circuit them. Amgen's request should be denied.

Respectfully,

*/s/ John G. Day*

John G. Day (I.D. #2403)

JGD:nml
Attachment
180298.1

cc: David I. Gindler, Esquire (via electronic mail)
    Melanie K. Sharp, Esquire (by hand and via electronic mail)
    Marcus E. Sernel, Esquire (via electronic mail)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-1120-CIV-MOORE/O'SULLIVAN

NOVARTIS CONSUMER HEALTH, INC.,

Plaintiff,

v.

ELAN TRANSDERMAL TECHNOLOGIES, INC.

Defendant.



FILED by ___ D.C.
MAG. SEC.

JUL 0 3 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

## ORDER

THIS MATTER came before the Court on the Counterdefendant's Motion to Compel Production of Witnesses (DE# 92, 6/3/02). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED, that the Counterdefendant's Motion to Compel Production of Witnesses is **DENIED**. A corporate employee who is not, at the time of deposition, an officer, director or managing agent of a party is not subject to deposition by notice. See United States v. Afram Lines, 159 F.R.D. 403 (SDNY, 1994). In re Honda American Motor Co, Inc. Dealership Relations Litigation, 168 F.R.D. 535 (D.Md. 1996). The plaintiff has failed to demonstrate that any of the witnesses are presently an officer, director, managing agent or even an employee of Elan Transdermal Technologies, Inc. or Elan Transdermal Technologies, Ltd. It is further

ORDERED AND ADJUDGED, that the plaintiff's request to preclude Elan from calling any of the witnesses at trial is DENIED. Elan has not violated any applicable rules or orders of this Court.

DONE and ORDERED, in Chambers, in Miami, Florida, this __3__ day of July, 2002.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Court Judge Moore
All counsel of record