IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., et. al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., et. al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington, this **14th** day of **May, 2007.**

On May 1, 2007, a hearing was held on various discovery matters in this patent declaratory judgment action. One issue, in which plaintiffs' ("Amgen") claim that defendants ("ARIAD") refuse to make available three foreign-based inventors of the '516 patent for deposition, was not fully addressed during that hearing. The court allowed further letter submissions regarding the parties' positions on that issue. Amgen filed its letter memorandum on May 4 and ARIAD responded on May 8, 2007.

**Amgen's Position:**

Amgen contends that defendants have the ability, pursuant to the patent assignment agreements executed by the inventors-in-question, to compel them to testify by deposition. The three individuals are Patrick A. Baeuerle, Roger Clerc and Lynn M. Corcoran. Two (Baeuerle and Corcoran) are represented by defense counsel, and those inventors were voluntarily produced for deposition in an action instituted by

ARIAd against Eli Lilly concerning the '516 patent. Amgen notes that the other named inventors confirmed at their depositions that they were appearing pursuant to their contractual obligations under the assignment. The section of the assignment in question is the same in each agreement executed by the inventor's. The relevant language provides:

> AND, we hereby further agree . . . to perform any other lawful acts which may be deemed necessary *to secure fully the aforesaid invention to said ASSIGNEE*, . . . including the execution of applications for patents in foreign countries, and the execution of substitution, reissue, divisional or continuation applications and preliminary or other statements and *the giving of testimony* in any interference *or other proceeding* in which *said invention* or any application or patent directed thereto *may be involved*. (emphasis added).

Amgen maintains that defendants should "be ordered to secure compliance" of those inventors with their contractual obligations. Amgen has offered to make arrangements for travel of those individuals to the United States for deposition.

**ARIAD's Postion:**[1]

ARIAD opposes Amgen's request on the following bases: none of the inventors is or has ever been an employee of ARIAD or affiliated with ARIAD. Baeuerle and Corcoran did post-doctoral work at Whitehead and Clerc did post-doctoral work at MIT; none are parties or current officers, directors or managing agents of any defendant entity; there is no special discovery rule for foreign inventors; the cases relied upon by Amgen are not applicable; and for witnesses who are not parties, they must be

---

[1] Although Amgen's May 4 letter was directed to all defendants, a response was only filed on behalf of ARIAD. The court will presently assume that the May 8 response was filed on behalf of all defendants. If this assumption is incorrect, then the court concludes that there is no opposition by the other defendants to Amgen's request.

2

subpoenaed under FRCP 45 or if overseas, through the procedures of the Hague Convention or other applicable treaty. ARIAD emphasizes that Amgen has not requested issuance of Letters of Request or Letters Rogatory or exercised any effort to obtain evidence pursuant to the Hague Convention.

ARIAD maintains that the assignment agreement relates to helping perfect title to the invention, rather than a contractual obligation on the part of the inventors to assist ARIAD in infringement or declaratory judgment actions. It further contends that Amgen is a stranger to the assignment agreement; there is no evidence that Amgen is a third party beneficiary to the assignment; and Amgen has no right to enforce it.

ARIAD seems to suggest that since the ten other inventors to the patent are available for deposition, there is no or limited need for the deposition of the foreign-based inventors. Further, ARIAD represents that the inventors-in-question have either refused or not responded to its requests to participate in discovery.

**Analysis:**

There appears to be no dispute that the inventors in question are not employees, officers, directors or managing agents of defendants. Therefore, under a literal interpretation, FRCP 30 may not to apply. ARIAD argues that absent Rule 30, Amgen's only options are the subpoena powers under Rule 45 or the procedures of the Hague Convention. Contrary to ARIAD's suggestion, the analysis of whether the court should require the inventors appearance does not end at that point. Each inventor executed an assignment. Their assignment benefits the defendants. ARIAD emphasizes certain, limited portions of the assignment clause, and equates the phrase "to secure fully the aforesaid invention to the ASSIGNEE . . . including . . . the giving of testimony"

3

to the language of an assignment in *Minebea Co, LTD, et. al. v. Papst, et. al.,* a declaratory judgment action, which reads "to render such assistance . . . as may be necessary to perfect title to the . . . Patent Rights."[2]  The *Minebea* court found such language to be "too tenuous . . . to order the appearance of . . . non-citizen, non-employee witnesses."[3]

