IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>                 Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>Defendants. | C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                 Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>                 Counterclaim Defendants. | |

**HARVARD'S OBJECTIONS TO AMGEN'S FIRST NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(B)(6)**

Pursuant to Federal Rule of Civil Procedure 30, Defendant the President and Fellows of Harvard College ("Harvard") hereby object and respond to Amgen's First Notice Of Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) (the "Notice").

Objections to each Area of Testimony are made on an individual basis below. From time to time, for special emphasis, Harvard will repeat in the specific objections certain objections also set forth in the general objections. The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response. The assertion of any objection to any Area of Testimony below is neither intended as, nor shall in any way be deemed, a waiver of Harvard's right to assert that or any other objection at a later date.

Harvard's objections and responses contained herein do not in any way constitute an acceptance of Amgen's purported Definitions of words or phrases, which Amgen has incorporated by reference from Amgen's Requests for Production.

Harvard's objections and responses reflect only the current state of knowledge, understanding, and belief of Harvard with regard to matters about which inquiry has been made. As discovery in this matter is not yet complete, Harvard may not yet have uncovered all information or facts pertinent to any Area of Testimony and may not yet have identified or located all persons with knowledge of pertinent information or facts. Harvard expects and consequently reserves the right to modify or supplement its objections or responses at a later time in light of any fact or information that it may later recall or discover.

The following objections provide the bases upon which Harvard finds the Notice objectionable on its face. Harvard does not waive or forego any rights it has to make further objections at the deposition itself.

## GENERAL OBJECTIONS

1. Harvard objects to the date and time for this deposition set forth in the Notice. Harvard has already informed Amgen whom it intends to designate as a corporate representative, and is in the process of arranging a deposition date.

2. Harvard objects to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to impose on

Harvard obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. Harvard will provide discovery in accordance with its obligations under the applicable rules and law.

3. Harvard objects to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. Harvard will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

4. Harvard objects to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Harvard objects to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they are overbroad, unduly burdensome, oppressive, or seek information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 30.

6. Harvard objects to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they seek information that is publicly available, in the possession, custody or control of Amgen or any person or entity other than Harvard, and is equally accessible to Amgen through means less burdensome to Harvard.

7. Harvard objects to the Notice and each definition incorporated by reference therein on the basis that the incorporation of definitions "as set forth in

Amgen's Requests For Production and in its subpoena for documents served on Harvard" is ambiguous.

8. Harvard interprets this reference as referring to the definitions contained in the subpoena served on the President And Fellows Of Harvard College by Kirkland & Ellis on April 12, 2007, and incorporates by reference its objections to definitions contained in its Objections To Subpoena Duces Tecum Served On April 12, 2007 And Directed To The President And Fellows Of Harvard College.

9. Harvard objects to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to require Harvard to search for information that is not within its possession, custody, or control. Harvard will use reasonable diligence to locate information within its control.

10. Harvard expressly incorporates each of the foregoing General Objections into each specific response set forth below as if set forth in full therein. An agreement to provide a witness to testify with respect to a particular Area of Testimony shall not work as a waiver of any applicable specific or general objection to that Area of Testimony.

## RESPONSES AND OBJECTIONS
## TO INDIVIDUAL AREAS OF TESTIMONY

**AREA OF TESTIMONY NO. 1:**

Harvard's document retention and destruction policies, practices, and procedures, including but not limited to policies with respect to retention of paper documents and policies with respect to retention of electronic and e-mail files.

**RESPONSE TO AREA OF TESTIMONY NO. 1:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, Harvard will provide a 30(b)(6) witness to testify regarding this topic.

**AREA OF TESTIMONY NO. 2:**

Harvard's policies, practices, and procedures with respect to the creation and maintenance of laboratory notebooks, research group meeting minutes, and research group project summaries.

**RESPONSE TO AREA OF TESTIMONY NO. 2:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, Harvard will provide a 30(b)(6) witness to testify regarding this topic.

**AREA OF TESTIMONY NO. 3:**

Harvard's search for and collection of documents requested in Amgen's requests for production of documents and/or in any subpoena served on Harvard by Amgen, including the search terms and search methodology used to search for responsive documents stored as e-mails or in other electronic formats.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence. Harvard also objects to this Area of Testimony to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to these General and Specific objections, Harvard will provide a 30(b)(6) witness to testify regarding this topic.

**AREA OF TESTIMONY NO. 4:**

The identity and location of all files, archives, databases, and any other type of record storage systems, electronic or otherwise, extant or formerly extant, in or formerly in your possession or control, which may store or may have formerly stored documents responsive to Amgen's requests for the production of documents and/or any subpoena served on Harvard by Amgen.

**RESPONSE TO AREA OF TESTIMONY NO. 4:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence. Harvard also objects to this Area of Testimony to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to these General and Specific objections, Harvard will provide a 30(b)(6) witness to testify regarding this topic.

**AREA OF TESTIMONY NO. 5:**

The maintenance and upkeep of all files, archives, databases, and any other type of record storage systems, electronic or otherwise, extant or formerly extant, in or formerly in your possession or control, which may store or may have formerly stored documents responsive to Amgen's requests for the production of documents and/or any subpoena served on Harvard by Amgen.

**RESPONSE TO AREA OF TESTIMONY NO. 5:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence. Harvard also objects

to this Area of Testimony to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to these General and Specific objections, Harvard will provide a 30(b)(6) witness to testify regarding this topic.

**AREA OF TESTIMONY NO. 6:**

The nature, existence and location of all documents relating to the subject matter of each of the foregoing categories, including the identity and location of all files, archives, databases, and any other type of record storage systems, electronic or otherwise, that Harvard has searched.

**RESPONSE TO AREA OF TESTIMONY NO. 6:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence. Harvard also objects to this Area of Testimony as cumulative in light of the above Areas of Testimony. Harvard also objects to this Area of Testimony to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

**AREA OF TESTIMONY NO. 7:**

The organizational structure of Harvard, including the identity of any departments in which research related to the subject matter of United States Patent No. 6,410,516 and NF-κB is performed, the heads of those departments, and any employees responsible for the administration of those departments.

**RESPONSE TO AREA OF TESTIMONY NO. 7:**

Harvard specifically objects to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence. Harvard also objects to this Area of Testimony to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to these General and Specific objections, Harvard will provide a 30(b)(6) witness to testify regarding this topic.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Counsel for Defendant
President And Fellows Of Harvard
College*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: May 22, 2007

180834.v1