IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>                Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation,<br><br>                Defendants.<br><br>ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>                Counterclaim Defendants. | C.A. No. 06-259-MPT |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF ARIAD'S
SIXTH NOTICE OF DEPOSITION OF THE AMGEN ENTITIES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island

Corporation (collectively, "Amgen") on June 11, 2007 beginning at 9:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the Renaissance Agoura Hills Hotel, 30100 Agoura Road, Agoura Hills, CA 91301, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Amgen shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Amgen with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Amgen.

Amgen is requested to provide to ARIAD's counsel, on or before June 4, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: May 23, 2007
180868.1

## ATTACHMENT A
## DEFINITIONS

A. "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B. "AMGEN," "YOU," and "YOUR" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C. "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D. "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E. "KINERET" shall mean YOUR commercially available product sold under the brand name Kineret® and/or the generic name anakinra, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F. WYETH shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

G. "UNITED STATES" shall mean the United States of America, its territories and possessions. Areas such as the District of Columbia, American Samoa, Puerto Rico, and the Virgin Island are included.

H.  "'516 PATENT FAMILY" shall mean United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, any patents or applications from which the '516 PATENT claims priority, and any patents or applications that claim priority to an application from which the '516 PATENT claims priority.

I.  "*Ariad v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 02-CV11280 RWZ (D. Mass.).

J.  Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.  YOUR licensing practices, policies, and procedures.

2.  The technology, terms, fees, and royalty rates of licenses YOU have entered into, and the identity of any licenses you contend would be comparable to a license to the '516 PATENT.

3.  Payments made or received by YOU for licensing intellectual property, including the total amount paid and received for licensing intellectual property and the total amount YOU paid or received under each license agreement YOU have entered into.

4.  YOUR acquisition of Immunex Corporation, including the significance of ENBREL to the acquisition.

5.  YOUR acquisition of Synergen, including the significance of KINERET to the acquisition.

6.  Projections with respect to YOUR sales, revenue, profit (or loss), and/or profit margins for ENBREL, including those from 2001 and 2002.

7. Projections with respect to YOUR sales, revenue, profit (or loss), and/or profit margins for KINERET, including those from 2001 and 2002.

8. All research, development, testing, manufacturing, distribution, labor, marketing, and other costs relating to ENBREL incurred by YOU.

9. All research, development, testing, manufacturing, distribution, labor, marketing, and other costs relating to KINERET incurred by YOU.

10. Facts relating to the determination of a reasonable royalty under the '516 PATENT.

11. The importance of ENBREL to YOUR overall business.

12. The importance of KINERET to YOUR overall business.

13. If you contend that there are any non-infringing alternatives to ENBREL, the identity of those alternatives, all of their advantages and disadvantages when compared to ENBREL, and whether you have ever manufactured or sold or tried to manufacture or sell any such alternative.

14. If you contend that there are any non-infringing alternatives to KINERET, the identity of those alternatives, all of their advantages and disadvantages when compared to KINERET, and whether you have ever manufactured or sold or tried to manufacture or sell any such alternative.

15. If you contend there is any use of ENBREL other than to treat diseases and conditions in patients, the identity and prevalence of each such use, and YOUR sales, revenue, profit (or loss), and/or profit margins relating to each such use.

16. If you contend there is any use of KINERET other than to treat diseases and conditions in patients, the identity and prevalence of each such use, and YOUR sales, revenue, profit (or loss), and/or profit margins relating to each such use.

17. Services that YOU provide to users or potential users of ENBREL or doctors who prescribe ENBREL.

18. Services that YOU provide to users or potential users of KINERET or doctors who prescribe KINERET.

19. If you contend that any portion of YOUR sales of ENBREL in the UNITED STATES should be excluded from the royalty base in this action even if the '516 PATENT is found to be valid and infringed, the portion of YOUR sales of ENBREL in the UNITED STATES that YOU contend should be excluded, each basis for excluding any such sales, and all facts supporting the exclusion of any such sales from the royalty base.

20. If you contend that any portion of YOUR sales of KINERET in the UNITED STATES should be excluded from the royalty base in this action even if the '516 PATENT is found to be valid and infringed, the portion of YOUR sales of KINERET in the UNITED STATES that YOU contend should be excluded, each basis for excluding any such sales, and all facts supporting the exclusion of any such sales from the royalty base.

21. The date and circumstances under which you first became aware of the *Ariad v. Lilly* case.

22. Communications between YOU and WYETH or any third party relating to ARIAD's intellectual property, the '516 PATENT, the '516 PATENT FAMILY, a license from ARIAD, or the *Ariad v. Lilly* case.

23. The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 22 above.

24. The nature, existence and location of all DOCUMENTS relating to Topics 1 to 22 above.