IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA, INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation; and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC., a Delaware corporation; and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation,<br><br>       Defendants, | |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation; THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, a Massachusetts corporation; MASSACHUSETTS INSTITUTE OF TECHNOLOGY, a Massachusetts corporation; and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation,<br><br>       Counterclaim-Plaintiffs,<br><br>v.<br><br>AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA, INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation; IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation; and WYETH, a Delaware corporation,<br><br>       Counterclaim-Defendants. | Civil Action No. 06-259-MPT |

**THE AMGEN ENTITIES' SECOND NOTICE OF DEPOSITION TO
<u>WHITEHEAD, HARVARD, AND MIT PURSUANT TO FED. R. CIV. P. 30(b)(6)</u>**

TO:

| | |
|---|---|
| John G. Day | Frederick L. Cottrell, III |
| Steven J. Balick | Anne Shea Gaza |
| Tiffany Geyer Lydon | Richards Layton & Finger, P.A. |
| Ashby & Geddes | One Rodney Square |
| 500 Delaware Avenue, 8th Floor | 920 North King Street |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

PLEASE TAKE NOTICE that, in accordance with the provisions of Rules 26 and 30 of the Federal Rules of Civil Procedure, Amgen, Inc., Immunex, Inc., Amgen USA Inc., Amgen Manufacturing, Ltd., and Immunex Rhode Island Corporation (collectively, "Amgen"), commencing at 9:00 a.m. on June 13, 2007, at Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, MA 02210, or at such other time and place mutually agreed upon by counsel for the parties, it will take the deposition of Whitehead Institute for Biomedical Research ("Whitehead"), Massachusetts Institute of Technology ("MIT"), and the President and Fellows of Harvard College ("Harvard") (collectively the "Assignees") by oral examination of witness(es) designated by the Assignees to testify on their behalf as the person(s) most competent to testify concerning the matters listed on attached Attachment A.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by the Assignees should be prepared to testify as to such matters known or reasonably available to the Assignees. You are required to produce the witness(es) at the stated time and place, and are invited to attend to cross-examine.

The Assignees are requested to provide Amgen's counsel, on or before June 1, 2007, a written designation of the names and positions of the officers, directors, managing agents or other persons who are most competent to testify concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

The depositions will be conducted under the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, for the purpose of discovery, for use at trial and for such other purposes as are permitted at law. The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be recorded by sound-and-visual means and/or ordinary stenographic methods.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Mary F. Dugan*

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Mark A. Pals
Marcus E. Sernel
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312)861-2000

Drew Diamond
KIRKLAND & ELLIS LLP
South Figueroa Street
Los Angeles, CA 900017-5800
(213)680-8400

*Attorneys for Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturin Limited, and Immunex Rhode Island Corporation*

Dated: May 23, 2007

DB02:5998843.1                                                                                              065028.1001

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. The term "'516 patent" shall mean United States Patent No. 6,410,516.

2. "Whitehead" shall mean Whitehead Institute for Biomedical Research, including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Ariad, and persons purporting to act on Ariad's behalf or on whose behalf Ariad has acted or acts.

3. "Harvard" shall mean The President and Fellows of Harvard College and Harvard University including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent entities, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relationship with Harvard, and persons purporting to act on Harvard's behalf or on whose behalf Harvard has acted or acts.

4. "MIT" shall mean Massachusetts Institute of Technology including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent entities, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relationship with MIT, and persons purporting to act on MIT's behalf or on whose behalf MIT has acted or acts.

5. "Assignees" refers to the list of named assignees on the face of the '516 patent.

6. "ARIAD" shall mean ARIAD Pharmaceuticals, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers,

1

consultants, entities acting in joint-venture or partnership relations with ARIAD, and persons purporting to act on ARIAD's behalf or on whose behalf ARIAD has acted or acts.

7. "Amgen" shall mean Amgen, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Amgen, and persons purporting to act on Amgen's behalf or on whose behalf Amgen has acted or acts.

8. "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and shall mean any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by

whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

9. "Referring," "relating to" and "regarding" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

10. "And," "or," and "and/or" shall mean both the conjunctive and disjunctive and shall serve as an interrogatory for information that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

11. "Identify," "identity" or "identification," with respect to a document or thing, shall mean to state the production number or the type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.), the date of its preparation, the identity of the person(s) who prepared the document, the identity of person(s) who signed the document, the sender, the recipient(s) and addressee(s), a description of the subject matter and content, the name and address of any person having possession, custody, or control of the same or a true copy thereof, and all other means of identifying the document with sufficient particularity so as to satisfy the requirements for its inclusion in a demand or interrogatory for its production pursuant to Federal Rule of Civil Procedure 34.

12. "Identify," "identity" or "identification," with respect to a natural person or company, shall mean to state the name, business address, and telephone number for such person or company and, in the case of natural persons, the person's title.

