IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>          Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>          Defendants.<br><br>ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>          Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>         Counterclaim Defendants. | C.A. No. 06-259-MPT |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF ARIAD PHARMACEUTICALS, INC.'S FIRST NOTICE OF DEPOSITION OF WYETH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant and Counterclaim Plaintiff ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Counterclaim Defendant Wyeth on June 11, 2007 beginning at 9:30 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The

deposition shall take place at the offices of Ashby & Geddes, 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Wyeth shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Wyeth with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Wyeth.

Wyeth is requested to provide to ARIAD's counsel, on or before June 4, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc.,*

2

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: May 25, 2007
180951.1

## ATTACHMENT A
## DEFINITIONS

A.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.    "WYETH," "YOU," and "YOUR" shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

C.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D.    "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E.    "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

F.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002.

G.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be

1

considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1. The mechanisms of action of ENBREL, including but not limited to ENBREL's intracellular and extracellular interaction with NF-KB signaling.

2. Research and testing relating to ENBREL's mechanism of action, including but not limited to ENBREL's intracellular and extracellular interaction with NF-KB signaling.

3. WYETH's communications with ARIAD or with other parties or third parties regarding ENBREL's mechanism of action or its interaction with NF-KB signaling.

4. WYETH's communications with ARIAD or with other parities or third parties regarding NF-KB signaling.

5. WYETH's contention that it does not directly or indirectly infringe any claim of the '516 PATENT through any activities relating to ENBREL.

6. The patents (and claims thereof) that cover ENBREL, its formulation, or its mechanism of action.

7. The facts and circumstances relating to YOUR pre-suit knowledge of the '516 PATENT, including but not limited to the date on which YOU became aware of the '516 PATENT and the specific circumstances of how YOU became aware of it.

8. Any steps taken by WYETH to ensure that WYETH avoided infringement of the '516 PATENT with respect to its activities in connection with ENBREL.

9. Any test, study, analysis, opinion, or investigation of the '516 PATENT, including the specific circumstances and results of each such activity, undertaken by or on behalf of WYETH.

10. The nature, existence and location of all DOCUMENTS relating to the subject matter of each of the foregoing categories.

11. The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 9 above.