IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>        Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 06-259-MPT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>        Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>        Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF ARIAD PHARMACEUTICALS, INC.'S THIRD NOTICE OF DEPOSITION OF WYETH
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant and Counterclaim Plaintiff ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Counterclaim Defendant Wyeth on June 7, 2007 beginning at 9:30 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition

shall take place at the offices of Ashby & Geddes, 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Wyeth shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Wyeth with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Wyeth.

Wyeth is requested to provide to ARIAD's counsel, on or before June 4, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc.,*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: May 25, 2007

## ATTACHMENT A

## DEFINITIONS

A. "ARIAD" shall mean ARIAD Pharmaceuticals, Inc

B. "YOUR" shall refer to Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

C. "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D. "IDENTITY" shall mean (a) for a patent, its number, country of origin, and date of issue; (b) for a publication, its title, date of publication, author and publisher; (c) for all DOCUMENTS other than a patent or a publication, the name of the author, the type of DOCUMENT or writing, the date, the addressee and all other recipients, any title or description, and the present location; and (d) for an individual, the name, job title, job description, and affiliation of the individual, along with the individual's work and home address and telephone numbers.

E. "PERSON" shall mean an individual, corporation, general partnership, limited partnership, limited liability company, governmental body, or any other private or public legal entity.

F. Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be

considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1. YOUR DOCUMENT retention and destruction policies, practices, and procedures, including but not limited to policies with respect to retention of paper DOCUMENTS and policies with respect to retention of electronic and e-mail files.

2. YOUR policies, practices, and procedures with respect to the creation and maintenance of laboratory notebooks, research group meeting minutes, and research group project summaries.

3. YOUR policies, practices, and procedures with respect to the creation and maintenance of scientific reference files.

4. YOUR policies, practices, and procedures with respect to the creation and maintenance of invention disclosures.

5. YOUR search for and collection of DOCUMENTS requested in ARIAD's Requests for Production of Documents.

6. The IDENTITY of PERSONS who created, or possess, DOCUMENTS relevant to claims or defenses of the parties, and the location of such DOCUMENTS.

7. The nature, existence and location of all DOCUMENTS relating to the subject matter of each of the foregoing categories.