IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>                Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                Defendants.<br><br>ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>                Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>                Counterclaim Defendants. | C.A. No. 06-259-MPT |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF
ARIAD PHARMACEUTICAL, INC.'S
FIFTH NOTICE OF DEPOSITION OF WYETH
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)</u>**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant and Counterclaim Plaintiff ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Counterclaim Defendant Wyeth on June 13, 2007 beginning at 9:30 a.m. and continuing from

day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the offices of Ashby & Geddes, 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Wyeth shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Wyeth with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Wyeth.

Wyeth is requested to provide to ARIAD's counsel, on or before June 4, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

                ASHBY & GEDDES

                */s/ Lauren E. Maguire*
                _____
                Steven J. Balick (I.D. #2114)
                John G. Day (I.D. #2403)
                Lauren E. Maguire (I.D. #4261)
                500 Delaware Avenue, 8th Floor
                P.O. Box 1150
                Wilmington, DE 19899
                (302) 654-1888
                sbalick@ashby-geddes.com
                jday@ashby-geddes.com
                lmaguire@ashby-geddes.com

                *Attorneys for ARIAD Pharmaceuticals, Inc.,*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: May 25, 2007
180950.1

## ATTACHMENT A
## DEFINITIONS

A. "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B. "WYETH," "YOU," and "YOUR" shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

C. "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D. "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E. "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

F. "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

G. "'516 PATENT FAMILY" shall mean United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, any patents or applications from which the '516 PATENT claims priority, and any patents or applications that claim priority to an application from which the '516 PATENT claims priority.

1

H.  "*Ariad v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 02-CV11280 RWZ (D. Mass.).

I.  Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1. YOUR communications with ARIAD relating to the '516 PATENT or the '516 PATENT FAMILY.

2. YOUR pre-suit knowledge of the '516 PATENT or the '516 PATENT FAMILY.

3. The date on which YOU first became aware of the '516 PATENT and the '516 PATENT FAMILY and the specific circumstances of how YOU became aware of the '516 PATENT and the '516 PATENT FAMILY.

4. All steps taken by YOU to ensure that YOU avoided infringement of the '516 PATENT with respect to its activities in connection with ENBREL.

5. All steps taken by YOU to assure that YOU were acting with due care in connection with ARIAD's rights with respect to the '516 PATENT.

6. Any test, study, analysis, opinion or investigation of the '516 PATENT, including the specific circumstances and results of each such activity, undertaken by YOU or on YOUR behalf.

7. Any attempts undertaken by YOU or on YOUR behalf to evaluate, analyze, test, operate, or study the subject matter of the '516 PATENT or the '516 PATENT FAMILY.

8. YOUR reliance on any opinion of counsel in connection with the '516 PATENT and ENBREL, including any such opinions relied upon with respect to freedom to operate, validity of the '516 PATENT, and/or infringement of the '516 PATENT.

9.  Testing of ENBREL in the United States relating to the mechanism of action of ENBREL in relation to NF-KB, including the identity and location of those who performed and analyzed such testing and the dates of such testing.

10. The date and circumstances under which you first became aware of the *Ariad v. Lilly* case.

11. Communications between YOU and AMGEN or any third party relating to ARIAD's intellectual property, the '516 PATENT, the '516 PATENT FAMILY, a license from ARIAD, or the *Ariad v. Lilly* case.

12. The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 11 above.

13. The nature, existence and location of all DOCUMENTS relating to Topics 1 to 11 above.