IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 06-259-MPT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>　　　　　　Counterclaim Plaintiffs,<br>　v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>　　　　　　Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF ARIAD'S
SEVENTH NOTICE OF DEPOSITION OF THE AMGEN ENTITIES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island

Corporation (collectively, "Amgen") on June 13, 2007 beginning at 9:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the Hyatt Westlake Plaza, 880 South Westlake Blvd., Westlake Village, CA 91361, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Amgen shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Amgen with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Amgen.

Amgen is requested to provide to ARIAD's counsel, on or before June 6, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: May 29, 2007
180995.1

## ATTACHMENT A
## DEFINITIONS

A.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.    "AMGEN," "YOU," and "YOUR" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34.  Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D.    "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E.    "IkB" shall mean inhibitor of kappaB.

F.    "IL-1" shall mean interleukin-1.

G.    "KINERET" shall mean YOUR commercially available product sold under the brand name Kineret® and/or the generic name anakinra, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

H.    "NF-KB" shall mean nuclear factor kappaB and its analogs, derivatives and homologues.

I.    "TNF" shall mean tumor necrosis factor.

1

J.   Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.   ENBREL's effects on NF-KB activity, including effects measured by luciferase reporter assays and cellular imaging analyses.

2.   KINERET's effects on NF-KB activity, including effects measured by luciferase reporter assays and cellular imaging analyses.

3.   The mechanism by which TNF has an effect upon NF-KB activity, whether in vitro or in vivo.

4.   The mechanism by which IL-1 has an effect upon NF-KB activity, whether in vitro or in vivo.

5.   The mechanism by which ENBREL has an effect upon NF-KB activity, whether in vitro or in vivo.

6.   The mechanism by which KINERET has an effect upon NF-KB activity, whether in vitro or in vivo.

7.   Plaintiffs' use of luciferase reporter assays and cellular imaging analyses to measure intracellular effects of TNF, including effects on NF-KB activity.

8.   Plaintiffs' use of luciferase reporter assays and cellular imaging analyses to measure intracellular effects of IL-1, including effects on NF-KB activity.

9.   Plaintiffs' use of luciferase reporter assays and cellular imaging analyses to measure or analyze NF-KB activity, including NF-KB activity related to TNF, IL-1, ENBREL, or KINERET.

10. Plaintiffs' in vitro testing of ENBREL, including luciferase reporter assays and cellular imaging analyses.

11. Plaintiffs' in vitro testing of KINERET, including luciferase reporter assays and cellular imaging analyses.

12. Plaintiffs's use of in vitro testing, including luciferase reporter assays and cellular imaging analyses, to understand how ENBREL works in patients.

13. Plaintiffs' use of in vitro testing, including luciferase reporter assays and cellular imaging analyses, to understand how KINERET works in patients.

14. ENBREL's effects on cells, including intracellular effects on cells.

15. KINERET's effects on cells, including intracellular effects on cells.

16. How ENBREL reduces inflammation, including any connection between reduction of inflammation and NF-KB activity.

17. How KINERET reduces inflammation, including any connection between reduction of inflammation and NF-KB activity.

18. ENBREL's effects on TNF signaling, including extracellular and intracellular aspects of signaling caused by TNF.

19. KINERET's effects on IL-1 signaling, including extracellular and intracellular aspects of signaling caused by IL-1.

20. ENBREL's effects on extracellular and intracellular components of the NF-KB pathway.

21. KINERET's effects on extracellular and intracellular components of the NF-KB pathway.

22. How ENBREL inhibits expression of a gene whose transcription is regulated by NF-KB.

23. How KINERET inhibits expression of a gene whose transcription is regulated by NF-KB.

24. How ENBREL reduces the level of expression of a cytokine gene whose transcription is regulated by NF-KB, including how ENBREL reduces the level of expression of genes encoding TNF and IL-1.

25. How KINERET reduces the level of expression of a cytokine gene whose transcription is regulated by NF-KB, including how KINERET reduces the level of expression of genes encoding TNF and IL-1.

26. How ENBREL diminishes induced NF-KB-mediated intracellular signaling, including how ENBREL diminishes intracellular signaling induced by TNF.

27. How KINERET diminishes induced NF-KB-mediated intracellular signaling, including how KINERET diminishes intracellular signaling induced by IL-1.

28. How ENBREL diminishes molecular communication within cells effected by, or conveyed through, NF-KB.

29. How KINERET diminishes molecular communication within cells effected by, or conveyed through, NF-KB.

30. The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 29 above.

31. The nature, existence and location of all DOCUMENTS relating to Topics 1 to 29 above.