## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) |
| Defendants. | ) C.A. No. 06-259-MPT ) |
| | ) |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

## COUNTERCLAIM DEFENDANT WYETH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER AND STAY ARIAD'S COUNTERCLAIM

*Of Counsel:*
Robert D. Bajefsky
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, District of Columbia  20001
(202) 408-4000

Frederick L. Cottrell, III (# 2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
(302) 651-7509

*Attorney for Counterclaim Defendant Wyeth*

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia   20190
(571) 203-2700

Dated:  June 4, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I.    INTRODUCTION .................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................. 2

      A.  Status of the Case ........................................................................................ 2

      B.  Wyeth Does Not Manufacture or Sell Enbrel®; It Merely Has the Right to Co-
          promote That Product Under an Agreement With Amgen ..................................... 3

III.  ARGUMENT ........................................................................................................... 5

      A.  Because Wyeth Has Not Consented to Jurisdiction, Ariad's Counterclaim
          Against Wyeth Cannot Be Tried Before the Magistrate Judge............................. 5

      B.  This Court Should Sever and Stay Ariad's Claims Against the Peripheral Party
          Wyeth ......................................................................................................... 6

      C.  If Wyeth Remains in the Case, a Significant Extension of the Case Schedule
          Will Be Required ........................................................................................... 8

      D.  Ariad Would Not Be Prejudiced if Wyeth Is Severed from This Case .................. 9

      E.  Once Severed, Ariad's Claim for Infringement Against Wyeth Should Be
          Stayed Pending the Outcome of This Case.......................................................... 10

IV.   CONCLUSION ....................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Cases**

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
   352 F. Supp. 2d 1119 (C.D. Cal. 2005), *aff'd on other grounds*,
   435 F.3d 1356 (Fed. Cir. 2006) ........................................................................... 9

*Commissariat à L'Energie Atomique v. Dell Computer Corp.*,
   No. Civ.A. 03-484-KAJ (consolidated), 2004 WL 1554382
   (D. Del. May 13, 2004) ..................................................................................... 11

*Corry v. CFM Majestic, Inc.*,
   16 F. Supp. 2d 660 (E.D. Va. 1998) ................................................................ 6, 7

*Cost Bros., Inc. v. Travelers Indem. Co.*,
   760 F.2d 58 (3d Cir. 1985) ............................................................................... 10

*DirecTV, Inc. v. Leto*,
   467 F.3d 842 (3d Cir. 2006) ............................................................................. 10

*Guess v. Chenault*,
   108 F.R.D. 446 (N.D. Ind. 1985) ........................................................................ 5

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*,
   No. Civ.A. 04-1337-KAJ (consolidated), 2005 WL 2465898
   (D. Del. May 18, 2005) ..................................................................................... 11

*Koh v. Microtek Int'l, Inc.*,
   250 F. Supp. 2d 627 (E.D. Va. 2003) ......................................................... 6, 7, 11

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...................................................................................... 6, 10

*Meritor Transmission Corp. v. Eaton Corp.*,
   81 U.S.P.Q.2d 13573 (W.D.N.C. 2006) ............................................................. 9

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
   766 F. Supp. 212 (D. Del. 1991) ...................................................................... 10

*Zip Dee, Inc. v. Dometic Corp.*,
   905 F. Supp. 535 (N.D. Ill. 1995) ....................................................................... 9

**Statutes**

28 U.S.C. § 1404 ..................................................................................................... 6

28 U.S.C. § 636 .................................................................................................... 2, 6

**Other Authorities**

14 James W. Moore, *Moore's Federal Practice* § 73.03(1)(b), at 73-9 (3d. 2002)
   (page dated 1997) ............................................................................................... 5

**Regulations**

Fed. R. Civ. P. 21 .................................................................................................. 1, 6

Fed. R. Civ. P. 42 ..................................................................................................... 6

Fed. R. Civ. P. 73 .................................................................................................. 2, 6

