# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MELANIE K. SHARP
DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

June 12, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.*, C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

      In response to Your Honor's request for Amgen's views on the subject, I write to indicate Amgen's support of Wyeth's motion to sever and stay ARIAD's claim against Wyeth pending the resolution of this case. Amgen believes the longstanding action between ARIAD and Amgen should proceed as scheduled.

      Amgen agrees with Wyeth that Wyeth is not a necessary party in this action for either ARIAD or Amgen to get the full relief sought by their claims. ARIAD can seek, and has sought, all of the relief to which it is entitled by pursuing this case against Amgen alone. Any damages assessed with respect to Enbrel can be satisfied by Amgen since Wyeth has no rights to manufacture or sell Enbrel in the United States.[1] Furthermore, ARIAD would suffer no prejudice in discovery if its claim against Wyeth is severed and stayed, given that Wyeth has agreed to produce documents pursuant to subpoena, and has assented to this Court's jurisdiction to resolve any discovery disputes that may arise. In fact, ARIAD and third party deponents would benefit from the grant of Wyeth's motion since they would not be subjected to second depositions in this case, this time taken by Wyeth.

      The only real effect of denying Wyeth's motion – and ARIAD's clear motivation for adding Wyeth as a party so late in the case – is to derail the schedule. ARIAD's strategy in this case from the start has been to delay and avoid addressing the merits of Amgen's case. Wyeth has essentially stated that it would need to start this case all over again in order to defend itself against ARIAD's claims. It goes without saying that yet another delay of the schedule at this point would severely prejudice Amgen. Amgen filed its declaratory judgment action nearly 14 months ago to clear the air with respect to the applicability of any claims of the '516 patent to its products. Although ARIAD has done everything in its power to delay, much progress in the case has now been made, and fact discovery is set to close on July 27, 2007. To deny Wyeth's motion, which would necessitate restarting this case, would waste the resources spent by the parties and the Court and reward ARIAD's delay tactics.

---

[1] As indicated in its brief, Wyeth has no relation to the product Kineret whatsoever. As for Enbrel, any possible damage award or other relief can be assessed against Amgen, and Amgen can then seek recovery from Wyeth for its share pursuant to the contractual arrangement between Amgen and Wyeth (a contractual matter that ARIAD has no standing to address).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
Page 2

      Amgen would be prejudiced by the addition of Wyeth at this late stage of the case, whereas ARIAD would not suffer any prejudice if the claim against Wyeth is severed and stayed. The grant of Wyeth's motion to sever and stay will ensure that ARIAD obtains full relief for any Enbrel damages and will retain the current schedule. For the above reasons, Amgen supports Wyeth's motion to have the claim against Wyeth severed from this action.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:ams
cc:    Clerk of the Court (Hand Delivery)
       John G. Day, Esquire (via e-mail and Hand Delivery)
       Frederick L. Cottrell, III, Esquire (via e-mail and Hand Delivery)
       David I. Gindler, Esquire (via e-mail)
       Charles E. Lipsey, Esquire (via e-mail)