# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 2, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19810

**VIA ELECTRONIC FILING**

Re:    *Amgen Inc. et al. v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-MPT

Dear Judge Thynge:

We write on behalf of the Counterclaim Plaintiffs (collectively "ARIAD") in response to Wyeth's letter dated August 1, 2007, requesting that the Court extend the time that Dr. Patrick Baeuerle must remain in the United States for deposition. Dr. Baeuerle, a third-party inventor on the '516 patent who lives and works in Germany, has made special arrangements to appear for deposition in Boston on August 10, 2007. Wyeth's complaint that it is being denied an adequate opportunity to depose Dr. Baeuerle is rather surprising. Wyeth was joined as a counterclaim defendant on April 13, 2007. (D.I. 183). Since that time, Wyeth has not attended a single deposition in this case—including the depositions of two other foreign-based inventors, Drs. Corcoran and Clerc.

Well over two months ago in May 2007, ARIAD notified Amgen and Wyeth that Dr. Baeuerle could make arrangements to travel from Germany to the United States in order to appear for deposition on August 10, 2007. Ex. 1 & 2. Wyeth was a party to the case at the time that ARIAD proposed this date for Dr. Baeuerle's deposition. In a letter dated May 22, 2007, Amgen accepted this date for Dr. Baeuerle's deposition. Ex. 3. Wyeth did not respond or object in any way to ARIAD's letter regarding Dr. Baeuerle's deposition or to the proposed date. Nor did Wyeth raise concerns about the amount of time needed to conduct Dr. Baeuerle's deposition. Accordingly, the deposition was scheduled and confirmed for August 10.

It was not until July 18, 2007—long after Dr. Baeuerle had already made firm plans to travel to and from the United States—that Wyeth first disclosed that it intended to appear at Dr. Baeuerle's deposition and intimated that its own separate questioning of Dr. Baeuerle may require an exception to the presumptive seven-hour limit specified in Rule 30 of the Federal Rules of Civil Procedure. Ex. 4. Wyeth did not provide ARIAD with any specific reason why the deposition of Dr. Baeuerle cannot be completed within the time allotted under the rules, other than that Wyeth plans to participate in the examination—Wyeth's first appearance at a deposition in this case. ARIAD did not respond with a blanket rejection of any additional deposition time

The Honorable Mary Pat Thynge
August 2, 2007
Page 2

for any witness, as Wyeth suggests. Rather, ARIAD made clear that it would always consider a reasonable request to allow additional time with a particular witness in light of the circumstances, but that Wyeth had not articulated a meaningful justification with regard to Dr. Baeuerle. Indeed, Wyeth's request would result in a default rule that all witnesses must be available for more than the presumptive seven-hour limit just because Wyeth is a party to the case. ARIAD thus informed Wyeth that more would be needed beyond Wyeth's statement of its intent to pose questions to Dr. Baeuerle. Exs. 5 & 6.

Wyeth's letter to the Court provides no basis for extending Dr. Baeuerle's deposition. Wyeth's letter does not identify a single issue that is unique to Wyeth and that requires additional time for Wyeth to conduct Dr. Baeuerle's deposition. There is nothing about the depositions of the other inventors that suggests additional time is required for Dr. Baeuerle. Of the nine inventors deposed so far, only one (Lenardo) has consumed the full seven hours. One of the depositions lasted only 2½ hours (Corcoran). Four other depositions have lasted 6 hours or less (Lebowitz, Singh, Sen, and Baldwin). Indeed, this is not surprising given that many of the inventors were deposed on the same subject matter in the *Lilly* litigation regarding the '516 patent. Dr. Baeuerle was deposed in that case, spending a full day giving 196 pages of testimony which should streamline the examination to be conducted here.

Rather than articulate specific reasons for more time, Wyeth simply emphasizes its status as a separate party. That fact alone is not a basis to request an exception to the seven-hour rule. Indeed, the Advisory Committee Notes to Rule 30 stress that, while additional time could be allowed in multi-party cases in the right circumstances, "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." Rule 30, Advisory Committee Notes (2000 Amendment). Here, Wyeth has not identified any issue that could arise at Dr. Baeuerle's deposition on which its interests diverge from those of Amgen. This is hardly surprising, for the interests of Amgen and Wyeth are aligned on all issues that would be relevant to Dr. Baeuerle's deposition, such as the conception and reduction to practice of the inventions claimed in the '516 patent. Moreover, Wyeth and Amgen have a contractual obligation to cooperate with each other in patent litigation. Under the co-promotion agreement between Wyeth and Amgen, "the Parties shall at all times endeavor to cooperate and develop a consensus on the strategy and management of such defense" of this action. (D.I. 321, Ex. C at ¶ 11.4(c)).

