# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

August 3, 2007

**VIA E-FILING AND HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Amgen Inc., et al. v. Ariad Pharmaceuticals, Inc., et al.*
      **C.A. 06-259-MPT**

Dear Magistrate Judge Thynge:

Ariad enclosed several letters yesterday, but omitted Wyeth's July 26 letter. A copy is enclosed as Wyeth may rely upon it this afternoon at 1:30 p.m.

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC,III/afg
Enclosure
cc:   Clerk of the Court (via hand delivery)
      Melanie K. Sharp, Esquire (via e-mail and hand delivery)
      John G. Day, Esquire (via e-mail and hand delivery)
      David I. Gindler, Esquire (via e-mail)
      Charles E. Lipsey, Esquire (via e-mail)
      Frederick L. Cottrell, III, Esquire (via e-mail)
      Robert Bajefsky, Esquire (via e-mail)

RLF1-3185576-1



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

3500 SunTrust Plaza ■ 303 Peachtree Street, NE ■ Atlanta, GA  30308-3263 ■ 404.653.6400 ■ Fax 404.653.6444
www.finnegan.com

ROBERT C. STANLEY
404 653 6441
robert.stanley@finnegan.com

July 26, 2007

Betsy Rosenblatt, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California   90067-4276

**VIA E-Mail**
*brosenblatt@irell.com*

Wyeth's Depositions of Ariad's Witnesses
*Amgen v. Ariad* (D. Del. No. 1:06-cv-00259)

Dear Betsy:

In your letter of July 23, 2007, Ariad refused to make its witnesses available for more than seven hours, as Wyeth requested in my letter of July 18th. Federal Rule of Civil Procedure 30(d)(2) is, however, not as rigid as your letter suggests. It specifically authorizes longer depositions when "authorized by the court or stipulated by the parties." The rule further specifies that the "court *must* allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent." Indeed, the comments to the 2000 Amendments to the rule provide an express example that more time may be warranted in a multi-party case, such as this one, because of "the need for each party to examine the witness."

Wyeth's request for additional time with Ariad's witnesses is particularly reasonable given the circumstances of this case. Wyeth was not a party to this action until Ariad filed its counterclaim. Ariad, having made the decision to make Wyeth a party, cannot now unreasonably restrict Wyeth's ability to take deposition discovery. That is what Ariad is attempting to do when it suggests that Wyeth should share seven hours of deposition with Amgen. Amgen and Wyeth are separate parties, represented by separate counsel, and Wyeth must be able to take discovery necessary to defend against Ariad's counterclaim so long as it is remains a party to this case. Moreover, Wyeth cannot be deprived of its right to discovery merely because Drs. Baeuerle and Baltimore have been deposed in the Lilly case. Wyeth will, of course, work with Amgen to avoid duplicative questioning of Ariad's witnesses.

Betsy Rosenblatt, Esq.
July 26, 2007
Page 2 of 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

  Finally, Ariad did not produce any documents to Wyeth until June 13, 2007, which was after several depositions had already been taken. As a result, Wyeth reserves the right to depose those witnesses.

  I suggest that we meet and confer on this topic as soon as possible, given the upcoming August 10 deposition of Dr. Baeuerle. Please let me know if you are available at 2:00 pm EDT on Friday, July 27, for a teleconference. Otherwise, please propose an alternative time.

  With best regards,

          Sincerely,

          *Robert Stanley*

          Robert C. Stanley

cc: Ariad Counsel (*ariad.litigation.team@irell.com*)
   Amgen Counsel (*ariadcorrespondence@kirkland.com*)