# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 15, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19810

VIA ELECTRONIC FILING

Re:   *Amgen Inc. et al. v. ARIAD Pharmaceuticals, Inc.*, C.A. No. 06-259-MPT

Dear Judge Thynge:

This letter is submitted behalf of ARIAD Pharmaceuticals, Inc., the Massachusetts Institute Of Technology, the President and Fellows of Harvard College, and the Whitehead Institute for Biomedical Research (collectively, "ARIAD"). During the June 13, 2007 teleconference on scheduling matters in this case, the Court moved the trial date to November 2008 and ordered that the parties work together to come up with a proposed schedule that adjusted the other dates accordingly, "try[ing] to mimic what we had before as best you can." The parties have done so, and have jointly submitted a proposed Second Amended Scheduling Order (the "Proposed Order") (D.I. 382)

As the Court can see from the Proposed Order, the parties were able to reach an agreement on all but one issue: Amgen's proposal that the Court set a date in the schedule for a new round of "reply expert reports." Requiring reply reports be exchanged as a matter of course not only is unnecessary, but also would result in logistical problems and impose additional burdens on the parties and this Court. To help the Court in resolving this issue, and in entering the Second Amended Scheduling Order, the parties agreed to submit very short letters to the Court on this one point of difference.

First, Amgen has not provided ARIAD with a satisfactory explanation for its new request that reply reports be exchanged. The Court requested that the parties devise a schedule that tracked the previous schedule, but none of the previous schedules, including the original Scheduling Order (D.I. 37), the First Amended Scheduling Order (D.I. 150), and the proposal Amgen submitted in connection with the June 13, 2007 proceeding (D.I. 299), provided for reply expert reports. This is not surprising, as Federal Rule of Civil Procedure 26(b)(2) does not provide for the exchange of reply reports; it addresses only initial reports and rebuttal reports.

Second, including a round of reply reports in the schedule could unduly compress expert discovery. As set forth in the proposed scheduling order lodged today, the parties have agreed to a schedule that allows about five weeks between the exchange of rebuttal expert reports (on February 22, 2008) and the cut-off for expert discovery (on March 28, 2007). In the event the

1739678

The Honorable Mary Pat Thynge
August 15, 2007
Page 2

parties elected to wait until all reports had been provided before taking any expert depositions, Amgen's proposal that the parties exchange another set of reports—reply reports—on March 7, 2008, forces all expert depositions to be taken within the three-week period directly preceding the close of expert discovery. Given the number of experts likely to be involved in this case (at a minimum, each side will have experts on infringement, validity, and damages) and the fact that the parties have been allowed two days for each expert deposition, three weeks is not sufficient time to prepare for and take the requisite expert depositions.

Third, including reply reports as a matter of course could lead to the situation where experts are less open, complete, or thorough in their initial reports and thus hinder rebuttal experts' ability to prepare complete reports. If a party has a genuine need for supplementation of an expert report, it should seek leave from the Court, not rely on an automatic opportunity to serve another report in reply. This puts rebuttal experts at a significant disadvantage.

Finally, Amgen's proposal would increase the burden on this Court by unnecessarily multiplying the number of expert reports—reports which are sure to be submitted to this Court in connection with dispositive motion practice.

For the foregoing reasons, ARIAD respectfully requests that this Court reject Amgen's proposal that the scheduling order include the exchange of reply reports.

                                                          Respectfully,

                                                          /s/ *Steven J. Balick*

                                                          Steven J. Balick

SJB: nml
183246.1

cc:      David I. Gindler, Esquire (via electronic mail)
           Melanie K. Sharp, Esquire (by hand and via electronic mail)
           Marcus E. Sernel, Esquire (via electronic mail)
           Frederick L. Cottrell, III, Esquire (by hand and via electronic mail)
           Charles E. Lipsey, Esquire (via electronic mail)
           Robert D. Bajefsky, Esquire (via electronic mail)

1739678