# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK

ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
   (NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

August 16, 2007

**BY E-FILE**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.*
            C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

      I write on behalf of the Amgen Entities in support of their proposal to include in paragraph 3d of the proposed Second Amended Scheduling Order (D.I. 382) a date certain for the exchange of expert reply reports. The inclusion of a definitive date for the submission of reply reports is anticipated by Federal Rule of Procedure 26 and will, in the context of this case, aid the efficiency of the expert discovery process and reduce the burden on the Court created by disputes over supplementation of expert reports.

      First, the timing and sequence of expert disclosure is entrusted to the sound discretion of the Court. Federal Rule of Civil Procedure 26(a)(2)(C) provides that expert disclosures "shall be made at the times and in the sequence directed by the court." In addition, the Rule expressly requires that the parties supplement expert disclosures. Rule 26(e)(1). Thus, contrary to ARIAD's assertion, the Rule does not reference "initial" and "rebuttal" reports and does not limit expert disclosures to those two submissions.

      Second, as a practical matter, setting a date for supplementation of expert disclosures by means of a date certain for the exchange of expert reply reports will likely aid discovery and reduce the demands on the Court to referee discovery disputes. It is at times both necessary and appropriate for the expert for the party having the burden of proof on an issue to supplement his

or her report to render opinions in reply to those expressed by the opposing expert for the first time in his or her rebuttal report. Supplementation, when it is needed and because it is required by Rule 26, is typically something that parties in these cases work out without the need for Court involvement. The history of this case, however, both in terms of delay and in the number of discovery disputes, suggests that the ordinary give and take is unlikely. As a result, a date certain for expert reply disclosures would facilitate discovery by allowing full and complete exploration of an expert's opinion well before trial. This, in turn, would aid presentation of case dispositive motions and facilitate resolution of other disputed evidentiary matters pre-trial rather than mid-trial. In addition, a date certain would reduce, if not eliminate, any claims of late supplementation of expert disclosures (for example, supplementation alleged to be too close to or at deposition, or, worse still, at trial) requiring resolution by the Court and any of the delay that such disputes can give rise to. Moreover, Amgen agreed to a shortened time – 5 weeks from receipt of initial reports – for the exchange of rebuttal reports in order to allow time for expert replies. In short, a date certain for expert reply disclosures would streamline, not compress, expert discovery and reduce the burden on the Court created by discovery disputes.

Setting a date would also facilitate preparation of rebuttal experts by making any supplementation known to them before their depositions. It would not, as ARIAD postulates, put rebuttal experts at a disadvantage. In addition, the risk of the sanction of exclusion of all or a portion of an expert's opinions, in a case of this type and magnitude, would far outweigh any theoretical advantage of deliberately withholding material from an initial expert report, even if a party were inclined to entertain that possibility.

For the foregoing reasons, given the procedural history of this case, Amgen respectfully requests that the Court exercise its discretion to fix an outside date by which the party having the burden of proof on an issue can meet its obligation to supplement its expert disclosures by setting a deadline for the exchange of expert reply disclosures.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS

cc: Clerk of the Court (Hand Delivery)
John G. Day, Esquire (via e-mail)
Frederick L. Cottrell, III, Esquire (via e-mail)
David I. Gindler, Esquire (via e-mail)
Charles E. Lipsey, Esquire (via e-mail)