## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>          Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>Counterclaimants. | C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>          Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>          Counterclaim Defendants. | |

### SECOND AMENDED SCHEDULING ORDER

This 28 day of August, 2007, the Court having conducted a scheduling conference on June 13, 2007 at which the Court considered the parties' respective positions on revisions that should be made to the Scheduling Order then in effect, and good cause having

been found, the Scheduling Order (as previously amended) (D.I. 37; D.I. 150) shall be amended as follows:

IT IS ORDERED that:

3. <u>Discovery</u>.

    c. <u>Willfulness Election and Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before December 21, 2007 and March 28, 2008 for expert discovery. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Counterclaim Defendants must (a) elect whether they are relying on advice of counsel as a defense to willful infringement and (b) produce all documents and responses to written discovery on which privilege is waived by virtue of such election, on or before November 9, 2007.

    d. <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before January 18, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 22, 2008. **[Amgen's and Wyeth's proposal:** Reply reports, responding to the other side's supplemental disclosures, may be submitted by the party that has the burden of proof on a subject matter no later than March 7, 2007. / ~~ARIAD and the Institutions do not believe that the addition of reply expert reports is necessary.~~] Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in

Case 1:06-cv-00259-MPT   Document 382-2   Filed 08/15/2007   Page 3 of 5

Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

7. <u>Interim Status Report</u>. On February 1, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On February 7, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 2:00 p.m. Eastern time. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and supporting documents, if any, in support of the motion shall be served and filed on or before April 18, 2008. Answering briefs and supporting opposition documents shall be filed on or before May 16, 2008 with the reply briefs, if any, due on or before June 2, 2008. Page limitations shall be according to the Court's Local Rules.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 31, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed

with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on April 4, 2008. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties <u>shall not</u> provide argument.

12. <u>Claim Construction</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on April 18, 2008. The parties' answering/responsive briefs shall be contemporaneously submitted on May 16, 2008. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction and Summary Judgment</u>. Beginning at 9:30 a.m. on June ~~24~~ 13, 2008, the Court will hear evidence and argument on claim construction and summary judgment.

15. <u>Pretrial Conference</u>. On October 15, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies D.I. 150 on or before September 25, 2008.

18. <u>Trial</u>.   This matter is scheduled for a jury trial beginning at 9:30 a.m. on November 3, 2008 and lasting until November 14, 2008, with the subsequent trial days beginning at 9:00 a.m.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 20 hours to present their case.

The remaining provisions of the Scheduling Order as previously amended remain unchanged.

_____<br>UNITED STATES MAGISTRATE JUDGE