## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | |
| Plaintiffs, | C.A. No. 06-259-MPT |
| v. | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | |
| Counterclaimants. | |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | |
| Counterclaim Plaintiffs, | |
| v. | |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | |
| Counterclaim Defendants. | |

**ARIAD PHARMACEUTICALS, INC.'S, MIT'S, HARVARD'S, AND THE
WHITEHEAD INSTITUTE'S OBJECTIONS TO AMGEN'S THIRD
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim

Plaintiffs ARIAD Pharmaceuticals, Inc. ("ARIAD") and Harvard, M.I.T., and the

Whitehead Institute ("Institutions") hereby object and respond to Amgen's Third Notice

Of Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) (the "Notice").  ARIAD and the Institutions shall be referred to jointly as the "Counterclaimants."

Objections to each Area of Testimony are made on an individual basis below. From time to time, for special emphasis, the Counterclaimants will repeat in the specific objections certain objections also set forth in the general objections.  The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response.  The assertion of any objection to any Area of Testimony below is neither intended as, nor shall in any way be deemed, a waiver of the Counterclaimants' right to assert that or any other objection at a later date.

The Counterclaimants' objections and responses contained herein do not in any way constitute an acceptance of Amgen's purported Definitions of words or phrases.

The Counterclaimants' objections and responses reflect only the current state of knowledge, understanding, and belief of the Counterclaimants with regard to matters about which inquiry has been made.  As discovery in this matter is not yet complete, the Counterclaimants may not yet have uncovered all information or facts pertinent to any Area of Testimony and may not yet have identified or located all persons with knowledge of pertinent information or facts.  The Counterclaimants expect and consequently reserve the right to modify or supplement their objections or responses at a later time in light of any fact or information that it may later recall or discover.

The following objections provide the bases upon which the Counterclaimants find the Notice objectionable on its face.  The Counterclaimants do not waive or forego any rights they have to make further objections at the deposition itself.

## GENERAL OBJECTIONS

1.     The Counterclaimants object to the date, time, and place for this deposition set forth in the Notice as unduly burdensome.  The Counterclaimants will propose a date, time, and place when the deposition(s) will take place.    The Counterclaimants reserve the right to object to the duration of the deposition.

2.     The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to impose on the Counterclaimants obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action.    The Counterclaimants will provide discovery in accordance with their obligations under the applicable rules and law.

3.     The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery.    The Counterclaimants will not produce information protected by such privileges or restrictions.  Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

4.     The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

5.     The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they are overbroad, unduly burdensome, oppressive, or seek information that is beyond the scope

of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 30.

6.     The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they seek information that is publicly available, in the possession, custody or control of Amgen or any person or entity other than the Counterclaimants, and is equally accessible to Amgen through means less burdensome to the Counterclaimants.

7.     The Counterclaimants object to the use of the definition of Related Patents in the Notice as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

8.     The Counterclaimants incorporate by reference their objections to definitions contained in Defendant ARIAD Pharmaceuticals, Inc.'s First Supplemental Responses And Objections To Plaintiffs' First Set Of Requests For Production Of Documents And Things To Defendant.    The Counterclaimants also object to the definitions of "ARIAD," "Whitehead," "Harvard," "M.I.T.," "BMS," and "Millenium" as incomprehensible in the context of a Rule 30(b)(6) deposition, and to the extent they purport to impose discovery obligations on persons or entities other than the parties to this action, and to the extent they seek discovery from individuals or entities over which the Counterclaimants have no control.

9.     The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to require the Counterclaimants to search for information that is not within their possession, custody, or control.    The Counterclaimants will use reasonable diligence to locate information within their control.

10.     The Counterclaimants expressly incorporate each of the foregoing General Objections into each specific response set forth below as if set forth in full therein.    An agreement to provide a witness to testify with respect to a particular Area of Testimony

shall not work as a waiver of any applicable specific or general objection to that Area of Testimony.

## RESPONSES AND OBJECTIONS
## TO INDIVIDUAL AREAS OF TESTIMONY

**AREA OF TESTIMONY NO. 1:**

Identification of all licenses, assignments, or agreements relating to the '516 patent or Related Patents, or the subject matter claimed or described in the '516 patent or Related Patents.

