IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>      Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>Defendants. | C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>      Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>      Counterclaim Defendants. | |

**MIT'S, HARVARD'S, AND THE WHITEHEAD INSTITUTE'S
OBJECTIONS TO AMGEN'S SECOND NOTICE OF
DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim Plaintiffs M.I.T., Harvard, and the Whitehead Institute ("Institutions") hereby object and

respond to Amgen's Second Notice Of Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) (the "Notice").

Objections to each Area of Testimony are made on an individual basis below. From time to time, for special emphasis, the Institutions will repeat in the specific objections certain objections also set forth in the general objections. The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response. The assertion of any objection to any Area of Testimony below is neither intended as, nor shall in any way be deemed, a waiver of the Institutions' rights to assert that or any other objection at a later date.

The Institutions' objections and responses contained herein do not in any way constitute an acceptance of Amgen's purported definitions of words or phrases.

The Institutions' objections and responses reflect only the current state of knowledge, understanding, and belief of the Institutions with regard to matters about which inquiry has been made. As discovery in this matter is not yet complete, the Institutions may not yet have uncovered all information or facts pertinent to any Area of Testimony and may not yet have identified or located all persons with knowledge of pertinent information or facts. The Institutions expect and consequently reserve the right to modify or supplement their objections or responses at a later time in light of any fact or information that it may later recall or discover.

The following objections provide the bases upon which the Institutions finds the Notice objectionable on its face. The Institutions do not waive or forego any rights they have to make further objections at the deposition itself.

## GENERAL OBJECTIONS

1.  The Institutions object to the date and time for this deposition set forth in the Notice as unduly burdensome. The Institutions will propose a time and date when the

deposition(s) will take place. The Institutions reserve the right to object to the duration of the deposition.

2. The Institutions object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to impose on the Institutions obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. The Institutions will provide discovery in accordance with their obligations under the applicable rules and law.

3. The Institutions object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. The Institutions will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

4. The Institutions object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

5. The Institutions object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they are overbroad, unduly burdensome, oppressive, or seek information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 30.

6. The Institutions object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they seek information that is publicly available, in the possession, custody or control of Amgen or any person or

entity other than the Institutions, and is equally accessible to Amgen through means less burdensome to the Institutions.

7. The Institutions object to the use of the definition of Related Patents in the Notice and especially the phrase "(ii) refers to, describes or claims subject matter described and/or claimed in the '516 patent" within that definition as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

8. The Institutions incorporate by reference their objections to definitions contained in Defendant ARIAD Pharmaceuticals, Inc.'s First Supplemental Responses And Objections To Plaintiffs' First Set Of Requests For Production Of Documents And Things To Defendant. The Institutions also object to the definitions of "Whitehead," "Harvard," "MIT," and "ARIAD" as incomprehensible in the context of a Rule 30(b)(6) deposition, and to the extent they purport to impose discovery obligations on persons or entities other than the parties to this action, and to the extent it seeks discovery from individuals or entities over which the Institutions have no control.

9. The Institutions object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to require the Institutions to search for information that is not within their possession, custody, or control. The Institutions will use reasonable diligence to locate information within their control.

10. The Institutions expressly incorporate each of the foregoing General Objections into each specific response set forth below as if set forth in full therein. An agreement to provide a witness to testify with respect to a particular Area of Testimony shall not work as a waiver of any applicable specific or general objection to that Area of Testimony.

## RESPONSES AND OBJECTIONS
## TO INDIVIDUAL AREAS OF TESTIMONY

**AREA OF TESTIMONY NO. 1:**

For each of the alleged inventions of the '516 patent, the conception of the alleged invention including when the alleged invention was conceived, the circumstances surrounding the conception, the identity of all persons who were involved with the conception, and the contribution of each of those persons to the conception.

**RESPONSE TO AREA OF TESTIMONY NO. 1:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as cumulative, overly broad, and unduly burdensome. This Area of Testimony is more properly directed to the inventors of the '516 patent whose depositions have already been taken or noticed by Amgen.

**AREA OF TESTIMONY NO. 2:**

For each of the alleged inventions of the '516 patent, the actual reduction to practice, if any, of the alleged invention including when the alleged invention was reduced to practice, the circumstances surrounding the reduction to practice, the identity of all persons who were involved with the reduction to practice, and the contribution of each of those persons to the reduction to practice.

**RESPONSE TO AREA OF TESTIMONY NO. 2:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as cumulative, overly broad, and unduly

burdensome. This Area of Testimony is more properly directed to the inventors of the '516 patent whose depositions have already been taken or noticed by Amgen.

**AREA OF TESTIMONY NO. 3:**

For each of the alleged inventions of the '516 patent, all research, development or other work relating to efforts, if any, actually to reduce to practice the alleged invention including the dates of, locations of, and circumstances surrounding any such work, the identity of all persons who were involved with any such work, and the contribution of each of those persons to any such work.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as cumulative, overly broad, and unduly burdensome. This Area of Testimony is more properly directed to the inventors of the '516 patent whose depositions have already been taken or noticed by Amgen.

**AREA OF TESTIMONY NO. 4:**

For each of the alleged inventions of the '516 patent, all facts and circumstances relating to the first time the alleged invention was known or used by others in the United States, patented or described in a printed publication anywhere in the world, put into public use in the United States, offered for sale in the United States, or disclosed to any person not named on the face of the '516 patent as an inventor.

**RESPONSE TO AREA OF TESTIMONY NO. 4:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Instituions

specifically object to this Area of Testimony to the extent it calls for a legal conclusion. The Institutions further object to this Area of Testimony as cumulative, overly broad, and unduly burdensome. This Area of Testimony is more properly directed to the inventors of the '516 patent whose depositions have already been taken or noticed by Amgen.

