IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>      Plaintiffs,<br><br> v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>Counterclaimants. | C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>      Counterclaim Plaintiffs,<br><br> v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>      Counterclaim Defendants. | |

**ARIAD PHARMACEUTICALS, INC.'S, MIT'S, HARVARD'S, AND THE WHITEHEAD INSTITUTE'S OBJECTIONS TO AMGEN'S FOURTH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim Plaintiffs ARIAD Pharmaceuticals, Inc. ("ARIAD") and Harvard, M.I.T., and the Whitehead Institute ("Institutions") hereby object and respond to Amgen's Fourth Notice

Of Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) (the "Notice"). ARIAD and the Institutions shall be referred to jointly as the "Counterclaimants."

Objections to each Area of Testimony are made on an individual basis below. From time to time, for special emphasis, the Counterclaimants will repeat in the specific objections certain objections also set forth in the general objections. The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response. The assertion of any objection to any Area of Testimony below is neither intended as, nor shall in any way be deemed, a waiver of the Counterclaimants' right to assert that or any other objection at a later date.

The Counterclaimants' objections and responses contained herein do not in any way constitute an acceptance of Amgen's purported Definitions of words or phrases.

The Counterclaimants' objections and responses reflect only the current state of knowledge, understanding, and belief of the Counterclaimants with regard to matters about which inquiry has been made. As discovery in this matter is not yet complete, the Counterclaimants may not yet have uncovered all information or facts pertinent to any Area of Testimony and may not yet have identified or located all persons with knowledge of pertinent information or facts. The Counterclaimants expect and consequently reserve the right to modify or supplement their objections or responses at a later time in light of any fact or information that they may later recall or discover.

The following objections provide the bases upon which the Counterclaimants find the Notice objectionable on its face. The Counterclaimants do not waive or forego any rights they have to make further objections at the deposition itself.

**GENERAL OBJECTIONS**

1. The Counterclaimants object to the date, time, and place for this deposition set forth in the Notice as unduly burdensome. The Counterclaimants will propose a date, time, and place when the deposition(s) will take place. The Counterclaimants reserve the right to object to the duration of the deposition.

2. The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to impose on the Counterclaimants obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. The Counterclaimants will provide discovery in accordance with their obligations under the applicable rules and law.

3. The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery. The Counterclaimants will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

4. The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

5. The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they are overbroad, unduly burdensome, oppressive, or seek information that is beyond the scope

of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 30.

6. The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they seek information that is publicly available, in the possession, custody or control of Amgen or any person or entity other than the Counterclaimants, and is equally accessible to Amgen through means less burdensome to the Counterclaimants.

7. The Counterclaimants object to the use of the definition of Related Patents in the Notice as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

8. The Counterclaimants incorporate by reference their objections to definitions contained in Defendant ARIAD Pharmaceuticals, Inc.'s First Supplemental Responses And Objections To Plaintiffs' First Set Of Requests For Production Of Documents And Things To Defendant. The Counterclaimants also object to the definitions of "ARIAD," "Whitehead," "Harvard," and "M.I.T." as incomprehensible in the context of a Rule 30(b)(6) deposition, and to the extent they purport to impose discovery obligations on persons or entities other than the parties to this action, and to the extent they seek discovery from individuals or entities over which the Counterclaimants have no control.

9. The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to require the Counterclaimants to search for information that is not within their possession, custody, or control. The Counterclaimants will use reasonable diligence to locate information within their control.

10. The Counterclaimants expressly incorporate each of the foregoing General Objections into each specific response set forth below as if set forth in full therein. An agreement to provide a witness to testify with respect to a particular Area of Testimony

shall not work as a waiver of any applicable specific or general objection to that Area of Testimony.

**RESPONSES AND OBJECTIONS
TO INDIVIDUAL AREAS OF TESTIMONY**

**AREA OF TESTIMONY NO. 1:**

Any claim of the '516 patent that ARIAD and/or any of the Assignees contends is infringed either directly, contributorily and/or by inducement by Amgen's making, using, offering to sell, selling and/or importing Enbrel® (etanercept), including without limitation the factual basis, if any, for ARIAD's and/or any of the Assignee's infringement assertions.

**RESPONSE TO AREA OF TESTIMONY NO. 1:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony to the extent it purports to require a witness to recall the factual basis for each of the Counterclaimants infringement contentions for each infringed claim of the '516 patent. The Counterclaimants also object to this Area of Testimony as it seeks legal contentions and prematurely calls for expert discovery. The Counterclaimants object to this Area of Testimony as duplicative of Amgen's Interrogatory No. 2. The Counterclaimants further object to this Area of Testimony as Amgen has not made a complete production of documents relating to its infringement of the '516 patent.

**AREA OF TESTIMONY NO. 2:**

Any claim of the '516 patent that ARIAD and/or any of the Assignees contends is infringed either directly, contributorily and/or by inducement by Amgen's making, using, offering to sell, selling and/or importing Kineret® (anakinra), including without

limitation the factual basis, if any, for ARIAD's and/or any of the Assignee's infringement assertions.

**RESPONSE TO AREA OF TESTIMONY NO. 2:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony to the extent it purports to require a witness to recall the factual basis for each of the Counterclaimants infringement contentions for each infringed claim of the '516 patent. The Counterclaimants also object to this Area of Testimony as it seeks legal contentions and prematurely calls for expert discovery. The Counterclaimants object to this Area of Testimony as duplicative of Amgen's Interrogatory No. 3. The Counterclaimants further object to this Area of Testimony as Amgen has not made a complete production of documents relating to its infringement of the '516 patent.

**AREA OF TESTIMONY NO. 3:**

ARIAD's and/or any of the Assignees' contention that Amgen's alleged infringement of the '516 patent is willful, including without limitation the factual basis, if any, for ARIAD's and/or any of the Assignees' claim of willfulness.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants also object to this Area of Testimony as it seeks legal contentions and prematurely calls for expert discovery. The Counterclaimants object to this Area of Testimony as duplicative of Amgen's Interrogatory No. 16. The Counterclaimants

specifically object to this Area of Testimony as premature as Amgen has refused to participate in willfulness discovery as of this time, in particular, Amgen has not made a complete production of documents that demonstrate its willful infringement of the '516 patent nor has it informed the Counterclaimants of whether it will rely upon the advice of counsel.

**AREA OF TESTIMONY NO. 4:**

The nature, existence and location of all documents relating to the subject matter of each of the foregoing categories.

**RESPONSE TO AREA OF TESTIMONY NO. 4:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants incorporate by reference the objections to Areas of Testimony 1-3.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendant and Counterclaimants*
*ARIAD Pharmaceuticals, Inc.*
*Massachusetts Institute of Technology*
*The President and Fellows of Harvard College*
*The Whitehead Institute for Biomedical Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Dated: September 28, 2007
184602.1