## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) |
| Plaintiffs, | ) C.A. No. 06-259-MPT |
| v. | ) ) |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) |
| Defendants. | ) ) ) |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH | ) ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | ) ) ) ) |
| Counterclaim Defendants. | ) |

## WYETH'S REPLY TO ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, AND THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH'S AMENDED COUNTERCLAIM

Without prejudice to its pending motion to sever and stay and without consenting to the jurisdiction of the Magistrate Judge, Wyeth replies to the Amended Counterclaim asserted by the Massachusetts Institute of Technology, the President and Fellows of Harvard College, and the Whitehead Institute for Biomedical Research (collectively, the "Institutions"), and ARIAD Pharmaceuticals, Inc. ("ARIAD") as follows:

## JURISDICTION AND VENUE

1.      Wyeth admits that ARIAD asserts that the action is a counterclaim for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 100 et seq., including §§ 271 and 281.

2.      Admitted.

3.      Admitted.

## THE PARTIES

4.      Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the same.

5.      Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies the same.

6.      Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies the same.

7.      Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies the same.

8.      Wyeth admits that, upon information and belief, Amgen Inc. is a Delaware corporation with its principal place of business in Thousand Oaks, California.

9.      Wyeth admits that, upon information and belief, Immunex Corporation is a Washington corporation with its principal place of business in Thousand Oaks, California.

10.      Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the same

- 2 -

11.    Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies the same.

12.    Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies the same.

13.    Wyeth admits that it is a Delaware corporation with its principal place of business in Madison, New Jersey.

## **PATENT IN SUIT**

14.    Wyeth admits that U.S. Patent No. 6,410,516 ("the '516 patent"), a copy of which was attached to the Amended Counterclaim as Exhibit A, is entitled "Nuclear Factors Associated with Transcriptional Regulation" and was issued on June 25, 2002. Wyeth denies the remaining allegations of paragraph 14.

15.    Wyeth admits that U.S. Patent No. 5,804,374 ("the '374 patent"), a copy of which was attached to the Amended Counterclaim as Exhibit B, is entitled "Nuclear Factors Associated with Transcriptional Regulation" and was issued on September 8, 1998. Wyeth denies the remaining allegations of paragraph 15.

16.    Wyeth admits that U.S. Patent No. 6,150,090 ("the '090 patent"), a copy of which was attached to the Amended Counterclaim as Exhibit C, is entitled "Nuclear Factors Associated with Transcriptional Regulation" and was issued on November 21, 2000. Wyeth denies the remaining allegations of paragraph 16.

17.    Wyeth admits that the first page of each of the '516, '374, and '090 patents identifies the Institutions as the assignees. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17, and therefore denies the same.

- 3 -

## FIRST CLAIM FOR RELIEF

### (Infringement of the '516 Patent)

18.     Wyeth restates, realleges, and incorporates by reference its responses to paragraphs 1-17.

19.     Denied.

20.     Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore denies the same.

21.     Denied.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '374 Patent)

22.     Wyeth restates, realleges, and incorporates by reference its responses to paragraphs 1-21.

23.     Wyeth is not required to respond to this claim for relief, as the '374 patent has not been asserted against Wyeth; however, if an answer is so required, Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies the same.

24.     Wyeth is not required to respond to this claim for relief, as the '374 patent has not been asserted against Wyeth; however, if an answer is so required, Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies the same.

RLF1-3210864-1

## THIRD CLAIM FOR RELIEF

### (Infringement of the '090 Patent)

25.    Wyeth restates, realleges, and incorporates by reference its responses to paragraphs 1-24.

26.    Wyeth is not required to respond to this claim for relief, as the '090 patent has not been asserted against Wyeth; however, if an answer is so required, Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore denies the same.

27.    Wyeth is not required to respond to this claim for relief, as the '090 patent has not been asserted against Wyeth; however, if an answer is so required, Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies the same.

### COUNTERCLAIM PLAINTIFFS' REQUESTED RELIEF

28.    Wyeth denies that ARIAD and the Institutions are entitled to the judgment and relief requested in paragraphs A to I of the prayer for relief in their Amended Counterclaim, or to any other judgment or relief.

