IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>              Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>              Defendants. | C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>              Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>              Counterclaim Defendants. | |

**NOTICE OF DEPOSITION AND SERVICE OF SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* ON HANS MUELLER**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendants and Counterclaim Plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College, and The Whitehead Institute for Biomedical Research will take the deposition upon oral examination of Hans Mueller. The deposition shall take place on November 6, 2007 beginning at 9:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until

completed. The deposition shall take place at Merrill Legal Solutions, 2000 Market Street, #2905, Philadelphia, PA 19103, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript. You are invited to attend and examine.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Hans Mueller's attendance, testimony, and production of documents are compelled by subpoena (copy attached). Production of the documents set forth in Attachment A to the subpoena are requested by October 29, 2007. Service of the subpoena was made on and accepted by Finnegan, Henderson, Farabow, Garrett & Dunner LLP, pursuant to agreement of counsel.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College and The Whitehead Institute for Biomedical Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated: October 16, 2007
185007.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### Eastern DISTRICT OF Pennsylvania

Amgen Inc., et al.

V.

Ariad Pharmaceuticals, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-259-MPT
Case pending in the District of Delaware

TO: Hans Mueller (c/o Robert Stanley, counsel for Mr. Mueller)
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
3500 SunTrust Plaza, 303 Peachtree Street, NE, Atlanta, GA 30308-3263

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Merrill Legal Solutions - 2000 Market Street, #2905 Philadelphia, PA 19103 Tel: (215) 246-0404 | November 6, 2007 9:00 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Merrill Legal Solutions 2000 Market Street, Suite 2905 Philadelphia, PA 19103   ATTN: Nicole Foster | October 29, 2007 5:00 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Raymond LaMagna* Attorney for Defendants | 10-15-07 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Raymond A. LaMagna, Esq., Attorney for Defendants and Counterclaim Plaintiffs
Irell & Manella, 1800 Avenue of the Stars, #900, Los Angeles, CA 90067 (310) 277-1010

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE<br>10/15/2007 | PLACE<br>Finnegan, Henderson, Farabow, Garrett & Dunner LLP<br>3500 SunTrust Plaza, 303 Peachtree St.,NE,Atlanta, GA 30308-3263 |
| SERVED | |
| SERVED ON (PRINT NAME)<br>Robert Stanley<br>Attorney for Hans Mueller | MANNER OF SERVICE<br>Federal Express (per agreement)<br>For Delivery on October 16, 2007 |
| SERVED BY (PRINT NAME)<br>Raymond LaMagna | TITLE<br>Attorney<br>Irell & Manella LLP |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

1800 Avenue of the Stars, Suite 900
ADDRESS OF SERVER

Los Angeles, CA  90067

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
     (i) fails to allow reasonable time for compliance;
     (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
     (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) If a subpoena
     (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
     (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

     (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
     (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
     (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
     (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
     (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

A.   WYETH shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

B.   "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

C.   "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

D.   "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

E.   "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

F.   "ENBREL" shall mean AMGEN's commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

G.   "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

1764717

H.   "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

I.   "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, attached as Exhibit A.

J.   "'516 PATENT FAMILY" shall mean: (i) United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, (ii) United States Patent No. 5,804,374, issued on September 8, 1998, (iii) United States Patent No. 6,150,090, issued on November 21, 2000, (iv) any applications from which the '516 PATENT claims priority, and (v) any applications that claim priority to an application from which the '516 PATENT claims priority.

K.   "Ariad v. Lilly case" shall mean Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co., 02-CV11280 RWZ (D. Mass.).

L.   Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## INSTRUCTIONS

1. With respect to each request herein, you are requested to produce all DOCUMENTS which are known to you or which can be located or discovered by reasonably diligent effort, including, without limitation, all such DOCUMENTS requested to be produced which are in your personal or business files, or otherwise in the possession, custody or control of you or your attorneys, agents or representatives.

2. Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

3. If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

    (a) the type of DOCUMENT or COMMUNICATION;

    (b) the exact name and title of the DOCUMENT;

    (c) the date(s) of the DOCUMENT or COMMUNICATION;

    (d) the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

    (e) all persons who received the DOCUMENT or the COMMUNICATION;

    (f) the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

    (g) the subject matter of the DOCUMENT or COMMUNICATION.

4. The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they were maintained in the ordinary course of business. DOCUMENTS are to be produced in the boxes, file folders, bindings or other

containers in which the DOCUMENTS are found. The title, labels or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.  If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.  If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.  If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, identify the person or persons with possession or custody.

8.  If any DOCUMENT was, but no longer is in YOUR possession or subject to YOUR control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.  For purposes of these requests, a DOCUMENT is deemed to be in YOUR control if any of YOUR agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if YOU have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

DOCUMENTS sufficient to fully describe your current and prior relationship with WYETH, including any agreements between you and WYETH, and any payments to you by WYETH for consulting or speaking.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO the '516 PATENT, the '516 PATENT FAMILY, ARIAD, the *Ariad v. Lilly* case, or the present action.

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and ARIAD, including any negotiations with ARIAD.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO COMMUNICATIONS between WYETH and ARIAD.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO ARIAD.

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO NF-KB

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO ENBREL.