RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA
COUNSEL

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

October 17. 2007

# REDACTED - PUBLIC VERSION

**VIA E-FILING AND HAND DELIVERY**
The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware   19801

> Re:   *Amgen Inc., et al. v. Ariad Pharmaceuticals, Inc., et al.*
>       **C.A. 06-259-MPT**

Dear Magistrate Judge Thynge:

I write on behalf of Wyeth concerning the discovery issues raised by ARIAD in its letter to Your Honor dated October 16, 2007.  (D.I. 437.)

As an initial matter, many, if not all, of the issues raised by ARIAD could have been resolved between the parties through simple discussions.  Instead, ARIAD has chosen to prematurely involve the Court, without meeting and conferring in advance and without including Wyeth in the scheduling call.  In doing so, ARIAD mischaracterizes the nature of the discovery provided by Wyeth.

**(1) Wyeth's Document Production**:  Contrary to ARIAD's assertions, Wyeth has been diligent in its production of documents.  ARIAD and Wyeth first conferred over the scope of ARIAD's document requests on August 7, 2007.  Wyeth began its production on August 16, 2007, and has steadily produced documents on a rolling basis for the past two months.  Nine attorneys now work full time on this production, spending from 40 to 60 hours per week on the project.  Wyeth has produced over 130,000 pages.  Production of non-electronic documents is essentially complete.  Wyeth has, however, encountered significant technological problems in its efforts to produce electronic documents.  Indeed, because of concerns about the production of electronic documents, Wyeth informed ARIAD that it hoped to substantially complete its document production by September 28 "barring any technological or production problems."  (*See* ARIAD, Exh. A.)

Wyeth has repeatedly informed ARIAD of those technological problems.  (Exh. A, Stanley Sept. 14 letter; Exh. B, Stanley Sept. 28 letter).  Wyeth now expects to receive the last of

The Honorable Mary Pat Thynge
October 17, 2007
Page 2

its electronic documents by the end of this week–the vendors had previously promised to complete processing by October 12th–and is working diligently to finalize its review and production. Because it did not receive the final set of documents from the vendors until this week, Wyeth now believes it will substantially complete its production by October 31, 2007. Wyeth has given priority to its review of electronic documents of individuals noticed for deposition.

(2) **Deposition of Allen Jacques**: Wyeth canceled Mr. Jacques' deposition because it could not complete production of his electronic documents prior to the scheduled date. Wyeth has now completed that production. Mr. Jacques is available on November 15. He is not available prior to that date.

(3) **Deposition of Tim McIntire**: Mr. McIntire was not available on the date originally noticed. ARIAD did not raise the issue again until its letter of October 11, 2007, listing issues it planned to raise at this hearing. After receiving that letter, Wyeth promptly determined that Mr. McIntire was available on October 30.

(4) **Wyeth's 30(b)(6) Responses for Willfulness**: ARIAD has given no reason why Wyeth should prematurely designate witnesses and corresponding topics before the November 9, 2007, date scheduled by the Court for electing whether to waive privilege. If Wyeth elects to waive privilege, it will, at that time, respond to the 30(b)(6) notices and provide timely dates for those depositions within the remaining six weeks before the close of fact discovery.

(5) **Responses to Contention Interrogatories**: In compliance with this Court's directions at the May 1, 2007, discovery conference, Wyeth has provided extensive responses to ARIAD's contention interrogatories that equal or exceed the information provided by ARIAD in its responses. ARIAD's letter presupposes that–as the foundation for its responses–Wyeth cannot incorporate by reference the detailed information, prior art analyses, and contentions already developed and served by Amgen. Significantly, *ARIAD does not here contend that Amgen's interrogatory responses–which it has not submitted to the Court–are in any way inadequate.*

Interrogatory No. 13. Wyeth's response incorporated by reference the information and analyses previously developed and disclosed by Amgen, including more than forty pages identifying individual compounds and tables of references responsive to ARIAD's discovery request. (*See* Exh. C, Amgen's Original and two Supplemental Responses to Interrogatory No. 2.)

Interrogatory Nos. 14 and 15. Wyeth has explained its contention as completely as possible at this time. The Court should note that ARIAD has refused to provide specific information in response to Amgen's interrogatories seeking comparable information about conception, reduction to practice, and priority, choosing instead to cite generally to thousands of pages of non-responsive trial and deposition testimony. (*See* Exh. D, ARIAD's Original and

The Honorable Mary Pat Thynge
October 17, 2007
Page 3

Supplemental Responses to Interrogatory Nos. 6 and 7 and ARIAD's Response to Interrogatory 19.)

Interrogatory No. 16. Wyeth's response incorporated by reference more than 300 pages of tables on individual prior art references previously developed and disclosed by Amgen. (*See* Exh. E, Amgen's original and two supplemental responses to Interrogatory No. 5.) In its Supplemental Response, Wyeth also has provided 18 additional pages of information beyond that provided by Amgen. (*See* Exh. F, Wyeth's Supplemental Response to Interrogatory No. 16.)

Interrogatory No. 17. Wyeth's response set forth specific information concerning its obviousness theories and referred to its other interrogatory responses on anticipation which provided charts. ARIAD has not objected to the adequacy of Amgen's response to the same interrogatory, which took a similar approach. (*See* Exh G, Amgen's Original and two Supplemental Responses to Interrogatory No. 6.)

Interrogatory No. 22. Wyeth's response to this interrogatory incorporated by reference Amgen's thorough response concerning noninfringement by Enbrel®. (*See* Exh. H, Amgen's Original and Supplemental Responses to Interrogatory No. 11.)

Interrogatory Nos. 23: Wyeth has provided an adequate response to this interrogatory at this time. (See Exh. I, Wyeth's Third Supplemental Response to Interrogatory No. 23.) Ironically, counter-plaintiff ARIAD itself has refused to provide an equally meaningful answer to Amgen's interrogatories seeking the basis for its willfulness contentions arguing such response is premature. (See Exh. J, Ariad's Response to Interrogatory No. 16.) The Court set a deadline for when a party must decide whether to waive privilege. That decision is obviously a weighty issue, and ARIAD's attempt to force disclosure of information and identification of "willfulness" witnesses prior to the scheduled date in effect undermines the schedule imposed by the Court.

(6) Wyeth adopts the arguments and legal authorities Amgen raises regarding the interrogatories served by Whitehead. ARIAD is attempting to leverage the presence of multiple entities with identically aligned interests in the '516 patent into potentially quadrupling the number of interrogatories permitted without leave under Rule 33.

Respectfully,

Anne Shea Gaza (#4093)

ASG/afg

RLF1-3213888-1

The Honorable Mary Pat Thynge
October 17, 2007
Page 4


cc:    Clerk of the Court (via hand delivery)
       Melanie K. Sharp, Esquire (via e-mail and hand delivery)
       John G. Day, Esquire (via e-mail and hand delivery)
       David I. Gindler, Esquire (via e-mail)
       Charles E. Lipsey, Esquire (via e-mail)
       Frederick L. Cottrell, III, Esquire (via e-mail)
       Robert Bajefsky, Esquire (via e-mail)

# EXHIBITS A THROUGH J
# REDACTED IN THEIR ENTIRETY