# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

MELANIE K. SHARP
DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

October 17, 2007

**BY E-FILE**
**CONFIDENTIAL – FILED UNDER SEAL**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.*
   C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

I write in response to ARIAD's October 16, 2007 letter raising a series of purported discovery disputes with Wyeth and Amgen. As an initial matter, Amgen notes that issues (1)-(5) in ARIAD's letter relate to discovery disputes between ARIAD and Wyeth, and thus Amgen does not address these issues in this letter. With respect to the remaining three issues raised by ARIAD, ARIAD did not engage in any meaningful meet and confer with Amgen on these issues despite repeated pleas from Amgen to do so, and also set up tomorrow's teleconference with the Court without including Amgen in that process. In any event, despite ARIAD's contrary aspersions, Amgen has wholly complied with its discovery obligations in this matter, and continues to do so, in accordance with the Federal Rules and this Court's rulings regarding the scope of discovery. As discussed below, none of the relief requested by ARIAD vis-à-vis Amgen is warranted.

1. **The parties should meet and confer regarding interrogatories**

To date, the Defendants have served 71 interrogatories (not even counting the numerous distinct subparts) on Amgen, and take the position that they are allowed 25 interrogatories per party, or up to 100 in all. Amgen does not believe that it should be forced to respond to up to 100 interrogatories in this action, especially where the Defendants are all represented by the same counsel and operate as a single party for all practical purposes.[1] Groups of similarly-situated entities represented by the same counsel are considered a single party for the purposes of Rule 33(a)'s 25 interrogatory limit. *See, e.g., Gucci America, Inc. v. Exclusive Imports Int'l.*, 2002 WL 1870293 at *5 (S.D.N.Y. 2002) ("where, as here, the parties are acting

---

[1] If, as proposed by ARIAD, each of ARIAD, Harvard, MIT, and Whitehead are allowed 25 interrogatories, this would also apply to the Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA, Inc. Amgen Manufacturing Ltd. and Immunex Rhode Island Corporation, allowing a total of 125 interrogatories. To date, the Amgen Entities have served only 21 interrogatories.

DB02:6305608.1                                                                 065028.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
October 17, 2007
Page 2

in unison and are represented by the same counsel, they may be treated as one party for purposes of the interrogatory limits"); *see also* Wright & Miller 8A Fed. Prac. & Proc. Civ.2d § 2168.1. ARIAD cites no contrary authority addressing the present situation.[2] ARIAD further provides no explanation as to why ARIAD and the Institutions need additional interrogatories despite the fact that they are represented by the same counsel and for all other purposes have acted in unison. Amgen has offered to consider reasonable compromise proposals on this issue (*see* Ex. O to ARIAD's letter), including an offer that multiple parties represented by the same counsel be afforded 50 interrogatories (*see id.*), which should be more than sufficient in this matter, but ARIAD ignored Amgen's requests to meet and confer and chose instead to seek this Court's assistance. Amgen renews here its suggestion, recognizing that the separate discovery schedule for the assay patents might necessitate the service of a limited number of additional interrogatories.

2. **Amgen has provided discovery related to the assay patents**

Despite ARIAD's rhetoric, Amgen *has not* refused to provide discovery on the recently-added assay patents, and *has* in fact produced responsive documents relating to assays used for Enbrel and/or Kineret. Indeed, ARIAD confirmed this in its motion for leave to file the amended counterclaims. See Docket No. 292, at 13 (noting specifically that, "Amgen produced the documents relating to its assay and cellular imaging techniques in response to the discovery requests on the '516 patent.") Nor has Amgen in any way interfered with discovery relating to the assay patents in the depositions taken to date. Several depositions have been taken focusing on these assay documents        REDACTED        , and several more assay-patent-related depositions are scheduled to proceed in the next few weeks. Amgen is not impeding discovery relating to the assay patents.

ARIAD has taken Amgen's suggestions out of context. What Amgen has proposed, in actuality, is that discovery relating to the '516 patent issues should be prioritized to ensure that discovery relating to that patent is completed in compliance with the current schedule by December 21, 2007. To the extent ARIAD has served deposition notices or other discovery that relates solely to the assay patents, Amgen has suggested that such discovery be deferred until after the close of discovery with respect to the '516 patent. (*See* Ex. I to ARIAD's letter). Indeed, ARIAD has not yet even proposed a schedule for dealing with discovery or other issues on the assay patents, and thus Amgen questions the logic in front-loading all of the assay patent discovery to the potential detriment of the schedule for the '516 patent discovery. With the close of fact discovery regarding the '516 patent only two months away, and with over 40 depositions presently noticed to occur in that timeframe, Amgen believes it imprudent to jeopardize the completion of the '516 patent discovery with inordinate focus on assay patent discovery at this time.

Amgen has produced relevant discovery relating to Kineret and Enbrel and the assay patents (including the portions of laboratory notebooks containing the relevant

---

[2] ARIAD relies instead on a broad statement in a treatise regarding multi-party cases generally, and not addressing the common interests and common representation in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
October 17, 2007
Page 3

experimental data), has agreed to produce assay-patent-related discovery for other commercial products (to the extent it exists), and has permitted and will continue to permit questioning in depositions relating to these patents. There has been no "stay" of assay patent discovery, and ARIAD's contention otherwise is simply wrong.

3.

**REDACTED**

ARIAD's present "disputes" with Amgen are largely the result of ARIAD's refusal to discuss these issues in meet and confers to understand the nature of Amgen's positions. Amgen respectfully requests that ARIAD's requests for relief be denied.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS

cc: Clerk of the Court (Hand Delivery)
John G. Day, Esquire (via e-mail)
Frederick L. Cottrell, III, Esquire (via e-mail)
David I. Gindler, Esquire (via e-mail)
Charles E. Lipsey, Esquire (via e-mail)

# EXHIBIT A

# REDACTED

# EXHIBIT B

# REDACTED