# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>                              Plaintiffs,<br><br>          v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>Defendants. | C.A. No. 06-259-MPT |

ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,

                              Counterclaim
                              Plaintiffs,

          v.

AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,

                              Counterclaim
                              Defendants.

## NOTICE OF DEPOSITION AND SERVICE OF SUBPOENA
### *AD TESTIFICANDUM* AND *DUCES TECUM* ON LARS THIELL

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure, and the Local Rules of this Court, Defendants and

Counterclaim Plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of

Technology, The President and Fellows of Harvard College, and The Whitehead Institute for Biomedical Research will take the deposition upon oral examination of Lars Thiell. The deposition shall take place on November 14, 2007 beginning at 9:00 a.m., or such other date and time as mutually agreed upon by counsel for the parties. The deposition shall continue from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the Century City offices of Irell & Manella LLP located at 1800 Avenue of the Stars, Suite 900, Los Angeles, CA, 90067, (310) 277-1010, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript. You are invited to attend and examine.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Lars Thiell's attendance, testimony, and production of documents are compelled by subpoena (copy attached). Production of the documents set forth in Attachment A to the subpoena are requested by November 7, 2007. Service of the subpoena was accepted by Kirkland & Ellis LLP, pursuant to agreement of counsel.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants and
Counterclaim Plaintiffs ARIAD
Pharmaceuticals, Inc., Massachusetts
Institute of Technology, The President
and Fellows of Harvard College, and
The Whitehead Institute for
Biomedical Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  November 1, 2007

185517.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Central    DISTRICT OF California

Amgen, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

v.

Ariad Pharmaceuticals, Inc.

Case Number:[1] 06-259-MPT

Case pending in the District of Delaware

TO: Lars Theill (c/o Drew Diamond, Esq., counsel for Mr. Thiell)
Kirkland & Ellis LLP
777 South Figueroa Street, Los Angeles, CA  90017-5800

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA  90067, tel: 310-277-1010 | November 14, 2007 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA  90067, tel: 310-277-1010 | November 7, 2007 5:00 p.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Alexandria Young* | 10-31-07 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Alexandrea H. Young, Esq., Attorney for Defendants and Counterclaim Plaintiffs
Irell & Manella LLP, 1800 Avenue of the Stars, #900, Los Angeles, CA  90067 310-277-1010

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Alexandrea H. Young, Esq.<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br><br>ATTORNEY FOR *(Name)*: Defendants and Counterclaim Plaintiffs | TELEPHONE NO.:<br>(310) 277-1010 | FOR COURT USE ONLY |
|---|---|---|
| | Ref. No. or File No.<br>26504.aj | |

| Insert name of court and name of judicial and branch court, if any:<br>UNITED STATES DISTRICT COURT,<br>CENTRAL  DISTRICT OF CALIFORNIA |
|---|
| SHORT TITLE OF CASE:<br>Amgen, Inc., et al.  vs. Ariad Pharmaceuticals, Inc. |

| **PROOF OF SERVICE** | HEARING DATE:<br>November 14, 2007 | TIME:<br>9:00 am | DEPT./DIV.: | CASE NUMBER:<br>06-259-MPT<br>Case pending in the District of Delaware |
|---|---|---|---|---|

At time of service I was at least 18 years old & not a party to the action

I served the following documents: Subpoena in a Civil Case

Name of party served:Lars Theill (c/o Drew Diamond, Esq., counsel for Mr. Thiell)

Person with whom left: Drew Diamond, Esq.

Title or relationship:  Counsel

Address: 777 South Figueroa Street, 37th Floor, Los Angeles, California 90017

[ ] Residence      [X] Business        [  ] Other

Date/Time of delivery: October 31, 2007 at  3:46 p.m.

Manner of service:

[X] The Subpoena was served by delivering a true copy thereof

  Witness fees and mileage fees were paid in the sum of $ 56.00

**Process Server: Alex Terriquez**
**Nationwide Legal, Inc.**
**316 W. 2nd Street, Suite 705**
**Los Angeles, California 90012**
**(213) 625-9100**

**[X]Registered California**
**Process Server**
**Registration Number: 5534**
**County: Los Angeles**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 31, 2007              Signature: _____

Proof of Service complies with CRC 982(a)(23) as required by CCP 417.10

**PROOF OF SERVICE**

**ATTACHMENT A**

**DEFINITIONS**

A.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.    "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.    "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

D.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

E.    "ENBREL" shall mean AMGEN's commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.    "NF-KB" shall mean nuclear factor κB and its analogs, derivatives and homologues.

G.    "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding,

pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

H.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, attached as Exhibit A.

I.    "'516 PATENT FAMILY" shall mean: (i) United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, (ii) United States Patent No. 5,804,374, issued on September 8, 1998, (iii) United States Patent No. 6,150,090, issued on November 21, 2000, (iv) any applications from which the '516 PATENT claims priority, and (v) any applications that claim priority to an application from which the '516 PATENT claims priority.

J.    *"Ariad v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.,* 02-CV11280 RWZ (D. Mass.).

K.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

### INSTRUCTIONS

1.    With respect to each request herein, you are requested to produce all DOCUMENTS which are known to you or which can be located or discovered by reasonably

diligent effort, including, without limitation, all such DOCUMENTS requested to be produced which are in your personal or business files, or otherwise in the possession, custody or control of you or your attorneys, agents or representatives.

2.     Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

3.     If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

      (a)    the type of DOCUMENT or COMMUNICATION;

      (b)    the exact name and title of the DOCUMENT;

      (c)    the date(s) of the DOCUMENT or COMMUNICATION;

      (d)    the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

      (e)    all persons who received the DOCUMENT or the COMMUNICATION;

      (f)    the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

      (g)    the subject matter of the DOCUMENT or COMMUNICATION.

4.     The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they were maintained in the ordinary course of business.  DOCUMENTS are to be produced in the boxes, file folders, bindings or other containers in which the DOCUMENTS are found.  The title, labels or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.    If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.    If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, identify the person or persons with possession or custody.

8.    If any DOCUMENT was, but no longer is in YOUR possession or subject to YOUR control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.    For purposes of these requests, a DOCUMENT is deemed to be in YOUR control if any of YOUR agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if YOU have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

DOCUMENTS sufficient to fully describe your current and prior relationship with AMGEN, including any agreements between you and AMGEN, and any payments to you by AMGEN for consulting or speaking.

### REQUEST NO. 2:

All DOCUMENTS RELATING TO the '516 PATENT or to the '516 PATENT FAMILY.

**REQUEST NO. 3**:

All DOCUMENTS RELATING TO the *Ariad v. Lilly* case or to the present action.

**REQUEST NO. 4**:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and ARIAD, including any negotiations with ARIAD.

**REQUEST NO. 5**:

All DOCUMENTS RELATING TO COMMUNICATIONS between AMGEN and ARIAD.

**REQUEST NO. 6**:

All DOCUMENTS RELATING TO ARIAD.

**REQUEST NO. 7**:

All DOCUMENTS RELATING TO NF-KB

**REQUEST NO. 8**:

All DOCUMENTS RELATING TO ENBREL.