# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 1, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19810

**VIA ELECTRONIC FILING**

Re: *Amgen Inc., et al. v. ARIAD Pharmaceuticals, et al.*, C.A. No. 06-259-MPT

Dear Judge Thynge:

We are writing pursuant to the Court's October 23, 2007 Order in which the Court directed the parties to submit jointly a proposed scheduling order for the assay patent claims. Accordingly, enclosed for the Court's review is a proposed Scheduling Order Regarding Claims Under the '374 and '090 Patents ("Assay Patents"), which we are jointly submitting on behalf of ARIAD, the Institutions and the Amgen Entities.

Respectfully,

/s/ *Lauren E. Maguire*

Lauren E. Maguire

Attachment

185535.1

cc:  David I. Gindler, Esquire (via electronic mail; w/attachments)
     Melanie K. Sharp, Esquire (by hand and via electronic mail; w/attachments)
     Marcus E. Sernel, Esquire (via electronic mail; w/attachments)
     Frederick L. Cottrell, III, Esquire (by hand and via electronic mail; w/attachments)
     Charles E. Lipsey, Esquire (via electronic mail; w/attachments)
     Robert D. Bajefsky, Esquire (via electronic mail; w/attachments)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>      Plaintiffs,<br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>Counterclaimants. | C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>      Counterclaim Plaintiffs,<br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>      Counterclaim Defendants. | |

## SCHEDULING ORDER REGARDING CLAIMS UNDER THE '374 AND '090 PATENTS ("ASSAY PATENTS")

This __ day of _____, 2007, the Court having conducted a teleconference on October 18, 2007, after which the Court issued an Order setting forth certain information to be included in any proposed scheduling order by the parties regarding the assay patents (D.I. 451-

2), the Court enters the following scheduling order, which shall supplement the Scheduling Order previously entered in the above-captioned action (D.I. 37; D.I. 150; D.I. 391):

IT IS ORDERED that:

3. <u>Discovery</u>.

    c.2 <u>Willfulness Election and Discovery Cut Off (Assay Patents)</u>. All fact discovery in this case regarding the assay patents shall be initiated so that it will be completed on or before April 11, 2008 and July 9, 2008 for expert discovery. Counterclaim Defendants must (a) elect whether they are relying on advice of counsel as a defense to willful infringement regarding the assay patents and (b) produce all documents and responses to written discovery on which privilege is waived by virtue of such election with respect to the assay patents, on or before February 15, 2008.

    d.1 <u>Disclosure of Expert Testimony Regarding (Assay Patents)</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony regarding the assay patents is due on or before April 25, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 30, 2008. Reply reports, responding to the other side's supplemental disclosures, may be submitted by the party that has the burden of proof on a subject matter no later than June 16, 2008. <u>Along with the submissions of the expert reports</u>, the parties shall advise of the dates and times of their experts' availability for deposition.

    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. <u>Discovery Matters</u>  Should counsel find they are unable to resolve a discovery matter with respect to the assay patents, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Unless otherwise ordered by the Court, not less than forty-eight (48) hours prior to the conference the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Unless otherwise ordered by the Court, not less than twenty-four (24) hours prior the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition.  Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).  Should the Court find further briefing necessary upon conclusion of the telephone conference the Court will order it.  Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

7       <u>Interim Status Reports</u>.  The Interim Status Report previously ordered to be submitted on February 1, 2008, shall include an interim report on the nature of the matters in issue and the progress of discovery to date with regard to the assay patents.

8.      <u>Status Conference</u>.  The Rule 16(a), (b) and (c) conference previously scheduled February 7, 2008 shall also include matters concerning the claims under the assay patents.

10.2    <u>Case Dispositive Motions (Assay Patents)</u>.  All case dispositive motions regarding the assay patents, an opening brief, and supporting documents, if any, in support of such motions

3

shall be served and filed on or before July 28, 2008. Answering briefs and supporting opposition documents shall be filed on or before August 25, 2008 with the reply briefs, if any, due on or before September 8, 2008. Page limitations shall be according to the Court's Local Rules.

Regarding briefing on claim construction and case dispositive motions, any extensions for briefing may result in loss of the trial date.

11.2    Claim Construction Issue Identification (Assay Patents). If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on July 7, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) in the assay patents that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on July 11, 2008. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties <u>shall not</u> provide argument.

12.2    Claim Construction (Assay Patents). The parties shall contemporaneously submit initial briefs on claim construction issues regarding the assay patents on July 28, 2008. The parties' answering/responsive briefs shall be contemporaneously submitted on August 25, 2008. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

4

13.2 <u>Hearing on Claim Construction and Summary Judgment (Assay Patents)</u>. Beginning at 9:30 a.m. on October 14, 2008, the Court will hear evidence and argument on claim construction and summary judgment regarding the assay patents.

15.2 <u>Pretrial Conference (Assay Patents)</u>. On March 9, 2009, the Court will hold a Final Pretrial Conference regarding the assay patents in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies D.I. 150 on or before February 18, 2009.

18.2 <u>Trial (Assay Patents)</u>. The trial regarding the assay patents is scheduled for a 10 day jury trial beginning at 9:30 a.m. on March 23, 2009 and lasting until April 3, 2009, which includes time for jury deliberations. The subsequent trial days shall begin at 9:00 a.m. Each side is allocated a total of 20 hours to present their case.

The remaining provisions of the current Scheduling Order with respect to the '516 patent and proceedings in this action more generally remain unchanged.

This Order is without prejudice to the parties' ability to request that the Court modify the previous Scheduling Orders to allow for additional hours of deposition discovery with respect to the assay patents or to schedule additional proceedings that may be beneficial to the Court (e.g., a technical tutorial).

_____
UNITED STATES MAGISTRATE JUDGE