# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMGEN INC., IMMUNEX
CORPORATION, AMGEN USA INC.,
AMGEN MANUFACTURING LIMITED,
and IMMUNEX RHODE ISLAND
CORPORATION,

|                          |  |
|--------------------------|--|
|                  Plaintiffs, | C.A. No. 06-259-MPT |

      v.

ARIAD PHARMACEUTICALS, INC., and
THE WHITEHEAD INSTITUTE FOR
BIOMEDICAL RESEARCH,

Counterclaimants.

---

ARIAD PHARMACEUTICALS, INC.,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, THE PRESIDENT AND
FELLOWS OF HARVARD COLLEGE, and
THE WHITEHEAD INSTITUTE FOR
BIOMEDICAL RESEARCH,

                   Counterclaim
                   Plaintiffs,

      v.

AMGEN INC., IMMUNEX
CORPORATION, AMGEN USA INC.,
AMGEN MANUFACTURING LIMITED,
IMMUNEX RHODE ISLAND
CORPORATION, and WYETH,

                   Counterclaim
                   Defendants.

---

## ARIAD PHARMACEUTICALS, INC.'S, MIT'S, HARVARD'S, AND THE WHITEHEAD INSTITUTE'S OBJECTIONS TO WYETH'S FIRST NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim

Plaintiffs ARIAD Pharmaceuticals, Inc. ("ARIAD") and Harvard, MIT, and the

Whitehead Institute ("Institutions") hereby object and respond to Wyeth's First Notice Of

Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) (the "Notice").   ARIAD and the Institutions shall be referred to jointly as the "Counterclaimants."

Objections to each Area of Testimony are made on an individual basis below. From time to time, for special emphasis, the Counterclaimants will repeat in the specific objections certain objections also set forth in the general objections.   The specific objections are submitted without prejudice to, and without in any way waiving, the general objections listed below, but not expressly set forth in the response.   The assertion of any objection to any Area of Testimony below is neither intended as, nor shall in any way be deemed, a waiver of the Counterclaimants' right to assert that or any other objection at a later date.

The Counterclaimants' objections and responses contained herein do not in any way constitute an acceptance of Amgen's purported Definitions of words or phrases.

The Counterclaimants' objections and responses reflect only the current state of knowledge, understanding, and belief of the Counterclaimants with regard to matters about which inquiry has been made.   As discovery in this matter is not yet complete, the Counterclaimants may not yet have uncovered all information or facts pertinent to any Area of Testimony and may not yet have identified or located all persons with knowledge of pertinent information or facts.   The Counterclaimants expect and consequently reserve the right to modify or supplement their objections or responses at a later time in light of any fact or information that it may later recall or discover.

The following objections provide the bases upon which the Counterclaimants find the Notice objectionable on its face.   The Counterclaimants do not waive or forego any rights they have to make further objections at the deposition itself.

## GENERAL OBJECTIONS

1.      The Counterclaimants object to the date, time, and place for this deposition set forth in the Notice as unduly burdensome.  The Counterclaimants will propose a date, time, and place when the deposition(s) will take place.  The Counterclaimants reserve the right to object to the duration of the deposition.

2.      The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to impose on the Counterclaimants obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action.  The Counterclaimants will provide discovery in accordance with their obligations under the applicable rules and law.

3.      The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege or restriction on discovery.  The Counterclaimants will not produce information protected by such privileges or restrictions.  Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege or restriction.

4.      The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein on the ground and to the extent that they seek information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

5.      The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they are overbroad, unduly burdensome, oppressive, or seek information that is beyond the scope

of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 30.

6.    The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they seek information that is publicly available, in the possession, custody or control of Amgen or any person or entity other than the Counterclaimants, and is equally accessible to Amgen through means less burdensome to the Counterclaimants.

