IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN, INC., a Delaware corporation;          )
IMMUNEX CORPORATION, a Washington             )
corporation; AMGEN USA INC., a Delaware       )
corporation; AMGEN MANUFACTURING,             )
LIMITED, a Bermuda Corporation, and           )
IMMUNEX RHODE ISLAND                          )
CORPORATION, a Delaware corporation,          )
                                              )
             Plaintiffs,                      )
                                              )
        v.                                    )
                                              )
ARIAD PHARMACEUTICALS, INC., a                )
Delaware corporation, and THE WHITEHEAD       )
INSTITUTE FOR BIOMEDICAL RESEARCH,            )
a Delaware corporation,                       )
                                              )
             Defendants.                      )
                                              )    Civil Action No. 06-259 (MPT)
_____       )
                                              )
ARIAD PHARMACEUTICALS, INC., a                )
Delaware corporation, MASSACHUSETTS           )
INSTITUTE OF TECHNOLOGY, THE                  )
PRESIDENT AND FELLOWS OF HARVARD              )
COLLEGE, and THE WHITEHEAD                    )
INSTITUTE FOR BIOMEDICAL RESEARCH,            )
a Delaware corporation,                       )
                                              )
             Counterclaim Plaintiffs,         )
        v.                                    )
AMGEN, INC., a Delaware corporation;          )
IMMUNEX CORPORATION, a Washington             )
corporation; AMGEN USA INC., a Delaware       )
corporation; AMGEN MANUFACTURING,             )
LIMITED, a Bermuda Corporation, and           )
IMMUNEX RHODE ISLAND                          )
CORPORATION, a Delaware corporation, and      )
WYETH,                                        )
                                              )
             Counterclaim Defendants.         )
                                              )
_____       )

**THE AMGEN ENTITIES' MOTION FOR A PROTECTIVE ORDER
QUASHING THE SUBPOENA OF VASANT GANDHI**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), the Amgen Entities move to preclude ARIAD[1] from taking the deposition of a former in-house counsel of Plaintiff Immunex because this deposition seeks privileged information not subject to any exception or waiver. The only topic for which Mr. Gandhi could possibly have relevant information is with regard to ARIAD's willful infringement allegations. But the Amgen Entities have recently advised ARIAD that they will not be relying on the advice of counsel to defend against the allegations of willful infringement of the '516 patent, and have agreed to produce a Rule 30(b)(6) witness on the factual circumstances surrounding ARIAD's allegations. Undeterred, ARIAD persists in seeking to take a deposition of this former counsel to one of the Amgen Entities, despite the fact that Mr. Gandhi's interactions with his client are all privileged, and any limited non-privileged knowledge that Mr. Gandhi might have is wholly duplicative of what will be presented by the Amgen Entities' designee on these topics. ARIAD is merely fishing in search of a foundation for their willful infringement allegations—allegations that ARIAD has thus far been unable to state with any specificity to meet the applicable legal standard—through an attempt to embarrass or harass a third party to reveal privileged information. Such discovery is improper and wasteful, and thus the Amgen Entities respectfully request an order quashing the subpoena of Vasant Gandhi.

**BACKGROUND**

The Amgen Entities brought this declaratory judgment action against the defendants, alleging noninfringement and invalidity of U.S. Patent No. 6,410,516 ("the '516 patent"). D.I. 1.

---

[1] This motion refers to the Defendants and Counterclaim-Plaintiffs collectively as "ARIAD."

ARIAD counterclaimed for infringement of the '516 patent by the Amgen Entities, and asserted a claim of willful infringement. D.I. 185. In response to Amgen's interrogatory seeking the basis for ARIAD's allegation of willful infringement, ARIAD has not attempted to provide any facts to support a finding of "objective recklessness" under the appropriate standard, but instead has merely stated the boilerplate that "Amgen was put on notice of the '516 patent [and] intentionally continued its infringement of the '516 patent." Ex. A (ARIAD's Response to Interrogatory No. 16). On November 9, 2007, pursuant to Paragraph 3(c) of the Court's Second Amended Scheduling Order, the Amgen Entities informed ARIAD that they would not be relying upon advice of counsel as a defense to the willful infringement allegations. Ex. B (11/9/07 Ltr. from J. McDole to D. Gindler). Accordingly, the Amgen Entities will not be waiving any privilege on the relevant subjects.

