IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION | ) ) ) ) | C.A. No. 06-259-MPT |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) ) ) ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA, INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH | ) ) ) ) ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that on November 21, 2007, Defendant Wyeth issued the

attached *subpoenas duces tecum* and *ad testificandum* for service on Gary J. Gershik and John P.

White (attached hereto as Exhibits A and B) and are being served on counsel in the following

manner:

**VIA HAND DELIVERY**
Steven J. Balick
John T. Day
Tiffany Geyer Lyden
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

**VIA ELECTRONIC MAIL**
Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

**VIA ELECTRONIC MAIL**
J. Drew Diamond
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017

**VIA HAND DELIVERY**
Melanie K. Sharp
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

**VIA ELECTRONIC MAIL**
Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*Of Counsel*:

Robert D. Bajefsky
Howard W. Levine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
(202) 408-4000

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
(571) 203-2700

Frederick L. Cottrell, III (I.D. # 2555)
cottrell@rlf.com
Anne Shea Gaza (I.D. # 4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700

*Attorneys for Counterclaim Defendant
Wyeth*

Robert C. Stanley
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
303 Peachtree Street, N.E.
Sun Trust Plaza, Suite 3500
Atlanta, GA   30308
(404) 653-6400

Dated:  November 28, 2007

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that, on November 28, 2007, I caused to be sent by hand delivery and electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick
John T. Day
Tiffany Geyer Lyden
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE   19899

Melanie K. Sharp
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE   19899

I hereby certify that on November 28, 2007, the foregoing document was sent via Electronic Mail to the following non-registered participants:

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA   90067

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL   60601

J. Drew Diamond
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA   90017

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN     DISTRICT OF     NEW YORK

| | |
|---|---|
| Amgen, Inc., et al. <br><br> V. <br><br> ARIAD Pharmaceuticals, Inc., et al. | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1]  D. Del. 06-259-MPT |

TO:  Gary J. Gershik
    c/o Cooper & Dunham LLP
    1185 Avenue of the Americas
    New York, New York 10036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION     Westin New York <br> 270 West 43rd Street   New York, New York 10036 | DATE AND TIME <br> 12/16/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE     Danny Luke c/o Merrill Legal Solutions <br> 25 West 45th Street   New York, New York   10036 | DATE AND TIME <br> 12/9/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> *[signature]* | DATE <br> 11/21/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Stanley, Attorney for Counterclaim Defendant Wyeth, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza, 303 Peachtree Street N.E., Atlanta, Georgia 30308     (404) 653-6400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                      SIGNATURE OF SERVER

                                                      _____
                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)  The court may specify conditions for the discovery

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it  The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)

## ATTACHMENT A

## DEFINITIONS

A.    WYETH shall mean Wyeth, the Wyeth-Ayerst Laboratories Division of American Home Products Corporation, or American Home Products Corporation.

B.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

C.    "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

D.    "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

E.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things that come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

F.    "ENBREL®" shall mean AMGEN's commercially available product sold under the brand name Enbrel® as approved for sale by the United States Food and Drug Administration.

G.    "HARVARD" shall mean The President and Fellows of Harvard College, including Harvard University.

H.    "MIT" shall mean the Massachusetts Institute of Technology.

I.    "NF-KB" shall mean nuclear factor κB and its analogs, derivatives and homologues.

J.    "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

K.    "WHITEHEAD" shall mean The Whitehead Institute for Biomedical Research.

L.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, attached as Exhibit A.

M.    "'516 PATENT FAMILY" shall mean the '516 PATENT, any patents or applications from which the '516 PATENT claims priority, and any patents or applications that claim priority to an application from which the '516 PATENT claims priority.

N.    "*ARIAD v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 02-CV11280 RWZ (D. Mass.).

O.    "*Amgen v. ARIAD* case" shall mean *Amgen Inc. v. ARIAD Pharmaceuticals, Inc.*, 06-259-MPT (D. Del.).

P.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## INSTRUCTIONS

1.    With respect to each request herein, you are requested to produce all DOCUMENTS that are known to you or that can be located or discovered by reasonably diligent effort, including, without limitation, all such DOCUMENTS requested to be produced that are in your personal or business files, or otherwise in the possession, custody, or control of you or your attorneys, agents, or representatives.

2.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "of" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

3.    If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

(a)    the type of DOCUMENT or COMMUNICATION;

(b)    the exact name and title of the DOCUMENT;

(c)    the date(s) of the DOCUMENT or COMMUNICATION;

(d)    the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

(e)    all persons who received the DOCUMENT or the COMMUNICATION;

(f)    the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

(g)    the subject matter of the DOCUMENT or COMMUNICATION.

