IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., a Delaware corporation, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, <br><br> Defendants. | Civil Action No. 06-259 (MPT) |
| ARIAD PHARMACEUTICALS, INC., a Delaware corporation, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation, and WYETH, <br><br> Counterclaim Defendants. | |

## NOTICE OF SERVICE OF SUBPOENA ON HOFFMAN LAROCHE INC.

PLEASE TAKE NOTICE that pursuant to Rules 26 and 45 of the Federal Rules of Civil

Procedure, on November 16, 2007, the undersigned, counsel for Plaintiffs and Counterclaim

Defendants Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation ("the Amgen Entities") served a subpoena for records, a copy of which is attached, on Hoffman LaRoche Inc.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Melanie K. Sharp
        _____
        Melanie K. Sharp (No. 2501)
        Mary F. Dugan (No. 4704)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        P.O. Box 391

        Wilmington, Delaware 19899-0391
        (302) 571-6681
        msharp@ycst.com

        Mark A. Pals
        Marcus E. Sernel
        Jamie H. McDole
        KIRKLAND & ELLIS LLP
        200 East Randolph Drive
        Chicago, IL 60601-6636
        (312)861-2000

        Drew Diamond
        KIRKLAND & ELLIS LLP
        South Figueroa Street
        Los Angeles, CA 900017-5800
        (213)680-8400

        *Attorneys for Plaintiffs Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

Dated: November 30, 2007

≈AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| Amgen, Inc., a Delaware corporation, et al.<br>V.<br>ARIAD Pharmaceuticals, Inc., a Delaware Corporation et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  06-259 (MPT) |

TO: Hoffman LaRoche Inc.
c/o Its Registered/Agent: Frederick C. Kentz III
340 Kingsland Street
Nutley, NJ 07110, U.S.A

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, 1000 West street, 17th Floor, Wilmington, DE 19899 (or at a location and time agreed upon by the parties) | 11/26/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 11/16/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Melanie K. Sharp, Attorney for Plaintiff, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, (302) 571-6681

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---
[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 11/16/2007 | Hoffman LaRoche Inc., c/o its registered Agent - Frederick C Kentz II, 340 Kingsland Street, Nutley, NJ |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jane Y.C. Mathews Esq., Senior Cousel at 16:20 Hrs | Personal and Authorized |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ROBERT H STALB | Certified Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   11/16/2007
                     DATE

SIGNATURE OF SERVER

LAWYERS EDGE PROCESS SERVICE LLC
ADDRESS OF SERVER

58 Main Street, Hackensack, New Jersey 07601

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**AMGEN INC - A DELAWARE CORPORATION ET AL**
*Plaintiff*
vs.

**ARIAD PHARMACEUTICALS INC - A DELAWARE CORPORATION ET AL**
*Defendant*

United States District Court
District of Delaware
Docket / Index # 06-259 (MPT)

# AFFIDAVIT

**Person to be served:**
*Hoffman LaRoche Inc.* at: *Hoffman LaRoche Inc., c/o Its Registered Agent - Frederick C Kentz II, 340 Kingsland Street, Nutley, NJ 07110*

**Attorney:**
**Young Conaway Stargatt & Taylor LLP**
The Brandywine Building
100 West Street 17th Floor, Wilmington, DE 19899

Cost of Service Pursuant to R. 4:4-3(c)

$_____

**Papers Served:**
**SUBPOENA IN A CIVIL CASE**

**Service Data:**
Served Successfully __X__   Not Served _____

Date: November 16, 2007   Time: 4:20 PM

Attempts: 0

_____ Delivered a copy to him / her personally

**Name of Person Served and Relationship / Title:**
Jane Y.C. Mathews Esq., Senior Counsel and Managing Attorney - Authorized to accept for Mr Kentz in his absence

_____ Left a copy with a competent household member over 14 years of age residing therein.

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**
Sex: **Female**  Age: **50**  Height: **5' 3"**  Weight: **120-130 lbs**  Skin Color: **Caucasian**  Hair Color: **Brown**

( )Other _____   Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
16 day of November 2007

CHRISTINA A. DEGENNARO
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 2/24/2011

I, **Robert H. Stalb**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Robert H. Stalb, Process Server

**Lawyers Edge Process Service, LLC**, 58 Main Street Suite 1C, Hackensack, NJ 07601
Phone: (201) 489-8080   Fax: (201) 489-8824

Job #21189
Affidavit of Service (9/30/02)

## ATTACHMENT A

## DOCUMENT REQUESTS

1. All transcripts, videos, or other recordings of any deposition of Dr. Thomas Kadesch, including but not limited to his deposition of June 11, 2007.

