IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. 06-259-MPT |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) | |
| Defendants. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |

## STIPULATED DISMISSAL WITHOUT PREJUDICE

WHEREAS on or about April 20, 2006, Amgen, Inc., Immunex

Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode

Island Corporation (collectively, "Amgen") filed a Complaint for Declaratory Judgment of Patent Invalidity and Non-Infringement;

WHEREAS on or about April 13, 2007, Amgen filed an Amended Complaint for Declaratory Judgment of Patent Invalidity and Non-Infringement;

WHEREAS on or about April 14, 2007, ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College, and The Whitehead Institute for Biomedical Research (collectively, "ARIAD") filed an Answer to Amgen's Amended Complaint, Counterclaim and Demand for Jury Trial, wherein ARIAD asserted certain claims against Wyeth for infringement of U.S. Patent No. 6,410,516 ("the '516 patent");

WHEREAS on or about June 4, 2007, Wyeth moved in this Court for an order severing and staying the patent infringement claims asserted by ARIAD against Wyeth;

WHEREAS on or about June 18, 2007, ARIAD filed an opposition to Wyeth's motion to sever and stay;

WHEREAS, for the purpose of streamlining this litigation, ARIAD is willing on the conditions described below to withdraw its opposition to Wyeth's motion to sever and stay or to dismiss its claims against Wyeth without prejudice, it being understood that there are no substantive differences between such a dismissal and a severance and stay.

NOW, THEREFORE, ARIAD and Wyeth, on behalf of themselves and their successors and assigns, hereby stipulate and agree as follows:

1.    ARIAD agrees to dismiss without prejudice its claims against Wyeth, subject to the terms and conditions set forth below, pending final resolution of the litigation between ARIAD and Amgen, including appeals and/or settlement.

2.    ARIAD's claims against Wyeth for infringement of the '516 patent are dismissed from this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

3.    The "Renewed Litigation" refers to a complaint filed by ARIAD in the District Court of Delaware against Wyeth asserting the dismissed claims against Enbrel. The parties shall not include or consolidate any causes of action relating to any products other than Enbrel in the Renewed Litigation.

4.    Within 30 days after final resolution of the litigation between ARIAD and Amgen, including appeals, or within 30 days of settlement of the litigation between ARIAD and Amgen, ARIAD may bring the Renewed Litigation.

5.    An "Amgen-Infringed Claim" refers to any claim of the '516 patent that has been held infringed by the use of Enbrel and not invalid or unenforceable in a final non-appealable decision in the pending litigation between Amgen and ARIAD.

6.    Wyeth agrees that it will not contest the validity of any Amgen-Infringed Claim of the '516 patent in the Renewed Litigation.

7.    Wyeth agrees that it will not contest the enforceability of any Amgen-Infringed Claim of the '516 patent in the Renewed Litigation.

8.    Wyeth agrees that, in the event that the use of Enbrel by a patient is found directly to infringe the '516 patent in the pending litigation between

- 3 -

Amgen and ARIAD, Wyeth will not contest that finding as to any Amgen-Infringed Claim in the Renewed Litigation.

        9.    ARIAD agrees that nothing in this stipulation shall prevent Wyeth from contesting any allegation of infringement by Wyeth under 35 U.S.C. § 271(f), other than the allegation that the use of Enbrel by a patient abroad would infringe any Amgen-Infringed Claims if that use occurred within the United States.

        10.    The statute of limitations on any claim ARIAD may have against Wyeth for infringement of the '516 patent by Enbrel is tolled pending resolution of the litigation between ARIAD and Amgen in this Court, including any appeals and/or settlement. The filing date for a complaint in the Renewed Litigation shall be deemed to relate back to the date on which ARIAD and the Institutions filed their Amended Counterclaims against Wyeth in the present action, such that in the Renewed Litigation ARIAD may seek damages for the full period for which ARIAD would have been entitled in this action.

