**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation,<br><br>        Defendants. | C.A. No. 06-259-MPT<br><br>**REDACTED<br>PUBLIC VERSION** |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>        Counterclaim Plaintiffs,<br><br>   v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>        Counterclaim Defendants. |  |

**DECLARATION OF RAYMOND A. LAMAGNA
IN SUPPORT OF ARIAD AND THE INSTITUTIONS'
OPPOSITION TO THE AMGEN ENTITIES' MOTION FOR A
PROTECTIVE ORDER QUASHING THE SUBPOENA OF VASANT GANDHI**

I, Raymond A. LaMagna, declare as follows:

1.    I am an attorney at Irell & Manella LLP, counsel for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College and The Whitehead Institute for Biomedical Research (collectively "ARIAD and the Institutions") in connection with this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.  I make this declaration in support of ARIAD and the Institutions' Opposition to the Amgen Entities' Motion for a Proective Order Quashing the Subpoena of Vasant Gandhi.

2.    Attached hereto as Exhibit A is a true and correct copy of a letter produced by ARIAD from its files, which is Bates labeled ARI 43070.  This letter is addressed to Fritz Casselman of ARIAD from Stephen L. Malaska of Immunex Corporation and dated March 8, 2001.

3.    Attached hereto as Exhibit B is a true and correct copy of an email with attachment produced by ARIAD from its files, which is Bates labeled ARI 72027 to 72030.  This email is addressed to Vasant Gandhi of Immunex Corporation from Fritz Casselman of ARIAD and dated May 4, 2001.

4.    Attached hereto as Exhibit C is a true and correct copy of the Declaration re: Nonappearance of Witness Vasant Gandhi dated November 19, 2007, as executed on November 21, 2007.

5.    Attached hereto as Exhibit D is a true and correct copy of a Subpoena with accompanying Proof of Service, as marked as Deposition Exhibit 248 to the Declaration re: Nonappearance of Witness Vasant Gandhi.

6.    Attached hereto as Exhibit E is a true and correct copy of an email produced by ARIAD from its files (Bates labeled ARI 72046), as marked as Deposition Exhibit 249 to the Declaration re: Nonappearance of Witness Vasant Gandhi.  This email is addressed to

1789833

Fritz Casselman of ARIAD from Vasant Gandhi of Immunex Corporation and dated April 10, 2001.

7.      Attached hereto as Exhibit F is a true and correct copy of an email produced by ARIAD from its files (Bates labeled ARI 72005), as marked as Deposition Exhibit 250 to the Declaration re: Nonappearance of Witness Vasant Gandhi. This email is addressed to Fritz Casselman of ARIAD from Vasant Gandhi of Immunex Corporation and dated July 9, 2001.

8.      Attached hereto as Exhibit G is a true and correct copy of an email produced by ARIAD from its files (Bates labeled ARI 71749), as marked as Deposition Exhibit 251 to the Declaration re: Nonappearance of Witness Vasant Gandhi. This email is addressed to Fritz Casselman of ARIAD from Vasant Gandhi of Immunex Corporation and dated March 28, 2002.

9.      Attached hereto as Exhibit H is a true and correct copy of a letter produced by ARIAD from its files (Bates labeled ARI 43065 to 43066), as marked as Deposition Exhibit 252 to the Declaration re: Nonappearance of Witness Vasant Gandhi. This letter is addressed to Vasant Gandhi of Immunex Corporation from Fritz Casselman of ARIAD and dated June 25, 2002.

10.     Attached hereto as Exhibit I is a true and correct copy of a letter dated October 10, 2007 from Raymond LaMagna of Irell and Manella, LLP to Jamie McDole of Kirkland & Ellis, LLP.

11.     Attached hereto as Exhibit J is a true and correct copy of a letter dated November 15, 2007 from Raymond LaMagna of Irell and Manella, LLP to Jamie McDole of Kirkland & Ellis, LLP.

12.     Attached hereto as Exhibit K is a true and correct copy of a letter dated November 15, 2007 from Raymond LaMagna of Irell and Manella, LLP to Jamie McDole of Kirkland & Ellis, LLP.

