# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MARY F. DUGAN
DIRECT DIAL: (302) 571-5019
DIRECT FAX: (302) 576-3509
msharp@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

February 1, 2008

**BY E-FILE**

The Honorable Mary Pat Thynge
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

      Re: *Amgen, Inc. et al. v. ARIAD Pharmaceuticals, Inc.*
           C. A. No.: 06-259 (MPT)

Dear Judge Thynge:

      Pursuant to the Court's Second Amended Scheduling Order of August 28, 2007, and in advance of the Status Conference scheduled for February 7, 2008 at 2 P.M. Eastern time, Plaintiffs (collectively, "Amgen") and Defendants-Counterclaim Plaintiffs (collectively, "ARIAD and the Institutions") submit this joint letter to advise the Court of the status of discovery and progress of the case.

      As Your Honor is aware, Amgen filed this declaratory judgment action in April 2006, seeking a declaratory judgment of non-infringement and invalidity with respect to the claims of United States Patent No. 6,410,516 ("the '516 Patent").[1] On April 13, 2007, ARIAD and the Institutions filed their Answer to the Amended Complaint, Counterclaim and Demand for Jury Trial, asserting claims against Amgen and Wyeth for alleged infringement of the '516 Patent. On September 27, 2007, ARIAD and the Institutions filed their Answer to the Amended Complaint, Amended Counterclaim and Demand for Jury Trial, adding claims against Amgen (but not Wyeth) for alleged infringement of U.S. Patents Nos. 5,804,374 and 6,150,090 (collectively, the "Assay Patents").

      The parties can report that the case has been streamlined in the past several months. On December 11, 2007, ARIAD and Wyeth filed a stipulation of dismissal without prejudice of ARIAD's claims against Wyeth for infringement of the '516 Patent. Yesterday, ARIAD and Amgen filed a joint stipulation of dismissal with prejudice of ARIAD's claims against Amgen under the Assay Patents.[2] ARIAD and the Institutions have also represented that they will not be pursuing allegations of infringement against Amgen's Kineret™

---

[1] Amgen subsequently added allegations of inequitable conduct in reply to the counterclaims filed by ARIAD and the Institutions.

[2] The stipulation only covers past activities and does not preclude ARIAD from filing a new complaint related to activities that postdate the stipulation.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
February 1, 2008
Page 2

product; the parties have yet to work out a stipulation or covenant that could effectively dispense with Amgen's declaratory judgment claims with respect to this product.

With respect to motions, there is one soon-to-be-pending motion. On January 28, 2008, ARIAD notified Amgen that it intends to file a motion seeking to clarify or amend its Amended Counterclaim. This motion would relate to ARIAD's ability to pursue infringement allegations under 35 U.S.C. § 271(f). The motion would also, consistent with the streamlining discussed above, seek leave to file a Second Amended Counterclaim eliminating allegations of infringement directed at Wyeth, theories of infringement regarding Kineret™ and allegations of infringement based on the Assay Patents. ARIAD has given Amgen until today to determine whether it will consent to this motion. The parties will engage in a meet-and-confer with respect to ARIAD's motion and will report to the Court if an agreement can be reached.

With respect to discovery, the fact discovery deadline was December 21, 2007, and the vast majority of fact discovery was completed by that date. There are, however, three outstanding depositions of fact witnesses. Dr. Vasant Gandhi's deposition is scheduled to proceed on February 8. ARIAD's Eighth 30(b)(6) Notice of Deposition and Amgen's Fifth 30(b)(6) Notice of Deposition[3] are also outstanding, and Amgen has proposed that these depositions proceed on February 11 and 12, respectively. The parties expect to finalize the schedule for these depositions next week.

The parties have served expert reports on issues as to which they bear the burden of proof. Rebuttal reports are due February 22, and any reply reports are due March 7, 2008. Pursuant to the Court's scheduling order, expert discovery is expected to close on March 28, 2008, although the parties have agreed and hereby request an extension to permit expert depositions to be completed during the week of March 31, 2008, if necessary.

The parties do not believe that there are issues that require the Court's attention on February 7, 2008, and would be amenable to taking the upcoming teleconference off calendar if the Court has no questions about the matters discussed in this letter.

Respectfully,

*Mary F. Dugan*

Mary F. Dugan (No. 4704)

cc:   Clerk of the Court (Hand Delivery)
      John G. Day, Esquire (via e-mail)
      David Greenwald, Esquire (via e-mail)
      David R. Marriot, Esquire (via e-mail)

---

[3] These depositions were the subject of the recent teleconference with the Court on January 22, 2008