# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMGEN INC., IMMUNEX CORPORATION,
AMGEN USA INC., AMGEN MANUFACTURING
LIMITED, and IMMUNEX RHODE ISLAND
CORPORATION,

Plaintiffs,

v.

C.A. No. 06-259-MPT

ARIAD PHARMACEUTICALS, INC., and THE
WHITEHEAD INSTITUTE FOR BIOMEDICAL
RESEARCH,

Defendants.

ARIAD PHARMACEUTICALS, INC.,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, THE PRESIDENT AND
FELLOWS OF HARVARD COLLEGE, and THE
WHITEHEAD INSTITUTE FOR BIOMEDICAL
RESEARCH,

Counterclaim-Plaintiffs,

v.

AMGEN INC., IMMUNEX CORPORATION,
AMGEN USA INC., AMGEN MANUFACTURING
LIMITED, and IMMUNEX RHODE ISLAND
CORPORATION,

Counterclaim-Defendants.

## DEFENDANTS-COUNTERCLAIM-PLAINTIFFS ARIAD'S AND THE INSTITUTIONS' MOTION TO AMEND COUNTERCLAIMS

Defendants-counterclaim-plaintiffs ARIAD Pharmaceuticals, Inc.,

Massachusetts Institute of Technology, the President and Fellows of Harvard College,

and the Whitehead Institute for Biomedical Research (collectively "Counterclaim-

Plaintiffs") hereby move to amend their Answer to Amended Complaint, Amended

Counterclaim and Demand for Jury Trial to make clear that Counterclaim-Plaintiffs have

pleaded infringement under 35 U.S.C. § 271(f), have dismissed without prejudice their

counterclaims in this litigation against Wyeth, no longer assert as a theory of

infringement Amgen's manufacture or sale of Kineret, and have withdrawn their claims

against Amgen for infringement of the '090 and '374 Patents. The grounds for this motion are set forth in Counterclaim-Plaintiffs' memorandum of law, filed herewith.

Pursuant to District of Delaware Local Rule 15.1, attached hereto as Exhibit 1 is a copy of the proposed Answer to Amended Complaint, Second Amended Counterclaim and Demand for Jury Trial (the "Answer and Second Amended Counterclaim"). Attached hereto as Exhibit 2 is a version of the Answer and Second Amended Counterclaim that indicates in what respect it differs from the current Answer to Amended Complaint, Amended Counterclaim and Demand for Jury Trial.

WHEREFORE, Counterclaim-Plaintiffs respectfully request that the Court enter the attached order granting their motion to amend counterclaims and to docket the proposed Answer and Second Amended Counterclaim as the amended pleading.

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College and The Whitehead Institute for Biomedical Research*

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated:  February 8, 2008

188042.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, <br><br> Defendants. <br> ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, <br><br> Counterclaim-Defendants. | C.A. No. 06-259-MPT |

## ORDER

This _____ day of _____, 2008, the Court having considered Defendants-counterclaim-plaintiffs ARIAD's and the Institutions' Motion to Amend Counterclaims and having considered the positions of the parties, concludes that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that Defendants-counterclaim-plaintiffs ARIAD's and the Institutions' motion is GRANTED; Defendants-counterclaim- plaintiffs'

proposed Answer to Amended Complaint, Second Amended Counterclaim and Demand for Jury Trial shall be docketed by the Court as the amended pleading.


_____

United States Magistrate Judge

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that counsel for the parties have made a reasonable effort to reach agreement on the matters set forth in the motion, but that no agreement could be reached.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Counterclaim-Plaintiffs*
*ARIAD Pharmaceuticals, Inc.,*
*Massachusetts Institute of Technology,*
*the President and Fellows of Harvard*
*College, the Whitehead Institute for*
*Biomedical Research*

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: February 8, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AMGEN INC., IMMUNEX CORPORATION,
AMGEN USA INC., AMGEN MANUFACTURING
LIMITED, and IMMUNEX RHODE ISLAND
CORPORATION,

                Plaintiffs,

    v.

ARIAD PHARMACEUTICALS, INC., and THE
WHITEHEAD INSTITUTE FOR BIOMEDICAL
RESEARCH,

                Defendants.

