IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>　　　　Defendants. | C.A. No. 06-259-MPT<br><br><br><br><br><br><br><br><br><br>**REDACTED<br>PUBLIC VERSION** |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>　　　　Counterclaim-Plaintiffs,<br><br>　v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>　　　　Counterclaim-Defendants. | |

**DEFENDANTS-COUNTERCLAIM-PLAINTIFFS ARIAD'S AND THE
INSTITUTIONS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION TO AMEND COUNTERCLAIMS**

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: March 7, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College and The Whitehead Institute for Biomedical Research*

## TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................................ ii

I.  Argument .........................................................................................................................1

    A.  ARIAD Has Pleaded Infringement Under Section 271(f) ..............................1

    B.  The Proposed Amendment Is Proper Under Rule 15(a) .................................3

        1.  The Proposed Amendment Will Not Prejudice Amgen ....................4

        2.  There Is No Bad Faith or Undue Delay.. .........................................4

        3.  The Proposed Amendment Is Not Futile...........................................6

II. Conclusion .......................................................................................................................8

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073
(7th Cir. 1992) ................................................................................................................ 3

*Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989) ............................................................. 2

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
116 F.3d 1364 (11th Cir. 1997) ....................................................................................... 2

*Eolas Techs., Inc. v. Microsoft Corp.*, 399 F.3d 1325 (Fed. Cir. 2005) .............................. 8

*Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998) .......................................... 3

*Martinez v. U.S.*, 333 F.3d 1295 (Fed. Cir. 2003) ............................................................. 7

*Microsoft Corp. v. AT&T Corp.*, 127 S.Ct. 1746 (2007) ................................................ 7-8

*NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282
(Fed. Cir. 2005) ............................................................................................................... 7

*P.C. of Yonkers, Inc. v. Celebrations!*, No. 04-4554 (JAG),
2007 WL 708978 (D.N.J. Mar. 5, 2007) ......................................................................... 2

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790
(Fed. Cir. 2000) ............................................................................................................ 1-2

*Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, No. 2:07-cv-00448-GEB-DAD,
2007 WL 2345014 (E.D. Cal. Aug. 16, 2007) ............................................................. 2-3

*Standard Havens Prods. Inc., v. Gencor Indus. Inc.*, 953 F.2d 1360
(Fed. Cir. 1991) ............................................................................................................... 7

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*,
425 F.3d 1366 (Fed. Cir. 2005) .................................................................................... 6-7

*Weston v. Pennsylvania*, 251 F.3d 420 (3d Cir. 2001) ...................................................... 2

*z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340
(Fed. Cir. 2007) ............................................................................................................... 3

|  | Page(s) |
|---|---|
| **Statutes and Rules** | |
| 35 U.S.C. § 271 | *passim* |
| Fed. R. Civ. P. 8 | 2 |
| Fed. R. Civ. P. 15 | 3 |
| Fed. R. Civ. P. 16 | 8 |

Defendants-counterclaim-plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The President and Fellows of Harvard College and The Whitehead Institute for Biomedical Research (collectively, "ARIAD") respectfully submit this reply memorandum in further support of their motion to amend counterclaims.[1]

## I. ARGUMENT

### A. ARIAD Has Pleaded Infringement Under Section 271(f).

ARIAD's Counterclaim sought a broad declaration of infringement that, *"in violation of 35 U.S.C. § 271*, the Amgen Entities . . . have been and are currently directly infringing, contributorily infringing, and/or inducing infringement of the '516 patent by, *among other things*, making, using, offering to sell, selling and/or importing Enbrel . . . ." (Counterclaim ¶ 19 (emphasis added).) Amgen's interpretation of the Counterclaim – as having, in contrast to Amgen's correspondingly broad complaint, excluded conduct that would amount to a violation of Section 271(f) – does not withstand scrutiny. The Counterclaim does not allege a specific location where direct infringing activities occur. The references to "induc[ed] infringement" and "contributor[y] infringing" in ARIAD's pleading, which do not disclaim a theory of infringement under Section 271(f), put Amgen on notice of ARIAD's allegations. (Mem. at 10-11.)

