# EXHIBIT G



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|

PATRICIA GRANAHAN
HAMILTON BROOK SMITH & REYNOLDS
TWO MILITIA DRIVE
LEXINGTON MA 02173

| EXAMINER | |
|---|---|
| ART UNIT | PAPER NUMBER |
| | #7 |

DATE MAILED:

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents

PTOL-90 (Rev. 6/84)                    **1 - PATENT APPLICATION FILE COPY**

ADL 0000446

| | Application No. 08/484,364 | Applicant(s) |
|---|---|---|
| **Office Action Summary** | | Baltimore et al. |
| | Examiner Robert Schwartzman | Group Art Unit 1805 |

☒ Responsive to communication(s) filed on *Nov 12, 1996*

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11: 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *17-23, 50, 61, and 57-63* is/are pending in the application.

　　Of the above, claim(s) *17-23, 50, and 51* is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *57, 58, 60, 62, and 63* is/are rejected.

☒ Claim(s) *59 and 61* is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

　　☐ All ☐ Some* ☐ None　of the CERTIFIED copies of the priority documents have been

　　　　☐ received.

　　　　☐ received in Application No. (Series Code/Serial Number) _____ .

　　　　☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

　　*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___3___

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)　　　　　　　　　**Office Action Summary**　　　　　　　　Part of Paper No. ___7___

ADL 0000447

Serial Number: 08/464,364

Art Unit: 1805

Page 2

## DETAILED ACTION

This Office Action is in response to the Response to Restriction Requirement filed November 12, 1996 (paper no. 6). Claims 17-23, 50, 51, and 57-63 are currently pending in this application.

### *Election/Restriction*

Applicant's election with traverse of Group II, claims 57-63 in Paper No. 6 is acknowledged. Because applicant did not distinctly and specifically point out the supposed errors in the restriction requirement, the election has been treated as an election without traverse (MPEP 818.03(a)).

Claims 17-23, 50, and 51 are withdrawn from further consideration by the examiner, 37 CFR 1.142(b) as being drawn to a non-elected invention. Election was made **without** traverse in Paper No. 6.

ADL 0000448

Serial Number: 08/464,364

Art Unit: 1805

Page 3

*Priority*

Applicant has not complied with one or more conditions for receiving the benefit of an earlier filing date under 35 U.S.C. 120 as follows:

The second application (which is called a continuing application) must be an application for a patent for an invention which is also disclosed in the first application (the parent or provisional application); the disclosure of the invention in the parent application and in the continuing application must be sufficient to comply with the requirements of the first paragraph of 35 U.S.C. 112. See *In re Ahlbrecht*, 168 USPQ 293 (CCPA 1971).

The presently claimed invention, methods involving dissociation of a cytoplasmic NF-κB-- IκB complex, cannot receive the claimed benefit of the earlier filing dates of all of the parent applications because a cytoplasmic complex containing NF-κB in an inhibited state is not disclosed prior to application serial no. 07/162,680, filed March 1, 1988. Therefore, the present application is accorded an effective filing date of March 1, 1988.

ADL 0000449

Serial Number: 08/464,364

Art Unit: 1805

Page 4

*Claim Objections*

Claims 59 and 61 are objected to as being drawn to identical subject matter. Unless a difference between these two claims can be pointed out one of the claims should be canceled.

*Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 58, 60, 62, and 63 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention.

Claims 58, 60, and 63 are drawn to methods involving prevention of the dissociation of the NF-κB—IκB complex in the cytoplasm of a cell. The present specification discloses that NF-κB exists in the cytoplasm of most cells in the form of an inactive complex containing IκB and that treatment of cells with agents such as phorbol esters leads to dissociation of the complex and

ADL 0000450

Serial Number: 08/464,364

Art Unit: 1805

Page 5

translocation of NF-κB into the nucleus where it can activate NF-κB responsive genes. The processes controlling formation and dissociation of the NF-κB--IκB complex were not disclosed in the prior art at the time the invention was made. Because of this lack of knowledge the skilled artisan could not predict that methods or substances exist which could block the dissociation of the NF-κB--IκB complex. The specification does not disclose any methods or compounds for preventing the dissociation of the NF-κB--IκB complex nor does it provide guidance on how to identify substances which prevent dissociation of the complex. In the absence of sufficient guidance or evidence and in view of the unpredictability in the art based on the lack of prior art in the area of the invention, it would require undue experimentation by one of skill in the art to identify a substance and develop a method to prevent dissociation of the NF-κB--IκB complex in a cell.

