# EXHIBIT H

MIT4167Z/RES
LMW25
PG/LMW/c
05/05/97


JUL 11 1997

PATENT APPLICATION
Docket No.: MIT4167A3FZ

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:   David Baltimore, Ranjan Sen, Phillip A.
              Sharp, Harinder Singh, Louis Staudt, Jonathan
              LeBowitz, Albert S. Baldwin, Jr., Roger
              Clerc, Lynn M. Corcoran, Patrick A. Baeuerle,
              Michael J. Lenardo, Chen-Ming Fan and Thomas
              P. Maniatis

Serial No.:   08/464,364          Group:     1805

Filed:        June 5, 1995        Examiner:  R. Schwartzman

For:          NUCLEAR FACTORS ASSOCIATED WITH
              TRANSCRIPTIONAL REGULATION

---

**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class Mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231

on  7-7-97       Christine M. Morrissette
    Date              Signature

    Christine M. Morrissette
    Typed or printed name of person signing certificate

---

AMENDMENT

The Assistant Commissioner
  of Patents and Trademarks
Washington, D.C. 20231

Sir:

   Applicants respectfully request a three-month extension of time to respond to the Office Action mailed from the U.S. Patent Office on January 7, 1997. A separate Petition for Extension of

ADL 0000463

-2-

Time, along with authorization to charge Applicants' Attorney's deposit account for the appropriate fee, is being filed concurrently.

Responsive to the Office Action mailed from the Patent Office on January 7, 1997, please amend the above-identified application as follows:

In the Claims

Please cancel Claims 17-23, 50, 51 and 60.

Please amend Claims 58, 62 and 63 as follows:

58. (Amended) A [The] method of reducing expression in a cell of a gene whose transcriptional activity is activated by binding of NF-κB to the enhancer of said gene, comprising preventing [dissociation of NF-κB--IκB complex present in the cytoplasm] localization of NF-κB in the nucleus of said cell.

62. (Amended) A method of [controlling] inhibiting expression of human immunodeficiency virus DNA in a host cell [latently] infected with human immunodeficiency virus DNA, comprising preventing binding of NF-κB to human immunodeficiency virus transcriptional control elements.

63. (Amended) A method of Claim 62 wherein binding of NF-κB to immunodeficiency virus transcriptional control elements is prevented by inhibiting [dissociation of an NF-κB--IκB complex present in the cytoplasm of said host cell into IκB and NF-κB] localization of NF-κB in the nucleus of said host cell.

ADL 0000464

Please add new Claims 89-92 as follows:

89. A method according to Claim 58, wherein prevention of localization of NF-$\kappa$B in the nucleus is carried out by introducing into said cell an agent which binds to NF-$\kappa$B in the cytoplasm of said cell.

90. A method according to Claim 89, wherein the agent is selected from the group consisting of: all or a portion of DNA encoding I$\kappa$B, all or a portion of I$\kappa$B, all or a portion of DNA encoding an I$\kappa$B-like protein, all or a portion of an I$\kappa$B-like protein, all or a portion of DNA encoding a rel-associated protein, and all or a portion of a rel-associated protein.

91. A method according to Claim 63, wherein inhibition of localization of NF-$\kappa$B in the nucleus is carried out by introducing into said host cell an agent which binds to NF-$\kappa$B in the cytoplasm of said host cell.

92. A method according to Claim 91, wherein the agent is selected from the group consisting of: all or a portion of DNA encoding I$\kappa$B, all or a portion of I$\kappa$B, all or a portion of DNA encoding an I$\kappa$B-like protein, all or a portion of an I$\kappa$B-like protein, all or a portion of DNA encoding a rel-associated protein, and all or a portion of a rel-associated protein.

## REMARKS

Claim Amendments

Claims 17-23, 50 and 51 are cancelled, as they are drawn to a non-elected invention. Claim 60 is also cancelled. Applicants reserve the right to prosecute these claims in a continuation or divisional application.

ADL 0000465

-4-

Claim 62 has been amended to replace "controlling" with "inhibiting". Claims 58 and 63 have been amended to recite prevention of localization of NF-κB in the nucleus of the cell. Support for these amendments can be found at page 71, lines 11-15, and page 75, lines 26-28.

New Claims 89-92 have been added. Support for these Claims can be found at page 74, line 15, through page 75, line 17.

Objection to Claims 59 and 61

The Examiner has objected to Claims 59 and 61 as being drawn to identical subject matter and has requested that Applicants point out the difference between the two claims or cancel one of the Claims. Applicants respectfully point out that Claim 59 recites "contacting" a cell with a substance, while Claim 61 recites "treating" a cell with a substance; the term "treating" encompasses both directly contacting the cell with the substance, as well as additional processes which may not entail direct contact with the cell. Thus, as there are differences between the two Claims, Applicants believe that they are not drawn to identical subject matter. Reconsideration and withdrawal of the objection are respectfully requested.

