# EXHIBIT I



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | IPN2/1607 | |

PATRICIA GREGORY
HAMILTON BROOK SMITH & REYNOLDS
TWO MILITIA DRIVE
LEXINGTON MA 02173

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED:

#11

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/88)       ☆U.S. GOVERNMENT PRINTING OFFICE 1988-411-618/40278       1- File Copy

ADL 0000477

| Office Action Summary | Application No. 08/464,364 | Applicant(s) Baltimore et al. |
|---|---|---|
| | Examiner Robert Schwartzman | Group Art Unit 1305 |

[X] Responsive to communication(s) filed on _Jul 11, 1997_

[X] This action is FINAL.

[ ] Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

[X] Claim(s) _57-59, 61-63, and 89-92_ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

[X] Claim(s) _59 and 61_ is/are allowed.

[X] Claim(s) _57, 58, 62, 63, and 89-92_ is/are rejected.

[ ] Claim(s) _____ is/are objected to.

[ ] Claims _____ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on _____ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    [ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

        [ ] received.

        [ ] received in Application No. (Series Code/Serial Number) _____.

        [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[ ] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)     Office Action Summary     Part of Paper No. __11__

ADL 0000478

Serial Number: 08/464,364

Art Unit: 1805

Page 2

## DETAILED ACTION

This Office action is in response to the amendment filed July 11, 1997. Claims 17-23, 50, 51 and 60 have been canceled and new claims 89-92 have been added. Claims 57-59, 61-63 and 89-92 are pending in this application.

### *Information Disclosure Statement*

Copies of the cited references in the IDS filed October 2, 1995 that are crossed out on the 1449 form were not found in the present application or any of the parent applications and therefore were not considered. These references will be considered upon submission of copies of the references along with a 1449 form without any requirement for additional fee payment.

### *Claim Objections*

The objection to claims 59 and 61 as being drawn to identical subject matter is withdrawn in view of applicants' arguments.

ADL 0000479

Serial Number: 08/464,364 Page 3

Art Unit: 1805

*Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 58, 62, 63 and 89-92 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention. This rejection is maintained for the reasons of record in the previous Office action mailed January 7, 1997.

Claims 58, 63 and 89-92 are drawn to methods of reducing expression of a gene or inhibiting expression of human immunodeficiency virus (HIV) DNA in a cell by preventing the localization of NF-κB in the nucleus of the cell. The present specification discloses the existence of an inactive NF-κB--I-κB complex in the cytoplasm of most cells and the subsequent activation of NF-κB by dissociation of the complex and translocation of NF-κB to the nucleus of the cell. The specification discloses that the NF-κB--I-κB complex can be reconstituted in a cell-free system such that the DNA binding activity of NF-κB is inhibited (pages 66, 68). However, no evidence is presented that NF-κB can bind to exogenously added I-κB in a cell or that the

ADL 0000480

Serial Number: 08/464,364                                          Page 4

Art Unit: 1805

addition of I-κB or DNA encoding I-κB to a cell will result in the prevention of NF-κB translocation to the nucleus. Furthermore, no guidance is presented in the specification as how to deliver I-κB protein into a cell and the only statement regarding expression of I-κB from DNA is to place the gene encoding I-κB into a vector and introduce the vector to a cell (page 74). No evidence is presented that sufficient levels of I-κB can be achieved to significantly reduce the expression of NF-κB-dependent genes. The specification states that unbound I-κB appears to be unstable in the cytoplasm, suggesting that the addition of exogenous I-κB to a cell might not be sufficient to inhibit NF-κB before the added I-κB gets degraded. Claims 90 and 92 are drawn to agents which bind to NF-κB, said agents selected from all or a portion of I-κB, an I-κB-like protein or a rel-associated protein. The specification fails to provide any guidance as to what portion(s) of I-κB is necessary for binding to and preventing the translocation of NF-κB. The specification fails to define what proteins would be considered I-κB-like, i.e., what characteristics of I-κB must be maintained, and how to identify such proteins. The specification fails to disclose any rel-associated proteins or provide guidance on how to identify such proteins. In the absence of additional evidence or guidance one of skill in the art could not practice the claimed methods without trial and error experimentation, and therefore undue experimentation.

