# EXHIBIT K



**UNITED STATES Department ARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/464,364 | 06/05/95 | BALTIMORE | D | MIT-MIT S.T |

```
                                    HM11/0714
PATENT GROUP
FOLEY, HOAG AND ELIOT, LLP
ONE POST OFFICE SQUARE
BOSTON MA 02109
```

| EXAMINER |
|---|
| SCHWARTZMAN,R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1636 | #21 |

DATE MAILED:   07/14/98

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

ADL 0000541

| *Office Action Summary* | Application No. 08/464,364 | Applicant(s) Baltimore et al. |
|---|---|---|
| | Examiner Robert Schwartzman | Group Art Unit 1636 |

☒ Responsive to communication(s) filed on *Jun 11, 1998*

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____3_____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *57-59, 61-63, and 93-154* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *57-59, 61-63, and 93-154* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____.

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___*19*___

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)            Office Action Summary            Part of Paper No. ___21___

Serial Number: 08/464,364                                          Page 2

Art Unit: 1636

## DETAILED ACTION

This Office action is in response to the amendment filed June 11, 1998. Claims 64-66 and 89-92 have been canceled and new claims 93-154 have been added. Note that the new claims numbered as 94-155 have been renumbered under 37 CFR 1.126 as 93-154. Claims 57-59, 61-63 and 93-154 are pending in this application.

### *Transitional After Final Practice*

Since this application is eligible for the transitional procedure of 37 CFR 1.129(a), and the fee set forth in 37 CFR 1.17(r) has been timely paid, the finality of the previous Office action is hereby withdrawn pursuant to 37 CFR 1.129(a).

### *Claim Objections*

Claims 146 and 152 are objected to as each claim is dependent from itself. In the interest of compact prosecution claim 146 has been examined as if it is dependent from claim 145 and claim 152 has been examined as if it is dependent from claims 140 and 151.

ADL 0000543

Serial Number: 08/464,364

Art Unit: 1636

Claim 154 is objected to under 37 CFR 1.75(c) as being in improper form because a multiple dependent claim should refer to other claims in the alternative only.  See MPEP § 608.01(n).  In the interest of compact prosecution claim 154 has been examined as if it were dependent from claims 112, 135 or 151.

The claims contain numerous grammatical and typographical errors, for example:

Claim 57, line 4, "an NF-κB"

Claim 58, lines 2-3, "an NF-κB"

Claim 98, line 1, "the substance decrease"

Claim 103, line 1, "the substance decrease"

Claim 112, lines 2 and 10, "a agent"

Claim 128, line 2 "an competitive"

Claim 132, line 1, "an nuclear"

Claim 135, lines 2 and 4, "a agent"

Claim 152, line 1, "claim 140 of 152"

A review of the claims and correction of such errors is required.

ADL 0000544

Serial Number: 08/464,364                                          Page 4

Art Unit: 1636

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 57, 58, 93, 94, 97, 100-110, 112, 113, 115, 116, 119, 122-138, 141-150 and 154 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.

This rejection is based on the Interim Guidelines for the Examination of Patent Applications Under the 35 U.S.C. 112, first paragraph "Written Description" Requirement published in the Federal Register (Volume 63, Number 114, Pages 32639-32645). The present claims are drawn to methods of modulating NF-κB activity. The claimed methods require the use of agents or substances which have the ability to bind an NF-κB protein or an IκB protein and alter the association between the two proteins, to enhance or inhibit phosphorylation of an IκB protein, to enhance or inhibit degradation of an IκB protein or to increase or decrease the stability of an IκB protein. These are all genus claims encompassing any number of possible agents or

ADL 0000545

Serial Number: 08/464,364

Art Unit: 1636

Page 5

substances. The products to be used in the claims are described only in terms of a function. The specification does not describe the full structure of any species encompassed by the genus and thus does not describe a representative number of species for any of the genus claims. Furthermore, the specification does not describe any agent or substance in terms of a partial structure coupled with other relevant identifying characteristics. Therefore, the specification does not describe the claimed agents or substances have the functions identified above in such full, clear, concise and exact terms so as indicate that applicants had possession of these agents and substances at the time of filing of the present application. Thus, the written description requirement has not been satisfied.


Claims 57, 58, 97-110 and 112-154 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention.


