# EXHIBIT N



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/464,364 | 06/05/95 | BALTIMORE | D | MIT-4167-A3F |

| EXAMINER |
|---|
| SCHWARTZMAN, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1636 | 29 |

HM12/1129

PATENT GROUP
FOLEY, HOAG AND ELIOT, LLP
ONE POST OFFICE SQUARE
BOSTON MA 02109

DATE MAILED: 11/29/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

ADL 0000707

| Office Action Summary | Application No. 08/484,364 | Applicant(s) Baltimore et al. |
|---|---|---|
| | Examiner Robert Schwartzman | Group Art Unit 1636 |

☒ Responsive to communication(s) filed on _Sep 21, 1999_

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _57-59, 61-63, 93, 97-108, and 110-154_ is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _57-59, 61-63, 93, 97-108, and 110-154_ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
      ☐ received.
      ☐ received in Application No. (Series Code/Serial Number) _____.
      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Interview Summary, PTO-413
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

— SEE OFFICE ACTION ON THE FOLLOWING PAGES —

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)    Office Action Summary    Part of Paper No. __29__

ADL 0000708

Application/Control Number: 08/464,364                                                                 Page 2

Art Unit: 1636

### DETAILED ACTION

This Office action is in response to the amendment filed September 21, 1999. Claim 109 has been canceled. Claims 57-59, 61-63, 93, 97-108 and 110-154 are pending in this application.

*Transitional After Final Practice*

Since this application is eligible for the transitional procedure of 37 CFR 1.129(a), and the fee set forth in 37 CFR 1.17(r) has been timely paid, the finality of the previous Office action is hereby withdrawn pursuant to 37 CFR 1.129(a). Applicant's second submission after final filed on September 21, 1999 has been entered.

*Claim Objections*

Claim 110 is objected as it is dependent from a canceled claim. In the interest of compact prosecution, claim 110 has been examined as if it were dependent from claim 58.

Claim 128 is objected to as it lists a dependency from claim 123 twice.

ADL 0000709

Application/Control Number: 08/464,364

Art Unit: 1636

Page 3

*Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

All of the rejections under 35 U.S.C. 112, first paragraph made in the previous Office action dated March 17, 1999 are withdrawn in favor of the following rejections.

Claims 57-59, 61, 63, 93, 97-108, 110, 112-152 and 154 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.

Claims 57-59, 61, 63, 93, 97-108, 110, 112-152 and 154 are drawn to various methods for modulating expression of NF-κB-dependent gene expression in mammalian cells using an agent which has an effect on the structure or function of NF-κB and/or IκB. These are genus claims encompassing any agent having these capabilities. The specification discloses a few agents which activate NF-κB when they contact a cell (*e.g.*, phorbol esters, lipopolysaccharide phytohaemaggutinin), oligonucleotide decoys comprising the NF-κB binding site and the use of NF-κB and IκB proteins as agents to modulate NF-κB-dependent transcription. No other agents

ADL 0000710

Application/Control Number: 08/464,364          Page 4

Art Unit: 1636

are disclosed, in particular agents which inhibit phosphorylation of IκB, prevent degradation of IκB, decrease the level of IκB or stimulate phosphorylation of IκB. The disclosure of the compounds listed above is not deemed to be descriptive of the complete structure of a representative number of species encompassed by the claims as one of skill in the art cannot envision agents having each of the claimed capabilities or even other agents having the same capabilities of the compounds listed above. Nor is there a description of a representative number of species in terms of a partial structure and relevant identifying characteristics as there is no disclosed correlation between particular structures and the desired capabilities. Therefore, the specification does not describe the claimed agents in such full, clear, concise and exact terms so as indicate that applicants had possession of these agents at the time of filing of the present application. Thus, the written description requirement has not been satisfied.

Claims 57-59, 61, 63, 93, 97-108, 110, 112-152 and 154 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention.

Claims 57-59, 61, 63, 93, 97-108, 110, 112-152 and 154 are drawn to various methods for modulating expression of NF-κB-dependent gene expression in mammalian cells using an agent which has an effect on the structure or function of NF-κB and/or IκB. Most of these claims

ADL 0000711

Application/Control Number: 08/464,364                                              Page 6

