# EXHIBIT P



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/464,364 | 06/05/95 | BALTIMORE | D | MIT-4167-A3F |

HM22/0811

PATENT GROUP
FOLEY, HOAG AND ELIOT, LLP
ONE POST OFFICE SQUARE
BOSTON MA 02109

| EXAMINER |
|---|
| SCHWARTZMAN, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1636 | 32 |

DATE MAILED: 08/11/00

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)     U.S. G.P.O. 1999 460-693     1- File Copy

ADL 0000822

| Office Action Summary | Application No.<br>08/464,364 | Applicant(s)<br>Baltimore et al. |
|---|---|---|
| | Examiner<br>Robert Schwartzman | Group Art Unit<br>1636 |

☒ Responsive to communication(s) filed on *Jun 2, 2000*

☒ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *57-59, 61-63, 93, 97-108, 110-132, and 135-157* is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☒ Claim(s) *111* is/are allowed.

☒ Claim(s) *57-59, 61-63, 93, 97-108, 110, 112-132, and 135-157* is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
  ☐ received.
  ☐ received in Application No. (Series Code/Serial Number) _____.
  ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Interview Summary, PTO-413
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---

ADL 0000823

Application/Control Number: 08/464,364

Art Unit: 1636

Page 2

## DETAILED ACTION

This Office action is in response to the amendment filed June 2, 2000 (Paper no. 31). Claims 133 and 134 have been canceled and new claims 155-157 have been added. Claims 57-59, 61-63, 93, 97-108, 110-132, and 135-157 are pending in this application.

*Claim Objections*

Claim 58 is objected to as it contains an unmatched square bracket after the word "by" in line 4. For the purpose of examination it has been assumed that the bracket is not present.

*Claim Rejections - 35 USC § 112*

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 57-59, 61, 63, 93, 97-108, 110, 112-132, 135-152 and 154 remain rejected and new claims 155-157 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one

ADL 0000824

Application/Control Number: 08/464,364 Page 3

Art Unit: 1636

skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention. This rejection is maintained for the reasons of record in the previous Office action dated November 29, 1999.

Claims 57-59, 61, 63, 93, 97-108, 110, 112-132, 135-152 and 154-157 are drawn to various methods for modulating expression of NF-κB-dependent gene expression in mammalian cells using an agent which has an effect on the structure or function of NF-κB and/or IκB. These are genus claims encompassing any agent having these capabilities. The specification discloses a few agents which activate NF-κB when they contact a cell (*e.g.*, phorbol esters, lipopolysaccharide, phytohaemagguttinin), oligonucleotide decoys comprising the NF-κB binding site and the use of NF-κB and IκB proteins as agents to modulate NF-κB-dependent transcription. No other agents are disclosed, in particular agents which inhibit phosphorylation of IκB, prevent degradation of IκB, decrease the level of IκB or stimulate phosphorylation of IκB. The disclosure of the compounds listed above is not deemed to be descriptive of the complete structure of a representative number of species encompassed by the claims as one of skill in the art cannot envision agents having each of the claimed capabilities or even other agents having the same capabilities of the compounds listed above. Nor is there a description of a representative number of species in terms of a partial structure and relevant identifying characteristics as there is no disclosed correlation between particular structures and the desired capabilities. Therefore, the specification does not describe the claimed agents in such full, clear, concise and exact terms so as

ADL 0000825

Application/Control Number: 08/464,364                                                      Page 4
Art Unit: 1636

indicate that applicants had possession of these agents at the time of filing of the present application. Thus, the written description requirement has not been satisfied.

Applicants argue that the claims are drawn to a method of modifying certain biological phenomena by modulating NF-κB or IκB, that applicants are the pioneers who identified NF-κB as a key mediator of biological phenomena and that the specification explicitly lays claims to methods of modulating NF-κB and signaling through NF-κB. The specification discloses that one can affect NF-κB directly or indirectly, that a variety of classes of substances could be used for that purpose and that several agents having positive and negative modulating effects are disclosed in the specification. The disclosed species are enough to show that applicants were in possession of the necessary common attributes of features of members of the genus to meet the written description requirement. The examiner, by focusing on agents rather than the claimed methods, has not met the burden to show that one of skill in the art would not recognize that applicants had invented methods for modulating NF-κB in a cell by identifying an agent which affects a biological activity of NF-κB and then contacting the cell with the agent.

