IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>  Defendants.<br><br>ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>  Counterclaim Plaintiffs,<br><br>  v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>  Counterclaim Defendants. | C.A. No. 06-259-MPT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS-COUNTERCLAIM-PLAINTIFFS'
MOTION FOR PARTIAL DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

*Of Counsel*:

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: April 25, 2008

ASHBY & GEDDES
Steven J. Balick (#2403)
John G. Day (#2114)
Tiffany Geyer Lydon (#3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendants and Counterclaim Plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, the President and Fellows of Harvard College and the Whitehead Institute for Biomedical Research*

{00212477;v1}

**Table of Contents**

*Page*

Table of Authorities ................................................................................................................. ii

Introduction .............................................................................................................................. 1

Relevant Background .............................................................................................................. 1

Argument .................................................................................................................................. 6

    A.    ARIAD's Covenant Not to Sue Has Eliminated Subject Matter Jurisdiction over Amgen's Declaratory Action for Patent Invalidity and Unenforceability with Respect to the Unasserted Claims. .................... 6

    B.    Practical Considerations Support Dismissal with Respect to the Claims Subject to the Covenant Not to Sue. ..................................................... 8

Conclusion .............................................................................................................................. 10

## Table of Authorities

*Page(s)*

**Cases**

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
    495 F.3d 1340 (Fed. Cir. 2007) .................................................................................................7

*Biogen, Inc. v. Amgen, Inc.*,
    913 F. Supp. 35 (D. Mass. 1996) ...............................................................................................7

*Highway Equip. Co, Inc. v. FECO, Ltd.*,
    469 F.3d 1027 (Fed. Cir. 2006) ...............................................................................................6-7

*Jervis B. Webb Co. v. Southern Sys., Inc.*,
    742 F.2d 1388 (Fed. Cir. 1984) ..................................................................................................7

*MedImmune, Inc. v. Genentech, Inc.*,
    127 S. Ct. 764 (2007) .................................................................................................................6

*MedImmune, Inc. v. Genentech, Inc.*,
    535 F. Supp. 2d 1000 (C.D. Cal. 2008) ..................................................................................6, 7

*Merck & Co., Inc. v. Apotex, Inc.*,
    488 F. Supp. 2d 418 (D. Del. 2007) ...........................................................................................6

*Metabolite Labs. v. Lab. Corp. of Am. Holdings*,
    370 F.3d 1354 (Fed. Cir. 2004) ..................................................................................................4

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
    57 F.3d 1054 (Fed. Cir. 1995) ....................................................................................................7

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ................................................................................................................8-9

**Statutes**

28 U.S.C. § 1292 .............................................................................................................................3

28 U.S.C. § 2201 ..........................................................................................................................2, 6

Defendants-counterclaim-plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, the President and Fellows of Harvard College and the Whitehead Institute for Biomedical Research (collectively, "ARIAD") respectfully submit this memorandum in support of their motion for partial dismissal for lack of subject matter jurisdiction.[1]

**Introduction**

Having asserted only seven of the 203 claims of U.S. Patent No. 6,410,516 (the "'516 Patent") against Amgen's product, Enbrel, and after it advised Amgen[2] that it would not pursue theories of infringement against Amgen's product Kineret, ARIAD recently granted Amgen a covenant not to sue reflecting those circumstances. That covenant divested the Court of any jurisdiction it possessed under the Declaratory Judgment Act with respect to the 196 claims of the '516 Patent that ARIAD has not asserted against any Amgen product. Accordingly, ARIAD respectfully requests that the Court dismiss Amgen's challenges to the validity and enforceability of claims of the '516 Patent that ARIAD has not asserted, and has promised never to assert, against Enbrel and Kineret, the only products ever at issue in this litigation.

**Relevant Background**

Amgen's initial complaint, filed nearly two years ago, sought a declaration of invalidity of each of the 203 claims of the '516 Patent, as well as a

---

[1] The documents cited herein are appended to the Declaration of David Greenwald, dated April 25, 2008 ("Greenwald Decl.").

