IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC., a Delaware corporation, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, *et. al.*<br><br>    Defendants/Counterclaim Plaintiffs. | Civil Action No. 06-259 (MPT)<br><br>PUBLIC VERSION<br>CONFIDENTIAL MATERIAL OMMITED |

## THE AMGEN ENTITIES' BRIEF IN SUPPORT OF THEIR MOTION TO PRECLUDE ARIAD'S PROFFERED EXPERTS ON WILLFULNESS AND INEQUITABLE CONDUCT FROM OPINING ON INTENT, STATE OF MIND, AND OTHER MATTERS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6681
msharp@ycst.com

HOGAN & HARTSON LLP
Siegmund Gutman
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4707

KIRKLAND & ELLIS LLP
Mark A. Pals, P.C.
Marcus E. Sernel
200 East Randolph Drive
Chicago, IL 60601-6636
(312)861-2000

Robert G. Krupka, P.C.
777 South Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

*Attorneys for Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA, Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

Dated: April 25, 2008

# TABLE OF CONTENTS

                                                                                                    Page

I.    NATURE AND STAGE ....................................................................................................1
II.   SUMMARY OF ARGUMENT .........................................................................................1
      A.    Preclusion of Testimony Regarding Willfulness ...................................................1
      B.    Preclusion of Testimony Regarding Inequitable Conduct .....................................1
III.  STATEMENT OF FACTS ................................................................................................2
IV.   ARGUMENT .....................................................................................................................2
      A.    Preclusion of Testimony Regarding Willfulness ...................................................4
            1.  *Mr. Manbeck and Dr. Calame Should be Precluded from
                Testifying About* **REDACTED** *Because It Is Irrelevant As
                a Matter of Law and Neither Witness Is Qualified to Do So.* .....................4
            2.  *Mr. Manbeck Should Be Precluded from Testifying About Whether*
                **REDACTED** *Because It Is Not
                Relevant to Any Issue and Does Not Assist the Jury.* ................................5
      B.    Preclusion of Testimony Regarding Inequitable Conduct .....................................6
            1.  *Mr. Manbeck Should Be Precluded from Offering Testimony About
                the* **REDACTED**
                *Because He Is Not Qualified to Offer Opinions and
                They Will Not Assist the Trier of Fact.* .......................................................6
V.    CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

Page

**Cases**

*AstraZeneca LP v. Tap Pharmaceutical Products, Inc.*,
   444 F. Supp. 2d 278 (D. Del. 2006) ................................................................................ 4

*Aventis Environmental Science USA LP v. Scotts Co.*,
   383 F. Supp. 2d 488 (S.D.N.Y. 2005) ........................................................................ 4, 5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) .......................................................................................... 3, 5, 6, 8

*In re Seagate Technology, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................................ 1, 4, 5, 6

*Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
   315 F. Supp. 2d 589 (D. Del. 2004) ................................................................................ 3

*KB Home v. Antares Homes, Ltd.*,
   No. 04-1031, 2007 U.S. Dist. LEXIS 47273 (N.D. Tex. June 28, 2007) ...................... 5

*Keytrak, Inc. v. Key Register, LLC*,
   No. 03-00870, 2004 U.S. Dist. LEXIS 30446 (N.D. Cal. Mar. 30, 2004) ..................... 7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) ....................................................................................... 6

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
   345 F. Supp. 2d 431 (D. Del. 2004) ............................................................................ 4, 7

*Revlon Consumer Products Corp. v. L'Oreal S.A.*,
   No. 96-192, 1997 U.S. Dist. LEXIS 4117 (D. Del. Mar. 26, 1997) ........................... 7, 8

*Tap Pharmaceutical Products, Inc. v. Owl Pharmaceuticals, L.L.C.*,
   No. 99-2715, 2003 U.S. Dist. LEXIS 27657 (N.D. Ohio Feb. 18, 2003) ...................... 7

*Underwater Devices v. Morrison Knudson Co.*,
   717 F.2d 1380 (1983) ....................................................................................................... 6

DB02:6768940.1                                                                                                                                065028.1001

**Statutes**

35 U.S.C. §112 .................................................................................................... 7

**Cases**

Fed. R. Evid. 702 ........................................................................................ 2, 3, 5, 8

I.  **NATURE AND STAGE**

The nature and stage of these proceedings as set forth in the April 25, 2008, Opening Brief in Support of Amgen's Claim Constructions is adopted by reference.

