IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION,<br><br>        Plaintiffs,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>        Defendants. | C.A. No. 06-259-MPT<br><br>**REDACTED**<br>**PUBLIC VERSION** |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,<br><br>        Counterclaim-Plaintiffs,<br><br>v.<br><br>AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH,<br><br>        Counterclaim-Defendants. | |

**DEFENDANTS-COUNTERCLAIM-PLAINTIFFS' MEMORANDUM IN OPPOSITION TO AMGEN'S MOTION TO PRECLUDE CERTAIN OPINIONS OF DR. JEFFREY V. RAVETCH**

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: May 22, 2008

ASHBY & GEDDES
Steven J. Balick (#2403)
John G. Day (#2114)
Lauren E. Maguire (#4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, the President and Fellows of Harvard College and the Whitehead Institute for Biomedical Research*

{00218738;v1}

## Table of Contents

*Page*

Table of Authorities ..................................................................................................... ii

I.   Introduction ........................................................................................................1

II.  Summary of Argument......................................................................................2

III. Argument ............................................................................................................3

    A.   Dr. Ravetch Applied the Correct Legal Standard in His Analysis of the Proper Priority Dates for the Asserted Claims. ..........................3

    B.   Dr. Ravetch Applied the Correct Legal Standard in His Analysis of Inherent Anticipation..........................................................................6

    C.   Even If Dr. Ravetch Had Applied an Incorrect Legal Standard, Exclusion Is Not the Proper Remedy. ...................................................9

IV.  Conclusion.........................................................................................................11

# Table of Authorities

*Page(s)*

**Cases**

*Atlas Powder Co. v. Ireco, Inc.*,
190 F.3d 1342 (Fed. Cir. 1999) ...................................................................................8

*Corning Inc. v. SRU Biosystems*,
No. Civ.A. 03-633 JJF, 2005 WL 2465900 (D. Del. Oct. 5, 2005) ..........................9

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ............................................................................................9-10

*Glaxo Inc. v. Novopharm Ltd.*,
52 F.3d 1043 (Fed. Cir. 1995) .....................................................................................8

*Hebert v. Lisle Corp.*,
99 F.3d 1109 (Fed. Cir. 1996) ...................................................................................10

*In re Cruciferous Sprout Litigation*,
301 F.3d 1343 (Fed. Cir. 2002) ...................................................................................8

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994) ........................................................................................11

*Inline Connection Corp. v. AOL Time Warner Inc.*,
470 F. Supp. 2d 424 (D. Del. 2007) ................................................................9, 10, 11

*KB Home v. Antares Homes, Ltd.*,
No. 3-04-CV-1031-L, 2007 WL 1893370 (N.D. Tex. June 28, 2007) ......................10

*MEHL/Biophile Int'l. Corp. v. Milgraum*,
192 F.3d 1362 (Fed. Cir. 1999) ...................................................................................7

*New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*,
298 F.3d 1290 (Fed. Cir. 2002) ...................................................................................3

*Schering Corp. v. Geneva Pharms., Inc.*,
339 F.3d 1373, 1378 (Fed. Cir. 2003) ......................................................................7, 9

*Zenith Elec. Corp. v. PDI Comm. Sys., Inc.*,
522 F.3d 1348 (Fed. Cir. 2008) ............................................................................10, 11

**Statutes & Rules**

35 U.S.C. § 112.................................................................................................................3, 4

35 U.S.C. § 120....................................................................................................................3

Fed. R. Civ. P. 702.............................................................................................................10

Defendants-counterclaim-plaintiffs (collectively, "ARIAD") submit this memorandum in opposition to plaintiffs-counterclaim-defendants' (collectively, "Amgen") motion to preclude certain opinions proffered by Dr. Jeffrey V. Ravetch.

