IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN, INC., a Delaware corporation;        )
IMMUNEX CORPORATION, a Washington           )
corporation; AMGEN USA INC., a Delaware     )
corporation; AMGEN MANUFACTURING,           )
LIMITED, a Bermuda Corporation, and         )
IMMUNEX RHODE ISLAND                        )
CORPORATION, a Delaware corporation,        )          Civil Action No.06-259 (MPT)
                                            )
    Plaintiffs/Counterclaim Defendants,     )
                                            )          **Public Version**
    v.                                      )          **Confidential Material Ommited**
                                            )
ARIAD PHARMACEUTICALS, INC., a              )
Delaware corporation, and THE WHITEHEAD     )
INSTITUTE FOR BIOMEDICAL RESEARCH,          )
a Delaware corporation, *et. al.*           )
                                            )
    Defendants/Counterclaim Plaintiffs.     )

DECLARATION OF MELANIE K. SHARP
IN SUPPORT OF THE AMGEN ENTITIES' REPLY IN SUPPORT OF
THEIR *DAUBERT* MOTION TO PRECLUDE CERTAIN UNSUPPORTED AND
UNRELIABLE OPINIONS OF DR. RYAN SULLIVAN RELATING TO DAMAGES

I, Melanie K. Sharp, hereby declare as follows:

1.      I am a partner at the law firm of Young Conaway Stargatt & Taylor, LLP in

Wilmington, Delaware, counsel for Plaintiffs in the above-captioned matter.  I submit this

Declaration in connection with The Amgen Entities' Reply in Support of their *Daubert* Motion

to Preclude Certain Unsupportable and Unreliable Opinions of Dr. Ryan Sullivan Relating to

Damages.  I have personal knowledge of the facts set forth herein and, if called as a witness,

could and would competently testify thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of selected pages from the

March 25, 2008 deposition of Ryan Sullivan.

3.      Attached hereto as Exhibit 2 is a true and correct copy of an email from Vasant

Gandhi to Fritz Casselman dated March 28, 2002, Bates-numbered ARI 71749.

4.     Attached hereto as Exhibit 3 is a true and correct copy of an email from Fritz Casselman to Vasant Gandhi dated March 28, 2002, Bates-numbered ARI 72435.

5.     Attached hereto as Exhibit 4 is a true and correct copy of Defendant ARIAD Pharmaceuticals, Inc.'s Fifth Notice of Deposition of Plaintiffs Pursuant to Federal Rule of Civil Procedure 30(b)(6).

6.     Attached hereto as Exhibit 5 is a true and correct copy of Defendant and Counterclaim Plaintiff ARIAD's Sixth Notice of Deposition of the Amgen Entities Pursuant to Federal Rule of Civil Procedure 30(b)(6).

7.     Attached hereto as Exhibit 6 is a true and correct copy of an October 18, 2007 Subpoena in a Civil Case issued for Vasant Gandhi.

8.     Attached hereto as Exhibit 7 is a true and correct copy of an email string between Fritz Casselman and Lisa Bidwell, Bates-numbered ARI 72313 - ARI 72316.

9.     Attached hereto as Exhibit 8 is a true and correct copy of selected pages from the November 30, 2007 deposition of Laurie Allen.

10.     Attached hereto as Exhibit 9 is a true and correct copy of selected pages from the March 26, 2008 deposition of Kathryn Calame.

11.     Attached hereto as Exhibit 10 is a true and correct copy of selected pages from the March 7, 2008 Reply Expert Report of Walter Bratic.

12.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.  Executed this 6th day of June, 2008.

