IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., a Delaware corporation; IMMUNEX CORPORATION, a Washington corporation; AMGEN USA INC., a Delaware corporation; AMGEN MANUFACTURING, LIMITED, a Bermuda Corporation, and IMMUNEX RHODE ISLAND CORPORATION, a Delaware corporation,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC., a Delaware corporation, and THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation, *et. al.*<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 06-259 (MPT)<br><br>**Public Version**<br>**Confidential Material Ommitted** |

## THE AMGEN ENTITIES' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO PRECLUDE ARIAD'S PROFFERED EXPERTS ON WILLFULNESS AND INEQUITABLE CONDUCT FROM OPINING ON INTENT, STATE OF MIND, AND OTHER MATTERS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6681
msharp@ycst.com

HOGAN & HARTSON LLP
Siegmund Y. Gutman
J. Drew Diamond
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4707

KIRKLAND & ELLIS LLP
Mark A. Pals, P.C.
Marcus E. Sernel
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
777 South Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

*Attorneys for Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA, Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

Dated: June 6, 2008

# TABLE OF CONTENTS

Page

I. BECAUSE NEITHER DR. CALAME NOR MR. MANBECK IS QUALIFIED TO RENDER OPINIONS ABOUT STATE OF MIND, BOTH SHOULD BE PRECLUDED FROM DOING SO...........................................................................................1

II. DR. CALAME'S AND MR. MANBECK'S "INTENT" TESTIMONY SHOULD BE PRECLUDED BECAUSE IT IS PROFFERED ON ISSUES THAT DO NOT IMPLICATE EXPERT OPINION ON INTENT. .............................................................4

    A. The Testimony of Dr. Calame and Mr. Manbeck About Amgen's State of Mind for Willfulness is Inadmissible Because it is Irrelevant and Misstates the Legal Standard. ..............................................................................................4

    B. Mr. Manbeck Should Be Precluded From Testifying About Whether [REDACTED] Because it is Not Relevant to Any Issue and Would Not Assist the Jury. ........................................10

III. CONCLUSION............................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AstraZeneca LP v. Tap Pharmaceutical Products, Inc.*,
    444 F. Supp. 2d 278 (D. Del. 2006) .................................................................................. 2

*Aventis Environmental Science USA LP v. Scotts Co.*,
    383 F. Supp. 2d 488 (S.D.N.Y. 2005) ............................................................................ 2, 8

*Daubert v. Merrell Dow Pharm.*,
    509 U.S. 579 (1993) .............................................................................................. 8, 10, 12

*Energy Transp. Group, Inc. v. William Demant Holding A/S*,
    C.A. No. 05-422-GMS, 2008 WL 114861 (D. Del. Jan 7, 2008) ................................ 10, 11

*Herbert v. Lisle Corp.*,
    99 F.3d 1109 (Fed. Cir. 1996) ........................................................................................... 8

*Hnot v. Willis Group Holdings Ltd*,
    No. 01 Civ. 6558 (GEL), 2007 WL 1599154 (S.D.N.Y. June 1, 2007) ............................ 9

*In re Seagate Technology, Ltd.*,
    497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) ............................................................... passim

*KB Home v. Antares Homes, Ltd.*,
    No. 04-1031, 2007 U.S. Dist. LEXIS 47273 (N.D. Tex. June 28, 2007) .......................... 8

*Keytrak, Inc. v. Key Register, LLC*,
    No. 03-00870, 2004 U.S. Dist. LEXIS 30446 (N.D. Cal. Mar. 30, 2004) ........................ 3

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
    383 F.3d 1337 (Fed. Cir. 2004) .................................................................................. 10, 11

*Noskowiak v. Bobst SA*,
    2005 U.S. Dist. LEXIS 19536 (E.D. Wis. Sept. 2, 2005) .............................................. 8, 9

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004) ............................................................................... 2, 4

*Revlon Consumer Products Corp. v. L'Oreal S.A.*,
    No. 96-192, 1997 U.S. Dist. LEXIS 4117 (D. Del. Mar. 26, 1997) .................................. 3

*Samsung Elecs. Co v. Quanta Computer, Inc.*,
    2006 U.S. Dist. LEXIS 66447 (N.D. Cal. Sept. 15, 2006) ................................................ 8

