## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

AMGEN, INC., IMMUNEX           :
CORPORATION, AMGEN USA INC.,    :
AMGEN MANUFACTURING LIMITED, and :
IMMUNEX RHODE ISLAND            :
CORPORATION,                   :
                                  :
        Plaintiffs,               :
                                  :
          v.                     : C. A. No. 06-259-MPT
                                  :
ARIAD PHARMACEUTICALS, INC., and  :
THE WHITEHEAD INSTITUTE FOR     :
BIOMEDICAL RESEARCH,          :
                                  :
        Defendants.           :
                                  :

                                  :
ARIAD PHARMACEUTICALS, INC.,     :
MASSACHUSETTS INSTITUTE OF       :
TECHNOLOGY, THE PRESIDENT AND   :
FELLOWS OF HARVARD COLLEGE, and :
THE WHITEHEAD INSTITUTE FOR     :
BIOMEDICAL RESEARCH,          :
                                  :
      Counterclaim Plaintiffs,:
                                  :
          v.                     :
                                  :
AMGEN INC., IMMUNEX            :
CORPORATION, AMGEN USA INC.,    :
AMGEN MANUFACTURING LIMITED,   :
IMMUNEX RHODE ISLAND            :
CORPORATION, and WYETH,        :
                                  :
        Counterclaim Defendants.

## MEMORANDUM ORDER

### INTRODUCTION

This is a patent case. A detailed recitation of the convoluted procedural posture

of this case is unnecessary. A brief recitation follows. On April 20, 2006, Amgen, Inc.,

and related entities (collectively "Amgen"), filed a Complaint for Declaratory Judgment of Patent Invalidity and Non-Infringement of U.S. Patent No. 6,410,516 ("the '516 patent"). An amended complaint was filed on April 13, 2007. On April 14, 2007, ARIAD Pharmaceuticals, Inc., and others (collectively "ARIAD"), filed an answer to the amended complaint and a counterclaim alleging infringement of the '516 patent. On May 3, 2007, Amgen filed an a answer to ARIAD's counterclaim which included, among others, an affirmative defense of unenforceability based on purported inequitable conduct during the prosecution of the application that issued as the '516 patent and purported inequitable conduct during the reexamination of the '516 patent. On February 12, 2008, Amgen filed an amended answer to ARIAD's counterclaim adding to its unenforceability defense additional alleged inequitable conduct during the reexamination of the '516 patent.

On September 19, 2008, the court issued it's claim construction order[1] and memorandum orders granting Amgen's motion for summary judgment of non-infringement[2] and granting in part and denying in part ARIAD's motion for partial dismissal.[3] As a result of those orders, the only claims awaiting resolution in this matter are Amgen's validity challenges to seven claims of the '516 patent and Amgen's challenges to the enforceability of that patent.

Currently before the court is ARIAD's motion to dismiss or for judgment pursuant to Fed. R. Civ. P. 54(b).

## DISCUSSION

---

[1] D.I. 726.
[2] D.I. 728.
[3] D.I. 727; 736.

ARIAD's motion requests that this court either (1) dismiss Amgen's invalidity and unenforceability challenges to the '516 patent without prejudice to later refiling; or (2) in the alternative, enter judgment pursuant to Rule 54(b) and enter an order staying Amgen's invalidity and unenforceability challenges.

ARIAD contends that as a result of the court's September 19, 2008 orders, there is no live controversy between the parties with respect to the '516 patent. Therefore, ARIAD maintains that the court has lost subject matter jurisdiction over Amgen's declaratory judgment complaint and Amgen's reply to ARIAD's counterclaims. Even if the court determines that there continues to be subject matter jurisdiction, ARIAD urges the court to exercise its discretion to dismiss Amgen's claims without prejudice. In the alternative, ARIAD contends that judgment under Rule 54(b) and an order staying Amgen's remaining claims are appropriate.