The court does not agree with ARIAD's analysis of the assignment language in the present matter and its comparison with the assignment terms in *Minebea*. No where in the inventors' assignment in the present matter is "perfecting title" mentioned. The assignment under consideration employs the phrase "to secure fully the . . . invention." Synonyms for secure include protect, defend and guard.[4] Amgen's declaratory judgment action is an attack on the patent which the inventors agreed to defend. ARIAD's selective quote from the assignment ignores other pertinent language, that the "giving of testimony" is specifically required "in any . . . other proceeding in which said invention . . . or patent . . . may be involved." Therefore, unlike the assignment in *Minebea* upon which ARIAD relies, the assignment in this case is not limited to assistance which enables the assignee to prosecute patent applications and other similar procedures. Two assignments were analyzed by the court in Minibea. Regarding the second assignment, the court found that the patentee had the ability to compel the inventors to appear at trial and should have made them "available in the

---

[2] 370 F. Supp. 2d 302, 308 (D.D.C. 2005).

[3] *Id.*

[4] *Webster's New Dictionary of Synonyms* 1968 which notes in the Introduction at 24a: "A synonym, in this dictionary, will always mean one of two or more words in the English language which have the same or very nearly the same *essential* meaning." (emphasis in the original).

United States for deposition testimony."[5] The court required the defendant to produce the inventors for trial by enforcing the assignment agreements or face sanctions.[6]

Moreover, the court finds it highly unlikely that in drafting the language of the assignment, ARIAD ignored or was not concerned with protecting the invention from infringers and the need for the inventors' cooperation in future litigation.

The *In re Nifedipine Capsule Patent Litigation* reached the same conclusion as *Minebea*.[7] In that case, the plaintiff argued that it was "powerless to compel the inventors to testify in an American-style deposition," and suggested that the defendant pursue Letters Rogatory under German law and the Hague Convention, an argument very similar to the contention of ARIAD. The court required plaintiff to produce the inventors for deposition in the United States, pursuant to the Federal Rules of Civil Procedure, or be subject to sanctions. The court specifically rejected that the age of the assignment mattered because it contained no expiration date for the inventors' obligation to testify.[8] In the instant action, there is no time limit on the inventors' obligation under the assignment.

Contrary to ARIAD's argument, the inventors' testimony "is logically relevant to the determination of this action."[9] ARIAD's contention that ten of the thirteen inventors

---

[5] 370 F. Supp.2d at 309. The court reached its conclusion even though plaintiff had employed the Hague Convention.

[6] *Id.* at 310.

[7] 1989 WL 111112 (S.D.N.Y., September 20, 1989), 13 U.S.P.Q.2d 1574.

[8] *Id.* at *1. ARIAD emphasizes that the inventors executed the assignment in 1992 and could not be expected to remain obligated forever; however, the '516 patent has not yet expired.

[9] *Id.*

are available is evidence that the three foreign-based inventors' depositions are unnecessary, is unpersuasive. As clearly shown in the tutorial, the patent addresses complicated bioscience involving gene expression, cell structure, transcription factors, such as, NF-κB and proteins, including IκB, protein synthesis, DNA, mRNA, polymerase, ubiquitin ligase, phosphorylation and other unpronounceable components or processes.[10] The invention is not a novel recipe for brownies or chicken soup.[11] Obviously, each inventor's contribution to the invention or the patent is relevant.

As noted previously herein, when ARIAD instituted proceedings on the '516 patent against Eli Lilly, two of the inventors-in-question were produced, albeit at their home turf. The assignment provision means that all inventors have agreed to testify in any legal proceeding involving the invention or patent directed thereto, and not just in those proceedings in which ARIAD would like them to testify.[12] Therefore,

IT IS ORDERED that:

1. ARIAD shall produce the foreign-based inventors, Patrick A. Baeuerle and Lynn M. Corcoran, in the United States for deposition at a time and place agreed to by the parties. The court expects counsel to reach an agreement as to location, date and time. Amgen shall pay reasonable costs for the transportation, food and lodging of those inventors to attend their depositions.

2. Regarding Roger Clerc, the inventor whose whereabouts *appears* to

---

[10] During the tutorial, counsel did a very good job teaching the court about the technology involved; however, as the court commented at the close of the hearing, the science requires constant repetition and re-education.

[11] The court's apologizes to Julia Childs and Emeril.

[12] *In re Nifedipine Capsule Patent Litigation*, 1989 WL 111112 at *1.

be unknown, ARIAD shall advise the court on or before May 23, 2007 of defendants' efforts to locate him and to explain what is meant that "ARIAD has not been able to contact" him.

    3. Amgen shall advise on or before May 23, 2007, whether it will abide by and consent to this Order regarding the taking of the depositions of the two inventors noted in paragraph 1 in the United States or whether it intends to proceed through Letters Rogatory and the Hague Convention.

_____
UNITED STATES MAGISTRATE JUDGE