13. "Person" shall mean any natural person or any business, legal or governmental entity or association, or any other person recognizable at law, and its agents and employees.

14. "Inventors" refers to the list of named inventors on the face of the '516 patent.

15. "Communication" or "communications" shall mean any of the following: (i) any written letter, memorandum, e-mail or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

16. "Invention" shall mean the alleged invention or discovery described in the '516 patent. The use of the word "invention" is not an admission by the Amgen Entities that any claims of the '516 patent or valid, or that the '516 patent discloses any patentable invention.

17. "Related Patent" shall mean any U.S. or foreign patent or patent application that (i) stems from or claims priority, either directly or indirectly, to U.S. patent application numbers 06/817,441, 07/155,207, 07/162,680, 07/280,173, 07/318,901, 07/341,436, 08/418,266, 06/946,365, 07/791,898, or 08/418,266; or (ii) refers to, describes or claims subject matter described and/or claimed in the '516 patent.

## AREAS OF TESTIMONY

1. For each of the alleged inventions of the '516 patent, the conception of the alleged invention including when the alleged invention was conceived, the circumstances surrounding the conception, the identity of all persons who were involved with the conception, and the contribution of each of those persons to the conception.

2. For each of the alleged inventions of the '516 patent, the actual reduction to practice, if any, of the alleged invention including when the alleged invention was reduced to practice, the circumstances surrounding the reduction to practice, the identity of all persons who were involved with the reduction to practice, and the contribution of each of those persons to the

reduction to practice.

3. For each of the alleged inventions of the '516 patent, all research, development or other work relating to efforts, if any, actually to reduce to practice the alleged invention including the dates of, locations of, and circumstances surrounding any such work, the identity of all persons who were involved with any such work, and the contribution of each of those persons to any such work.

4. For each of the alleged inventions of the '516 patent, all facts and circumstances relating to the first time the alleged invention was known or used by others in the United States, patented or described in a printed publication anywhere in the world, put into public use in the United States, offered for sale in the United States, or disclosed to any person not named on the face of the '516 patent as an inventor.

5. For each of the alleged inventions of the '516 patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process, that practices, embodies or incorporates such alleged invention.

6. For each of the alleged inventions of the '516 patent, the design, operation and structure of each method or process (past and present), and each composition of matter or compound used in such a method or process (past and present), and each composition of matter or compound used in such a method or process, that practices, embodies or incorporates such alleged invention.

7. For each of the alleged inventions of the '516 patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process for which each Assignee has offered a license under the '516 patent or its Related Patents and patent applications, investigated for consideration as requiring a license

under the '516 patent or its Related Patents and patent applications, or raised in the context of communications related to the possible licensing of the '516 patent or its Related Patents and patent applications.

8. For each of the alleged inventions of the '516 patent, the design, operation and structure of each method or process (past and present) and each composition of matter or compound used in such a method or process for which each Assignee has offered a license under the '516 patent or its Related Patents and patent applications, investigated for consideration as requiring a license under the '516 patent or its Related Patents and patent applications, or raised in the context of communications related to the possible licensing of the '516 patent or its Related Patents and patent applications.

9. For each of the alleged inventions of the '516 patent, all facts and circumstances related to the commercial success of any method or process (past and present) and each composition of matter or compound used in such a method or process that purportedly practices, embodies or incorporates such alleged invention, including any evidence that such success is attributable to any such alleged invention.

10. All experiments, research, development and/or testing activities (past and present) by or on behalf of each Assignee related to the subject matter purportedly claimed and disclosed in the '516 patent, including identification and description of the success or failure of any specific programs and the facts and circumstances surrounding any decisions to not pursue or to cease such experiments, research, development and/or testing activities.

11. The identity of all persons at or associated with each Assignee (past and present) that have conducted experiments, research, development and/or testing activities related to the subject matter purportedly claimed and disclosed in the '516 patent.

12. All facts and circumstances related to each Assignee's relationships with the other Assignees, and the named inventors on the '516 patent, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its Related Patents and patent applications.

13. All facts and circumstances related to each Assignee's relationship with ARIAD, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its Related Patents and patent applications.

14. The identify and location of other witnesses knowledgeable about the categories set forth in topics 1 through 14 above.

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on May 23, 2007, I caused to be electronically filed a true and correct copy of The Amgen Entities' Second Notice of Deposition to Whitehead, Harvard and MIT Pursuant to Fed. R. Civ. P. 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John G. Day
Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

I further certify that on May 23, 2007, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel):**

Charles E. Lipsey
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive, Suite 800
Reston, VA 20190-5675

Morgan Chu
David I. Gindler
Amir A. Naini
Christopher M. Newman
Elizabeth L. Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Howard W. Levine
Robert D. Bajefsky
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6681
mdugan@ycst.com