L.R. 73.1 ................................................................................................................... 6

iii

## I.  INTRODUCTION

Wyeth respectfully requests that Ariad's suit against it be severed and stayed pursuant to Fed. R. Civ. P. 21 and this Court's inherent power.  Wyeth's only connection to the subject matter of this litigation is that it co-promotes Enbrel®, one of the products accused of infringement.  As such, Wyeth is a peripheral party to the action between Amgen and Ariad, and courts routinely sever peripheral parties where the severance serves the interests of justice. Here, the interests of justice favor severing and staying Wyeth's claim and allowing the main action between Ariad and Amgen to proceed to trial.

The Court and the parties have already spent considerable resources in moving this case towards trial, including the presentation to the Court of detailed technical tutorials.  Wyeth, however, does not consent to the jurisdiction of the Magistrate Judge.  All parties must consent in order for the Magistrate Judge to preside over the trial.  As such, and to allow the case to proceed to trial, the interests of justice plainly favor severing Ariad's claim against Wyeth.

Courts have also severed peripheral parties where the result of the main action will obviate the need for a trial against the peripheral party.  Such is the case here.  Ariad can obtain full relief—in terms of either an injunction or monetary damages—from Amgen, and there is no allegation that Amgen would not be capable of paying any such damages.  Ariad would not be permitted to recover the same damages from two different parties for the same infringement.

Furthermore, if Wyeth remains as a party to the case, it would need a significant extension to the discovery and trial schedule.  As a party, Wyeth could be potentially bound by any adverse decision reached by this Court as to the claim construction, validity, and/or enforceability of U.S. Patent No. 6,410,516 ("the '516 patent") not only for Enbrel®, but for all

- 1 -

future Wyeth products.  Accordingly, Wyeth would need the ability to participate fully in the action as if it were a party from the beginning.  Wyeth would need time to study the discovery taken to date, collect and produce its own documents, formulate its own positions, and retain experts.  Rather than significantly disrupting the schedule now in place, the interests of justice favor severing Ariad's claim against Wyeth and allowing the remaining dispute to proceed to trial.

Finally, Ariad would suffer no appreciable prejudice if its claim against Wyeth was severed and stayed pending the outcome of the instant suit.  As mentioned above, Ariad can obtain full relief for its infringement claim from Amgen.    In addition, Wyeth will agree to provide appropriate discovery to Ariad and have any discovery disputes resolved by this Court.  Accordingly, for all the above reasons, Wyeth respectfully requests that Ariad's counterclaim against it be severed and stayed.

## II.    FACTUAL BACKGROUND

### A.    Status of the Case

This case is hardly in its infancy.  Amgen originally filed its complaint on April 20, 2006, seeking a declaratory judgment that the '516 Patent was invalid and not infringed by activities related to Amgen's Enbrel® and/or Kineret® products.  (D.I. 1 at ¶ 2.)  The case was initially assigned to Judge Jordan, who on July 19, 2006, entered a scheduling order that, *inter alia*, set a discovery cutoff date of April 23, 2007.  After Judge Jordan was confirmed to the United States Court of Appeals for the Third Circuit, Amgen and Ariad consented to the exercise of jurisdiction over this case by Magistrate Judge Thynge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

- 2 -

During the first nine months that this action was pending, in order to prevent this Court from considering the merits of Amgen's suit, Ariad filed numerous motions seeking to have this action dismissed on the various legal theories or transferred to the District of Massachusetts. This Court denied all of these motions and, on February 22, 2007, entered a First Amended Scheduling Order. That order set a June 13, 2007, cutoff date for fact discovery and an October 1, 2007, cutoff for expert discovery. The order further set dates, *inter alia*, for a tutorial describing the technology in issue, a Markman hearing, and trial. After the entry of that order, Ariad filed its Answer to Amended Complaint including a Counterclaim charging Wyeth with infringing the '516 patent.