Wyeth also appears to suggest that the entire time on August 10 has somehow been allotted to Amgen. That is untrue. No time has been allocated to any party. Amgen and Wyeth should share the time equally or make other arrangements between themselves to share the allowed time as they see fit. The presumptive time limit, which protects witnesses from the burdens of unfettered discovery, does not automatically disappear just because a case involves two parties.

In short, Wyeth is not being denied discovery as to Dr. Baeuerle. Dr. Baeuerle will be sitting for a full day of deposition. Indeed, ARIAD informed both Amgen and Wyeth that the deposition may begin early, such as at 8:00 a.m., to make sure that they are afforded a full day of

The Honorable Mary Pat Thynge
August 2, 2007
Page 3


questioning and to allow Dr. Baeuerle to leave at 5:00 p.m. immediately after the deposition so he can make his return flight from Boston to Munich.[1]  Amgen and Wyeth should be able to use that time, with reasonable allotments for breaks and for lunch, to conclude Dr. Baeuerle's deposition.

Amgen and Wyeth can and should work together to coordinate and divide up the deposition time in order to minimize the imposition on witnesses like Dr. Baeuerle and others, many of whom are third parties.  If Amgen and Wyeth fail to cooperate, or if Amgen refuses to share deposition time, the burdens of that dispute should not fall on Dr. Baeuerle.

We appreciate Your Honor's attention to this matter.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick


SJB/dmf
182840.1

cc:    David I. Gindler, Esquire (via electronic mail; w/attachments)
       Melanie K. Sharp, Esquire (by hand and via electronic mail; w/attachments)
       Marcus E. Sernel, Esquire (via electronic mail; w/attachments)
       Frederick L. Cottrell, III, Esquire (by hand and via electronic mail; w/attachments)
       Charles E. Lipsey, Esquire (via electronic mail; w/attachments)
       Robert D. Bajefsky, Esquire (via electronic mail; w/attachments)

---

[1] Because Dr. Baeuerle made his travel arrangements quite some time ago, he is not able to rearrange his schedule at this time.  Dr. Baeuerle will be taking the last flight out of Boston on August 10 in order to meet a preexisting commitment to attend a Board meeting in Southern Germany for a charity that he supports in India on the evening of Saturday, August 11.

# EXHIBIT 1

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7052
FACSIMILE (310) 203-7199
rbirnholz@irell.com

May 17, 2007

**VIA E-MAIL**

Marcus E. Sernel, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL  60601-6636

Re:    Amgen Inc. v. ARIAD Pharmaceuticals, Inc.

Dear Marc:

We have informed Drs. Baeuerle, Corcoran and Clerc of the Court's order.  In light of the significant travel (from Germany, Australia, and Switzerland), and the burden Amgen's request imposes on their professional and personal schedules, we can report that:

- Dr. Baeuerle can be available for deposition in Boston on August 10, 2007.

- Dr. Corcoran can be available for deposition on June 28, 2007.  The tentative proposed location is Los Angeles, though we are still investigating.

- We were able to reach Dr. Clerc via FedEx, though previous letters and phone calls had gone unanswered.  (The telephone extension to which our calls were directed did not have "voice mail.")  We are currently investigating dates on which he might agree to appear for deposition in the United States.

Per the Court's order, Amgen will pay the costs of the transportation, food and lodging expenses incurred for the witnesses to attend these depositions.  Given the length of the travel, the witnesses will be flying business class.  Moreover, Dr. Corcoran requires the additional space of business class because she is recovering from serious knee surgery.  We will ask these individuals to hold the dates mentioned above and assume that we will be proceeding as described.

Very truly yours,

Richard M. Birnholz

cc:    Steven J. Balick, Esq.
       Melanie K. Sharp, Esq.
       Frederick Cottrell, III, Esq.