**RESPONSE TO AREA OF TESTIMONY NO. 1:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 2:**

All facts and circumstances related to any attempts to license the '516 patent or its Related Patents and patent applications, including any offers made to or negotiations with third parties.

**RESPONSE TO AREA OF TESTIMONY NO. 2:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 3:**

The license from ARIAD to Bristol Meyers [*sic*] Squibb Company dated November 6, 2002 ("the BMS License") and bearing Bates Nos. L-A0003063-081, including, but not limited to, the identity of all persons involved in negotiation and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to the licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from ARIAD to the Bristol Myers Squibb Company dated November 6, 2002.

**AREA OF TESTIMONY NO. 4:**

The license from ARIAD to DiscoverX [*sic*] dated May 2, 2003, and bearing Bates Nos. L-A0003031-062, including, but not limited to, the identity of all persons involved in negotiation and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 4:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from ARIAD to DiscoveRx dated May 2, 2003.

**AREA OF TESTIMONY NO. 5:**

The license from MIT and Whitehead to ARIAD dated August 19, 1991, and bearing Bates Nos. ADL 0029159-198 and all subsequent amendments thereto, including, but not limited to, the identity of all persons involved in negotiations and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g. compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these license discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 5:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from MIT and Whitehead to ARIAD dated August 19, 1991.

**AREA OF TESTIMONY NO. 6:**

The license from MIT to The United States Government dated August 20, 1992, and bearing Bates No. ADL0018562, including, but not limited to, the identity of all

persons involved in negotiation and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 6:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from MIT to the United States Government dated August 20, 1992.

**AREA OF TESTIMONY NO. 7:**

Any license of, attempt to license or decision not to license patents, technology, or know-how referring or relating to NF-$\kappa$B or other transcription factors, including, but not limited to, the identity of all persons involved; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or

decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 7:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks testimony relating to "other transcription factors."

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding facts and circumstances related to attempts to license the '516 patent family, including offers made to or negotiations with third parties regarding the '516 patent family.

**AREA OF TESTIMONY NO. 8:**

Any license of, attempt to license or decision not to license the subject matter, technology or know-how disclosed, taught, and/or claimed in any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081) or any claim thereof, including, but not limited to, the identity of all persons involved; the date the license was offered, proposed, granted and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation)

paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 8:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome especially insofar as it purports to require a witness to recall all negotiations between ARIAD, the Assignees, and any third parties relating to the patents listed in Schedule A of the BMS License.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 9:**

The negotiations, including any communications, between ARIAD, the Assignees, and/or Millennium Pharmaceuticals regarding a potential license to any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081).

**RESPONSE TO AREA OF TESTIMONY NO. 9:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome to the extent it purports to require a witness to recall all negotiations between ARIAD, the Assignees, and any third parties relating to the patents listed in Schedule A of the BMS License.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 10:**

Negotiations between ARIAD, any of the Assignees, and/or any third party regarding a potential license to any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081).

**RESPONSE TO AREA OF TESTIMONY NO. 10:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome to the extent it purports to require a witness to recall all negotiations between ARIAD, the Assignees, and any third parties relating to the patents listed in Schedule A of the BMS License.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 11:**

The royalties received by ARIAD and/or any of the Assignees for the licensing of any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081).

**RESPONSE TO AREA OF TESTIMONY NO. 11:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad, unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 12:**

Any agreements, assignment, license, sale, acquisition, or transfer of any rights between ARIAD, any of the Assignees, and the inventors of the '516 patent, including offers or requests for the same.

**RESPONSE TO AREA OF TESTIMONY NO. 12:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome to the extent it is not limited to agreements, assignments, licenses, sales, acquisitions, or a transfer of rights relating to the '516 patent family.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 13:**

Any agreements, assignment, license, sale, acquisition, or transfer of any rights relating to the '516 patent, Related Patents, or the subject matter thereof between any of the Assignees and ARIAD, including offers or requests for the same.