**AREA OF TESTIMONY NO. 5:**

For each of the alleged inventions of the '516 patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process, that practices, embodies or incorporates such alleged invention.

**RESPONSE TO AREA OF TESTIMONY NO. 5:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions object to this Area of Testimony to the extent that it seeks legal conclusions or contentions or expert analyses. The Institutions further object to this Area of Testimony as irrelevant, cumulative, overly broad, and unduly burdensome especially insofar as it seeks information on any method or process and each claim of the '516 patent even though the majority of the claims in the '516 patent have not been asserted against Amgen.

**AREA OF TESTIMONY NO. 6:**

For each of the alleged inventions of the '516 patent, the design, operation and structure of each method or process (past and present), and each composition of matter or compound used in such a method or process (past and present), and each composition of matter or compound used in such a method or process (past and present), and each composition of matter or compound used in such a method or process, that practices, embodies or incorporates such alleged invention.

**RESPONSE TO AREA OF TESTIMONY NO. 6:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions object to this Area of Testimony to the extent that it seeks legal conclusions or contentions or expert analyses. The Institutions object to this Area of Testimony to the extent it seeks information outside of the Institutions' possession, custody, or control. The Institutions further object to this Area of Testimony as irrelevant, cumulative, overly broad, and unduly burdensome especially insofar as it seeks information on any method or process an deach claim of the '516 patent even though the majority of the claims in the '516 patent have not been asserted against Amgen.

**AREA OF TESTIMONY NO. 7:**

For each of the alleged inventions of the '516 patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process for which each Assignee has offered a license under the '516 patent or its Related Patents and patent applications, investigated for consideration as requiring a license under the '516 patent or its Related Patents and patent applications, or raised in the context of communications related to the possible licensing of the '516 patent or its Related Patents and patent applications.

**RESPONSE TO AREA OF TESTIMONY NO. 7:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 8:**

For each of the alleged inventions of the '516 patent, the design, operation and structure of each method or process (past and present) and each composition of matter or compound used in such a method or process for which each Assignee has offered a license under the '516 patent or its Related Patents and patent applications, investigated for consideration as requiring a license under the '516 patent or its Related Patents and patent applications, or raised in the context of communications related to the possible licensing of the '516 patent or its Related Patents and patent applications.

**RESPONSE TO AREA OF TESTIMONY NO. 8:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 9:**

For each of the alleged inventions of the '516 patent, all facts and circumstances related to the commercial success of any method or process (past and present) and each composition of matter or compound used in such a method or process that purportedly practices, embodies or incorporates such alleged invention, including any evidence that such success is attributable to any such alleged invention.

**RESPONSE TO AREA OF TESTIMONY NO. 9:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common

interest privilege, or any other applicable privilege or immunity. The Institutions object to this Area of Testimony to the extent that it seeks legal conclusions or contentions or expert analyses. The Institutions further object to this Area of Testimony as irrelevant, overly broad, and unduly burdensome to the extent it seeks information on each claim of the '516 patent even though the majority of the claims in the '516 patent have not been asserted against Amgen. The Institutions also object to this Area of Testimony as cumulative and unduly burdensome in light of the evidence presented in the *Lilly* litigation or and the fact that much of this information is uniquely in Amgen's possession.

**AREA OF TESTIMONY NO. 10:**

All experiments, research, development and/or testing activities (past and present) by or on behalf of each Assignee related to the subject matter purportedly claimed and disclosed in the '516 patent, including identification and description of the success or failure of any specific programs and the facts and circumstances surrounding any decisions to not pursue or to cease such experiments, research, development and/or testing activities.

**RESPONSE TO AREA OF TESTIMONY NO. 10:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence. To the extent this Area of Testimony concerns the work that resulted in the patented inventions of the '516 patent, it is more properly directed to the inventors of the '516 patent whose depositions have already been taken or noticed by Amgen.

**AREA OF TESTIMONY NO. 11:**

The identity of all persons at or associated with each Assignee (past and present) that have conducted experiments, research, development and/or testing activities related to the subject matter purportedly claimed and disclosed in the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 11:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not reasonably calculated to lead to the discovery of admissible evidence. To the extent this Area of Testimony concerns the work that resulted in the patented inventions of the '516 patent, it is more properly directed to the inventors of the '516 patent whose depositions have already been taken or noticed by Amgen.

**AREA OF TESTIMONY NO. 12:**

All facts and circumstances related to each Assignee's relationships with the other Assignees, and the named inventors on the '516 patent, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its Related Patents and patent applications.

**RESPONSE TO AREA OF TESTIMONY NO. 12:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as overly broad and unduly burdensome to

the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Institutions will provide a 30(b)(6) witness to testify on this Area of Testimony as it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 13:**

All facts and circumstances related to each Assignee's relationship with ARIAD, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its Related Patents and patent applications.

**RESPONSE TO AREA OF TESTIMONY NO. 13:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Institutions specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Institutions will provide a 30(b)(6) witness to testify regarding this Area of Testimony as it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 14:**

The identity and location of other witnesses knowledgeable about the categories set forth in topics 1 through 14 above.

**RESPONSE TO AREA OF TESTIMONY NO. 14:**

The Institutions incorporate by reference the General Objections as if fully set forth herein. The Institutions object to this Area of Testimony to the extent it seeks

information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Institutions will provide a 30(b)(6) witness to testify regarding this topic with respect to topics on which a witness has been offered.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendants and Counterclaimants Massachusetts Institute of Technology The President and Fellows of Harvard College The Whitehead Institute for Biomedical Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: September 28, 2007
184600.1