### FIRST AFFIRMATIVE DEFENSE

29.    Wyeth has not infringed and is not now infringing, either directly, contributorily, or by inducement, any claim of the '516 patent either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

30.    The '516 patent is invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112.

- 5 -

## THIRD AFFIRMATIVE DEFENSE

31.    Paragraphs 32 through 45 below are pleaded by Wyeth upon information and belief.

32.    The '516 patent is unenforceable due to inequitable conduct committed before the United States Patent and Trademark Office ("USPTO") during prosecution of U.S. Patent Application No. 08/464,364 ("the '364 application"), which issued as the '516 patent.

33.    ARIAD, the Institutions, their prosecution counsel, and/or one or more of the inventors listed on the face of the '516 patent engaged in inequitable conduct and violated their duty of disclosure through bad faith and intentional misconduct by, among other things: (1) failing to inform the USPTO Examiner during prosecution of the '364 application that the nucleotide and amino acid sequences set forth in Figure 43 for IκB-α in the '516 patent are erroneous, and (2) failing to inform the USPTO Examiner during prosecution of the '364 application of material information relevant to rejections made by the USPTO Examiner based on inherent anticipation under 35 U.S.C. § 102(b).

34.    The '516 patent states that the "nucleotide sequence of the IκB-α gene and the amino acid sequence of IκB-α are shown in FIG. 43" and that "FIG. 43 is the nucleotide sequence and the amino acid sequence of IκB-α."

35.    During the prosecution of two patents related to the '516 patent–U.S. Patent No. 5,804,374 ("the '374 patent") and U.S. Patent No. 6,150,090 ("the '090 patent")–ARIAD and the Institutions admitted that "Figure 43 is not the nucleotide sequence of IκB-α but the nucleotide sequence of pp40 rel-associated protein," a chicken

- 6 -

protein that lacks a structural domain important to the operation of IκB-α. Figure 43 was withdrawn by ARIAD and the Institutions from the '374 patent and the '090 patent.

36.    The '374 patent and the '090 patent were prosecuted before different USPTO Examiners than the '516 patent. ARIAD and the Institutions never informed the USPTO Examiner of the '516 patent that Figure 43 does not contain the correct sequence for IκB-α. The '516 patent, thus, issued with Figure 43 and the erroneous description that it depicts the nucleotide sequence and the amino acid sequence of IκB-α. The '516 patent does not describe pp40-rel associated protein as IκB-α.

37.    The absence of disclosure of a nucleotide sequence or an amino acid sequence for IκB-α establishes a *prima facie* case for the unpatentability of, and would therefore have been material to the examination of, at least those claims in the '516 patent that require an adequate description of the IκB sequence.

38.    ARIAD, the Institutions, their prosecution counsel, and/or one or more of the inventors listed on the face of the '516 patent knew or should have known of the materiality of the erroneous IκB-α sequences in Figure 43 to the patentability of the claims that issued in the '516 patent. By failing to inform the USPTO Examiner that the '364 application did not disclose the correct nucleotide sequence or amino acid sequence for IκB-α, as they had done during prosecution of two other related patents, ARIAD, the Institutions, their prosecution counsel, and/or one or more of the inventors listed on the face of the '516 patent practiced inequitable conduct on the USPTO and violated their duty of disclosure through bad faith and intentional misconduct.

39.    During the prosecution of the '364 application, the USPTO Examiner rejected claim 57 of that application as inherently anticipated under 35 U.S.C. § 102(b).

- 7 -

40.     In response, ARIAD and the Institutions argued that one skilled in the art must contemporaneously recognize the inherency of the claimed invention for it to constitute inherent anticipation. The USPTO Examiner did not accept that argument and again rejected the claim as inherently anticipated.

41.     ARIAD and the Institutions amended claim 57 to avoid the inherent anticipation rejection and did not further pursue the contemporaneous recognition argument.  The USPTO Examiner withdrew the rejection in light of that claim amendment.