7.    The Counterclaimants object to the use of the definition of "Related Patents and Applications" in the Notice as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

8.    The Counterclaimants incorporate by reference their objections to definitions contained in Defendant ARIAD Pharmaceuticals, Inc.'s First Supplemental Responses And Objections To Plaintiffs' First Set Of Requests For Production Of Documents And Things To Defendant.  The Counterclaimants also object to the definitions of "ARIAD," "Whitehead," "Harvard," "MIT," "BMS," and "Millennium" as incomprehensible in the context of a Rule 30(b)(6) deposition, and to the extent they purport to impose discovery obligations on persons or entities other than the parties to this action, and to the extent they seek discovery from individuals or entities over which the Counterclaimants have no control.

9.    The Counterclaimants object to the Notice, each Area of Testimony therein, and each definition incorporated by reference therein to the extent that they purport to require the Counterclaimants to search for information that is not within their possession, custody, or control.  The Counterclaimants will use reasonable diligence to locate information within their control.

10.    The Counterclaimants expressly incorporate each of the foregoing General Objections into each specific response set forth below as if set forth in full therein.  An agreement to provide a witness to testify with respect to a particular Area of Testimony

shall not work as a waiver of any applicable specific or general objection to that Area of Testimony.

## RESPONSES AND OBJECTIONS
## TO INDIVIDUAL AREAS OF TESTIMONY

**AREA OF TESTIMONY NO. 1**:

Identification of all the licenses, assignments, or agreements relating to the '516 patent or Related Patents and Applications, or the subject matter claimed or described in the '516 patent or Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 1**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 2**:

All facts and circumstances related to any attempts to license the '516 patent or its Related Patents and Applications, including any offers made to or negotiations with third parties.

**RESPONSE TO AREA OF TESTIMONY NO. 2**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege,

common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 3**:

The license from ARIAD to BMS dated November 6, 2002 ("the BMS license"), and bearing Bates Nos. L-A0003063-081, including, but not limited to, the identity of all persons involved in negotiation and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 3:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from ARIAD to the Bristol Myers Squibb Company dated November 6, 2002.

**AREA OF TESTIMONY NO. 4**:

The license from ARIAD to DiscoverX [*sic*] dated May 2, 2003, and bearing Bates Nos. L-A0003031-062, including, but not limited to, the identity of all persons involved in negotiation and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 4**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from ARIAD to DiscoveRx dated May 2, 2003.

**AREA OF TESTIMONY NO. 5**:

The license from MIT and Whitehead to ARIAD dated August 19, 1991, and bearing Bates Nos. ADL-0029159-198 and all amendments thereto, including, but not limited to, the identity of all persons involved in negotiation and/or drafting of the license, or who participated in the decision-making process with respect to the terms of the license; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 5**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the license from MIT and Whitehead to ARIAD dated August 19, 1991.

**AREA OF TESTIMONY NO. 6**:

Any licensing of, attempt to license, or decision not to license patents, technology, or know-how referring or relating to NF-κB (such as the '516 Patent and Related Patents

and Applications) or other transcription factors, including, but not limited to, the identity of all persons involved; the date the license was offered, proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 6**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks testimony relating to "other transcription factors."

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding facts and circumstances related to attempts to license the '516 patent family, including offers made to or negotiations with third parties regarding the '516 patent family.

**AREA OF TESTIMONY NO. 7**:

Any license of, attempt to license, or decision not to license the subject matter, technology, or know-how disclosed, taught, and/or claimed in any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081) or any claim thereof, including, but not limited to, the identity of all persons involved; the date the license was offered,

proposed, granted, and/or requested; when, where, and under what conditions and circumstances the offer, proposal, grant, or request was made, extended, and/or negotiated; each person and/or party present during and/or involved in any discussion, meeting, conference, or decision made in connection with each offer, proposal, grant, or request; whether or not the license is still in effect; the consideration (e.g., compensation) paid and/or received for the license; any policies and/or procedures used in connection or associated with the license; and all documents and communications that refer and/or relate to these licensing discussions, meetings, and/or conferences.