On October 19, 2007, ARIAD served the Amgen Entities with a Notice of Deposition and Service of Subpoena to Vasant Gandhi. D.I. 444. The subpoena requested the production of seven categories of documents by November 2, 2007, and Mr. Gandhi's deposition on November 19, 2007. *Id.* Mr. Gandhi is a former in-house counsel for Immunex, where he worked from 2001 to 2002. Gandhi Decl. at ¶ 1. Mr. Gandhi is no longer employed by Immunex or by any of the Amgen Entities. *Id.*

Shortly after receiving the subpoena to Mr. Gandhi, the Amgen Entities informed ARIAD that Mr. Gandhi had very limited knowledge regarding discussions with ARIAD or ARIAD's intellectual property, nearly all of which was privileged, and requested that ARIAD withdraw its deposition subpoena. Ex. C (10/31/07 Ltr. from J. McDole to R. LaMagna). ARIAD refused to do so. Ex. D (11/4/07 Ltr. from R. LaMagna to J. McDole). After informing ARIAD that the Amgen Entities would not be relying on advice of counsel as a defense to ARIAD's willful

infringement allegations, and thus would not be waiving any attorney-client communication or attorney work product privileges, the Amgen Entities again requested that ARIAD withdraw its deposition subpoena to Mr. Gandhi. Exs. B, E (11/9/07 Ltr. from J. McDole to D. Gindler; *see also* 11/12/07 Ltr. from J. McDole to R. LaMagna). ARIAD continues to pursue the subpoenaed deposition of Mr. Gandhi. Ex. F(11/12/07 Ltr. from R. LaMagna to J. McDole).

The documents, and presumably testimony, that ARIAD seeks from Mr. Gandhi relate to any communications between Mr. Gandhi or Immunex and ARIAD. D.I. 444. The Amgen Entities have affirmed that they will offer a witness on certain limited topics related to ARIAD's willful infringement allegations, namely the date on which the Amgen Entities first became aware of the '516 patent, the circumstances around which the Amgen Entities learned of the '516 patent, and any communications between the Amgen Entities and ARIAD regarding the '516 patents or the '516 patent family. Ex. B (11/9/07 Ltr. from J. McDole to D. Gindler). ARIAD has not identified any non-privileged information that Mr. Gandhi may possess that is not covered by the Rule 30(b)(6) deposition topics for which the Amgen Entities have agreed to produce a witness.

Mr. Gandhi's recollection of any information related to communications with ARIAD is minimal. As Mr. Gandhi has affirmed in the attached Declaration, he recalls having telephone conversations with an ARIAD representative, Fritz Casselman, in 2001. Gandhi Decl. at ¶ 3. The extent of Mr. Gandhi's recollection of the phone calls is that he exchanged pleasantries with Mr. Casselman and requested that Mr. Casselman provide terms for a license to ARIAD's then existing patents. He recalls no further details regarding the conversations. *Id.* In addition to the phone calls, Mr. Gandhi recalls receiving several written communications from ARIAD, each of which have been produced in this case. *Id.* Mr. Gandhi's recollection of these written

communications is derived from the communications themselves, and he does not recall any other non-privileged information about this correspondence or the information contained therein. *Id.* Any additional information Mr. Gandhi may have regarding ARIAD or the patents at issue in this case are communications Mr. Gandhi had with his client, Immunex, regarding Mr. Gandhi's legal advice and thus are privileged as attorney-client communications and/or attorney work product. *Id.* at ¶ 4.