4.    The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they were maintained in the ordinary course of business. DOCUMENTS are to be produced in the boxes, file folders, bindings, or other containers in which the DOCUMENTS are found. The title, labels, or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.    If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.    If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all

persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, identify the person or persons with possession or custody.

8.    If any DOCUMENT was, but no longer is in YOUR possession or subject to YOUR control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.    For purposes of these requests, a DOCUMENT is deemed to be in YOUR control if any of YOUR agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if YOU have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All DOCUMENTS RELATING TO the '516 PATENT, the '516 PATENT FAMILY, ARIAD, the *Ariad v. Lilly* case, or the *Amgen v. ARIAD* case.

### REQUEST NO. 2:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and ARIAD or counsel for ARIAD.

### REQUEST NO. 3:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and HARVARD or counsel for HARVARD.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and MIT or counsel for MIT.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and WHITEHEAD or counsel for WHITEHEAD.

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and any named inventor of the '516 PATENT or counsel for any named inventor of the '516 PATENT.

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and any named inventor of the '516 PATENT RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999, or counsel for any named inventor of the '516 PATENT RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 8:**

All DOCUMENTS RELATING TO NF-KB.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO ENBREL®.

**REQUEST NO. 10:**

All DOCUMENTS RELATING TO WYETH.

**REQUEST NO. 11:**

All DOCUMENTS RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 12:**

All DOCUMENTS RELATING TO COMMUNICATIONS with ARIAD or counsel for ARIAD RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 13:**

All DOCUMENTS RELATING TO COMMUNICATIONS with HARVARD or counsel for HARVARD RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 14:**

All DOCUMENTS RELATING TO COMMUNICATIONS with MIT or counsel for MIT RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 15:**

All DOCUMENTS RELATING TO COMMUNICATIONS with WHITEHEAD or counsel for WHITEHEAD RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 16:**

All DOCUMENTS RELATING TO the decision to cancel Figure 43 from the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 17:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the decision to cancel Figure 43 from the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 18:**

All DOCUMENTS RELATING TO the decision(s) to cancel claims from, amend the issued claims of, or add new claims to the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 19:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the decision(s) to cancel claims from, amend the issued claims of, or add new claims to the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 20:**

All DOCUMENTS RELATING TO the accuracy or inaccuracy of the nucleotide and amino acid sequence shown in Figure 43 of the '516 PATENT.

**REQUEST NO. 21:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the accuracy or inaccuracy of the nucleotide and amino acid sequence shown in Figure 43 of the '516 PATENT.

**REQUEST NO. 22:**

All DOCUMENTS RELATING TO any Examiner's Interviews conducted or proposed to be conducted during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828, including any DOCUMENTS shown to employees of the U.S. Patent and Trademark Office during an Examiner's Interview.

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN     DISTRICT OF     NEW YORK

Amgen, Inc., et al.

V.

ARIAD Pharmaceuticals, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  D. Del. 06-259-MPT

TO:  John P. White
c/o Cooper & Dunham LLP
1185 Avenue of the Americas
New York, New York 10036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION     Westin New York<br>270 West 43rd Street   New York, New York 10036 | DATE AND TIME<br>12/13/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE     Danny Luke c/o Merrill Legal Solutions<br>25 West 45th Street   New York, New York   10036 | DATE AND TIME<br>12/7/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 11/21/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Stanley, Attorney for Counterclaim Defendant Wyeth, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3500 SunTrust Plaza, 303 Peachtree Street N.E., Atlanta, Georgia 30308    (404) 653-6400

(See Rule 45. Federal Rules of Civil Procedure. Subdivisions (c). (d). and (e). on next page)

[1] If action is pending in district other than district of issuance. state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS

A.    WYETH shall mean Wyeth, the Wyeth-Ayerst Laboratories Division of American Home Products Corporation, or American Home Products Corporation.

B.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

C.    "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

D.    "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

E.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things that come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

F.    "ENBREL®" shall mean AMGEN's commercially available product sold under the brand name Enbrel® as approved for sale by the United States Food and Drug Administration.

G.    "HARVARD" shall mean The President and Fellows of Harvard College, including Harvard University.

H.    "MIT" shall mean the Massachusetts Institute of Technology.

I.    "NF-KB" shall mean nuclear factor κB and its analogs, derivatives and homologues.

J.    "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

K.    "WHITEHEAD" shall mean The Whitehead Institute for Biomedical Research.

L.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, attached as Exhibit A.