2. All documents and things, including exhibits and expert reports, relating to any deposition of Dr. Thomas Kadesch, including but not limited to those relating to his deposition of June 11, 2007.

3. All documents and things relating to communications between Dr. Thomas Kadesch and any representatives of Roche, including but not limited to Roche's in-house and outside counsel.

4. All documents and things relating to any communications between Roche and ARIAD or their respective counsel relating to Dr. Thomas Kadesch.

## DEFINITIONS AND INSTRUCTIONS

1.  "You," "your," or "Roche" refers to Hoffmann-La Roche Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with Roche, and persons purporting to act on Roche's behalf or on whose behalf Roche has acted or acts.

2.  "ARIAD" shall mean ARIAD Pharmaceuticals, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with ARIAD, and persons purporting to act on ARIAD's behalf or on whose behalf ARIAD has acted or acts.

3.  "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and shall mean any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mail messages, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent

applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

4. The terms "any" and "all" shall be construed to include "each and every."

5. "Relating to" and "regarding" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

6. "And," "or," and "and/or" shall mean both the conjunctive and disjunctive and shall serve as an interrogatory for information that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

7. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by a change in tense.

8. "Identify," "identity" or "identification," with respect to a document or thing, shall mean to state the production number or the type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.), the date of its preparation, the identity of the person(s) who prepared the document, the identity of person(s) who signed the document, the sender, the recipient(s) and addressee(s), a description of the subject matter and content, the name and address of any person having possession, custody, or control of the same or a true copy thereof, and all other means of identifying the document with sufficient particularity so as to

satisfy the requirements for its inclusion in a demand or interrogatory for its production pursuant to Federal Rule of Civil Procedure 34.

9. "Person" shall mean any natural person or any business, legal or governmental entity or association, or any other person recognizable at law, and its agents and employees.

10. "Communication" or "communications" shall mean any of the following: (i) any written letter, memorandum, e-mail or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

11. You are requested to search all documents within your possession, custody, or control, wherever located, including, but not limited to, any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf, in order to fully respond to the requests for documents herein.

12. Each request for documents set forth herein seeks production of all documents described, along with any attachments, drafts, non-identical copies, and translations thereof in your possession, custody, or control.

13. Documents from any single file shall be produced in the same order as they were found in such file, including labels, files, folders, and/or containers in which such documents are located in or associated with. If copies are produced in lieu of originals, such copies should be legible and bound or stapled in the same manner as the original. You are also requested to produce all versions of the foregoing documents stored by a computer internally, on disk, on CD-ROM, on tape, or on other memory device.

14. These requests are not limited as to time period unless otherwise stated.

15. If you object to any part of a document request, set forth the basis for your objection and respond to all parts of the document request to which you do not object.

16. If any privilege is claimed as a ground for not producing any document, state (a) the privilege claimed; (b) the author(s) and recipients of documents claimed to be privileged; (c) the date of the privileged communication; and (d) a description of the privileged communication sufficient to apprise Amgen of its privileged nature.

17. Each request for a document contemplates production of the document in its entirety, without abridgement, abbreviation, or expurgation of any sort. If a document responsive to any request herein cannot be produced in full, it shall be produced to the extent possible, with an explanation as to why production of the remainder is not possible.

18. If any documents identified by this Request have been destroyed or discarded, state (a) the nature of the documents; (b) the author(s) and recipient(s) of documents; (c) the date of the document; and (d) a location where a copy of the document may still exist.