        11.    Except with respect to Wyeth's commitment to produce to ARIAD certain marketing materials, which ARIAD inspected, and certain multi-media materials, which Wyeth agreed to produce on November 21, 2007, ARIAD and Wyeth agree to stay, effective immediately upon the parties' execution of this stipulation, all discovery that is then-outstanding between ARIAD and Wyeth. In the event the Court does not grant this Stipulated Dismissal, Wyeth and ARIAD agree to jointly seek an extension from the Court of the deadlines for fact discovery and expert discovery to compensate for the period of inaction during which the parties were awaiting the Court's decision on the Stipulated Dismissal.

RLF1-3232823-1

12. The parties agree that the dismissal without prejudice of the litigation between ARIAD and Wyeth shall not affect the finality of the litigation between ARIAD and Amgen or the current deadlines for discovery, claim construction, and summary judgment briefing, and trial that apply in the litigation between ARIAD and Amgen.

13. If the pending litigation between Amgen and ARIAD results in at least one Amgen-Infringed Claim as a result of Amgen's Enbrel related activities, and provided that ARIAD is able to collect from Amgen all damages, if any, that were awarded to ARIAD for such infringement, the only issues to be litigated in the Renewed Litigation shall be the alleged infringement by Wyeth under 35 U.S.C. § 271(f) of Amgen-Infringed Claims and damages resulting from that infringement, including their enhancement under 35 U.S.C. § 284, and ARIAD's entitlement to attorneys' fees.

14. If the pending litigation between Amgen and ARIAD does not result in at least one Amgen-Infringed Claim, ARIAD shall be subject to res judicata and collateral estoppel with respect to Wyeth for infringement by Enbrel as a result of that litigation and ARIAD shall be barred from renewing its claims against Wyeth or from bringing suit against Wyeth for infringement by Enbrel of any claim in the '516 patent that was or could have been litigated in the pending action. The parties agree that the provisions of this paragraph shall not be applicable if the litigation between Amgen and ARIAD is resolved through a negotiated settlement.

15. In any subsequent litigation between ARIAD and Wyeth that does not involve Enbrel, any holding of validity or enforceability or any claim

- 5 -

construction in the pending litigation or the Renewed Litigation shall not constitute res judicata or collateral estoppel as to Wyeth, and ARIAD shall not assert that any holding of validity or enforceability or any claim construction constitutes res judicata or collateral estoppel as to Wyeth. Wyeth shall have the right in future litigation involving claims of infringement against products other than Enbrel to challenge the validity and enforceability of any claim of the '516 patent, to contest any infringement allegation, and to raise any other appropriate defenses, and Wyeth expressly reserves that right.

16.    The parties agree that all discovery that ARIAD has obtained from Wyeth and that Wyeth has obtained from ARIAD in this action shall be deemed obtained, and therefore may not be sought again, in the Renewed Litigation. Subject to the protective order in this case, counsel for Wyeth and ARIAD may continue to access information designated as Confidential in this matter until termination of any Renewed Litigation or earlier upon notice from ARIAD that it will not file a Renewed Litigation.

17.    The parties agree that all discovery disputes that are outstanding as of the time of this stipulation shall be preserved for resolution in the Renewed Litigation.

18.    The parties agree that, upon ARIAD's filing of its complaint in the Renewed Litigation, the parties shall promptly approach the court to request a case management order to ensure the most expedient resolution of ARIAD's claims against Wyeth and Wyeth's defenses thereto. The parties agree that, if the claims asserted in the Renewed Litigation do not include additional claims that are not the

- 6 -

subject of this action, in view of the discovery ARIAD has obtained from Wyeth and

that Wyeth has obtained from ARIAD in this action, an abbreviated schedule in the

Renewed Litigation is appropriate.


/s/ John G. Day
Steven J. Balick (#2403)
sbalick@ashby-geddes.com
John G. Day (#2114)
jday@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Counterclaim Plaintiffs*


Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

*Attorneys for Counterclaim Defendant
Wyeth*


Dated: December 11, 2007


SO ORDERED this _____ day of December, 2007.


_____
Mary Pat Thynge
United States Magistrate Judge

- 7 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that, on December 11, 2007, I caused to be sent by hand delivery and electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Melanie K. Sharp
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899

I hereby certify that on December 11, 2007, the foregoing document was sent via

Electronic Mail to the following non-registered participants:

Marcus E. Sernel
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

J. Drew Diamond
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA  90017

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com