13.    Attached hereto as Exhibit L is a true and correct copy of a Subpoena. The Subpoena is dated May 23, 2007 stating that it was issued to Fritz Casselman by Jamie McDole of Kirkland & Ellis, LLP from the United States District Court for the District of Massachusetts.

14.    Attached hereto as Exhibit M is a true and correct copy of excerpts from the transcript of the November 30, 2007 deposition of Frank S. Ungemach.

15.    Attached hereto as Exhibit N is a true and correct copy of an excerpts from a filing with the United States Securities and Exchange Commission labeled as Exhibit 99.1 to a filing for New Abraxis, Inc. that includes a  description of the current employment of Vasant Gandhi.

15.    Attached hereto as Exhibit O is a true and correct copy of a printout from the webpage http://www.abraxisbio.com/about_locations.htm.  This webpage states the address for Abraxis BioScience's offices in Los Angeles, California.

15.    Attached hereto as Exhibit P is a true and correct copy of a printout from the webpage http://maps.google.com.  This webpage describes the distance and driving directions between the Los Angeles, California offices of Abraxis BioScience and the offices of Irell & Manella, LLP.


Executed on December 5, 2007 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Raymond A. LaMagna

# EXHIBIT A

# REDACTED

# EXHIBIT B

# REDACTED

# EXHIBIT C

# REDACTED

# EXHIBIT D

ORIGINAL

5:10-24-07

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### CENTRAL    DISTRICT OF    CALIFORNIA

Amgen, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

V.

Ariad Pharmaceuticals, Inc.

Case Number:[1]  06-259-MPT

**a civil case pending in
the District of Delaware**

TO:  Vasant Gandhi
     2897 Irongate Place
     Thousand Oaks, CA 91362

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 | November 19, 2007<br>9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

EXHIBIT 248
JARDENE L. PLATT,
RPR, CSR No. 3724
DATE: 11-19-07

| PLACE | DATE AND TIME |
|---|---|
| Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067 | November 2, 2007<br>9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Raymond LaMagna* | 10-18-07 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Raymond A. LaMagna, Esq., Attorney for Defendants and Counterclaim Plaintiffs
Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 (310) 203-7123

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

# ATTACHMENT A

## DEFINITIONS

A.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.    "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.    "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

D.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34.  Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

E.    "ENBREL" shall mean AMGEN's commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.    "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

G.    "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding,

pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

H.      "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, attached as Exhibit A.

I.      "'516 PATENT FAMILY" shall mean: (i) United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, (ii) United States Patent No. 5,804,374, issued on September 8, 1998, (iii) United States Patent No. 6,150,090, issued on November 21, 2000, (iv) any applications from which the '516 PATENT claims priority, and (v) any applications that claim priority to an application from which the '516 PATENT claims priority.

J.      "*Ariad v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 02-CV11280 RWZ (D. Mass.).

K.      Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## INSTRUCTIONS

1.      With respect to each request herein, you are requested to produce all DOCUMENTS which are known to you or which can be located or discovered by reasonably

diligent effort, including, without limitation, all such DOCUMENTS requested to be produced which are in your personal or business files, or otherwise in the possession, custody or control of you or your attorneys, agents or representatives.

2.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

3.    If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

    (a)    the type of DOCUMENT or COMMUNICATION;

    (b)    the exact name and title of the DOCUMENT;

    (c)    the date(s) of the DOCUMENT or COMMUNICATION;

    (d)    the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

    (e)    all persons who received the DOCUMENT or the COMMUNICATION;

    (f)    the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

    (g)    the subject matter of the DOCUMENT or COMMUNICATION.

4.    The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they were maintained in the ordinary course of business.  DOCUMENTS are to be produced in the boxes, file folders, bindings or other containers in which the DOCUMENTS are found.  The title, labels or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.    If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.    If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, identify the person or persons with possession or custody.

8.    If any DOCUMENT was, but no longer is in YOUR possession or subject to YOUR control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.    For purposes of these requests, a DOCUMENT is deemed to be in YOUR control if any of YOUR agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if YOU have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

DOCUMENTS sufficient to fully describe your current and prior relationship with AMGEN, including any agreements between you and AMGEN, and any payments to you by AMGEN for consulting or speaking.