                          C.A. No. 06-259-MPT

ARIAD PHARMACEUTICALS, INC.,
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, THE PRESIDENT AND
FELLOWS OF HARVARD COLLEGE, and THE
WHITEHEAD INSTITUTE FOR BIOMEDICAL
RESEARCH,

                Counterclaim Plaintiffs,

    v.

AMGEN INC., IMMUNEX CORPORATION,
AMGEN USA INC., AMGEN MANUFACTURING
LIMITED, and IMMUNEX RHODE ISLAND
CORPORATION,

                Counterclaim Defendants.

## ANSWER TO AMENDED COMPLAINT, SECOND
## AMENDED COUNTERCLAIM AND DEMAND FOR JURY TRIAL

       Defendants ARIAD Pharmaceuticals, Inc. ("ARIAD") and the Whitehead
Institute for Biomedical Research ("Whitehead") (collectively, "Defendants") respond as
follows to the Amended Complaint For Declaratory Judgment Of Patent Invalidity And
Non-Infringement of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc.,
Amgen Manufacturing Limited, and Immunex Rhode Island Corporation (collectively,
the "Amgen Entities").

## NATURE OF THIS ACTION

1.      In response to paragraph 1, Defendants admit that the Amgen Entities purport to bring claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, but deny that these claims are properly brought.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 1.

2.      In response to paragraph 2, Defendants admit that a copy of U.S. Patent No. 6,410,516 (the "'516 patent") is attached to the original Complaint in this action (D.I. 1) and admit that the Amgen Entities purport to seek a declaration that each claim of the '516 patent is invalid and that the Amgen Entities do not infringe any valid claim of the '516 Patent based on activities related to the Enbrel® and Kineret® products, but deny that the Amgen Entities' action is meritorious and deny that the Amgen Entities are entitled to the relief sought.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 2.

## JURISDICTION AND VENUE

3.      In response to paragraph 3, Defendants admit that rules regarding jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1338(a) and rules regarding declaratory judgment are set forth in 28 U.S.C. §§ 2201 and 2202, which speak for themselves, but deny that this Court has jurisdiction under those statutes.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 3.

4.      Paragraph 4 states a legal conclusion for which no response is necessary, but Defendants deny that venue is proper in this District.

## THE PARTIES

5.      In response to paragraph 5, Defendants admit, on information and belief, that Amgen Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California.  Defendants further admit that Amgen Inc. is a global

biotechnology company.  Except as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 5 and for that reason they are denied.

6.      Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 6 and for that reason they are denied.

7.      Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 7 and for that reason they are denied.

8.      Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 8 and for that reason they are denied.

9.      Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 9 and for that reason they are denied.

10.      Defendants admit the allegations of paragraph 10.

11.      Defendants admit the allegations of paragraph 11.

12.      Defendants admit that on June 25, 2002, the '516 patent issued from U.S. Patent Application Ser. No. 08/464,364, filed June 5, 1995, and that the content of the '516 Patent speaks for itself.  As the second sentence of paragraph 12 provides quotations out of context and does not provide sources for such quotations, except as expressly admitted above, Defendants are without personal knowledge sufficient to admit or deny the allegations in the second sentence of paragraph 12 and for that reason they are denied. Except as expressly admitted, Defendants deny each and every allegation of paragraph 12.

13.      Defendants admit that Whitehead, the President & Fellows of Harvard College ("Harvard"), and the Massachusetts Institute of Technology ("MIT") are the assignees of the '516 patent.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 13.

14.      In response to paragraph 14, Defendants admit that ARIAD has entered into a license agreement with MIT, Whitehead, and Harvard, pursuant to which ARIAD

has acquired a license to Patent Rights, among other things, as defined in that license agreement. Except as expressly admitted, Defendants deny each and every allegation of paragraph 14.

15.    In response to paragraph 15, Defendants admit that the Enbrel® product (generic name: etanercept) is a human therapeutic product. Except as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 15 and for that reason they are denied.

16.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 16 and for that reason they are denied.

17.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 17 and for that reason they are denied.