Amgen cites *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000), for the statement that "[a]n adequately-pled claim for patent infringement 'alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendant[]

---

[1] Citations to ARIAD's opening Memorandum are given as "Mem.___." Citations to Amgen's Memorandum in Opposition are given as "Opp.___."

allegedly infringe[s], and points to specific sections of the law invoked.'" (Opp. at 6.) That citation is perplexing, as the pleadings in this case *do* point to the specific "section" of the law invoked, namely Section 271.² *Phonometrics* teaches only that a court should rarely dismiss a claim for failing to allege sufficient *facts*. *See id.* at 793-94 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997) ("[T]he dismissal standard is extraordinary, and one not to be taken lightly . . . . Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.")). To the extent *Phonometrics* establishes a pleading requirement more demanding than that of the Federal Rules of Civil Procedure, it goes no further than to require pleading of a specific statutory "section," not subsection. That is confirmed by other cases. *See Bechtel v. Robinson*, 886 F.2d 644, 649 n.9 (3d Cir. 1989) ("Under the federal rules, as long as the issue is pled, a party does not have to state the exact theory of relief in order to obtain a remedy."); *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001) ("Complaints need not plead law or match facts to every element of a legal theory." (quotations omitted)); *see also P.C. of Yonkers, Inc. v. Celebrations!*, 2007 WL 708978, at *6 n.3 (D.N.J. Mar. 5, 2007) ("The notice-pleading standard of Rule 8(a)(2) does not require that a plaintiff plead specific subsections of a statute he or she claims has been violated."); *Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, 2007 WL 2345014, at *4-5 (E.D. Cal. Aug. 16, 2007) (rejecting argument that

---

² *Phonometrics* makes clear that the pleading standard for infringement claims is simply the basic notice pleading standard. *See Phonometrics*, 203 F.3d at 794. Nowhere does that opinion suggest that a claimant must identify each specific subsection of a law under which it pleads a theory.

claim should be dismissed for failing to identify statutory provision where claim sought "[c]ontribution under CERCLA"); [3]

Amgen artfully splices quotes from *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340 (Fed. Cir. 2007), to assert that "a patentee that wishes to plead a claim under § 271(f) must 'describe[] the means by which the defendant[] allegedly infringe[]s' by using language from § 271(f)." (Opp. at 8.) That case, however, says nothing about pleading standards. In *z4 Technologies*, the defendant moved – *after entry of judgment* and in light of a newly issued opinion – for a new trial on damages under § 271(f). *z4 Techs.*, 507 F.3d at 1347. The court found no merit in the request for remand because the movant had "failed to explain what § 271(f) issues it defined below, let alone preserved," and found "no properly-defined § 271(f) issue in record" on which to retry the case. *Id.* at 1356 (assuming that because "no § 271(f) issues were presented" to the jury, it "properly confined its analysis and ultimate finding of liability to the instructions given under § 271(a)"). Hence, the case concerns waiver of a theory of liability through failure to present it at trial; not waiver of a theory through failure to cite a specific statutory subsection in a pleading governed by the Federal Rules' liberal notice pleading standards.

    **B.**    **The Proposed Amendment Is Proper Under Rule 15(a).**

"Rule 15 clearly embodies a liberal approach to the allowance of amendments. It requires the court to grant leave to amend where there is no prejudice or delay." (1/31/08 Mem. Order at 2.)

---

[3] Even where a claimant has identified the *wrong* statute – which ARIAD has not – that is not grounds for dismissing a pleading that otherwise puts a respondent on notice of the claims. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 n.8 (7th Cir. 1998).

### 1. The Proposed Amendment Will Not Prejudice Amgen.

The law is clear that allowing ARIAD to clarify that it pleads infringement under Section 271(f) would not "prejudice" Amgen, because it would not impair – let alone "seriously impair" – Amgen's ability to present its case. (Mem. at 12-14.) A determination with respect to Section 271(f) is a necessary component of Amgen's presentation of its case concerning its own declaratory judgment claims under Section 271 generally. (*Id.* at 13.)