Claims 62 and 63 are drawn to a method of controlling expression of HIV DNA in a host cell latently infected with HIV DNA by preventing binding of NF-κB to HIV transcriptional control elements. The specification discloses that HIV DNA contains NF-κB binding sites and that linkage of HIV regulatory elements containing these NF-κB binding sites to a reporter gene results in NF-κB regulated reporter gene expression in cultured cells. The specification suggests some potential methods for preventing binding of NF-κB to its binding sites, such as overexpression of IκB, decoy molecules, dominantly interfering molecules, or NF-κB binding domains, but provides no details and no evidence for any of these suggestions. At the time the

ADL 0000451

Serial Number: 08/464,364                                              Page 6

Art Unit: 1805

invention was made, the prior art indicated that the regulation of HIV DNA transcription is very

complex and not well understood (see Wu et al., which discloses that multiple transcription

factors having overlapping binding sites are involved in the regulation of HIV expression), making

the area of the claimed invention quite unpredictable. Although the presence of NF-κB binding

sites within the regulatory regions of HIV suggests that it may be possible to regulate HIV

transcription through modulation of NF-κB levels within the cell it is completely unpredictable

what the effect on HIV expression will be upon the prevention of NF-κB binding (e.g., what other

factors control HIV transcription, how NF-κB interacts with these other factors, at what point

during HIV infection NF-κB regulates HIV expression). The prior art provides evidence that

expression of NF-κB stimulates HIV expression in latently infected cells but is silent on the

possible effects of blocking the actions of NF-κB in an infected cell. The specification does not

disclose any examples on the effect of NF-κB inhibition on HIV DNA transcription. Based on the

unpredictability in the area of the claimed invention and the lack of detailed guidance and evidence

it would require undue experimentation by one of skill in the art to determine how to prevent

binding of NF-κB to HIV DNA within an infected cell and how to control expression of HIV

DNA by this method.

Additionally, the only disclosed utility for controlling the expression of HIV DNA by the

claimed method is an implied therapeutic use in individuals infected with HIV (e.g., disclosed

techniques for *ex vivo* gene expression, page 75). The lack of documented success for any sort of

ADL 0000452

Serial Number: 08/464,364

Art Unit: 1805

nucleic acid-based method for HIV treatment (Johnston et al., page 1289, column 3-page 1290, column 2) demonstrates that such methods have not matured to the stage of routine application. In the absence of any evidence of success by the skilled artisan in the area of HIV treatment the specification must provide detailed guidance or evidence for the beneficial use of the claimed method in infected individuals. The specification is completely silent in this area. Therefore, the specification does not adequately teach how to make and use the claimed invention.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claim 57 is rejected under 35 U.S.C. 102(b) as being anticipated by Wall et al. Wall et al. teaches (entire document) treatment of the pre-B leukemic cell line 70Z/3 with the mitogen lipopolysaccharide (LPS). This treatment resulted in a 10- to 20-fold increase in the expression of the $\kappa$-light chain gene, an NF-$\kappa$B-responsive gene which has an NF-$\kappa$B binding site in its enhancer region. Although Wall et al. does not specifically state that the up-regulation of the $\kappa$-light chain gene is caused by the dissociation of the cytoplasmic NF-$\kappa$B–I$\kappa$B complex and translocation of

ADL 0000453

Serial Number: 08/464,364                                             Page 8

Art Unit: 1805


NF-κB into the nucleus, these steps are an inherent result of treatment of these cells with LPS.

Thus, the reference reads on the claimed method of altering expression in a cell of a gene by

controlling dissociation of the cytoplasmic NF-κB–IκB complex.


     Claim 57 is rejected under 35 U.S.C. 102(b) as being anticipated by Leonard et al.

Leonard et al. teaches (entire document) that treatment of T-cells with phytohemagglutinin (PHA)

or the phorbol ester 4β-phorbol 12-myristate 13-acetate (PMA) results in the up-regulation of the

interleukin 2 (IL-2) receptor gene, an NF-κB-responsive gene which has an NF-κB binding site in

its enhancer region. Although Leonard et al. does not specifically state that the up-regulation of

the IL-2 receptor gene is caused by the dissociation of the cytoplasmic NF-κB–IκB complex and

translocation of NF-κB into the nucleus, these steps are an inherent result of treatment of these

cells with PHA or PMA. Thus, the reference reads on the claimed method of altering expression

in a cell of a gene by controlling dissociation of the cytoplasmic NF-κB--IκB complex.


ADL 0000454

Serial Number: 08/464,364                                                    Page 9

Art Unit: 1805

*Conclusion*

Claims 57, 58, 60, 62, and 63 are rejected. Claims 59 and 61 are objected to.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Robert Schwartzman whose telephone number is (703) 7307.    The examiner can normally be reached on Monday through Friday from 7:00 AM to 4:00 PM.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703)-308-0196.

Papers relating to this application may be submitted to Group 1800 by facsimile transmission. Papers should be faxed to Group 1800 via the PTO Fax Center located in Crystal Mall 1. The faxing of such papers must conform with the notice published in the Official Gazette, 1096 OG 30 (November 15, 1989). The CM1 Fax Center number is (703) 308-0294.

DAVID DUZO
PRIMARY EXAMINER
GROUP 1800

Robert A. Schwartzman, Ph.D.
December 30, 1996

ADL 0000455