Rejection of Claims 58, 60, 62 and 63 Under 35 U.S.C. §112, First Paragraph

Claims 58, 60, 62 and 63 are rejected under 35 U.S.C. §112, first paragraph, as containing subject matter which was not described in the Specification in such a way as to enable the skilled artisan to make and/or use the invention. The Examiner states that Claims 58, 60 and 63 are drawn to methods involving prevention of the dissociation of the NF-κB/IκB complex in the cytoplasm of a cell. The Examiner further states that the Specification discloses that NF-κB exists in the cytoplasm of most cells in the form of an inactive complex containing IκB, and that treatment of cells with agents such as phorbol esters leads to dissociation of the complex and translocation of NF-κB into

ADL 0000466

-5-

the nucleus to activate NF-κB-responsive genes. The Examiner also states that neither the prior art nor the Specification discloses methods or compounds for preventing dissociation of the NF-κB/IκB complex. Thus, the Examiner asserts that it would require undue experimentation by one of skill in the art to identify a substance and develop a method to prevent dissociation of the complex in a cell.

Claim 60 has been cancelled, and Claims 58 and 63 have been amended to recite the prevention of localization of NF-κB in the cell nucleus in place of prevention of dissociation of the NF-κB--IκB complex. The Specification clearly enables the amended Claims. At page 71, lines 11-15, it is stated that the inhibitory effect of IκB on the DNA binding activity and nuclear localization properties of NF-κB appears to arise from a simple physical affinity of the two proteins. Furthermore, at page 74, line 15, through page 75, line 17, the Specification describes methods by which the skilled artisan can prevent the nuclear translocation of NF-κB, thereby preventing binding of NF-κB to the enhancer sequence of a gene and preventing transcriptional activity. The Specification also specifically discloses that the agents recited in Claims 89-92 are suitable for use in the described methods. Accordingly, Claims 58 and 63, as presently amended, obviate this portion of the rejection.

The Examiner also states that Claims 62 and 63 are drawn to a method of controlling expression of HIV DNA in a host cell latently infected with HIV DNA by preventing binding of NF-κB to HIV transcriptional control elements. The Examiner further states that the Specification discloses that HIV DNA contains NF-κB binding sites and that linkage of HIV regulatory elements containing these NF-κB binding sites to a reporter gene results in NF-κB-regulated reporter gene expression in cultured cells. The Examiner states that the Specification suggests some potential methods for preventing binding of NF-κB to its binding sites but provides no details and no evidence for any of these suggestions. The Examiner also states that the prior art

ADL 0000467

-6-

indicates that regulation of HIV transcription is very complex and not well understood, making the area of the claimed invention quite unpredictable. Finally, the Examiner states that the Specification does not provide any examples of the effect of NF-$\kappa$B inhibition on HIV DNA transcription. Thus, the Examiner asserts that it would require undue experimentation by one of skill in the art to determine how to prevent binding of NF-$\kappa$B to HIV DNA within an infected cell and how to control expression of HIV DNA by this method.

The Examiner also states that the only disclosed utility for controlling the expression of HIV DNA by the claimed method is an implied therapeutic use in individuals infected with HIV (e.g., disclosed techniques for ex vivo gene expression). The Examiner states that the lack of documented success for any sort of nucleic acid-based method for HIV treatment demonstrates that such methods have not matured to the stage of routine application. The Examiner states that in the absence of any evidence of success by the skilled artisan in the area of HIV treatment, the Specification must provide detailed guidance or evidence for the beneficial use of the claimed method in infected individuals, and that the Specification is silent in this area. Thus, the Examiner concludes that the Specification does not adequately teach how to make and use the claimed invention.

In response to the Examiner's statement that the Specification does not provide any examples of the effect of NF-$\kappa$B inhibition on HIV DNA transcription, Applicants point out that there is no requirement for working examples to support the Claims. In re Robbins, 166 USPQ 552 (CCPA 1970). 35 U.S.C. §112, first paragraph, requires no more than a disclosure sufficient to enable one skilled in the art to carry out the invention commensurate with the scope of the claims. As discussed below, this requirement has clearly been met in this instance.