Applicants argue that the specification states that the inhibitory effect of I-κB on the DNA binding activity and nuclear localization properties of NF-κB appears to arise from a simple physical affinity of the two proteins and that the specification describes methods and agents

ADL 0000481

Serial Number: 08/464,364                                                                 Page 5

Art Unit: 1805

suitable to prevent the translocation of NF-κB. These arguments have been fully considered but are not deemed to be persuasive. As stated above, the specification discloses that I-κB can inhibit the DNA binding activity of NF-κB in a cell-free system but provides no evidence that it can prevent the translocation of NF-κB in a cell. Additionally, the specification provides no detailed guidance on how to carry out the claimed methods and insufficient details to enable the scope of inhibitory agents encompassed by the claims.

Claims 62, 63, 91 and 92 are drawn to a method of inhibiting expression of HIV DNA in a host cell by preventing binding of NF-κB to HIV transcription control elements. The specification discloses that HIV DNA contains NF-κB binding sites and that linkage of HIV regulatory elements to a reporter gene results in NF-κB regulated reporter gene expression in cultured cells. The specification does not disclose whether or how much NF-κB controls HIV DNA expression and under what cell conditions NF-κB exerts this control. Therefore, one cannot predict what effect the prevention of NF-κB binding to its binding sites will have on HIV DNA expression. The specification suggests some potential methods for preventing NF-κB binding, such as overexpression of I-κB, decoy molecules, dominantly interfering molecules or NF-κB binding domains, but provides no details and no evidence for any of these suggestions. The prior art provides evidence that expression of NF-κB stimulates HIV expression in latently infected cells but is silent on the possible effects of blocking the actions of NF-κB in an infected cell. Based on the unpredictability in the area of the invention and the lack of detailed guidance

ADL 0000482

Serial Number: 08/464,364                                                                 Page 6

Art Unit: 1805

and evidence it would require undue experimentation by one of skill in the art to determine how to prevent binding of NF-κB to HIV DNA in an infected cell and how to inhibit expression of HIV DNA by this method.

Additionally, the only disclosed utility for inhibiting the expression of HIV DNA is an implied therapeutic use in individuals infected with HIV. The lack of documented success for any sort of nucleic acid-based method for HIV treatment demonstrates that one of skill in the art did not know how to develop an effective method of HIV therapy. In the absence of any evidence of success by the skilled artisan in the area of HIV treatment the specification must provide detailed guidance or evidence for the beneficial use of the claimed method in infected individuals. The specification is completely silent in this area. Therefore, the specification does not adequately teach how to make and use the claimed invention.

Applicants argue that there is no requirement for working examples to support the claims, that the disclosed example of NF-κB-regulated reporter gene expression mediated by HIV regulatory elements provides reasonable expectation that NF-κB can induce HIV DNA expression when the regulatory elements are located in their natural position in the HIV DNA, that a number of methods for preventing NF-κB binding are disclosed and that, despite the multiple pathways by which HIV DNA expression is activated, if one pathway is eliminated (e.g., NF-κB), a corresponding decrease in HIV DNA expression will occur. Applicants further state that

ADL 0000483

Serial Number: 08/464,364                                                      Page 7