Claim 57 is drawn to a method of altering expression in a cell of a gene whose transcription rate is altered by NF-κB comprising controlling the level of NF-κB--IκB complex with an agent that binds one of the proteins and alters the association between the two proteins. Claims 58 and 107-110 are drawn to a method of reducing expression in a cell of a gene that is

ADL 0000546

Serial Number: 08/464,364                                          Page 6

Art Unit: 1636

transcriptionally dependent on a DNA binding activity of NF-κB comprising inhibiting the DNA

binding activity by contacting the cell with an agent which inhibits phosphorylation of IκB and/or

prevents degradation of IκB.  Claims 97-106 are drawn to a method of activating NF-κB-

dependent transcription in a cell by contacting the cell with a substance which binds an NF-κB

protein or an IκB protein and disrupts NF-κB--IκB complexes, decreases the stability of IκB,

causes degradation of IκB or stimulates phosphorylation of IκB.  Claims 112-134 are drawn to a

method for altering NF-κB-dependent gene transcription in a cell comprising identifying an agent

by its ability to alter the level of phosphorylation of IκB, alter the stability of IκB, alter the nuclear

localization of NF-κB alter the level of NF-κB--IκB complexes or alter the DNA binding activity

of NF-κB and then treating the cell with the identified agent.  Claims 135-149 are drawn to a

method for altering an activity of NF-κB in a cell comprising identifying an agent by its ability to

bind NF-κB or IκB and alter NF-κB activity and then treating the cell with the identified agent.

Claims 150-154 are drawn to a method for inhibiting the activity of NF-κB in a cell comprising

identifying an agent which inhibits phosphorylation of IκB and treating the cell with the identified

agent.

        The following factors have been considered in formulating this rejection (*In re*

*Wands*, 858 F.2d 731, 8 USPQ2d 1400 (Fed. Cir. 1988)): the breadth of the claims, the nature of

the invention, the state of the prior art, the relative skill of those in the art, the predictability or

ADL 0000547

Serial Number: 08/464,364                                      Page 7

Art Unit: 1636

unpredictability of the art, the amount of direction or guidance presented, the presence or absence

of working examples of the invention and the quantity of experimentation necessary.

The present claims are very broad, encompassing any type of cell from any organism,

eukaryotic or prokaryotic, and in any location *in vitro*, *ex vivo* or *in vivo*. The claims further

encompass any agent or substance of any structure which has the claimed functional activity, any

assay to be used to identify the agent or substance and any method of contacting the cell with the

agent or substance.

The nature of the invention is the modulation of gene transcription in a cell by the

modulation of NF-κB--IκB complexes within the cell.

The state of the prior art for gene regulation by NF-κB as of the effective filing date of the

present application indicated that the skilled artisan did not know that NF-κB existed in most

mammalian cell types, that NF-κB existed as part of an inhibited cytoplasmic complex bound to

IκB or that activation of NF-κB comprised release from the inhibitory complex and translocation

to the nucleus. The mechanism by which any of this occurred was completely unknown.

The relative skill of those in the art of gene regulation is high.

ADL 0000548

Serial Number: 08/464,364                                          Page 8

Art Unit: 1636

The area of the invention is completely unpredictable as the art is silent regarding the

mechanism of NF-κB activation and the existence of NF-κB--IκB complexes.

The present specification fails to provide sufficient direction or guidance to support the

full scope of the present claims.  The specification speculates that IκB may become

phosphorylated to release NF-κB and that uncomplexed IκB may be unstable based on the facts

that NF-κB activation appears to involve a post-translational modification, that NF-κB activating

signals such as phorbol esters work through protein kinase C and that following activation there is

no free IκB in the cytoplasm (pages 71-73).  These speculations are not considered to provide

adequate direction to the skilled artisan to screen for agents that modulate IκB phosphorylation or

stability as such speculation as to the mechanism of NF-κB activation, in the absence of any

evidence in support of the mechanism or guidance toward exogenously regulating the

phosphorylation state or stability of IκB, is not sufficient to teach the skilled artisan to search for

and use the claimed agents.  Additionally, the specification suggests that the cloning of NF-κB

and IκB will allow the development of assays for inhibitors and activators of these proteins (page