Art Unit: 1636

Claims 62 and 153 are drawn to a method of inhibiting expression of HIV DNA in a human host cell infected with HIV DNA comprising contacting the cell with a nucleic acid decoy including a κB binding site. Claim 111 is drawn to a method for inhibiting expression in a mammalian cell of a gene whose transcriptional activity is activated by binding of NF-κB to said gene comprising introducing a nucleic acid decoy molecule into the cell. The specification teaches only one use for the *in vivo* inhibition of HIV DNA in a human host cell; the treatment of HIV infection. The prior art indicates that no nucleic acid-based therapeutics have been shown to be effective in eliciting any therapeutic response to HIV infection. The specification fails to teach how to use nucleic acid decoys *in vivo* to obtain a therapeutic effect in infected individuals, *e.g.*, how to target the decoy to infected cells, how to get the decoy into the cells, how to accumulate a sufficient quantity of the decoy in the correct compartment within the cell to achieve the desired effect, how to achieve sustained delivery and/or expression of the decoy to effect a treatment. No working examples are disclosed of *in vivo* inhibition of HIV DNA expression. Thus, it would require undue experimentation by one of skill in the art to determine how to use the claimed method to inhibit HIV DNA expression in a subject such that a therapeutic effect is achieved. In terms of claim 111, the claim encompasses the treatment of cells *in vivo*, including therapeutic uses of the method. As discussed above, the specification does not teach the skilled artisan how to use a nucleic acid decoy *in vivo* to achieve a therapeutic effect in an individual. Thus, the claims are only enabled for inhibiting expression in cells *in vitro*.

ADL 0000712

Application/Control Number: 08/464,364                                                                Page 5

Art Unit: 1636

are drawn to a method of using an agent which has been identified by a particular assay. Since the claimed methods involve the use of agents which are not disclosed in the present specification as they have yet to be identified, the specification does not teach one of skill in the art how to use the unidentified agents. Agents having the claimed capabilities might have any structure, including proteins, nucleic acids, small organic molecules, polymers, *etc*. Each agent would require specific knowledge in terms of how to make it, how much to use, methods by which it can be delivered to a cell *in vitro* and *in vivo*, how it can be delivered inside a cell, how to target it to the appropriate cells and other such factors. The specification fails to provide any direction or guidance on how to use the claimed agents as the agents have yet to be identified. Thus, the specification does not teach how to make and use the claimed invention.

Claims 62, 111 and 153 are rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for a method of inhibiting HIV DNA expression or inhibiting expression of a NF-κB-dependent gene using a nucleic acid decoy molecule in cells *in vitro*, does not reasonably provide enablement for a method of inhibiting HIV DNA expression or inhibiting expression of a NF-κB-dependent gene using a nucleic acid decoy molecule in cells *in vivo*. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to use the invention commensurate in scope with these claims.

ADL 0000713

Application/Control Number: 08/464,364                                                             Page 7

Art Unit: 1636

       Applicants arguments in the amendment filed September 21, 1999 are addressed as they pertain to the current rejections. Applicants argue that the specification provides sufficient teachings for a person of skill in the art to alter NF-κB activity in a cell with any type of compound without undue experimentation. For example, the specification teaches that an expression vector containing IκB DNA can be introduced into an individual using known techniques by any of a variety of routes and that IκB protein itself can be introduced. Methods for introducing DNA or proteins into cells were well known in the art, including several viral vectors. Alteration of a protein *in vivo* by gene therapy was credible at the time the invention was made, as illustrated by the adoption of gene therapy guidelines by the NIH in 1985. Administration of small organic molecules to a subject was well known in the art at the time the invention was made, as illustrated by "Remington's Pharmaceutical Sciences". These arguments have been fully considered but are not deemed to be persuasive. The present specification fails to provide any specific guidance and direction as to how to use agents to modulate NF-κB-dependent gene expression *in vivo*. Concerning the administration of NF-κB or IκB protein or DNA, the specification is silent other than vague statements of introducing these compounds by known techniques. The specification is, of course, completely silent regarding the administration of any other agent is these other agents have yet to be discovered. It is not sufficient that one of skill in the art knew in general how to administer DNAs, proteins and small organic molecules to an individual. The skilled artisan did not know how to administer these agents in order to modulate NF-κB activity in a desired fashion. There was no knowledge how much of the agent is

ADL 0000714

Application/Control Number: 08/464,364                                                   Page 8

Art Unit: 1636

required, how big a change in NF-κB activity is required to obtain a measurable effect in an individual, how to target agents to the appropriate cells *in vivo*, *etc*. Since the prior art does not provide any of this guidance, one of skill in the art must turn to the present specification to obtain guidance. However, the specification says nothing about any of these parameters. In the total absence of guidance and direction in the specification, any amount of experimentation, no matter how small, would be undue experimentation.

Claims 116, 133 and 134 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claim 116 is vague and indefinite as the phrase "the stability of the IκB protein" lacks proper antecedent basis.

Claims 133 and 134 are vague and indefinite as the phrase "the treated cell" lacks proper antecedent basis.

ADL 0000715

Application/Control Number: 08/464,364 Page 9

Art Unit: 1636

### Conclusion

Claims 57-59, 61-63, 93, 97-108 and 110-154 are rejected.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Robert Schwartzman whose telephone number is (703) 308-7307. The examiner can normally be reached on Monday through Friday from 6:30 AM to 4:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, George Elliott, can be reached at (703) 308-4003. The fax number for this group is (703) 305-3014.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703)-308-0196.

November 19, 1999

ROBERT A. SCHWARTZMAN
PATENT EXAMINER

ADL 0000716