These arguments have been fully considered but are not deemed to be persuasive. Although the specification mentions the desirability of modulating NF-κB and pathways influenced by NF-κB, little is disclosed in the ways in which NF-κB is to be modulated and specific agents capable of such modulation. In particular, the specification does not direct one to

ADL 0000826

Application/Control Number: 08/464,364                                                          Page 5

Art Unit: 1636

screen for agents which modify the phosphorylation state of IκB or the stability of IκB or disclose any agents with these capabilities. Thus, no representative species are disclosed for these specifically claimed genuses. In terms of the broader genus of agents which modulate NF-κB function, the Revised Interim Guidelines for Examination of Patent Applications Under the 35 U.S.C. 112, first paragraph "Written Description" Requirement (Federal Register, Vol. 63, No. 244, pages 71427-71440, December 21, 1999) states that the written description for a claimed genus, (in the present case the genus is modulators of NF-κB function) can be met by sufficient description of a representative number of species by disclosure of relevant identifying characteristics such as structure or other physical and/or chemical properties, by functional characteristics coupled with a known or disclosed correlation between function and structure, or by a combination of such identifying characteristics. The agents that are mentioned in the specification (phorbol esters, lipopolysaccharide, phytohaemaggutinin, oligonucleotide decoys comprising the NF-κB binding site, NF-κB and IκB proteins themselves) do not have any common structural features and do not have the same function as some are positive regulators and some are negative regulators. Thus, they cannot be a representative number of species of the broad genus. Those claims that are drawn to a method of using an agent to modulate NF-κB clearly lack adequate written description. Those claims drawn to a method of identifying an agent that modulates NF-κB and then using the identified agent also lack adequate written description as each element recited in the claim must be supported by written description and the second part of the method drawn to using an agent lacks such description.

ADL 0000827

Application/Control Number: 08/464,364                                          Page 6

Art Unit: 1636

Claims 57-59, 61, 63, 93, 97-108, 110, 112-132, 135-152 and 154 remain rejected and new claims 155-157 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention. This rejection is maintained for the reasons of record in the previous Office action dated November 29, 1999.

To summarize the rejection, claims 57-59, 61, 63, 93, 97-108, 110, 112-132, 135-152 and 154-157 are drawn to various methods for modulating expression of NF-κB-dependent gene expression in mammalian cells using an agent which has an effect on the structure or function of NF-κB and/or IκB. Some of these claims are drawn to a method of using an agent which has been identified by a particular assay. The specification fails to provide any direction or guidance on how to use the claimed agents as the agents have yet to be identified. Thus, the specification does not teach how to make and use the claimed invention.

Applicants argue that the enablement requirement is met so long as the specification teaches at least one method of making and using the claimed invention and that the examiner acknowledged that the specification suggests to screen for agents that regulate NF-κB and IκB.

ADL 0000828

Application/Control Number: 08/464,364                                                Page 7

Art Unit: 1636

Administration of agents were well known in the art and would require only routine experimentation to determine how to administer agents to obtain the desired effect.

These arguments have been fully considered but are not deemed to be persuasive. Claims must be enabled for the full scope that they encompass, not just one aspect that is encompassed. Although it is acknowledged that the specification generally and non-specifically suggests to screen for agents that modulate NF-κB and IκB there is no suggestion or guidance as to screening for agents that alter the level of phosphorylation of IκB or the level or stability of IκB as is recited in many of the claims. Although it was well known in the prior art how to administer a variety of agents to cells *in vitro* to alter protein expression and/or interaction, administration of agents to a subject *in vivo* for this purpose was not routine, particularly in terms of delivering and expressing a nucleic acid or delivering a protein which must act intracellularly. Tremendous difficulties in targeting the appropriate cells and delivering sufficient amounts of material for a sufficient length of time for a desired effect to be obtained were well known in the art. It would therefore require more than routine experimentation to determine how to carry out the *in vivo* scope of the claims. Thus, the claims are not fully enabled in terms of assaying for agents or in terms of modulating NF-κB and IκB in any cell.