[2] Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Ltd., and Immunex Rhode Island Corporation are collectively referred to herein as "Amgen."

declaration that two Amgen products (Enbrel and Kineret) did not infringe the '516 Patent. No other Amgen products were identified in the complaint.

On June 14, 2006, ARIAD moved to dismiss Amgen's complaint asserting that, because ARIAD had never threatened Amgen with a patent infringement action, this Court did not have subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (6/14/06 ARIAD Mem. in Supp. of Mot. to Dismiss (D.I. 14) at 1.) Amgen opposed the motion, arguing that if ARIAD did not intend to sue Amgen for infringement of the '516 Patent, it should "agree that Amgen's products do not infringe the '516 patent" and "grant Amgen a covenant not to sue for Amgen's products." (6/28/06 Amgen Opp'n to Mot. to Dismiss (D.I. 21) at 2.)[3]

On September 11, 2006, the Court (through Judge Jordan) denied ARIAD's motion to dismiss, finding that there "[wa]s an objectively reasonable apprehension of suit on th[e] record sufficient to sustain jurisdiction." (Greenwald Decl. Ex. 3 at 75:8-10.) The Court placed special emphasis on the fact that Enbrel and Kineret had been featured in "internal presentation materials [that] the ARIAD folks had used to educate their board [and] explain to their board what their planning was" (*id.* at 79:2-4), which, Amgen claimed, contained "a list of future targets for patent infringement lawsuits under the '516 patent" (6/28/06 Amgen Opp'n to Mot. to Dismiss (D.I. 21) at 16). Enbrel and Kineret were the only Amgen products on that alleged "litigation list." But for Enbrel's and Kineret's inclusion on that list, the Court noted that "I would be

---

[3] *See also id.* at 19 ("If ARIAD truly does not intend to sue Amgen under the '516 patent, then it should grant it a covenant not to sue to remove the apprehension it has created . . . ."); *id.* ("ARIAD must either affirmatively covenant that it will not sue the Amgen Entities for infringement of the '516 patent or accept that this Court has subject matter jurisdiction over Plaintiffs' declaratory judgment claim.").

ruling differently than I am today" with respect to ARIAD's jurisdictional challenge. (Greenwald Decl. Ex. 3 at 78:24-25.) The Court's decision was memorialized in an order dated September 13, 2006. (D.I. 69.)

On September 25, 2006, ARIAD filed its answer to Amgen's complaint. The answer noted that after the "Court's denial of ARIAD's motion to dismiss, ARIAD [was] . . . seeking to determine, for the first time, whether any activities related to the Enbrel and/or Kineret products infringe the '516 Patent." (Answer (D.I. 72) ¶ 23.) ARIAD "reserve[d] the right to amend its answer once it ha[d] determined whether any activities related to the Enbrel and/or Kineret products infringe the '516 Patent." (*Id.*) ARIAD, however, continued to maintain that this Court lacked jurisdiction over Amgen's declaratory judgment action. (*Id.* ¶ 24.)

Also on September 25, 2006, ARIAD filed a motion requesting that the Court certify its September 13, 2006 order pursuant to 28 U.S. C. § 1292(b), thereby permitting ARIAD to petition the Federal Circuit for an interlocutory appeal. Among other things, ARIAD argued that the lawsuit would divert its limited resources from its ongoing drug discovery programs. (9/25/06 ARIAD Mem. in Supp. of Mot. for Certification (D.I. 74) at 1, 3.) On October 10, 2006, Amgen filed an opposition to ARIAD's motion for certification. Responding to ARIAD's argument noted above, Amgen notably wrote:

> If ARIAD has any real concerns about its resources to get its drug approved, then its solution is to grant Amgen a covenant not to sue. ARIAD and its counsel know very well that a properly-tailored "*covenant not to sue deprives a court of declaratory judgment jurisdiction*."