II. **SUMMARY OF ARGUMENT**

    A.  **Preclusion of Testimony Regarding Willfulness**

        1.  ARIAD's proffered experts, Harry J. Manbeck, Jr., and Kathryn Calame, Ph.D., should be precluded from offering testimony regarding [REDACTED] because:

            a.  [REDACTED] is irrelevant as a matter of law to the determination of "objective recklessness" under *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007);

            b.  Neither is qualified by knowledge, skill, experience, training, or education to offer opinions regarding [REDACTED]; and

            c.  Their opinions will not assist the trier of fact to understand evidence or determine a fact in issue.

        2.  Mr. Manbeck should be precluded from offering testimony regarding whether [REDACTED] because it is irrelevant as a matter of law to the determination of willfulness.

    B.  **Preclusion of Testimony Regarding Inequitable Conduct**

        1.  Mr. Manbeck should be precluded from offering testimony about [REDACTED] in connection with their alleged inequitable conduct before the PTO because:

            a.  He is not qualified by knowledge, skill, experience, training, or education to offer opinions regarding state of mind; and

            b.  His opinions will not assist the trier of fact to understand evidence or determine a fact in issue.

### III. STATEMENT OF FACTS

Harry J. Manbeck, Jr. is an attorney retained by ARIAD to offer opinions on the issues of inequitable conduct before the PTO and willful infringement. Mr. Manbeck's proffered rebuttal testimony on the issue of inequitable conduct, [REDACTED] was disclosed in his first report served on February 22, 2008. (Ex. A, [REDACTED] Mr. Manbeck's proffered testimony on the issue of willfulness, [REDACTED] was disclosed for the first time in his report served on March 7, 2008. (Ex. B, [REDACTED] Finally, Mr. Manbeck purports to opine [REDACTED] (Ex. C, [REDACTED]

Kathryn Calame, Ph.D., has been retained by ARIAD to offer opinions regarding willfulness as disclosed in her January 18, 2008 report. (Ex. D, [REDACTED] [REDACTED]

Amgen seeks to preclude testimony from Mr. Manbeck and Dr. Calame concerning matters about which they are not qualified to testify, including [REDACTED] [REDACTED] improper statements of the law, and matters not relevant to any issue in this suit.

### IV. ARGUMENT

Expert testimony is admissible only where "scientific, technical, or other specialized knowledge will assist the trier of fact." *See* FED. R. EVID. 702. To offer expert testimony, a

witness must be "qualified as an expert by knowledge, skill, experience, training, or education." *Id.* The Supreme Court has "assign[ed] to the trial judge the task of ensuring that an expert's testimony both rests on *a reliable foundation* and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) (emphasis added); *see also Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 600 (D. Del. 2004). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will *assist the trier of fact* to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is *based upon sufficient facts or data*, (2) the testimony is the *product of reliable principles and methods*, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702 (emphases added). Under Rule 702 and *Daubert*, expert opinions are inadmissible if they are the product of unreliable principles and methods. *See* Rule 702 Advisory Committee Notes; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-95 (1993). Similarly, expert opinions are inadmissible if they are formed from speculative, insufficient, or otherwise untrustworthy data. *See* Rule 702 Advisory Committee Notes ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted.")

Substantial portions of the proffered opinions of Mr. Manbeck and Dr. Calame should be precluded as such opinions relate to [REDACTED] (for which they are not experts) and such opinions apply an incorrect legal standard.