## I. Introduction

Dr. Jeffrey V. Ravetch is the Theresa and Eugene M. Lang Professor and Head of the Laboratory of Molecular Genetics and Immunology at Rockefeller University, and a noted scientist in the fields of genetics and immunology. ARIAD has retained Dr. Ravetch to offer opinions on several subjects relevant to this litigation. Amgen does not challenge Dr. Ravetch's qualifications or seek to preclude his testimony in its entirety. Instead, Amgen seeks to preclude Dr. Ravetch's opinions that (i) the asserted claims are entitled to certain priority dates based upon the disclosures in the applications that led to their issuance; and (ii) none of the prior art references cited by Amgen inherently anticipates any of the asserted claims. Amgen bases its motion solely on its erroneous claim that Dr. Ravetch employed the wrong legal standards in rendering those opinions. However, as demonstrated below, Dr. Ravetch indisputably applied the correct legal standards and Amgen's attempts to misrepresent his testimony do not change that. Moreover, even if Dr. Ravetch had misstated the legal standards, that is still not a basis for exclusion.[1] Accordingly, Amgen's motion to preclude Dr. Ravetch's opinions should be denied.

---

[1] Indeed, exclusion of those opinions would have the disfavored effect of preventing ARIAD from offering any expert testimony on two issues central to the validity of the patent in suit — effective filing date and inherent anticipation.

## II. Summary of Argument

1. Amgen's motion to preclude Dr. Ravetch's priority date opinions should be denied because, contrary to Amgen's assertion, Dr. Ravetch applied the correct legal standard to determine if the patent applications contain sufficient written description to support ARIAD's claimed priority dates.[2] Amgen's argument that Dr. Ravetch applied the wrong standard hinges on a selective and inaccurate reading of a single out-of-context question and answer from his deposition testimony.[3] (*See* Amgen Br. at 1, 4.) Amgen simply ignores the rest of Dr. Ravetch's deposition testimony and reports, which make absolutely plain that he applied the correct legal standard. Indeed, Dr. Ravetch applied the same standard applied by Amgen's own experts. (*See infra* Section III.A.)

2. Similarly, Amgen's motion to preclude Dr. Ravetch's opinion regarding inherent anticipation must be denied because, contrary to Amgen's assertions, Dr. Ravetch applied the correct legal standard in analyzing the references that Amgen alleges inherently anticipate the '516 Patent. Not only is that standard entirely consistent with controlling precedent, but it is also identical to the standard applied by Amgen's own experts. (*See infra* Section III.B.)

3. The only harm Amgen alleges is potential jury confusion. (*See* Amgen Br. at 3, 5 & 7.) Even if Dr. Ravetch had applied the incorrect legal standards — which he

---

[2] Although Amgen's motion is styled as a motion to preclude Dr. Ravetch's written description analysis, it is, in actuality, an attempt to exclude Dr. Ravetch's analysis of priority date because of an alleged misapplication of the written description standard.

[3] Amgen's Brief in Support of the Motion to Preclude Certain Opinions Proffered by Dr. Jeffrey V. Ravetch (D.I. 602) is referred to herein as "Amgen Br."; documents cited to herein are attached to the Supplemental Declaration of David Greenwald ("Greenwald Supp. Decl.") dated May 22, 2008.

did not — there is no basis for precluding Dr. Ravetch's opinions on these subjects as a remedy for potential jury confusion. (*See infra* Section III.C.)

III.   **Argument**

Amgen misleadingly extracts quotes from Dr. Ravetch's deposition testimony and reports to construct an argument that Dr. Ravetch applied incorrect legal standards in his analyses. (*See* Amgen Br. 1-2, 4-6.) When read in full, however, Dr. Ravetch's testimony and reports make clear that he applied legal standards consistent with Federal Circuit case law and the same standards applied by Amgen's own experts. Simply put, no basis for exclusion exists.

   A.   **Dr. Ravetch Applied the Correct Legal Standard in His Analysis of the Proper Priority Dates for the Asserted Claims.**

For a claim to be entitled to the priority date of a patent application, the subject matter of the claim must be adequately described in that application. *See* 35 U.S.C. § 120; 35 U.S.C. § 112. Under Federal Circuit precedent, an adequate written description must "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, [the applicant] was in possession of the invention." *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1295 (Fed. Cir. 2002) (cited in Amgen Br. at 3). Amgen's own expert, Dr. Randolph Wall, paraphrased the test as follows:

> I have been informed that a patent's written description is only sufficient if the patent application as originally filed allows persons of ordinary skill in the art to recognize that the applicant invented what is claimed. Put another way, this means that the patentees' originally-filed disclosure must convey to one of skill in the art that, at the time of filing, the inventors had possession of the full scope of the later claimed subject matter.