/s/ Melanie K. Sharp
Melanie K. Sharp, Esq. (No. 2501)

DB02:6879381.1

065028.1001

# Exhibit 1

# REDACTED

# Exhibit 2

# REDACTED

# Exhibit 3

**REDACTED**

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | C.A. No. 06-259-MPT |
| Plaintiffs, | |
| v. | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, | |
| Defendants. | |
| ARIAD PHARMACEUTICALS, INC., THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | |
| Counterclaim-Defendants. | |

**DEFENDANT ARIAD PHARMACEUTICALS, INC.'S**
**FIFTH NOTICE OF DEPOSITION OF PLAINTIFFS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Defendant ARIAD Pharmaceuticals, Inc. ("ARIAD") will take the deposition upon oral examination of Plaintiffs Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation (collectively, "Amgen") on May 22, 2007 beginning at 9:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the Hyatt Westlake Plaza, 880 S. Westlake Blvd., Thousand Oaks, CA 91361, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Amgen shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Amgen with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Amgen.

Amgen is requested to provide to ARIAD's counsel, on or before May 7, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendant*
*ARIAD Pharmaceuticals, Inc.*

Of Counsel:

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

Dated:  April 23, 2007

179931.1

## ATTACHMENT A

## DEFINITIONS

A.      "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.      "AMGEN," "YOU," and "YOUR" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.      "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D.      "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E.      "KINERET" shall mean YOUR commercially available product sold under the brand name Kineret® and/or the generic name anakinra, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.      "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

G.      WYETH shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

H.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002.

I.    "'516 PATENT FAMILY" shall mean the '516 PATENT, any patents or applications from which the '516 PATENT claims priority, and any patents or applications that claim priority to an application from which the '156 PATENT claims priority.

J.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.    AMGEN's communications with ARIAD relating to the '516 PATENT or the '516 PATENT FAMILY.

2.    AMGEN's pre-suit knowledge of the '516 PATENT.

3.    The date on which AMGEN first became aware of the '516 patent and the specific circumstances of how AMGEN became aware the '516 PATENT.

4.    All steps taken by AMGEN to ensure that AMGEN avoided infringement of the '516 PATENT with respect to its activities in connection with ENBREL.

5.    All steps taken by AMGEN to ensure that AMGEN avoided infringement of the '516 PATENT with respect to its activities in connection with KINERET.

6.    All steps taken by AMGEN to assure that it was acting with due care in connection with ARIAD's rights with respect to the '516 PATENT.

7.    Any test, study, analysis, opinion or investigation of the '516 PATENT, including the specific circumstances and results of each such activity, undertaken by or on behalf of AMGEN.

2

8.      Any attempts undertaken by or on behalf of AMGEN to evaluate, analyze, test, operate, study the subject matter of the '516 PATENT.

9.      AMGEN's reliance on any opinion of counsel in connection with the '516 patent and ENBREL or KINERET, including any such opinions relied upon with respect to freedom to operate, validity of the '516 patent, and/or infringement of the '516 PATENT.

10.     Testing of ENBREL in the United States relating to the mechanism of action of ENBREL in relation to NF-KB, including the identity and location of those who performed and analyzed such testing and the dates of such testing.

11.     Testing of KINERET in the United States relating to the mechanism of action of KINERET in relation to NF-KB, including the identity and location of those who performed and analyzed such testing and the dates of such testing.

12.     The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 12 above.

13.     The nature, existence, and location of all DOCUMENTS relating to Topics 1 to 12 above.

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, and IMMUNEX RHODE ISLAND CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. 06-259-MPT |
| v. | ) ) | |
| ARIAD PHARMACEUTICALS, INC., and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) ) | |
| ———————————————————— | ) | |
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, | ) ) ) ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| AMGEN INC., IMMUNEX CORPORATION, AMGEN USA INC., AMGEN MANUFACTURING LIMITED, IMMUNEX RHODE ISLAND CORPORATION, and WYETH, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF ARIAD'S**
**SIXTH NOTICE OF DEPOSITION OF THE AMGEN ENTITIES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, and the Local Rules of this Court, Defendant ARIAD Pharmaceuticals, Inc.