*Tap Pharmaceutical Products, Inc. v. Owl Pharmaceuticals, L.L.C.*,
   No. 99-2715, 2003 U.S. Dist. LEXIS 27657 (N.D. Ohio Feb. 18, 2003) .......................... 3

*Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
   C.A. Nos. 004-875, 876 (GMS) (D. Del. April 24, 2007) ............................................... 11

*Underwater Devices v. Morrison Knudson Co.*,
   717 F.2d 1380 (1983) ........................................................................................................ 10

**Rules**

Federal Rule of Evidence 702 ................................................................................................. 12

A party's state of mind is not the province of expert testimony. Because neither Dr. Calame nor Mr. Manbeck is qualified to render opinions about Amgen's state of mind, beliefs or intentions, and for either to do so would invade the exclusive province of the finder of fact, both should be precluded from offering any such opinions. Likewise, Mr. Manbeck's testimony regarding the state of mind, beliefs, and intent of ARIAD, its in-house counsel, and its agents in connection with their conduct before the PTO is violative of these same black-letter principles.

Furthermore, some issues upon which ARIAD proposes to have its experts offer improper intent testimony do not even permit intent evidence. Under the new "objective recklessness" test announced by the Federal Circuit in *In re Seagate*, "the state of mind of the accused infringer is not relevant." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). ARIAD, nevertheless, proposes to elicit willfulness opinions from Dr. Calame and Mr. Manbeck entirely dependent on their views of Amgen's state of mind. Mr. Manbeck's testimony regarding [REDACTED] is similarly irrelevant as a matter of law and must be excluded. Because the proffered opinions depend on information irrelevant as a matter of law, the proposed opinions adopt an incorrect legal standard.

The prejudice and confusion created by application of an incorrect legal standard in opinions cannot be cured on cross-examination. The Court must thus exercise its gatekeeping function and preclude ARIAD from offering this improper opinion testimony on "intent" issues at trial.

I. **BECAUSE NEITHER DR. CALAME NOR MR. MANBECK IS QUALIFIED TO RENDER OPINIONS ABOUT STATE OF MIND, BOTH SHOULD BE PRECLUDED FROM DOING SO.**

As noted in Amgen's Brief (at 6-7, DI 598), it is well settled that expert testimony about state of mind, intent or beliefs is routinely excluded because such testimony "creates the

possibility that the jury, fully capable of reaching such a conclusion by itself, might give undue deference to the expert's conclusion." *See, e.g., Aventis Environmental Science USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 516 (S.D.N.Y. 2005). Both Mr. Manbeck and Dr. Calame attempt in this case to do precisely what was expressly prohibited in *Oxford Gene* and *AstraZeneca*. ARIAD's attempt to distinguish the cases is simply an exercise in word games. (*See* ARIAD Opp. at 5, fn 3). In *Oxford Gene*, for example, the court excluded testimony by a purported "willfulness expert" that went to "intent, motive, or state of mind, or evidence by which such state of mind may be inferred." *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004). In *AstraZeneca*, the Court excluded expert witness testimony that plaintiff AstraZeneca "was, in fact, seeking to utilize data on healing of EE and AstraZeneca aimed to elevate the importance of such data." *AstraZeneca LP v. Tap Pharmaceutical Products, Inc.*, 444 F. Supp. 2d 278, 293 (D. Del. 2006).

ARIAD attempts to distinguish both cases because they involved an expert "seeking to speculate about the motivations of a party to the litigation." (ARIAD Opp.[1] at 5 fn 3). In *Oxford Gene*, ARIAD argues, it was the purported experts' use of the terms "recognized," "felt" and "concerned" that required exclusion. (*Id.*). In *AstraZeneca*, ARIAD argues, a purported expert who proposed to testify about what a "plaintiff was 'seeking to utilize' and 'aimed' to do was precluded." (*Id.*). That Dr. Calame's and Mr. Manbeck's reports avoided such buzz words does not change the analysis or the result. Dr. Calame's and Mr. Manbeck's "intent" or "state of mind" testimony must be excluded.

---

[1] Defendants'-Counterclaim-Plaintiffs' Memorandum in Opposition to Amgen's Motion to Preclude ARIAD's Proffered Experts on Willfulness and Lack of Inequitable Conduct (DI 631) is hereinafter referred to as "ARIAD Opp."