Amgen contends that ARIAD's assertion that the court no longer has subject matter jurisdiction is contrary to Supreme Court and Federal Circuit authority. It argues that the only question raised by ARIAD is whether the court should exercise its discretion to terminate the case now and dismiss Amgen's remaining claims without prejudice. Amgen maintains that there are validity issues that the court should address before facing the question of discretion to end the trial court proceedings.[4] Although initially arguing that ARIAD's request that the court enter a Rule 54(b) judgment and stay was improper, in a letter subsequent to the parties' briefing on the motion, Amgen acknowledged that if "the Court is inclined to grant ARIAD's request for an immediate

---

[4] Amgen contends that the court should rule on its motion for summary judgment of lack of adequate written description which Amgen avers, if granted, would obviate the need for a trial in this action.

appeal, . . . a Rule 54(b) judgment, along with a stay of Amgen's remaining claims,

appears to be an appropriate option."[5]

ARIAD contends that the court's determination that Amgen does not infringe the

seven claims that were at issue in this matter, coupled with the April 25, 2008 covenant-

not-to-sue it provided to Amgen (the "April 2008 Covenant" or the "Covenant")

eliminated any controversy between the parties.

"The Declaratory Judgment Act provides that '[i]n a case of actual controversy

within its jurisdiction . . . any court of the United States . . . may declare the rights and

other legal relations of any interested party seeking such a declaration, whether or not

further relief is or could be sought.'"[6]  Jurisdiction under the Act requires

> that the dispute be "definite and concrete, touching the legal relations of
> parties having adverse legal interests"; and that it be "real and substantial"
> and "admi[t] of specific relief through a decree of a conclusive character,
> as distinguished from an opinion advising what the law would be upon a
> hypothetical state of facts."[7]

The Supreme Court summarized the distinction "between those declaratory-

judgment actions that satisfy the case-or-controversy requirement and those that do

not" by stating "'[b]asically, the question in each case is whether the facts alleged,

under all the circumstances, show that there is a substantial controversy, between

parties having adverse legal interest, of sufficient immediacy and reality to warrant the

---

[5] D.I. 740 at 1. Although arguing against ARIAD's motion, Amgen suggests that should the court nevertheless grant the motion that "rather than dismissal without prejudice, the Court administratively close the matter with specific instructions permitting it to be reopened upon application by either party, after a ruling from the Federal Circuit on the Rule 54(b) appeal or for other just cause, to address the stayed claims." *Id.* at 1-2.

[6] *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 770-71 (2007) (quoting 28 U.S.C. § 2201(a)) (alteration and omissions in original).

[7] *Id.* at 771 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)) (alteration in original).

4

issuance of a declaratory judgment.'"[8] "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."[9] "When there is no actual controversy, the court has no discretion to decide the case. When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary."[10]

ARIAD contends that no actual controversy between the parties exists. ARIAD bases this contention on the court's order finding that Amgen does not infringe the seven claims asserted by ARIAD and the April 2008 Covenant. The court initially determined that it had subject matter jurisdiction over Amgen's declaratory judgment action based on the inclusion of Kineret and Enbrel (along with Amgen and other now-related entities) in presentation materials for ARIAD's board of directors, in denying a motion to dismiss for lack of subject matter jurisdiction in 2006.

After ARIAD sent Amgen the April 2008 Covenant, ARIAD moved for partial dismissal of Amgen's invalidity and unenforceability claims. The court agreed with ARIAD that the Covenant eliminated the court's subject matter jurisdiction with regard to Amgen's invalidity arguments as to all but the seven asserted claims of the '516 patent. The court disagreed with ARIAD with respect to Amgen's unenforceability claims. The court later issued its claim construction order and, based thereon, granted Amgen's motion for summary judgment of non-infringement. As a result of the court's rulings and the April 20008 Covenant, ARIAD insists that no live controversy exists and,

---

[8] *Id.* at 771(quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).
[9] *Benitec Australia Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also Merck & Co., Inc. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 423 (D. Del. 2007) (The "actual controversy must be in existence at all stages of the litigation and cannot merely be present at the filing of the complaint.").
[10] *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 634 (Fed. Cir. 1991), *abrogated on other grounds by Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1370 (Fed. Cir. 2004)).

5

consequently, the court does not have subject matter jurisdiction to decide Amgen's claims.