Pursuant to the scheduling orders, significant amounts of discovery have been initiated to date. Ariad has served three sets of document requests, two sets of interrogatories and one set of requests for admission on Amgen. Amgen has served two sets of document requests, two sets of interrogatories and one set of requests for admission on Ariad. A number of depositions have been taken. Amgen and Ariad have produced over 550,000 pages of documents. In addition, more than 15 third party subpoenas have issued. In response to one of those subpoenas, Eli Lilly and Company has produced over 220,000 pages of documents.

**B.    Wyeth Does Not Manufacture or Sell Enbrel®; It Merely Has the Right to Co-promote That Product Under an Agreement With Amgen**

Ariad's assertion at this late date that Wyeth infringes its patent in connection with activities concerning Enbrel® is remarkable. Wyeth does not make Enbrel® in the United States. Wyeth does not import Enbrel® into the United States. Wyeth does not sell or offer to sell Enbrel® in the United States.

Only Amgen engages in those activities. Amgen, through its wholly owned Immunex subsidiary, has controlled Enbrel® from its creation and still controls all U.S. rights to the drug.

- 3 -

Chiefly responsible for Enbrel®'s original research and development, Immunex filed a Biological License Application ("BLA") with the U.S. Food and Drug Administration ("FDA") for the right to promote and sell the drug in the United States. The FDA granted Immunex's BLA and, thus, only Amgen, through its Immunex subsidiary, can legally market the drug in this country. Wyeth's relationship to Enbrel® arises only from the Amended and Restated Promotion Agreement between Immunex, American Home Products and Amgen (Co-Promotion Agreement), in which Wyeth agreed to assist Amgen with the marketing and promotion of Enbrel® in the U.S. in exchange for a certain percentage of gross profits. (*See generally* Ex. A.) Without the Co-Promotion Agreement, Wyeth would have no rights to Enbrel® in the United States.

The Co-Promotion Agreement defines the structure and process through which Amgen and Wyeth market Enbrel® in the United States, but does not alter Amgen's essential control over Enbrel.® Amgen records all sales of Enbrel® in its name and on its books, including those resulting from Wyeth's promotional activities. (*Id.* at § 5.1) Amgen is responsible for all filings with the FDA. (*Id.* at §§ 5.3(a) & (d).) Wyeth does not have the right to manufacture Enbrel® in the United States or to keep any inventory of the drug. In fact, Amgen ultimately selects the providers of all distribution, financial, and professional services for Enbrel.® (*Id* at § 5.6.) In short, the Co-Promotion Agreement grants Wyeth limited rights for co-promotion—which only Amgen can grant under the BLA–while maintaining Amgen's manufacturing, regulatory, and sales controls over Enbrel® in the United States.

Ariad's assertion that Wyeth somehow infringes in connection with Amgen's Kineret® product is, quite simply, a myth. Wyeth has absolutely no relation to Amgen's Kineret product,

- 4 -

and Wyeth believes that Ariad cannot produce a single piece of evidence in support of its claim that Wyeth infringes in connection with Kineret.®

## III.    ARGUMENT

Wyeth does not make, use, sell, offer for sale, or import Enbrel® in the United States. Wyeth only co-promotes that product.  Wyeth has absolutely no involvement with Amgen's Kineret® product.  Therefore, Wyeth's connection to this case is, in fact, tenuous.  Neither Ariad nor Amgen need Wyeth in this case.  Thus, adding Wyeth as a party to this case will have only one result:  further delay of this action.  The Court should accordingly sever and stay the action against Wyeth.

### A.    Because Wyeth Has Not Consented to Jurisdiction, Ariad's Counterclaim Against Wyeth Cannot Be Tried Before the Magistrate Judge

Consent of all the parties to a civil action is required for a Magistrate Judge to exercise jurisdiction over a case.  Fed. R. Civ. P. 73(a); *Guess v. Chenault*, 108 F.R.D. 446, 448 (N.D. Ind. 1985); 14 James W. Moore, *Moore's Federal Practice* § 73.03(1)(b), at 73-9 (3d. 2002) (page dated 1997).  At this time, Wyeth does not waive its right to have Ariad's claim against it tried before an Article III judge and, thus, does not consent to trial before the Magistrate Judge. This does not, however, prevent the Magistrate Judge from deciding the core dispute between Amgen and Ariad.