1694572

# EXHIBIT 2

**Drescher, Daphne**

| | |
|---|---|
| **From:** | Rosenblatt, Betsy |
| **Sent:** | Monday, May 21, 2007 10:37 PM |
| **To:** | 'msernel@kirkland.com' |
| **Cc:** | #EXT SERV Ariad/Amgen [Ext] |
| **Subject:** | Amgen v. ARIAD - letter from B. Rosenblatt (re foreign inventors) |
| | |
| **Attachments:** | 1697019.PDF |

Marc - please see the attached letter.  Thanks - Betsy


1697019.PDF
(26 KB)

Betsy Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067
Direct Dial: (310) 203-7090
Fax:  (310) 203-7199



IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7090
FACSIMILE (310) 203-7199
brosenblatt@irell.com

May 21, 2007

**VIA E-MAIL**

Marcus E. Sernel, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636

   Re:  *Amgen, Inc. v. ARIAD Pharmaceuticals, Inc.*

Dear Marc:

   We have received additional information from Drs. Corcoran and Clerc regarding their availability for deposition.

- Dr. Corcoran can be available for deposition in Los Angeles on the previously-identified date of June 28, 2007.

- Dr. Clerc can be available for deposition in Los Angeles on July 6, 2007.

   Per our earlier correspondence, we have asked each individual to hold open the dates mentioned above.  In light of the significant travel and burden on their professional and personal schedules, please confirm these dates, as well as the August 10, 2007 (Boston) date for Dr. Baeuerle, as soon as possible.

     Sincerely,

     Betsy Rosenblatt

1697019

# EXHIBIT 3

# KIRKLAND & ELLIS LLP

**AND AFFILIATED PARTNERSHIPS**

200 East Randolph Drive
Chicago, Illinois 60601

Marcus E. Sernel
To Call Writer Directly:
312 861-2389
msernel@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

May 22, 2007

<u>VIA E-MAIL</u>

Betsy Rosenblatt, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

**Re:** *Amgen et al. v. ARIAD Pharms., Inc.*, D. Del. Civil Action No. 06-259-(MPT)

Dear Betsy:

I write regarding the depositions of the foreign-based inventors of the '516 patent.

First, in response to your letter of late last week and today concerning the depositions of Drs. Baeuerle, Corcoran and Clerc, we agree to your proposed dates and locations for these depositions. Although these dates are outside the close of fact discovery in this case, we are willing to accommodate your request given the special circumstances requiring these individuals to travel to the United States from abroad. Our agreement to take these depositions outside the current fact discovery deadline should not in any way be construed as an agreement that the overall case schedule needs to be modified.

Second, we agree to your request to pay for a business class fare for these witnesses to travel to the United States, provided that fares obtained are no more than the lowest-available fares purchased more than 28 days prior to travel. We also agree to reimburse for other reasonable expenses incurred during their travel, including lodging for two nights at a reasonable hotel.

Third, in response to your colleague's letter of Friday describing Dr. Louis Staudt's medical condition, while we are of course sympathetic to his ailment, we do intend to move forward with this deposition. It is our understanding that Dr. Staudt is still actively engaged in research activities, including running a laboratory at the National Institute of Health, and do not understand his condition to be so debilitating as to justify his exclusion from discovery altogether. We are certainly willing to make reasonable accommodations for Dr. Staudt's medical condition (such as taking frequent breaks), and also believe that this deposition is

London          Los Angeles          New York          San Francisco          Washington, D.C.

## KIRKLAND & ELLIS LLP

May 22, 2007
Page 2

unlikely to take a full seven hours.  Please let us know the dates on which Dr. Staudt is available
as soon as possible.

Very truly yours,

*/s/ Marcus E. Sernel*

Marcus E. Sernel

# EXHIBIT 4



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

3500 SunTrust Plaza ▪ 303 Peachtree Street, NE ▪ Atlanta, GA  30308-3263 ▪ 404.653.6400 ▪ Fax 404.653.6444
www.finnegan.com

**ROBERT C. STANLEY**
404.653.6441
robert.stanley@finnegan.com

July 18, 2007

Betsy Rosenblatt, Esq.                                    **VIA E-Mail**
Irell & Manella LLP                               *brosenblatt@irell.com*
1800 Avenue of the Stars
Suite 900
Los Angeles, California   90067-4276

Re:  Depositions of Ariad's and the Institutions' Witnesses
*Amgen v. Ariad* (D. Del. No. 1:06-cv-00259)

Dear Betsy:

As the parties continue to schedule depositions, we ask that Ariad please keep in mind that, subject to Wyeth's pending motion to sever and stay, more than one day may be necessary for both Amgen and Wyeth to complete their questioning.  The possibility of multiple days may apply, in particular, to the presently scheduled depositions of Dr. Baeuerle (August 10 in Boston) and Dr. Baltimore (September 26 in Pasadena).