**RESPONSE TO AREA OF TESTIMONY NO. 13:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 14:**

Any agreements, assignment, license, sale, acquisition, or transfer of any rights relating to the '516 patent, Related Patents, or the subject matter thereof between any of the Assignees, including offers or requests for the same.

**RESPONSE TO AREA OF TESTIMONY NO. 14:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 15:**

All factual bases for any damages claimed by ARIAD and/or any of the Assignees as a result of the Amgen Entities' alleged infringement of the '516 patent, including all facts concerning the factors set forth in *Georgia Pacific Corp. v. United States Plywood Corp.,* 318 F.Supp 1116 (S.D.N.Y. 1970), and all facts concerning the four part test for lost profits originating in *Panduit Corp., v. Stahlin Bros. Fibre Works, Inc., 575* F.2d 1152, 1156 (6th Cir. 1978).

**RESPONSE TO AREA OF TESTIMONY NO. 15:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony to the extent it calls for expert testimony or information that will be addressed in expert reports provided pursuant to the

schedule set by the Court. The Counterclaimants further object to this Area of Testimony on the basis that, and on the same ground that, Amgen has refused to produce a witness in response to Area of Testimony No. 10 as noticed from Defendant and Counterclaim Plaintiff ARIAD's Sixth Notice of Deposition of the Amgen Entities Pursuant to Federal Rule of Civil Procedure 30(b)(6): "Facts relating to the determination of a reasonable royalty under the '516 PATENT."

**AREA OF TESTIMONY NO. 16:**

ARIAD's and/or any of the Assignees' operations directed to the development or production of pharmaceuticals, including but not limited to any pharmaceutical which utilizes the subject matter claimed or described in the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 16:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it seeks information regarding ARIAD's and the Assignees' operations directed to the development or production of pharmaceuticals irrespective of whether the work bears any relationship to the '516 patent or any other issue in this case.

**AREA OF TESTIMONY NO. 17:**

Identification of the personnel involved in ARIAD's and/or any of the Assignees' marketing programs, marketing plans from 1998 to the present.

**RESPONSE TO AREA OF TESTIMONY NO. 17:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it

seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information relating to an identification of ARIAD's and the Assignee's personnel involved in marketing programs and marketing plans irrespective of whether those programs have any relationship to the '516 patent or any other issue in this case.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 18:**

Knowledge held by ARIAD and/or any of the Assignees of any acceptable noninfringing alternatives to Enbrel®.

**RESPONSE TO AREA OF TESTIMONY NO. 18:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as vague and ambiguous in that it does not reference any particular patent. The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion and/or expert analysis.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 19:**

Knowledge held by ARIAD and/or any of the Assignees of any acceptable noninfringing alternatives to Kineret®.

**RESPONSE TO AREA OF TESTIMONY NO. 19:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 20:**

The amount of profits ARIAD and/or any of the Assignees assert they have made absent the alleged infringement of the '516 patent by the Amgen Entities, including but not limited to an identification of all costs expenses and overhead ARIAD and/or any of the Assignees would have incurred.

**RESPONSE TO AREA OF TESTIMONY NO. 20:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony to the extent it calls for expert testimony or information that will be addressed in expert reports provided pursuant to the schedule set by the Court. The Counterclaimants further object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**AREA OF TESTIMONY NO. 21:**

The content of, and circumstances surrounding, any requests for funding, including any grant requests, prepared or submitted by ARIAD and/or any of the

Assignees and/or any named inventors for any work relating to the '516 patent and/or subject matter claimed or described in the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 21:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the work that resulted in the patented inventions of the '516 patent.

**AREA OF TESTIMONY NO. 22:**

All funding, including any grants, received by ARIAD and/or any of the Assignees and/or any named inventors for any work relating to the '516 patent and/or subject matter claimed or described in the '516 patent, including but not limited to the person(s) or organization(s) that provided such funding amounts of such funding received; waivers obtained from the person(s) or organizations that provided such funding; all representations made regarding (a) the subject matter claimed and/or described in the '516 patent and (b) efforts to license, develop and/or commercialize the subject matter described or claimed in the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 22:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The

Counterclaimants further object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the work that resulted in the patented inventions of the '516 patent.