42.     At least one of ARIAD, the Institutions, their prosecution counsel, and one or more of the inventors listed on the face of the '516 patent knew that several prior art compounds to the '364 application had been reported to inhibit NF-κB.  For example, Dr. Albert S. Baldwin, Jr., who is listed on the face of the '516 patent as an inventor, wrote in a published article that glucocorticoids, salicylates, and cyclosporin A inhibit NF-κB activity.  A.S. Baldwin, "The NF-κB and IκB Proteins: New Discoveries and Insights," 14 Ann. Rev. Immunology 649, 671 (1996).  As another example, Dr. Baldwin wrote in a second published article that resveratrol (Res) inhibits NF-κB activity.  *See* M. Holmes-McNary & A.S. Baldwin, "Chemoprotective Properties of *trans*-Resveratrol Are Associated with Inhibition of Activation of the IκB kinase," 60 J. Cancer Res. 3477, 3481-3482 (2000).

43.     Accordingly, while examination of the '364 application was ongoing at the USPTO, Dr. Baldwin knew that at least four prior-art compounds had been reported to inhibit NF-κB activity.  However, neither Dr. Baldwin nor anyone else connected with

the prosecution of the '364 application submitted that information for consideration to the USPTO.

44.    The non-disclosed information regarding prior-art compounds with NF-κB activity was material to the examination of the '364 application as it would have provided a basis for rejection of the claims for inherent anticipation under 35 U.S.C. § 102(b).

45.    ARIAD, the Institutions, their prosecution counsel, and/or one or more of the inventors listed on the face of the '516 patent knew or should have known of the materiality of prior-art compounds known to them that had been reported to inhibit NF-κB activity. By failing to inform the USPTO Examiner of those compounds, ARIAD, the Institutions, their prosecution counsel, and/or one or more of the inventors listed on the face of the '516 patent engaged in inequitable conduct and violated their duty of disclosure through bad faith and intentional misconduct.

## WYETH'S REQUESTED RELIEF

46.    Wherefore, Wyeth denies that ARIAD and the Institutions are entitled to any relief in this case and specifically requests:

        A.    That judgment be entered for Wyeth that it does not infringe any claim of U.S. Patent No. 6,410,516, that each claim of U.S. Patent No. 6,410,516 is invalid, and that U.S. Patent No. 6,410,516 is unenforceable;

        B.    That no injunctive or other equitable relief be granted to ARIAD and the Institutions;

        C.    That no damages be awarded to ARIAD and the Institutions;

- 9 -

      D.      That no costs, expenses, or attorney fees be awarded to ARIAD and the Institutions;

      E.      That costs, expenses, and attorney fees be awarded to Wyeth for its defense of ARIAD and the Institutions' Amended Counterclaim; and,

      F.      That the Court award to Wyeth other relief, legal or equitable, as it deems just and appropriate.

## RIGHT TO SUPPLEMENT AND ASSERT ADDITIONAL DEFENSES

47.    Wyeth's investigations into the allegations set forth in the Amended Counterclaim are ongoing and discovery between the parties is ongoing. In light of at least those events, Wyeth reserves the right to supplement or plead with further particularity the affirmative defenses offered herein, and to assert additional defenses at a later date.

*Of Counsel*:

Robert D. Bajefsky
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC   20001
(202) 408-4000

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA   20190
(571) 203-2700

Frederick L. Cottrell, III (I.D. # 2555)
cottrell@rlf.com
Anne Shea Gaza (I.D. # 4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE   19801
(302) 651-7700

*Attorneys for Counterclaim Defendant
Wyeth*

RLF1-3210864-1

Robert C. Stanley
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
303 Peachtree Street, N.E.
Sun Trust Plaza, Suite 3500
Atlanta, GA    30308
(404) 653-6400


Monica Gorman
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA    94304
(650) 849-6600

Dated:  October 9, 2007

RLF1-3210864-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that, on October 9, 2007, I caused to be sent by hand delivery and electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick
John T. Day
Tiffany Geyer Lyden
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE   19899

Melanie K. Sharp
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899

I hereby certify that on October 9, 2007, the foregoing document was sent via Electronic Mail to the following non-registered participants:

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA   90067

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL   60601

J. Drew Diamond
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA   90017

Anne Shea Gaza (#4093)
gaza@rlf.com