**RESPONSE TO AREA OF TESTIMONY NO. 7**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome especially insofar as it purports to require a witness to recall all negotiations between ARIAD, the Assignees, and any third parties relating to the patents listed in Schedule A of the BMS License.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 8**:

Negotiations, including any communications, between ARIAD, Harvard, MIT, Whitehead, and/or Millennium Pharmaceuticals regarding a potential license to any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081).

**RESPONSE TO AREA OF TESTIMONY NO. 8**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege,

common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome to the extent it purports to require a witness to recall all negotiations between ARIAD, the Assignees, and any third parties relating to the patents listed in Schedule A of the BMS License.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 9**:

Negotiations between ARIAD, Harvard, MIT, Whitehead, and/or any third party regarding a potential license to any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081).

**RESPONSE TO AREA OF TESTIMONY NO. 9**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome to the extent it purports to require a witness to recall all negotiations between ARIAD, the Assignees, and any third parties relating to the patents listed in Schedule A of the BMS License.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 10**:

The royalties received by ARIAD, Harvard, MIT, and/or Whitehead for the licensing of any of the patents listed in Schedule A of the BMS License (Bates No. L-A003081).

**RESPONSE TO AREA OF TESTIMONY NO. 10**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad, unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 11**:

Any agreements, assignments, licenses, sales, acquisitions, or transfers of any rights between ARIAD, Harvard, MIT, Whitehead, and the Inventors, including offers and requests for offers.

**RESPONSE TO AREA OF TESTIMONY NO. 11**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome to the extent it is not limited to agreements, assignments, licenses, sales, acquisitions, or a transfer of rights relating to the '516 patent family.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 12**:

Any agreements, assignments, licenses, sales, acquisitions, or transfers of any rights relating to the '516 patent, Related Patents and Applications, or the subject matter

thereof between any of ARIAD, Harvard, MIT, and Whitehead, including offers or requests for offers.

**RESPONSE TO AREA OF TESTIMONY NO. 12**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 13**:

Any agreements, assignments, licenses, sales, acquisitions, or transfers of any rights relating to the '516 patent, Related Patents and Applications, or the subject matter thereof between any of Harvard, MIT, and Whitehead, including offers or requests for offers.

**RESPONSE TO AREA OF TESTIMONY NO. 13**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 14**:

Identification of the personnel involved in ARIAD's marketing programs and/or marketing plans from 1998 to the present.

**RESPONSE TO AREA OF TESTIMONY NO. 14**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it

seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information relating to an identification of ARIAD's and the Assignee's personnel involved in marketing programs and marketing plans irrespective of whether those programs have any relationship to the '516 patent or any other issue in this case.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 15:**

Knowledge held by ARIAD, Harvard, MIT, and/or Whitehead of any acceptable non-infringing alternatives to Enbrel®.

**RESPONSE TO AREA OF TESTIMONY NO. 15:**

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as vague and ambiguous in that it does not reference any particular patent. The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion and/or expert analysis.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 16:**

The content of, and any circumstances surrounding, any requests for funding, including any grant requests, prepared or submitted by ARIAD, Harvard, MIT, Whitehead, and/or any Inventors for any work relating to the '516 patent or any Related

Patents and Applications and/or any subject matter claimed or described in the '516 patent or any Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 16**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the work that resulted in the patented inventions of the '516 patent.

**AREA OF TESTIMONY NO. 17**:

All funding, including any grants, received by ARIAD, Harvard, MIT, Whitehead, and/or any Inventors for any work relating to the '516 patent or Related Patents and Applications and/or subject matter claimed or described in the '516 patent or Related Patents and Applications, including, but not limited to, the person(s) or organization(s) that provided such funding amounts of such funding received; waivers obtained from the person(s) or organization(s) that provided such funding; all representations made regarding (a) the subject matter claimed and/or described in the '516 patent or Related Patents and Applications and (b) efforts to license, develop, and/or commercialize the subject matter described or claimed in the '516 patent or Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 17**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it

seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants further object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the work that resulted in the patented inventions of the '516 patent.