## **ARGUMENT**

Federal Rule of Civil Procedure 26(c) vests this Court with broad discretion to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A subpoena may be quashed if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Additionally, this Court may bar discovery that "is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

"It seems particularly appropriate to exercise this discretion [under Fed. R. Civ. P. 26(b)(2)(C)] when a party seeks to depose its opponent's attorney." *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987). In *Marco Island*, the defendants sought to depose the plaintiffs' attorney regarding negotiations between the plaintiff and the defendant. However, numerous other people who attended the negotiations were scheduled to be deposed. *Id.* at 419. Those deponents would be able to provide "a comprehensive account" of the negotiations, and thus the attorney's non-privileged testimony regarding the negotiations would be duplicative of their testimony. *Id.* Because of the duplicative nature of the discovery

sought, the Court quashed the deposition subpoena of the plaintiffs' counsel, finding it would "prove more disruptive than revealing." *Id.* at 420.

In another case presenting facts analogous to those presented here, the Court quashed the subpoena of a third-party attorney where the information the attorney had was primarily privileged information, finding that the small likelihood of the plaintiffs discovering any non-privileged information did not outweigh the burden placed on the attorney. *Trunk v. City of San Diego*, No. 06 CV 1597 LAB (WMc), 2007 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007) ("Even if JWV Plaintiffs' counsel were able to craft a few relevant and meaningful deposition questions that did not run afoul of the timing of Mr. LiMandri's attorney-client relationship and their attendant privileges (and the Court does not think that such a feat is possible), the extremely limited amount of historical information JWV Plaintiffs might acquire does not tip the balance in favor of allowing Mr. LiMandri's deposition."). Furthermore, the non-privileged information sought from the subpoenaed attorney was duplicative of other discovery in the case, providing another reason to quash the deposition. *Id.* ("JWV Plaintiffs have a wealth of historical and contextual information from other documentary and testimonial sources as demonstrated by the instant motion and as attested to by counsel for JWV Plaintiffs at oral argument."). "The minimal benefit that would be derived from allowing JWV Plaintiffs to depose Mr. LiMandri for the supposed purpose of gleaning cumulative historical information is outweighed by the need to respect the attorney-client privilege, prevent unreasonably duplicative discovery and protect against annoyance and undue burden." *Id.*

A similar situation to those presented in *Marco Island* and *Trunk* is presented here by ARIAD's subpoena of Mr. Gandhi, former counsel to Plaintiff Immunex. Mr. Gandhi's only non-privileged knowledge regarding any issue relevant to this lawsuit is in regard to a handful of

communications between Immunex and ARIAD in 2001 and 2002. Gandhi Decl. at ¶ 3. The Amgen Entities have agreed, however, to offer a Rule 30(b)(6) designee to testify on this topic. In addition to the fact that Mr. Gandhi has provided a sworn written statement regarding the totality of his non-privileged knowledge of those communications, Mr. Gandhi's testimony would be wholly duplicative of the testimony offered by the Amgen Entities' Rule 30(b)(6) designee. This alone is sufficient reason to quash his subpoena and issue a protective order barring ARIAD from pursuing his deposition. *See* Fed. R. Civ. P. 26(b)(2)(C); *Marco Island*, 117 F.R.D. at 420.

But additional concerns are raised by this subpoena that weigh in favor of quashing the subpoena and issuing a protective order. As a former in-house counsel, most of Mr. Gandhi's information regarding all topics is privileged and not subject to any exception or waiver. To the extent ARIAD seeks discovery into this privileged information, the subpoena is properly quashed. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). And any minimal benefit that ARIAD may obtain from deposing Mr. Gandhi is far outweighed by "the need to respect the attorney-client privilege, prevent unreasonably duplicative discovery and protect against annoyance and undue burden." *Trunk*, 2007 WL 2701356, at *7; *see also* Fed. R. Civ. P. 26(b)(2)(C) (stating that discovery may be barred if "the burden or expense of the proposed discovery outweighs its likely benefit").

To date, ARIAD has not stated its willful infringement allegations with any specificity, and has not made even conclusory allegations under the proper standard as recently set forth by the Federal Circuit in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). ARIAD should not now be permitted to go on a fishing expedition using the privileged testimony of a third-party witness in an attempt to develop their willful infringement theories. Any relevant, non-privileged discovery ARIAD seeks regarding their willful infringement allegations can be

obtained through the Amgen Entities' Rule 30(b)(6) designee. Mr. Gandhi should not be subject to the annoyance and undue burden of a deposition only to provide duplicative testimony on a topic for which ARIAD has not even satisfied their own Rule 11 obligations.