M.    "'516 PATENT FAMILY" shall mean the '516 PATENT, any patents or applications from which the '516 PATENT claims priority, and any patents or applications that claim priority to an application from which the '516 PATENT claims priority.

N.    "*ARIAD v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 02-CV11280 RWZ (D. Mass.).

O.    "*Amgen v. ARIAD* case" shall mean *Amgen Inc. v. ARIAD Pharmaceuticals, Inc.*, 06-259-MPT (D. Del.).

P.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## INSTRUCTIONS

1.    With respect to each request herein, you are requested to produce all DOCUMENTS that are known to you or that can be located or discovered by reasonably diligent effort, including, without limitation, all such DOCUMENTS requested to be produced that are in your personal or business files, or otherwise in the possession, custody, or control of you or your attorneys, agents, or representatives.

2.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "of" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

3.   If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

(a)   the type of DOCUMENT or COMMUNICATION;

(b)   the exact name and title of the DOCUMENT;

(c)   the date(s) of the DOCUMENT or COMMUNICATION;

(d)   the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

(e)   all persons who received the DOCUMENT or the COMMUNICATION;

(f)   the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

(g)   the subject matter of the DOCUMENT or COMMUNICATION.

4.   The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they were maintained in the ordinary course of business. DOCUMENTS are to be produced in the boxes, file folders, bindings, or other containers in which the DOCUMENTS are found. The title, labels, or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.   If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.   If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all

persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, identify the person or persons with possession or custody.

8.    If any DOCUMENT was, but no longer is in YOUR possession or subject to YOUR control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.    For purposes of these requests, a DOCUMENT is deemed to be in YOUR control if any of YOUR agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if YOU have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All DOCUMENTS RELATING TO the '516 PATENT, the '516 PATENT FAMILY, ARIAD, the *Ariad v. Lilly* case, or the *Amgen v. ARIAD* case.

### REQUEST NO. 2:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and ARIAD or counsel for ARIAD.

### REQUEST NO. 3:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and HARVARD or counsel for HARVARD.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and MIT or counsel for MIT.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and WHITEHEAD or counsel for WHITEHEAD.

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and any named inventor of the '516 PATENT or counsel for any named inventor of the '516 PATENT.

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO COMMUNICATIONS between you and any named inventor of the '516 PATENT RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999, or counsel for any named inventor of the '516 PATENT RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 8:**

All DOCUMENTS RELATING TO NF-KB.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO ENBREL®.

**REQUEST NO. 10:**

All DOCUMENTS RELATING TO WYETH.

**REQUEST NO. 11:**

All DOCUMENTS RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 12:**

All DOCUMENTS RELATING TO COMMUNICATIONS with ARIAD or counsel for ARIAD RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 13:**

All DOCUMENTS RELATING TO COMMUNICATIONS with HARVARD or counsel for HARVARD RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 14:**

All DOCUMENTS RELATING TO COMMUNICATIONS with MIT or counsel for MIT RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 15:**

All DOCUMENTS RELATING TO COMMUNICATIONS with WHITEHEAD or counsel for WHITEHEAD RELATING TO the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503, 90/007,828, and 90/007,999.

**REQUEST NO. 16:**

All DOCUMENTS RELATING TO the decision to cancel Figure 43 from the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 17:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the decision to cancel Figure 43 from the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 18:**

All DOCUMENTS RELATING TO the decision(s) to cancel claims from, amend the issued claims of, or add new claims to the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 19:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the decision(s) to cancel claims from, amend the issued claims of, or add new claims to the '516 PATENT during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828.

**REQUEST NO. 20:**

All DOCUMENTS RELATING TO the accuracy or inaccuracy of the nucleotide and amino acid sequence shown in Figure 43 of the '516 PATENT.

**REQUEST NO. 21:**

All DOCUMENTS RELATING TO COMMUNICATIONS RELATING TO the accuracy or inaccuracy of the nucleotide and amino acid sequence shown in Figure 43 of the '516 PATENT.

**REQUEST NO. 22:**

All DOCUMENTS RELATING TO any Examiner's Interviews conducted or proposed to be conducted during the *ex parte* reexamination proceedings at the U.S. Patent and Trademark Office with Control Nos. 90/007,503 and 90/007,828, including any DOCUMENTS shown to employees of the U.S. Patent and Trademark Office during an Examiner's Interview.