### REQUEST NO. 2:

All DOCUMENTS RELATING TO the '516 PATENT, the '516 PATENT FAMILY, ARIAD, the *Ariad v. Lilly* case, or the present action.

**REQUEST NO. 3**:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and ARIAD, including any negotiations with ARIAD.

**REQUEST NO. 4**:

All DOCUMENTS RELATING TO COMMUNICATIONS between AMGEN and ARIAD.

**REQUEST NO. 5**:

All DOCUMENTS RELATING TO ARIAD.

**REQUEST NO. 6**:

All DOCUMENTS RELATING TO NF-KB.

**REQUEST NO. 7**:

All DOCUMENTS RELATING TO ENBREL.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Raymond A. LaMagna, Esq. (SBN 246270)<br>IRELL & MANELLA LLP<br>)0 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276 | TELEPHONE NO.:<br>(310) 203-7123 | FOR COURT USE ONLY |
|---|---|---|
| | Ref. No. or File No.<br>24627fv | |
| ATTORNEY FOR *(Name)*: Defendants and Counterclaim Plaintiffs | | |
| Insert name of court and name of judicial and branch court, if any:<br>UNITED STATES DISTRICT COURT,<br>CENTRAL DISTRICT OF CALIFORNIA | | |
| SHORT TITLE OF CASE:<br>Amgen, Inc., et al.  vs. Ariad Pharmaceuticals, Inc. | | |

| PROOF OF SERVICE | HEARING DATE:<br>November 2, 2007 &<br>November 19, 2007 | TIME:<br>9:00 a.m. | DEPT./DIV.: | CASE NUMBER:<br>06-259-MPT |
|---|---|---|---|---|

At time of service I was at least 18 years old & not a party to the action

I served the following documents: Subpoena in a Civil Case

Name of party served: Vasant Gandhi

Person with whom left: Vasant Gandhi

Title or relationship: Deponent

)ress: 2897 Irongate Place, Thousand Oaks, CA 91362

[X] Residence      [ ] Business      [ ] Other

Date/Time of delivery: October 21, 2007 at 7:09 p.m.

Manner of service:

[X] The Subpoena was served by delivering a true copy thereof

Witness fees and Mileage fees were paid in the sum of $ 75.28

**Process Server: Michael Smith**
**Nationwide Legal Services, Inc.**
**316 W. 2nd Street, Suite 705**
**Los Angeles, California 90012**
**(213) 625-9100**

**[X] Registered California**
**Process Server**
**Registration Number:5159**
**County: Orange**

clare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 24, 2007                    Signature: *Michael Smith*

Proof of Service complies with CRC 982(a)(23) as required by CCP 417.10

**PROOF OF SERVICE**

# EXHIBIT E

# REDACTED

# EXHIBIT F

# REDACTED

# EXHIBIT G

# REDACTED

# EXHIBIT H

# REDACTED

# EXHIBIT I

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7123
FACSIMILE (310) 712-3193
rlamagna@irell.com

October 10, 2007

**VIA E-MAIL**

Jamie McDole
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

      Re:    Amgen Inc. v. ARIAD Pharmaceuticals, Inc. and related counterclaims.

Dear Jamie:

      I write with regard to your letter of this morning wherein you informed us that "Vasant Gandhi is no longer an employee of Amgen." This comes as a surprise. As you know, ARIAD served Amgen with notice of Mr. Gandhi's deposition almost three weeks ago, yet Amgen has only just now mentioned Mr. Gandhi's departure.

      Please inform us of when Mr. Gandhi left Amgen's employment and provide us with his last known address and telephone number by Friday, October 12, 2007.

      Sincerely,

      /s/ Raymond LaMagna

      Raymond LaMagna

RL:rl

cc:    Counsel of Record

1763219

# EXHIBIT J

### IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7123
FACSIMILE (310) 712-3193
rlamagna@irell.com

November 15, 2007

**VIA E-MAIL**

Jamie McDole
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

     Re:    Amgen Inc. v. ARIAD Pharmaceuticals, Inc. and related counterclaims.