18.    In response to paragraph 18, Defendants admit that the Kineret® product (generic name: anakinra) is a human therapeutic product. Expect as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 18 and for that reason they are denied.

19.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 19 and for that reason they are denied.

20.    Defendants deny each and every allegation contained in the first sentence of paragraph 20. In response to the second sentence of paragraph 20, Defendants admit that the Amgen Entities purport to seek a declaration that each claim of the '516 patent is invalid and that the Amgen Entities do not infringe any claim of the '516 Patent based on any activities related to the Enbrel® and Kineret® products, but deny that the Amgen Entities' claims are meritorious and deny that the Amgen Entities are entitled to the relief sought.

## FIRST CLAIM FOR RELIEF

21.    In response to paragraph 21, Defendants incorporate herein by this reference their above responses to paragraphs 1 through 20 as if set forth in full.

22.    In response to paragraph 22, Defendants deny each and every allegation contained therein.

23.    In response to paragraph 23, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

24.    In response to paragraph 24, Defendants incorporate herein by this reference their above responses to paragraphs 1 through 23 as if set forth in full.

25.    In response to paragraph 25, Defendants admit that the Amgen Entities purport to seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel® or Kineret® products, but deny that the Amgen Entities' claims are appropriate and necessary, and deny that the Amgen Entities' claims are meritorious, and deny that the Amgen Entities are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

26.    The Court lacks subject matter jurisdiction over this action or, in the alternative, should exercise its discretion to decline the exercise of subject matter jurisdiction over this action.

27.    The Amgen Entities failed to join MIT, Whitehead, and Harvard, all of which are necessary and indispensable parties to this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A.    The dismissal of the Amgen Entities' complaint on the grounds that the Court lacks subject matter jurisdiction over this action or, in the alternative, that the Court should exercise its discretion to decline to exercise subject matter jurisdiction over this action;

B.    The dismissal of the Amgen Entities' complaint on the grounds that the Amgen Entities failed to join necessary and indispensable parties;

C.    In the event that the Amgen Entities' complaint is not dismissed, the entry of judgment thereon in favor of Defendants and against the Amgen Entities; and

D.    Such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM AND DEMAND FOR JURY TRIAL

ARIAD, along with MIT, Harvard and Whitehead (collectively, the "Institutions"), by and through their undersigned counsel, for their claims for relief against the Amgen Entities, allege as follows:

### JURISDICTION AND VENUE

1.    This is a counterclaim for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 100 *et seq.*, including §§ 271 and 281.

2.    This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

3.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

4.    ARIAD is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.

5.    Whitehead is Delaware corporation with its principal place of business in Cambridge, Massachusetts.

6.    Harvard is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts.

7.    MIT is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts.

8.    ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen Inc. ("Amgen") is a Delaware corporation with its principal place of business in Thousand Oaks, California.

9.    ARIAD and the Institutions are informed and believe, and thereon allege, that Immunex Corporation is a Washington corporation with its principal place of business in Thousand Oaks, California.

10.    ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen USA Inc. is a Delaware corporation with its principal place of business in Thousand Oaks, California.

11.    ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen Manufacturing Limited is a Bermuda corporation with its principal place of business in Juncos, Puerto Rico.

12.    ARIAD and the Institutions are informed and believe, and thereon allege, that Immunex Rhode Island Corporation is a Delaware corporation with its principal place of business in West Greenwich, Rhode Island.

## PATENT IN SUIT

13.    United States Patent No. 6,410,516 (the "'516 patent"), entitled "Nuclear Factors Associated With Transcriptional Regulation," was duly and legally issued on June 25, 2002.  A true and correct copy of the '516 patent is attached as Exhibit A hereto.

14.    The Institutions are the assignees of the '516 patent.  ARIAD is the licensee of certain exclusive rights in the '516 patent.

## CLAIM FOR RELIEF

15.    ARIAD and the Institutions incorporate herein by this reference paragraphs 1 through 14 of their Counterclaim as if set forth in full.