Amgen argues infringement under Section 271(f) would "introduce[] new potential damages based on foreign sales" (Opp. at 11), that "[a]n analysis of these damages . . . *might* differ from those analyzed for Amgen's domestic sales" (*id.* (emphasis added)), and "additional fact and expert discovery *may* be required" (*id.* (emphasis added)). However, Section 271(f) represents a theory of damages (Mem. at 13-14), as Amgen acknowledges (*see, e.g.*, Opp. at 11 ("to add damages under § 271(f)"; "new potential damages"; "these damages"; "introducing foreign sales . . . into the damages"), 8 n.5 ("a new category of damages")), and no additional discovery is required insofar as the theory of infringement liability is the same.[4] Underscoring the lack of prejudice is that ARIAD seeks no additional discovery with respect to Section 271(f), and granting the proposed amendments will not delay trial. (Mem. at 14.)

### 2. There Is No Bad Faith or Undue Delay.

Consistent with ARIAD's position that statements of theories infringement/ noninfringement under Section 271(f) were encompassed within the pleadings of both

---

4

# REDACTED

parties, ARIAD has openly pursued discovery related to foreign sales of Enbrel. (Mem. at 14-15.) Amgen tries to flip the argument, asserting that "ARIAD has known for a long time that its pleadings did not include any [Section 271(f)] allegations" (Opp. at 4), and that "ARIAD acknowledges waiting seven months to seek leave to amend from the time it was aware of the shortcoming of its pleadings" (*id.* at 2), presumably referring to ARIAD's July 31, 2007, letter to Amgen. That is wrong. To the contrary, that letter shows that for at least six months *Amgen* had been aware of ARIAD's belief that the Counterclaim pleads infringement under Section 271(f). That Amgen *may have believed privately* that the theory was not properly pleaded – and that Amgen could avoid its discovery obligations on that basis – does not imply that the pleadings were in fact deficient or that ARIAD "was aware of the shortcoming." In fact, although Amgen claims it believed since at least July 11, 2007 that foreign sales were "not at issue in the case" (*see id.* at 4 (asserting that Amgen objected to discovery on that basis)), as late as December 7, 2007, counsel for Amgen stated that it needed additional time to "investigat[e] the issues" (Ex. M), and it was not until December 18, 2007, just three days before the close of fact discovery, that Amgen set forth its position that ARIAD was not entitled to discovery because "ARIAD has not pled a claim for infringement under Section 271(f)" (Ex. F). Thus, Amgen waited 5 months to respond to a request from ARIAD – and then sought "additional time" from ARIAD in which to perform an "investigat[ion]." To suggest that ARIAD should be penalized for delay in filing this motion exemplifies the practice of trying to have it both ways. Either Amgen, as its brief suggests, remained deliberately mute until December 18, 2007 about its belief that infringement under Section 271(f) was not properly pleaded, or it only then arrived at its

position and now argues delay. In either event, Amgen should not be heard to argue that ARIAD improperly delayed in filing this motion.

### 3. The Proposed Amendment Is Not Futile.

"In determining futility, the court applies the same standard for legal sufficiency under Rule 12(b)(6)." (1/31/08 Mem. Order at 2 (quotations omitted).) "Thus, the issue is not whether [the moving party] will succeed at trial on the proposed supplemental allegations, but whether [the moving party] has pled such allegations from which [the moving party can] support a claim." (*Id.* at 2-3.)

There is no debate that Amgen supplies Enbrel or causes it to be supplied in or from the United States for use by patients outside of the United States. Such facts give rise to liability for infringement under Section 271(f). (Mem. at 17-19.) That reasoning applies where, as here, a patented method defines a course of medical treatment, and the treatment is administered to a patient abroad in a manner that would infringe the patented method if implemented in the United States. (*Id.* at 16-17.)