Claims 62 and 63, as amended, recite a method of inhibiting expression of HIV DNA in a infected host cell by preventing

ADL 0000468

-7-

binding of NF-κB to human HIV transcriptional control elements, and wherein prevention of binding is accomplished by inhibiting localization of NF-κB in the nucleus of the cell, respectively. As acknowledged by the Examiner, Applicants have shown that HIV DNA contains NF-κB binding sites and that linkage of HIV regulatory elements containing these NF-κB binding sites to a reporter gene results in NF-κB-regulated reporter gene expression in cultured cells. Thus, it is reasonable to expect that binding of NF-κB can induce transcription of HIV DNA when these HIV regulatory elements are linked to the HIV nucleic acid sequences in nature. Moreover, Applicants have provided a number of methods for preventing nuclear translocation and binding of NF-κB to HIV DNA regulatory elements, including overexpression of IκB, decoy molecules, dominantly interfering molecules and NF-κB binding domains (as also acknowledged by the Examiner). It is quite clear that in fact the skilled artisan can actually practice the disclosed methods.

Thus, the Examiner's main point appears to be that the prior art teaches that there are multiple transcription factors having overlapping binding sites involved in HIV expression, and that other factors may act to allow HIV DNA transcription even in the absence of NF-κB. Applicants believe that the underlying issue is the Examiner's belief that even though the skilled artisan can actually carry out the steps of the claimed method, he may not achieve the desired result of HIV DNA transcription inhibition.

The amended claims recite an inhibition of expression of human immunodeficiency virus DNA in a host cell infected with human immunodeficiency virus DNA. Thus, it is not necessary that the expression of HIV DNA be completely prevented; rather, a lessening of expression meets the limitation of the claims. For example, if there are multiple ways by which HIV DNA expression is activated and one of these ways is eliminated, activation of HIV DNA expression will decrease by virtue of that particular pathway being blocked. Accordingly, if NF-κB is prevented from binding to HIV regulatory elements, then NF-κB-induced DNA

ADL 0000469

-8-

expression is inhibited, providing an overall lessening or inhibition of expression. Moreover, inhibition of NF-κB inhibits approximately 90% of HIV transcription in T cells.

For the reasons stated above, it is believed that the Claims, as amended, are fully enabled by the Specification. Reconsideration and withdrawal of the rejection are respectfully requested.

### Rejection of Claim 57 Under 35 U.S.C. §102(b)

Claim 57 is rejected under 35 U.S.C. §102(b) as being anticipated by Wall et al. The Examiner states that Wall et al. teaches treatment of the pre-B leukemic cell line 70Z/3 with the mitogen LPS, which resulted in a 10- to 20-fold increase in the expression of the κ-light chain gene, an NF-κB-responsive gene which has an NF-κB binding site in its enhancer region. The Examiner further states that although Wall et al. does not specifically state that the up-regulation of the κ-light chain gene is caused by the dissociation of the cytoplasmic NF-κB/IκB complex and translocation of NF-κB into the nucleus, these steps are an inherent result of treatment of these cells with LPS. Thus, the Examiner concludes that the reference reads on the claimed method of altering expression in a cell of a gene by controlling dissociation of the cytoplasmic NF-κB/IκB complex.

Applicants respectfully traverse this rejection, as the Wall et al. reference is clearly not enabling for the invention of Claim 57. It is well settled that prior art under 35 U.S.C. §102(b) must sufficiently describe the claimed invention to have placed the public in possession of it. In re Donohue, 226 USPQ 619, 621 (CAFC, 1985). Accordingly, even if the claimed invention is disclosed in a printed publication, that disclosure will not suffice as prior art if it was not enabling. In re Borst, 45 USPQ 554, 557 (CCPA, 1965).

Wall et al. provide a bald teaching that treatment of murine pre-B leukemic cells with LPS or cyclohexamide results in increased κ gene transcription. Wall et al. do not teach or

ADL 0000470

-9-

suggest that NF-κB is a trans-acting nuclear factor, nor do they teach or suggest that NF-κB binds to the enhancer of the κ gene. Furthermore, Wall et al. do not even contemplate the existence of an NF-κB/IκB cytoplasmic complex, much less that the particular treatment with LPS or cyclohexamide causes dissociation of this complex resulting in nuclear translocation of NF-κB and binding thereof to the enhancer of the gene to activate transcription. Moreover, although the Examiner states that the κ gene is "an NF-κB-responsive gene which has an NF-κB binding site in its enhancer region", even this fact is not taught by the cited reference and, in fact, could not have been appreciated without the teachings of the present application and related applications.