Art Unit: 1805

inhibition of NF-κB inhibits approximately 90% of HIV transcription in T cells. These arguments have been fully considered but are not deemed to be persuasive. The disclosed example using a reporter gene linked to the HIV long terminal repeat to demonstrate NF-κB regulated expression is not deemed to be sufficiently predictive of what happens in an HIV infected cell when NF-κB is inhibited. As stated above, the role played by NF-κB in regulating HIV DNA expression as compared to other transcription factors is unknown, and even though the expression of NF-κB leads to an increase in HIV DNA expression, it is completely unpredictable what will happen to HIV DNA expression in an infected cell when NF-κB is blocked. Multiple transcription factors may compensate for the lack of NF-κB. In certain cell types or under particular cell conditions (e.g., inactive vs. activated T cells) NF-κB may play no part in activating HIV DNA expression. Therefore, blocking NF-κB will have no effect on the level of HIV DNA expression. Applicants' statement that inhibition of NF-κB inhibits approximately 90% of HIV transcription in T cells carries no weight as no evidence (in the form of a cited reference or a declaration) has been presented to support this statement.

Claims 58, 59, 63 and 89-92 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

ADL 0000484

Serial Number: 08/464,364 Page 8
Art Unit: 1805

Claims 58, 63, 89 and 91 are vague and indefinite as the phrase "localization of NF-κB in the nucleus of the cell" is unclear as it implies the presence of NF-κB in a particular site within the nucleus. It is suggested that the phrase be amended to "translocation of NF-κB into the nucleus of the cell".

Claims 90 and 92 are vague and indefinite as they are drawn to agents which bind to NF-κB but list DNA encoding different proteins. It is not the DNA which binds to NF-κB but the proteins encoded by the DNA. it is suggested that the parent claims (claims 89 and 91) be amended to recite "an agent or DNA encoding said agent".

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claim 57 is rejected under 35 U.S.C. 102(b) as being anticipated by Wall et al. This rejection is maintained for the reasons of record in the previous Office action mailed January 7, 1997.

ADL 0000485

Serial Number: 08/464,364

Art Unit: 1805

Page 9

Claim 57 is rejected under 35 U.S.C. 102(b) as being anticipated by Leonard et al. This rejection is maintained for the reasons of record in the previous Office action mailed January 7, 1997.

The rejection of claim 57 over Wall et al. is based on the teaching that treatment of the pre-B leukemic cell line 70Z/3 with the mitogen lipopolysaccharide (LPS) results in the increased expression of the κ-light chain gene. The rejection of claim 57 over Leonard et al. is based on the teaching that treatment of T cells with phytohemagglutinin (PHA) or phorbol ester (PMA) results in the increased expression of the interleukin 2 (IL-2) gene. Applicants argue that these references are not enabling since they do not teach the NF-κB--I-κB complex, the role of NF-κB as a transcription factor or the presence of NF-κB binding sites in the expressed genes. This argument has been fully considered but is not deemed to be persuasive. Although these references do not teach the NF-κB--I-κB complex, the role of NF-κB as a transcription factor or the presence of NF-κB binding sites in the expressed genes, these are inherent properties of the cells and the genes. The steps involved in the regulation of expression of the κ-light chain gene or the IL-2 gene by LPS or PHA, respectively, are indistinguishable from the claimed method steps. Therefore, despite the lack of teaching about NF-κB and I-κB, these references clearly anticipate the claimed method.

ADL 0000486

Serial Number: 08/464,364

Art Unit: 1805

Page 10

*Conclusion*

Claims 57, 58, 62, 63 and 89-92 are rejected. Claims 59 and 61 are allowable.

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL.** See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for response to this final action is set to expire THREE MONTHS from the date of this action. In the event a first response is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event will the statutory period for response expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Robert Schwartzman whose telephone number is (703) 308-7307. The examiner can normally be reached on Monday through Friday from 6:30 AM to 4:00 PM.

ADL 0000487

Serial Number: 08/464,364

Page 11

Art Unit: 1805

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, George Elliott, can be reached at (703) 308-4003. The fax number for this group is (703) 305-3014.

    Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703)-308-0196.

Robert A. Schwartzman, Ph.D.
October 15, 1997

NANCY DEGEN
PRIMARY EXAMINER

ADL 0000488