9, line 28-page 10, line 4; page 81, lines 4-18) but does not disclose any general assay methods

and does not teach any specific assays to detect agents which alter protein phosphorylation,

protein stability, protein degradation or protein binding.  The specification does not provide any

guidance as to how to use these agents to alter NF-κB activation, particularly in an animal as is

encompassed by the claims, and further does not teach a use for altering NF-κB activation in vivo

ADL 0000549

Serial Number: 08/464,364                                                Page 9

Art Unit: 1636

than an impled use to treat human immunodeficiency virus (HIV) infection.   The specification

generally discloses that an inhibitory protein such as IκB can be administered to a cell or that

DNA encoding an inhibitory protein can be administered to a cell using a plasmid or viral vector

and that cells can be treated *ex vivo* and returned to the animal or the protein or vector

administered directly to the animal (pages 75-76).  No guidance other than these vague

suggestions is provided. Since the specification does not teach how to identify the agents to be

used in the claimed methods, does not teach how to use the agents in the claimed methods and

does not even teach that these agents should be looked for, the specification does not provide

sufficient guidance to support the present claims.


    No working examples of the claimed method are disclosed in the specification.


    The quantity of experimentation necessary to carry out the claimed invention is high as the

skilled artisan could not rely on the prior art or the present specification to teach how to carry out

the claimed methods.  One of skill in the art would first have to determine if IκB binding to NF-

κB is regulated by phosphorylation and a change in the stability of IκB as the specification does

not teach this.  One would then have to develop assays for identifying agents which modulate the

phosphorylation or stability of IκB or which can bind to NF-κB or IκB and alter their interaction

as the specification does not teach this.  One would then have to determine how to administer the

ADL 0000550

Serial Number: 08/464,364

Art Unit: 1636

identified agents, which could be of any structure (e.g., nucleic acid, protein, organic molecule), to any cell of any organism *in vitro* or *in vivo* as the specification does not teach this.

Based on the broad scope of the claims, the unpredictability in the area of the invention, the lack of sufficient guidance or working examples in the specification and the quantity of experimentation necessary, it would clearly require undue experimentation by one of skill in the art to carry out the claimed methods within the full scope of the claims.

Claims 145-148 are drawn to a method for altering the activity of a NF-κB gene product in a cell which comprises the step of identifying an agent which alters the activity of a NF-κB gene. The specification fails to teach what activity of a gene can be measured or how this activity can be altered by an agent and how to use such an agent to alter the activity of a NF-κB gene product. It would require undue experimentation by one of skill in the art to determine how to carry out this embodiment of the claimed method.

Claims 122, 124 and 146 are drawn to the use of purified NF-κB or IκB. The specification discloses some separation steps for the partial purification of NF-κB (page 63) and IκB (page 64) but fails to teach how to completely purify either protein. The specification also refers to two references teaching the purification of NF-κB (Kawakami et al., Lenardo et al., page

Serial Number: 08/464,364                                    Page 11

Art Unit: 1636

34) but both references were published after the effective filing date of the present application. Without direction and guidance in the specification and in the absence of teachings in the prior art as to how to purify each protein, it would clearly require undue experimentation by the skilled artisan to first determine how to purify each protein before being able to carry out the claimed methods.

Applicants argue that a general reading of the specification and the original claims by one of skill in the art would point out that an important aspect of the invention is the identification and use of compounds which can alter NF-κB function and that the skilled artisan would recognize that the assays described in the specification in the context of elucidating the mechanism by which NF-κB acts would also be useful as drug screening assays for the identification of agents which affect that mechanism. Applicants further argue that the specification provides ample evidence, examples and other forms of guidance to fully enable the skilled artisan to practice the claimed invention and that the post-filing date art submitted by applicants bears out the assertions made in the instant application. Applicants argue that techniques for the identification of functional variants and fragments of a protein were well known in the art. Applicants further argue that the specification provides more than sufficient factual basis for one of ordinary skill in the art to accept that the mechanism of action of IκB includes the ability to inhibit nuclear translocation of NF-κB. Applicants further argue that the specification describes a range of methods for inhibiting the activity of NF-κB, the use of a reporter gene construct including a κB response element as a