Claims 62 and 153 remain rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for a method of inhibiting HIV DNA expression using a nucleic

ADL 0000829

Application/Control Number: 08/464,364 Page 8

Art Unit: 1636

acid decoy molecule in cells *in vitro*, does not reasonably provide enablement for a method of inhibiting HIV DNA expression using a nucleic acid decoy molecule in cells *in vivo*. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to use the invention commensurate in scope with these claims. This rejection is maintained for the reasons of record in the previous Office action dated November 29, 1999,

Claims 62 and 153 are drawn to a method of inhibiting expression of HIV DNA in a human host cell infected with HIV DNA comprising contacting the cell with a nucleic acid decoy including a NF-κB binding site. The specification teaches only one use for the *in vivo* inhibition of HIV DNA in a human host cell; the treatment of HIV infection. The prior art indicates that no nucleic acid-based therapeutics have been shown to be effective in eliciting any therapeutic response to HIV infection. The specification fails to teach how to use nucleic acid decoys *in vivo* to obtain a therapeutic effect in infected individuals, *e.g.*, how to target the decoy to infected cells, how to get the decoy into the cells, how to accumulate a sufficient quantity of the decoy in the correct compartment within the cell to achieve the desired effect, how to achieve sustained delivery and/or expression of the decoy to effect a treatment. No working examples are disclosed of *in vivo* inhibition of HIV DNA expression. Thus, it would require undue experimentation by one of skill in the art to determine how to use the claimed method to inhibit HIV DNA expression in a subject such that a therapeutic effect is achieved.

ADL 0000830

Application/Control Number: 08/464,364                                    Page 9

Art Unit: 1636

Applicants argue that the specification teaches that decoy nucleic acids can be used to inhibit NF-κB activity, including HIV replication, techniques for introducing nucleic acids into cells were known, that working examples are not required, that the use of vectors to deliver nucleic acids *in vivo* was credible as demonstrated by the adoption of gene therapy guidelines, that some experimentation is allowed to determine the clinical protocol for treating HIV and that several post filing date articles demonstrate the use of NF-κB decoys *in vitro* and *in vivo*.

These arguments have been fully considered but are not deemed to be persuasive. Based on the post-filing date references provided by applicants it is deemed that decoy nucleic acids can be used to inhibit NF-κB activity. Claims 62 and 153, however, are specifically drawn to inhibiting expression of HIV DNA in a human host cell. These claims read on the inhibition of HIV DNA *in vivo*, the only disclosed use for which is treatment of HIV infection in a subject. There is no evidence in the specification or in the cited art to show that administration of a decoy nucleic acid *in vivo* would have any beneficial effect on HIV patients. There is no evidence or guidance as to the role that NF-κB plays in HIV replication *in vivo* or what effect the removal of NF-κB dependent transcription would have. Even if an effect does occur there is no evidence that there would be any overall effect on the disease. Although there is no requirement that working examples of *in vivo* inhibition be provided, the area of the invention is sufficiently unpredictable that evidence in the form of *in vivo* results or *in vitro* results which strongly correlate with *in vivo*

ADL 0000831

Application/Control Number: 08/464,364 Page 10

Art Unit: 1636

predictions are needed. No such results are provided, so the specification is not enabling for the full scope of the claims.

*Conclusion*

Claims 57-59, 61-63, 93, 97-108, 110, 112-132, and 135-157 are rejected. Claim 111 is allowable.

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL.** See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

ADL 0000832

Application/Control Number: 08/464,364

Art Unit: 1636

Page 11

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Robert Schwartzman whose telephone number is (703) 308-7307. The examiner can normally be reached on Monday through Friday from 6:30 AM to 4:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, George Elliott, can be reached at (703) 308-4003. The fax number for this group is (703) 305-3014.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703)-308-0196.

August 10, 2000

ROBERT A. SCHWARTZMAN
PRIMARY EXAMINER

ADL 0000833