(10/10/06 Amgen Opp'n to Mot. for Certification (D.I. 89) at 15 (quoting *Metabolite Labs. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added)).[4]

On April 13, 2007, ARIAD amended its answer to add a counterclaim for patent infringement. ARIAD also supplemented its responses to two interrogatories (Interrogatory Nos. 2-3), wherein Amgen requested, among other things, a listing of all claims of the '516 Patent that ARIAD contended were infringed by Amgen's activities related to Enbrel and Kineret. ARIAD's supplemental responses to those interrogatories identified 22 claims of the '516 Patent alleged to be infringed by Enbrel and Kineret—independent claims 1, 2, 5, 6 and 18, and dependent claims 26, 27, 29, 37, 38, 40, 59-62, 70-73 and 183-185. (Greenwald Decl. Ex. 4 at 8-20.)

On December 21, 2007, ARIAD served supplemental responses to several of Amgen's interrogatories. With respect to Interrogatories Nos. 2 and 3, ARIAD indicated that "[t]o reduce the number of issues in the reexamination proceedings relating to the '516 patent, ARIAD [had] cancelled, among others, claims 1, 2, 5, 26, 27, 29, 37, 38, 40 and 59-62 without disclaimer or prejudice," and that ARIAD was no longer asserting those claims against Enbrel and Kineret. (Greenwald Decl. Ex. 11 at 14, 26.)

On January 18, 2008, ARIAD informed Amgen that it was abandoning all of its claims for infringement against Kineret. (Greenwald Decl. Ex. 16.) ARIAD also further narrowed its infringement claims with respect to Enbrel by dropping claims 73 and 185, dependent claims limited to lymphoid cells, a type of immune cell. (*Id.*)

---

[4] The Court (through Judge Jordan) granted ARIAD's motion for certification. (*See* 11/3/06 Order (D.I. 104).) On December 29, 2006, however, the Federal Circuit declined ARIAD's petition for permission to appeal.

On February 1, 2008, the parties submitted a joint status report. The report acknowledged ARIAD's efforts to streamline its case, including a representation that ARIAD "will not be pursuing allegations of infringement against Amgen's Kineret product." (Greenwald Decl. Ex. 17 at 1-2.) The joint status report also noted that the parties were "yet to work out a stipulation or covenant that could effectively dispense with Amgen's declaratory judgment claims with respect to [Kineret]." (*Id.* at 2.)

On April 25, 2008, consistent with their former commitments and representations, ARIAD and the Institutions provided Amgen a covenant not to sue covering Kineret and Enbrel. With respect to Enbrel, the covenant carves out the seven claims that ARIAD is currently asserting, as well as claims that may emerge from the pending reexamination of the '516 Patent in a form that is not substantially identical to a claim of the '516 Patent that issued on June 25, 2002.

> ARIAD further covenants not to sue Amgen or anyone who manufactures, markets, imports, sells or uses in the United States any Enbrel® or etanercept sold or supplied by Amgen for infringement of any claim of the '516 patent at any time (whether before or after the date of this covenant) based on any activities proscribed under 35 U.S.C. § 271 involving Enbrel® or etanercept, other than (i) for infringement of claims 6, 18, 70, 71, 72, 183 and 184 thereof or any claim that may emerge from the reexamination of the '516 patent that is substantially identical to those claims; or (ii) for infringement of any claim of the '516 patent that may emerge from the reexamination of the '516 patent in a form that is not substantially identical to a claim of the '516 patent that issued on June 25, 2002. The term "substantially identical" as used herein is intended to have the same meaning as that term is used in 35 U.S.C. § 252.

(Greenwald Decl. Ex. 25 ¶ 2.) With respect to Kineret, the covenant covers all claims of the '516 Patent and any claim that may emerge from the reexamination. (*Id.* ¶ 1.)

**Argument**

To establish jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, the party invoking the Act bears the burden of proving "under all the circumstances . . . that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (quotations omitted). In the recent *MedImmune* decision, Supreme Court further explained that "the dispute [must] be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it [must] be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations omitted). The "actual controversy must be in existence at all stages of the litigation and cannot merely be present at the filing of the complaint." *Merck & Co., Inc. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 423 (D. Del. 2007). Even assuming that a controversy with respect to the unasserted claims of the '516 Patent existed at the onset of this litigation, it is now clear that such a controversy no longer exists.