A.  **Preclusion of Testimony Regarding Willfulness**

  1.  *Mr. Manbeck and Dr. Calame Should be Precluded from Testifying About* REDACTED *Because It Is Irrelevant As a Matter of Law and Neither Witness Is Qualified to Do So.*

Expert testimony about 

Mr. Manbeck and Dr. Calame should be precluded from testifying about REDACTED

Most importantly, under the heightened "objective recklessness" test announced in *In re Seagate*, " REDACTED is *not relevant*." 497 F.3d 1360, 1371 (emphasis added).[1] As a result, Mr. Manbeck and Dr. Calame's reliance on REDACTED

---

[1]  For further discussion, see the Amgen Entities' Opening Brief in Support of Summary Judgment of Non-Willfulness filed on April 25, 2008.

is an improper foundation for any proffered expert testimony.[2] In addition, as noted, neither Mr. Manbeck nor Dr. Calame is qualified to opine **REDACTED**. Moreover, Mr. Manbeck's and Dr. Calame's opinions about **REDACTED** As a result, the proffered opinions will not assist the trier of fact and should be excluded. F.R.E. 702; *Daubert*, 509 U.S. at 592-93; *see also Aventis*, 383 F. Supp.2d at 516 (excluding the testimony of an antitrust liability expert that business decisions were permissible under the Sherman Act "irrespective" of the decision's effect on competition because it ran counter to the applicable law (the rule of reason) and usurped the judge's role in instructing the jury as to the appropriate legal framework).

   2.   *Mr. Manbeck Should Be Precluded from Testifying About Whether* **REDACTED** *Because It Is Not Relevant to Any Issue and Does Not Assist the Jury.*

Mr. Manbeck should be precluded from giving the irrelevant testimony that **REDACTED** (Ex. E, Mar. 7, 2008, Manbeck Report. at 9, ¶ 27) Whether **REDACTED** is not relevant to any issue in this case. In the recent decision *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*), the Federal Circuit established a purely objective test for willfulness and explicitly rejected the older subjective test **REDACTED**

---

[2]   The Supreme Court has instructed courts to preclude expert testimony that isn't "relevant to the task at hand," including testimony that applies an incorrect legal standard, because it is not helpful and may confuse or mislead the trier of fact. *Daubert*, 509 U.S. at 597; *see also KB Home v. Antares Homes, Ltd.*, No. 04-1031, 2007 U.S. Dist. LEXIS 47273, at *27 (N.D. Tex. June 28, 2007).



Thus, Mr. Manbeck's statement about whether [REDACTED] in this action is not "relevant to the task at hand" and should be precluded. *Daubert*, 509 U.S. at 597.

### B. Preclusion of Testimony Regarding Inequitable Conduct

1. *Mr. Manbeck Should Be Precluded from Offering Testimony About the* [REDACTED] *Because He Is Not Qualified to Offer Opinions and They Will Not Assist the Trier of Fact.*

Mr. Manbeck should be precluded from testifying about [REDACTED] involving the '516 patent in opining on [REDACTED].[3] Courts routinely exclude testimony by expert witnesses on the issue of intent as it applies to inequitable

---

[3] The Honorable Gerald J. Mossinghoff has opined that [REDACTED] (Declaration of Gerald J. Mossinghoff, Ex. A, January 18, 2008 Expert Report of the Honorable Gerald J. Mossinghoff, ¶¶ 63-91). Mr. Mossinghoff does not purport to opine on either [REDACTED]

conduct.  Mr. Manbeck should be precluded from testifying about  *Oxford Gene Technology*, 345 F. Supp. 2d at 443.

In his February 22, 2008 report, Mr. Manbeck sets forth his opinions on REDACTED But Mr. Manbeck has no education, training or experience that qualifies him to opine REDACTED are unsupported by any record evidence, are

contrary to the proper inferences from the record, and are exclusively reserved for determination by the Court. *See Revlon*, 1997 U.S. Dist. LEXIS 4117 at *8-9. As such, Mr. Manbeck's opinions in this regard should be precluded.

V. **CONCLUSION**

For the foregoing reasons, the proferred expert testimony of Mr. Manbeck and Dr. Calame on the issue of willfulness, and of Mr. Manbeck on the issue of inequitable conduct, fails to satisfy the standards required for admission and should be precluded under *Daubert* and Federal Rule of Evidence 702 .

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp
_____
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

Siegmund Gutman
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4707

Dated: April 25, 2008

*Attorneys for Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*