(Greenwald Supp. Decl. Ex. 24, 1/18/2008 Wall Report at 4.)

Dr. Ravetch stated the correct standard, using words strikingly similar to those used by Dr. Wall:

> I understand that to satisfy the written description requirement of 35 U.S.C. § 112, an application must describe the claimed invention in such a way as to make clear to a [person of skill in the art] that the patent applicants invented what is claimed in the issued patent. In other words, the claimed invention must be supported by the disclosure of the application in such a way as to show that the inventors were in possession of the claimed invention.

(Greenwald Supp. Decl. Ex. 25, 1/18/08 Ravetch Initial Report ¶ 42; *see also* Greenwald Supp. Decl. Ex. 40, 4/3/2008 Ravetch Dep. at 134:8-23

**REDACTED**

Dr. Ravetch then applied this standard to determine that the asserted claims were entitled to various priority dates. His detailed analysis of the written description in the applications that supply those priority dates is set forth in paragraphs 37-54 of his January 18, 2008 Report. (*See* Greenwald Supp. Decl. Ex. 25, 1/18/2008 Ravetch Initial Report at pages 15-22.)

Amgen simply ignores Dr. Ravetch's report and bases its motion solely on an out-of-context sound bite from Dr. Ravetch's deposition. According to Amgen, Dr. Ravetch's priority date opinions must be excluded because he answered "yes" when asked the following question:

**REDACTED**

(Greenwald Supp. Decl. Ex. 40, 4/3/2008 Ravetch Dep. at 134:24-135:6.) Amgen argues that Dr. Ravetch's assent to Amgen's counsel's formulation of the standard — in

particular, Dr. Ravetch's assent to the final phrase Amgen's counsel inserted into his own question — **REDACTED** — nullifies Dr. Ravetch's actual opinions, because that phrase does not actually appear in the standard. (*See* Amgen Br. at 3-5.) Critically, though, Amgen ignores all the testimony in both Dr. Ravetch's deposition and his report that makes clear he did not actually apply any standard that included "what was obvious to one of ordinary skill in the art" to "'fill in' holes in the inadequate disclosure." (Amgen Br. at 1.)

Indeed, Dr. Ravetch pointed out to Amgen's counsel at his deposition

**REDACTED**

In the lines immediately preceding the question cited by Amgen, this exchange occurred:

**REDACTED**

(Greenwald Supp. Decl. Ex. 40, 4/3/2008 Ravetch Dep. at 134:8-23 (emphasis added).) That testimony, which Amgen ignores in its brief, makes clear that Dr. Ravetch applied the correct legal standard, despite Amgen's counsel's attempt to include "obvious" in that standard.

Immediately following the question and answer cited in Amgen's brief, counsel for Amgen again attempted to force Dr. Ravetch to admit he considered what was "obvious." (Id. at 138:9-13.) But Dr. Ravetch then explained,

**REDACTED**

(Id. at 138:15-18.)

Amgen's counsel once again asked Dr. Ravetch if he considered

(id. at 138:22-139:7), and following another objection by ARIAD's counsel, Dr. Ravetch replied,

**REDACTED**

(Id. at 139:8-13 (emphasis added).)

A full and fair reading of Dr. Ravetch's testimony and reports makes clear that Dr. Ravetch applied the correct legal standard with respect to his analysis of the proper priority date.

     **B.**    **Dr. Ravetch Applied the Correct Legal Standard in His Analysis of Inherent Anticipation.**

Amgen argues that Dr. Ravetch was incorrect in stating that a prior art reference must "necessarily and always" disclose the patented invention in order to inherently anticipate the patent. (See Amgen Br. at 5.)[4] Tellingly, Amgen does not provide what it contends is the correct legal standard. Federal Circuit precedent makes

---

[4] Amgen also seizes on Dr. Ravetch's isolated use of the phrases "in all circumstances" and "in each and every case" in his expert report. (See Amgen Br. at 6.) Amgen does not explain how those words in any way undermine Dr. Ravetch's analysis of inherent anticipation, and ARIAD's arguments with respect to "necessarily and always" apply with equal force to that language.