("ARIAD") will take the deposition upon oral examination of Plaintiffs Amgen Inc., Immunex

Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island

Corporation (collectively, "Amgen") on June 11, 2007 beginning at 9:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the Renaissance Agoura Hills Hotel, 30100 Agoura Road, Agoura Hills, CA 91301, or according to alternative arrangements upon which counsel jointly agree. The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Amgen shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Amgen with respect to each of the subjects set forth in Attachment A. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to Amgen.

Amgen is requested to provide to ARIAD's counsel, on or before June 4, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for ARIAD Pharmaceuticals, Inc.*

*Of Counsel:*

Morgan Chu
David I. Gindler
Elizabeth Rosenblatt
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Dated:  May 23, 2007
180868.1

## ATTACHMENT A

## DEFINITIONS

A.    "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.    "AMGEN," "YOU," and "YOUR" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34.  Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

D.    "ENBREL" shall mean YOUR commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

E.    "KINERET" shall mean YOUR commercially available product sold under the brand name Kineret® and/or the generic name anakinra, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.    WYETH shall mean Wyeth, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and/or American Home Products Corporation.

G.    "UNITED STATES" shall mean the United States of America, its territories and possessions.  Areas such as the District of Columbia, American Samoa, Puerto Rico, and the Virgin Island are included.

- 4 -

H.    "'516 PATENT FAMILY" shall mean United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, any patents or applications from which the '516 PATENT claims priority, and any patents or applications that claim priority to an application from which the '516 PATENT claims priority.

I.    "*Ariad v. Lilly* case" shall mean *Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co.*, 02-CV11280 RWZ (D. Mass.).

J.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.    YOUR licensing practices, policies, and procedures.

2.    The technology, terms, fees, and royalty rates of licenses YOU have entered into, and the identity of any licenses you contend would be comparable to a license to the '516 PATENT.

3.    Payments made or received by YOU for licensing intellectual property, including the total amount paid and received for licensing intellectual property and the total amount YOU paid or received under each license agreement YOU have entered into.

4.    YOUR acquisition of Immunex Corporation, including the significance of ENBREL to the acquisition.

5.    YOUR acquisition of Synergen, including the significance of KINERET to the acquisition.

6.    Projections with respect to YOUR sales, revenue, profit (or loss), and/or profit margins for ENBREL, including those from 2001 and 2002.

7.    Projections with respect to YOUR sales, revenue, profit (or loss), and/or profit margins for KINERET, including those from 2001 and 2002.

8.    All research, development, testing, manufacturing, distribution, labor, marketing, and other costs relating to ENBREL incurred by YOU.

9.    All research, development, testing, manufacturing, distribution, labor, marketing, and other costs relating to KINERET incurred by YOU.

10.    Facts relating to the determination of a reasonable royalty under the '516 PATENT.

11.    The importance of ENBREL to YOUR overall business.

12.    The importance of KINERET to YOUR overall business.

13.    If you contend that there are any non-infringing alternatives to ENBREL, the identity of those alternatives, all of their advantages and disadvantages when compared to ENBREL, and whether you have ever manufactured or sold or tried to manufacture or sell any such alternative.

14.    If you contend that there are any non-infringing alternatives to KINERET, the identity of those alternatives, all of their advantages and disadvantages when compared to KINERET, and whether you have ever manufactured or sold or tried to manufacture or sell any such alternative.

15.    If you contend there is any use of ENBREL other than to treat diseases and conditions in patients, the identity and prevalence of each such use, and YOUR sales, revenue, profit (or loss), and/or profit margins relating to each such use.

16.    If you contend there is any use of KINERET other than to treat diseases and conditions in patients, the identity and prevalence of each such use, and YOUR sales, revenue, profit (or loss), and/or profit margins relating to each such use.