Similarly, as noted in Amgen's Brief (at 6-7), courts routinely apply this general rule in excluding "intent" testimony by expert witnesses on the issue of inequitable conduct. ARIAD's attempts to distinguish the authority on which Amgen relies is unavailing. In *Tap Pharmaceutical Products*, the court held that "Defendants ... may not present testimony by [an expert witness] about Plaintiffs' intent in prosecuting the patents-in-suit. . . . The question of intent is one for the court to decide; it is therefore not a subject suitable for expert testimony." *Tap Pharmaceutical Products, Inc. v. Owl Pharmaceuticals, LLC*, No. 99-2715, 2003 U.S. Dist. LEXIS 27657, at *6 (N.D. Ohio Feb. 18, 2003). In *Revlon*, the Court prohibited an expert on inequitable conduct from testifying on intent because such testimony would usurp the fact finders' role. *Revlon Consumer Products Corp. v. L'Oreal S.A.*, No. 96-192, 1997 U.S. Dist. LEXIS 4117, at *8-9 (D. Del. Mar. 26, 1997). And in *Keytrak*, the court held that the proffered expert's opinion on intent was "irrelevant." *Keytrak, Inc. v. Key Register, LLC*, No. 03-00870, 2004 U.S. Dist. LEXIS 30446, at *13 (N.D. Cal. Mar. 30, 2004).

In his February 22, 2008 report, Mr. Manbeck sets forth his opinions on intent relating to ARIAD's inequitable conduct **REDACTED** (*See* Manbeck Feb. 22, 2008 Report at 26, 30, 33, DI 599 Ex. A (emphasis in original)).[2] Mr. Manbeck should be precluded from testifying about ARIAD's, its employees', and its agents' "intent, motive, or

---

[2] Exhibits attached to the Declaration of Melanie K. Sharp in Support of The Amgen Entities' Brief In Support Of Their Motion To Preclude Ariad's Proffered Experts On Willfulness And Inequitable Conduct From Opining On Intent, State Of Mind, And Other Matters (DI 599) shall hereinafter be referred to as "DI 599 Ex. -."

3

state of mind, or evidence by which such state of mind may be inferred."[3]  *Oxford Gene Technology*, 345 F. Supp. 2d at 443.

ARIAD's attempt to distinguish *Oxford Gene Technology* because Mr. Manbeck's report uses the word "intent," rather than "felt" or "recognized," is again unpersuasive.  Similarly, ARIAD's attempt to evade the operation of case law by gilding Mr. Manbeck's testimony on intent as the product of application of his experience is pure semantics and should be rejected. (ARIAD Opp. at 10-11).

II. **DR. CALAME'S AND MR. MANBECK'S "INTENT" TESTIMONY SHOULD BE PRECLUDED BECAUSE IT IS PROFFERED ON ISSUES THAT DO NOT IMPLICATE EXPERT OPINION ON INTENT.**

   A. **The Testimony of Dr. Calame and Mr. Manbeck About Amgen's State of Mind for Willfulness is Inadmissible Because it is Irrelevant and Misstates the Legal Standard.[4]**

Although Amgen's state of mind is irrelevant *as a matter of law* to the determination of objective recklessness, both Dr. Calame and Mr. Manbeck improperly incorporate Amgen's state

---

[3] The Honorable Gerald J. Mossinghoff has opined that **REDACTED** Mr. Mossinghoff does *not* opine on either subjective intent or the ultimate issue of inequitable conduct.  (Declaration of Gerald J. Mossinghoff, DI 600, Ex. A, January 18, 2008 Expert Report of the Honorable Gerald J. Mossinghoff, ¶¶ 63-91).

[4] Amgen has moved for summary judgment of non-willfulness because ARIAD, as a matter of law, cannot prove by clear and convincing evidence that Amgen acted despite an ***objectively high likelihood*** that its actions constituted infringement of a ***valid patent*** under the standard set forth in *In Re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). (*See* Amgen's Motion for Summary Judgment of Non-Willfulness, DI 604; Opening Brief, DI 605; and Reply Brief, DI 674).  Amgen has also moved for summary judgment of non-infringement and invalidity and fully briefed those motions.

of mind into their opinions. Both of their opinions on willfulness are entirely dependent on Amgen's state of mind and thus both apply an incorrect legal standard. As a result, their opinions on willfulness are inadmissible in their entirety.