The court is not convinced that lack of subject matter jurisdiction is as clear as ARIAD suggests. The primary objective of ARIAD's motion is to obtain review by the Federal Circuit of this court's claim construction and non-infringement determinations. ARIAD argues that any present controversy between the parties with respect to the '516 patent is now "moot and will remain so *unless the claim constructions are modified by the Court of Appeals.*"[11] Obviously, ARIAD hopes that its desired appeal will result in modification of this court's rulings and continuation of its infringement action against Amgen. One of the arguments raised by Amgen in its opposition to ARIAD's motion is that "[t]he specter of continued litigation remains for Amgen, and thus there remains a controversy sufficient to confer jurisdiction."[12] ARIAD did not specifically address that point in its reply brief and, at least on the facts of this case and the arguments made in the compressed briefing period and during the court's subsequent teleconference with the parties, the court is unwilling to agree that the subject matter jurisdiction has been eliminated.

Thus, the issue turns on whether the court should exercise its discretion to decide Amgen's invalidity and unenforceability claims and related Daubert and summary judgment motions at this time or to make those determinations only if necessary following ARIAD's appeal to the Federal Circuit. Here, the court determines

---

[11] D.I. 732 at 3-4 (emphasis added).

[12] D.I. 734 at 5 (citing *Mars, Inc. v. Coin Acceptor, Inc.*, No. Civ. A. 90-49 JCL, 1996 WL 34385064, at *1 (D.N.J. May 30, 1996) (holding that by appealing the court's grant of summary judgment of non-infringement, the patentee did not relieve the accused infringer of "its reasonable apprehension that it will face further infringement proceedings as to the very devices accused in [that] litigation")).

that considerations of judicial economy and reduction of litigation expenses are better served by permitting ARIAD to seek review of the court's claim construction and non-infringement orders at this time and that there is no just reason for delay of such review. If the court were to conduct a trial on Amgen's claims based on the court's current claim construction, modification of that claim construction on subsequent appeal could result in a second trial of the same issues based on that modification. Therefore, the court determines that appellate review at this stage of the litigation is the most efficient course.[13]

For the foregoing reasons, the court will deny ARIAD's motion to dismiss for lack of subject matter jurisdiction and grant ARIAD's motion for judgment pursuant to Fed. R. Civ. P. 54(b).

## CONCLUSION

IT IS ORDERED and ADJUDGED that:

ARIAD's motion to dismiss or for judgment pursuant to Fed. R. Civ. P. 54(b) (D.I. 732) is granted in part and denied in part.

1.    ARIAD's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

2.    ARIAD's motion for judgment pursuant to Fed. R. Civ. P. 54(b) is **GRANTED**.

3.    With respect to Amgen's claims for non-infringement and ARIAD's counterclaims

---

[13] See, e.g., Schering Corp. v. Amgen, Inc., 35 F. Supp. 2d 375, 378 (D. Del. 1999) ("Continuation of the suit in this fashion is both unnecessary and wasteful. If the Federal Circuit Court affirms this Court's claim construction decision, [plaintiff] has vowed not to pursue any further proceedings as it cannot succeed. If, however, the Federal Circuit Court disagrees with this Court's claim construction, it most likely would remand for further proceedings. A remand carries with it the potential for a trial which would necessarily encompass the revised claim construction, as well as the validity and enforceability of the [patent-in-suit]."); Dolby Labs., Inc. v. Lucent Techs.. Inc., No. C:01-20709-JF, 2005 WL 2171921, at *2 n.6 (N.D. Cal. Sept. 6, 2005) ("Considerations of judicial economy are particularly important in light of the fact that [the trial could not occur until the following year] and because appellate review of the Court's claim construction obviously will impact any invalidity determination.").

for infringement of claims 6, 18, 70-72 and 183-84 of U.S. Patent No. 6,410,516, because there is no just reason for delay, the court **DIRECTS** the Clerk of the Court to enter final judgment, pursuant to Fed. R. Civ. P. 54(b), for Amgen and against ARIAD for the reasons stated in the Court's orders dated September 19, 2008 and amended order dated September 26, 2008 (D.I 726, 727, 728, 736).

4.   All proceedings on Amgen's claims of invalidity and unenforceability claims and defenses, as well as all additional proceedings in this action, are hereby **STAYED** pending disposition of any appeal of this judgment.

5.   The pre-trial and trial dates are **VACATED**.

6.   The above-captioned action is **ADMINISTRATIVELY CLOSED**, to be reopened upon the application of by either party following a ruling from the Federal Circuit on the forthcoming appeal.

October 3, 2008
Wilmington, Delaware

UNITED STATES MAGISTRATE JUDGE