For example, in *Guess*, the original parties consented to the Magistrate's jurisdiction, but a later-added party did not.  The plaintiff specifically alleged that the later-added party was "the real party in interest"–a claim that Ariad cannot make here.  *Guess* at 449.  The Magistrate considered the issue of consent and ruled that it did not have jurisdiction over the later-added defendant.  *Id.*   The Magistrate then considered whether it should try the case between the

- 5 -

original two parties. *Id.* Despite the plaintiff's allegation about the importance of the later-added party, the Magistrate decided to preside over the trial with the original parties as "[a] further delay of [the] case would be contrary to the interests of justice." *Id.* at 450. Accordingly, the Magistrate severed the non-consenting defendant under Fed. R. Civ. P. 42(b).

As in *Guess,* and pursuant to 28 U.S.C. § 636(c)(1), Fed. R. Civ. P. 73(a), and L.R. 73.1, Amgen and Ariad expressly consented to the trial of this case before the Honorable Magistrate Judge. Wyeth has even less of a connection to this case than the alleged "real party in interest" in *Guess.* Therefore, the Court should proceed with the main action between Amgen and Ariad, without Wyeth. As to Wyeth, the Court should sever and stay Ariad's counterclaims.

**B.    This Court Should Sever and Stay Ariad's Claims Against the Peripheral Party Wyeth**

The interests of justice heavily favor severing Ariad's counterclaim against Wyeth. Under Rule 21, a court may sever and stay a cause of action against one party while permitting the remainder of the action to proceed. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 631-32 (E.D. Va. 2003); Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately"). Moreover, the authority to stay is an inherent power of every court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")

Courts have used their Rule 21 powers in cases such as this to "sever peripheral claims where the administration of justice would be materially advanced." *Corry v. CFM Majestic, Inc.*, 16 F. Supp. 2d 660, 665 (E.D. Va. 1998) (quotation omitted). While *Corry* and *Koh* relate to severance in the context of motions to transfer under 28 U.S.C. § 1404(a), their focus

- 6 -

on the interests of justice clearly has wider applicability. As *Corry* further noted, the interests of justice include ensuring "the just, speedy, and inexpensive determination of . . . [the] action." *Id*.

Courts are particularly willing to sever and stay a peripheral claim when the adjudication of the main claim is potentially dispositive of the severed claim. *Id*; *Koh*, 250 F. Supp. 2d at 632. As the court stated in *Corry*: "[S]everance of plaintiff's claim against Thulman is warranted because that claim is peripheral or secondary to plaintiff's claims against the CFM entities, and because that claim is likely to be resolved by the disposition of the claims against the CFM entities. From this, it follows that in the interests of justice the severed claim against Thurman should be stayed pending the disposition of the transferred claims." 16 F. Supp. 2d at 666.

Ariad's claim against Wyeth is just the type of peripheral claim where severance is appropriate. Ariad's claim is clearly peripheral to the underlying Amgen/Ariad action. As a practical matter, Ariad's claim against Amgen will almost certainly eliminate the need for the trial of the claim against Wyeth. Amgen's declaratory judgment action for non-infringement places Enbrel® and the '516 patent squarely at issue. If Amgen receives a judgment that Enbrel® does not infringe or that the '516 patent is invalid, then as a practical matter Ariad's claim against Wyeth concerning Enbrel® could not proceed. On the other hand, if Ariad succeeds on its counterclaim of infringement, then any relief effecting Amgen's future rights to manufacture or sell Enbrel® would be equally effective against Wyeth, since Wyeth has no right to sell or offer to sell Enbrel® in the United States. Moreover, any damages that may be awarded to Ariad would be payable by Amgen, and there is no allegation that Amgen would not be capable of paying any damages awarded by this Court. In short, whether Amgen wins or

- 7 -

loses its demand for a declaratory judgment, that outcome would completely resolve Ariad's counterclaim against Wyeth concerning Enbrel®. This factor weighs heavily in favor of severance.