With best regards,

Sincerely,

Robert Stanley

Robert C. Stanley

cc:    Ariad Counsel (*ariad.litigation.team@irell.com*)
        Amgen Counsel (*ariadcorrespondence@kirkland.com*)

**Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo**

# EXHIBIT 5

I R E L L  &  M A N E L L A  LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

<table>
<tr><td>840 NEWPORT CENTER DRIVE, SUITE 400<br>NEWPORT BEACH, CA  92660-6324<br>TELEPHONE (949) 760-0991<br>FACSIMILE (949) 760-5200</td><td>1800 AVENUE OF THE STARS, SUITE 900<br><br>LOS ANGELES, CALIFORNIA  90067-4276</td><td>TELEPHONE (310) 277-1010<br>FACSIMILE (310) 203-7199<br>WEBSITE: www.irell.com<br><br>WRITER'S DIRECT<br>TELEPHONE (310) 203-7090<br>FACSIMILE (310) 203-7199<br>brosenblatt@irell.com</td></tr>
</table>

July 23, 2007

**VIA E-MAIL**

Robert Stanley, Esq.
Finnegan Henderson Farrabow Garrett &
Dunner LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308

   Re:  *Amgen, Inc. et al v. ARIAD Pharmaceuticals, Inc. et al.*

Dear Robert:

   I am writing in response to your letter of July 18, 2007 regarding deposition scheduling.  While Amgen and Wyeth are free to share a witness's deposition time, Rule 30(d) permits only one day of seven hours per fact witness.  Amgen and Wyeth may divide that time amongst themselves as they wish.

   Since you mentioned Drs. Baeuerle and Baltimore in particular, I will note that each of them had his deposition taken in the Lilly case.  Also, Dr. Baeuerle will be in attendance from Germany and is not available for multiple days of deposition in any event.

     Sincerely,

     Betsy Rosenblatt

cc:  Counsel of Record

1727108

# EXHIBIT 6

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7052
rbirnholz@irell.com

July 26, 2007


**VIA E-MAIL**

Robert C. Stanley, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia  30308-3263

    Re:  *Amgen Inc., et al. v. ARIAD Pharmaceuticals, Inc., et al.,* and related
        counterclaims

Dear Robert:

   I am writing in response to your letter of July 26, 2007 to Betsy Rosenblatt regarding Wyeth's request that ARIAD automatically agree in advance to allow more than the traditional seven hours of time for a deposition.

   As we stated in our July 23 letter, Amgen and Wyeth are free to share the allowed time as they deem fit.  While we would always consider a reasonable request for additional time with a particular witness if the circumstances warrant, it is not appropriate to insist on additional time at the outset.

   Indeed, your specific request for additional time is made with respect to Dr. Baeuerle, a third party inventor who lives and works in Germany and who has made special arrangements to appear in Boston on August 10.  Putting aside that Dr. Baeuerle does not have additional time available (he is returning to Munich on August 10 after the deposition), we do not see why more time is necessary.  As you know, Dr. Baeuerle was previously deposed in the *Lilly* case.  After the deposition on August 10, which itself is of questionable necessity, he will have been deposed for two days.  One would think that by the end of the second session of deposition, Amgen and Wyeth would have all their questions answered about Dr. Baeuerle's work that led to the inventions at issue in the case.  Further imposition on this foreign resident is not reasonable, and a blanket request for more time certainly has not been justified.

   We also point out that under the co-promotion agreement between Wyeth and Amgen, "the Parties shall at all times endeavor to cooperate and develop a consensus on the strategy and management of such defense" of this action.  *See* ¶ 11.4(c).  We trust that you are working with Amgen to do so, and at the same time making sure to take steps to

1729137

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Robert C. Stanley, Esq.
July 26, 2007
Page 2


coordinate in such a way that will minimize the imposition on witnesses, many of whom are third parties that already were deposed before on the same subject matters.

I believe this letter addresses the issues you have raised, but we can make ourselves available if you think further discussion would be productive. I am not available at the specific time you proposed, but could speak tomorrow (July 27) from 1:30-2:00 p.m. (PST) or after 3:00 p.m. (PST).

Sincerely,

Richard Birnholz

cc:    Counsel of Record

1729137