## AREA OF TESTIMONY NO. 23:

All obligations to pay any funds obtained from licensing and/or litigation relating to the '516 patent to any of the named inventors, including but not limited to any license agreements, assignments, or other documents under which such obligations arise.

## RESPONSE TO AREA OF TESTIMONY NO. 23:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony to the extent it seeks information irrelevant to the claim or defense of any party.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

## AREA OF TESTIMONY NO. 24:

Communications between any of the Assignees, ARIAD, and/or any third-party relating to any license(s) relating to the '516 patent or Related Patents.

## RESPONSE TO AREA OF TESTIMONY NO. 24:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The

Counterclaimants object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 25:**

Any royalties, compensation, or other consideration the Counterclaimants and/or any of the Assignees have received related to a license for the '516 patent or any Related Patents.

**RESPONSE TO AREA OF TESTIMONY NO. 25:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 26:**

The relationship between ARIAD and/or any of the Assignees and Amgen, including whether ARIAD and/or any of the Assignees are competitors of ARIAD.

**RESPONSE TO AREA OF TESTIMONY NO. 26:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially insofar as it seeks testimony about the relationship between ARIAD, the Assignees, and

Amgen without any connection to the inventions from the '516 patent that are at issue in this case.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding whether ARIAD and/or any of the Assignees are competitors of Amgen with respect to the subject matter of the '516 patent.

**AREA OF TESTIMONY NO. 27:**

The identity of ARIAD's and/or any of the Assignees' past and present competitors and the basis for identifying a company or other entity as a competitor of ARIAD and/or any of the Assignees.

**RESPONSE TO AREA OF TESTIMONY NO. 27:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially insofar as it seeks testimony about the identity of ARIAD's and the Assignees' competitors irrespective of whether there is any connection to the inventions from the '516 patent that are at issue in this case.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the identity of ARIAD's and/or any of the Assignees' past and present competitors with respect to the subject matter of the '516 patent and the basis for identifying any such company or other entity as a competitor of ARIAD and/or any of the Assignees.

**AREA OF TESTIMONY NO. 28:**

ARIAD's and/or any of the Assignees' products that practice the alleged invention of the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 28:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion. ARIAD further objects to this Area of Testimony as duplicative of topics from Amgen's First 30(b)(6) notice.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 29:**

The market for the subject matter of the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 29:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 30:**

ARIAD's and/or any of the Assignees' business plans and projections for the development of products that practice the alleged invention of the '516 patent or Related Patents.

**RESPONSE TO AREA OF TESTIMONY NO. 30:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 31:**

ARIAD's and/or any of the Assignees' licensing policies, procedures, practices or criteria adopted and/or followed by ARIAD and/or any of the Assignees relating to licensing the '516 patent, Related Patents or any other patents relating to the subject matter of the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 31:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent and Related Patents.

**AREA OF TESTIMONY NO. 32:**

All facts and circumstances relating to the assessment of licensing or litigation targets related to the subject matter claimed or disclosed in the '516 patent or Related Patents.

**RESPONSE TO AREA OF TESTIMONY NO. 32:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as duplicative of Topic 14 from Amgen's First Notice.

**AREA OF TESTIMONY NO. 33:**

ARIAD's and/or any of the Assignees' decisions for establishing royalty rates or other prices for licenses to the subject matter of the '516 patent or any Related Patents, and the basis for determining those rates or other prices.

**RESPONSE TO AREA OF TESTIMONY NO. 33:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 34:**

The identity and location of other witnesses knowledgeable about the categories set forth in topics 1 through 37 above.

**RESPONSE TO AREA OF TESTIMONY NO. 34:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony with respect to the Areas of Testimony where ARIAD has agreed to produce a witness.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant and*
*Counterclaimants*
*ARIAD Pharmaceuticals, Inc.*
*Massachusetts Institute of*
*Technology*
*The President and Fellows of*
*Harvard College*
*The Whitehead Institute for*
*Biomedical Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 277-1010

Dated:  September 28, 2007