**AREA OF TESTIMONY NO. 18**:

All obligations to pay any funds obtained from licensing and/or litigation relating to the '516 patent or Related Patents and Applications to any of the Inventors, including, but not limited to, any license agreements, assignments, or other documents under which such obligation occurred.

**RESPONSE TO AREA OF TESTIMONY NO. 18**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony to the extent it seeks information irrelevant to the claim or defense of any party.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 19**:

Communications between ARIAD, Harvard, MIT, Whitehead, and/or any third-party relating to any license(s) relating to the '516 patent or Related Patents and Applications.

- 16 -

**RESPONSE TO AREA OF TESTIMONY NO. 19**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 20**:

Any royalties, compensation, or other consideration that ARIAD, Harvard, MIT, and/or Whitehead has received, expects to receive, or is seeking to obtain related to a license for the '516 patent or any Related Patents and Applications, and the planned or actual distribution of such royalties, compensation, or other consideration among the Inventors, Ariad, Harvard, MIT, and/or Whitehead, including the percentage owed to each.

**RESPONSE TO AREA OF TESTIMONY NO. 20**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 21**:

The planned or expected distribution of any damages received in connection with this litigation among the Inventors, Ariad, Harvard, MIT, Whitehead, and/or any other person or entity.

**RESPONSE TO AREA OF TESTIMONY NO. 21**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 22**:

The relationship between ARIAD and Wyeth, including whether ARIAD is a competitor of Wyeth.

**RESPONSE TO AREA OF TESTIMONY NO. 22**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially insofar as it seeks testimony about the relationship between ARIAD, the Assignees, and Amgen without any connection to the inventions from the '516 patent that are at issue in this case.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding whether ARIAD and/or any of the Assignees are competitors of Wyeth with respect to the subject matter of the '516 patent.

**AREA OF TESTIMONY NO. 23**:

The identities of any past or present competitors of ARIAD and the basis for identifying an entity as a competitor.

**RESPONSE TO AREA OF TESTIMONY NO. 23**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.    The Counterclaimants object to this Area of Testimony as irrelevant, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, especially insofar as it seeks testimony about the identity of ARIAD's and the Assignees' competitors irrespective of whether there is any connection to the inventions from the '516 patent that are at issue in this case.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding the identity of ARIAD's and/or any of the Assignees' past and present competitors with  respect to the subject matter of the '516 patent and the basis for identifying any such company or other entity as a competitor of ARIAD and/or any of the Assignees with  respect to the subject matter of the '516 patent.

**AREA OF TESTIMONY NO. 24**:

The market for the subject matter of the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 24**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege,

common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants further object to this Area of Testimony as overly broad and unduly burdensome.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 25**:

ARIAD's business plans and projections for the development of products that practice the alleged invention of the '516 patent or Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 25**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 26**:

The licensing policies, procedures, practices, or criteria adopted and/or followed by ARIAD, Harvard, MIT, and/or Whitehead relating to licensing the '516 patent or Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 26**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 27**:

ARIAD's decisions for establishing royalty rates or other prices for licenses to the '516 patent or any Related Patents and Applications, and the basis for determining those rates or other prices.

**RESPONSE TO AREA OF TESTIMONY NO. 27**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 28**:

For each of the alleged inventions of the '516 patent, the identity of each method or process (past and present), and each composition of matter or compound used in such a method or process, for which each Assignee has (1) offered a license under the '516 patent or its Related Patents and Applications, (2) investigated for consideration as requiring a license under the '516 patent or its Related Patents and Applications, or (3) raised in the context of communications related to the possible licensing of the '516 patent or its Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 28**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants object to this Area of Testimony to the extent that it seeks legal

conclusions or contentions or expert analyses. The Counterclaimants further object to this Area of Testimony as irrelevant, cumulative, overly broad, and unduly burdensome especially insofar as it seeks information on any method or process and each claim of the '516 patent even though the majority of the claims in the '516 patent have not been asserted against Wyeth.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 29**:

For each of the alleged inventions of the '516 patent, the design, operation, and structure of each method or process (past and present) and each composition of matter or compound used in such a method or process for which each Assignee has offered a license under the '516 patent or its Related Patents and Applications, investigated for consideration as requiring a license under the '516 patent or its Related Patents and Applications, or raised in the context of communications related to the possible licensing of the '516 patent or its Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 29**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants object to this Area of Testimony to the extent that it seeks legal conclusions or contentions or expert analyses. The Counterclaimants further object to this Area of Testimony as irrelevant, cumulative, overly broad, and unduly burdensome especially insofar as it seeks information on any method or process and each claim of the '516 patent even though the majority of the claims in the '516 patent have not been asserted against Wyeth.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 30**:

All facts and circumstances related to each Assignee's relationships with the other Assignees, and the named inventors on the '516 patent, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 30**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify on this Area of Testimony to the extent it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 31**:

All facts and circumstances related to each Assignee's relationship with ARIAD, including any interactions related to the subject matter claimed or disclosed in the '516 patent or its Related Patents and Applications.

**RESPONSE TO AREA OF TESTIMONY NO. 31**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The

Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent family.

**AREA OF TESTIMONY NO. 32**:

ARIAD's and/or any of the Assignees' products that practice the alleged invention of the '516 patent.

**RESPONSE TO AREA OF TESTIMONY NO. 32**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.   The Counterclaimants further object to this Area of Testimony to the extent it calls for a legal conclusion.  ARIAD further objects to this Area of Testimony as duplicative of topics from Amgen's First 30(b)(6) notice.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 33**:

The identities of all persons involved with the preparation and prosecution of the '516 patent or Related Patents and Applications, including those involved with drafting of the patent applications and those involved with the decisions to abandon any one or more of the patent applications.

**RESPONSE TO AREA OF TESTIMONY NO. 33**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it

seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 34**:

The policies, procedures, practices, or criteria adopted and/or followed by each of the Institutions, from January 1985 to December 2002, concerning the obligation of an individual affiliated with each Institution to assign to an Institution any inventions and/or patent applications made by or naming the individual.

**RESPONSE TO AREA OF TESTIMONY NO. 34**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 35**:

Any obligation of David Baltimore to assign any inventions and/or patent applications to Whitehead from January 1985 to December 2002, including, but not

limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 35**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 36**:

Any obligation of Ranjan Sen to assign any inventions and/or patent applications to Whitehead from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 36**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 37**:

Any obligation of Phillip A. Sharp to assign any inventions and/or patent applications to MIT from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 37**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 38**:

Any obligation of Harinder Singh to assign any inventions and/or patent applications to MIT from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 38**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The

Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 39**:

Any obligation of Louis Staudt to assign any inventions and/or patent applications to Whitehead from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 39**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 40**:

Any obligation of Jonathan H. Lebowitz to assign any inventions and/or patent applications to MIT from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 40**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 41**:

Any obligation of Albert S. Baldwin, Jr., to assign any inventions and/or patent applications to MIT from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 41**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 42**:

Any obligation of Roger G. Clerc to assign any inventions and/or patent applications to MIT from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 42**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 43**:

Any obligation of Lynn M. Corcoran to assign any inventions and/or patent applications to Whitehead from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 43**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and

unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 44**:

Any obligation of Patrick A. Baeuerle to assign any inventions and/or patent applications to Whitehead from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 44**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 45**:

Any obligation of Michael J. Lenardo to assign any inventions and/or patent applications to Whitehead from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 45**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 46**:

Any obligation of Chen-Ming Fan to assign any inventions and/or patent applications to Harvard from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 46**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 47**:

Any obligation of Thomas P. Maniatis to assign any inventions and/or patent applications to Harvard from January 1985 to December 2002, including, but not limited to, any patent application in the '516 Patent Family and the subject matter described therein.

**RESPONSE TO AREA OF TESTIMONY NO. 47**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony to the extent it relates to the '516 patent.

**AREA OF TESTIMONY NO. 48**:

The licensing policies, procedures, practices, or criteria adopted and/or followed by ARIAD, Harvard, MIT, and/or Whitehead from January 1985 through December 2002 at the time each of the claimed inventions of the '516 patent and Related Patents and Applications were made.

**RESPONSE TO AREA OF TESTIMONY NO. 48**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as overly broad and

unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding licensing policies, procedures, practices, or criteria adopted or followed by the Counterclaimants to the extent they relate to the '516 patent family.

**AREA OF TESTIMONY NO. 49**:

The decision to cancel Figure 43 from U.S. Patent Application Nos. 08/418,266 filed on April 6, 1995, and 08/463,397 filed on June 5, 1995, including, but not limited to, the identity of those involved with the decision and the information considered in making or resulting in the decision.

**RESPONSE TO AREA OF TESTIMONY NO. 49**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.  The Counterclaimants specifically object to this Area of Testimony as assuming facts not in evidence.  The Counterclaimants also specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 50**:

How, when, and from whom ARIAD and the Institutions learned that Figure 43 of U.S. Patent Application Nos. 08/418,266 filed on April 6, 1995, and 08/463,397 filed on

June 5, 1995, is not the nucleotide sequence of IκB-α but the nucleotide sequence of pp40 rel-associated protein.

**RESPONSE TO AREA OF TESTIMONY NO. 50**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.   The Counterclaimants specifically object to this Area of Testimony as  assuming facts not in evidence.  The Counterclaimants also specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 51**:

How, when, and from whom ARIAD and the Institutions learned that Figure 43 of U.S. Patent Application Nos. 08/418,266 filed on April 6, 1995, and 08/463,397 filed on June 5, 1995, is not the complete nucleotide sequence of pp40 rel-associated protein.

**RESPONSE TO AREA OF TESTIMONY NO. 51**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein.  The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.   The Counterclaimants specifically object to this Area of Testimony as  assuming facts not in evidence.  The Counterclaimants also specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the

claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 52**:

All information of which ARIAD and the Institutions have knowledge regarding the accuracy or inaccuracy of the nucleotide and amino acid sequence shown in Figure 43 of the '516 Patent, U.S. Patent Application No. 08/418,266 filed on April 6, 1995, and U.S. Patent Application No. 08/463,397 filed on June 5, 1995.

**RESPONSE TO AREA OF TESTIMONY NO. 52**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity. The Counterclaimants specifically object to this Area of Testimony as assuming facts not in evidence. The Counterclaimants also specifically object to this Area of Testimony as overly broad and unduly burdensome to the extent it seeks information not related to the claim or defense of any party or not likely to lead to the discovery of admissible evidence.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony.

**AREA OF TESTIMONY NO. 53**:

The identity and location of other witnesses knowledgeable about the categories set forth in topics 1-52 above.

**RESPONSE TO AREA OF TESTIMONY NO. 53**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it

seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony with respect to and to the extent that the Areas of Testimony for which the Counterclaimants have agreed to produce a witness.

**AREA OF TESTIMONY NO. 54**:

The nature, existence, and location of all documents relating to Topics 1-52 above.

**RESPONSE TO AREA OF TESTIMONY NO. 54**:

The Counterclaimants incorporate by reference the General Objections as if fully set forth herein. The Counterclaimants object to this Area of Testimony to the extent it seeks information protected by the work product doctrine, attorney-client privilege, common interest privilege, or any other applicable privilege or immunity.

Subject to these General and Specific objections, the Counterclaimants will provide a 30(b)(6) witness to testify regarding this Area of Testimony with respect to and to the extent that the Areas of Testimony for which the Counterclaimants have agreed to produce a witness.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant and
Counterclaimants
ARIAD Pharmaceuticals, Inc.,
Massachusetts Institute of
Technology, The President and
Fellows of Harvard College and
The Whitehead Institute for
Biomedical Research*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  November 12, 2007

185789.1