### CONCLUSION

For the foregoing reasons, the Amgen Entities respectfully request this Court grant a Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and 45(c) quashing the subpoenaed deposition of Vasant Gandhi.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Mark A. Pals
Marcus E. Sernel
Jamie H. McDole
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Drew Diamond
KIRKLAND & ELLIS LLP
South Figueroa Street
Los Angeles, CA 900017-5800
(213) 680-8400

*Attorneys for Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

Dated: November 19, 2007

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on November 19, 2007, I caused to be electronically filed a true and correct copy of  The Amgen Entities' Motion for a Protective Order Quashing the Subpoena of Vasant Gandhi with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John G. Day
Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

I further certify that on November 19, 2007, I caused a copy of the foregoing document, to be hand delivered on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

### BY E-MAIL (by agreement of counsel):

Charles E. Lipsey
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive, Suite 800
Reston, VA 20190-5675

Morgan Chu
David I. Gindler
Amir A. Naini
Christopher M. Newman
Elizabeth L. Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

Howard W. Levine
Robert D. Bajefsky
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

/s/ Melanie K. Sharp
_____
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801
(302) 571-6681
msharp@ycst.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-259-MPT |
| v. | ) ) |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) ) |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) ) |
| v. | ) ) |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | ) ) ) ) ) ) |
| Counterclaim Defendants. | ) ) ) |

**ARIAD AND THE INSTITUTIONS' RESPONSES AND OBJECTIONS TO
AMGEN ENTITIES' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the

Local Rules for the District of Delaware, Defendants and Counterclaim-Plaintiffs ARIAD

Pharmaceuticals, Inc. ("ARIAD"), Massachusetts Institute of Technology, The President

and Fellows of Harvard College, and The Whitehead Institute for Biomedical Research

Institutions do not have the authority to release. ARIAD and the Institutions will not disclose any of this information without approval.

20.     ARIAD and the Institutions object to the Second Set of Interrogatories and each interrogatory therein to the extent that they seek information that is duplicative of the information sought from third parties, including the information sought pursuant to Plaintiffs' subpoena to Eli Lilly & Company ("Lilly").

21.     ARIAD and the Institutions expressly incorporate each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein. An answer to an interrogatory shall not work as a waiver of any applicable specific or general objection to an interrogatory.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 16:

Describe in detail the bases, if any, for Ariad's allegation "that the infringement of the '516 patent by the Amgen Entities ... has been and continues to be willful" as asserted in paragraph 19 of ARIAD's Counterclaim.

### RESPONSE TO INTERROGATORY NO. 16:

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD and the Institutions object to this interrogatory as premature because the Amgen Entities to date have refused to provide any discovery relating to willful infringement, and have taken the position that willfulness discovery should be postponed until after the deadline (which has not yet been set) for the Amgen Entities to elect whether to assert an advice of counsel defense. ARIAD and the Institutions further object to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. ARIAD and the Institutions also object to this interrogatory to the extent that it seeks an expert determination and therefore is

premature. ARIAD and the Institutions reserve the right to modify or supplement their contentions and responses when the parties move forward with willfulness discovery and as ARIAD and the Institutions obtain additional information.

Subject to and without waiving any of the aforesaid objections and General Objections, ARIAD and the Institutions respond as follows:

ARIAD provided Amgen with notice of the '516 patent on June 25, 2002, the day the patent issued. Though Amgen was put on notice of the '516 patent, Amgen intentionally continued its infringement of the '516 patent. ARIAD also incorporates by reference its response to Interrogatory Nos. 2 and 3.