Dear Jamie:

    I am writing in response to your November 12, 2007. As you know, ARIAD properly served a subpoena on Mr. Gandhi on October 21, 2007. As such, Mr. Gandhi has an obligation to appear at his deposition on November 19, the date noticed, under Rule 45 of the Federal Rules of Civil Procedure. Naturally, ARIAD is willing to accommodate Mr. Gandhi by scheduling his deposition at another mutually convenient time. We expect that Mr. Gandhi will be available at the noticed location for his deposition on November 19, 2007 unless Mr. Gandhi and ARIAD agree to an alternative date on which his deposition will go forward or Mr. Gandhi moves to quash his deposition.

    Please inform us of how you wish to proceed by noon tomorrow. If we do not receive a response from you by noon tomorrow, we will assume the deposition is going forward as scheduled.

        Sincerely,

        /s/ Raymond LaMagna

        Raymond LaMagna

RL:rl

cc:    Counsel of Record

1781309

# EXHIBIT K

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7123
FACSIMILE (310) 712-3198
rlamagna@irell.com

November 15, 2007

**VIA E-MAIL**

Jamie McDole
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:    Amgen Inc. v. ARIAD Pharmaceuticals, Inc. and related counterclaims.

Dear Jamie:

I write in response to your email of today.  You may have misunderstood my earlier letter.  We are under the impression that you are not advising your client to be in contempt of the subpoena served on him from the United States Federal District Court for the Central District of California.  As such, we expect that Mr. Gandhi will either (*i*) appear in our offices as noticed at 9:00 a.m. this Monday, November 19, 2007 to be deposed, (*ii*) arrange an alternate date for his deposition, or (*iii*) move to quash the subpoena prior to 9:00 a.m. on November 19, 2007.

As you are well aware, we have on multiple occasions offered to reschedule Mr. Gandhi's deposition to a different time of his convenience.  Thus far, you have refused to respond to these offers.  Rescheduling the deposition at this late date would be inconvenient.  Nevertheless, we will again offer to reschedule if you provide us alternative dates by 5:00 p.m. your time (CST) tomorrow.  Otherwise, we expect Mr. Gandhi to attend on Monday.

Sincerely,

*/s/ Raymond LaMagna*

Raymond LaMagna

RL:rl

cc:    Counsel of Record

1781704

# EXHIBIT L

AO 88　(Rev. 1/94)　Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### District of Massachusetts

Amgen, Inc., a Delaware corporation, et al.

v.

Ariad Pharmaceuticals, Inc., a Delaware
corporation, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: No. 06-259

Case pending in the District
of Delaware

TO:　Fritz Casselman (c/o David Gindler, Irell & Manella LLP)
214 Beacon Street
Boston, MA 02116

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, MA 02210 (or at a location and time agreed upon by the parties) | June 12, 2007 9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached.

| PLACE | DATE AND TIME |
|---|---|
| Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, MA 02210 (or at a location and time agreed upon by the parties) | June 5, 2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 5/23/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jamie McDole, Attorney for Plaintiff　(312) 861-2000
Kirkland & Ellis LLP, 200 East Randolph Dr., Chicago, IL　60601

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 1/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

( 1 ) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena . The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to. lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books. papers. documents and tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may. upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in

person. except that. subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden.

( B ) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert' s study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

( 1 ) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents. communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT M

# REDACTED

# EXHIBIT N

EX-99.1 9 dex991.htm NEW ABRAXIS, INC. INFORMATION STATEMENT

**Table of Contents**

Exhibit 99.1



Dear Abraxis BioScience, Inc. Stockholder:

As previously announced, the board of directors of Abraxis BioScience, Inc. (which we refer to as "Abraxis BioScience") has approved a plan to separate into two independent publicly-traded companies, one holding the Abraxis Pharmaceutical Products business, which focuses primarily on manufacturing and marketing our oncology, anti-infective and critical care hospital-based generic injectable products and marketing our proprietary anesthetic/analgesic products (which we refer to collectively as the "hospital-based products business"), and the other holding the Abraxis Oncology and Abraxis Research businesses, which focus primarily on our internally developed proprietary product, Abraxane®, and our proprietary product candidates (which we refer to as the "proprietary products business"). Following completion of the separation and related transactions, Abraxis BioScience stockholders will own (i) shares of New Abraxis, Inc. (which we refer to as "New Abraxis") and (ii) shares of Abraxis BioScience (which will change its name to "APP Pharmaceuticals, Inc." following the transactions, which we refer to as "New APP"). Following the separation and related transactions, New Abraxis will operate the proprietary products business and will change its name to "Abraxis BioScience, Inc." New APP will continue to operate the hospital-based products business of Abraxis BioScience.