16.    ARIAD and the Institutions are informed and believe, and thereon allege, that in violation of 35 U.S.C. § 271, the Amgen Entities have been and are currently directly infringing, contributorily infringing, and/or inducing infringement of the '516 patent by, among other things, making, using, offering to sell, selling and/or importing Enbrel® (etanercept), without authority or license from ARIAD and the Institutions.

17.    ARIAD and the Institutions are informed and believe, and thereon allege, that in violation of 35 U.S.C. § 271(f)(1), the Amgen Entities supply or cause to be supplied or have supplied or have caused to be supplied in or from the United States all or a substantial portion of the components of the method claims of the '516 patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe those method claims if such combination occurred within the United States.

18.    ARIAD and the Institutions are informed and believe, and thereon allege, that in violation of 35 U.S.C. § 271(f)(2), the Amgen Entities supply or cause to be supplied or have supplied or have caused to be supplied in or from the United States any component of the method claims of the '516 patent that is especially made or especially adapted for use in the patented method and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe those method claims if such combination occurred within the United States.

19.    ARIAD and the Institutions are informed and believe, and thereon allege, that the infringement of the '516 patent by the Amgen Entities has been and continues to be willful.

WHEREFORE, ARIAD and the Institutions respectfully request the following relief:

A.    The entry of judgment that the Amgen Entities infringe the '516 patent, and that their infringement is willful;

B.     An award of damages resulting from the infringement of the '516 patent by the Amgen Entities in an amount to be determined at trial, and the trebling of such damages due to the willful nature of their infringement;

C.     An award of pre-judgment and post-judgment interest;

D.     A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

E.     Such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

ARIAD and the Institutions hereby respectfully request a trial by jury on any issue in the amended answer or counterclaim triable of right by a jury.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals,*
*Inc., Massachusetts Institute of*
*Technology, The President and Fellows*
*of Harvard College and The Whitehead*
*Institute for Biomedical Research*

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated:  February 8, 2008

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, <br><br>             Plaintiffs, <br><br>   v. <br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, <br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-259-MPT |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, <br><br>             Counterclaim Plaintiffs, <br><br>   v. <br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, **and** IMMUNEX RHODE ISLAND CORPORATION, ~~and WYETH~~, <br><br>             Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO AMENDED COMPLAINT, SECOND**
**AMENDED COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Defendants ARIAD Pharmaceuticals, Inc. ("ARIAD") and the Whitehead
Institute for Biomedical Research ("Whitehead") (collectively, "Defendants") respond as
follows to the Amended Complaint For Declaratory Judgment Of Patent Invalidity And
Non-Infringement of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc.,
Amgen Manufacturing Limited, and Immunex Rhode Island Corporation (collectively,
the "Amgen Entities").

## NATURE OF THIS ACTION

1.      In response to paragraph 1, Defendants admit that the Amgen Entities purport to bring claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, but deny that these claims are properly brought.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 1.

2.      In response to paragraph 2, Defendants admit that a copy of U.S. Patent No. 6,410,516 (the "'516 patent") is attached to the original Complaint in this action (D.I. 1) and admit that the Amgen Entities purport to seek a declaration that each claim of the '516 patent is invalid and that the Amgen Entities do not infringe any valid claim of the '516 Patent based on activities related to the Enbrel® and Kineret® products, but deny that the Amgen Entities' action is meritorious and deny that the Amgen Entities are entitled to the relief sought.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 2.

## JURISDICTION AND VENUE

3.      In response to paragraph 3, Defendants admit that rules regarding jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1338(a) and rules regarding declaratory judgment are set forth in 28 U.S.C. §§ 2201 and 2202, which speak for themselves, but deny that this Court has jurisdiction under those statutes.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 3.

4.      Paragraph 4 states a legal conclusion for which no response is necessary, but Defendants deny that venue is proper in this District.

## THE PARTIES

5.      In response to paragraph 5, Defendants admit, on information and belief, that Amgen Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Amgen Center Drive, Thousand Oaks, California.  Defendants further admit that Amgen Inc. is a global

biotechnology company. Except as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 5 and for that reason they are denied.

6.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 6 and for that reason they are denied.

7.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 7 and for that reason they are denied.

8.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 8 and for that reason they are denied.