Amgen does not dispute the facts presented in ARIAD's memorandum; its arguments for "futility" are strictly legal: (1) that *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366 (Fed. Cir. 2005), which states that "Section 271(f) governs method/process inventions," *id.* at 1380, is not good law (Opp. at 13-15); and (2) "[because] ARIAD cannot possibly point to any 'component' of any claim . . . § 271(f) cannot possibly apply" (*id.* at 15). Those arguments are wrong.[5]

---

[5] Amgen's argument makes clear that the merit of ARIAD's claims under Section 271(f) will be assessed primarily, if not exclusively, based on the application of law to fairly clear facts about Amgen's production/processing of Enbrel for export abroad, further undermining Amgen's speculation that additional discovery will be required.

Amgen cites the dissent in *Martinez v. U.S.*, 333 F.3d 1295 (Fed. Cir. 2003), for the proposition that an "apparent conflict in the law is resolved by our established rule that earlier precedents must be followed unless changed by an en banc court." *Id.* at 1325. That discussion involved two cases with directly contradictory holdings ("10 U.S.C. § 1552 is a statute expressly mandating compensation"; "section 1552(c) does not mandate pay"), and the later-in-time case did not cite the earlier. *Id.* The caselaw concerning Section 271(f) does not fit that pattern. In the case cited by Amgen, *Standard Havens Prods. Inc., v. Gencor Indus. Inc.*, 953 F.2d 1360 (Fed. Cir. 1991), it is true that in that particular case the Federal Circuit "[did] not find the provisions of 35 U.S.C. § 271(f) (1988) implicated." *Id.* at 1374. However, the Federal Circuit provided no reasoning to explain whether the holding was based upon the particular facts of the case, or, instead, was meant to set out a broad rule that method claims cannot be infringed under Section 271(f). Moreover, not only did *Union Carbide* expressly consider the "progeny" of *Standard Havens* cited by Amgen, *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005), but it also expressly distinguished that case. *See Union Carbide*, 425 F.3d at 1379-80. As Amgen acknowledges, the Federal Circuit denied rehearing of *Union Carbide*. (Opp. at 13.) Amgen therefore would have this Court – relying only on Amgen's 2-page appraisal of the case law – effectively overrule controlling Federal Circuit precedent, when the Federal Circuit has declined to do so.

Amgen also argues that, because a "component" of a method patent cannot be identified, the amendment is futile. (*Id.* at 14.) Again, Amgen's cases do not support its argument. Citing the Supreme Court decision in *Microsoft Corp. v. AT&T Corp.*, 127 S.Ct. 1746 (2007), Amgen notes that "component is commonly defined as a 'constituent part,' 'element,' or 'ingredient.'" *Id.* at 1755 n.11. In that case, however, the Supreme Court

expressly took no position on whether an "intangible method or process" can qualify as a component under § 271(f). *Id.* at 1756 n.13 ("We need not address whether . . . any other intangible[] can ever be a component under § 271(f). If an intangible method or process, for instance, qualifies as a 'patented invention' under § 271(f) (a question as to which we express no opinion), the combinable components of that invention might be intangible as well."). The other case Amgen cites, *Eolas Techs., Inc. v. Microsoft Corp.*, 399 F.3d 1325 (Fed Cir. 2005), rejects the argument that "Congress' use of 'components'" in Section 271(f) must be "limited to physical machines." *Id.* at 1340.

Under controlling Federal Circuit precedent, Section 271(f) applies to components of patented methods (*see* Mem. at 15-17), and therefore it is clear that relief could be granted to ARIAD on the facts already established. (*Id.* at 17-19.)

## II.  CONCLUSION

For all of the foregoing reasons, ARIAD respectfully requests that the Court grant ARIAD's motion and docket the proposed Answer to Amended Complaint, Second Amended Counterclaim and Demand for Jury Trial as the amended pleading.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | /s/ *Tiffany Geyer Lydon* |
|  | _____ |
|  | Steven J. Balick (I.D. #2403) |
|  | John G. Day (I.D. #2114) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
|  | 500 Delaware Avenue, 8th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
|  | (302) 654-1888 |
|  | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
|  | tlydon@ashby-geddes.com |
|  | *Attorneys for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, President and Fellows of Harvard College, Whitehead Institute for Biomedical Research* |

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: March 7, 2008
188855.1

- 9 -