In fact, Wall et al. is a teaching away from the presently claimed method. At pages 297-298, bridging paragraph, the reference states:

> Labile inhibitors could block transcription directly by binding the κ gene or by stabilizing the interaction of other negative regulatory factors with the κ gene. Alternatively, the inhibitors could prevent κ-gene transcription indirectly by binding *trans*-acting positive regulatory factors, thereby preventing productive interactions with the κ gene. Although it is not possible to distinguish between these two alternatives at present, *arguments below favor the first alternative*. [emphasis added]

In fact, the second alternative postulated by Wall et al. is the correct mechanism, as shown by Applicants' work. IκB associates with NF-κB in the cytoplasm in an inactive complex; treatment or interaction with appropriate agents causes dissociation of the complex and translocation of NF-κB into the cell nucleus, with resultant binding of NF-κB to the NF-κB binding site in the gene enhancer sequence and activation of gene transcription. Thus, as Wall et al. clearly provides no teaching or suggestion of the identity of the molecules involved in the claimed method, and, in fact, teaches a completely opposite method of regulation, the reference is not enabling for, and, thus, does not anticipate,

ADL 0000471

-10-

the invention of Claim 57. Reconsideration and withdrawal of the rejection are respectfully requested.

Rejection of Claim 57 Under 35 U.S.C. §102(b)

Claim 57 is rejected under 35 U.S.C. §102(b) as being anticipated by Leonard et al. The Examiner states that Leonard et al. teach that treatment of T-cells with PHA or PMA results in the up-regulation of the IL-2 receptor gene, an NF-$\kappa$B-responsive gene which has an NF-$\kappa$B binding site in its enhancer region. The Examiner states that although Leonard et al. do not specifically state that the up-regulation of the IL-2 receptor gene is caused by the dissociation of the cytoplasmic NF-$\kappa$B/I$\kappa$B complex and translocation of NF-$\kappa$B into the nucleus, these steps are an inherent result of treatment of these cells with PHA or PMA. Thus, the Examiner concludes that the reference reads on the claimed method of altering expression in a cell of a gene by controlling dissociation of the cytoplasmic NF-$\kappa$B/I$\kappa$B complex.

Applicants respectfully traverse this rejection, as Leonard et al. is clearly not enabling for the invention of Claim 57. As discussed above, an anticipatory reference under §102(b) must be enabling for the claimed invention. Leonard et al. do not teach or suggest that NF-$\kappa$B is a trans-acting nuclear factor, nor do they teach or suggest that NF-$\kappa$B binds to the enhancer of the $\kappa$ gene; in fact, NF-$\kappa$B is not even mentioned in the reference. Furthermore, Leonard et al. do not even contemplate the existence of an NF-$\kappa$B/I$\kappa$B cytoplasmic complex, much less that the particular treatment with PHA or PMA causes dissociation of this complex resulting in nuclear translocation of NF-$\kappa$B and binding thereof to the enhancer of the gene to activate transcription. The reference states that "the reason for the decline in IL-2 receptor gene transcription is unknown" (page 6284, column 2, line 3). Moreover, although the Examiner states that the IL-2 gene is "an NF-$\kappa$B-responsive gene which has an NF-$\kappa$B binding site in its enhancer region", even this basic fact is not taught by the cited reference and, in fact, could not have been appreciated

ADL 0000472

-11-

without the teachings of the present application and related applications. As the reference is not enabling for and, therefore, not anticipatory of the claimed invention, reconsideration and withdrawal of the rejection are respectfully requested.

Consideration of References Listed on PTO 1449 Form

Applicants note that a copy of the PTO 1449 Form, submitted to the U.S. Patent Office by Applicants on October 2, 1995, was attached to the pending Office Action, and that the Examiner did not initial all of the cited references, indicating that these references have not been considered. However, no explanation for the lack of consideration was provided in the Office Action, and Applicants respectfully request clarification of this matter.

Copies of all cited references, including the references which have not been initialed on the 1449 form (AR-AT, AY2-AT3, AV3-AY3, AS4 and AW6), were provided to the Patent Office in priority application Serial No. 07/791,898. A copy of the Information Disclosure Statement and the 1449 Form from the priority application, along with a copy of the date-stamped post card, are submitted herewith; Applicants point out that the IDS from the priority application states on page 17 that a copy of each of the listed references is enclosed. Applicants respectfully request consideration of these references.

CONCLUSION

With the above amendments and for the above-stated reasons, Applicants believe the rejections under 35 U.S.C. §112, first paragraph, and 35 U.S.C. §102 have been overcome. The Claims, as amended, are in condition for allowance. For the reasons presented herein, it is respectfully submitted that the rejections made by the Examiner are legally improper. Thus, the

ADL 0000473

-12-

Examiner is respectfully requested to reconsider the rejections and to withdraw them.

If the Examiner feels that a telephone conversation with Applicants' Attorney would be helpful in expediting prosecution of the application, the Examiner is invited to call the undersigned at (617) 861-6240.

Respectfully submitted,

*Lisa M. Warren*

Lisa M. Warren
Attorney for Applicants
Registration No. P-41,368
Telephone (617) 861-6240

Lexington, MA 02173
Date: July 7, 1997

ADL 0000474