ADL 0000552

Serial Number: 08/464,364

Art Unit: 1636

means for detecting agents which inhibit NF-κB, examples of assays for identifying agents which inhibit nuclear localization of NF-κB, that the interaction of NF-κB and IκB is dependent on the stability of IκB and that the stability of that protein is in turn dependent, at least in part, on its state of phosphorylation. Thus, as the application describes, inhibitors of the phosphorylation of IκB or inhibitors of the degradation of IκB can be used to prevent the dissociation of NF-κB--IκB complexes. The application provides sufficient guidance for assays which, in the context of screening for inhibitors of NF-κB-dependent transcription, directly detect phosphorylation of IκB, the formation of NF-κB--IκB complexes and the nuclear localization of NF-κB. Applicants further argue that drug discovery assays known in the art could be used in the present invention as means for identifying agents which alter the level of expression of NF-κB protein, alter the level of expression of IκB, alter the level of phosphorylation of IκB, alter the stability of IκB, alter the nuclear localization of NF-κB, alter the level of NF-κB--IκB complexes or alter the DNA binding activity of NF-κB.

These arguments have been fully considered but are not deemed to be persuasive. The argument that assays for detecting functional variants and fragments of proteins and drug screening assays for phosphorylation, stability and other factors were well known in the art are not persuasive because the assays for identification of agents that have these functions is a critical part of the claims as the methods could not be carried out without these agents. It is noted in *Genentech Inc. v. Novo Nordisk A/S*, 42 USPQ2d 1005 (CA FC 1997) that:

ADL 0000553

Serial Number: 08/464,364

Art Unit: 1636

a specification need not disclose what is well known in the art. *See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1385, 231 USPQ 81, 94 (Fed. Cir. 1986). However, that general, oft-repeated statement is merely a rule of supplementation, not a substitute for a basic enabling disclosure. It means that the omission of minor details does not cause a specification to fail to meet the enablement requirement. However, when there is no disclosure of any specific starting material or of any of the conditions under which a process can be carried out, undue experimentation is required; there is a failure to meet the enablement requirement that cannot be rectified by asserting that all the disclosure related to the process is within the skill of the art. It is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement.

It is clear that the novel aspect of the present claims is the agents which have been identified to alter NF-κB and IκB activities. Thus, the knowledge of those of skill in the art regarding assays for identifying such compounds cannot be relied to enable methods using such agents. Furthermore, the knowledge of those of skill in the art cannot be relied to make the long leap from disclosure in the specification that IκB might be phosphorylated and that IκB might be unstable and that these factors might be related to the mechanism of NF-κB activation to the claimed invention of searching for agents which alter the phosphorylation and stability of IκB and using such agents to alter NF-κB activation. Nowhere in the specification is disclosed that the interaction of NF-κB and IκB is dependent on the stability of IκB and that the stability of that protein is in turn dependent, at least in part, on its state of phosphorylation. What the specification, in fact, says is that "it is a reasonable hypothesis that direct or indirect phosphorylation of IκB results in its dissociation from NF-κB" and that "IκB is apparently unstable when not complexed with NF-κB" (page 73). These speculations can hardly be the basis

ADL 0000554

Serial Number: 08/464,364

Art Unit: 1636

for the presently claimed methods as they cannot be considered to provide adequate direction and guidance to teach one of skill in the art how to make and use the claimed invention. Applicants cannot rely on the skilled artisan's realization after reading the specification that the described experimental methods can also be used as screening assays for agents which affect biological functions of NF-κB and IκB when those functions weren't even taught in the specification but were only guessed at. Contrary to applicants' assertion, the specification does not provide sufficient guidance for assays which directly detect phosphorylation of IκB as such assays are not even mentioned and the specification does not teach in any fashion that inhibitors of the phosphorylation of IκB or inhibitors of the degradation of IκB can be used to prevent the dissociation of NF-κB–IκB complexes. It is agreed that the specification provides sufficient evidence to show that the mechanism of action of IκB includes the ability to inhibit nuclear translocation of NF-κB. However, this was not the point of the rejection made in the previous Office actions. The point was that even if one knows that this is the mechanism of action of IκB there is no evidence provided to show that the mechanism can be manipulated by addition of exogenous agents such as recombinant or purified IκB. The post-filing date art provided by applicants is deemed to be sufficient to show that applicants' assertions regarding the use of full length IκB and decoy nucleic acids as inhibitors of the activation of NF-κB in isolated cells. They are not sufficient, however, to support any other form of inhibitor or *in vivo* methods for inhibiting activation of NF-κB.