**A.    ARIAD's Covenant Not to Sue Has Eliminated Subject Matter Jurisdiction over Amgen's Declaratory Action for Patent Invalidity and Unenforceability with Respect to the Unasserted Claims.**

As Amgen itself has explicitly acknowledged (*see supra* at 3-4), "[u]nder Federal Circuit precedent, a properly executed covenant not to sue for infringement not only moots the controversy with respect to infringement, but it also eliminates subject matter jurisdiction with respect to remaining declaratory claims for patent invalidity and unenforceability." *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1000, 1005 (C.D. Cal. 2008) (citing *Highway Equip. Co, Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir.

2006), *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) & *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007)).

Federal Circuit precedent is also clear that "the existence of a case or controversy [requirement for declaratory judgment action jurisdiction] must be evaluated on a claim-by-claim basis." *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984) (vacating the district court's holding of invalidity with respect to claims for which the record was inadequate to indicate the existence of a case or controversy). Thus, "[w]hen a dispute arises as to the justiciability of particular claims within a patent, the patent must be analyzed on a claim by claim basis, and a finding of justiciability over some claims does not necessarily entail justiciability over the others." *Biogen, Inc. v. Amgen, Inc.*, 913 F. Supp. 35, 38 (D. Mass. 1996).

With the exception of the seven claims enumerated above (*i.e.*, claims 6, 18, 70-72 and 183-184), ARIAD has, as shown above, unambiguously covenanted that it will not assert the '516 Patent against Amgen's Enbrel and Kineret products. Thus, it is clear that the Court no longer has jurisdiction to entertain Amgen's challenges to the validity and enforceability of the unasserted, and never to be asserted, claims of the '516 Patent. *E.g.*, *MedImmune*, 535 F. Supp. 2d at 1005-10; *Biogen*, 913 F. Supp. at 38-40.

It is immaterial that ARIAD's commitment does not cover products other than Enbrel and Kineret. To be effective, "a covenant need not cover potentially infringing activities in the future as long as it covers the past and present activities that constitute the 'actual controversy' between the parties." *MedImmune*, 535 F. Supp. 2d at 1005 (citing *Benitec*, 495 F.3d at 1345-48). The "actual controversy" here concerns, and has always concerned, two — and only two — products, Enbrel and Kineret. Enbrel and

Kineret were the only products that were the subject of the parties' pleadings[5] and they are the only products that were the subject of fact and expert discovery.[6] Enbrel and Kineret are the *only* products alleged to give rise to this controversy and, thus, this Court's potential jurisdiction under the Declaratory Judgment Act.[7] Indeed, the presence of Enbrel and Kineret on an ARIAD-generated list of products alleged to infringe the '516 Patent was the determinative factor in the Court's decision that it had jurisdiction over Amgen's declaratory action. (*See* Greenwald Decl. Ex. 3 at 78:23 (noting that, but for Enbrel's and Kineret's inclusion on that list "I think I would be ruling differently than I am today. In fact, I feel sure I would have.").)

### B.  Practical Considerations Support Dismissal with Respect to the Claims Subject to the Covenant Not to Sue.

The law is clear that, even where an actual controversy exists, it is within the court's discretion to decline jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-

---

[5] *See* Compl. (D.I. 1) ¶ 23 ("The Amgen Entities seek a judicial declaration that they do not directly or indirectly infringe any valid claim of the '516 patent through any activities related to the Enbrel and/or Kineret products . . . ."); Am. Compl. (D.I. 183) ¶ 25 (same); Countercl. (D.I. 185) ¶¶ 17-18 (summarizing ARIAD's infringement allegations with respect to Enbrel and Kineret).