clear that for a reference to be anticipating, it must "necessarily and inevitably" disclose the invention. *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1378 (Fed. Cir. 2003). Amgen's own anticipation experts quote that language over twenty times (*see* Greenwald Supp. Decl. Ex. 22, 1/15/2008 Ciechanover Report at 2, 15, 17, 18 & 22; Greenwald Supp. Decl. Ex. 27, 1/18/2008 Greene Opening Report at 3, 16, 20, 22, 34-40, 42-44, 46, 94 & 95), and Dr. Ravetch employs the identical language in his report (*see* Greenwald Supp. Decl. Ex. 32, 2/22/2008 Ravetch Rebuttal Report ¶ 34 ("the experiments do not necessarily and inevitably involve the NF-κB pathway"); *see also id.* ¶¶ 30, 37 & 38).

Although Dr. Ravetch occasionally varied a single word, substituting "always" for "inevitably," Amgen does not explain why this distinction — on which its argument rests — has any legal import, which it does not. Indeed, if a prior art reference must "necessarily" and "inevitably" produce the claimed result, then it must "always" produce that result. The words mean the same thing. The inherent anticipation standard incorporates the word "inevitably" to ensure that an anticipating reference discloses the invention in a demonstrated and verifiable way, rather than by mistake or happenstance. *See Schering*, 339 F.3d at 1378 (distinguishing inherency from instances of "accidental, unwitting, and unappreciated" disclosures); *see also MEHL/Biophile Int'l. Corp. v. Milgraum*, 192 F.3d 1362, 1365-67 (Fed. Cir. 1999) ("Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient."). For that reason, the use of "always" instead of "inevitably" makes no meaningful difference. It is not surprising, therefore, that in *Glaxo Inc. v. Novopharm Ltd.*, 52 F.3d

1043 (Fed. Cir. 1995), the Federal Circuit upheld a finding of non-inherency where the district court determined that a claim was not anticipated since the reference did not "always" disclose the invention. *Id.* at 1047. Unquestionably Dr. Ravetch's inherent anticipation standard is in accord with these authorities.

Amgen cites several Federal Circuit decisions for the unremarkable, but here irrelevant, proposition that a single prior art reference may inherently anticipate a patent.[5] (*See* Amgen Br. at 6-7.) However, in an attempt to suggest that Dr. Ravetch applied a higher than customary standard, Amgen cites with particular emphasis and inaccuracy *In re Cruciferous Sprout Litigation*, 301 F.3d 1343 (Fed. Cir. 2002). According to Amgen, that case proves that "Dr. Ravetch's '*necessarily and always*' standard contravenes settled law" because in that case only "*some*" of the prior art references "would have inherently" disclosed the invention. (Amgen Br. at 7 (emphasis in Amgen's brief).) That argument is nonsensical. The use of "always," like the use of "inevitably," does not mean that *all* possible prior art references, however many may exist, must always or inevitably anticipate the claims. Nor did Dr. Ravetch suggest that all prior art references must anticipate the patent for a claim to be anticipated. Rather, under Federal Circuit law, to inherently anticipate a claim, *one* reference must "necessarily and inevitably" disclose the invention. *Schering*, 339 F.3d at 1378. In this case, as Dr. Ravetch opines, using the correct legal standard, *no* prior art reference

---

[5] Amgen also cites *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342 (Fed. Cir. 1999), for the proposition that "[t]he public remains free to make, use or sell prior art compositions or processes, regardless of whether or not they understand their complete makeup or the underlying scientific principles which allow them to operate." (Amgen Br. at 7 (quoting *Atlas Powder*, 190 F.3d at 1348).) ARIAD does not dispute that statement, which is irrelevant to the interpretation in issue.

discloses, explicitly or inherently, the invention of the asserted claims of the '516 Patent. (*See* Greenwald Supp. Decl. Ex. 32, 2/22/2008 Ravetch Rebuttal Report ¶ 5.)

In his reports and testimony, Dr. Ravetch employs the correct standard with respect to inherent anticipation. Accordingly, that part of Amgen's motion seeking to preclude Dr. Ravetch's opinions on non-anticipation should be denied.

### C. Even If Dr. Ravetch Had Applied an Incorrect Legal Standard, Exclusion Is Not the Proper Remedy.

Although Dr. Ravetch applied the correct legal standards for both his priority date and inherent anticipation analyses, assuming, counterfactually, that he had failed to do so, the appropriate remedy would *not* be preclusion of all related testimony. Rather, the appropriate remedy would be to allow cross examination of Dr. Ravetch on the alleged deficiencies so the jury can determine what weight should be afforded his opinions.

For example, in *Corning Inc. v. SRU Biosystems*, No. Civ.A. 03-633 JJF, 2005 WL 2465900 (D. Del. Oct. 5, 2005), a patent infringement case from this district, the plaintiff moved to preclude the testimony of the defendant's expert based on the expert's application of an allegedly incorrect legal standard. The court declined to strike the related testimony, holding instead "that any inconsistencies between [the expert's] analysis and the correct legal standards should be considered in the weight to be afforded" the expert's testimony by the trier of fact. *Id.*, at *1. *See also Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 439 (D. Del. 2007) (describing the remedy for allegedly "shaky" expert opinions as "vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof" (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993))).

Amgen has failed to provide any authority for excluding Dr. Ravetch's opinions. Amgen cites *Daubert* for its statement that "[e]xpert testimony should be precluded when it is not 'relevant to the task at hand,' including testimony that applies an incorrect legal standard, because it is not helpful and may 'confuse and mislead' the jury." (Amgen Br. at 3.) However, Dr. Ravetch's testimony is plainly relevant, and nowhere does *Daubert* discuss the exclusion of expert testimony for citing an incorrect legal standard. Indeed, *Daubert* recognizes that "vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596; *see also Inline Connection*, 470 F. Supp. 2d at 439 (same).[6]

In fact, Amgen's position stands in contrast to Federal Rule of Civil Procedure 702 which, as with *Daubert*, tilts decidedly in favor of admitting expert evidence. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994) (discussing Rule 702's "policy of liberal admissibility"); *see also Inline Connection*, 470 F. Supp. 2d at 438 (noting that exclusion is an "extreme sanction"). Amgen remains free to examine

---

[6] The other cases Amgen cites are similarly unavailing. Amgen cites *KB Home v. Antares Homes, Ltd.*, No. 3-04-CV-1031-L, 2007 WL 1893370, at *9 (N.D. Tex. June 28, 2007), for the proposition that expert testimony based on an improper legal standard should be precluded because it will "'confuse and mislead' the jury." (*See* Amgen Br. at 5, 7.) However, the court in that case declined to preclude the testimony at issue, stating that the objections were moot due to the limited scope of the expert's testimony. *KB Home*, 2007 WL1893370, at *10. In *Zenith Elec. Corp. v. PDI Comm. Sys., Inc.*, 522 F.3d 1348 (Fed. Cir. 2008), the Federal Circuit upheld the district court's *denial* of a motion to preclude testimony where the district court found it improper to exclude an expert witness at the summary judgment stage. *Id.* at 1357 n. 3. And in *Hebert v. Lisle Corp.*, 99 F.3d 1109 (Fed. Cir. 1996), the Federal Circuit admonished courts to avoid letting patent law experts opine incorrectly on substantive patent law, a starkly different situation than the one presently before the Court. *Id.* at 1117.

Dr. Ravetch at trial, and to move for appropriate jury instructions at the appropriate time. Therefore, even assuming, counterfactually, that Dr. Ravetch did cite an incorrect standard, which he did not, Amgen's motion to preclude related opinions should be denied.

## IV. Conclusion

For the foregoing reasons, ARIAD respectfully requests that the Court deny Amgen's motion to preclude certain proffered opinions of Dr. Ravetch.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (#2403)
John G. Day (#2114)
Lauren E. Maguire (#4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, the President and Fellows of Harvard College and the Whitehead Institute for Biomedical Research*

*Of Counsel:*

Evan R. Chesler
Keith R. Hummel
David R. Marriott
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: May 22, 2008