17.    Services that YOU provide to users or potential users of ENBREL or doctors who prescribe ENBREL.

18.    Services that YOU provide to users or potential users of KINERET or doctors who prescribe KINERET.

19.    If you contend that any portion of YOUR sales of ENBREL in the UNITED STATES should be excluded from the royalty base in this action even if the '516 PATENT is found to be valid and infringed, the portion of YOUR sales of ENBREL in the UNITED STATES that YOU contend should be excluded, each basis for excluding any such sales, and all facts supporting the exclusion of any such sales from the royalty base.

20.    If you contend that any portion of YOUR sales of KINERET in the UNITED STATES should be excluded from the royalty base in this action even if the '516 PATENT is found to be valid and infringed, the portion of YOUR sales of KINERET in the UNITED STATES that YOU contend should be excluded, each basis for excluding any such sales, and all facts supporting the exclusion of any such sales from the royalty base.

21.    The date and circumstances under which you first became aware of the *Ariad v. Lilly* case.

22.    Communications between YOU and WYETH or any third party relating to ARIAD's intellectual property, the '516 PATENT, the '516 PATENT FAMILY, a license from ARIAD, or the *Ariad v. Lilly* case.

23.    The identity and location of witnesses knowledgeable about the categories set forth in Topics 1 to 22 above.

24.    The nature, existence and location of all DOCUMENTS relating to Topics 1 to 22 above.

## Hunter, Catherine

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Wednesday, May 23, 2007 4:41 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-00259-MPT Amgen Inc. et al v. Ariad Pharmaceuticals Inc. Notice to Take Deposition |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Maguire, Lauren on 5/23/2007 at 4:41 PM EDT and filed on 5/23/2007

**Case Name:**      Amgen Inc. et al v. Ariad Pharmaceuticals Inc.
**Case Number:**    1:06-cv-259
**Filer:**          Ariad Pharmaceuticals Inc.
**Document Number:** 264

**Docket Text:**
NOTICE to Take Deposition of The Amgen Entities on June 11, 2007 by Ariad Pharmaceuticals Inc.. (Maguire, Lauren)


**1:06-cv-259 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Morgan Chu    mchu@irell.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Anne Shea Gaza    gaza@rlf.com, garvey@rlf.com

David I. Gindler    dgindler@irell.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Lauren E. Maguire    lmaguire@ashby-geddes.com

Amir A. Naini    anaini@irell.com

Elizabeth L. Rosenblatt    brosenblatt@irell.com, ddrescher@irell.com, mlange@irell.com

Melanie K. Sharp    msharp@ycst.com, asmit@ycst.com, chunter@ycst.com

**1:06-cv-259 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/23/2007] [FileNumber=391920-0]
[c4b0abb7e989b630f2029b4509c44d7b0500c4d30eba77c5393db797b9f24c7526db
1921627d50576f69fe53f1239a1deac3289a298b3e3d70e55dc7bb206c36]]

# Exhibit 6

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

__CENTRAL__  DISTRICT OF __CALIFORNIA__

Amgen, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

V.

Ariad Pharmaceuticals, Inc.

Case Number:[1]  06-259-MPT

**a civil case pending in
the District of Delaware**

TO: Vasant Gandhi
    2897 Irongate Place
    Thousand Oaks, CA 91362

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Irell & Manella LLP | November 19, 2007 |
| 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 | 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Irell & Manella LLP | November 2, 2007 |
| 1800 Avenue of the Stars, Suite 900 | 9:00 a.m. |
| Los Angeles, CA 90067 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 10-18-07 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Raymond A. LaMagna, Esq., Attorney for Defendants and Counterclaim Plaintiffs
Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 (310) 203-7123

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE                                SIGNATURE OF SERVER

                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

**DEFINITIONS**

A.     "ARIAD" shall mean ARIAD Pharmaceuticals, Inc.

B.     "AMGEN" shall mean Amgen Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation.

C.     "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

D.     "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34.  Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

E.     "ENBREL" shall mean AMGEN's commercially available product sold under the brand name Enbrel® and/or the generic name etanercept, as approved for sale by the United States Food and Drug Administration, and any analog, derivative, or predecessor of the same, whether commercially available or not.

F.     "NF-KB" shall mean nuclear factor $\kappa$B and its analogs, derivatives and homologues.

G.     "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding,

pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

H.    "'516 PATENT" shall mean United States Patent No. 6,410,516 entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, attached as Exhibit A.

I.    "'516 PATENT FAMILY" shall mean: (i) United States Patent No. 6,410,516 (the "'516 PATENT"), entitled "Nuclear Factors Associated With Transcriptional Regulation," issued on June 25, 2002, (ii) United States Patent No. 5,804,374, issued on September 8, 1998, (iii) United States Patent No. 6,150,090, issued on November 21, 2000, (iv) any applications from which the '516 PATENT claims priority, and (v) any applications that claim priority to an application from which the '516 PATENT claims priority.

J.    "Ariad v. Lilly case" shall mean Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co., 02-CV11280 RWZ (D. Mass.).

K.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## INSTRUCTIONS

1.    With respect to each request herein, you are requested to produce all DOCUMENTS which are known to you or which can be located or discovered by reasonably

diligent effort, including, without limitation, all such DOCUMENTS requested to be produced which are in your personal or business files, or otherwise in the possession, custody or control of you or your attorneys, agents or representatives.

2.      Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

3.      If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

      (a)      the type of DOCUMENT or COMMUNICATION;

      (b)      the exact name and title of the DOCUMENT;

      (c)      the date(s) of the DOCUMENT or COMMUNICATION;

      (d)      the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

      (e)      all persons who received the DOCUMENT or the COMMUNICATION;

      (f)      the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

      (g)      the subject matter of the DOCUMENT or COMMUNICATION.

4.      The DOCUMENTS produced pursuant to these requests must be produced in the same form and in the same order in which they were maintained in the ordinary course of business.   DOCUMENTS are to be produced in the boxes, file folders, bindings or other containers in which the DOCUMENTS are found.   The title, labels or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

1767536                                                                      - 3 -

5.      If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.      If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but is not in YOUR possession or custody, identify the person or persons with possession or custody.

8.      If any DOCUMENT was, but no longer is in YOUR possession or subject to YOUR control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.      For purposes of these requests, a DOCUMENT is deemed to be in YOUR control if any of YOUR agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if YOU have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

DOCUMENTS sufficient to fully describe your current and prior relationship with AMGEN, including any agreements between you and AMGEN, and any payments to you by AMGEN for consulting or speaking.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO the '516 PATENT, the '516 PATENT FAMILY, ARIAD, the *Ariad v. Lilly* case, or the present action.

**REQUEST NO. 3**:

All DOCUMENTS RELATING TO COMMUNICATIONS between you and ARIAD,

including any negotiations with ARIAD.

**REQUEST NO. 4**:

All DOCUMENTS RELATING TO COMMUNICATIONS between AMGEN and

ARIAD.

**REQUEST NO. 5**:

All DOCUMENTS RELATING TO ARIAD.

**REQUEST NO. 6**:

All DOCUMENTS RELATING TO NF-KB.

**REQUEST NO. 7**:

All DOCUMENTS RELATING TO ENBREL.

# Exhibit 7

**REDACTED**

# Exhibit 8

# REDACTED

# Exhibit 9

# REDACTED

# Exhibit 10

# REDACTED

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on June 6, 2008, I caused to be electronically filed a true and correct copy of Declaration of Melanie K. Sharp in Support of The Amgen Entities' Reply Brief in Support of Their *Daubert* Motion to Preclude Certain Unsupported and Unreliable Opinions of Dr. Ryan Sullivan Relating to Damages with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John G. Day
Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

I further certify that on June 6, 2008, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel):**

David Greenwald
David R. Marriot
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

/s/ Melanie K. Sharp

Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com