ARIAD concedes, as it must, that under *In re Seagate,* willfulness requires clear and convincing evidence of **both** *objective recklessness* with respect to a *valid patent* **and** that the "*objectively defined risk . . . was either known or so obvious that it should have been known to the accused infringer.*" (ARIAD Opp. at 4, quoting *In Re Seagate*, 497 F.3d at 1371; 5 fn. 3). ARIAD further seems at least to acknowledge that ***only after*** objective recklessness with respect to a valid patent is proved by clear and convincing evidence, does the inquiry shift to the second, subjective inquiry. *(Id.).*

Dr. Calame simply ignores the threshold showing of objective recklessness required under *Seagate*. (Greenwald Supp. Dec.[5], Ex. 23, January 18, 2008 Calame Report, ¶¶ 44-45 (willfulness opinion), 30-43 (incorporated in willfulness opinion)). Instead, she makes explicit that her opinion on willfulness is entirely dependent on Amgen's state of mind: REDACTED As ARIAD notes, Dr. Calame's report REDACTED But recitation of the correct standard is of no consequence, because she fails to apply it in rendering her opinion.

---

[5] Exhibits to the Supplemental Declaration of David Greenwald, Vol. II., DI 639, shall hereinafter be referred to as "Greenwald Supp. Dec. Ex. -."

All 14 paragraphs of section III of Dr. Calame's report, incorporated by reference into the summary of her willfulness opinion, purport to address Amgen's state of mind, even if only by speculation.[6] REDACTED is relied on by Dr. Calame in paragraphs 30 and 31. Speculation about REDACTED constitutes the basis for Dr. Calame's opinions expressed in paragraphs 32 to 34 and 42 to 43. (*See also id.* at 26) Similarly, speculation about REDACTED constitutes the basis for Dr. Calame's opinions expressed in paragraphs 35 to 37. Speculation about REDACTED also constitutes the basis for Dr. Calame's opinions in paragraphs 39-40. And, finally, speculation about REDACTED Thus, nowhere does Dr. Calame offer any opinion, or any basis for an opinion about willfulness, REDACTED Thus, she never addresses the threshold question REDACTED

---

[6] The summary of Dr. Calame's willfulness opinion incorporates by reference the REDACTED (¶¶ 30- 43) as the entire basis for her opinion. (Greenwald Supp. Dec. Ex. 23, January 18, 2008 Calame Report, ¶ 45). To the extent Dr. Calame offers the documentary evidence to opine on Amgen's alleged knowledge it is inadmissible and should be precluded. (ARIAD Opp. at 7; March 26, 2008 Calame Deposition, 264:12 - 265:7; 265:18 - 266:5 REDACTED Ex. 1 to June 6, 2008 Declaration of Melanie K. Sharp in Support of the Amgen Entities' Reply Brief in Support of Their Motion to Preclude, filed simultaneously with this brief. Exhibits to the June 6, 2008 Sharp Declaration shall be referred to as "Ex. –") )

6

In contrast to Dr. Calame, Mr. Manbeck's omission of any opinions on objective recklessness, other than those dependent on Amgen's alleged state of mind, appears to be intentional. He acknowledges [REDACTED] (Manbeck March 7, 2008 Report ¶ 28, DI 599 Ex. E) Nevertheless, he [REDACTED] (*Id.*). In so doing, Mr. Manbeck renders the [REDACTED] By improperly engrafting subjective [REDACTED] Mr. Manbeck misstates the legal standard for willfulness as one that is subjective, rather than the clearly objective standard announced in *Seagate* by the Federal Circuit and quoted by ARIAD. (ARIAD Opp. at 4).

The incorrect legal standard is incorporated by Mr. Manbeck into his opinions. The evidence, [REDACTED] (Manbeck March 7, 2008 Report at ¶ 28, DI 599 Ex. E). [REDACTED] (*Id.* at ¶¶ 11-13, DI 599 Ex. B). From that evidence, Mr. Manbeck mistakenly reasons [REDACTED] (*Id.*; *see also* 5 fn 2). He fails to offer any opinion regarding willfulness that is [REDACTED] Thus, Mr. Manbeck's entire opinion regarding willfulness, like Dr. Calame's opinions, depends on a misstatement of the law.

Under the heightened "objective recklessness" test announced in *Seagate*, "the state of mind of the accused infringer is *not relevant*." 497 F.3d 1360, 1371 (emphasis added).[7] As noted in Amgen's Brief (at 3), the Supreme Court has instructed courts, as part of their gatekeeping function, to preclude expert testimony that is not "relevant to the task at hand," including testimony that applies an incorrect legal standard, because it is not helpful and may confuse or mislead the trier of fact. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories."); *Noskowiak v. Bobst SA*, 2005 U.S. Dist. LEXIS 19536, at *14-15 (E.D. Wis. Sept. 2, 2005) (excluding expert testimony based on the wrong legal standards as irrelevant under Rule 702 and *Daubert* because it "may confuse the jury" and because cross-examination is an insufficient cure for the application of an incorrect legal standard); *Samsung Elecs. Co v. Quanta Computer, Inc.*, 2006 U.S. Dist. LEXIS 66447, at *33-38 (N.D. Cal. Sept. 15, 2006) (granting in part motion to exclude expert opinions where the expert rested his conclusions on a questionable legal standard); *KB Home v. Antares Homes, Ltd.*, No. 04-1031, 2007 U.S. Dist. LEXIS 47273, at *27 (N.D. Tex. June 28, 2007) (confirming limitation of expert testimony to opinions applying the correct legal standard); *Aventis Environmental Science USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 515-16 (S.D.N.Y. 2005) (excluding the testimony of an antitrust liability expert that business decisions were permissible under the Sherman Act "irrespective" of the decision's

---

[7] For further discussion, see the Amgen Entities' Opening (DI 605) and Reply (DI 674) Briefs in Support of Summary Judgment of Non-Willfulness.

8

effect on competition because it ran counter to the applicable law (the rule of reason) and usurped the judge's role in instructing the jury as to the appropriate legal framework).

In response, ARIAD cites only *Hnot v. Willis Group Holdings Ltd*, No. 01 Civ. 6558 (GEL), 2007 WL 1599154, at *2 (S.D.N.Y. June 1, 2007). (ARIAD Opp. at 8) ARIAD's reliance, however, is misplaced, because *Hnot* did not involve an argument to exclude testimony based on an application of incorrect legal standard. Rather, *Hnot* rejected an application to exclude testimony regarding gender stereotyping because the challenges went to weight only. (*Id.*).

Because Dr. Calame's and Mr. Manbeck's opinions depend on Amgen's state of mind, in contravention of the clear holding in *Seagate*, their willfulness opinions, including the bases for them, are irrelevant. Their opinions will likely confuse and mislead the jury about the legal standard.[8] Cross-examination of each on their opinions, and the basis for the opinions, would simply permit ARIAD to repeat to the jury, and improperly reinforce in its collective mind, an incorrect legal standard. As a result, cross examination on opinions applying an incorrect legal standard would be wholly inadequate to cure the prejudice caused by interjection before a jury of allegations so inflammatory as those of willful infringement. *See, e.g., Noskowiak*, 2005 U.S. Dist. LEXIS 19536. Both Mr. Manbeck's and Dr. Calame's entire opinions on willfulness must, therefore, be precluded.

---

[8] Contrary to ARIAD's assertion, the willfulness opinions of the Honorable Gerald J. Mossinghoff do *not* depend *in any respect* on Amgen's state of mind. (*See* ARIAD Opp. at 9, fn 4). Indeed, ARIAD complains ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See* Manbeck March 7, 2008 Report, at 5, fn 2, DI 599 Ex. B).

B.  **Mr. Manbeck Should Be Precluded From Testifying About Whether Amgen** ~~REDACTED~~ **Because it is Not Relevant to Any Issue and Would Not Assist the Jury.**

Contrary to ARIAD's assertion, there is unequivocal authority requiring the exclusion of Mr. Manbeck's proposed testimony regarding ~~REDACTED~~ (ARIAD Opp. at 10; *see also* Manbeck March 7, 2008 Report at 9, ¶ 27, DI 599 Ex. B). As noted in Amgen's Brief (at 5-6), it was and is the law that an accused infringer's failure to obtain legal advice does *not* give rise to an adverse inference with respect to willfulness. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345-46 (Fed. Cir. 2004) (cited in *Seagate*, 497 F.3d at 1370). The prohibition against an adverse inference applies with even greater force since the Federal Circuit established an objective test for willfulness and explicitly rejected the older subjective test to which the issue of advice of counsel was relevant. *See Seagate*, 497 F.3d at 1371. Because *Seagate* explicitly overruled *Underwater Devices Inc. v. Morrison-Knudson Co.*, 717 F.2d 1380 (Fed. Cir. 1983), it unequivocally eliminated any requirement to obtain advice of counsel. 497 F.3d at 1371. As a result, advice of counsel has no place in the analysis of objective recklessness. The only conceivable reason that Mr. Manbeck proffers an opinion on this issue is so that the jury will draw an improper adverse inference. Therefore, ~~REDACTED~~ is not "relevant to the task at hand" and must be precluded. *Daubert*, 509 U.S. at 597.

The *Energy Transportation Group* order provides no support for ARIAD's argument. That order was apparently issued without the benefit of briefing. *Energy Transp. Group, Inc. v. William Demant Holding A/S*, C.A. No. 05-422-GMS, 2008 WL 114861, at *1 (D. Del. Jan 7, 2008); *Energy Trans.* Pre-Trial Conf. Tr. at 138-143 (Ex. 2). In the trial of that case, which

occurred after the order cited by ARIAD, Judge Sleet sustained objections to testimony regarding whether the alleged infringer obtained advice of counsel, notwithstanding his two page order, because he was concerned about the mischief the testimony might work. *See, e.g., Energy Trans.* Trial Tr. at 769-81; 1027-29 (Exs. 3, 4). And, regardless of what the jury ultimately heard, *Energy Transportation* is distinguishable, because neither party in that case obtained an opinion of non-litigation counsel. (Ex. 5 at 1494:9-12). That fact is important, because even if it were possible in the wake of *Seagate* for a jury to hear evidence that no opinion of counsel was obtained at all, it is absolutely improper to allow a jury to hear that an alleged infringer obtained an opinion of counsel but is not relying on that opinion. *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*, C.A. Nos. 004-875, 876 (GMS) (D. Del. April 24, 2007) at 8-11, Ex. 6 (cited by parties in *Energy Trans.*, see Ex. 2 at 138-43 and Ex. 3 at 770-76). In *Telcordia*, Judge Sleet made precisely this distinction, and held that where a party obtained advice of counsel but chose not to rely on that opinion, the jury must not hear evidence of the opinion or the decision not to disclose it. *Id.* at 11. Judge Sleet explained that there was "only one inference that the jury will draw from learning that the defendant has consulted counsel and obtained advice, but has chosen to assert the attorney-client privilege: that the opinion received by the defendant was unfavorable." *Id.* at 10. This inference, is "precisely the inference that would run afoul of the Federal Circuit's reasoned opinion in *Knorr-Bremse*, and an inference that this court will not permit the jury to draw." *Id.* at 11.

### III. CONCLUSION

For the foregoing reasons, as well as those set forth in Amgen's Brief (DI 598), the proffered expert testimony of Dr. Calame and Mr. Manbeck on the issue of willfulness and to topics of intent or state of mind of Amgen as well as the testimony of Mr. Manbeck on the issue

of inequitable conduct, fail to satisfy the standards required for admission and should be precluded under *Daubert* and Federal Rule of Evidence 702.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800
(213) 680-8400

Siegmund Y. Gutman
J. Drew Diamond
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4707

Dated: June 6, 2008

*Attorneys for Plaintiffs/Counterclaim Defendants Amgen, Inc., Immunex Corporation, Amgen USA Inc., Amgen Manufacturing, Limited, and Immunex Rhode Island Corporation*

12

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on June 6, 2008, I caused to be electronically filed a true and correct copy of The Amgen Entities' Reply Brief In Support Of Their Motion To Preclude ARIAD's Proffered Experts On Willfulness And Inequitable Conduct From Opining On Intent, State Of Mind, and Other Matters with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John G. Day
Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

I further certify that on June 6, 2008, I caused a copy of the foregoing document, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL (by agreement of counsel):**

David Greenwald
David R. Marriot
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

/s/ Melanie K. Sharp
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com