**C.    If Wyeth Remains in the Case, a Significant Extension of the Case Schedule Will Be Required**

Severing and staying the peripheral counterclaim against Wyeth will also eliminate the unnecessary delays caused by the addition of Wyeth as a party to this action.

On February 2, 2007, this Court entered a First Amended Scheduling Order. That Order set a fact discovery cutoff date of June 13, 2007, an expert discovery cutoff date of October 1, 2007, and a trial date of May 12, 2008. Ariad had requested that fact and expert discovery end on September 7, 2007, and November 9, 2007, respectively, and that trial begin on June 16, 2008.

Shortly after the entry of the amended scheduling order, Ariad filed its amended answer, which included a counterclaim charging Wyeth with infringing the '516 patent as a result of its activities related to Enbrel®. Based in part on the addition of Wyeth as a party, Ariad has proposed extending fact discovery six and one half months to December 31, 2007, expert discovery five and one half months to March 14, 2008, and the trial date by four months to December 15, 2008. (See May 7, 2007, letter from Birnholz to Sernel, attached as Exhibit B.)

If Wyeth remains as a party to this case, even Ariad's proposed discovery schedule may not be sufficient. Wyeth, as a new party, will need time to, among other things, study the discovery taken to date, collect and produce its own documents, formulate its own positions, and retain experts. Moreover, Wyeth must have the opportunity to participate in *full* fact discovery as if it were a party from the outset.

- 8 -

Wyeth's need to participate fully if it remains a party is based on significant concerns beyond Enbrel®. If it remains a party, Wyeth could be potentially bound by any adverse decision reached by this Court as to the claim construction, validity, and/or enforceability of the '516 patent if Ariad were to assert infringement by products that Wyeth sells in the United States or will sell in the future. *See Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 352 F. Supp. 2d 1119, 1124-25 (C.D. Cal. 2005) (finding accused infringer bound by issue preclusion (i.e., collateral estoppel) as to previous determination of patent validity), *aff'd on other grounds*, 435 F.3d 1356 (Fed. Cir. 2006); *Zip Dee, Inc. v. Dometic Corp.*, 905 F. Supp. 535, 537 (N.D. Ill. 1995) (same); *Meritor Transmission Corp. v. Eaton Corp.*, 81 U.S.P.Q.2d 1357, 1360-63 (W.D.N.C. 2006) (same). The threat of such issue preclusion would force Wyeth to participate fully in all aspects of this case and possibly pursue defenses unnecessary to resolve the core dispute over Enbrel®. If the Court severs Ariad's claim against Wyeth, there would be no need for expanded participation by Wyeth (with associated delays) because there would not be issue preclusion as to other Wyeth products. Wyeth would not be a party to the action and would not be "fully represented" in the Ariad/Amgen litigation. *Id.*

### D.    Ariad Would Not Be Prejudiced if Wyeth Is Severed from This Case

Ariad will suffer no prejudice if its claim against Wyeth is severed from the main action. As explained above, Wyeth does not need to be a party to this suit in order for Ariad to, as a practical matter, be accorded complete relief for any alleged infringement of the '516 patent by Enbrel®. An injunction against Amgen would leave Wyeth with no product to co-promote, and Ariad has not alleged that Amgen lacks the ability to pay a possible damages award.

- 9 -

Moreover, Wyeth agrees to treat the discovery served on it by Ariad as if served by subpoena and agrees to this Court's jurisdiction to hear all discovery disputes. There is simply no prejudice to Ariad by severing this case.

### E.    Once Severed, Ariad's Claim for Infringement Against Wyeth Should Be Stayed Pending the Outcome of This Case

Ariad's counterclaim for infringement of the '516 patent, when severed from this case, would proceed as a discrete, independent action. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006). That new case should be stayed pending the outcome of this case, because the resolution of the main claim will eliminate the need to try the action against Wyeth.

A district court has the inherent power to stay a case through the exercise of its judgment. *Landis*, 299 U.S. at 254-55 (power to stay is inherent in power to control disposition of docket); *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Courts in this district have routinely considered four factors in determining whether to grant a stay: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether the stay will simplify the issues and trial of the case; (3) the progress of discovery and whether it is completed; and, (4) whether a trial date has been set and its proximity to the motion to stay. *See United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (applying those factors to grant a stay pending reexamination). These factors demonstrate that the Court should stay Ariad's severed infringement claim against Wyeth.

For all the reasons expressed above, Ariad will not suffer undue prejudice or tactical disadvantage should this Court stay the severed claim pending outcome of the main case. The progress of Ariad's litigation with Amgen will allow Ariad to resolve any alleged infringement of the '516 patent by Enbrel® in due course. And as discussed above, Ariad can obtain full

- 10 -

recovery from Amgen should it prevail. The result of the litigation between Ariad and Amgen will render Ariad's claim against Wyeth regarding Enbrel® moot. Wyeth will also provide Ariad with discovery and submit to the jurisdiction of this Court for any discovery dispute. Thus, a stay in favor of Wyeth will not prejudice Ariad.

Indeed, other courts in this district have routinely granted stays of litigation against parties such as resellers that are considered secondary to the main infringement case. *Koh*, 250 F. Supp. 2d at 633 (granting stay of severed counterclaim against reseller of accused product); *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. Civ.A. 04-1337-KAJ (consolidated), 2005 WL 2465898, at *4 (D. Del. May 18, 2005) (allowing certain limited discovery to identify the accused product, but largely staying case against non-manufacturer defendants); *Commissariat à L'Energie Atomique v. Dell Computer Corp*, No. Civ.A. 03-484-KAJ (consolidated), 2004 WL 1554382, at *3 (D. Del. May 13, 2004) (noting that "[i]t is common practice to stay all pending [patent] litigation except the first suit between the patent owner and a manufacturer or a higher level supplier") (quotation omitted). Wyeth's requested stay of Ariad's infringement claim is no different. The requested stay will conserve judicial resources, as well as the parties' resources, by not litigating a claim that need not be tried.

## IV.    CONCLUSION

The interest of justice will be served by severing and staying the Counterclaim against Wyeth. Wyeth is truly peripheral to the Amgen/Ariad dispute and its presence in this action is, therefore, unnecessary. Its presence in this action will unnecessarily complicate and extend the Amgen/Ariad dispute. It is clearly in the interest of justice to sever and stay the counterclaim. *Cf. Corry*, 16 F. Supp. 2d at 665 (granting a motion to sever and stay a peripheral patent

- 11 -

infringement because it "serves the interest of justice by securing 'the just, speedy, and inexpensive determination of . . . [the] action'").

Accordingly, Wyeth requests that Ariad's counterclaim against it be severed and stayed pending final resolution of the claims between Amgen and Ariad.

*Of Counsel:*

Robert D. Bajefsky
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, District of Columbia  20001
(202) 408-4000

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190
(571) 203-2700

Dated:  June 4, 2007

Frederick L. Cottrell, III (# 2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
(302) 651-7509

*Attorney for Counterclaim Defendant Wyeth*

- 12 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that, on June 4, 2007, I caused to be sent by hand delivery and electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick
John T. Day
Tiffany Geyer Lyden
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE   19899

Melanie K. Sharp
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899

I hereby certify that on June 4, 2007, the foregoing document was sent via Federal Express to the following non-registered participants in the manner indicated:

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA   90067

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Los Angeles, CA   60601

J. Drew Diamond
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA   90017

Anne Shea Gaza (#4093)
gaza@rlf.com

RLF1-3159971-1