**INTERROGATORY NO. 17:**

For each of the '516 patent claims, including each of the claims being asserted by Ariad, on an element-by-element basis, explain in detail all legal and factual bases for Ariad's contentions as to why each asserted claim is not invalid under 35 U.S.C §§ 102, 103, and 112, including an identification of each element that is allegedly not present in each reference that the Amgen Entities have asserted as prior art in response to ARIAD's Interrogatory No. 5, why each claim is allegedly not obvious over each reference that the Amgen Entities have asserted as prior art in response to ARIAD's Interrogatory No. 5 (including any contentions based on secondary considerations of nonobviousness), and why each claim is allegedly definite, described, and enabled in light of the response to ARIAD's Interrogatory No. 5.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the General Objections, which are incorporated fully by reference herein, ARIAD and the Institutions object to this interrogatory as overbroad and unduly burdensome and object to the extent that it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. ARIAD and the Institutions object to this interrogatory as vague and ambiguous insofar as it requests an explanation of why each claim is definite,

# EXHIBIT B

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Jamie H. McDole
To Call Writer Directly:
312 861-2048
jmcdole@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

November 9, 2007

<u>**VIA E-MAIL**</u>

David I. Gindler
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re:     Re: *Amgen et al. v. ARIAD Pharmaceuticals, Inc.*, **D. Del. Civil Action No. 06-259-MPT**

Dear David:

Pursuant to paragraph 3(c) of the Court's Second Amended Scheduling Order, I write to inform you that the Amgen Entities elect not to rely on advice of counsel as a defense to willful infringement with respect to the '516 patent at this time. The Amgen Entities reserve their right to change this election to the extent the nature of the pleadings change and/or ARIAD's and/or the Institutions' contentions change. We would further note that ARIAD and the Institutions have not to date provided a Rule 11 basis for maintaining an allegation of willful infringement in this case under the heightened standard of *In re Seagate Technology*, thus further necessitating the reservation of rights at this time.

As a result of this election not to rely on advice of counsel, the Amgen Entities maintain their objections as stated to ARIAD's Fifth Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6). In response to this notice, the Amgen Entities will only offer a witness on the non-privileged portion of the following subject matter:

- The date on which the Amgen Entities first became aware of the '516 patent and the circumstances of how the Amgen Entities became aware of the '516 patent.

- The Amgen Entities' communications with ARIAD relating to the '516 patent or the '516 patent family.

We do not believe there is any discoverable information relating to these topics beyond that information set forth in Mr. Frank Ungemach's declaration filed earlier in this case -- all other

London         Los Angeles         Munich         New York         San Francisco         Washington, D.C.

# KIRKLAND & ELLIS LLP

November 9, 2007
Page 2

information is privileged. Please contact us in the event you still wish to pursue a deposition on these topics. Please note that if a deposition does proceed, Mr. Ungemach will be the designated witness (as opposed to Stuart Watt) as to the above subject matter from ARIAD's Fifth Notice of Deposition. In addition, the Amgen Entities object to any personal deposition of Stuart Watt as any information Mr. Watt possesses relating to the present suit is privileged.

Finally, given the Amgen's election not to rely on the advice of counsel, please confirm that ARIAD will no longer pursue the subpoenaed deposition of Vasant Ghandi. As we have previously stated, Mr. Ghandi recalls very little information (most, if not all, of which is privileged) relating to discussions with ARIAD or relating to ARIAD's intellectual property, outside correspondence which Amgen has already produced to you.

If you have any questions, please feel free to contact me.

Sincerely,

*/s/ Jamie McDole*

Jamie McDole

# EXHIBIT C

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Jamie H. McDole
To Call Writer Directly:                          312 861-2000                          Facsimile:
312 861-2048                                                                          312 861-2200
jmcdole@kirkland.com                          www.kirkland.com

October 31, 2007

**VIA E-MAIL**

Raymond LaMagna
Irell & Manella.
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re:    **Re:** *Amgen et al. v. ARIAD Pharmaceuticals, Inc.,*

Dear Ray:

We represent Vasant Gandhi in regards to the subpoena served by your firm in the above-reference case. Mr. Gandhi will serve his objections to the subpoena shortly with respect to the document requests therein and produce any responsive documents to the extent any such documents exist. However, Mr. Gandhi recalls very little information (most, if not all, of which is privileged) relating to discussions with ARIAD or ARIAD's intellectual property, outside correspondence which Amgen has already produced to you. In light of those circumstances, Mr. Gandhi respectfully requests ARIAD to withdraw its deposition subpoena.

Sincerely,

*/s/ Jamie McDole*

Jamie McDole

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

# EXHIBIT D

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7123
FACSIMILE (310) 712-3193
rlamagna@irell.com

November 4, 2007

**<u>VIA E-MAIL</u>**

Jamie McDole
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

> Re:    <u>Amgen Inc. v. ARIAD Pharmaceuticals, Inc. and related counterclaims.</u>

Dear Jamie:

Thank you for your letter of October 31, and for your suggestion that Mr. Gandhi's deposition might not be necessary.

Our current intention is to proceed with the deposition as noticed.  Please let us know by the close of business tomorrow whether Mr Gandhi is available for deposition on November 19 (the date set forth in the subpoena).  In addition, the subpoena requested that Mr. Gandhi produce his documents (if any) by November 2.  We have not received any production from Mr. Gandhi, and would appreciate receiving his documents (to the extent they exist) by the close of business on Thursday.

Sincerely,

*/s/ Raymond LaMagna*

Raymond LaMagna

RL:rl

cc:    Counsel of Record

1776538

# Exhibit E

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Jamie H. McDole
To Call Writer Directly:
312 861-2048
jmcdole@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

November 12, 2007

**VIA E-MAIL**

Raymond LaMagna
Irell & Manella.
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re:    **Re: *Amgen et al. v. ARIAD Pharmaceuticals, Inc.*,**

Dear Ray:

I write in response to your letter of this morning relating to ARIAD's subpoena of Vasant Ghandi. With respect to ARIAD's subpoena for documents, in accordance with Mr. Ghandi's objections served on November 2, 2007, Mr. Ghandi has conducted a reasonable search and has not located any non-privileged responsive documents. To the extent any such documents are found, we will produce them in due course.

With respect to ARIAD's subpoena for the deposition of Mr. Ghandi, I am sure you are aware that last week the Amgen Entities elected not to rely on the advice of counsel to defend against ARIAD's claims of willful infringement, and as a result, will not waive any associated privilege. As we have explained on multiple occasions already, Mr. Ghandi recalls very little information (most, if not, all of which is privileged) relating to discussions with ARIAD or relating to ARIAD's intellectual property, outside correspondence which Amgen has already produced to you. We do not intend to allow ARIAD to conduct a fishing expedition into the Amgen Entities' privileged communications through a third party attorney-witness, and thus, are evaluating whether to file a motion to quash and/or for a protective order as well as seek attorneys' fees relating to any such motion. In any event, Mr. Ghandi is not available for deposition on November 19, 2007 as noticed.

Sincerely,

Jamie McDole

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

# EXHIBIT F

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7123
FACSIMILE (310) 712-3193
rlamagna@irell.com

November 12, 2007

<u>**VIA E-MAIL**</u>

Jamie McDole
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

 Re:  <u>Amgen Inc. v. ARIAD Pharmaceuticals, Inc. and related counterclaims.</u>

Dear Jamie:

 I again write with respect to Mr. Gandhi's compliance with ARIAD's subpoena. The subpoena to Mr. Gandhi requested production of his documents by November 2. When Mr. Gandhi failed to produce any documents on that date, I sent a letter to you requesting production of the documents no later than November 8, but we have yet to receive any documents from Mr. Gandhi, nor have we been informed of when such documents (if any) will be produced. We would appreciate the courtesy of a response. Similarly, you have yet to confirm whether Mr. Gandhi will be available on November 19, 2007 to be deposed.

 As I have previously stated in my earlier letter, we intend to pursue discovery related to Mr. Gandhi. Because the noticed date for Mr. Gandhi's deposition (November 19) is now less than a week away, please confirm by the close of business today whether Mr. Gandhi will be made available on that date. Furthermore, please produce all of Mr. Gandhi's responsive documents to us no later than the close of business tomorrow.

 Sincerely,

 */s/ Raymond LaMagna*

 Raymond LaMagna

RL:rl

cc:  Counsel of Record

1779044