The distribution of New Abraxis common stock is scheduled to occur on          , 2007. Holders of record of shares of Abraxis BioScience common stock as of the close of business on          , 2007, which is the record date, will receive one share of New Abraxis common stock for every          shares of Abraxis BioScience common stock held. You will also retain your shares of Abraxis BioScience common stock, which we will refer to as shares of New APP. No action is required on your part to receive shares of New Abraxis common stock or New APP common stock. You will not be required to pay anything for the new shares or to surrender any Abraxis BioScience shares. The distribution of shares will be made in book-entry form, and physical stock certificates will be issued only upon request. No fractional shares will be issued, and you will receive a check for the equivalent of any fractional shares you otherwise would have received in the distribution.

We believe that the separation of the hospital-based products and proprietary products businesses into two independent publicly-traded companies is in the best interests of each of the businesses and our stockholders because it will enable New APP to raise substantial capital through a debt financing on better terms than would be available to us, approximately $725 million of the proceeds of which will be contributed to New Abraxis to fund its strategic initiatives, better enable each of New APP and New Abraxis to sell an equity interest in its business on favorable terms, result in enhanced and targeted analyst coverage of each of our two businesses, facilitate the growth of both of our businesses by providing equity currency for acquisitions in a manner that preserves capital with significantly less dilution of existing stockholders' interests, and facilitate resolution of personnel hiring and compensation issues that have arisen or may arise as a result of our operation of two different businesses within a single company.

Abraxis BioScience has applied to list its shares of common stock following the transactions on the Nasdaq Global Market under the symbol "APPX." In addition, we have applied to list the shares of New Abraxis common stock on the Nasdaq Global Market under the symbol "ABII."

I encourage you to read carefully the enclosed information statement, which is being provided to all Abraxis BioScience stockholders. It describes the transactions in detail and contains important business and financial information about New Abraxis.

Sincerely,

Patrick Soon-Shiong, M.D.
Chairman and Chief Executive Officer
          , 2007

**Table of Contents**

Plough and Glaxo SmithKline where he was instrumental in bringing several new drugs to the market such as Paxil, Relafen, Kitril and Zyban. Dr. Dat holds a B.S. in Agriculture from the University of Saigon, an M.S. in Statistics from the University of Florida and a Ph.D in Biostatistics from the University of North Carolina, Chapel Hill.

**Neil P. Desai, Ph.D.** is expected to serve as our Vice President of Research and Development as of the distribution date. Dr. Desai served as Vice President of Research and Development at Abraxis BioScience since April 2006 and at ABI since March 1999 where he was responsible for the development of Abraxis BioScience's and ABI's proprietary product pipeline and intellectual property portfolio. Dr. Desai served as Senior Director of Biopolymer Research since ABI's inception in 1994 until February 1999 and as Senior Research Scientist at VivoRx Inc. since 1991. Dr. Desai is a co-inventor of our nab™ tumor targeting technology platform and is named as a co-inventor on over 60 issued U.S. and foreign patents. Dr. Desai holds an M.S and Ph.D. in Chemical Engineering from the University of Texas at Austin and a B.S. in Chemical Engineering from the University of Bombay.

**Nicholas Everett, Ph.D.** is expected to serve as our Chief Scientist, Drug Discovery as of the distribution date. Dr. Everett served as Chief Scientist, Drug Discovery at Abraxis BioScience since April 2006 and at ABI since October 2003. Dr. Everett was responsible for Abraxis BioScience's and ABI's natural products research group, the associated screening and analytical activities and the identification and implementation of screening programs for Abraxis BioScience's and ABI's new drug discovery targets. Before joining ABI, Dr. Everett was Chief Scientific Officer and Executive Vice President of InterLink Biotechnologies, LLC and InterLink Associates Inc. from June 1991 to September 2003 where he was responsible for the company's scientific strategy, intellectual property and research programs. From April 1987 to March 1991, he was Group Leader and Program Manager for biotechnology research at EniChem Americas, Inc. From June 1981 to March 1987, he was a Research Scientist and Supervisor at Stauffer Chemical Company. Dr Everett has a BSc. in Applied Chemistry from London University and a Ph.D from Leicester University in England.

**Vasant Gandhi, Ph.D.** is expected to serve as our Vice President of Strategic Operations as of the distribution date. Dr. Gandhi served as Vice President of Strategic Operations at Abraxis BioScience since September 2007. Prior to joining Abraxis, from July 2002 to June 2007, Dr. Gandhi worked at Amgen Inc., most recently as Senior Counsel, on Amgen's molecular discovery and biotechnology licensing matters. From January 2001 to July 2002, Dr. Gandhi served as Senior Counsel at Immunex Corporation where he worked on corporate transactions, including the acquisition of Immunex by Amgen and the divestiture of Leukine™ to Schering AG. Prior to Immunex, Dr. Gandhi worked at the National Institutes of Health (including the National Cancer Institute) from July 1998 to January 2001 and at business consulting and law firms. Dr. Gandhi holds a Ph.D. in science from Loyola University Chicago as well as a law degree and a graduate degree in business from The University of Illinois at Urbana-Champaign.

**Lisa Guttman** is expected to serve as our Vice President, Global Clinical Operations as of the distribution date. Ms. Guttman served as Vice President, Global Clinical Operations at Abraxis BioScience since November 2007. From January 2000 to October 2007, Ms. Guttman worked for Amgen Inc. in a variety of roles, serving most recently as Director, Development Operations from July 2004 until October 2007. Ms. Guttman started her career with Eli Lilly in 1990 where she worked until December 2000 and held the position of Manager, Clinical Research. Ms. Guttman holds a Honours Bachelor of Science in Molecular Biology from McMaster University and a Master of Business Administration also from McMaster University in Hamilton, Ontario.

**Joseph Hogan** is expected to serve as our Vice President of U.S. Sales and Marketing for Abraxis Oncology as of the distribution date. Mr. Hogan served as Vice President of U.S. Sales and Marketing for Abraxis Oncology at Abraxis BioScience since March 2006. From February 2005 to March 2006, he served as head of global oncology marketing for Berlex Pharmaceuticals. Mr. Hogan worked for Sanofi-Aventis Pharmaceuticals from January 1997 to February 2005 in various roles, including serving as the Taxotere® marketing director for the U.S. Business Unit where he played a key role in developing brand strategy for the product in breast, lung and prostate cancers. From July 1992 through January 1997, Mr. Hogan served in the sales forces for Pharmacia,

102

# EXHIBIT O

Abraxis BioScience Inc.                                                      Page 1 of 2



## Abraxis BioScience Global Locations



## Abraxis BioScience Corporate Headquarters

**Abraxis BioScience Corporate Headquarters**
11755 Wilshire Blvd., 20th Floor
Los Angeles, CA 90025
Tel: (310) 883-1300
FAX: (310) 998-8553

**Abraxis Oncology Headquarters**
200 Somerset Corporate Blvd.
Bridgewater, NJ  08807
Tel:  (908) 393-8220
FAX:  (908) 393-8250

**Abraxis Research**
4503 Glencoe Avenue
Marina del Rey, CA  90292
Tel:  (310) 437-7700
FAX:  (310) 437-7791

# EXHIBIT P



Start **1800 Avenue of the Stars**
**Los Angeles, CA 90067**
End **11755 Wilshire Blvd**
**Los Angeles, CA 90025**
Travel **3.1 mi – about 11 mins, up to 20 mins**
**in traffic**



**1800 Avenue of the Stars**
**Los Angeles, CA 90067**

Drive: 3.1 mi – about 11 mins, up to 20 mins in traffic

| | | |
|---|---|---|
| 1. Head **northwest** on **Ave of the Stars** toward **Santa Monica Blvd** | 131 ft | 1 min |
| 2. Turn **left** at **Santa Monica Blvd** | 2.5 mi | 9 mins |
| 3. Turn **right** at **S Barrington Ave** | 0.5 mi | 1 min |
| 4. Turn **left** at **Wilshire Blvd** | 453 ft | |

**11755 Wilshire Blvd**
**Los Angeles, CA 90025**

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2007 NAVTEQ™