9.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 9 and for that reason they are denied.

10.    Defendants admit the allegations of paragraph 10.

11.    Defendants admit the allegations of paragraph 11.

12.    Defendants admit that on June 25, 2002, the '516 patent issued from U.S. Patent Application Ser. No. 08/464,364, filed June 5, 1995, and that the content of the '516 Patent speaks for itself. As the second sentence of paragraph 12 provides quotations out of context and does not provide sources for such quotations, except as expressly admitted above, Defendants are without personal knowledge sufficient to admit or deny the allegations in the second sentence of paragraph 12 and for that reason they are denied. Except as expressly admitted, Defendants deny each and every allegation of paragraph 12.

13.    Defendants admit that Whitehead, the President & Fellows of Harvard College ("Harvard"), and the Massachusetts Institute of Technology ("MIT") are the assignees of the '516 patent. Except as expressly admitted, Defendants deny each and every allegation of paragraph 13.

14.    In response to paragraph 14, Defendants admit that ARIAD has entered into a license agreement with MIT, Whitehead, and Harvard, pursuant to which ARIAD

3

has acquired a license to Patent Rights, among other things, as defined in that license agreement. Except as expressly admitted, Defendants deny each and every allegation of paragraph 14.

15.    In response to paragraph 15, Defendants admit that the Enbrel® product (generic name: etanercept) is a human therapeutic product. Except as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 15 and for that reason they are denied.

16.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 16 and for that reason they are denied.

17.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 17 and for that reason they are denied.

18.    In response to paragraph 18, Defendants admit that the Kineret® product (generic name: anakinra) is a human therapeutic product. Expect as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 18 and for that reason they are denied.

19.    Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 19 and for that reason they are denied.

20.    Defendants deny each and every allegation contained in the first sentence of paragraph 20. In response to the second sentence of paragraph 20, Defendants admit that the Amgen Entities purport to seek a declaration that each claim of the '516 patent is invalid and that the Amgen Entities do not infringe any claim of the '516 Patent based on any activities related to the Enbrel® and Kineret® products, but deny that the Amgen Entities' claims are meritorious and deny that the Amgen Entities are entitled to the relief sought.

## FIRST CLAIM FOR RELIEF

21.    In response to paragraph 21, Defendants incorporate herein by this reference their above responses to paragraphs 1 through 20 as if set forth in full.

4

22.     In response to paragraph 22, Defendants deny each and every allegation contained therein.

23.     In response to paragraph 23, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

24.     In response to paragraph 24, Defendants incorporate herein by this reference their above responses to paragraphs 1 through 23 as if set forth in full.

25.     In response to paragraph 25, Defendants admit that the Amgen Entities purport to seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel® or Kineret® products, but deny that the Amgen Entities' claims are appropriate and necessary, and deny that the Amgen Entities' claims are meritorious, and deny that the Amgen Entities are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

26.     The Court lacks subject matter jurisdiction over this action or, in the alternative, should exercise its discretion to decline the exercise of subject matter jurisdiction over this action.

27.     The Amgen Entities failed to join MIT, Whitehead, and Harvard, all of which are necessary and indispensable parties to this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A.      The dismissal of the Amgen Entities' complaint on the grounds that the Court lacks subject matter jurisdiction over this action or, in the alternative, that the Court should exercise its discretion to decline to exercise subject matter jurisdiction over this action;

B.      The dismissal of the Amgen Entities' complaint on the grounds that the Amgen Entities failed to join necessary and indispensable parties;

C.      In the event that the Amgen Entities' complaint is not dismissed, the entry of judgment thereon in favor of Defendants and against the Amgen Entities; and

D.      Such other and further relief as the Court may deem just and proper.


## COUNTERCLAIM AND DEMAND FOR JURY TRIAL

ARIAD, along with MIT, Harvard and Whitehead (collectively, the "Institutions"), by and through their undersigned counsel, for their claims for relief against the Amgen Entities and Wyeth, allege as follows:

### JURISDICTION AND VENUE

1.      This is a counterclaim for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 100 *et seq.*, including §§ 271 and 281.

2.      This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

4.      ARIAD is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.

5.      Whitehead is Delaware corporation with its principal place of business in Cambridge, Massachusetts.

6.      Harvard is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts.

7.      MIT is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts.

8.      ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen Inc. ("Amgen") is a Delaware corporation with its principal place of business in Thousand Oaks, California.

9.      ARIAD and the Institutions are informed and believe, and thereon allege, that Immunex Corporation is a Washington corporation with its principal place of business in Thousand Oaks, California.

10.     ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen USA Inc. is a Delaware corporation with its principal place of business in Thousand Oaks, California.

11.     ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen Manufacturing Limited is a Bermuda corporation with its principal place of business in Juncos, Puerto Rico.

12.     ARIAD and the Institutions are informed and believe, and thereon allege, that Immunex Rhode Island Corporation is a Delaware corporation with its principal place of business in West Greenwich, Rhode Island.

13.     ~~ARIAD and the Institutions are informed and believe, and thereon allege, that Wyeth is a Delaware corporation with its principal place of business in Madison, New Jersey.~~

## ~~PATENTS~~PATENT IN SUIT

**13.**     ~~14.~~ United States Patent No. 6,410,516 (the "'516 patent"), entitled "Nuclear Factors Associated With Transcriptional Regulation," was duly and legally issued on June 25, 2002.  A true and correct copy of the '516 patent is attached as Exhibit A hereto.

~~15.     United States Patent No. 5,804,374 (the "'374 patent"), entitled "Nuclear Factors Associated With Transcriptional Regulation," was duly and legally issued on September 8, 1998.  A true and correct copy of the '374 patent is attached as Exhibit B hereto.~~

~~16.     United States Patent No. 6,150,090 (the "'090 patent"), entitled "Nuclear Factors Associated With Transcriptional Regulation," was duly and legally issued on~~

7

~~November 21, 2000.  A true and correct copy of the '090 patent is attached as Exhibit C~~
~~hereto.~~

**14.**    ~~17.~~ The Institutions are the assignees of the '516 patent~~, the '374 patent,~~
~~and the '090 patent~~.  ARIAD is the licensee of certain exclusive rights in the '516 patent~~,~~
~~the '374 patent, and the '090 patent~~.

<h2 style="text-align:center">~~FIRST~~ CLAIM FOR RELIEF</h2>

<h3 style="text-align:center">~~(Infringement of the '516 Patent)~~</h3>

**15.**    ~~18.~~ ARIAD and the Institutions incorporate herein by this reference
paragraphs 1 through ~~17~~**14** of their Counterclaim as if set forth in full.

**16.**    ~~19.~~ ARIAD and the Institutions are informed and believe, and thereon
allege, that in violation of 35 U.S.C. § 271, the Amgen Entities ~~and Wyeth~~ have been and
are currently directly infringing, contributorily infringing, and/or inducing infringement
of the '516 patent by, among other things, making, using, offering to sell, selling and/or
importing Enbrel® (etanercept)**,** without authority or license from ARIAD and the
Institutions.

**17.**    ~~20.~~ ARIAD and the Institutions are informed and believe, and thereon
allege, that in violation of 35 U.S.C. § ~~271, Amgen Inc., Amgen USA Inc., and Amgen~~
~~Manufacturing Limited have been and are currently directly infringing, contributorily~~
~~infringing, and/or inducing infringement of the '516 patent by, among other things,~~
~~making, using, offering to sell, selling and/or importing Kineret® (anakinra) without~~
~~authority or license from ARIAD and the Institutions.~~**271(f)(1), the Amgen Entities**
**supply or cause to be supplied or have supplied or have caused to be supplied in or**
**from the United States all or a substantial portion of the components of the method**
**claims of the '516 patent, where such components are uncombined in whole or in**
**part, in such manner as to actively induce the combination of such components**
**outside of the United States in a manner that would infringe those method claims if**
**such combination occurred within the United States.**

**18.     ARIAD and the Institutions are informed and believe, and thereon allege, that in violation of 35 U.S.C. § 271(f)(2), the Amgen Entities supply or cause to be supplied or have supplied or have caused to be supplied in or from the United States any component of the method claims of the '516 patent that is especially made or especially adapted for use in the patented method and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe those method claims if such combination occurred within the United States.**

**19.**     ~~21.~~ ARIAD and the Institutions are informed and believe, and thereon allege, that the infringement of the '516 patent by the Amgen Entities ~~and Wyeth~~ has been and continues to be willful.

### SECOND CLAIM FOR RELIEF

### (Infringement of the '374 Patent)

~~22.     ARIAD and the Institutions incorporate herein by this reference paragraphs 1 through 17 of their Counterclaim as if set forth in full.~~

~~23.     ARIAD and the Institutions are informed and believe, and thereon allege, that in violation of 35 U.S.C. § 271, Amgen has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '374 patent through the use of reporter gene assays, without authority or license from ARIAD and the Institutions.~~

~~24.     ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen's infringement of the '374 patent has been and continues to be willful.~~

### ~~THIRD CLAIM FOR RELIEF~~

### ~~(Infringement of the '090 Patent)~~

~~25.     ARIAD and the Institutions incorporate herein by this reference paragraphs 1 through 17 of their Counterclaim as if set forth in full.~~

26. ~~ARIAD and the Institutions are informed and believe, and thereon allege, that in violation of 35 U.S.C. § 271, Amgen has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '090 patent through the use of reporter gene assays and cellular imaging analyses, without authority or license from ARIAD and the Institutions.~~

27. ~~ARIAD and the Institutions are informed and believe, and thereon allege, that Amgen's infringement of the '090 patent has been and continues to be willful.~~

WHEREFORE, ARIAD and the Institutions respectfully request the following relief:

A.    The entry of judgment that the Amgen Entities ~~and Wyeth~~ infringe the '516 patent, and that their infringement is willful;

B.    An award of damages resulting from the infringement of the '516 patent by the Amgen Entities ~~and Wyeth~~ in an amount to be determined at trial, and the trebling of such damages due to the willful nature of their infringement;

~~C.    The entry of judgment that Amgen infringes the '374 patent, and that its infringement is willful;~~

~~D.    An award of damages resulting from Amgen's infringement of the '374 patent in an amount to be determined at trial, and the trebling of such damages due to the willful nature of its infringement;~~

~~E.    The entry of judgment that Amgen infringes the '090 patent, and that its infringement is willful;~~

~~F.    An award of damages resulting from Amgen's infringement of the '090 patent in an amount to be determined at trial, and the trebling of such damages due to the willful nature of its infringement;~~

__C.__    ~~G.~~ An award of pre-judgment and post-judgment interest;

__D.__    ~~H.~~ A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

__E.__    ~~I.~~ Such other and further relief, including equitable relief, as this Court deems just and proper.

11

**DEMAND FOR JURY TRIAL**

ARIAD and the Institutions hereby respectfully request a trial by jury on any issue in the amended answer or counterclaim triable of right by a jury.

ASHBY & GEDDES

/s/ ~~Steven J. Balick~~
/s/ Tiffany Geyer Lydon

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
~~Lauren E. Maguire (I.D. #4261)~~
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
~~lmaguire@ashby-geddes.com~~
tlydon@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals,*
*Inc., Massachusetts Institute of*
*Technology, The President and Fellows*
*of Harvard College and The Whitehead*
*Institute for Biomedical Research*

*Of Counsel:*

~~Morgan Chu~~
~~David I. Gindler~~
~~Elizabeth Rosenblatt~~
~~IRELL & MANELLA LLP~~
~~1800 Avenue of the Stars, Suite 900~~
~~Los Angeles, CA 90067~~
~~(310) 277-1010~~

**Evan R. Chesler**
**Keith R. Hummel**
**David R. Marriott**
**David Greenwald**
**CRAVATH, SWAINE & MOORE LLP**
**Worldwide Plaza**
**825 Eighth Avenue**
**New York, NY 10019**
**(212) 474-1000**

Dated:  ~~September 24, 2007~~**February 8, 2008**
~~181041.1~~

12

Document comparison done by Workshare DeltaView

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 19 |
| Deletions | 52 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 71 |