ADL 0000555

Serial Number: 08/464,364

Art Unit: 1636

Claims 62, 63, 95 and 96 are rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for a method of inhibiting expression of HIV DNA in an isolated cell infected with HIV DNA comprising contacting the cell with a decoy nucleic acid containing a NF-κB binding site or a vector encoding full length IκB, does not reasonably provide enablement for a method of inhibiting expression of HIV DNA in any infected host cell with any agent that prevents binding of NF-κB to the transcriptional control elements of HIV. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention commensurate in scope with these claims.

Claims 62 is drawn to a method of inhibiting expression of HIV DNA in a host cell infected with HIV DNA comprising contacting the infected cell with an agent that prevents binding of NF-κB to the transcriptional control elements of HIV. Claim 63 is further limited to the prevention of NF-κB binding to the transcriptional control elements by increasing formation of NF-κB--IκB complexes. Claims 95 and 96 are further limited to an agent that inhibits a DNA binding activity of NF-κB and a decoy nucleic acid.

The following factors have been considered in formulating this rejection (*In re Wands*, 858 F.2d 731, 8 USPQ2d 1400 (Fed. Cir. 1988)): the breadth of the claims, the nature of the invention, the state of the prior art, the relative skill of those in the art, the predictability or

ADL 0000556

Serial Number: 08/464,364                                    Page 16

Art Unit: 1636

unpredictability of the art, the amount of direction or guidance presented, the presence or absence

of working examples of the invention and the quantity of experimentation necessary.

      The present claims are very broad, encompassing any type of HIV-infected cell from any

organism in any location *in vitro, ex vivo* or *in vivo*.  The claims further encompass any agent of

any structure that prevents binding of NF-κB to the transcriptional control elements of HIV and

any method of contacting the cell with the agent.  The *in vivo* embodiment of the claims reads on

a method of treating HIV infection in an individual.  This scope is supported by the present

specification, which states that "[t]his method of altering NF-κB-mediated gene expression is

useful, for example, for inhibiting viral gene expression in infected cells, such as in an individual

infected with the HIV-1 or cytomegalovirus" (page 74, lines 10-14).  Since a method claim must

be enabled for the full scope encompassed by the method the specification must be enabled for the

treatment of HIV infection using the claimed method.

      The nature of the invention is the inhibition of expression of HIV DNA in HIV infected

cells by the control of  NF-κB activity.

      The state of the prior art for the role of NF-κB in the transcription of HIV DNA indicated

that the skilled artisan recognized that the HIV long terminal repeat (LTR) contained binding sites

for NF-κB and that signals which activate transcription of HIV DNA in T cells (such as phorbol

Serial Number: 08/464,364                                      Page 17

Art Unit: 1636

esters) are the same as signals which activate NF-κB in T cells, suggesting that NF-κB may play a

role in transcription of HIV DNA. Additionally, when the HIV LTR is linked to a reporter gene

and placed in a T cell lymphoma line the reporter gene is expressed in response to phorbol esters

and other signals and the expression of the reporter gene is dependent on intact NF-κB DNA

binding sites in the LTR. However, it was further known that binding sites for many other

transcription factors are present in the LTR and that it is likely that HIV transcription is

dependent on multiple transcription factors (see Wu et al., cited in the previous Office action

mailed January 7, 1997).

The relative skill of those in the art of gene regulation is high.

The area of the invention is unpredictable as the regulation of expression of HIV in T cells

was known to be complex and the regulation of expression of HIV in any other cell type was

unknown as of the effective filing date of the present application. Furthermore, several years after

the effective filing date of the present application, those of skill in the art recognized that no *in*

*vivo* or *ex vivo* treatment of HIV infected cells based on a protein or nucleic acid therapeutic had

been developed which was effective in eliciting any therapeutic response (see Johnston et al. cited

in the previous Office action mailed January 7, 1997).

ADL 0000558

Serial Number: 08/464,364                                Page 18

Art Unit: 1636

The present specification fails to provide sufficient direction or guidance to support the full scope of the present claims. The specification suggests several ideas for inhibiting the activity of NF-κB, including administration of IκB, decoy nucleic acids, dominantly interfering molecules or NF-κB binding domains but provides no details on how to make and use these inhibitors (pages 87-88). The specification generally discloses that an inhibitory protein such as IκB can be administered to a cell or that DNA encoding an inhibitory protein can be administered to a cell using a plasmid or viral vector and that cells can be treated *ex vivo* and returned to the animal or the protein or vector administered directly to the animal (pages 75-76). No guidance other than these vague suggestions is provided. The specification does not teach how to administer these inhibitors *in vivo* to obtain a therapeutic effect in infected individuals, *e.g.*, how to target the inhibitor to infected cells, how to get the inhibitor into the cells, how to accumulate a sufficient quantity of the inhibitor in the correct compartment within the cell to achieve the desired effect, how to achieve sustained delivery and/or expression of the inhibitor to effect a treatment. Thus, the specification does not teach how to carry out the *in vivo* embodiment of the claimed method. The post filing date art submitted by applicants contains several teachings of the effective use of nucleic acid decoys and expression of full length IκB in cultured cells to block NF-κB activation and inhibit the transcription of genes containing NF-κB binding sites, including the HIV LTR, as was taught in the specification. This is deemed to substantiate the disclosure of the present application in terms of using full length IκB or a decoy nucleic acid to inhibit the expression of HIV DNA in isolated cells infected with HIV.

ADL 0000559

Serial Number: 08/464,364                                          Page 19

Art Unit: 1636

No working examples of the claimed method are disclosed in the specification.

The quantity of experimentation necessary to carry out the claimed invention is high as the skilled artisan could not rely on the prior art or the present specification to teach how to carry out the claimed method.  One of skill in the art would first have to determine what inhibitors other than full length IκB or a decoy nucleic acid can be used to inhibit HIV DNA expression.  One would then have to determine how to use any inhibitor *in vivo* to inhibit HIV DNA expression.

Based on the broad scope of the claims, the unpredictability in the area of the invention, the lack of sufficient guidance or working examples in the specification and the quantity of experimentation necessary, it would clearly require undue experimentation by one of skill in the art to carry out the claimed methods within the full scope of the claims.  Since the specification and the material filed in support of the teachings in the specification are deemed to provide adequate enablement for use of full length IκB or a decoy nucleic acid as an inhibitor in isolated HIV-infected cells the claims should be limited to these embodiments.

Applicants argue that the specification provides ample evidence to show that NF-κB is involved in the regulation of transcription of HIV and that inhibition of NF-κB activity is a useful target for managing HIV infection.  Applicants further argue that Demarchi et al. (a post-filing date publication) supports the assertions in the specification as it teaches tat-induced HIV LTR

ADL 0000560

Serial Number: 08/464,364                                                Page 20

Art Unit: 1636

transcription is mediated by NF-κB and that a decoy nucleic acid inhibits transcription.

Applicants also argue that the examiner has failed to meet his burden of demonstrating that one of

ordinary skill in the art would not consider the asserted utilities to be credible, that the claims

cover methods which are useful both *in vivo* and *in vitro* and that the method is a credible means

for managing AIDS in HIV-infected individuals as inhibitors of NF-κB could be used clinically to

reduce the viral load in a patient.

These arguments have been fully considered and are deemed to be partially persuasive.  It is

agreed that sufficient evidence is provided in the specification to show that activation of HIV

transcription in T cells involves, in part, the activation of NF-κB.  However, it does not directly

follow from this fact that inhibition of NF-κB will inhibit HIV transcription as the control of HIV

is complex and involves many transcription factors and other regulators.  The post-filing date art

does support the assertion that inhibition of NF-κB will inhibit transcription of HIV DNA in an

isolated cell but this does not provide support for the *in vivo* embodiment of the claimed method

or the treatment of HIV infection in an individual.  The potential *in vitro* uses of the claimed

method mentioned in applicants' response are not sufficient to enable the method as the

specification must teach how to use a method within the full scope encompassed by the claim and

therefore must teach how to use the claimed method *in vivo*.  Additionally, these *in vitro* uses are

not disclosed in the specification.  As stated in the previous Office actions, Johnston et al.,

published six years after the effective filing date of the present application, shows that no protein-

ADL 0000561

Serial Number: 08/464,364                                                    Page 21

Art Unit: 1636

or nucleic acid-based therapeutic agents had been developed and that the effective use of such

agents was faced with several obstacles.  The absence of any therapeutics even remotely related to

those that are presently claimed is sufficient to show that the area of the invention is

unpredictable.  It is noted that the unpredictability of a particular art area may alone provide

reasonable doubt as to the accuracy of the broad statement made in support of enablement of

claims. See *Ex parte Singh*, 17 USPQ2d 1714 (BPAI 1991).  It is also well established in case law

that the specification must teach those of skill in the art how to make and how to use the

invention as broadly claimed.  *In re Goodman*, 29 USPQ2d at 2013 (Fed. Cir. 1994), citing *In re

Vaeck*, 20 USPQ2d at 1445 (Fed. Cir. 1991).  Thus, a *prima facie* case for lack of enablement has

been made and the burden is on the applicants to show that the *in vivo* embodiment of the claimed

method is enabled.  Applicants' statement that inhibitors of NF-κB could be used clinically to

reduce the viral load in a HIV-infected patient carries no weight as no evidence in the form of a

reference or a declaration has been provided.  No evidence is provided to show that a decrease in

the transcription of HIV in a cell leads to a decrease in viral load in a patient.  No guidance is

provided to show that a NF-κB inhibitor can be administered *in vivo* and targeted to HIV-infected

cells.  It is likely that only activated T cells will be affected by the inhibitor as NF-κB is not

activated until the T cell is activated.  Thus, the inhibitor will have no effect on latently infected T

cells or other cells which harbor HIV such as macrophages.  Thus, it is by no means clear that any

NF-κB inhibitor can decrease viral load in a patient.  In the absence of any evidence that the

claimed method will have any effect *in vivo* the claims should be limited to isolated cells.

ADL 0000562

Serial Number: 08/464,364                                      Page 22

Art Unit: 1636

Claims 59, 61 and 111 are rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for a method of activating NF-κB-dependent transcription in an isolated cell and a method of reducing expression of a gene whose transcriptional activity is activated by binding of NF-κB in an isolated cell, does not reasonably provide enablement for a method of activating NF-κB-dependent transcription in a cell *in vivo* and a method of reducing expression of a gene whose transcriptional activity is activated by binding of NF-κB in a cell *in vivo*. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention commensurate in scope with these claims.

Claims 59 and 61 are drawn to a method of activating NF-κB-dependent transcription in a host cell comprising contacting the cell with a substance which causes dissociation of the NF-κB-IκB complex. Claim 111 is drawn to a method of reducing expression in a cell of a gene whose transcriptional activity is activated by binding of NF-κB to said gene comprising introducing a nucleic acid decoy molecule into the cell, which decoy includes an NF-κB binding site that binds NF-κB. As stated above in the previous rejections, the specification, although enabling for the use of a decoy nucleic acid to inhibit NF-κB activation in an isolated cell, is not enabling for a method of reducing NF-κB-dependent gene expression in a cell *in vivo*. The specification fails to teach how to deliver the decoy nucleic acid to a cell, how to get the decoy into the cell and how to get a sufficient quantity into the proper compartment of the cell to achieve an inhibitory effect.

ADL 0000563

Serial Number: 08/464,364                                                  Page 23

Art Unit: 1636

In the absence of such guidance or any examples it would require undue experimentation by one

of skill in the art to carry out the claimed method within its *in vivo* embodiment and the claim

should be limited to an isolated cell.  Similarly, the specification is deemed to be enabling for the

use of a substance which causes dissociation of the NF-κB--IκB complex in an isolated cell as the

specification discloses and exemplifies several substances (e.g., phorbol esters,

phytohemagglutinin, protein synthesis inhibiters, double stranded RNA) which cause dissociation

of the NF-κB--IκB complex when added to isolated cells.  However, the specification does not

teach how to administer these substances to an organism *in vivo*, how to target the substance to

particular cells or how to achieve effect doses of the substances.  In the absence of such disclosure

it would require undue experimentation by the skilled artisan to carry out the *in vivo* embodiment

of the claimed methods and the claims should be limited to an isolated cell.


The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and
> distinctly claiming the subject matter which the applicant regards as his invention.

Claims 57, 58, 61-63, 93-96, 102-134, 137, 138, 145-148, 153 and 154 are rejected

under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and

distinctly claim the subject matter which applicant regards as the invention.

ADL 0000564

Serial Number: 08/464,364

Art Unit: 1636

Claim 57 is incomplete as it does not recite a positive process step which clearly refers back to the preamble. Additionally, it is not clear what is meant by "controlling the level" as it could mean changing the level, keeping the level constant, etc. It is suggested that the word "altering" be used instead. Furthermore, the phrase "transcriptional activity" of a gene is vague. It is unclear if this means the rate of transcription of the gene or something else.

Claim 58 is incomplete as it does not recite a positive process step which clearly refers back to the preamble. Additionally, the phrase "transcriptionally-dependent " is vague. It is unclear if it means that the transcription rate of the gene is regulated by NF-κB or something else. Furthermore, the term "reducing" is indefinite as it does not state what level the expression is being reduced from. For instance, in most cells NF-κB is normally inactive and there would be no gene expression due to NF-κB. Thus, the level could not be reduced. It is suggested that the claim be amended to indicate that it is the expression level of a gene which is being transcribed in response to the presence of active NF-κB which is being reduced.

Claim 61 is incomplete as it does not recite a positive process step which clearly refers back to the preamble. Additionally, the phrase "activation of NF-κB-dependent transcription precursor" is unclear.

ADL 0000565

Serial Number: 08/464,364

Art Unit: 1636

Claim 62 is incomplete as it does not recite a positive process step which clearly refers back to the preamble.  Additionally, the phrase "expression of HIV DNA" is indefinite as it is not clear if this means replication of the DNA, transcription of the DNA or something else.

Claim 111 is incomplete as it does not recite a positive process step which clearly refers back to the preamble.  Furthermore, the phrase "transcriptional activity" of a gene is vague.  It is unclear if this means the rate of transcription of the gene or something else.

Claim 112 is vague and indefinite as the phrase "analog derived therefrom" is unclear.  There is no art-recognized definition for the term analog and the specification does not define what is meant by analog or how closely two agents must be related to be considered analogs.

Claim 119 is vague and indefinite as it is not clear what is encompassed by "inhibits protein:protein complexes", i.e., inhibit formation, of the complex,  inhibit degradation of the complex,  inhibit activity of the complex.

Claim 126, 128, 130 and 131 are vague and indefinite as they are drawn to portions of NF-κB or IκB.  The term "portions" encompasses fragments as small as two amino acids, for which there would be no disclosed use.  It also covers portions which cannot participate in NF-κB--IκB complexes.  Therefore, the metes and bounds of the claim are unclear.

ADL 0000566

Serial Number: 08/464,364                                          Page 26

Art Unit: 1636

Claim 137 is vague and indefinite as it is not clear what is meant by the phrase "(an) IκB".

Claims 137 and 138 are vague and indefinite as the phrase "the molecule" lacks proper antecedent basis.

Claims 145, 147 and 148 are vague and indefinite as the claims are drawn in part to contacting an NF-κB gene with a test agent and measuring the activity of the gene. It is not clear what activity of the gene is being measured.

Claim 153 is vague and indefinite as it is unclear whether it is the gene construct or the IκB which binds to and inhibits NF-κB.

Claim 154 is vague and indefinite as it is unclear what is meant by pharmaceutical, *e.g.*, something which has a therapeutic effect, something which can be safely administered in vivo.

### *Claim Rejections - 35 USC § 102*

The rejection of claim 57 under 35 U.S.C. 102(b) as being anticipated by Wall et al. is withdrawn in view of the amendment to the claim.

Serial Number: 08/464,364                                    Page 27

Art Unit: 1636

The rejection of claim 57 under 35 U.S.C. 102(b) as being anticipated by Leonard et al. is

withdrawn in view of the amendment to the claim.


*Conclusion*


Claims 57-59, 61-63 and 93-154 are rejected.


Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Robert Schwartzman whose telephone number is (703) 308-7307.  The

examiner can normally be reached on Monday through Friday from 6:30 AM to 4:00 PM.


If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, George Elliott, can be reached at (703) 308-4003.  The fax number for this group is

(703) 305-3014.


Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703)-308-0196.


Robert A. Schwartzman, Ph.D.
July 12, 1998


ADL 0000566.2