[6] *See* Greenwald Decl. Ex. 6 at 2 (summarizing Amgen's production of documents responsive to ARIAD's requests and complaining about ARIAD's allegedly improper attempt to "fish for irrelevant 'technical' documents that lack any nexus to the [two] products-at-issue"); Greenwald Decl. Ex. 7 at 20:20-21:9 (counsel for Amgen noting that "[i]f there is not a nexus to Enbrel and Kineret, it's difficult for us to go through the files of everyone at Amgen in order to determine whether they have anything that simply has a mention of the terms 'NF kappa B" or 'TNF' or 'IL-1' . . . .").

[7] *See* 6/28/06 Amgen Opp'n to Mot. to Dismiss (D.I. 21) at 3 ("Amgen markets two human therapeutics that ARIAD contends infringe the '516 patent: Enbrel (etanercept) and Kineret (anakinra) . . . . Both of these products were listed on a slide shown as an ARIAD trial exhibit in April 2006 in litigation on the '516 patent between A[RIAD] and Lilly. . . . Each of the Amgen Entities is involved with the manufacture and/or promotion of at least one of these products."); *id.* at 4 ("That ENBREL and KINERET were targets for litigation was underscored by repeated references to litigation."); *id.* at 5 ("ENBREL and KINERET were specifically targeted").

88 (1995). Consistent with practical considerations of trial management, the Court should decline to exercise jurisdiction over Amgen's challenges to the validity and enforceability of claims subject to the covenant.

As the case is currently pleaded, Amgen seeks, within the confines of the 20 hours of trial time allotted to it, to invalidate or render unenforceable 203 claims of a single patent, at the same time that it will also, presumably, seek to present its several theories of inequitable conduct, and to rebut ARIAD's proof of infringement and infringement damages. ARIAD respectfully submits that even if there were real, justiciable controversies pertaining to all 203 claims — which there are not — trial of the validity/enforceability of the non-asserted claims would exceed the practical constraints of trial advocacy/management. The verdict form alone — let alone the instructions and arguments that would enable the jury to fill it out — would be staggering in its length and complexity. And indeed, review of Amgen's expert reports suggests that Amgen fully recognizes the untriable breadth of its complaint: Amgen's claim construction expert, Randolph Wall, supplied constructions of only limitations that appear in the seven claims asserted by ARIAD, not all the limitations of all 203 claims. Likewise, the claim construction chart jointly submitted by the parties seeks constructions of only those limitations. Hence, even if the Court had jurisdiction to construe the unasserted claims — which it does not, in light of ARIAD's covenant not to sue — Amgen would not have supplied the Court with the requisite means by which to do so.

Thus, ARIAD respectfully requests that the Court decline to exercise jurisdiction pursuant to the Declaratory Judgment Act to adjudicate Amgen's challenges to claims of the '516 Patent other than claims 6, 18, 70-72 and 183-184.

## Conclusion

For the foregoing reasons, ARIAD respectfully requests that the Court grant ARIAD and the Institutions partial summary judgment with respect to Amgen's challenges to the validity and enforceability of the claims of the '516 Patent other than claims 6, 18, 70-72 and 183-84.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (#2403)
John G. Day (#2114)
Tiffany Geyer Lydon (#3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants and Counterclaim Plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, the President and Fellows of Harvard College and the Whitehead Institute for Biomedical Research*

*Of Counsel:*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: April 25, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April, 2008, the attached **MEMORANDUM IN SUPPORT OF DEFENDANTS-COUNTERCLAIM-PLAINTIFFS' MOTION FOR LACK OF SUBJECT MATTER JURISDICTION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391 | HAND DELIVERY |
| Marcus E. Sernel, Esquire<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601-6636 | VIA ELECTRONIC MAIL |
| Laura M. Burson, Esquire<br>Kirkland & Ellis LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5800 | VIA ELECTRONIC MAIL |
| J. Drew Diamond, Esquire<br>Hogan & Hartson LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067 | VIA ELECTRONIC MAIL |
| Gail Katz, Esquire<br>Amgen, Inc.<br>One Amgen Center Drive<br>M.S. 28.2.C<br>Thousand Oaks, CA 93120-1799 | VIA ELECTRONIC MAIL |

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon